1  ROBERT AUGUSTUS HARPER
Harper & Harper Law Firm, P.A.
2  325 West Park Avenue
Tallahassee, Florida 32301-1413
3  (850) 224-5900/fax (850) 224-9800
4  FL Bar No. 127600/GA Bar No. 328360
Harperlaw@harperlawfirm.com
5  *Pro se*

6

7

IN THE

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

12  KAYTRENA J. FRANCIS,

13          Plaintiff,

14  v.                                          Case No.  CV 07 6125-JSW

15  UNITED STATES OF AMERICA, et al.            **MEMORANDUM OF LAW**
(By Defendant Harper)
16          Defendant.

17

18              **MEMORANDUM OF LAW**

19

20  **A.  Failure to State a Claim Upon Which Relief Be Granted.  Fed. R. Civ. P.**

21  **12(b)(6).**

22          A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal

23  sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of

24  a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the

25  Court ordinarily limits its review to the face of the complaint. See *Van Buskirk v. Cable News*

26  *Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  In considering a Rule 12(b)(6) motion, the Court

27

28

accepts the Plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the Plaintiff. See *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Generally, dismissal is proper only when the Plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. See *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is more than merely conceivable, but plausible on its face. See *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). *Crump v. City & County of San Francisco*, 2007 U.S. Dist. LEXIS 58768, 5-6 (D. Cal. 2007). Here the Complaint merely alleged conclusions ("conspiracy") with no underlying facts regarding the object, or actual confirmation.

A civil conspiracy is defined as "a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins v. Union Federal Savings & Loan Association*, 99 Nev. 284, 288, 662 P.2d 610, 622 (1983) (citations omitted). To assert a conspiracy, the plaintiff must allege that either of the defendants owed a duty and that this duty was breached in some specified matter. See *Ellis v. Crockett*, 51 Haw. 45, 57, 451 P.2d 814, 822-23, 51 Haw. 86 (1969); *Dale v. Thomas H. Temple Co.*, 186 Tenn. 69, 87-88, 208 S.W.2d 344, 353-54 (1948). See also W. Prosser, *The Law of Torts* § 46, at 293 (4th ed. 1971) ("'The gist of the action is not the conspiracy charged, but the [independent] tort working damage to the plaintiff.'" (footnote omitted)). The Complaint alleges no unlawful purpose (object) and alleges no intended harm.

The Complaint herein fails to state the object or purpose that the witnesses would have with

2

the arresting officer.  The Complaint fails to particularize the object of any alleged agreement between defense counsel and the trial court, or the judges on the United States Court of Appeal (because there is none).  And in every instance where a purported conspiracy is alleged, no object, and no over act is alleged.  Similarly that the alleged conspiracy resulted in some direct or forseeable injury is not alleged in the Complaint.

Had the Plaintiff demonstrated the existence and breach of a duty, she would also have had to prove that the alleged co-conspirators had entered into an agreement to accomplish the objective of the conspiracy. And, "the existence of an alleged civil conspiracy must be established by clear, cogent, and convincing evidence." *Peterick v. State*, 22 Wash.App. 163, 191, 589 P.2d 250, 268 (1978) (quoting *Corbit v. J.I.* Case Co., 70 Wash.2d 522, 529, 424 P.2d 290, 295 (1967) (emphasis in original)). This is because, by asserting a civil conspiracy theory, the Plaintiff seeks to avoid the legal obstacles of venue and causation.  *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to Plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Id.* at 1964-65 (internal quotations and citations omitted). As such, the Plaintiff's bare allegations in the Complaint that these Defendants were part

3

of a conspiracy to violate Plaintiffs' constitutional rights is insufficient to allege a conspiracy claim under section 1983 under 42 U.S.C.A. § 1985(3), part of which is quoted in the margin.  It is likewise true that an essential ingredient of a claim under § 1985(3) is that a defendant have a purpose of depriving another of the equal protection of the laws or of equal privileges and immunities under the laws.  *Cohen v. Norris*, 300 F.2d 24, 28 (9th Cir. 1962).  *Pobursky v. Madera County*, 2007 U.S. Dist. LEXIS 95432, 18-19 (D. Cal. 2007).

It is well settled that in addition to providing a cause of action for the deprivation of rights secured by the Constitution, § 1983 provides a cause of action for the deprivation of certain rights conferred by federal statutes. See *Wilder*, 496 U.S. at 508; *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). In order to seek redress under § 1983, a plaintiff must assert the violation of a federal "right," not merely the violation of federal "law." See *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106, 110 S. Ct. 444, 107 L. Ed. 2d 420 (1989). *Herships v. Superior Court of Cal.*, 2007 U.S. Dist. LEXIS 81620, 10-11 (D. Cal. 2007).  Pursuant to § 1983, a party can allege a claim that multiple defendants conspired to violate that plaintiff's civil rights. See *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989); *Bretz v. Kelman*, 773 F.2d 1026 (9th Cir. 1985) (en banc). In pleading a conspiracy claim under § 1983, conclusory allegations of a conspiracy which are not supported by material facts are insufficient to state a claim. See *Woodrum*, 866 F.2d at 1126. To properly allege conspiracy, a Plaintiff must allege specific facts that tend to show an agreement between the people alleged to be taking part in the conspiracy to deprive a plaintiff of his or her civil rights. See *id*. Furthermore, a plaintiff must allege that a constitutional right was violated; conspiracy, even if established, does not give rise to liability under § 1983 unless there is such a deprivation. See *id*. *Herships v. Superior Court of Cal.*, 2007 U.S. Dist. LEXIS 81620, 13-14 (D.

4

Cal. 2007). The Plaintiff conveniently omits that she received probation after her trial, that she violated probation, and any actual resulting jail time was the product of a supervening or intervening cause, namely the Plaintiff's violation of probation and continued misconduct and disrespect for all authorities, judges, lawyers, and military personnel.

**Jurisdiction over the person. Fed. R. Civ. P. 12(b)(2)**

An essential element of due process is the notion of fairness, which requires the defendant have, by his or her own actions, created the connections by which jurisdiction is found. Foreseeability is central, but "the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hauled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) (emphasis added). It is the purposeful actions of the defendant, along with the intended or reasonably anticipated consequences of those actions, which create forseeability of litigation within a forum. Idiosyncratic actors, or isolated actions are insufficient. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985).

The plaintiff has the burden of establishing personal jurisdiction. *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990); *Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986); *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). "When a [trial] court rules on a ... motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need make only a prima facie showing of personal jurisdiction to defeat the motion." *OMI Holdings, Inc.*, 149 F.3d at 1091; see also *Travelers Indem. Co.*, 798 F. 2d at 831. *Farmers Ins. Exchange*, 907 F.2d

5

1    at 912. *Waibel v. Farber*, 2006 MP 15, P11-P12 (N. Mar. I. 2006).

2        "Due process requirements are satisfied when in personam jurisdiction is asserted over the

3    non-resident defendant who possesses minimum contacts with the forum such that the exercise of

4    personal jurisdiction does not 'offend traditional notions of fair play and substantial justice.'" *Bank*

5    *of Saipan*, 2001 MP 5 P40 (citation omitted). An essential element of due process is the notion of

6    fairness, which requires the defendant have, by her own actions, created the connections by which

7    jurisdiction is found. Foreseeability is central, but "the foreseeability that is critical to due process

8    analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is

9    that the defendant's conduct and connection with the forum State are such that he should reasonably

10   anticipate being hauled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286,

11   297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) (emphasis added). *Waibel v. Farber*, 2006 MP 15,

12   P15 (N. Mar. I. 2006).

13       F.R.Civ.P. 12(b)(2) empowers a defendant to challenge a complaint "for lack of jurisdiction

14   over the person." F.R.Civ.P. 12(b)(3) empowers a defendant to challenge a complaint for "improper

15   venue." A district court's determination whether to exercise, personal jurisdiction is a question of

16   law. *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Although the defendant

17   is the moving party, on a F.R.Civ.P. 12(b)(2) motion to dismiss, "the plaintiff bears the burden of

18   establishing that jurisdiction." *Rio Props.*, 284 F.3d at 1019. In this litigation there is no allegation

19   of any connection between the undersigned and the State of California, (because there is none).

20   Defendant is a resident of the State of Florida. Defendant has engaged in no regular business and

21   has no contacts with California or The Northern District of California. Undersigned has had no

22   contact with the Plaintiff since she moved to California, and no business between counsel and the

6

Plaintiff has ever occurred in the Northern District of California. The only contact between the Plaintiff and Defendant as in the Northern District of Florida during the representation in district court.

Two recognized bases exist for personal jurisdiction over nonresident defendants: (1) "general jurisdiction" which arises when a defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the person in all matters; and (2) "specific" or "limited" jurisdiction which arises out of the defendant's contacts with the forum giving rise to the subject of the litigation. See *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). Absent a traditional basis for jurisdiction (presence, domicile or consent), due process requires that the defendant have "certain minimum contacts with (the forum state) such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). *Revis v. SFG Equip. Leasing Corp.*, 2007 U.S. Dist. LEXIS 25320, 4-5 (D. Cal. 2007).

The exercise of general jurisdiction over a non-resident defendant is appropriate only where the defendant's activities in the forum state are so "substantial" or "continuous and systematic" that the defendant may be deemed present in the forum. See *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 415, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). "Absent general jurisdiction, specific personal jurisdiction over a defendant may be established only where the cause of action arises from the defendant's contacts with the forum." *Trump v. Eighth Judicial Dist. Ct.,* 109 Nev. 687, 857 P.2d 740, 748 (Nev. 1993). *Buzard v. Nev. Health Prof'ls Assistance Found.*, 2006 U.S. Dist. LEXIS 65050 (D. Nev. 2006). No such contact is alleged and no such contact occurred.

**Improper Venue**

Due process requires that nonresident defendants have certain minimum contacts with the forum state such that exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1995) (citing *International Shoe v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). A court may exercise two types of jurisdiction: specific and general. General jurisdiction exists when a defendant's activities in the forum state are "substantial" and "continuous and systematic," even if the cause of action is unrelated to those activities. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Specific jurisdiction exists when the defendant has fewer contacts with the forum state, so long as those contacts are closely related to the claims in the case. *Id. Fujitsu-Icl Sys. v. Efmark Serv. Co. of Ill., Inc.*, 2000 U.S. Dist. LEXIS 13862, 6-7 (D. Cal. 2000).

To determine venue, the Court must examine the constitutional question of where the crime was committed in light of two venue provisions enacted by Congress. *United States v. Hernandez*, 189 F.3d 785, 788 (9th Cir. 1999). *United States Juice Corp. v. JMF Group, LLC*, 2006 U.S. Dist. LEXIS 49696 (D. Nev. 2006). *Waibel v. Farber*, 2006 MP 15, P15 (N. Mar. I. 2006).

Similar to *West Coast Theater Corp. v. Portland,* 897 F.2d 1519 (9th Cir. 1990), Plaintiff has brought an action against the defendant, United States Air Force, and judicial defendants for circumstances arising out of a federal court misdemeanor proceeding which, by law had to be tried before a district court judge. The court found that dismissal of plaintiff's complaint for lack of prosecution under Fed. R. Civ. P. 41(b) was not an abuse of discretion, where plaintiff had no excuse for failing to cooperate in the course of litigation. Summary judgment was properly granted to defendant city, because certain issues were precluded by plaintiff's full and fair opportunity to litigate them in state court, and plaintiff did not sustain its burden of proof on other issues. An award of

8

sanctions to defendant city was appropriate under Fed. R. Civ. P. 11, because plaintiff's entire

complaint was devoid of merit and under 28 U.S.C.S. § 1927, where plaintiff's counsel proceeded

with litigation in bad faith with complete lack of factual support. Judicial defendants were properly

dismissed from plaintiff's suit under Fed. R. Civ. P. 4(j), since plaintiff showed no good cause for

delay in serving them with its complaint. Further, the court awarded costs and attorneys' fees to

defendants for plaintiff's frivolous appeal.

### Jurisdiction over the subject matter.  Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a party to move to dismiss

a claim for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; thus,

the Court presumes lack of jurisdiction, and the party seeks to invoke the court's jurisdiction bears

the burden of proving that subject matter jurisdiction exists. See *Kokkonen v. Guardian Life Ins. Co.*,

511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A party challenging the court's

jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. See

*White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial attack is one where "the challenger

asserts that the allegations contained in a complaint are insufficient on their face to invoke federal

jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a

facial attack to jurisdiction, the Court must accept the factual allegations in plaintiff's complaint as

true. See *Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). For a factual attack, in contrast,

the Court may consider extrinsic evidence. See *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.

1987). Further, the court does not have to assume the truthfulness of the allegations, and may resolve

any factual disputes. See *White,* 227 F.3d at 1242. Thus, "[o]nce the moving party has converted the

motion to dismiss into a factual motion by presenting affidavits or evidence properly before the

9

court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). *Herships v. Superior Court of Cal.*, 2007 U.S. Dist. LEXIS 81620, 4-6 (D. Cal. 2007).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. See *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory.   Defendant argues both deficiencies are present in the Complaint.   See *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is more than merely conceivable, but plausible on its face. See *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Before a district court can dismiss a *pro se* litigant's complaint, the court must provide the litigant with notice of the deficiencies and an opportunity to amend the complaint effectively. See *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

**Sanctions**

10

The review of sanctions imposed under Fed.R.Civ.P. 11 requires three separate inquiries." *Woodrum v. Woodward County*, Oklahoma, 866 F.2d 1121, 1127 (9th Cir. 1989). "First, whether specific conduct violated Rule 11 is a legal issue reviewable *de novo*." *Id.*; see also *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 526 (9th Cir. 1989). "Second, any disputed factual determinations are reviewed under a clearly erroneous standard." *Woodrum*, 866 F.2d at 1127; [accord *Mackey*, 867 F.2d at 526. "Third, the appropriateness of the sanction imposed is reviewed for an abuse of discretion." *Woodrum*, 866 F.2d at 1127; accord *Mackey*, 867 F.2d at 526.

"Under the 1983 amendments to Rule 11, an attorney signing any motion in federal court warrants that the motion is well-grounded in fact, that it is warranted by existing law or a good faith argument for an extension, modification or reversal of existing law, and that it is not filed for an improper purpose." *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986).

"'Rule 11 applies only to the initial signing of a "pleading, motion, or other paper."'" *Cunningham v. County of Los Angeles, 879 F.2d 481, 490 (9th Cir. 1988) (quoting Oliveri v. Thompson*, 803 F.2d 1265, 1274 (2nd Cir. 1986), *cert. denied*, 480 U.S. 918, 107 S. Ct. 1373, 94 L. Ed. 2d 689 (1987)), *cert. denied*, 493 U.S. 1035, 110 S. Ct. 757, 107 L. Ed. 2d 773 (1990). When evaluating the pleading, the court will apply an objective standard and look at the Plaintiff's conduct at the time of signing. *Community Elec. Serv. v. National Elec. Contractors Ass'n, Inc.*, 869 F.2d 1235, 1243 (9th Cir.), *cert. denied*, 493 U.S. 891, 110 S. Ct. 236, 107 L. Ed. 2d 187 (1989).

"An award of Rule 11 sanctions raises two competing concerns: the desire to avoid abusive use of the judicial process and to avoid chilling zealous advocacy." *Hudson v. Moore Business*

*Forms, Inc.*, 836 F.2d 1156, 1159-60 (9th Cir. 1987).    Granting of Rule 11 sanctions for the

defendants is appropriate.  The Complaint is neither well grounded in fact, nor warranted by existing

law, or any good faith argument for extension or reversal of existing law. After a reasonable inquiry,

Plaintiff can not have had an objectively reasonable basis for any portion of the Compliant.  *West*

*Coast Theater Corp. v. Portland*, 897 F.2d 1519, 1526-1527 (9th Cir. 1990).

Respectfully submitted,

ROBERT AUGUSTUS HARPER

Harper & Harper Law Firm, P.A.

325 West Park Avenue

Tallahassee, Florida  32301-1413

(850) 224-5900/fax (850) 224-9800

FL Bar No. 127600/GA Bar No. 328360

Harperlaw@harperlawfirm.com

12

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing instrument has been furnished to:

Kaytrena J. Francis
1467 7th Avenue #105
San Francisco, CA 94122

by hand/mail delivery this _____ day of February, 2008.

Respectfully submitted,

ROBERT AUGUSTUS HARPER

Harper & Harper Law Firm, P.A.

325 West Park Avenue

Tallahassee, Florida  32301-1413

(850) 224-5900/fax (850) 224-9800

FL Bar No. 127600/GA Bar No. 328360

Harperlaw@harperlawfirm.com

13