IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
FEB 11 PM 2: 01

KAYTRENA FRANCIS,
    Plaintiff,

CASE NUMBER:   CV 07 6125 JSW

Vs.

UNITED STATES OF AMERICA, et al,
    Defendants.



### DEFENDANT, DAVID LEE SELLERS' MOTION TO DISMISS

COMES NOW, David Lee Sellers, as a defendant in the above-styled action and pursuant to the Federal Rules of Civil Procedure and files his motion to dismiss on the following grounds:

1.    Defendant David Lee Sellers asserts that the plaintiff has failed to state any cause of action upon which relief may be granted.

Plaintiff has named virtually everyone she came in contact with during her federal criminal action as a defendant. Plaintiff alleges that defendant Sellers represented her for a brief period of time and advised her to prepare for trial after she rejected an offer from the government to resolve her case. She also alleges that Sellers refused to file a motion to dismiss at her request. Based upon those allegations as to defendant Sellers, she purports to set forth a claim for Malicious Abuse of Process (Count 6), Misrepresentation, Fraud and Deceit (Count 16), Breach of a Fiduciary Duty (Count 18), Conspiracy Against Rights pursuant to 18 U.S.C., section 241 (Count 33), and Civil RICO pursuant to 18 U.S.C., section 1962 (Count 45). So far as the undersigned can interpret, these

are the allegations and causes of action alleged against defendant, David Lee Sellers.

Each of these allegations fails to state or support a claim which would entitle plaintiff to relief. Although all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party as set forth in Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661 (9th Cir. 2000), the complaint should be dismissed where, as here, it appears that the plaintiff can prove no set of facts in support of the claims she has set forth against the defendant Sellers entitling her to relief.

2.  Defendant David Lee Sellers asserts that the court has no personal jurisdiction over him in that:

a) all actions allegedly undertaken by Sellers on behalf of the plaintiff were accomplished by Sellers as an employee of David Lee Sellers, P.A. and not individually, as alleged by the plaintiff.

Since defendant Sellers represented the plaintiff as an employee of a corporation, defendant Sellers individually has no connection with this lawsuit; and

b)  all actions allegedly undertaken by Sellers on behalf of the plaintiff occurred in Pensacola, Florida in the United States District Court for the Northern District of Florida.

Defendant Sellers has no connections whatsoever with California, is licensed to practice law in all state courts of Florida, the United States District

Court for the Northern District of Florida, the 11th Circuit Court of Appeals and the United States Supreme Court. David Lee Sellers has never practiced in California or been licensed to do so. 28 U.S.C., Section 1391 (c) is the controlling venue statute. While the place of incorporation is only one factor in determining whether a corporation is subject to personal jurisdiction, it is nonetheless a significant factor when the corporation has no contacts whatsoever with the district court where the claim has been brought.

3.  Defendant David Lee Sellers asserts that this court should dismiss the plaintiff's action on the basis that it is the improper venue and also on the basis of forum non conveniens.

As discussed in <u>Mattel, Inc. v. Greiner and Hasser GMBH</u>, 354 F.3d 857 (9th Cir. 2003), specific jurisdiction must be reasonable. In seeking to defeat personal jurisdiction, the moving party must present a strong case that the presence of some other considerations would render jurisdiction unreasonable. The court cites seven other factors to consider in weighing the reasonableness of personal jurisdiction:

  i) the extent of the defendants' purposeful interjection into the forum state's affairs;

  ii) the burden on the defendant of defending in the forum;

  iii) the extent of conflict with the sovereignty of the defendants' state;

  iv) the forum states' interest in adjudicating the dispute;

  v)  the most efficient judicial resolution of the controversy;

  vi)  the importance of the forum to the plaintiff's interest in convenient and effective relief; and

  vii)  the existence of an alternative forum.

From a review of all of these factors, it would appear that the only connection between California and this action is the fact that the plaintiff resides there, and a few of the defendants who supervised the plaintiff while she was on probation reside there. All other defendants either reside in the Northern District of Florida or in Atlanta, Georgia at the 11th Circuit Court of Appeals.

Wherefore, the defendant, David Lee Sellers, requests that this court dismiss the plaintiff's action as to him for any or all of the afore-discussed reasons.

I hereby certify that a copy of the foregoing motion to dismiss was furnished to the plaintiff Kaytrena Francis at 1467 7th Avenue, Number 105, San Francisco, California 94122 by certified and regular mail and by email to kaytrenaf@yahoo.com this 8th day of February, 2008.

/s/ David Lee Sellers
DAVID LEE SELLERS
919 N. 12th Avenue
Pensacola, FL 32501
Defendant