1    Randee J. Golder, Defendant
     P.O. Box 243756

2    Boynton Beach, FL 33424-3756

3    Phone: (561) 752-9890
     Fax:    (561) 752-9889

4    Email: rjgolder@bellsouth.net
     *Pro se*

5

FILED

08 FEB 19 PM 1: 36

U.S. DISTRICT COURT

6

7

8            **UNITED STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA**

10    **KAYTRENA J. FRANCIS,**

11            **Plaintiff,**

12    **vs.**                            **Case No:  CV 07 6125 JSW**

13    **UNITED STATES OF AMERICA, et al.,**

14            **Defendants.**

15    _____/

16          **MOTION TO DISMISS and MEMORANDUM OF LAW**

17        COMES NOW the defendant, RANDEE GOLDER, *pro se*, pursuant to Rule 12(b) of

18    the Federal Rules of Civil Procedure, and respectfully moves the Court to dismiss the instant

19    Complaint on the grounds that:

20

21        (1)     The Complaint fails to state a claim against the defendant upon which relief can

22    be granted as a matter of law (Fed. R. Civ. P. 12(b)(6));

23        (2)     The Court lacks subject matter jurisdiction over the instant Complaint (Fed. R.

24    Civ. P. 12(b)(1));

25

26

27

28

Golder/Motion to Dismiss/C 07-06125 JSW        1

1    (3)    The Court lacks jurisdiction over the person of the defendant (Fed. R. Civ. P.

2    12(b)(2));[1] and

3    (4)    Assuming, *arguendo,* a proper claim and jurisdiction, venue for plaintiff's cause

4
5    of action would lie in the Northern District of Florida where all of the alleged interaction

6    between the plaintiff and the defendant occurred (Fed. R. Civ. P. 12(b)(3)).

7    Ancillary to the motion to dismiss, defendant also respectfully asks this Court to waive

8    the Alternative Dispute Resolution (ADR) Multi-Option Program and the Notice of Hearing

9
10   Date and Time requirements of Civil Local Rule 7-2(a) in connection with the instant motion.

11   In support of her motion to dismiss the defendant states as follows:

12   **FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

13   **[Fed. R. Civ. P. 12(b)(6)]**

14   1.    Federal Rule of Civil Procedure 12(b)(6) addresses the legal sufficiency of a

15   claim. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). Because the focus is on legal
16
17   sufficiency, the court ordinarily limits its review to the face of the Complaint. *Van Buskirk v.*

18   *Cable News Network, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002). Dismissal is only appropriate

19   where there is no cognizable legal theory or an absence of sufficient factual allegations to

20   support the cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F. 2d 696, 699 (9th

21   Cir. 1988).

22

23   2.    In her Complaint, Kaytrena J. Francis alleges that the United States of America,

24   the United States Air Force, the U.S. Department of Justice, the United States Courts, the

25   Federal Bureau of Prisons, and forty-one federal employees (all are named as defendants in

26

27   [1] Defendant files this pleading via limited appearance and does not thereby waive any lack of
28   jurisdiction claim over her person.

Golder/Motion to Dismiss/C 07-06125 JSW        2

their official and individual capacities) committed sundry Constitutional (Bivens) and federal statutory (Civil Rights Act/Federal Tort Claims Act) violations. Three of Francis' privately retained attorneys, including the undersigned, are also named as defendants in the case.

3. According to the Complaint, on December 10, 2004, at the Eglin Air Force Gym in Okaloosa County, Florida, "while working out on an abdominal machine, Francis was harassed by Maj. Young who wanted Francis to stop in the middle of her workout and let her workout." The abdominal machine dispute escalated to Francis being charged and convicted by a jury with misdemeanor assault. [Complaint p. 8].

4. The Complaint goes on to allege that after Francis was wrongfully convicted, matters catapulted to the point where Sr. United States District Court Judge Roger Vinson (Northern District of Florida) - the trial judge in her case – "and his co-conspirators were involved in a conspiracy to kidnap or murder Francis to prevent or deter Francis from filing a FTCA, 1983 or Bivens action because they knew that they had waived absolute or qualified immunity." [Complaint p. 61]. The kidnapping and murder allegations are based on Francis' theories that her arrest constitutes kidnapping and her incarceration pursuant to a criminal conviction constitutes attempted murder.

5. For the alleged Constitutional and federal statutory violations Francis seeks five billion dollars in damages against the United States.    Against the forty-four individual defendants Francis seeks in excess of seven billion dollars in compensatory damages as well as "punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees." [Complaint pp. 34-69].

6. As set forth in the Complaint, Francis retained the services of defendant Randee Golder to represent Francis at a probation violation hearing before U. S. District Court Judge

Golder/Motion to Dismiss/C 07-06125 JSW          3

1    Roger Vinson in the Northern District of Florida on June 28, 2006. This probation violation

2    hearing arose out of the underlying "abdominal machine" misdemeanor conviction. As

3    indicated in the Complaint, it was Golder's only involvement in the case. [Complaint p. 56].[2]

4

5        7.        The 18th cause of action in the Complaint, at page 31, is labeled: "Breach of

6    Fiduciary Duty." It is the only cause of action wherein Golder is specifically named as a

7    defendant. It alleges that Golder and others "breach[ed] their fiduciary duty by refusing to use

8    skill, prudence, candor, and diligence in handling Francis affairs." [Complaint p. 31]. As

9    factual predicates for the breach of fiduciary duty theory, the Complaint alleges that "Golder

10   refused to ask [Judge] Vinson to recuse himself per Francis request." [Complaint p. 32].

11   "Francis [also] asked Golder to insist on a probable cause hearing; but Golder who was clearly

12   concern[ed] for her own safety stated that there was nothing she could do." [Complaint p. 58].

13   The Complaint offers no other specific factual allegations or explanations to support its

14   conclusory allegation that Golder breached any fiduciary duties.

15

16       8.        On the other hand, to prevail on the alleged Constitutional and/or federal

17   statutory violations, Francis' Complaint must allege that the defendant (1) was acting under

18   color of state law at the time the acts complained of were committed, and (2) in that capacity

19   deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the

20   United States. *Briley v. State of California*, 564 F. 2d 849, 850 (1977) ("Briley's privately-

21

22

23

24

25   ───────────────

26   [2] In her complaint Francis goes on to state that "Had Francis not acquired Golder and had
     Francis spouse had [sic] not flown in from his remote assignment in South Korea, Francis

27   would have been kidnap[sic] and potentially murdered. The means, opportunity and motive for
     kidnapping and murder [by Judge Vinson and his co-conspirators] existed." [Complaint p. 57].

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

retained counsel, ... are not susceptible to suit under this section (42 U.S.C. § 1983)." See also *Williams v. Gorton*, 529 F. 2d 668, 670, (9th Cir. 1976).

9.    Since Golder was privately retained by Francis to represent her at the probation violation hearing before Judge Vinson, Golder, as such, did not act under color of state law. A private party acts under color of state law only where he acts together with or obtains significant aid from a state official. *Lugar v. Edmondson Oil Co. Inc.,* 457 U.S. 922, 937 (1982). Because Francis' Complaint fails to allege significant state involvement in Golder's alleged malpractice, the Complaint is subject to dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). See *Turner v. Drane,* 127 F. 3d 1106 (9th Cir. 1997).

10.    Furthermore, the factual allegations in the Complaint with respect to the listed Constitutional and federal statutory violations are, at best, vague and conclusory. The factual allegations only make the alleged violations of Francis' rights even more difficult to perceive.

11.    Assuming, *arguendo,* that the Complaint could be construed to assert some other cognizable legal theory subject to the jurisdiction of this Court, the Complaint fails to allege sufficient facts under any such theory. Dismissal is appropriate where a cognizable legal theory is not supported by sufficient facts to support said theory. *Balistreri, supra.*

## SUBJECT MATTER JURISDICTION

## [Fed. R. Civ. P. 12(b)(1)]

12.    Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss a complaint for lack of subject matter jurisdiction. It is axiomatic that federal courts are courts of limited jurisdiction and a party seeking to invoke the court's jurisdiction bears the burden of proving that subject mater jurisdiction exists.

Golder/Motion to Dismiss/C 07-06125 JSW          5

13.    The instant Complaint invokes subject matter jurisdiction based on federal question jurisdiction.  At the same time, as indicated above, the allegations against defendant Golder in the Complaint claim "the breach of a fiduciary duty." The breach of a fiduciary duty or malpractice, without more, does not implicate any federal question cause of action. At most Francis' malpractice allegations against Golder would constitute a legal action cognizable in a state court.

14.    Since the Complaint incorrectly invokes federal jurisdiction over defendant Golder it is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1).

### LACK OF JURISDICTION OVER THE DEFENDANT
### [Fed. R. Civ. P. 12(b)(2)]

15.    Fed. R. Civ. P. 12(b)(2) permits a defendant to challenge a Complaint "for lack of jurisdiction over the person."

16.    There are two bases for personal jurisdiction over a nonresident defendant: (1) *general* jurisdiction" where a defendant's contacts with the forum state are so pervasive as to justify jurisdiction in all matters; and (2) "specific" or "limited" jurisdiction where the defendant's contact with the forum state gave rise to the subject of the dispute. *International Shoe Co. v. Washington,* 326 U.S, 310. 316 (1945).

17.    Due process requires that a defendant, by his or her own actions, created the connections by which jurisdiction is found. Specific or limited jurisdiction exists where: (1) the non-resident defendant does some act by which it purposely avails itself of the privilege of conducting business in the forum; (2) the claim arises out of defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Haisten v. Grass Valley Medical Reimbursement Fund,* 784 F. 2d 1392, 1397 (9th Cir. 1986).

18.    A district court's determination whether to exercise personal jurisdiction is a question of law. *Rio Props. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002). The plaintiff has the burden of establishing personal jurisdiction. *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

19.    As is demonstrated by the allegations set forth in the instant Complaint, there are no connections between defendant Golder and the State of California. In fact, as alleged in the Complaint, the only contacts between plaintiff and defendant occurred in the Northern District of Florida. Accordingly, Francis' Complaint against Golder should also be dismissed for lack of jurisdiction over defendant's person.

## IMPROPER VENUE

### [Fed. R. Civ. P. 12(b)(3)]

20.    Assuming, *arguendo*, subject matter jurisdiction and personal jurisdiction in this case, essentially all of the alleged misconduct set forth in the Complaint occurred in the Northern District of Florida.[3] Accordingly, the Complaint is subject to being dismissed on grounds of improper venue pursuant to Fed. R. Civ. P. 12(b)(3). See *Krain v. Devich et. al.,* 967 F.2d 587 (9th Cir. 1992) (civil rights action properly dismissed for improper venue); *King v. Rusell, et. al.,*963 F.2d 1301 (9th Cir. 1992)(civil action not founded on diversity may be brought only in the judicial district where all defendants reside, or in which the claim arose).

WHEREFORE, the defendant prays this Honorable Court dismiss the Complaint with prejudice as to Golder and/or grant any relief deemed appropriate by the court, and waive the

---

[3]    According to the complaint, on June 7, 2006 Francis was arrested in San Francisco on a probation violation warrant arising out of the misdemeanor conviction before Judge Vinson in the Northern District of Florida. [Complaint, par. 185, p. 17]. It is the only link to California cited in the Complaint.

1    Alternative Dispute Resolution (ADR) Multi-Option Program and the Notice of Hearing Date

2    and Time requirements of Civil Local Rule 7-2(a) in connection with the instant motion.

3                                          ·Respectfully submitted,

4

5

6                                          Randee J. Golder
7                                          P.O. Box 243756
                                           Boynton Beach, Florida 33424-3756
8                                          ·(561) 752-9890/Fax (561) 752-9889
                                           rjgolder@bellsouth.net
9

10

11

12

13

14

15.

16

17·

18

19

20·

21

22·

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

I HEREBY CERTIFY that a true and correct copy of the forgoing Motion to Dismiss

3

was sent via U.S. Mail to Kaytrena J. Francis, 1467 7th Avenue, #105, San Francisco,

4

California 94122, on this 13th day of February, 2008.

5

6

7

8

9

10

Randee J. Golder
P.O. Box 243756
Boynton Beach, Florida 33424-3756
(561) 752-9890/Fax (561) 752-9889
rjgolder@bellsouth.net

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Golder/Motion to Dismiss/C 07-06125 JSW          9