Randee J. Golder, Defendant
P.O. Box 243756
Boynton Beach, FL 33424-3756
Phone: (561) 752-9890
Fax:    (561) 752-9889
Email: rjgolder@bellsouth.net
*Pro se*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

KAYTRENA J. FRANCIS,

    Plaintiff,

vs.                                                                              Case No:  CV 07 6125 JSW

UNITED STATES OF AMERICA, et al.,

    **Defendants.**

_____/

**REPLY BY DEFENDANT RANDEE GOLDER TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** [1]

    Defendant Randee Golder moved this Court to dismiss the instant complaint on the grounds that: (1) It failed to state a claim against the defendant upon which relief can be granted as a matter of law (Fed. R. Civ. P. 12(b)(6));  (2) The Court lacked subject matter jurisdiction over the complaint (Fed. R. Civ. P. 12(b)(1));  (3) The Court lacked jurisdiction over the person of the defendant (Fed. R. Civ. P. 12(b)(2)); and

---

[1] Plaintiff Kaytrena J. Francis filed a combined response in opposition to the separately filed motions to dismiss filed Sellers, Harper and Golder.

(4) Assuming, *arguendo,* a proper claim and jurisdiction, venue for plaintiff's cause of action would lie in the Northern District of Florida where all of the alleged interaction between the plaintiff and the defendant occurred (Fed. R. Civ. P. 12(b)(3)). (See Docket Entrée 18).

In her opposition to Golder's motion to dismiss, Francis addresses, to any degree, only Golder's lack of personal jurisdiction argument. Francis claims "that the court has specific personal jurisdiction over non-RICO defendant Golder because Golder did business with Plaintiff in San Francisco California." (Paragraph 14, page 3). Specifically, Francis states that on June 15, 2006 she placed a telephone call from San Francisco to Florida in order to retain Golder for a probation violation hearing before U. S. District Court Judge Roger Vinson in the Northern District of Florida. Pursuant to a retainer agreement, Francis wired funds from California to Golder's bank in the Southern District of Florida. (Paragraphs 18-21. page 3). Golder's representation of Francis at the probation violation hearing on June 28, 2006 in Pensacola, Florida constituted her only involvement in the case. [Complaint p. 56]. [2]

However, Francis provides no legal support for her baseless assertion that her telephone calls to Golder in Florida and Golder's subsequent handling of the probation violation hearing in Florida constituted doing "business with Plaintiff in San Francisco California" so as to confer "specific personal jurisdiction" over defendant Golder to this Court.

Specific personal jurisdiction exists only if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposely availed herself of the privilege of conducting activities in the forum, (2) the claim arises out of or results from the

---

[2] Defendant Randee Golder has no connections whatsoever with California. She is licensed to practice law in all state courts in Florida, the United States District Court for the Southern District of Florida, and the 11th Circuit Court of Appeals.

Golder/Reply re Motion to Dismiss/C 07-06125 JSW    2

defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. See *Cybersell, Inc. v. Cybersell, Inc.,* 130 F. 3d 414, 416 (9th Cir. 1997). ("Applying our normal 'minimum contacts' analysis, we conclude that it would not comport with 'traditional notions of fair play and substantial justice' [citations omitted] for Arizona to exercise personal jurisdiction over an allegedly infringing Florida web site advertiser who has no contacts with Arizona other than …over the Internet).

A plaintiff has the burden of establishing personal jurisdiction. *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co*., 907 F.2d 911, 912 (9th Cir. 1990).  The facts, as alleged in Francis' complaint, simply do meet the burden.

Wherefore, the defendant, Randee Golder, respectfully requests that this Court dismiss the instant complaint as to her for lack of personal jurisdiction, as well as on the other jurisdictional and substantive grounds raised in her motion to dismiss.

                Respectfully submitted,

                s/ *Randee J. Golder*
                Randee J. Golder
                rjgolder@bellsouth.net
                PO Box 243756
                Boynton Beach, FL 33424-3756
                (561) 752-9890/Fax (561) 752-9889

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing Motion to Dismiss was sent via U.S. Mail to Kaytrena J. Francis, 1467 7th Avenue, #105, San Francisco, California 94122, on this 7th day of March, 2008.

s/ *Randee J. Golder*
Randee J. Golder
rjgolder@bellsouth.net
PO Box 243756
Boynton Beach, FL 33424-3756
Phone: (561) 752-9890