ROBERT AUGUSTUS HARPER
Harper & Harper Law Firm, P.A.
325 West Park Avenue
Tallahassee, Florida  32301-1413
(850) 224-5900/fax (850) 224-9800
FL Bar No. 127600/GA Bar No. 328360
Harperlaw@harperlawfirm.com
*Pro se*

IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYTRENA J. FRANCIS, | |
| Plaintiff, | |
| v. | Case No.  CV 07 6125-JSW |
| UNITED STATES OF AMERICA, et al | **RESPONSE TO PLAINTIFF'S OPPOSITION** |
| Defendant. | (By Defendant Harper) |

**DEFENDANT HARPER'S RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND MEMORANDUM OF LAW**

The Defendant, ROBERT AUGUSTUS HARPER, JR., (hereinafter referred to as Defendant Harper), and pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), and (b)(6), moves this Court to dismiss the instant complaint on the grounds that; 1) It fails to state a claim against the Defendant upon which relief can be granted as a matter of law; 2) the Court lacks subject matter jurisdiction over the complaint; and 3) the Court lacks jurisdiction over the person.  In support, Defendant Harper alleges:

1.    In response to the Defendant Harper's Motion to Dismiss, Plaintiff Frances addresses in her Opposition, and to some minuscule degree, Defendant Harper's lack of personal jurisdiction

argument.  Plaintiff Francis claims that, "Personal jurisdiction exists if the defendant: 1) commits an intentional act; 2) that is expressly aimed at the forum state; and 3) must have known the brunt of harm is likely to be suffered in the forum state."  The Plaintiff cites *Panavision v. Intern. LP v. Toeppen,* 141 F. 3.rd 1316, 1321 (9th Cir. 1998).  However, the Plaintiff fails to explain what intention act was committed by Defendant Harper, what business or contact Defendant Harper had with the forum state, and how Defendant Harper knew the "brunt of the harm is likely to be suffered in the forum state."  *See Panavision*.

In response to the vague, ambiguous, and utterly false allegations made by the Plaintiff, Defendant Harper asserts that he was discharged as counsel of record prior to Plaintiff Francis moving to California, and that Defendant Harper has never conducted any business or established any "minimum contacts" within the State of California to satisfy the jurisdictional requirement as expressed in the Federal Rules of Civil Procedure.  Because Defendant Harper has never conducted business relations in the State of California, or otherwise established minimum contacts within the State of California, Defendant Harper cannot be responsible for knowing the "brunt of the harm" that is likely to be suffered by the Plaintiff.

In the instant case, personal jurisdiction can only be found if 1) Defendant Harper has performed some act or consummated some transaction within the forum or otherwise purposely availed himself on the privilege of conducting activities in the forum, 2) the claim arises out of or results from Defendant Harper's forum-related activities, *and* 3) the exercise of jurisdiction is reasonable. (Emphasis added).  *See Cybersell, Inc. V. Cybersell, Inc.*, 130 F. 3d 414, 416 (9th Cir. 1997).  The *Cybersell, Inc.* court specifically noted, "Applying our normal 'minimum contacts' analysis, we conclude that it would not comport with 'traditional notions' of fair play and substantial

justice' [citations omitted] for Arizona to exercise personal jurisdiction over an allegedly infringing Florida website advertiser who has no contact with Arizona other than ... the internet."

In the case before us, Plaintiff Francis alleges in her Opposition to Defendant Harper's Motion to Dismiss that, "Harper and [co-defendant] Sellers as co-conspirators and RICO participants and *et al* named Defendant(s) committed intentional tort(s) of *inter alia* false imprisonment, false light invasion; intentional infliction of emotional distress because the falsified warrant alleging a probation violation of 18 U.S.C. 111 was not sent out of some act to perform a discretionary function of the court." (See Plaintiff's Opposition; page 2; paragraph 7). Nor could it as a matter of fact or law been sent by Defendant.

Defendant Harper was retained to represent Plaintiff Francis in a criminal proceeding in Florida. Defendant Harper's law firm is located in Tallahassee, Florida, and has been in operation in Florida since 1970. After a trial on the merits, Plaintiff Francis was found guilty of a criminal offense, and was sentenced to a term of probation. Shortly after the conclusion of the trial, Defendant Harper withdrew as counsel of record. Unbeknownst to Defendant Harper, Plaintiff Francis moved to California after she was placed on probation, and retained attorney Randee Golder to represent her regarding her violation of probation. Subsequent to Defendant Harper's removal as counsel of record, Defendant Harper has not sent any e-mails, letters, pleadings, or other documents to Plaintiff Francis that would substantiate Plaintiff Francis' claims or satisfy the minimum contact requirement for personal jurisdiction. None are produced or alleged by Plaintiff.

While Plaintiff Francis provided the Court with several e-mail correspondences between herself and co-defendant Golder, Plaintiff Francis *did not* provide the Court with any document, e-mail, or other related correspondence indicating that Defendant Harper and Plaintiff Francis had any

contact whatsoever in California. Plaintiff Francis failed to provide the Court with such proof because Defendant Harper had removed himself as counsel of record, and had no further contact with Plaintiff Francis prior to the initiation of this frivolous lawsuit. Defendant Harper asserts that, regardless of whether e-mails or mailed correspondences suffice for purposes of establishing "minimum contact" for purposes of jurisdiction, Defendant Harper and Plaintiff Francis have had no contact since his Motion to Withdraw as Counsel of Record was granted, December 2005. (Complaint, paragraph 166; see also paragraph 391).

2.    Plaintiff Francis addresses Defendant Harper's contention that this cause of action should be dismissed for failure to establish sufficient process over the person. With respect this claim, Defendant Harper would rely on his argument as previously briefed in his original Motion to Dismiss.

3.    Plaintiff Francis responds to Defendant Harper's Motion to Dismiss for Failure to State a Cause of Action and claims that she has, indeed, sufficiently stated a cause of action. Defendant Harper again disagrees. Plaintiff Francis' pro-se pleading makes numerous false claims against lawyers, judges, probation officers, other officers of the court and military personnel. Plaintiff Francis, in her Opposition to Defendant Harper's Motion to Dismiss, augments and expands her argument to include allegations that Defendant Harper is liable for damages based on "false imprisonment, violations of her Fifth Amendment right to due process of law, violations of her Fifth Amendment right to equal protection, and violations of her Fourth Amendment right to be free from unlawful seizure." (See Plaintiff Francis' Opposition; page 6, paragraph 7). Plaintiff Francis also contends that Defendant Harper conspired with other lawyers, judges, court personnel, and law enforcement. Plaintiff Francis alleges that Defendant Harper is guilty of RICO. Finally, Plaintiff

4

Francis contends that Defendant Harper is liable for damages for intentionally falsifying a pleading which stated that an indictment had been filed. (See Plaintiff's Opposition; page 8, paragraph 19). Again, Defendant Harper asserts that, irrespective of these outrageous and unfounded lies, Plaintiff Francis has not sufficiently stated a cause of action against Defendant Harper that would entitle her to relief.

As noted in *Conley v. Gibson*, 355 U.S. 41 (1957), a complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. In the instant case, Plaintiff Francis was arrested in Florida for a criminal incident which occurred in Florida. Defendant Harper, a resident of Tallahassee, Florida, was retained to represent Plaintiff Francis in a criminal trial. The trial ultimately commenced, and after deliberation, Plaintiff Francis was found guilty in a court of law. Shortly after her conviction, Defendant Harper filed a Motion to Withdraw as Counsel of Record, which was ultimately granted.

Any harm suffered by Plaintiff Francis was caused by Plaintiff Francis' own actions. Even assuming *arguendo* that Defendant Harper incidentally stated in a pleading that an indictment had been filed against Plaintiff Francis, rather than an information, the criminal allegations made against Plaintiff Francis were tried in a Florida federal court of law, and was determined by a jury on the merits of the Plaintiff's criminal conduct. Whether or not an indictment was filed is not only irrelevant to Plaintiff Francis' criminal case, it is also irrelevant to this cause of action, and in no way commands or warrants civil damages. All other allegations made by Plaintiff Francis occurred months after Defendant Harper had been removed as counsel of record. It should be noted that the injury and damages claimed herein are that Plaintiff Francis was "falsely imprisoned" for ninety (90)

5

days at the Federal Correctional Institution in Dublin, California, the sentence was not set aside and the conviction has not been reversed. This sentence was the direct and proximate result of Plaintiff Francis' willful and knowing violation of probation, and was ordered by the reviewing trial court well after Defendant Harper had withdrawn from Plaintiff Francis' Florida criminal case. Further, Plaintiff Francis herself would never have been subjected to imprisonment had she not violated Florida law. All other arguments are more fully set forth in Defendant Harper's previously filed memorandum of law, and is incorporated by reference hereto.

WHEREFORE the Defendant, ROBERT AUGUSTUS HARPER, JR., prays the court to enter its order of dismissal accordingly.

Respectfully submitted,

/s/ Robert Augustus Harper
ROBERT AUGUSTUS HARPER, Jr.
Harper & Harper Law Firm, P.A.
325 West Park Avenue
Tallahassee, Florida 32301-1413
(850) 224-5900/fax (850) 224-9800
FL Bar No. 127600/GA Bar No. 328360
Harperlaw@harperlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing instrument has been

furnished to:

        Kaytrena J. Francis
        1467 7th Avenue #105
        San Francisco, CA 94122

by hand/mail delivery this <u>7th</u> day of March, 2008.

                        Respectfully submitted,


                         /s/ Robert Augustus Harper
                        ROBERT AUGUSTUS HARPER, Jr.
                        Harper & Harper Law Firm, P.A.
                        325 West Park Avenue
                        Tallahassee, Florida  32301-1413
                        (850) 224-5900/fax (850) 224-9800
                        FL Bar No. 127600/GA Bar No. 328360
                        Harperlaw@harperlawfirm.com