UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

KAYTRENA FRANCIS,

    Plaintiff,

Case No. 3:07-cv-06125-JSW

v

UNITED STATES OF AMERICA, et. al.,

    Defendant.

## CERTIFICATION OF RECORDS AND DECLARATION OF CAIXA SANTOS

In accordance with the provisions of Section 1746 of Title 28, United States Code, I, the undersigned, Caixa Santos, do hereby make the following unsworn declaration, under penalty of perjury, pertinent to the above-styled cause:

1. I am currently employed by the United States Government, Federal Bureau of Prisons (Bureau), as a Paralegal at the Federal Correctional Complex in Coleman, Florida (FCC Coleman).

2. As part of my duties, I have access to documents and electronic data kept by the Bureau of Prisons. These records are made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of the relevant matters.

3. Kaytrena Francis, federal register number 06290-017, is a former federal prisoner who was designated to the Federal Correctional Institution, Dublin, California (FCI Dublin). Bureau records, specifically the SENTRY Security / Designation Data pertinent to Ms. Francis, reveal she was designated to FCI

Dublin on July 18, 2006, by a Bureau staff member at the Bureau's Designation and Sentence Computation Center (DSC) in Grand Prairie Texas, with an expected self-surrender date of July 31, 2006. Inmate Francis was released via good conduct time release on October 26, 2006.

4. Additionally, a review of Bureau records further reveals inmate Kaytrena Francis filed one administrative remedy under the administrative procedures implementing the Federal Tort Claims Act. The procedures are available through Program Statement 1320.06, Claims Under the Federal Tort Claims Act, dated August 1, 2003 (available at www.bop.gov) and 28 C.F.R. § 543.30, et seq. An investigation of the claims was conducted and the agency determined the claimant did not articulate any claim as to the alleged actions or inactions of the Bureau that would be appropriate for administrative settlement. Specifically, the only identifiable allegation asserted improprieties in the classification and/or designation of the claimant to FCI Dublin by an employee Bureau in Orlando, Florida. This claim was denied via a letter issued on April 6, 2007. This denial letter was sent to the claimant via certified mail and was receipted by the postal service on April 10, 2007.

5. I certify that the records provided are true and accurate copies of records maintained by the Federal Bureau of Prisons in the course of its regularly conducted activity and made by the regularly conducted activity as a regular practice: SENTRY Printout Public Information Inmate Data; SENTRY Printout Administrative Remedy Generalized Retrieval; and excerpts from the Bureau's files for tort claim TRT-SER-2007-01979.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 21st day of February, 2008.

_____
Caixa M. Santos, Paralegal
Federal Correctional Complex
Coleman, Florida

Exhibit A



**U.S. Department of Justice**
Federal Bureau of Prisons
*Federal Correctional Complex*
P.O. Box 1029
Coleman, Florida   33521-1029

**RETURN RECEIPT**
**7005 3110 0003 8092 9381**

Kaytrena Francis
Reg. No. 06290-017
1467 7th Ave. #105
San Francisco, CA  94122

7005 3110 0003 8092 9381

RE:   Administrative Tort Claim Number TRT-SER-2007-01979

Dear Claimant:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act (FTCA), Title 28 United States Code (U.S.C.) Section 2672 et seq., and authority granted by Title 28 Code of Federal Regulations (C.F.R.) Section 0.172. Section 2672 of the FTCA delegates to each federal agency the authority to consider, determine and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment.

As the majority of the allegations raised does not pertain to this agency, you would need to file your claim with the appropriate agency as directed by 28 C.F.R. § 14.2. However, you allege CCM staff conspired against you in July 2006 by falsifying certain facts at your initial designation. You seek monetary damages in the amount of five billion dollars ($5,000,000,000.00) for an alleged personal injury.

We have reviewed your claim along with reports from appropriate staff members. Our investigation reveals that in making initial designations, CCM staff rely on the following documents in order to score security level: the Presentence Investigation Report, any memoranda prepared by the U.S. Probation Office regarding violations, the Judgment and Commitment Order, revocation orders, and U.S. Marshals jail records

Based on the above, there is no evidence to indicate that you have sustained an injury or loss caused by the negligent or wrongful act or omission of any CCM employee acting within the scope of his or her employment. Therefore, your claim is denied.

You are advised that if you are dissatisfied with our determination in this matter, you are afforded six (6) months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court.

Sincerely,

Jeff Campbell
Supervisory Attorney

4/6/07
Date

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | 2008 APR 10 A ᵮ53 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

MACROOK
2017-01979
Legal Cab

Sent To: Kautrena Francis # 06290-017
Street, Apt. No.; or PO Box No.: 1467 7TH Ave # 105
City, State, ZIP+4: San Francisco CA 94122

PS Form 3800, June 2002    See Reverse for Instructions

8092 9381

Home | Help

**Track & Confirm**

Your item was accepted at 9:23 AM on April 10, 2007 in COLEMAN, FL 33521. Information, if available, is updated every evening. Please check again later.

**Notification Options**

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.  Go >

**Track & Confirm**
Enter Label/Receipt Number.

POSTAL INSPECTORS    site map    contact us    government services    jobs    National & Premier Accounts
Preserving the Trust    Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do    4/12/2007

TSEZ-2007-01 19

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: ATTN: Federal Tort Claims Act Staff SOUTHEAST REGIONAL OFFICE FEDERAL BUREAU OF PRISONS 3800 CAMP CRK PK SW/BOG 2000 ATLANTA, GA 30331 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) Kaytrena J. Francis 1467 7th. Ave #105 San Francisco Ca. 94122 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH 4. 26, 1959 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT Mar 11 2005 to Oct 29, 2006 | 7. TIME (A.M. OR P.M.) various times |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

This is a Administrative claim brought pursuant to Federal Tort Claims Act (FTCA), 28 U.S.C. §1346 (b) and 28 U.S.C. §§2671-2680 against the United States of America for the Amount of $5,000,000,000.00, Five Billion Dollars for claims arising out of malicious abuse of process, malicious prosecution, fraud and deceit, false arrest, false imprisonment; invasion of privacy, intentional infliction of emotional distress, libel, slander, defamation, breach of fiduciary duty, and Conspiracy.

This package also contains a Bivens claim inter alia against the Federal Bureau of Prisons; pages 29-53.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
See Attached Document for causes of actions relating to this claim.

RECEIVED JAN 26 2007 REGIONAL COUNSEL SERO BUREAU OF PRISONS

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Kaytrena J. Francis | 1467 7th Ave #105 San Francisco Ca, 94122 |

12. (See instructions on reverse.) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE none | 12b. PERSONAL INJURY seeAttachedClaim | 12c. WRONGFUL DEATH none | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) 5,000,000,000.00 |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) /s/ | 13b. Phone number of person signing form 415 971 - 5049 | 14. DATE OF SIGNATURE 1-23-2007 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109                    NSN 7540-00-634-4046                    STANDARD FORM 95
                                                                  PRESCRIBED BY DEPT. OF JUSTICE
                                                                  28 CFR 14.2

1/23/2007

From: Kaytrena J. Francis
1467 7th Ave #105
San Francisco Ca. 94122
415 971-5049

To: ATTN: Federal Tort Claims Act Staff
SOUTHEAST REGIONAL OFFICE
FEDERAL BUREAU OF PRISONS
3800 CAMP CRK PK SW/BDG 2000
ATLANTA, GA 30331

To: Tort Claims Officer

This package contains two claims: (1) pages 10 -28; (2) pages, 29-53; and (3) a separated package of Exhibits

Claim 1: This is a Administrative claim brought pursuant to Federal Tort Claims Act (FTCA), 28 U.S.C. §1346 (b) and 28 U.S.C. §§2671-2680 against the **United States of America** for the Amount of $5,000,000,000.00, Five Billion Dollars.

Claim 2: This Administrative claim is brought pursuant to Title 28 U.S. Code § 1331, in claims arising from violations of federal constitutional rights guaranteed in the first, fourth, fifth, sixth, eight, and fourteenth amendments to the U.S. Constitution and redressable pursuant to Bivens v. Six Unknown Narcotics Agents 403 U.S. 388 (1971)."; inter alia 18 U.S.C. §§ 241, 242; 42 U.S.C. §§ 1985(3), 1986 against the **Federal Bureau of Prisons** for the Amount of $5,000,000,000.00, Five Billion Dollars.

Kaytrena J. Francis

January 29, 2007



From Kaytrena Francis
1467 7th Ave #105
San Francisco Ca, 94122
415 971-5049

To: Federal Tort Claims Act Staff
SOUTHEAST REGIONAL OFFICE
FEDERAL BUREAU OF PRISONS
3800 CAMP CRK PK SW/BDG 2000
ATLANTA, GA 30331

Subject: Notice of additional causes of action added to Administrative Claim against Burea Prisons Personnel.

Dear Sir

On January 25, 2007 you received two administrative claims: (1) FTCA against the United States of America for the amount of Five Billion Dollars (2) Federal Bureau of Prisons for the amount of Five Billion Dollars; Express mail delivery receipt number **EB09 0116 279U S.**

The following cause of action is added against Federal Bureau Prisons Personnel reference within the Administrative Claim against the Federal Bureau Prisons because Francis has been injured in her business and property:

Civil R.I.C.O 1962(c)

Sincerely

*Kaytrena Francis* — Jan 29 2007.
Kaytrena Francis

1/23/2007

**From:** Kaytrena J. Francis
1467 7th Ave #105
San Francisco Ca. 94122
415 971-5049

**To:** ATTN: Federal Tort Claims Act Staff
SOUTHEAST REGIONAL OFFICE
FEDERAL BUREAU OF PRISONS
3800 CAMP CRK PK SW/BDG 2000
ATLANTA, GA 30331


**To:** Tort Claims Officer


This package contains two claims: (1) pages 10 -28; (2) pages, 29-53; and (3) a separated package of Exhibits

Claim 1: This is a Administrative claim brought pursuant to Federal Tort Claims Act (FTCA), 28 U.S.C. §1346 (b) and 28 U.S.C. §§2671-2680 against the **United States of America** for the Amount of $5,000,000,000.00, Five Billion Dollars.

Claim 2: This Administrative claim is brought pursuant to Title 28 U.S. Code § 1331, in claims arising from violations of federal constitutional rights guaranteed in the first, fourth, fifth, sixth, eight, and fourteenth amendments to the U.S. Constitution and redressable pursuant to Bivens v. Six Unknown Narcotics Agents 403 U.S. 388 (1971)."; inter alia 18 U.S.C. §§ 241, 242; 42 U.S.C. §§ 1985(3), 1986 against the **Federal Bureau of Prisons** for the Amount of $5,000,000,000.00, Five Billion Dollars.


*[signature]*
Kaytrena J. Francis

FTCA (United States of America) and Bivens *inter alia* violations (BOP)

**Kaytrena J. Francis**
   **Claimant**

Defendants
-------------------------

**The United States of America**
Federal Bureau of Prisons (BOP)
Tracy Broadnax



**INTRODUCTION**

This is a Administrative claim brought pursuant to Federal Tort Claims Act (FTCA), 28 U.S.C. §1346 (b) and 28 U.S.C. §§2671-2680 against the United States (**pages** 10-28)

( **1**) malicious abuse of process (filing a felony under simple assault)
( **2**) malicious abuse of process (giving case number as a favor)
( **3**) malicious abuse of process, falsifying orders denying motion to dismiss
( **4**) malicious prosecution, June 6-7 2006 in the clear absence of all jurisdictions
( **5**) malicious abuse of process, (pre-sentencing report in the clear absence of all jurisdictions)
( **6**) fraud and deceit
( **7**) false arrest and false imprisonment, Aug 23, 2005 to Oct 26, 2006
( **8**) invasion of privacy
( **9**) intentional infliction of emotional distress,
(**10**) libel, slander, or defamation
(**11**) breach of fiduciary duty
(**12**) Conspiracy
(**13**) Francis demands payment in the **amount** of FIVE BILLION DOLLARS, $5,000,000,000.00 for this Federal Tort Claim against the United States of America.

"This Administrative claim is brought pursuant to Title 28 U.S. Code § 1331, in claims arising from violations of federal constitutional rights guaranteed in the first, fourth, fifth, sixth, eight, and fourteenth amendments to the U.S. Constitution and redressable pursuant to Bivens v. Six Unknown Narcotics Agents 403 U.S. 388 (1971).", inter alia 18 U.S.C. § 241; 42 U.S.C. §§ 1981, 1985, 1986 against the Federal Bureau of Prisons. (**pages** 29 -53)

(**1**) Federal Cause of Action: vindictive prosecution
(**2**) Federal Cause of Action: Civil 18 U.S.C. 241, Conspiracy against rights (Filing a felony under simple Assault)
(**3**) Federal Question or Bivens: violation of right to a grand jury indictment
(**4**) Federal Cause of Action: Civil 18 U.S.C. 241, Conspiracy (falsifying a conviction)
(**5**) Federal Question or Bivens: vindictive prosecution, November 29 2005
(**6**) Federal Question or Bivens: Civil 18 U.S.C. 241; Conspiracy to kidnap rights, inter alia
(**7**) Federal Question or Bivens: violation of rights to due process and equal protection of the laws
(**8**) Federal Question or Bivens: violation of freedom of speech and fundamental right to access the courts
(**9**) Federal Question or Bivens: violation of substantive due process right
(**10**) Federal Question or Bivens: unreasonable or unlawful search and seizures without probable cause (unlawful seizure of DNA)
(**11**) Federal Question or Bivens: violation right to counsel
(**12**) Federal Question or Bivens: violation right to notification of accusation
(**13**) Federal Question or Bivens, Federal Cause of Action: Violation of Fifth and Fouteenth Amendent, equal protection of the laws, 42, U.S.C. 1981
(**14**) Federal Cause of Action: 42 U.S.C. 1986, Refusing or Neglecting To Prevent

**(15) Francis** Demands payment in the **amount** of FIVE BILLON, $5, 000,000,000.00 dollars against the Federal Bureau of Prisons for violations of federal protected constitutional rights guaranteed in the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments, inter alia Conspiracy Against rights, and neglecting to prevent inter alia 18 U.S.C. § 241; 42 U.S.C. §§ 1981, 1985, 1986 against the Federal Bureau of Prisons. **(pages** 29 -53).

## PARTIES

1. Claimant Kaytrena J Francis ["Francis" or "Claimant"] is a natural person, who was residing with her active duty military spouse at 501 Chinquapin Dr. Eglin Air Force Base, Florida, Okaloosa County, United States; was a resident of Florida from December 10, 2004 to January 30, 2006 during relevant times of this action. Claimant was residing at 1467 7th Ave # 105 from March 2006 to October 2006 during relevant times during this claim.

2. Defendant Tracy Broadnax ["Broadnax "] is a natural person who was a Federal Employee working for Bureau of Prisons at CCM Orlando Community Corrections Office 3659 Maguire BLVD., STE 100 Orlando, FL 32803

3, 4, 5, 6, and 7 is reserve for Unknown Defendants.

8. Defendant Federal Bureau of Prisons, Southeast Regional Office

9. Defendant United States of America has waived sovereign immunity pursuant FTCA.

## FACTS

10. December 10, 2004. Francis is harassed by Major Donna Young at the Eglin Air Force base gym. Francis asked Lt Eskridge (96 SVS employee) to call Security Forces so she can file a complaint against Major Young. The Security Forces send TSgt Chad Dillon and A1C Jason Archilla. Francis is taken to a private area in the base gym accompanied with Lt. Eskridge, MSgt Shepherd, TSgt Dillon, and A1C Archilla. While in the private area of the base gym MSgt Shepherd instigates a warrantless arrest by saying that TSgt Dillon can arrest Francis for forgetting her purse at home where she resided on Eglin Air Force base with her active duty military spouse. Francis asked that her spouse be called and TSgt Dillon refused to call her spouse. Without warning TSgt Dillon grabs Francis by her breast and A1C Archilla grabs Francis in between her legs; Francis is picked up slammed down on a hard floor, handcuffed and then sat on by TSgt Dillon for ten minutes until MSgt Henderson arrives and asked TSgt Dillon to get off Francis. Francis suffer injuries (Exhibit 1)

11. While at Eglin Air Force base Security Forces station Francis asked to go to the hospital and the Security Forces refused to take her to the hospital for her injuries. Francis request to file a complaint against TSgt Dillon and A1C Archilla for arresting her without probable cause (Exhibit 2); Francis is told that she will not be allowed to file a complaint. Francis makes a statement that she is a registered voter; she follows the law; she did not have any traffic citations; and she was going to file a congressional complaint against Eglin Air Force base for refusing to allow her to file a complaint against TSgt Dillon for violating her Fourth Amendment right. TSgt Dillon retaliates against Francis for stating that she was going to file a congressional complaint by handing her two violation notices, alleging violations of Florida State Statues Florida State Statues 877.03 and 843.01 (Exhibit 3).

12. On or about March 3, 2005 a civil rights organization contacts Eglin AFB to find out how did it go from Francis working out at the base gym to getting injured and arrested and wanted to know if they could resolve the matter at the lowest. According to the civil rights mediator they found the base unresponsive and insensitive to the incident. Lt. Eskridge was reported as saying that she felt that she had a right to have Francis arrested because she did not like Francis addressing her

by her rank of Lieutenant; and Maj. Farrar, Security Forces Commander was reported as saying that he was going to push the incident as far as he can.

13. On or about March 7, 2005 Francis received in the mail a Notice to appear (Exhibit 4) in the United States District court of the Northern District of Florid, Pensacola Division on March 16, 2005 for the violation notices she received from TSgt Dillon on December 10, 2004 which cited Florida State Statues 877.03 and 843.01.

14. March 11, 2005: Eglin Air Force Base retaliates against Francis for seeking help from a civil rights organization by filing a felony Information (Exhibit 7) in the magistrate court under simple assault, case no.3:05mj80.

15. March 16, 2005: Francis arrives without counsel. Magistrate Judge Davis asked U.S. Air Force Staff Judge Advocate, Captain Michael Yoder what's the charge. Capt. Yoder read from the Information (Exhibit 7) filed under simple assault in the magistrate court:

16. *That on or about December 10, 2004, in the Northern District of Florida, and within the special maritime and territorial jurisdiction of the United States, to wit: Eglin Air Force Base, Florida, the defendant Kaytrena J. Francis, did forcibly assault, resist, oppose, impeded, intimidate, and interfere with Technical Sergeant Chad T. Dillon and Airman First Class Jason Archilla, United states Air Forces Security Forces Officers, while they were engaged in their official duties, in violation of Title 18, United States Code, Section 111.*

17. *That on or about December 10, 2004, in the Northern District of Florida, and within the special maritime and territorial jurisdiction of the United States, to wit: Eglin Air Force Base, Florida, Kaytrena J. Francis, did engage in conduct as to constitute a breach of peace or disorderly conduct, in violation of Florida Statue 877.03, and Title 18, United States Code, Section 7 and 13.*

18. Davis asked Yoder what was the classification or level of the offense and Yoder said that it was a class 'A' misdemeanor with a maximum imprisonment term of one year and a maximum fine of $100,000.00.

19. Davis looked at Francis and asks how do you plea. Francis replied not guilty.

20. Davis tells Francis that she can either have her trial heard by a magistrate Judge or a District Judge and asks Francis who she wants to hear her trial. Francis who never been convicted of a misdemeanor or felony in her life did not know how to answer the question.

21. Davis asks a public defender who is working in the court to step outside with Francis to help her with her decision. The Public Defender tells Francis that a district Judge would normally not hear this type of case and suggests that Francis allow Davis to hear the trial Francis returns unsure, hesitates and says that she will allow Davis to hear the trial. Davis says that when you find an attorney he can changed where the trial will be heard and schedules a trial before him in the magistrate court.

22. Francis is told that she needs to notify the court when she finds an attorney. Francis asks for a copy of the government discovery to give to an attorney when she finds one.

23. March 17 2005: The Magistrate courts sent Francis a reminder letter to find an attorney (Exhibit 8).

24. March 21 2005: Francis emailed David Sellers (Fl. bar No, 338281) and asked him for legal representation (Exhibit 9/10). Sellers informed Francis that he is out of the country until April 1, 2005 and instructs Francis to go see his partner Eric D. Stevenson.

25. March 24 2005: Stevenson informed Francis that the charges in the information required a grand jury investigation and filed a request for a trial by jury before a District judge on Sellers

behalf (Exhibit 11) with the understanding that a grand jury will investigate and establish probable cause before going to trial.

26. April 6, 2005: Francis met with Sellers after he returned from his trip to Italy. Sellers tell Francis that no grand jury would indict her on the charges in the Information. He says that he will contact Eglin AFB and speak with them.

27. On or about April 20, 2005 Sellers called Francis and asked Francis if she would be interested in a Pre-trial Diversion Program. Francis asked Sellers what was a Pre-Trial Diversion program. Sellers said that it's where the government will ask you to agree to do certain things and if you do them, the government will not bring charges against you. Francis responded that she will not negotiate because TSgt Chad Dillon and A1C Archilla had already violated her Fourth Amendment right when they arrested her without probable cause on December 10, 2004. Francis asked Sellers to inform Captain Yoder that all she wanted to do is file a complaint against TSgt Dillon and A1C Archilla on base because she had suffered injuries when TSgt Chad Dillon and A1C Archilla grabbed Francis by her breast and between her legs, picked her up, slammed her down and sat on her for over ten minutes. Francis further stated that if Eglin Air Force base would deal with TSgt Dillon and A1C Archilla appropriately, she will ignore their torturous behavior.

28. April 27, 2005: Capt. Yoder asked Sellers to see if Francis would sign a waiver of speedy trial right. After researching a *Waiver of Speedy Trial* on the Internet, Francis refused to sign the waiver because she had not been indicted by a grand jury. Francis called Sellers and told him that she will not sign a waiver of speedy trial and no one will sign one for her and demanded a grand jury investigation to establish probable cause. Sellers warn Francis that she should be careful for what she asks for.

29. April 28, 2005: Capt. Yoder retaliates against Francis for refusing to sign the waiver of speedy trial right. Capt. Yoder maliciously abused a legal process by filing a continuance to force Francis to trial knowing that no complaint no complaint, information, or indictment was ever sworn against Francis alleging an offense of 18 U.S.C. 111. Francis did not waive her right to a grand jury indictment Francis did not negotiate a plea to the Information (Exhibit) that he filed under simple assault in the magistrate court.

30. The case number was changed from 3:05mj80 to 3:05 cr-00027 RV. An arraignment was set for June 2, 2005 (Exhibit 12) without a complaint ever being filed against Francis; a complaint presented to a grand jury for investigation, or an indictment; and a trial was scheduled before a misdemeanor jury on June 6, 2005.

31. Francis asked Sellers how Captain Yoder got a case number without a grand jury investigation. Sellers informed Francis that Capt. Yoder made a call to Senior District Judge Roger Vinson and asked him for a favor. Vinson granted Capt. Yoder a favor by giving him a criminal case number and scheduling a trial in the District court before him.
32. In addition to granting the case number as a favor, Vinson knowingly, intentionally, and maliciously falsified that Francis was charged with *forcibly assault, resist, oppose, impeded, intimidate, and interfere ... in violation of 18 U.S.C. 111*.

33 Francis asked Sellers to file a motion to dismiss because she appeared in the District court for violation notices citing Florida State Statues (Exhibits) and she wanted a grand jury investigation to establish probable cause for the Information that Capt. Yoder filed under simple assault and he refuse to file a motion to dismiss. Disappointed, Francis found another attorney, Robert Augusta Harper (Fl. bar No.127600).

34. A congressional complaint was filed with the local congressman Jeff Miller.

35. May 5, 2005 Francis met with Harper in his office. Harper is given the violation notices, the notice to appear, Capt. Yoder's Discovery, and the Information Francis received when she