JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6927
    neill.tseng@usdoj.gov

Attorneys for FEDERAL DEFENDANTS the United States of America, the United States Air Force, the United States Department of Justice, the United States Courts, the Federal Bureau of Prisons, and, in their official capacities, Col. Edmond Keith, Col. Dean R. Clemons, SA Brian Solecki, Lt. Col. Vincent C. Smith, Capt Heather A. Baker, Capt. Michael Yoder, Capt. Joanna Astle, Capt. Donna E. Young, 1Lt Kee-sha D. Eskridge, Msgt Edward Shepherd, Lt Col Scott Farrar, CMSgt Vince Eubanks, Msgt Brian Henderson, Tsgt Christopher Anglin, Tsgt Chad Dillon, A1C. Jason Archilla, Gregory R. Miller, E. Bryan Wilson, Stephen P. Preisser, Donna K. Cato, Dominic Guadagnoli, Clyde Roger Vinson, Miles Davis, W. Paul Rayborn, Jerry Marbut, Andrew Elliott, Bryan E. Jansen, Larry Gibbs, Donna Easterling, Michael Feldman, Joel F. Dubina, Frank M. Hull, Rosemary Barkett, Susan H. Black, R. Lanier Anderson, and Tracy Broadnax

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAYTRENA J. FRANCIS,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>    Defendants. | No. CV 07-06125 JSW<br><br>DEFENDANTS UNITED STATES COURTS AND, IN THEIR OFFICIAL CAPACITIES, CLYDE ROGER VINSON, MILES DAVIS, W. PAUL RAYBORN, JERRY MARBUT, ANDREW ELLIOTT, BRYAN E. JANSEN, LARRY GIBBS, DONNA EASTERLING, MICHAEL FELDMAN, JOEL F. DUBINA, FRANK M. HULL, ROSEMARY BARKETT, SUSAN H. BLACK, AND R. LANIER ANDERSON'S NOTICE OF MOTION AND MOTION TO DISMISS<br><br>Date: April 18, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 2, 17th Floor<br>Honorable Jeffrey S. White |

U.S. COURTS DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW

1  **PLEASE TAKE NOTICE** that Defendants United States Courts and, in their official
2  capacities, Clyde Roger Vinson, Miles Davis, W. Paul Rayborn, Jerry Marbut, Andrew Elliott,
3  Bryan E. Jansen, Larry Gibbs, Donna Easterling, Michael Feldman, Joel F. Dubina, Frank M.
4  Hull, Rosemary Barkett, Susan H. Black, and R. Lanier Anderson will move this Court on April
5  18, 2008 at 9:00 a.m. in Courtroom 2, 17th Floor, United States Federal Building, 450 Golden
6  Gate Ave., San Francisco, California, before the Honorable Jeffery S. White, U.S. District Judge,
7  for an order dismissing all claims in the plaintiff's complaint against them pursuant to Fed. R.
8  Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6).  This motion is based on this notice, the
9  memorandum of points and authorities, all the matters of record filed with the Court, and such
10 other evidence as may be submitted.

## STATEMENT OF RELIEF

12  Defendants United States Courts and, in their official capacities, Clyde Roger Vinson,
13 Miles Davis, W. Paul Rayborn, Jerry Marbut, Andrew Elliott, Bryan E. Jansen, Larry Gibbs,
14 Donna Easterling, Michael Feldman, Joel F. Dubina, Frank M. Hull, Rosemary Barkett, Susan H.
15 Black, and R. Lanier Anderson (collectively, the "U.S. Courts Defendants") move for an order
16 dismissing all claims against them.

## ISSUES TO BE DETERMINED

18  1.  Whether sovereign immunity bars the claims alleged against the U.S. Courts
19 Defendants.
20  2.  Whether the complaint fails to state a claim against the U.S. Courts Defendants.
21  3.  Whether the claims alleged against the U.S. Courts Defendants are barred by
22 collateral estoppel.
23  4.  Whether the claims alleged against the U.S. Courts Defendants are barred under
24 Heck v. Humphrey, 512 U.S. 477 (1994).

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION.**

27  Plaintiff Kaytrena Francis ("Plaintiff" or "Francis") alleges over 40 different claims
28 against over 40 defendants, most of whom are federal employees or agencies.  The 802-paragraph

complaint arises out of Francis's arrest, conviction, and sentence in the Northern District of Florida for disorderly conduct and resisting arrest. Francis seeks billions of dollars in damages from the various defendants. The claims against the U.S. Courts Defendants arise under the Federal Tort Claims Act (the "FTCA") and should be dismissed for lack of subject matter jurisdiction and/or for failure to state a claim.

## II.   STATEMENT OF FACTS.

Plaintiff's complaint arises out of an incident at the Eglin Air Force Base Fitness Center in Florida on December 10, 2004, involving the use of gym equipment. See generally Compl. ¶¶ 62-98. Francis was arrested and charged in the Northern District of Florida with (1) forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with two Air Force Security Forces Officers while they were engaged in official duties, in violation of 18 U.S.C. § 111, and (2) breaching the peace or disorderly conduct, in violation of 18 U.S.C. §§ 7, 13. See Information (filed March 11, 2005), attached to Decl. of Neill T. Tseng in Support of Federal Defendants' Motions to Dismiss ("Tseng Decl.") as Ex. A. Following a jury trial, Francis was found guilty of both charges on June 7, 2005. See Judgment (filed August 26, 2005), attached to Tseng Decl. as Ex. B. Senior United States District Judge Roger Vinson sentenced Francis to two years' probation on or around August 23, 2005. See id.

Francis then appealed her sentence to the United States Court of Appeals for the Eleventh Circuit, asserting that the District Court failed to make sufficient findings to support a sentence enhancement for obstruction of justice and that the conditions of her probation were unconstitutional delegations of judicial authority. See Mandate (issued October 13, 2006), attached to Tseng Decl. as Ex. C. Francis did not appeal her underlying conviction. The Eleventh Circuit affirmed the district court on or around September 14, 2006. See id..

While on probation, Francis committed three violations of her probation conditions. See Judgment (filed June 29, 2006), attached to Tseng Decl. as Ex. D. Her probation was revoked and she was sentenced to three months' imprisonment on or around June 28, 2006. See id.

Plaintiff filed her complaint in this action on December 4, 2007, alleging claims against the United States, the United States Air Force, the United States Department of Justice, the

United States Courts, and the Federal Bureau of Prisons. Plaintiff also named as defendants various employees of the aforementioned agencies in both their individual and official capacities, as well as three of her defense counsel who were not federal employees. Plaintiff asserts claims against the United States under the FTCA, and against the individual capacity defendants under Bivens, 42 U.S.C. § 1983, 18 U.S.C. § 241, 42 U.S.C. § 1986, and "Civil RICO."[1] See Compl. at 2-3.

Among the federal defendants are U.S. Courts Defendants Clyde Roger Vinson ("Judge Vinson"), Miles Davis ("Magistrate Judge Davis"), W. Paul Rayborn ("Rayborn"), Jerry Marbut ("Marbut"), Andrew Elliott ("Elliott"), Bryan E. Jansen ("Jansen"), Larry Gibbs ("Gibbs"), Donna Easterling ("Easterling"), Michael Feldman ("Feldman"), Joel F. Dubina ("Judge Dubina"), Frank M. Hull ("Judge Hull"), Rosemary Barkett ("Judge Barkett"), Susan H. Black ("Judge Black"), and R. Lanier Anderson ("Judge Anderson"). Judge Vinson is alleged to be a United States District Judge, Magistrate Judge Davis is alleged to be a United States Magistrate Judge, and Judges Dubina, Hull, Barkett, Black, and Anderson are alleged to be Eleventh Circuit Judges. See Compl.at ¶¶ 37, 38, 49-53. Marbut and Rayborn are alleged to be the court reporter and deputy clerk for Judge Vinson, respectively. See id. ¶ 39-40. Elliott, Jansen, Gibbs, Easterling, and Feldman are alleged to be United States Probation Officers. See id. ¶¶ 41-45.

Plaintiff's complaint appears to allege the following claims against the U.S. Courts Defendants under the FTCA: **abuse of process** (claim 6, naming Judge Vinson, see id. at ¶ 230); **malicious prosecution** (claim 7, naming Judge Vinson, see id. at ¶ 247); **abuse of process**

---

[1] No service has been effected upon any of the federal employee defendants in their individual capacities pursuant to Fed. R. Civ. P. 4(i)(3), and therefore this motion does not address any individual capacity claims or defenses thereto, including any absolute or qualified immunities defenses, any personal jurisdiction defenses, or any defenses based on the statute of limitations.

Nor does it appear that proper service has been effected upon the federal employee defendants in their official capacities. Fed. R. Civ. P. 4(i)(2) states in pertinent part, "To serve . . . a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . employee." It appears, at a minimum, that no copy of the summons or complaint has been sent by registered or certified mail to any of the federal employee defendants.

U.S. COURTS DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                                  3

1  (claim 8, naming Judge Vinson and Jansen, see id. at ¶ 267); **false arrest or imprisonment**
2  (claim 9, naming Judge Vinson, see id. at ¶¶ 279-80); **false imprisonment** (claim 10, naming
3  Judge Vinson, see id. ¶ 285); **false arrest or imprisonment** (claim 11, naming Judge Vinson,
4  Easterling, and Marbut, see id. ¶ 289 ); **false imprisonment** (claim 12, naming Judge Vinson,
5  Easterling, and Marbut); **conspiracy** (claim 13, naming Judge Vinson, Jansen, Easterling, and
6  Marbut, see id. ¶ 295); **invasion of privacy** (claim 14, naming Easterling, Gibbs, and Feldman,
7  see id. ¶¶ 327-32); libel (claim 15, naming Judges Barkett, Black, and Anderson, see id. ¶ 351);
8  **misrepresentation, fraud, or deceit** (claim 16, naming "all Defendants except California
9  Defendants," id. ¶ 357); **tortious interference with a contractual right** (claim 17, appearing to
10 apply to all defendants, see id. ¶¶ 380-384); **breach of fiduciary duty** (claim 18, applying to
11 "All Federal Employees," id. ¶ 387); and **intentional infliction of emotional distress** ("IIED")
12 (Claim 19, appearing to apply to all defendants, see id. ¶¶ 407-416).
13     The remaining FTCA claims do not appear to name any U.S. Courts Defendants,
14 including those for assault (claim 2) and battery (claim 3).

15 **III.   LEGAL STANDARD.**

16     **A.   Rule 12(b)(6) Standard.**

17     Fed. R. Civ. P. 12(b)(6) permits dismissal upon the "failure to state a claim upon which
18 relief can be granted." Dismissal may be based on either: (1) lack of a cognizable legal theory, or
19 (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901
20 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530,
21 533-34 (9th Cir. 1984)).  Review is limited to the contents of the complaint, and all allegations
22 of material fact are taken as true and construed in the light most favorable to the nonmoving
23 party. See Federation of African Amer. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th
24 Cir. 1996) (citations omitted).
25     The Supreme Court emphasized last year in Bell Atlantic Corp. v. Twombly, 127 S. Ct.
26 1955, 1965 (2007), that "[f]actual allegations must be enough to raise a right to relief above the
27 speculative level."  The Supreme Court also warned that  "a plaintiff's obligation to provide the
28 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

U.S. COURTS DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                            4

1 recitation of the elements of a cause of action will not do." Id. at 1964-65.  Thus, this Court need
2 not "assume the truth of legal conclusions merely because they are cast in the form of factual
3 allegations," Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) (citations
4 omitted), and  "conclusory allegations of law and unwarranted inferences are insufficient to
5 defeat a motion to dismiss for failure to state a claim." In re Syntex Corp. Sec. Litg., 95 F.3d
6 922, 926 (9th Cir. 1996).

       **B.**     **Rule 12(b)(1) Standard.**

A Rule 12(b)(1) motion can attack either the sufficiency of the pleadings to establish federal jurisdiction or challenge the substance of the jurisdictional allegations despite the formal sufficiency of the complaint.  Thornhill Publ. Co. v. Gen'l Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979).  When a motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, the standard is the same as under a Rule 12(b)(6) motion.  See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).

When a defendant challenges the actual lack of jurisdiction, the plaintiff's allegations are not presumed to be truthful, and the plaintiff has the burden of proving that the court has jurisdiction.  Thornhill Publ. Co., 594 F.2d at 733 (citation omitted).  The court may look beyond the complaint to matters of public record without converting the motion into one for summary judgment.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).

**IV.**    **ARGUMENT.**

       **A.**     **SOVEREIGN IMMUNITY BARS ANY AND ALL CLAIMS AGAINST THE U.S. COURTS DEFENDANTS FOR FALSE IMPRISONMENT, FALSE ARREST, MALICIOUS PROSECUTION, ABUSE OF PROCESS, LIBEL, MISREPRESENTATION, DECEIT, AND INTERFERENCE WITH CONTRACT RIGHTS.**

"In sovereign immunity analysis, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States." Balser v. Department of Justice, Office of U.S. Trustee, 327 F.3d 903, 907 (9th Cir. 2003).  The United States enjoys sovereign immunity "except to the extent that it has unequivocally consented to litigation against itself.." LaBarge v. County of Mariposa, 798 F.2d 364, 366 (9th Cir. 1986).  The FTCA waives this sovereign immunity for tort claims on a

limited basis. Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995). Sovereign immunity has not been waived for Plaintiff's claims against the U.S. Courts Defendants "arising out of . . . false imprisonment, false arrest, malicious prosecution, abuse of process, libel, . . . misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Thus, those claims should be dismissed for lack of subject matter jurisdiction.[2] See Mundy v. United States, 983 F.2d 950, 952 (9th Cir. 1993) ("When a claim falls within a statutory exception to the FTCA's waiver of sovereign immunity, the court is without subject matter jurisdiction to hear the case."). With respect to the claims alleged against the U.S. Courts Defendants, that leaves only those for conspiracy, invasion of privacy, breach of fiduciary duty, and IIED.

### B.    THE COMPLAINT FAILS TO STATE A CLAIM.

Any claims against the U.S. Courts Defendants over which the Court has jurisdiction should be dismissed for failure to state a claim under the Rule 12(b)(6) standard delineated in Bell Atlantic and the other controlling cases cited above. The Court can plainly see that the allegations of the complaint are too conclusory, speculative, and factually insufficient to state any cognizable claim. For example, with respect to the conspiracy claim, Plaintiff alleges in a wholly speculative and factually unsupported fashion that "Defendants knowing agreed to conspire to devise a scheme to false imprison Francis; or to defraud Francis out of honest government services to prevent or deter Francis from filing a FTCA claim; or to conceal their actions taken in the clear absence of all jurisdiction." Compl. ¶ 302. And at Compl. ¶ 320, Plaintiff avers as a legal conclusion, "The eleventh circuit joined the conspiracy and committed an overt act to conceal Vinson actions taken in the clear absence of all jurisdictions[.]" These kinds of allegations cannot survive a motion to dismiss. See Harris v. Roderick, 126 F.3d 1189, 1195 (9th

---

[2] If Plaintiff asserts any claims against the U.S. Courts Defendants for assault or battery, sovereign immunity bars those claims as well. See 28 U.S.C. § 2680(h). Additionally, if Plaintiff asserts any constitutional torts against the U.S. Courts Defendants and hence against the United States, those claims should also be dismissed for lack of subject matter jurisdiction. See Pereira v. U.S. Postal Service, 964 F.2d 873, 876 (9th Cir. 1992) ("federal district courts have no jurisdiction over the United States where claims allege constitutional torts").

1  Cir. 1997) ("In order to survive a motion to dismiss, plaintiffs alleging a conspiracy to deprive
2  them of their constitutional rights must include in their complaint nonconclusory allegations
3  containing evidence of unlawful intent or face dismissal prior to the taking of discovery.").

4  Too, the invasion of privacy allegations are nothing more than legal conclusions and wild
5  speculation. See, e.g. Compl. ¶ 341 ("defendants use false imprisonment to intrude into Francis
6  seclusion by unlawfully taking Francis DNA and putting it into the DNA database for no other
7  purpose but to cause Francis to suffer an injury to her reputation and damaging her Professional
8  reputation."). Plaintiff alleges as a legal conclusion that requiring her to submit to drug tests was
9  an intrusion into her seclusion, id. ¶ 325, despite the fact that they were required as a condition of
10 her probation, see Ex. B to Tseng Decl. at 2. Similarly, Plaintiff alleges that requiring her to
11 undergo mental health counseling constituted an invasion of privacy, see Compl. ¶ 331, despite
12 the fact that this was a condition of her probation that the Eleventh Circuit affirmed on appeal,
13 see Ex. C to Tseng Decl. at 6 (opinion p. 5). Finally, Plaintiff alleges with no factual support
14 whatsoever that attempts to apprehend her pursuant to her probation violation constituted
15 attempted kidnapping and portrayal in a false light. See Compl. ¶¶ 335-37.

16 The breach of fiduciary claim is directed primarily at Plaintiff's private defense counsel,
17 with one conclusory allegation thrown in that "All Federal Employees breached their fiduciary
18 duties by defrauding Francis out of her intangible property right to honest government services."
19 Compl. ¶ 387. Plaintiff does not identify what, if any, fiduciary duties were owed to her by any
20 federal defendant nor provides any factual support for her allegation. Finally, with respect to the
21 IIED claim, the allegations are again conclusory and Plaintiff primarily relies on and references
22 the other claims, see Compl. ¶ 409, which themselves are not cognizable under Rule 12(b)(6).

23 In short, "the complaint is long on invective but short on fact," and "its allegations are
24 simply too indefinite to state a claim." Martinez v. Winner, 771 F.2d 424, 442 (10th Cir. 1985),
25 modified on other grounds, 778 F.2d 553 (10th Cir. 1985), vacated as moot, 800 F.2d 230 (10th
26 Cir. 1986). Moreover, the United States Courts should be "dismissed as a named defendant, if
27 for no other reason, because it is not a juridical entity separate from the United States or the
28 individual officers and employees who direct and work for it." Martinez, 771 F.2d at 442

U.S. COURTS DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                               7

(affirming the dismissal of the Department of Justice as a named defendant).

## C.  ALL CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL.

If there are any cognizable claims in the complaint over which the Court has jurisdiction, those claims are barred by collateral estoppel and should be dismissed.  "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided.  This effect also is referred to as direct or collateral estoppel." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984) (internal citation omitted).

> Federal law governs the collateral estoppel effect of a federal case decided by a federal court.  Collateral estoppel applies where (1) the issue sought to be litigated is sufficiently similar to the issue present in an earlier proceeding and sufficiently material in both actions to justify invoking the doctrine; (2) the issue was actually litigated in the first case; and (3) the issue was necessarily decided in the first case.  A civil litigant may be estopped from relitigating an issue that was directly determined in a previous criminal action.

Allen v. City of Los Angeles, 92 F.3d 842, 849 (9th Cir. 1996) (internal quotation marks and citations omitted), overruled on other grounds by Acri v. Varian Assocs., Inc., 114 F.3d 999 (9th Cir. 1997).

All of Plaintiff's claims hinge on Plaintiff's bare assertion that she did not commit any crime at the Eglin Air Force Base Fitness Center on December 10, 2004.  Only if that assertion holds true is any life breathed into her claims that she was wrongly arrested, prosecuted, convicted, sentenced, imprisoned, assaulted, battered, conspired against, invaded of privacy, libeled, misrepresented against, deceived, tortiously interfered with as to contractual rights, breached of fiduciary duty, and intentionally inflicted with emotional distress.  Thus, a threshold issue in this action is whether Francis was guilty of disorderly conduct and resisting arrest at Eglin Air Force Base Fitness Center on December 10, 2004.

However, that issue is barred from relitigation under the three-part test for collateral estoppel stated above because (1) the issue is similar if not identical to the issue in Francis's criminal case, which was whether Francis was guilty of the crimes alleged; (2) the issue of Francis's guilt was actually litigated in the criminal prosecution; and (3) the determination of Francis's guilt was necessary to deciding the criminal case.  Plaintiff is therefore collaterally estopped from asserting in this action that she did not commit the crimes; on the contrary, her

guilt is conclusively established by the judgment in the criminal proceeding.  As such, it is evident that Francis's complaint fails to state a claim and should be dismissed.

### D. ALL CLAIMS ARE BARRED BY HECK V. HUMPHREY.

Finally, all claims should be dismissed under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983.

Id. at 486-87.

This holding of Heck is not limited to § 1983 cases, but applies also to cases brought under the FTCA.  See Erlin v. United States, 364 F.3d 1127, 1131 (9th Cir. 2004); accord Parris v. United States, 45 F.3d 383, 385 (10th Cir. 1995).  Because all of Plaintiff's claims ultimately challenge the validity of her conviction and sentence (and correspondingly the validity of her preceding arrest, imprisonment, and prosecution), each of those claims should be dismissed under the reasoning of Heck.  To grant Plaintiff relief in this action would require overturning the validity of her conviction and sentence, yet Plaintiff has not alleged or demonstrated that her conviction or sentence was reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.  Far from it, Plaintiff's sentence was affirmed on appeal by the Eleventh Circuit.

### V. CONCLUSION.

For the foregoing reasons, the Court should dismiss all claims against the U.S. Courts Defendants.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: March 10, 2008                           /s/
                                          NEILL T. TSENG
                                          Assistant United States Attorney