1   JOSEPH P. RUSSONIELLO (CBN 44332)
    United States Attorney
2
    JOANN M. SWANSON (CSBN 88143)
3   Chief, Civil Division

4   NEILL T. TSENG (CSBN 220348)
    Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7155
7       FAX: (415) 436-6927
        neill.tseng@usdoj.gov
8
    Attorneys for FEDERAL DEFENDANTS the United States of America, the United States Air
9   Force, the United States Department of Justice, the United States Courts, the Federal Bureau of
    Prisons, and, in their official capacities, Col. Edmond Keith, Col. Dean R. Clemons, SA Brian
10  Solecki, Lt. Col. Vincent C. Smith, Capt Heather A. Baker, Capt. Michael Yoder, Capt. Joanna
    Astle, Capt. Donna E. Young, 1Lt Kee-sha D. Eskridge, Msgt Edward Shepherd, Lt Col Scott
11  Farrar, CMSgt Vince Eubanks, Msgt Brian Henderson, Tsgt Christopher Anglin, Tsgt Chad
    Dillon, A1C. Jason Archilla, Gregory R. Miller, E. Bryan Wilson, Stephen P. Preisser, Donna K.
12  Cato, Dominic Guadagnoli, Clyde Roger Vinson, Miles Davis, W. Paul Rayborn, Jerry Marbut,
    Andrew Elliott, Bryan E. Jansen, Larry Gibbs, Donna Easterling, Michael Feldman, Joel F.
13  Dubina, Frank M. Hull, Rosemary Barkett, Susan H. Black, R. Lanier Anderson, and Tracy
    Broadnax
14

15                      UNITED STATES DISTRICT COURT

16                     NORTHERN DISTRICT OF CALIFORNIA

17                         SAN FRANCISCO DIVISION

18
    KAYTRENA J. FRANCIS,                )    No. CV 07-06125 JSW
19                                       )
            Plaintiff,                   )    DEFENDANTS UNITED STATES
20                                       )    DEPARTMENT OF JUSTICE AND, IN
        v.                               )    THEIR OFFICIAL CAPACITIES,
21                                       )    GREGORY R. MILLER, E. BRYAN
    UNITED STATES OF AMERICA, et al.     )    WILSON, AND  STEPHEN P.
22                                       )    PREISSER'S NOTICE OF MOTION AND
            Defendants.                  )    MOTION TO DISMISS
23  _____ )
                                              Date: April 18, 2008
24                                            Time: 9:00 a.m.
                                              Place: Courtroom 2, 17th Floor
25                                            Honorable Jeffrey S. White

26          **PLEASE TAKE NOTICE** that Defendants United States Department of Justice and, in

27  their official capacities, Gregory R. Miller, E. Bryan Wilson, and Stephen P. Preisser will move

28  this Court on April 18, 2008 at 9:00 a.m. in Courtroom 2, 17th Floor, United States Federal

1  Building, 450 Golden Gate Ave., San Francisco, California, before the Honorable Jeffery S.

2  White, U.S. District Judge, for an order dismissing all claims in the plaintiff's complaint against

3  them pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6).  This motion is based

4  on this notice, the memorandum of points and authorities, all the matters of record filed with the

5  Court, and such other evidence as may be submitted.

6                         **STATEMENT OF RELIEF**

7          United States Department of Justice, Gregory R. Miller, E. Bryan Wilson, and Stephen P.

8  Preisser (collectively, the "DOJ Defendants") move for an order dismissing all claims against

9  them in their official capacities.

10                        **ISSUES TO BE DETERMINED**

11         1.      Whether sovereign immunity bars the claims alleged against the DOJ Defendants.

12         2.      Whether the complaint fails to state a claim against the DOJ Defendants.

13         3.      Whether the claims alleged against the DOJ Defendants are barred by collateral

14  estoppel.

15         4.      Whether the claims alleged against the DOJ Defendants are barred under Heck v.

16  Humphrey, 512 U.S. 477 (1994).

17                 **MEMORANDUM OF POINTS AND AUTHORITIES**

18  **I.      INTRODUCTION.**

19         Plaintiff Kaytrena Francis ("Plaintiff" or "Francis") alleges over 40 different claims

20  against over 40 defendants, most of whom are federal employees or agencies.  The 802-paragraph

21  complaint arises out of Francis's arrest, conviction, and sentence in the Northern District of

22  Florida for disorderly conduct and resisting arrest.  Francis seeks billions of dollars in damages

23  from the various defendants.  The claims against the DOJ  Defendants arise under the Federal

24  Tort Claims Act (the "FTCA") and should be dismissed for lack of subject matter jurisdiction

25  and/or for failure to state a claim.

26  **II.     STATEMENT OF FACTS.**

27         Plaintiff's complaint arises out of an incident at the Eglin Air Force Base Fitness Center

28  in Florida on December 10, 2004, involving the use of gym equipment.  See generally Compl. ¶¶

1   62-98.  Francis was arrested and charged in the Northern District of Florida with (1) forcibly

2   assaulting, resisting, opposing, impeding, intimidating, and interfering with two Air Force

3   Security Forces Officers while they were engaged in official duties, in violation of 18 U.S.C. §

4   111, and (2) breaching the peace or disorderly conduct, in violation of 18 U.S.C. §§ 7, 13.  See

5   Information (filed March 11, 2005), attached to Decl. of Neill T. Tseng in Support of Federal

6   Defendants' Motions to Dismiss ("Tseng Decl.") as Ex. A.  Following a jury trial, Francis was

7   found guilty of both charges on June 7, 2005.  See Judgment (filed August 26, 2005), attached to

8   Tseng Decl. as Ex. B.  Senior United States District Judge Roger Vinson sentenced Francis to

9   two years' probation on or around August 23, 2005.  See id.

10      Francis then appealed her sentence to the United States Court of Appeals for the Eleventh

11  Circuit, asserting that the District Court failed to make sufficient findings to support a sentence

12  enhancement for obstruction of justice and that the conditions of her probation were

13  unconstitutional delegations of judicial authority.  See Mandate (issued October 13, 2006),

14  attached to Tseng Decl. as Ex. C. Francis did not appeal her underlying conviction.  The Eleventh

15  Circuit affirmed the district court on or around September 14, 2006.  See id..

16      While on probation, Francis committed three violations of her probation conditions.  See

17  Judgment (filed June 29, 2006), attached to Tseng Decl. as Ex. D.  Her probation was revoked

18  and she was sentenced to three months' imprisonment on or around June 28, 2006.  See id.

19      Plaintiff filed her complaint in this action on December 4, 2007, alleging claims against

20  the United States, the United States Air Force, the United States Department of Justice, the

21  United States Courts, and the Federal Bureau of Prisons.  Plaintiff also named as defendants

22  various employees of the aforementioned agencies in both their individual and official capacities,

23  as well as three of her defense counsel who were not federal employees. Plaintiff asserts claims

24  against the United States under the FTCA, and against the individual capacity defendants under

25  Bivens, 42 U.S.C. § 1983, 18 U.S.C. § 241, 42 U.S.C. § 1986, and "Civil RICO."[1]  See Compl.

26

27      [1]    No service has been effected upon any of the federal employee defendants in their

28  individual capacities pursuant to Fed. R. Civ. P. 4(i)(3), and therefore this motion does not
    address any individual capacity claims or defenses thereto, including any absolute or qualified

1    at 2-3.

2        Among the federal defendants are DOJ Defendants Gregory R. Miller ("Miller"), E.

3    Bryan Wilson ("Wilson"), and Stephen P. Preisser ("Preisser").  Miller is alleged to be a United

4    States Attorney, and Wilson and Preisser are alleged to be Assistant United States Attorneys.

5    See Compl. ¶¶ 30-32.

6        Plaintiff's complaint appears to allege the following claims against the DOJ Defendants

7    under the FTCA: **abuse of process** (claim 4, naming Miller and Preisser, see id.¶ 212);

8    **malicious prosecution** (claim 7, naming Miller and Preisser, see id.¶ 247); **false arrest or**

9    **imprisonment** (claim 11, naming Preisser, see id.¶ 289); **false imprisonment** (claim 12, naming

10   Preisser, see id. ¶ 295); **conspiracy** (claim 13, naming Preisser and Miller, see id. ¶ 301);

11   **misrepresentation, fraud, or deceit** (claim 16, naming "all Defendants except California

12   Defendants," id. ¶ 357); **tortious interference with a contractual right** (claim 17, appearing to

13   apply to all defendants, see id.  ¶¶ 380-384); **breach of fiduciary duty** (claim 18, appling to "All

14   Federal Employees," id. ¶ 387); and **intentional infliction of emotional distress** ("IIED")

15   (Claim 19, appearing to apply to all defendants, see id.  ¶¶ 407-416).

16       The remaining FTCA claims do not appear to name any DOJ Defendants, including those

17   for assault (claim 2), battery (claim 3), invasion of privacy (claim 14), and libel (claim 15)

18   **III.    LEGAL STANDARD.**

19       **A.    Rule 12(b)(6) Standard.**

20       Fed. R. Civ. P. 12(b)(6) permits dismissal upon the "failure to state a claim upon which

21   relief can be granted."  Dismissal may be based on either: (1) lack of a cognizable legal theory, or

22   (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901

23   _____

24   immunities defenses, any personal jurisdiction defenses, or any defenses based on the statute of
     limitations.

25       Nor does it appear that proper service has been effected upon the federal employee

26   defendants in their official capacities.  Fed. R. Civ. P. 4(i)(2) states in pertinent part, "To serve
     . . . a United States officer or employee sued only in an official capacity, a party must serve the

27   United States and also send a copy of the summons and of the complaint by registered or
     certified mail to the . . . employee."   It appears, at a minimum, that no copy of the summons or

28   complaint has been sent by registered or certified mail to any of the federal employee defendants.

1    F.2d 696, 699 (9th Cir. 1988) (citing <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530,

2    533-34 (9th Cir. 1984)).   Review is limited to the contents of the complaint, and all allegations

3    of material fact are taken as true and construed in the light most favorable to the nonmoving

4    party.  <u>See</u> <u>Federation of African Amer. Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th

5    Cir. 1996) (citations omitted).

6        The Supreme Court emphasized last year in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct.

7    1955, 1965 (2007), that "[f]actual allegations must be enough to raise a right to relief above the

8    speculative level."  The Supreme Court also warned that "a plaintiff's obligation to provide the

9    'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

10   recitation of the elements of a cause of action will not do."  <u>Id.</u> at 1964-65.  Thus, this Court need

11   not "assume the truth of legal conclusions merely because they are cast in the form of factual

12   allegations,"  <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981) (citations

13   omitted), and "conclusory allegations of law and unwarranted inferences are insufficient to

14   defeat a motion to dismiss for failure to state a claim." <u>In re Syntex Corp. Sec. Litg.</u>, 95 F.3d

15   922, 926 (9th Cir. 1996).

16       **B.    Rule 12(b)(1) Standard.**

17       A Rule 12(b)(1) motion can attack either the sufficiency of the pleadings to establish

18   federal jurisdiction or challenge the substance of the jurisdictional allegations despite the formal

19   sufficiency of the complaint.  <u>Thornhill Publ. Co. v. Gen'l Tel. & Electronics Corp.</u>, 594 F.2d

20   730, 733 (9th Cir. 1979).  When a motion to dismiss attacks the allegations of the complaint as

21   insufficient to confer subject matter jurisdiction, the standard is the same as under a Rule

22   12(b)(6) motion.  <u>See</u> <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1988).

23       When a defendant challenges the actual lack of jurisdiction, the plaintiff's allegations are

24   not presumed to be truthful, and the plaintiff has the burden of proving that the court has

25   jurisdiction.  <u>Thornhill Publ. Co.</u>, 594 F.2d at 733 (citation omitted).  The court may look beyond

26   the complaint to matters of public record without converting the motion into one for summary

27   judgment.  <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).

28   **IV.    ARGUMENT.**

1

2

3

**A.    SOVEREIGN IMMUNITY BARS ANY AND ALL CLAIMS AGAINST THE DOJ DEFENDANTS FOR FALSE IMPRISONMENT, FALSE ARREST, MALICIOUS PROSECUTION, ABUSE OF PROCESS, MISREPRESENTATION, DECEIT, AND INTERFERENCE WITH CONTRACT RIGHTS.**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

"In sovereign immunity analysis, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States." Balser v. Department of Justice, Office of U.S. Trustee, 327 F.3d 903, 907 (9th Cir. 2003). The United States enjoys sovereign immunity "except to the extent that it has unequivocally consented to litigation against itself.." LaBarge v. County of Mariposa, 798 F.2d 364, 366 (9th Cir. 1986). The FTCA waives this sovereign immunity for tort claims on a limited basis. Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995). Sovereign immunity has not been waived for Plaintiff's claims against the DOJ Defendants "arising out of . . . false imprisonment, false arrest, malicious prosecution, abuse of process, . . . misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Thus, those claims should be dismissed for lack of subject matter jurisdiction.[2] See Mundy v. United States, 983 F.2d 950, 952 (9th Cir. 1993) ("When a claim falls within a statutory exception to the FTCA's waiver of sovereign immunity, the court is without subject matter jurisdiction to hear the case."). With respect to the claims alleged against the DOJ Defendants, that leaves only those for conspiracy, breach of fiduciary duty, and IIED.

19

**B.    THE COMPLAINT FAILS TO STATE A CLAIM.**

20

21

22

Any claims against the DOJ Defendants over which the Court has jurisdiction should be dismissed for failure to state a claim under the Rule 12(b)(6) standard delineated in Bell Atlantic and the other controlling cases cited above. The Court can plainly see that the allegations of the

23

24

25

26

27

[2]    If Plaintiff asserts any claims against the DOJ Defendants for assault or battery, sovereign immunity bars those claims as well. See 28 U.S.C. § 2680(h). Additionally, if Plaintiff asserts any constitutional torts against the DOJ Defendants and hence against the United States, those claims should also be dismissed for lack of subject matter jurisdiction. See Pereira v. U.S. Postal Service, 964 F.2d 873, 876 (9th Cir. 1992) ("federal district courts have no jurisdiction over the United States where claims allege constitutional torts").

28

1    complaint are too conclusory, speculative, and factually insufficient to state any cognizable

2    claim. For example, with respect to the conspiracy claim, Plaintiff alleges in a wholly speculative

3    and factually unsupported fashion that "Defendants knowing agreed to conspire to devise a

4    scheme to false imprison Francis; or to defraud Francis out of honest government services to

5    prevent or deter Francis from filing a FTCA claim; or to conceal their actions taken in the clear

6    absence of all jurisdiction."  Compl. ¶ 302.  And at Compl. ¶ 320, Plaintiff avers as a legal

7    conclusion, "The eleventh circuit joined the conspiracy and committed an overt act to conceal

8    Vinson actions taken in the clear absence of all jurisdictions[.]"  These kinds of allegations

9    cannot survive a motion to dismiss.  See Harris v. Roderick, 126 F.3d 1189, 1195 (9th Cir. 1997)

10    ("In order to survive a motion to dismiss, plaintiffs alleging a conspiracy to deprive them of their

11    constitutional rights must include in their complaint nonconclusory allegations containing

12    evidence of unlawful intent or face dismissal prior to the taking of discovery.").

13          The breach of fiduciary claim is directed primarily at Plaintiff's private defense counsel,

14    with one conclusory allegation thrown in that "All Federal Employees breached their fiduciary

15    duties by defrauding Francis out of her intangible property right to honest government services."

16    Compl. ¶ 387.  Plaintiff does not identify what, if any, fiduciary duties were owed to her by any

17    federal defendant nor provides any factual support for her allegation.  Finally, with respect to the

18    IIED claim, the allegations are again conclusory and Plaintiff primarily relies on and references

19    the other claims, see Compl. ¶ 409, which themselves are not cognizable under Rule 12(b)(6).

20          In short, "the complaint is long on invective but short on fact," and "its allegations are

21    simply too indefinite to state a claim."  Martinez v. Winner, 771 F.2d 424, 442 (10th Cir. 1985),

22    modified on other grounds, 778 F.2d 553 (10th Cir. 1985), vacated as moot, 800 F.2d 230 (10th

23    Cir. 1986).   Moreover, the United States Department of Justice should be "dismissed as a named

24    defendant, if for no other reason, because it is not a juridical entity separate from the United

25    States or the individual officers and employees who direct and work for it."  Martinez, 771 F.2d

26    at 442 (affirming the dismissal of the Department of Justice as a named defendant).

27

28

1

### C.    ALL CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL.

2    If there are any cognizable claims in the complaint over which the Court has jurisdiction,

3    those claims are barred by collateral estoppel and should be dismissed.  "Issue preclusion refers

4    to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and

5    decided.  This effect also is referred to as direct or collateral estoppel." Migra v. Warren City

6    School Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984) (internal citation omitted).

7        Federal law governs the collateral estoppel effect of a federal case decided by a
         federal court.  Collateral estoppel applies where (1) the issue sought to be litigated
8        is sufficiently similar to the issue present in an earlier proceeding and sufficiently
         material in both actions to justify invoking the doctrine; (2) the issue was actually
9        litigated in the first case; and (3) the issue was necessarily decided in the first
         case.  A civil litigant may be estopped from relitigating an issue that was directly
10       determined in a previous criminal action.

11    Allen v. City of Los Angeles, 92 F.3d 842, 849 (9th Cir. 1996) (internal quotation marks and

12    citations omitted), overruled on other grounds by Acri v. Varian Assocs., Inc., 114 F.3d 999 (9th

13    Cir. 1997).

14    All of Plaintiff's claims hinge on Plaintiff's bare assertion that she did not commit any

15    crime at the Eglin Air Force Base Fitness Center on December 10, 2004.  Only if that assertion

16    holds true is any life breathed into her claims that she was wrongly arrested, prosecuted,

17    convicted, sentenced, imprisoned, assaulted, battered, conspired against, invaded of privacy,

18    libeled, misrepresented against, deceived, tortiously interfered with as to contractual rights,

19    breached of fiduciary duty, and intentionally inflicted with emotional distress.  Thus, a threshold

20    issue in this action is whether Francis was guilty of disorderly conduct and resisting arrest at

21    Eglin Air Force Base Fitness Center on December 10, 2004.

22    However, that issue is barred from relitigation under the three-part test for collateral

23    estoppel stated above because (1) the issue is similar if not identical to the issue in Francis's

24    criminal case, which was whether Francis was guilty of the crimes alleged; (2) the issue of

25    Francis's guilt was actually litigated in the criminal prosecution; and (3) the determination of

26    Francis's guilt was necessary to deciding the criminal case.  Plaintiff is therefore collaterally

27    estopped from asserting in this action that she did not commit the crimes; on the contrary, her

28    guilt is conclusively established by the judgment in the criminal proceeding.  As such, it is

evident that Francis's complaint fails to state a claim and should be dismissed.

### D.    ALL CLAIMS ARE BARRED BY HECK V. HUMPHREY.

Finally, all claims should be dismissed under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983.

Id. at 486-87.

This holding of Heck is not limited to § 1983 cases, but applies also to cases brought under the FTCA.  See Erlin v. United States, 364 F.3d 1127, 1131 (9th Cir. 2004); accord Parris v. United States, 45 F.3d 383, 385 (10th Cir. 1995).  Because all of Plaintiff's claims ultimately challenge the validity of her conviction and sentence (and correspondingly the validity of her preceding arrest, imprisonment, and prosecution), each of those claims should be dismissed under the reasoning of Heck.  To grant Plaintiff relief in this action would require overturning the validity of her conviction and sentence, yet Plaintiff has not alleged or demonstrated that her conviction or sentence was reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.  Far from it, Plaintiff's sentence was affirmed on appeal by the Eleventh Circuit.

### V.    CONCLUSION.

For the foregoing reasons, the Court should dismiss all claims against the DOJ Defendants.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: March 10, 2008 _____          /s/ _____

_____
NEILL T. TSENG
Assistant United States Attorney