1   JOSEPH P. RUSSONIELLO (CBN 44332)
    United States Attorney
2
    JOANN M. SWANSON (CSBN 88143)
3   Chief, Civil Division

4   NEILL T. TSENG (CSBN 220348)
    Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7155
7       FAX: (415) 436-6927
        neill.tseng@usdoj.gov
8
9   Attorneys for FEDERAL DEFENDANTS the United States of America, the United States Air
    Force, the United States Department of Justice, the United States Courts, the Federal Bureau of
    Prisons, and, in their official capacities, Col. Edmond Keith, Col. Dean R. Clemons, SA Brian
10  Solecki, Lt. Col. Vincent C. Smith, Capt Heather A. Baker, Capt. Michael Yoder, Capt. Joanna
    Astle, Capt. Donna E. Young, 1Lt Kee-sha D. Eskridge, Msgt Edward Shepherd, Lt Col Scott
11  Farrar, CMSgt Vince Eubanks, Msgt Brian Henderson, Tsgt Christopher Anglin, Tsgt Chad
    Dillon, A1C. Jason Archilla, Gregory R. Miller, E. Bryan Wilson, Stephen P. Preisser, Donna K.
12  Cato, Dominic Guadagnoli, Clyde Roger Vinson, Miles Davis, W. Paul Rayborn, Jerry Marbut,
    Andrew Elliott, Bryan E. Jansen, Larry Gibbs, Donna Easterling, Michael Feldman, Joel F.
13  Dubina, Frank M. Hull, Rosemary Barkett, Susan H. Black, R. Lanier Anderson, and Tracy
    Broadnax
14
                          UNITED STATES DISTRICT COURT
15
                       NORTHERN DISTRICT OF CALIFORNIA
16
                           SAN FRANCISCO DIVISION
17
    KAYTRENA J. FRANCIS,            )    No. CV 07-06125 JSW
18                                  )
        Plaintiff,                  )    DEFENDANTS UNITED STATES AIR
19                                  )    FORCE AND, IN THEIR OFFICIAL
        v.                          )    CAPACITIES, COL EDMOND KEITH,
20                                  )    COL DEAN R. CLEMONS, SA BRIAN
    UNITED STATES OF AMERICA, et al. )   SOLECKI, LT COL VINCENT C. SMITH,
21                                  )    CAPT HEATHER A. BAKER, CAPT.
        Defendants.                 )    MICHAEL YODER, CAPT. JOANNA
22  _____)    ASTLE, CAPT. DONNA E. YOUNG, 1LT
                                         KEE-SHA D. ESKRIDGE, MSGT
23                                       EDWARD SHEPHERD, LT COL SCOTT
                                         FARRAR, CMSGT VINCE EUBANKS,
24                                       MSGT BRIAN HENDERSON, TSGT
                                         CHRISTOPHER ANGLIN, TSGT. CHAD
25                                       DILLON, AND A1C. JASON
                                         ARCHILLA'S NOTICE OF MOTION AND
26                                       MOTION TO DISMISS

27                                       Date: April 18, 2008
                                         Time: 9:00 a.m.
28                                       Place: Courtroom 2, 17th Floor


    AIR FORCE DEFENDANTS' MOTION TO DISMISS
    CV 07-06125 JSW

1    **PLEASE TAKE NOTICE** that Defendants United States Air Force and, in their official

2   capacities, Col. Edmond Keith, Col. Dean R. Clemons, SA Brian Solecki, Lt. Col. Vincent C.

3   Smith, Capt Heather A. Baker, Capt. Michael Yoder, Capt. Joanna Astle, Capt. Donna E. Young,

4   1Lt Kee-sha D. Eskridge, Msgt Edward Shepherd, Lt Col Scott Farrar, CMSgt Vince Eubanks,

5   Msgt Brian Henderson, Tsgt Christopher Anglin, Tsgt Chad Dillon, and A1C. Jason Archilla will

6   move this Court on April 18, 2008 at 9:00 a.m. in Courtroom 2, 17th Floor, United States Federal

7   Building, 450 Golden Gate Ave., San Francisco, California, before the Honorable Jeffery S.

8   White, U.S. District Judge,  for an order dismissing all claims in the plaintiff's complaint against

9   them pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6).  This motion is based

10  on this notice, the memorandum of points and authorities, all the matters of record filed with the

11  Court, and such other evidence as may be submitted.

12                         <u>**STATEMENT OF RELIEF**</u>

13        Defendants United States Air Force and, in their official capacities, Col. Edmond Keith,

14  Col. Dean R. Clemons, SA Brian Solecki, Lt. Col. Vincent C. Smith, Capt Heather A. Baker,

15  Capt. Michael Yoder, Capt. Joanna Astle, Capt. Donna E. Young, 1Lt Kee-sha D. Eskridge, Msgt

16  Edward Shepherd, Lt Col Scott Farrar, CMSgt Vince Eubanks, Msgt Brian Henderson, Tsgt

17  Christopher Anglin, Tsgt Chad Dillon, and A1C. Jason Archilla (collectively, the "Air Force

18  Defendants") move for an order dismissing all claims against them.

19                         <u>**ISSUES TO BE DETERMINED**</u>

20        1.     Whether sovereign immunity bars the claims alleged against the Air Force

21  Defendants.

22        2.     Whether the complaint fails to state a claim against the Air Force Defendants.

23        3.     Whether the claims alleged against the Air Force Defendants are barred by

24  collateral estoppel.

25        4.     Whether the claims alleged against the Air Force Defendants are barred under

26  <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

27

28

AIR FORCE DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                                1

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.    INTRODUCTION.**

3    Plaintiff Kaytrena Francis ("Plaintiff" or "Francis") alleges over 40 different claims

4 against over 40 defendants, most of whom are federal employees or agencies.  The 802-paragraph

5 complaint arises out of Francis's arrest, conviction, and sentence in the Northern District of

6 Florida for disorderly conduct and resisting arrest.  Francis seeks billions of dollars in damages

7 from the various defendants.  The claims against the Air Force Defendants arise under the

8 Federal Tort Claims Act (the "FTCA") and should be dismissed for lack of subject matter

9 jurisdiction and/or for failure to state a claim.

10 **II.    STATEMENT OF FACTS.**

11    Plaintiff's complaint arises out of an incident at the Eglin Air Force Base ("Eglin AFB")

12 Fitness Center in Florida on December 10, 2004, involving the use of gym equipment.

13 See generally Compl. ¶¶ 62-98.  Francis was arrested and charged in the Northern District of

14 Florida with (1) forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering

15 with two Air Force Security Forces Officers while they were engaged in official duties, in

16 violation of 18 U.S.C. § 111, and (2) breaching the peace or disorderly conduct, in violation of

17 18 U.S.C. §§ 7, 13.  See Information (filed March 11, 2005), attached to Decl. of Neill T. Tseng

18 in Support of Federal Defendants' Motions to Dismiss ("Tseng Decl.") as Ex. A.  Capts. Yoder

19 and Astle, Assistant Staff Judge Advocates from the Eglin AFB Legal Office, were assigned to

20 prosecute the case as Special Assistant U.S. Attorneys.  Following a jury trial, Francis was found

21 guilty of both charges on June 7, 2005.  See Judgment (filed August 26, 2005), attached to Tseng

22 Decl. as Ex. B.  Senior United States District Judge Roger Vinson sentenced Francis to two

23 years' probation on or around August 23, 2005.  See id.

24    Francis then appealed her sentence to the United States Court of Appeals for the Eleventh

25 Circuit, asserting that the District Court failed to make sufficient findings to support a sentence

26 enhancement for obstruction of justice and that the conditions of her probation were

27 unconstitutional delegations of judicial authority.  See Mandate (issued October 13, 2006),

28 attached to Tseng Decl. as Ex. C. Francis did not appeal her underlying conviction.  The Eleventh

1    Circuit affirmed the district court on or around September 14, 2006.  See id..

2    While on probation, Francis committed three violations of her probation conditions.  See

3    Judgment (filed June 29, 2006), attached to Tseng Decl. as Ex. D.  Her probation was revoked

4    and she was sentenced to three months' imprisonment on or around June 28, 2006.  See id.

5    Plaintiff filed her complaint in this action on December 4, 2007, alleging claims against

6    the United States, the United States Air Force, the United States Department of Justice, the

7    United States Courts, and the Federal Bureau of Prisons.  Plaintiff also named as defendants

8    various employees of the aforementioned agencies in both their individual and official capacities,

9    as well as three of her defense counsel who were not federal employees. Plaintiff asserts claims

10   against the United States under the FTCA, and against the individual capacity defendants under

11   Bivens, 42 U.S.C. § 1983, 18 U.S.C. § 241, 42 U.S.C. § 1986, and "Civil RICO."[1]  See Compl.

12   at 2-3.

13   Among the federal defendants are Air Force Defendants Col Edmond Keith ("Col

14   Keith"), Col Dean R. Clemons ("Col Clemons"), Special Agent Brian Solecki ("SA Solecki"), Lt

15   Col Vincent C. Smith ("Lt Col Smith"), Capt Heather A. Baker ("Capt Baker"), Capt Michael

16   Yoder ("Capt Yoder"), Capt Joanna Astle ("Capt Astle"), Capt Donna E. Young ("Capt Young"),

17   1Lt Kee-sha D. Eskridge ("1Lt Eskridge"), Msgt Edward Shepherd ("Msgt Shepherd"), Lt Col

18   Scott Farrar ("Lt Col Farrar"), Chief Master Sergeant Vince Eubanks ("CMSgt Eubanks"), Msgt

19   Brian Henderson ("Msgt Henderson"), Tsgt Christopher Anglin ("Tsgt Anglin"), Tsgt Chad

20   Dillon ("Tsgt Dillon"), and A1C Jason Archilla ("A1C Archilla"), all of whom are alleged to

21   _____

22   [1]    No service has been effected upon any of the federal employee defendants in their
23   individual capacities pursuant to Fed. R. Civ. P. 4(i)(3), and therefore this motion does not
     address any individual capacity claims or defenses thereto, including any absolute or qualified
24   immunities defenses, any personal jurisdiction defenses, or any defenses based on the statute of
     limitations.
25          Nor does it appear that proper service has been effected upon the federal employee
26   defendants in their official capacities.  Fed. R. Civ. P. 4(i)(2) states in pertinent part, "To serve
     . . . a United States officer or employee sued only in an official capacity, a party must serve the
27   United States and also send a copy of the summons and of the complaint by registered or
     certified mail to the . . . employee."   It appears, at a minimum, that no copy of the summons or
28   complaint has been sent by registered or certified mail to any of the federal employee defendants.

AIR FORCE DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                                       3

1   have been stationed or working at Eglin AFB.  Cols. Keith and Clemons are alleged to have been

2   96th Air Base Wing Commanders; SA Solecki is alleged to have been a Special Agent for the

3   Office of Special Investigation; Lt Col Smith is alleged to have been the Deputy Chief,

4   Congressional Inquiry; Capt Baker is alleged to have been a federal employee working for the

5   Eglin AFB Legal Office; Capts. Yoder and Astle are alleged to have been U.S. Staff Judge

6   Advocates; Capt Young is alleged to have been an active duty member, 96 MDG/SGOS; 1Lt

7   Eskridge is alleged to have been an active duty member, 96 SVS/SVMP; Msgt Shepherd is

8   alleged to have been an active duty member, 96 SVS/CCF; Lt Col Farrar is alleged to have been

9   the 96th Security Forces Commander; and CMSgt Eubanks, Msgt Henderson, Tsgt Anglin, Tsgt

10  Dillon, and A1C Archilla are alleged to have been assigned to the 96th Security Forces Squadron.

11  See Compl.at ¶¶ 13-28.  Lt Col Farrar, CMSgt Eubanks, MSgt Henderson, TSgt Anglin, TSgt

12  Dillon, and A1C Archilla are collectively referred to herein as the "SFS Air Force Defendants."

13          Plaintiff's complaint appears to allege the following claims against the Air Force

14  Defendants under the FTCA: **false arrest** (claim 1, naming TSgt Dillon and A1C Archilla,

15  see id.¶ ); **assault** (claim 2, naming TSgt Dillon and A1C Archilla, see id. ¶ ); **battery** (claim 3,

16  naming TSgt Dillon and A1C Archilla, see id. ¶ ); **abuse of process** (claims 4, 5, 6, and 8

17  naming Capts. Yoder and Astle in each, see id. ¶ ); **malicious prosecution** (claim 7, naming Capt

18  Yoder, Capt Astle, TSgt Dillon, and A1C Archilla, see id. ¶ ); **false arrest or false**

19  **imprisonment** (claim 11, naming Capt Yoder, Capt Astle, Col Clemons, and SA Solecki, see id.

20  ¶ ); **false imprisonment** (claim 12, naming Capt Yoder, Capt Astle, and Col Clemons, see id. ¶ );

21  **conspiracy** (claim 13, naming Capts. Yoder and Astle, see id. ¶ ); **misrepresentation, fraud, or**

22  **deceit** (claim 16, naming "all Defendants except California Defendants," id. ¶ 357); **tortious**

23  **interference with a contractual right** (claim 17, appearing to apply to all defendants, see id. ¶¶

24  380-384); **breach of fiduciary duty** (claim 18, applying to "All Federal Employees," id. ¶ 387);

25  and **intentional infliction of emotional distress** ("IIED") (Claim 19, appearing to apply to all

26  defendants, see id.  ¶¶ 407-416).

27          The remaining FTCA claims do not appear to name any Air Force Defendants, including

28  those for invasion of privacy (claim 14) and libel (claim 15).

1    **III.    LEGAL STANDARD.**

2        **A.        Rule 12(b)(6) Standard.**

3        Fed. R. Civ. P. 12(b)(6) permits dismissal upon the "failure to state a claim upon which

4    relief can be granted."  Dismissal may be based on either: (1) lack of a cognizable legal theory, or

5    (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901

6    F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530,

7    533-34 (9th Cir. 1984)).   Review is limited to the contents of the complaint, and all allegations

8    of material fact are taken as true and construed in the light most favorable to the nonmoving

9    party.  See Federation of African Amer. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th

10   Cir. 1996) (citations omitted).

11       The Supreme Court emphasized last year in Bell Atlantic Corp. v. Twombly, 127 S. Ct.

12   1955, 1965 (2007), that "[f]actual allegations must be enough to raise a right to relief above the

13   speculative level."  The Supreme Court also warned that  "a plaintiff's obligation to provide the

14   'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

15   recitation of the elements of a cause of action will not do." Id. at 1964-65.  Thus, this Court need

16   not "assume the truth of legal conclusions merely because they are cast in the form of factual

17   allegations," Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) (citations

18   omitted), and  "conclusory allegations of law and unwarranted inferences are insufficient to

19   defeat a motion to dismiss for failure to state a claim." In re Syntex Corp. Sec. Litg., 95 F.3d

20   922, 926 (9th Cir. 1996).

21       **B.        Rule 12(b)(1) Standard.**

22       A Rule 12(b)(1) motion can attack either the sufficiency of the pleadings to establish

23   federal jurisdiction or challenge the substance of the jurisdictional allegations despite the formal

24   sufficiency of the complaint.  Thornhill Publ. Co. v. Gen'l Tel. & Electronics Corp., 594 F.2d

25   730, 733 (9th Cir. 1979).  When a motion to dismiss attacks the allegations of the complaint as

26   insufficient to confer subject matter jurisdiction, the standard is the same as under a Rule

27   12(b)(6) motion.  See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).

28       When a defendant challenges the actual lack of jurisdiction, the plaintiff's allegations are

AIR FORCE DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                                    5

1  not presumed to be truthful, and the plaintiff has the burden of proving that the court has

2  jurisdiction.  Thornhill Publ. Co._, 594 F.2d at 733 (citation omitted).  The court may look beyond

3  the complaint to matters of public record without converting the motion into one for summary

4  judgment.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).

5  **IV.   ARGUMENT.**

6  **A.   SOVEREIGN IMMUNITY BARS MANY OF THE CLAIMS AGAINST
THE AIR FORCE DEFENDANTS.**

7

8  "In sovereign immunity analysis, any lawsuit against an agency of the United States or

9  against an officer of the United States in his or her official capacity is considered an action

10 against the United States."  Balser v. Department of Justice, Office of U.S. Trustee, 327 F.3d

11 903, 907 (9th Cir. 2003).  The United States enjoys sovereign immunity "except to the extent that

12 it has unequivocally consented to litigation against itself.."  LaBarge v. County of Mariposa, 798

13 F.2d 364, 366 (9th Cir. 1986).  The FTCA waives this sovereign immunity for tort claims on a

14 limited basis.  Cadwalder  v. United States, 45 F.3d 297, 300 (9th Cir. 1995).  Sovereign

15 immunity has not been waived for Plaintiff's claims against the Air Force Defendants "arising

16 out of . . . misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).

17 The claims for abuse of process, malicious prosecution, false arrest, and false imprisonment are

18 also barred by sovereign immunity as to Capts. Yoder and Astle because neither was an

19 "investigative or law enforcement officer"; in other words, neither was "empowered by law to

20 execute searches, to seize evidence, or to make arrests for violations of Federal law."  28 U.S.C.

21 § 2680(h).  All the claims barred by sovereign immunity should be dismissed for lack of subject

22 matter jurisdiction.[2]  See Mundy v. United States, 983 F.2d 950, 952 (9th Cir. 1993) ("When a

23 claim falls within a statutory exception to the FTCA's waiver of sovereign immunity, the court is

24

25 [2]   Additionally, if Plaintiff asserts any constitutional torts against the Air Force
Defendants and hence against the United States, those claims should also be dismissed for lack of

26 subject matter jurisdiction.  See Pereira v. U.S. Postal Service, 964 F.2d 873, 876 (9th Cir. 1992)
("federal district courts have no jurisdiction over the United States where claims allege

27 constitutional torts").

28

1   without subject matter jurisdiction to hear the case.").

2       That leaves remaining only the claims against TSgt Dillon and A1C Archilla for false

3   arrest (claim 1), assault (claim 2), battery (claim 3), and malicious prosecution (claim 7); the

4   claims against Col Clemons for false arrest and false imprisonment (claims 11 and 12); the claim

5   against SA Solecki for false arrest or false imprisonment (claim 11); and any claims against the

6   Air Force Defendants for breach of fiduciary duty (claim 18) and intentional infliction of

7   emotional distress (claim 19).

8       **B.      THE COMPLAINT FAILS TO STATE A CLAIM.**

9       Any claims against the Air Force Defendants over which the Court has jurisdiction should

10  be dismissed for failure to state a claim under the Rule 12(b)(6) standard delineated in Bell

11  Atlantic and the other controlling cases cited above.  The Court can plainly see that the

12  allegations are too conclusory, speculative, and factually insufficient to state a claim.  Many of

13  the allegations are legal conclusions in which Plaintiff alleges in conclusory fashion that the

14  elements of certain causes of action are met.

15      For example, for the assault claim, Plaintiff alleges that "Defendants intentionally created

16  an apprehension of immediate physical harm by means of an overt gesture, to wit, grabbing

17  Francis by her breast, her legs, and picking her up and slamming her down on the Eglin Air Force

18  Base gym floor for no known purpose other than to create in Francis an apprehension of

19  immediate physical harm."  Compl. ¶ 204.  For the battery claim, Plaintiff makes the bare

20  assertion that "without the consent of Francis, Defendants TSgt Dillon and A1C Archilla

21  intentionally, harmfully, and offensively touched Francis by grabbing her by her breast; grabbing

22  her between her legs; handcuffing her; and sitting on her back while in handcuffs for several

23  minutes."  Id. ¶ 209.  However, this happened pursuant to her arrest, and without any supporting

24  nonconclusory, nonspeculative, or definite factual allegations, this type of allegation is patently

25  insufficient to state a claim.  See Bell Atlantic Corp., 127 S. Ct. at 1964-65 ("a plaintiff's

26  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

27  conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

28  //

1    Another example of a conclusory, speculative, and indefinite allegation is found in claim

2    4 for abuse of process, at Compl. ¶ 225, where Plaintiff alleges:

3    Capt. Yoder actions was improper, illegal, perverted and unwarranted because
     Captain Yoder knew that he was limited to prosecuting civilian for petty offense;
4    he was maliciously masquerading a felony as a misdemeanor; he knew that
     Francis had appeared for violation notices citing Florida State Statues (Exhibits 3
5    and 4); and was only maliciously acting out of retaliation to Francis having a civil
     rights organization contact Eglin Air Force base; or was acting to cover up the
6    false arrest that had occurred on December 10 2004 (Exhibit).

7    The breach of fiduciary claim is directed primarily at Plaintiff's private defense counsel,

8    with one conclusory allegation thrown in that "All Federal Employees breached their fiduciary

9    duties by defrauding Francis out of her intangible property right to honest government services."

10   Compl. ¶ 387.  Plaintiff does not identify what, if any, fiduciary duties were owed to her by any

11   federal defendant nor provides any factual support for her allegation.  With respect to the IIED

12   claim, the allegations are again conclusory and Plaintiff primarily relies on and references the

13   other claims, see Compl. ¶ 409, which themselves are not cognizable under Rule 12(b)(6).

14   The complaint is littered with further examples of conclusory, speculative, and indefinite

15   allegations, but the Air Force Defendants will not take up any more of the Court's time or any

16   more paper listing them here.  It is patent that "the complaint is long on invective but short on

17   fact," and "its allegations are simply too indefinite to state a claim." Martinez v. Winner, 771

18   F.2d 424, 442 (10th Cir. 1985), modified on other grounds, 778 F.2d 553 (10th Cir. 1985),

19   vacated as moot, 800 F.2d 230 (10th Cir. 1986).

20   Finally, the United States Air Force should be "dismissed as a named defendant, if for no

21   other reason, because it is not a juridical entity separate from the United States or the individual

22   officers and employees who direct and work for it." Martinez, 771 F.2d at 442 (affirming the

23   dismissal of the Department of Justice as a named defendant).

24   **C.    ALL CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL.**

25   All claims against the Air Force Defendants are barred by collateral estoppel and should

26   be dismissed.  "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a

27   matter that has been litigated and decided.  This effect also is referred to as direct or collateral

28   estoppel." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984) (internal

1   citation omitted).

> Federal law governs the collateral estoppel effect of a federal case decided by a
> federal court. Collateral estoppel applies where (1) the issue sought to be litigated
> is sufficiently similar to the issue present in an earlier proceeding and sufficiently
> material in both actions to justify invoking the doctrine; (2) the issue was actually
> litigated in the first case; and (3) the issue was necessarily decided in the first
> case. A civil litigant may be estopped from relitigating an issue that was directly
> determined in a previous criminal action.

Allen v. City of Los Angeles, 92 F.3d 842, 849 (9th Cir. 1996) (internal quotation marks and

citations omitted), overruled on other grounds by Acri v. Varian Assocs., Inc., 114 F.3d 999 (9th

Cir. 1997).

All of Plaintiff's claims hinge on Plaintiff's bare assertion that she did not commit any crime at the Eglin AFB Fitness Center on December 10, 2004. Only if that assertion holds true is any life breathed into her claims that she was wrongly arrested, prosecuted, convicted, sentenced, imprisoned, assaulted, battered, conspired against, invaded of privacy, libeled, misrepresented against, deceived, tortiously interfered with as to contractual rights, breached of fiduciary duty, and intentionally inflicted with emotional distress. Thus, a threshold issue in this action is whether Francis was guilty of disorderly conduct and resisting arrest at Eglin AFB Fitness Center on December 10, 2004.

However, that issue is barred from relitigation under the three-part test for collateral estoppel stated above because (1) the issue is similar if not identical to the issue in Francis's criminal case, which was whether Francis was guilty of the crimes alleged; (2) the issue of Francis's guilt was actually litigated in the criminal prosecution; and (3) the determination of Francis's guilt was necessary to deciding the criminal case. Plaintiff is therefore collaterally estopped from asserting in this action that she did not commit the crimes; on the contrary, her guilt is conclusively established by the judgment in the criminal proceeding. As such, it is evident that Francis's complaint fails to state a claim and should be dismissed.

**D.    ALL CLAIMS ARE BARRED BY HECK V. HUMPHREY.**

Finally, all claims should be dismissed under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held:

> that, in order to recover damages for allegedly unconstitutional conviction or

AIR FORCE DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                    9

1    imprisonment, or for other harm caused by actions whose unlawfulness would
     render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
2    conviction or sentence has been reversed on direct appeal, expunged by executive
     order, declared invalid by a state tribunal authorized to make such determination,
3    or called into question by a federal court's issuance of a writ of habeas corpus, 28
     U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or
4    sentence that has *not* been so invalidated is not cognizable under §1983.

5    Id. at 486-87.

6    This holding of Heck is not limited to § 1983 cases, but applies also to cases brought

7    under the FTCA.  See Erlin v. United States, 364 F.3d 1127, 1131 (9th Cir. 2004); accord Parris

8    v. United States, 45 F.3d 383, 385 (10th Cir. 1995).  Because all of Plaintiff's claims ultimately

9    challenge the validity of her conviction and sentence (and correspondingly the validity of her

10   preceding arrest, imprisonment, and prosecution), each of those claims should be dismissed

11   under the reasoning of Heck.  To grant Plaintiff relief in this action would require overturning the

12   validity of her conviction and sentence, yet Plaintiff has not alleged or demonstrated that her

13   conviction or sentence was reversed, expunged, declared invalid, or called into question by a writ

14   of habeas corpus.  Far from it, Plaintiff's sentence was affirmed on appeal by the Eleventh

15   Circuit.

16   **V.    CONCLUSION.**

17   For the foregoing reasons, the Court should dismiss all claims against the Air Force

18   Defendants.

19                                              Respectfully submitted,

20                                              JOSEPH P. RUSSONIELLO
                                                United States Attorney
21

22   DATED: March 10, 2008                              /s/
                                                NEILL T. TSENG
23                                              Assistant United States Attorney

24

25

26

27

28

AIR FORCE DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                          10