1  JOSEPH P. RUSSONIELLO (CBN 44332)
   United States Attorney
2
   JOANN M. SWANSON (CSBN 88143)
3  Chief, Civil Division

4  NEILL T. TSENG (CSBN 220348)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-7155
7      FAX: (415) 436-6927
       neill.tseng@usdoj.gov
8
   Attorneys for FEDERAL DEFENDANTS the United States of America, the United States Air
9  Force, the United States Department of Justice, the United States Courts, the Federal Bureau of
   Prisons, and, in their official capacities, Col. Edmond Keith, Col. Dean R. Clemons, SA Brian
10 Solecki, Lt. Col. Vincent C. Smith, Capt Heather A. Baker, Capt. Michael Yoder, Capt. Joanna
   Astle, Capt. Donna E. Young, 1Lt Kee-sha D. Eskridge, Msgt Edward Shepherd, Lt Col Scott
11 Farrar, CMSgt Vince Eubanks, Msgt Brian Henderson, Tsgt Christopher Anglin, Tsgt Chad
   Dillon, A1C. Jason Archilla, Gregory R. Miller, E. Bryan Wilson, Stephen P. Preisser, Donna K.
12 Cato, Dominic Guadagnoli, Clyde Roger Vinson, Miles Davis, W. Paul Rayborn, Jerry Marbut,
   Andrew Elliott, Bryan E. Jansen, Larry Gibbs, Donna Easterling, Michael Feldman, Joel F.
13 Dubina, Frank M. Hull, Rosemary Barkett, Susan H. Black, R. Lanier Anderson, and Tracy
   Broadnax
14
                              UNITED STATES DISTRICT COURT
15
                            NORTHERN DISTRICT OF CALIFORNIA
16
                                    SAN FRANCISCO DIVISION
17

| | |
|---|---|
| KAYTRENA J. FRANCIS, | No. CV 07-06125 JSW |
| Plaintiff, | DEFENDANTS UNITED STATES AIR FORCE AND, IN THEIR OFFICIAL CAPACITIES, COL EDMOND KEITH, COL DEAN R. CLEMONS, SA BRIAN SOLECKI, LT COL VINCENT C. SMITH, CAPT HEATHER A. BAKER, CAPT. MICHAEL YODER, CAPT. JOANNA ASTLE, CAPT. DONNA E. YOUNG, 1LT KEE-SHA D. ESKRIDGE, MSGT EDWARD SHEPHERD, LT COL SCOTT FARRAR, CMSGT VINCE EUBANKS, MSGT BRIAN HENDERSON, TSGT CHRISTOPHER ANGLIN, TSGT. CHAD DILLON, AND A1C. JASON ARCHILLA'S REPLY IN SUPPORT OF MOTION TO DISMISS |
| v. | |
| UNITED STATES OF AMERICA, et al. | |
| Defendants. | |
| | Date: May 23, 2008 Time: 9:00 a.m. Place: Courtroom 2, 17th Floor |

AIR FORCE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CV 07-06125 JSW

Defendants United States Air Force and, in their official capacities, Col. Edmond Keith, Col. Dean R. Clemons, SA Brian Solecki, Lt. Col. Vincent C. Smith, Capt Heather A. Baker, Capt. Michael Yoder, Capt. Joanna Astle, Capt. Donna E. Young, 1Lt Kee-sha D. Eskridge, Msgt Edward Shepherd, Lt Col Scott Farrar, CMSgt Vince Eubanks, Msgt Brian Henderson, Tsgt Christopher Anglin, Tsgt Chad Dillon, and A1C. Jason Archilla (collectively, the "Air Force Defendants") respectfully submit this reply memorandum in support of their motion to dismiss.

## I. INTRODUCTION.

The Air Force Defendants' motion to dismiss should be granted. In her opposition memo, Plaintiff Kaytrena Francis ("Plaintiff" or "Francis") does not respond to the Air Force Defendants' legal arguments, but primarily repeats (frequently wholesale from her complaint) the same tired legal conclusions, speculation, and unsupported inferences that the original motion already demonstrated to be inadequate to survive dismissal. Plaintiff proffers no competent legal or factual reason why her claims should not be dismissed.

## II. ARGUMENT.

### A. RESPONSE TO PLAINTIFF'S OPPOSITION STATEMENT OF FACTS.

Plaintiff's "Opposition to Defendants Statement of Facts" in her opposition to the Air Force Defendants' motion to dismiss appears to be substantially if not completely identical to the "Opposition to Defendants Statement of Facts" contained in Plaintiff's opposition to the DOJ Defendants' motion to dismiss. Therefore, in the interest of saving the Court's time and paper, the Air Force Defendants join in section II.A of the DOJ Defendants' reply brief, and fully incorporate and assert as to the Air Force Defendants the facts, evidence, and arguments stated therein.

### B. PLAINTIFF HAS NOT COMPETENTLY REFUTED THE AIR FORCE DEFENDANTS' SOVEREIGN IMMUNITY ARGUMENT.[1]

---

[1] Plaintiff asserts that, under Rule 12(b)(1), "the court is 'obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor.'" Opp'n Mem. at 5 (citation omitted). This overlooks the two different types of Rule 12(b)(1) motions, which may either attack the sufficiency of the pleadings or challenge the actual lack of jurisdiction. The standards applicable to these two different types of motions differ and were set

In their motion to dismiss at 4, the Air Force Defendants explained that no claim was alleged against the Air Force Defendants for invasion of privacy or libel, and Plaintiff has not refuted that. It was further asserted, for purposes of this specific motion only, that sovereign immunity bars all remaining claims alleged against the Air Force Defendants **except for** "the claims against TSgt Dillon and A1C Archilla for false arrest (claim 1), assault (claim 2), battery (claim 3), and malicious prosecution (claim 7); the claims against Col Clemons for false arrest and false imprisonment (claims 11 and 12); the claim against SA Solecki for false arrest or false imprisonment (claim 11); and any claims against the Air Force Defendants for breach of fiduciary duty (claim 18) and intentional infliction of emotional distress (claim 19)." Air Force Defendants' Motion to Dismiss at 7. Additionally, the Air Force Defendants do not argue, for purposes of this specific motion only, that sovereign immunity bars the claim for conspiracy against Capts. Yoder and Astle (claim 13).

In the section of her Opp'n Mem. at 6 headed "Soveriegn (sic) Immunity does not bar all of Plaintiff Claims against Defendants" (or anywhere else in the memo), Plaintiff offers no evidence, factual allegation, or factual or legal analysis as to why all of the claims against the Air Force Defendants except for the above-stated claims are not barred by sovereign immunity. Accordingly, those claims should be dismissed.

Plaintiff asserts in her Opp'n Mem. at 6 that "Sovereign immunity does not bar Plaintiff Conspiracy, Breach of fiduciary Duty, and Intentional Infliction of Emotional distress claims . . .", but Air Force Defendants do not assert that they are, for purposes of this specific motion only. Plaintiff's arguments as to Bivens, section 1983, section 1985, and any other individual capacity claim, see id., are inapplicable to this motion, which is brought pursuant to only official capacities. Plaintiff's assertions as to failure to train and deliberate indifference, see id., are unavailing because Plaintiff offers no factual or legal reason why this should preclude any claim against the Air Force Defendants from being dismissed for sovereign immunity. Moreover, no cause of action for failure to train or deliberate indifference was alleged in Plaintiff's complaint.

forth in Air Force Defendants' Motion to Dismiss at section III.B.

### C. THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE RECENTLY-ANNOUNCED RULE 12(B)(6) STANDARD.

With the exception of the argument described in the following paragraph, Plaintiff's arguments as to failure to state a claim under Rule 12(b)(6) in her opposition to the Air Force Defendants' motion to dismiss appear to be substantially identical to the arguments as to failure to state a claim under Rule 12(b)(6) stated in Plaintiff's opposition to the DOJ Defendants' motion to dismiss. Therefore, in the interest of saving the Court's time and paper, the Air Force Defendants join in section II.C of the DOJ Defendants' reply brief, and fully incorporate and assert as to the Air Force Defendants the facts, evidence, and arguments stated therein.

Plaintiff makes one additional argument specific to the Air Force Defendants, that being her continued assertions that she was arrested without probable cause, and that this "illegal arrest" therefore constituted assault and battery. See Opp'n Mem. at 7 (¶¶ 8-11). This argument is wholly unavailing given that Plaintiff was convicted by a jury in federal court for the very acts for which she was arrested and cited. She has proffered no competent evidence or factual allegations (as opposed to legal conclusions, speculation, or unwarranted inferences) to refute this, and therefore dismissal is appropriate.

### D. PLAINTIFF OFFERS NO COMPETENT REASON WHY HER CLAIMS SHOULD NOT BE DISMISSED DUE TO COLLATERAL ESTOPPEL.

Plaintiff's arguments against collateral estoppel in her opposition to the Air Force Defendants' motion to dismiss appear to be substantially if not completely identical to the arguments against collateral estoppel stated in Plaintiff's opposition to the DOJ Defendants' motion to dismiss. Therefore, in the interest of saving the Court's time and paper, the Air Force Defendants join in section II.D of the DOJ Defendants' reply brief, and fully incorporate and assert as to the Air Force Defendants the facts, evidence, and arguments stated therein.

### E. PLAINTIFF OFFERS NO COMPETENT REASON WHY HER CLAIMS ARE NOT BARRED BY HECK V. HUMPHREY.

Plaintiff's arguments as to Heck v. Humphrey in her opposition to the Air Force Defendants' motion to dismiss appear to be substantially if not completely identical to the arguments as to Heck v. Humphrey stated in Plaintiff's opposition to the DOJ Defendants'

motion to dismiss. Therefore, in the interest of saving the Court's time and paper, the Air Force Defendants join in section II.E of the DOJ Defendants' reply brief, and fully incorporate and assert as to the Air Force Defendants the facts, evidence, and arguments stated therein.

**V.    CONCLUSION.**

For the foregoing reasons, and for the reasons stated in the Air Force Defendants' motion to dismiss, the Court should dismiss all claims against the Air Force Defendants.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: April 11, 2008            /s/
                                 NEILL T. TSENG
                                 Assistant United States Attorney