JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6927
    neill.tseng@usdoj.gov

Attorneys for FEDERAL DEFENDANTS the United States of America, the United States Air Force, the United States Department of Justice, the United States Courts, the Federal Bureau of Prisons, and, in their official capacities, Col. Edmond Keith, Col. Dean R. Clemons, SA Brian Solecki, Lt. Col. Vincent C. Smith, Capt Heather A. Baker, Capt. Michael Yoder, Capt. Joanna Astle, Capt. Donna E. Young, 1Lt Kee-sha D. Eskridge, Msgt Edward Shepherd, Lt Col Scott Farrar, CMSgt Vince Eubanks, Msgt Brian Henderson, Tsgt Christopher Anglin, Tsgt Chad Dillon, A1C. Jason Archilla, Gregory R. Miller, E. Bryan Wilson, Stephen P. Preisser, Donna K. Cato, Dominic Guadagnoli, Clyde Roger Vinson, Miles Davis, W. Paul Rayborn, Jerry Marbut, Andrew Elliott, Bryan E. Jansen, Larry Gibbs, Donna Easterling, Michael Feldman, Joel F. Dubina, Frank M. Hull, Rosemary Barkett, Susan H. Black, R. Lanier Anderson, and Tracy Broadnax

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAYTRENA J. FRANCIS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>    Defendants. | No. CV 07-06125 JSW<br><br>DEFENDANTS FEDERAL BUREAU OF PRISONS AND, IN HER OFFICIAL CAPACITY, TRACY BROADNAX'S REPLY IN SUPPORT OF MOTION TO DISMISS<br><br>Date: May 23, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 2, 17th Floor<br>Honorable Jeffrey S. White |

       Defendants Federal Bureau of Prisons (the "Bureau") and Tracy Broadnax ("Broadnax"), in her official capacity (collectively, the "BOP Defendants"), respectfully submit this reply memorandum in support of their motion to dismiss.

**I.    INTRODUCTION.**

The BOP Defendants' motion to dismiss should be granted. In her opposition memo, Plaintiff Kaytrena Francis ("Plaintiff" or "Francis") fails to address large portions of the BOP Defendants' motion. She does not respond to the BOP Defendants' legal arguments, but primarily repeats (frequently wholesale from her complaint) the same tired legal conclusions, speculation, and unsupported inferences that the original motion already demonstrated to be inadequate to survive dismissal. Plaintiff proffers no competent legal or factual reason why her claims should not be dismissed.

**II.    ARGUMENT.**

**A.    RESPONSE TO PLAINTIFF'S OPPOSITION STATEMENT OF FACTS.**

Plaintiff's "Opposition to Defendants Statement of Facts" in her opposition to the BOP Defendants' motion to dismiss appears to be substantially if not completely identical to the "Opposition to Defendants Statement of Facts" contained in Plaintiff's opposition to the DOJ Defendants' motion to dismiss. Therefore, in the interest of saving the Court's time and paper, the BOP Defendants join in section II.A of the DOJ Defendants' reply brief, and fully incorporate and assert as to the BOP Defendants the facts, evidence, and arguments stated therein.

**B.    PLAINTIFF CONCEDES THAT SOVEREIGN IMMUNITY BARS ANY AND ALL CLAIMS AGAINST THE BOP DEFENDANTS.[1]**

In their motion to dismiss at 6-7, the BOP Defendants argued that (1) sovereign immunity bars any and all claims against the BOP Defendants because Plaintiff's complaint was untimely filed, and (2) sovereign immunity bars all claims against the BOP Defendants for misrepresentation, deceit, and interference with contract rights. Plaintiff did not respond to either of these arguments in her opposition memo, and therefore they should be deemed unopposed and conceded. All claims against the BOP Defendants should be accordingly dismissed.

---

[1]    Plaintiff asserts that, under Rule 12(b)(1), "the court is 'obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor.'" Opp'n Mem. at 5 (citation omitted). This overlooks the two different types of Rule 12(b)(1) motions, which may either attack the sufficiency of the pleadings or challenge the actual lack of jurisdiction. The standards applicable to these two different types of motions differ and were set forth in BOP Defendants' Motion to Dismiss at section III.B.

BOP DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CV 07-06125 JSW                                         2

1     Plaintiff's arguments as to Bivens, section 1983, section 1985, and any other individual
2 capacity claim, see Opp'n Mem. at 6, are inapplicable to this motion, which is brought pursuant
3 to only official capacities. Plaintiff's assertions as to failure to train and deliberate indifference,
4 see id., are unavailing because Plaintiff offers no factual or legal reason why this should preclude
5 any claim against the BOP Defendants from being dismissed for sovereign immunity.
6 Moreover, no cause of action for failure to train or deliberate indifference was alleged in
7 Plaintiff's complaint.

### C. PLAINTIFF CONCEDES THAT THE COMPLAINT FAILS TO STATE A CLAIM UNDER RULE 12(B)(6).

In her opposition memorandum, Plaintiff did not address the BOP Defendants' argument that Plaintiff's complaint should be dismissed for failure to state a claim. See BOP Defendants' Motion to Dismiss at 7. Accordingly, that argument should be deemed unopposed and conceded, and the complaint should be dismissed as to the BOP Defendants under Rule 12(b)(6).[2]

### D. PLAINTIFF OFFERS NO COMPETENT REASON WHY HER CLAIMS SHOULD NOT BE DISMISSED DUE TO COLLATERAL ESTOPPEL.

Plaintiff's arguments against collateral estoppel in her opposition to the BOP Defendants' motion to dismiss appear to be substantially if not completely identical to the arguments against collateral estoppel stated in Plaintiff's opposition to the DOJ Defendants' motion to dismiss. Therefore, in the interest of saving the Court's time and paper, the BOP Defendants join in section II.D of the DOJ Defendants' reply brief, and fully incorporate and assert as to the BOP Defendants the facts, evidence, and arguments stated therein.

---

[2] Should the Court determine that Plaintiff did somehow oppose the BOP Defendants' argument, then to the extent Plaintiff's arguments as to failure to state a claim are similar or identical to those she raised in her oppositions to the DOJ Defendants' motion to dismiss and the other federal defendants' motions to dismiss, the BOP Defendants join in section II.C of the DOJ Defendants' reply brief, and fully incorporate and assert as to the BOP Defendants the facts, evidence, and arguments stated therein.

**E.    PLAINTIFF OFFERS NO COMPETENT REASON WHY HER CLAIMS ARE NOT BARRED BY HECK V. HUMPHREY.**

Plaintiff's arguments as to Heck v. Humphrey in her opposition to the BOP Defendants' motion to dismiss appear to be substantially if not completely identical to the arguments as to Heck v. Humphrey stated in Plaintiff's opposition to the DOJ Defendants' motion to dismiss. Therefore, in the interest of saving the Court's time and paper, the BOP Defendants join in section II.E of the DOJ Defendants' reply brief, and fully incorporate and assert as to the BOP Defendants the facts, evidence, and arguments stated therein.

**V.    CONCLUSION.**

For the foregoing reasons, and for the reasons stated in the BOP Defendants' motion to dismiss, the Court should dismiss all claims against the BOP Defendants.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: April 11, 2008                    /s/
NEILL T. TSENG
Assistant United States Attorney