JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6927
    neill.tseng@usdoj.gov

Attorneys for FEDERAL DEFENDANTS the United States of America, the United States Air Force, the United States Department of Justice, the United States Courts, the Federal Bureau of Prisons, and, in their official capacities, Col. Edmond Keith, Col. Dean R. Clemons, SA Brian Solecki, Lt. Col. Vincent C. Smith, Capt Heather A. Baker, Capt. Michael Yoder, Capt. Joanna Astle, Capt. Donna E. Young, 1Lt Kee-sha D. Eskridge, Msgt Edward Shepherd, Lt Col Scott Farrar, CMSgt Vince Eubanks, Msgt Brian Henderson, Tsgt Christopher Anglin, Tsgt Chad Dillon, A1C. Jason Archilla, Gregory R. Miller, E. Bryan Wilson, Stephen P. Preisser, Donna K. Cato, Dominic Guadagnoli, Clyde Roger Vinson, Miles Davis, W. Paul Rayborn, Jerry Marbut, Andrew Elliott, Bryan E. Jansen, Larry Gibbs, Donna Easterling, Michael Feldman, Joel F. Dubina, Frank M. Hull, Rosemary Barkett, Susan H. Black, R. Lanier Anderson, and Tracy Broadnax

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAYTRENA J. FRANCIS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>    Defendants. | No. CV 07-06125 JSW<br><br>DEFENDANTS UNITED STATES DEPARTMENT OF JUSTICE AND, IN THEIR OFFICIAL CAPACITIES, GREGORY R. MILLER, E. BRYAN WILSON, AND STEPHEN P. PREISSER'S REPLY IN SUPPORT OF MOTION TO DISMISS<br><br>Date: May 23, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 2, 17th Floor<br>Honorable Jeffrey S. White |

    Defendants United States Department of Justice and, in their official capacities, Gregory R. Miller, E. Bryan Wilson, and Stephen P. Preisser (collectively, the "DOJ Defendants") respectfully submit this reply memorandum in support of their motion to dismiss.

## I. INTRODUCTION.

The DOJ Defendants' motion to dismiss should be granted. In her opposition memo, Plaintiff Kaytrena Francis ("Plaintiff" or "Francis") does not respond to the DOJ Defendants' legal arguments, but primarily repeats (frequently wholesale from her complaint) the same tired legal conclusions, speculation, and unwarranted inferences that the original motion already demonstrated to be inadequate to survive dismissal. Plaintiff proffers no competent legal or factual reason why her claims should not be dismissed.

## II. ARGUMENT.

### A. RESPONSE TO PLAINTIFF'S OPPOSITION STATEMENT OF FACTS.

"Plaintiff argues that Defendants must not be permitted to knowingly falsify that Plaintiff has been charged or convicted of an 18 U.S.C. 111 or any other offense against the United States to improperly influence this Honorable court." Opp'n Mem. at 1. Plaintiff further charges that various statements made by federal defendants "are intentionally and grossly falsified with reckless disregard for the truth" and describes the federal defendants' statements of facts as "intentional falsified" (sic). Id. at 2. To the extent Plaintiff impugns the integrity of the federal defendants and/or their counsel, those are serious accusations they will not stand for, and there is no place for them in this honorable Court. The federal defendants have not falsified anything; rather, they submitted as exhibits in support of their various motions to dismiss a copy of the docket sheet from Francis's criminal prosecution, United States v. Francis, Case No. 3:05-cr-00027-RV-1, in the Northern District of Florida (Pensacola), as well as various documents filed in that case that were obtained from PACER. The docket sheet and the documents filed in that case (most of which are accessible through PACER to be judicially noticed, if the Court is interested in seeing any other documents that the federal defendants did not submit) speak for themselves as to what Plaintiff was charged with and convicted of.

For the Court's convenience, following is a brief summary of how Francis was cited and charged, which will hopefully dispel any confusion Francis may have created in her statement of facts. It is quoted from the order (Docket #17 in the criminal case) denying Francis's motion to dismiss for violations of the Speedy Trial Act entered by Senior District Judge Roger Vinson:

>     On December 10, 2004, defendant Kaytrena J. Francis was arrested while on Eglin Air Force Base. The defendant was not taken into custody, but instead was released after military police issued her two violation notices. The first violation notice cites defendant with resisting arrest without violence, in violation of Title 18, United States Code, Section 111, which is a Class A misdemeanor. The second violation notice cites defendant with Disorderly Conduct in violation of Section 877.03, Florida Statutes, a Class B Misdemeanor.
>
>     The two citation notices apparently informed the defendant that she would receive official notice in the mail of the date, time, and place in which she would be required to appear in court. Subsequently, Defendant received a Notice to Appear in the mail informing her that she would be required to appear at the United States District Court in Pensacola, Florida, on March 16, 2005. On March 11, 2005, prior to Defendant's first appearance date, the Government filed an Information charging the defendant with the above referenced misdemeanor crimes.

Order, attached to Second Decl. of Neill T. Tseng ("Second Tseng Decl.") as Ex. F, at 1-2.

Plaintiff's repeated protestations that she was charged with a felony are unfounded, unsupported, and categorically wrong. 18 U.S.C. § 111(a) states:

> (a) In general.--Whoever--
>
>> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
>>
>> (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

Count One of the Information tracked this language. Compare Information (Count One), attached to Decl. of Neill T. Tseng (filed on March 10, 2008) ("Tseng Decl.") as Ex. A, with 18 U.S.C. § 111(a). As a matter of law, because Count One tracked the language of the statute without alleging facts beyond simple assault, it charged Francis with only a misdemeanor. Cf. United States v. Hathaway, 318 F.3d 1001, 1009-10 (10th Cir. 2003) (holding that when an indictment tracks the language of § 111 but alleges no facts beyond simple assault, no felony is charged); United States v. Fallen, 256 F.3d 1082, 1094 n.2 (11th Cir. 2001) (Propst, J., dissenting) (noting that simple assault under § 111 is a misdemeanor).

As a factual matter, Francis <u>admits</u> she was informed at the arraignment that she was being charged with a misdemeanor. <u>See</u> Opp'n Mem. at 3 ("When Magistrate Davis asked Capt. Yoder what was the offense level, Caption (sic) Yoder knowingly and intentionally lied to Magistrate Davis that the offense level was a class 'A' misdemeanor."). Additionally, Senior Judge Vinson's order clearly stated that Francis had been charged with misdemeanors. <u>See</u> Order, attached to Second Tseng Decl. as Ex. F, at 2 ("On March 11, 2005, prior to Defendant's first appearance date, the Government filed an Information charging the defendant with the above referenced misdemeanor crimes."). In short, there was never any time at which the government charged Francis with a felony, and her naked avowals cannot make it so.

Plaintiff's assertions that Air Force Captains Michael Yoder and Joanna Astle "were not assigned to prosecute Plaintiff" and that "The United States Air Force did not have jurisdiction over Plaintiff to prosecute Plaintiff for an alleged felony" are also wrong. Captains Yoder and Astle were appointed as Special Assistant United States Attorneys (SAUSAs) for the Northern District of Florida pursuant to 28 U.S.C. § 543.[1] <u>See</u> Exs. G, H, attached to Second Tseng Decl. Their appointments were legal and proper, and Plaintiff has provided no evidence and alleged no facts (as opposed to legal conclusions, speculation, or unwarranted inferences) demonstrating that they were not.

**B.   PLAINTIFF CONCEDES THAT SOVEREIGN IMMUNITY BARS THE CLAIMS FOR FALSE IMPRISONMENT, FALSE ARREST, MALICIOUS PROSECUTION, ABUSE OF PROCESS, MISREPRESENTATION, DECEIT, AND INTERFERENCE WITH CONTRACT RIGHTS.[2]**

The DOJ Defendants moved to dismiss on sovereign immunity grounds all claims against

---

[1] 28 U.S.C. § 543 states in relevant part, "Attorneys employed in other departments or agencies of the federal government may be appointed as SAUSAs . . . to assist in the trial or presentation of cases when their services and assistance are needed." Capt. Heather Baker was appointed as a SAUSA as well.

[2] Plaintiff asserts that, under Rule 12(b)(1), "the court is 'obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor.'" Opp'n Mem. at 5 (citation omitted). This overlooks the two different types of Rule 12(b)(1) motions, which may either attack the sufficiency of the pleadings or challenge the actual lack of jurisdiction. The standards applicable to these two different types of motions differ and were set forth in DOJ Defendants' Motion to Dismiss at section III.B.

them arising out of false imprisonment, false arrest, malicious prosecution, abuse of process, misrepresentation, deceit, or interference with contract rights.  DOJ Defendants' Motion to Dismiss at 6.  In her opposition memo, Plaintiff does not dispute that those claims are barred by sovereign immunity, and therefore those claims should be dismissed.  Instead, Plaintiff argues that "Sovereign immunity does not bar Plaintiff Conspiracy, Breach of fiduciary Duty, Invasion of Privacy and Intentional Infliction of Emotional distress claims against any non investigative officer or law enforcement office DOJ Defendants also."  Opp'n Mem. at 6.  The DOJ Defendants have not argued, for purposes of this specific motion only, that those latter claims are barred by sovereign immunity, and therefore her argument is nonresponsive.  Moreover, as to the invasion of privacy claim, no DOJ Defendants were named in the allegations of that claim, and therefore it should be dismissed as to them.  See DOJ Defendants' Motion to Dismiss at 4.

Plaintiff's arguments as to Bivens, section 1983, section 1985, and any other individual capacity claim, see Opp'n Mem. at 6, are inapplicable to this motion, which is brought pursuant to only official capacities.  Plaintiff's assertions as to failure to train and deliberate indifference, see id., are unavailing because Plaintiff offers no factual or legal reason why this should preclude any claim against the DOJ Defendants from being dismissed for sovereign immunity.   Moreover, no cause of action for failure to train or deliberate indifference was alleged in Plaintiff's complaint.

### C. THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE RECENTLY-ANNOUNCED RULE 12(B)(6) STANDARD.

Plaintiff essentially makes three arguments in response to the DOJ Defendants' contention that the complaint fails to state a claim under the Rule 12(b)(6) standard announced last year by the Supreme Court in Bell Atlantic v. Twombly, – U.S. –, 127 S. Ct. 1955 (2007).  Those arguments are: (1) that Plaintiff is not an attorney and is entitled to a less-stringent standard, see Opp'n Mem. at 6; (2) that Plaintiff's complaint meets the standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), see Opp'n Mem. at 7; and (3) bald assertions, with no accompanying explanation or analysis, that her various causes of action are well-pleaded, followed by large-scale cutting and pasting of paragraphs from her complaint, see id. at 7-11.

1 | None of these arguments withstands scrutiny.

2 | As to the first argument, Plaintiff makes much of the fact that she is proceeding *pro se*, but the law of the Ninth Circuit rejects Plaintiff's attempt to use her *pro se* status as a sword or a shield, holding that she is entitled to no special treatment:

> The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an "advocate" for or to assist and guide the pro se layman through the trial thicket.

Jacobsen v. Filler, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986) (quoting United States v. Pinkey, 548 F.2d 305, 311 (10th Cir.1977)); accord Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007). Too, Plaintiff is equally bound by the rules of procedure, including Rules 12(b)(6) and 12(b)(1). See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

In short, Plaintiff's *pro se* status cannot excuse her complaint's failure to state a claim or failure to invoke the court's subject matter jurisdiction. This is especially so given that Plaintiff appears to have a greater knowledge of law than the typical *pro se* litigant, based on the 45 causes of action she alleged in her complaint and the numerous cases she cited in her opposition memo.

As to the second argument, Plaintiff contends that her complaint meets the standard set forth in Conley, 355 U.S. at 45-46, "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Opp'n Mem. at 7. However, this "no set of facts" standard was overruled by the Supreme Court in Bell Atlantic:

> [T]here is no need to pile up further citations to show that Conley's "no set of facts" language has been questioned, criticized, and explained away long enough. . . . [A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. [Citations omitted.] Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.

127 S. Ct. at 1969 (footnote omitted); see also In re Ocwen Loan Servicing, LLC Mortg.

Servicing Litigation, 491 F.3d 638, 648 -49 (7th Cir. 2007) (recognizing this overruling); Anticancer Inc. v. Xenogen Corp., --- F.R.D. ----, 2007 WL 2345025 (S.D. Cal. 2007) (same); Corrections USA v. Dawe, 504 F. Supp. 2d 924, 934 (E.D. Cal. 2007) (same).  The correct standard is that, "[u]nder Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate 'enough facts to state a claim to relief that is plausible on its face.'"  Schwenk v. County of Alameda, 2007 WL 1545266 (N.D. Cal. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1974).

As to the third argument, it does not require prescription eyewear to see that none of Plaintiff's claims "is plausible on its face."  Plaintiff fills much of her opposition memo reproducing in large scale paragraphs from her complaint, see id. at 7-11, but those allegations are no more factual or adequate in her opposition memo than they were in her complaint. Moreover, Plaintiff does not provide any legal analysis or explanation as to how or why those allegations meet the 12(b)(6) standard.  Far from it, it is plain to see that Plaintiff's allegations consist of nothing but labels, conclusions, formulaic recitations of the elements of a cause of action, legal conclusions cast in the form of factual allegations, and conclusory allegations of law and unwarranted inferences, all of which are insufficient to state a claim under Bell Atlantic and the other cases cited in the DOJ Defendants' motion to dismiss at section III.A.  Specific examples of why Plaintiff's allegations are insufficient were set forth in the original motion, and the DOJ Defendants will not waste any more of the Court's time or paper going through each allegation Plaintiff has cut and pasted into her opposition memo, especially since Plaintiff has not offered any refutation of the analysis in the original motion.

**D. PLAINTIFF OFFERS NO COMPETENT REASON WHY HER CLAIMS SHOULD NOT BE DISMISSED DUE TO COLLATERAL ESTOPPEL.**

Plaintiff's arguments against collateral estoppel are merely regurgitations and restatements of her unsupported allegations that her criminal proceedings were somehow illegitimate or invalid.  As demonstrated by Section II.A above, the statement of facts in the DOJ Defendants' motion to dismiss, the exhibits submitted with the Tseng Decl. and the Second Tseng Decl., and the documents available on PACER to be judicially noticed relating to

Francis's prosecution, the criminal proceedings against Francis were completely legal and proper. The evidence from the criminal case patently shows that Francis's self-stated standard for collateral estoppel was met; in particular, that Francis "had a full and fair opportunity to litigate", that Francis was not "deprived [of] due process of law," and that the judgments against her were "not procured by fraud; falsification of records; and/or by actions taken in the clear absence of all jurisdictions." Opp'n Mem. at 12. Francis has provided no evidence and alleged no facts (as opposed to legal conclusions, speculation, or unwarranted inferences) to the contrary. In short, Francis has fallen far short of meeting her stated standard of making "a compelling showing of unfairness or inadequacy in the prior litigation." Id. (citing Montana v. United States, 440 U.S. 147, 163-64 (1979)).

E.   **PLAINTIFF OFFERS NO COMPETENT REASON WHY HER CLAIMS ARE NOT BARRED BY HECK V. HUMPHREY.**

Finally, Plaintiff's opposition fails to show why her claims should not be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). In particular, Plaintiff has submitted no evidence or factual allegation demonstrating that her "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486-87.

Instead, Plaintiff continues to insist that she was prosecuted for a felony. Defendant reincorporates the arguments and evidence set forth above demonstrating that she was prosecuted for a misdemeanor and was so informed. To the extent Plaintiff relies on language contained in U.S. Sentencing Guidelines Manual § 2A2.4 (2004) (Plaintiff's Ex. 20), that exact issue was raised at her sentencing and, after a detailed discussion, the court, defense, and prosecution all agreed that she had been charged with, tried, and convicted for a misdemeanor, not a felony. See Excerpts of Tr. of Sentencing, attached to Second Tseng Decl. as Ex. I, at 5-14.

As Senior Judge Vinson explained:

> THE COURT: Section 111 can be either a felony or misdemeanor, depending on what the charge is.
>
> THE DEFENDANT: Yes, sir.

1  |  THE COURT: As you were charged, it's only a misdemeanor. It's never been a felony as follows, and the government has never contended that it was a felony.
So I think we've had some problems with how the guidelines and how the Sentencing Commission construed that, and it's obviously confusing. But we went to trial as a misdemeanor. It was submitted to the jury as a misdemeanor. It's always been treated as a misdemeanor. And that's the way it should be treated for sentencing as well.

Id. at 13. Accordingly, Senior Judge Vinson did not apply the base offense level of 10 called for by § 2A2.4, but instead applied a base offense level of 6. See id. at 12.

Plaintiff's remaining arguments as to Heck are without merit, if not completely irrelevant. Her stray paragraphs relating to absolute and qualified immunity, 42 U.S.C. § 1985(3), and Bivens are not germane because those apply to claims against defendants in their individual capacities, and the instant motion is brought in only official capacities. Too, Plaintiff's continued diatribe as to how various federal defendants acted illegally or without jurisdiction has been addressed above and Plaintiff has not explained how or why that would preclude the application of Heck v. Humphrey.

### III. CONCLUSION.

For the foregoing reasons, and for the reasons stated in the DOJ Defendants' motion to dismiss, the Court should dismiss all claims against the DOJ Defendants.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: April 11, 2008

/s/
NEILL T. TSENG
Assistant United States Attorney