JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6927
    neill.tseng@usdoj.gov

Attorneys for FEDERAL DEFENDANTS the United States of America, the United States Air Force, the United States Department of Justice, the United States Courts, the Federal Bureau of Prisons, and, in their official capacities, Col. Edmond Keith, Col. Dean R. Clemons, SA Brian Solecki, Lt. Col. Vincent C. Smith, Capt Heather A. Baker, Capt. Michael Yoder, Capt. Joanna Astle, Capt. Donna E. Young, 1Lt Kee-sha D. Eskridge, Msgt Edward Shepherd, Lt Col Scott Farrar, CMSgt Vince Eubanks, Msgt Brian Henderson, Tsgt Christopher Anglin, Tsgt Chad Dillon, A1C. Jason Archilla, Gregory R. Miller, E. Bryan Wilson, Stephen P. Preisser, Donna K. Cato, Dominic Guadagnoli, Clyde Roger Vinson, Miles Davis, W. Paul Rayborn, Jerry Marbut, Andrew Elliott, Bryan E. Jansen, Larry Gibbs, Donna Easterling, Michael Feldman, Joel F. Dubina, Frank M. Hull, Rosemary Barkett, Susan H. Black, R. Lanier Anderson, and Tracy Broadnax

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAYTRENA J. FRANCIS, | No. CV 07-06125 JSW |
| Plaintiff, | DEFENDANTS DOMINIC GUADAGNOLI AND DONNA K. CATO, IN THEIR OFFICIAL CAPACITIES, REPLY IN SUPPORT OF MOTION TO DISMISS |
| v. | |
| UNITED STATES OF AMERICA, et al. | |
| Defendants. | Date: May 23, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 2, 17th Floor<br>Honorable Jeffrey S. White |

Defendants Dominic Guadagnoli ("Guadagnoli") and Donna K. Cato ("Cato"), in their official capacities (collectively, the "Marshals Service Defendants"), respectfully submit this reply memorandum in support of their motion to dismiss.

**I.    INTRODUCTION.**

The Marshals Service Defendants' motion to dismiss should be granted. In her

1 opposition memo, Plaintiff Kaytrena Francis ("Plaintiff" or "Francis") does not respond to the Marshals Service Defendants' legal arguments, but primarily repeats (frequently wholesale from her complaint) the same tired legal conclusions, speculation, and unsupported inferences that the original motion already demonstrated to be inadequate to survive dismissal. Plaintiff proffers no competent legal or factual reason why her claims should not be dismissed.

## II. ARGUMENT.

### A. RESPONSE TO PLAINTIFF'S OPPOSITION STATEMENT OF FACTS.

Plaintiff's "Opposition to Defendants Statement of Facts" in her opposition to the Marshals Service Defendants' motion to dismiss appears to be substantially if not completely identical to the "Opposition to Defendants Statement of Facts" contained in Plaintiff's opposition to the DOJ Defendants' motion to dismiss. Therefore, in the interest of saving the Court's time and paper, the Marshals Service Defendants join in section II.A of the DOJ Defendants' reply brief, and fully incorporate and assert as to the Marshals Service Defendants the facts, evidence, and arguments stated therein.

### B. PLAINTIFF CONCEDES THAT SOVEREIGN IMMUNITY BARS ANY AND ALL CLAIMS AGAINST THE MARSHALS SERVICE DEFENDANTS FOR MISREPRESENTATION, DECEIT, OR INTERFERENCE WITH CONTRACT RIGHTS.[1]

In their motion to dismiss at 6, the Marshals Defendants argued that "Sovereign immunity has not been waived for Plaintiff's claims against the Marshals Service Defendants 'arising out of . . . misrepresentation, deceit, or interference with contract rights.' 28 U.S.C. § 2680(h)." In response,

> Plaintiff argues that Sovereign immunity has been waived for any of Plaintiff claims against Guadagnoli and Cato "arising out of false imprisonment, false arrest, abuse of process, and malicious prosecution, conspiracy, invasion of privacy, breach of fiduciary duty and intentional infliction of emotional distress because they are investigative officers or law enforcement officers within the meaning of 28 U.S.C. § 2680(h) of FTCA.

---

[1] Plaintiff asserts that, under Rule 12(b)(1), "the court is 'obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor.'" Opp'n Mem. at 5 (citation omitted). This overlooks the two different types of Rule 12(b)(1) motions, which may either attack the sufficiency of the pleadings or challenge the actual lack of jurisdiction. The standards applicable to these two different types of motions differ and were set forth in Marshals Service Defendants' Motion to Dismiss at section III.B.

MARSHALS SERVICE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CV 07-06125 JSW                              2

Opp'n Mem. at 6. Plaintiff does not contest, and therefore concedes, that sovereign immunity has not been waived as to her claims against the Marshals Service Defendants arising out of misrepresentation, deceit, or interference with contract rights.[2] Accordingly, those claims should be dismissed.

For purposes of this specific motion only, that leaves breach of fiduciary duty and intentional infliction of emotional distress as the only claims remaining against the Marshals Service Defendants, as the other claims Plaintiff mentions in her argument quoted above were not alleged against any Marshals Service Defendants in the complaint. See Marshals Service Defendants' Motion to Dismiss at 4, 6.

Plaintiff's arguments as to Bivens, section 1983, section 1985, and any other individual capacity claim, see Opp'n Mem. at 6, are inapplicable to this motion, which is brought pursuant to only official capacities.

### C. THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE RECENTLY-ANNOUNCED RULE 12(B)(6) STANDARD.

Plaintiff's arguments as to failure to state a claim under Rule 12(b)(6) in her opposition to the Marshals Service Defendants' motion to dismiss appear to be substantially identical to the arguments as to failure to state a claim under Rule 12(b)(6) stated in Plaintiff's opposition to the DOJ Defendants' motion to dismiss. Therefore, in the interest of saving the Court's time and paper, the Marshals Service Defendants join in section II.C of the DOJ Defendants' reply brief, and fully incorporate and assert as to the Marshals Service Defendants the facts, evidence, and arguments stated therein.

### D. PLAINTIFF OFFERS NO COMPETENT REASON WHY HER CLAIMS SHOULD NOT BE DISMISSED DUE TO COLLATERAL ESTOPPEL.

Plaintiff's arguments against collateral estoppel in her opposition to the Marshals Service Defendants' motion to dismiss appear to be substantially if not completely identical to the

---

[2] Plaintiff asserts without evidence that the Marshals Service Defendants are investigative or law enforcement officers for purposes of 28 U.S.C. § 2680(h). The Marshals Service Defendants do not address or concede this issue here, as it is not relevant to resolution of this motion, but reserve the right to address or oppose it at a later point in this litigation.

arguments against collateral estoppel stated in Plaintiff's opposition to the DOJ Defendants' motion to dismiss. Therefore, in the interest of saving the Court's time and paper, the Marshals Service Defendants join in section II.D of the DOJ Defendants' reply brief, and fully incorporate and assert as to the Marshals Service Defendants the facts, evidence, and arguments stated therein.

### E.   PLAINTIFF OFFERS NO COMPETENT REASON WHY HER CLAIMS ARE NOT BARRED BY HECK V. HUMPHREY.

Plaintiff's arguments as to Heck v. Humphrey in her opposition to the Marshals Service Defendants' motion to dismiss appear to be substantially if not completely identical to the arguments as to Heck v. Humphrey stated in Plaintiff's opposition to the DOJ Defendants' motion to dismiss. Therefore, in the interest of saving the Court's time and paper, the Marshals Service Defendants join in section II.E of the DOJ Defendants' reply brief, and fully incorporate and assert as to the Marshals Service Defendants the facts, evidence, and arguments stated therein.

## V.   CONCLUSION.

For the foregoing reasons, and for the reasons stated in the Marshals Service Defendants' motion to dismiss, the Court should dismiss all claims against the Marshals Service Defendants.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: April 11, 2008                    /s/
NEILL T. TSENG
Assistant United States Attorney