JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6927
    neill.tseng@usdoj.gov

Attorneys for FEDERAL DEFENDANTS the United States of America, the United States Air Force, the United States Department of Justice, the United States Courts, the Federal Bureau of Prisons, and, in their official capacities, Col. Edmond Keith, Col. Dean R. Clemons, SA Brian Solecki, Lt. Col. Vincent C. Smith, Capt Heather A. Baker, Capt. Michael Yoder, Capt. Joanna Astle, Capt. Donna E. Young, 1Lt Kee-sha D. Eskridge, Msgt Edward Shepherd, Lt Col Scott Farrar, CMSgt Vince Eubanks, Msgt Brian Henderson, Tsgt Christopher Anglin, Tsgt Chad Dillon, A1C. Jason Archilla, Gregory R. Miller, E. Bryan Wilson, Stephen P. Preisser, Donna K. Cato, Dominic Guadagnoli, Clyde Roger Vinson, Miles Davis, W. Paul Rayborn, Jerry Marbut, Andrew Elliott, Bryan E. Jansen, Larry Gibbs, Donna Easterling, Michael Feldman, Joel F. Dubina, Frank M. Hull, Rosemary Barkett, Susan H. Black, R. Lanier Anderson, and Tracy Broadnax

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAYTRENA J. FRANCIS, <br><br>     Plaintiff, <br><br>     v. <br><br> UNITED STATES OF AMERICA, et al. <br><br>     Defendants. | No. CV 07-06125 JSW <br><br> DEFENDANTS UNITED STATES COURTS AND, IN THEIR OFFICIAL CAPACITIES, CLYDE ROGER VINSON, MILES DAVIS, W. PAUL RAYBORN, JERRY MARBUT, ANDREW ELLIOTT, BRYAN E. JANSEN, LARRY GIBBS, DONNA EASTERLING, MICHAEL FELDMAN, JOEL F. DUBINA, FRANK M. HULL, ROSEMARY BARKETT, SUSAN H. BLACK, AND R. LANIER ANDERSON'S REPLY IN SUPPORT OF MOTION TO DISMISS <br><br> Date: May 23, 2008 <br> Time: 9:00 a.m. <br> Place: Courtroom 2, 17th Floor <br> Honorable Jeffrey S. White |

Defendants United States Courts and, in their official capacities, Clyde Roger Vinson, Miles Davis, W. Paul Rayborn, Jerry Marbut, Andrew Elliott, Bryan E. Jansen, Larry Gibbs, Donna Easterling, Michael Feldman, Joel F. Dubina, Frank M. Hull, Rosemary Barkett, Susan H. Black, and R. Lanier Anderson (collectively, the "U.S. Courts Defendants") respectfully submit this reply memorandum in support of their motion to dismiss.

## I.    INTRODUCTION.

The U.S. Courts Defendants' motion to dismiss should be granted.  In her opposition memo, Plaintiff Kaytrena Francis ("Plaintiff" or "Francis") does not respond to the U.S. Courts Defendants' legal arguments, but primarily repeats (frequently wholesale from her complaint) the same tired legal conclusions, speculation, and unsupported inferences that the original motion already demonstrated to be inadequate to survive dismissal.  Plaintiff proffers no competent legal or factual reason why her claims should not be dismissed.

## II.   ARGUMENT.

### A.    RESPONSE TO PLAINTIFF'S OPPOSITION STATEMENT OF FACTS.

Plaintiff's "Opposition to Defendants Statement of Facts" in her opposition to the U.S. Courts Defendants' motion to dismiss appears to be substantially if not completely identical to the "Opposition to Defendants Statement of Facts" contained in Plaintiff's opposition to the DOJ Defendants' motion to dismiss.  Therefore, in the interest of saving the Court's time and paper, the U.S. Courts Defendants join in section II.A of the DOJ Defendants' reply brief, and fully incorporate and assert as to the U.S. Courts Defendants the facts, evidence, and arguments stated therein.

### B.    PLAINTIFF CONCEDES MOST OF THE U.S. COURTS DEFENDANTS' SOVEREIGN IMMUNITY ARGUMENT.[1]

In their motion to dismiss at 6, the U.S. Courts Defendants argued that "Sovereign

---

[1]    Plaintiff asserts that, under Rule 12(b)(1), "the court is 'obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor.'" Opp'n Mem. at 5 (citation omitted).  This overlooks the two different types of Rule 12(b)(1) motions, which may either attack the sufficiency of the pleadings or challenge the actual lack of jurisdiction.  The standards applicable to these two different types of motions differ and were set forth in U.S. Courts Defendants' Motion to Dismiss at section III.B.

1  immunity has not been waived for Plaintiff's claims against the U.S. Courts Defendants 'arising
2  out of . . . false imprisonment, false arrest, malicious prosecution, abuse of process, libel,
3  . . . misrepresentation, deceit, or interference with contract rights.' 28 U.S.C. § 2680(h)."
4  Plaintiff concedes this argument, except as to the U.S. Probation Officers named as defendants
5  (U.S. Courts Defendants Elliott, Jansen, Gibbs, Easterling, and Feldman), arguing in her Opp'n
6  Mem. at 6 that the probation officers are "investigative or law enforcement officers" for whom
7  sovereign immunity is not waived for "any claim arising . . . out of assault, battery, false
8  imprisonment, false arrest, abuse of process, or malicious prosecution." 28 U.S.C. § 2680(h).

9  In support of her argument, Plaintiff apparently cites to section 205 of the Federal Courts
10 Improvement Act of 2000 (the year "205" appears to be a typographical error), which purportedly
11 seeks to amend § 2680(h) "to explicitly provide that both probation officers and pretrial services
12 officers are considered law enforcement officers within the meaning [of] that section." Opp'n
13 Mem. at 6. But Plaintiff's reliance is misplaced, for § 2680(h) has not been so amended.
14 Moreover, the purported fact that such act seeks to amend § 2680(h) suggests that probation
15 officers are not presently considered "investigative or law enforcement officers" for purposes of
16 § 2680(h). In any event, Plaintiff has failed to meet her burden of establishing subject matter
17 jurisdiction as to the U.S. Probation Officers.

18 Even if the Court were to accept Plaintiff's argument, the only applicable claims for
19 which it would waive sovereign immunity as to the U.S. Courts Defendants are Count 8 (abuse
20 of process, naming Jansen), Count 11 (false arrest/false imprisonment, naming Easterling), and
21 Count 12 (false imprisonment, naming Easterling). No malicious prosecution claim is alleged
22 against any U.S. Probation Officer, nor is any assault or battery claim alleged against any U.S.
23 Courts Defendant. See U.S. Courts Defendants' Motion to Dismiss at 3-4. The rest of the U.S.
24 Courts' Defendants' sovereign immunity argument has not been opposed and should be deemed
25 conceded.

26 To the extent Plaintiff argues that sovereign immunity does not bar her claims for
27 conspiracy, breach of fiduciary duty, invasion of privacy, or intentional infliction of emotional
28 distress against the U.S. Courts Defendants, see Opp'n Mem. at 6, this argument is

U.S. COURTS DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CV 07-06125 JSW                                2

1  nonresponsive, for the U.S. Courts Defendants have not argued, for purposes of this specific
2  motion only, that those claims are barred by sovereign immunity.
3      Plaintiff's arguments as to Bivens, section 1983, section 1985, and any other individual
4  capacity claim, see id. at 6-7, are inapplicable to this motion, which is brought pursuant to only
5  official capacities.  Plaintiff's assertions as to failure to train and deliberate indifference, see id.,
6  are unavailing because Plaintiff offers no factual or legal reason why this should preclude any
7  claim against the U.S. Courts Defendants from being dismissed for sovereign immunity.
8  Moreover, no cause of action for failure to train or deliberate indifference was alleged in
9  Plaintiff's complaint.

    **C.    THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE RECENTLY-ANNOUNCED RULE 12(B)(6) STANDARD.**

12      Plaintiff's arguments as to failure to state a claim under Rule 12(b)(6) in her opposition to
13  the U.S. Courts Defendants' motion to dismiss appear to be substantially identical to the
14  arguments as to failure to state a claim under Rule 12(b)(6) stated in Plaintiff's opposition to the
15  DOJ Defendants' motion to dismiss.  Therefore, in the interest of saving the Court's time and
16  paper, the U.S. Courts Defendants join in section II.C of the DOJ Defendants' reply brief, and
17  fully incorporate and assert as to the U.S. Courts Defendants the facts, evidence, and arguments
   stated therein.

    **D.    PLAINTIFF OFFERS NO COMPETENT REASON WHY HER CLAIMS SHOULD NOT BE DISMISSED DUE TO COLLATERAL ESTOPPEL.**

20      Plaintiff's arguments against collateral estoppel in her opposition to the U.S. Courts
21  Defendants' motion to dismiss appear to be substantially if not completely identical to the
22  arguments against collateral estoppel stated in Plaintiff's opposition to the DOJ Defendants'
23  motion to dismiss.  Therefore, in the interest of saving the Court's time and paper, the U.S.
24  Courts Defendants join in section II.D of the DOJ Defendants' reply brief, and fully incorporate
25  and assert as to the U.S. Courts Defendants the facts, evidence, and arguments stated therein.

    **E.    PLAINTIFF OFFERS NO COMPETENT REASON WHY HER CLAIMS ARE NOT BARRED BY HECK V. HUMPHREY.**

28      Plaintiff's arguments as to Heck v. Humphrey in her opposition to the U.S. Courts

Defendants' motion to dismiss appear to be substantially if not completely identical to the arguments as to <u>Heck v. Humphrey</u> stated in Plaintiff's opposition to the DOJ Defendants' motion to dismiss. Therefore, in the interest of saving the Court's time and paper, the U.S. Courts Defendants join in section II.E of the DOJ Defendants' reply brief, and fully incorporate and assert as to the U.S. Courts Defendants the facts, evidence, and arguments stated therein.

**V.    CONCLUSION.**

  For the foregoing reasons, and for the reasons stated in the U.S. Courts Defendants' motion to dismiss, the Court should dismiss all claims against the U.S. Courts Defendants.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: April 11, 2008       /s/
NEILL T. TSENG
Assistant United States Attorney