Exhibit F

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

      v.                               CASE NO.  3:05cr27/RV

KAYTRENA J. FRANCIS

_____/

## ORDER

Pending is the defendant's motion to dismiss.  (Doc. 13)

By information filed on March 11, 2005, the defendant Kaytrena J. Francis is charged with: (1) forcibly assaulting, resisting, opposing, impeding and interfering with two United States Air Force security force officers while they were engaged in their official duties, in violation of Title 18, United States Code, Section 111; and (2) breaching the peace or disorderly conduct, in violation of Section 877.03, Florida Statutes, and Title 18, United States Code, Sections 7 and 13.  A jury trial is set to begin on June 6, 2005.  Defendant now moves to dismiss the case, alleging that the government has violated the Speedy Trial Act of 1974 [18 U.S.C. §§3161, et seq.]

I.    BACKGROUND

On December 10, 2004, defendant Kaytrena J. Francis was arrested while on Eglin Air Force Base.  The defendant was not taken into custody, but instead was released after military police issued her two violation notices.   The first violation notice cites defendant with resisting arrest without violence, in violation of Title 18, United States Code, Section 111, which is a Class A Misdemeanor. The second violation notice cites defendant with Disorderly Conduct in violation of Section 877.03, Florida Statues, a Class B Misdemeanor.

The two citation notices apparently informed the defendant that she would receive official notice in the mail of the date, time, and place in which she would be required to appear in court.  Subsequently, Defendant received a Notice to Appear in the mail informing her that she would be required to appear at the United States District Court in Pensacola, Florida, on March 16, 2005.  On March 11, 2005, prior to Defendant's first appearance date, the Government filed an Information charging the defendant with the above referenced misdemeanor crimes.

Defendant seeks a dismissal of the information based upon the government's alleged violation of the Speedy Trial Act of 1974 [18 U.S.C. §§3161, et seq.]

## II.    DISCUSSION

Section 3161(b) of the Speedy Trial Act directs "(a)ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."    18 U.S.C. §3161(b). Defendant argues that since she was issued a summons on December 10, 2004, and the government did not file an information charging her with the crimes until March 11, 2005, approximately ninety-one (91) days later, the charges must be dismissed.

The sanctions applicable in the event of a violation of the thirty-day requirement are set forth in Section 3162(a)(1):

> "If, in the case of any individual *against whom a complaint is filed* charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained *in such complaint* shall be dismissed or otherwise dropped." (emphasis added).

Courts, including the Eleventh Circuit, have uniformly held that Section 3161(b), requiring an information to be filed within thirty days of an arrest or

summons, must be read in conjunction with Section 3162(a)(1), as quoted above. United States v. Sayers, 698 F.2d 1128 (11th Cir. 1983); United States v. Varella, 692 F.2d 1352 (11th Cir. 1982), accord United States v. Bloom, 865 F.2d 485, 489-90 (2d Cir. 1989), United States v. Lee, 818 F.2d 302, 305 (4th Cir. 1987); United States v. Candelaria, 704 F.2d 1129, 1131 (9th Cir. 1983); United States v. Alfarano, 706 F.2d 739, 741 (6th Cir. 1983); United States v. Jones, 676 F.2d 327 (8th Cir. 1982). Since Section 3162(a)(1), the Act's sanctions provision, mentions only individuals "against whom a complaint has been filed" and requires "such complaint" to be dismissed in case of a violation, courts have held that an arrest or summons standing alone in not enough to trigger the time limitations of the Speedy Trial Act. See United States v. Sayers, supra, 698 F.2d at 1131. Instead, "in order for the time limitations of 18 U.S.C. §§3161(b) and 3162(a)(1) to become applicable, both a federal complaint *and* a federal arrest and/or a federal summons are required." United States v. Lee, supra, 818 F.2d at 305.

In holding that a formal complaint is required to trigger the SpeedyTrial Act, the Eleventh Circuit reasoned that the " 'policy and purpose' of the [Speedy Trial] Act . . . [has] been to expedite the processing of pending criminal proceedings, not to supervise the exercise by a prosecutor of his investigative or prosecutorial discretion at a time when no criminal proceeding is pending before the court.'" United States v. Varella, supra, 692 F.2d at 1358 n.4.(quoting United States v. Hillegas, 578 F.2d 453 (2d Cir. 1978)).   Based on this reasoning, the Eleventh Circuit has defined "arrest" for purposes of the Act as that time when an individual is formally charged with an offense or when a formal complaint is filed alleging an offense. United States v. Sayers, supra, 698 F.2d at 1131; United States v. Sanchez, 722 F.2d 1501, 1508 (11thCir. 1982); United States v. Varella, supra, 692 F.2d at1358.  For instance, in United States v. Kubiak, 704 F.2d 1545 (11th Cir. 1983), the defendants were arrested by law enforcement, but were not

charged in an indictment until more than thirty days after the initial arrest.  In concluding that the Speedy Trial Act was not triggered, the Eleventh Circuit noted that at the time of arrest, the defendants were never taken before a federal magistrate nor were federal charges lodged against the defendants in a complaint. Id. at 1548.

In addition to an arrest, service of a summons "in connection with such charges" also triggers the thirty-day time limitation of Section 3161(b). In this case, defendant contends that she was served a summons on December 10, 2004, at the time of the alleged incident.  Since the defendant was not taken before a magistrate judge or served with a federal complaint on December 10, 2004, Defendant is apparently arguing that the two violation notices issued at the time of the incident constitute a summons.  Therefore, the issue seems to be whether the violation notices issued to the defendant constitute either a "formal complaint" sufficient to constitute an "arrest" within the meaning of the Act, or whether the violation notices are a "summons" for purposes of the Act.

The Eleventh Circuit has not addressed this issue.  However, the Sixth Circuit and the Ninth Circuit, the only two Circuits to discuss whether a violation notice triggers the time limitations of the Speedy Trial Act, have both concluded that such a notice issued by a law enforcement officer at the time of the alleged crime does not constitute either a formal complaint or a summons.

With respect to a summons, in United States v. Graef, 31 F.3d 362 (6th Cir. 1994), the defendant was approached by military personnel while changing a flat tire on Selfridge Air National Guard Base in Michigan.  After military security officers detected the smell of alcohol, the defendant was taken into custody overnight.  In the morning he was released and given a "violation notice" for drunk driving.  The government filed an information in connection with the charges 180 days after the defendant's initial arrest.  In determining whether the violation notice

constituted a summons, the Sixth Circuit first noted that according to the Federal Rules of Criminal Procedure, Rule 4(a) and 9(a), a summons may issue only upon a complaint or indictment/information. Thus, the violation notice was not a summons as defined by the Federal Rules. Id. at 364. The Sixth Circuit reasoned that the same concerns underlying the requirement that a "formal complaint" accompany an arrest before the Speedy Trial Act is triggered also underlie the service of summons provision. Id. The court concluded, "the summons 'trigger' must refer to a summons issued in conjunction with a complaint pursuant to Fed. R. Crim. P. 4(a). Therefore, we hold that a complaint is a prerequisite for the FSTA's summons 'trigger' just as it is for the FSTA's arrest 'trigger'." Id.

Similarly, in United States v. Boyd, 214 F.3d 1052 (9th Cir. 2000), the Ninth Circuit addressed the issue of whether a violation notice could be considered a "formal complaint." In Boyd, similar to the facts of this case, the defendant was briefly detained by military police, and subsequently released after the military police issued her a "violation notice" for assaulting a federal employee in violation of Title 18, United States Code, Section 111(a)(1) while on a United States Air Force Base. The defendant argued that the "violation notice" constituted a formal complaint issued at the time of her arrest which triggered the time limitations of the Speedy Trial Act. In rejecting the defendant's contention, the Ninth Circuit noted,

> "An action based on an indictment, information or complaint guarantees that the charges receive initial attention from a neutral magistrate. By contrast, a violation notice is completed by a law enforcement officer alone, without the oversight of a magistrate. Because one of Boyd's charges is not a petty offense, the government had to go through the proper procedures for prosecuting under an information. If the government is not allowed to proceed to trial on the basis of a violation notice in a case such as Boyd's, it should not still be held to a 30-day clock based on that same violation notice." Id. at 1057.

Further reasoning that it is only "when a charge is leveled against a defendant based upon a finding of probable cause by a judicial officer that the time limitation of section 3161(b) is relevant," the Ninth Circuit held that "a violation notice will not be equated with a complaint to begin the SpeedyTrial Act's clock." Id. at 1056-57. I find the reasoning of the Sixth Circuit and the Ninth Circuit to be persuasive and in accord with the Eleventh Circuit's requirement that a formal complaint be filed against a defendant before the time limitations of the Speedy Trial Act are triggered. Therefore, the violation notices issued to defendant on December 10, 2004, did not constitute either a formal complaint or a summons within the meaning of Section 3161(b) or Section 3162(a) of the Speedy Trial Act.

**III.    CONCLUSION**

For the foregoing reasons, the defendant's motion to dismiss (doc.13) is DENIED.

DONE and ORDERED this 31st day of May, 2005.


*/s/ Roger Vinson*_____
**ROGER VINSON**
**Senior United States District Judge**

Exhibit G

# APPOINTMENT AFFIDAVITS

Special Assistant United States Attorney
_____
(Position to which Appointed)

04/13/2005
_____
(Date Appointed)

Department of Justice
_____
(Department or Agency)

U.S. Attorney's Office
_____
(Bureau or Division)

Pensacola, Florida
_____
(Place of Employment)

I, Johanna A. Astle _____, do solemnly swear (or affirm) that--

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO THE PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_____
(Signature of Appointee)

Subscribed and sworn (or affirmed) before me this 28th day of April , 2005

at Pensacola , Florida
      (City)              (State)

(SEAL)

_____
(Signature of Officer)

Commission expires Jun 26, 2008

308374
(Title)

Note - If the appointee objects to the form of the oath on religious grounds, certain modifications may be permitted pursuant to the Religious Freedom Restoration Act. Please contact your agency's legal counsel for advice.

U.S. Office of Personnel Management
The Guide to Processing Personnel Actions

NSN 7540-00-634-4015

Standard Form 61
Revised August 2002
Previous editions not usable



**U.S. Department of Justice**

*Gregory R. Miller*
*United States Attorney*
*Northern District of Florida*



---

*111 North Adams Street, 4th Floor*
*Tallahassee, Florida 32301*
*Telephone (850)942-8430*
*Fax      (850)942-8429*

*21 East Garden Street, Suite 400*
*Pensacola, Florida 32502-5675*
*Telephone (850)444-4000*
*Fax      (850)434-1875*

*300 East University Avenue, Suite 310*
*Gainesville, Florida 32601*
*Telephone (352)378-0996*
*Fax      (352)338-7981*

Please reply to: Pensacola

April 13, 2005

1st Lieutenant Johanna A. Astle
United States Air Force
96 ABW/JA
501 W. Van Matre Ave, Ste 1
Eglin AFB, FL 32542

　　　　Ref: Special Assistant U.S. Attorney Appointment

Dear Lt Astle:

　　　　Pursuant to 28 U.S.C. § 543, I have approved your appointment as a Special Assistant United States Attorney for the Northern District of Florida. Your appointment will begin upon your taking oath and continue for a period of time not to exceed April 12, 2006, unless the appointment is extended. It is understood that you will serve without compensation other than that which you are now receiving under your existing appointment.

　　　　Your appointment will be effective upon the execution of the required oath of office. Please contact Assistant U.S. Attorney Stephen Preisser at (850) 444-4000 and arrange a time for an orientation session and the administration of your appointment oath.

　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　GREGORY R. MILLER
　　　　　　　　　　　　United States Attorney



**U.S. Department of Justice**

*Gregory R. Miller*
*United States Attorney*
*Northern District of Florida*



*111 North Adams Street, 4th Floor*
*Tallahassee, Florida 32301*
*Telephone (850)942-8430*
*Fax       (850)942-8429*

*21 East Garden Street, Suite 400*
*Pensacola, Florida 32502*
*Telephone (850)444-4000*
*Fax       (850)434-1875*

*300 East University Avenue, Suite 310*
*Gainesville, Florida 32601*
*Telephone (352) 278-0996*
*Fax       (352) 338-7981*

Please reply to: Pensacola

April 13, 2006

Captain Johanna A. Astle
United States Air Force
96 ABW/JA
501 W. Van Matre Ave, Ste 1
Eglin AFB, FL 32542

   Ref: Extension of Special Assistant US Attorney Appointment

Dear Capt Astle:

  Your appointment as a Special Assistant United States Attorney for the Northern District of Florida is hereby extended. This extension is subject to the conditions set forth in the original appointment letter. You will serve under this appointment for an additional period not to exceed April 12, 2007, unless extended. You will continue to serve without compensation other than that which you are now receiving under your existing appointment. No additional appointment papers are necessary.

  Your assistance to my office and participation in our SAUSA program is greatly appreciated. If we can assist you in performing those duties, please do not hesitate to let me know.

        Sincerely,

        GREGORY R. MILLER
        United States Attorney



**U.S. Department of Justice**

*Gregory R. Miller*
*United States Attorney*
*Northern District of Florida*



---

| | | |
|---|---|---|
| *111 North Adams Street, 4th Floor*<br>*Tallahassee, Florida 32301*<br>*Telephone (850)942-8430*<br>*Fax     (850)942-8429* | *21 East Garden Street, Suite 400*<br>*Pensacola, Florida 32502*<br>*Telephone (850)444-4000*<br>*Fax     (850)434-1875* | *300 East University Avenue, Suite 310*<br>*Gainesville, Florida 32601*<br>*Telephone (352) 278-0996*<br>*Fax     (352) 338-7981* |

Please reply to: Pensacola

April 13, 2007

Captain Johanna A. Astle
United States Air Force
96 ABW/JA
501 W. Van Matre Ave, Ste 1
Eglin AFB, FL 32542

Ref:    Extension of Special Assistant US Attorney Appointment

Dear Capt Astle:

Your appointment as a Special Assistant United States Attorney for the Northern District of Florida is hereby extended. This extension is subject to the conditions set forth in the original appointment letter. You will serve under this appointment for an additional period not to exceed April 12, 2008, unless extended. You will continue to serve without compensation other than that which you are now receiving under your existing appointment. No additional appointment papers are necessary.

Your assistance to my office and participation in our SAUSA program is greatly appreciated. If we can assist you in performing those duties, please do not hesitate to let me know.

Sincerely,

GREGORY R. MILLER
United States Attorney



**U.S. Department of Justice**

*Gregory R. Miller*
*United States Attorney*
*Northern District of Florida*



---

*111 North Adams Street, 4th Floor*
*Tallahassee, Florida 32301*
*Telephone (850)942-8430*
*Fax     (850)942-8429*

*21 East Garden Street, Suite 400*
*Pensacola, Florida 32502-5675*
*Telephone (850)444-4000*
*Fax     (850)434-1875*

*300 East University Avenue, Suite 310*
*Gainesville, Florida 32601*
*Telephone (352) 278-0996*
*Fax     (352) 338-7981*

Please reply to: Pensacola

July 17, 2007

Captain Johanna A. Astle
2902 Alpine Pl
Niceville, FL 32578

Dear Captain Astle::

  Your appointment as a Special Assistant United States Attorney for the Northern District of Florida is hereby terminated effective the date of this letter in accordance with 28 U.S.C. § 543 due to your departure from the area. You should not represent yourself as a Special Assistant U.S. Attorney or enter the court on behalf of the Northern District of Florida after the above date.

  We appreciate your service to this office and have enjoyed working with you.

  If you have any questions, please contact Assistant US Attorney Stephen Preisser at (850) 444-4000 as soon as possible.

Sincerely,

GREGORY R. MILLER
United States Attorney

Exhibit H

# APPOINTMENT AFFIDAVITS

Special Assistant United States Attorney
_____
**(Position to which Appointed)**

November 5, 2003
_____
**(Date Appointed)**

US Department of Justice
_____
**(Department or Agency)**

US Attorney's Office
_____
**(Bureau or Division)**

Pensacola, FL
_____
**(Place of Employment)**

I, Michael J. Yoder _____, do solemnly swear (or affirm) that--

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO THE PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_____
**(Signature of Appointee)**

Subscribed and sworn (or affirmed) before me this 18th day of February, 2004

at Pensacola _____        FL _____
      **(City)**                                      **(State)**

(SEAL)    Mary E. McCann
          MY COMMISSION # DD110213 EXPIRES
          July 9, 2006
          BONDED THRU TROY FAIN INSURANCE, INC.

_____
**(Signature of Officer)**

Systems Manager
_____
**(Title)**

Commission expires_____
(If by a Notary Public, the date of his/her Commission should be shown)

Note - If the appointee objects to the form of the oath on religious grounds, certain modifications may be permitted pursuant to the Religious Freedom Restoration Act. Please contact your agency's legal counsel for advice.

U.S. Office of Personnel Management
The Guide to Processing Personnel Actions

NSN 7540-00-634-4015

Standard Form 61
Revised August 2002
Previous editions not usable



**U.S. Department of Justice**

*Gregory R. Miller*
*United States Attorney*
*Northern District of Florida*



---

*111 North Adams Street, 4ᵗʰ Floor*          *21 East Garden Street, Suite 400*          *104 North Main, 4th Floor*
*Tallahassee, Florida 32301*                 *Pensacola, Florida 32502-5675*             *Gainesville, Florida 32601-3330*
*Telephone (850)942-8430*                    *Telephone (850)444-4000*                   *Telephone (352)378-0996*
*Fax    (850)942-8429*                       *Fax    (850)434-1875*                      *Fax    (352)371-1912*

Please reply to: Pensacola

                                                          November 5, 2003

Lieutenant Michael J. Yoder
US Air Force
AAC/JA
501 W. Van Matre
Eglin AFB, FL 32542

        Ref: Special Assistant U.S. Attorney Appointment

Dear Lieutenant Yoder:

        Pursuant to 28 U.S.C. § 543, I have approved your appointment
as a Special Assistant United States Attorney for the Northern
District of Florida.  Your appointment will begin upon your taking
oath and continue for a period of time not to exceed November 4,
2004, unless the appointment is extended.  It is understood that
you will serve without compensation other than that which you are
now receiving under your existing appointment.

        Your appointment will be effective upon the execution of the
required oath of office.  Please contact Leah Butler at (850) 444-
4000 and arrange a time for the administration of your appointment
oath.

                                        Sincerely,

                                        GREGORY R. MILLER
                                        United States Attorney





**U.S. Department of Justice**

*Gregory R. Miller*
*United States Attorney*
*Northern District of Florida*

COPY

---

*111 North Adams Street, 4ᵗʰ Floor*
*Tallahassee, Florida 32301*
*Telephone (850)942-8430*
*Fax     (850)942-8429*

*21 East Garden Street, Suite 400*
*Pensacola, Florida 32502-5675*
*Telephone (850)444-4000*
*Fax     (850)434-1875*

*104 North Main, 4th Floor*
*Gainesville, Florida 32601-3330*
*Telephone (352)378-0996*
*Fax     (352)371-1912*

Please reply to: Pensacola

October 26, 2004

Captain Michael J. Yoder
US Air Force
AAC/JA
501 W. Van Matre Ste #1
Eglin AFB, FL 32542

Ref: Extension of Special Assistant US Attorney Appointment

Dear Captain Yoder:

Your appointment as a Special Assistant United States Attorney for the Northern District of Florida is hereby extended. This extension is subject to the conditions set forth in the original appointment letter. You will serve under this appointment for an additional period not to exceed November 4, 2005, unless extended. You will continue to serve without compensation other than that which you are now receiving under your existing appointment. No additional appointment papers are necessary.

Your assistance to my office and participation in our SAUSA program is greatly appreciated. If we can assist you in performing those duties, please do not hesitate to let me know.

Sincerely,

GREGORY R. MILLER
United States Attorney



**U.S. Department of Justice**

*Gregory R. Miller*
*United States Attorney*
*Northern District of Florida*



| | | |
|---|---|---|
| *111 North Adams Street, 4ᵗʰ Floor* | *21 East Garden Street, Suite 400* | *300 East University Avenue, Suite 310* |
| *Tallahassee, Florida 32301* | *Pensacola, Florida 32502-5675* | *Gainesville, Florida 32601* |
| *Telephone (850)942-8430* | *Telephone (850)444-4000* | *Telephone (352)378-0996* |
| *Fax    (850)942-8429* | *Fax    (850)434-1875* | *Fax    (352)338-7981* |

Please reply to: Pensacola

August 16, 2005

Captain Michael J. Yoder
US Air Force
AAC/JA
501 W. Van Matre Ste #1
Eglin AFB, FL 32542

Dear Captain Yoder:

    Your appointment as a Special Assistant United States Attorney
for the Northern District of Florida ended on August 15, 2005 due
to your departure from the area.  You should not represent yourself
as a Special Assistant U.S. Attorney or enter the court on behalf
of the Northern District of Florida.

    We appreciate your service to this office and have enjoyed
working with you.

    If you have any questions, please contact Assistant US
Attorney Stephen Priesser at (850) 444-4000 as soon as possible.

                                    Sincerely,

                                    GREGORY R. MILLER
                                    United States Attorney

Exhibit I

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,

vs.                         Case No. 3:05cr27-RV

KAYTRENA J. FRANCIS,

        Defendant.
_____/

TRANSCRIPT OF SENTENCING

      The above-entitled matter came on to be heard before
the Honorable ROGER VINSON, Senior United States District
Judge, in the United States Courthouse, Pensacola, Florida, on
the 23rd day of August, 2005, commencing at 9:16 a.m.

APPEARANCES:

For the Government:    STEPHEN P. PREISSER
                      Assistant United States Attorney
                      21 East Garden Street, Suite 400
                      Pensacola, FL 32502-5675

                  -and-

                      JOHANNA ASTLE
                      Special Assistant United States Attorney
                      21 East Garden Street, Suite 400
                      Pensacola, FL 32502-5675

For the Defendant:    ROBERT AUGUSTUS HARPER, JR. and
                      JONATHAN M. KESTER
                      Attorneys at Law
                      300 West Park Avenue
                      Tallahassee, FL   32301

                  W.PAUL RAYBORN
           United States Court Reporter
             245 U.S. Courthouse
          One North Palafox Street
          Pensacola, FL 32502-5665
       T.850.432.1808 - F.850.432.1809
          prayborn@bellsouth.net

Page 5

1        THE COURT:  As far as the presentence investigation

2   report, that's my question, Ms. Francis, do you find anything

3   in the -- in the report that's inaccurate?

4        THE DEFENDANT:  Yes, Your Honor.  The report alleges

5   that the violation was like a misdemeanor, and I was not aware

6   that the violation was a felony that I was being charged with

7   for the jury.

8        THE COURT:  I'm not sure I understand what you --

9   what you are -- where in the report are you saying that it was

10  a felony?

11       MR. HARPER:  Your Honor, I may be of some assistance

12  on this point.

13       THE COURT:  All right.  Mr. Harper?

14       MR. HARPER:  In reviewing the presentence report and

15  working with the point calculation, and the sentencing

16  guidelines score found on page 52 of the federal sentencing

17  guidelines manual, Volume I, under 2A2.4, under background, it

18  says that violations of 18 U.S. Code, Section -- and

19  remaining --

20       THE COURT:  2A2.

21       MR. HARPER:  2A2.4.

22       THE COURT:  And you are in the 2004 edition?

23       MR. HARPER:  Yes, sir.  Under the background

4   paragraph there.

25       THE COURT:  All right.

1          MR. HARPER:  It indicates that a violation of 18 U.S.

2     Code, Section 111 is a felony, in my volume.  I have been

3     traveling under this case as it being a misdemeanor the entire

4     time, and I know Ms. Francis has also.

5          THE COURT:  Well, the Sentencing Commission raised

6     the offense level on a 2A2.4 offense from a six, I believe, to

7     a ten two years ago.

8          MR. JANSEN:  Last year, Your Honor.

9          THE COURT:  Last year, 2004?

10         MR. JANSEN:  Right.

11         THE COURT:  I see that.

12     (Pause.)

13         Well, the question is with respect to the word

14     "assault."  Before 2004 the guideline range was six, and in the

15     background for that manual it says the guideline has been

16     drafted to provide offense levels that are identical to those

17     otherwise provided for assaults involving an official victim.

18     When no assault is involved, the offense level is six.

19         When it was modified last year, that sentence was

20     omitted, and I don't understand why.  The government didn't

21     charge a felony under Section 111.

22         MS. ASTLE:  No, Your Honor.

23         THE COURT:  What did you charge?

4          MS. ASTLE:  No, Your Honor.  We charged a Class A

25     misdemeanor.

1              THE COURT:  Sorry?

2              MS. ASTLE:  A Class A misdemeanor.

3              THE COURT:  Right.

4              MS. ASTLE:  It was just 111, in general, so it was --

5      it was not enhanced, so it was simple assault.

6              THE COURT:  And the case was not submitted to the

7      jury on the basis of an assault, because I think we discussed

8      that.  I can't recall exactly --

9              MR. HARPER:  It was an acquittal on the assault with

10     a special verdict.

11             THE COURT:  I'm sorry.

12             MR. HARPER:  We had a special verdict, and there was

13     an acquittal on assault.

14             THE COURT:  Get the verdict form.

15             MS. ASTLE:  There were several different words

16     because of the way the information was written up.  We had

17     assault, resist, oppose, impede, intimidate.  She was not

18     charged with assault.  The jury didn't come back with assault

19     on that.

20             THE COURT:  I'm sorry.

21             MS. ASTLE:  The information, the way it was written.

22     we had such a long -- we have every single word in there.  We

23     had assault, resist, oppose, impede, intimidate, so forth.  The

24     jury did not find assault as one of the specific charges.

25             THE COURT:  The jury was given a choice of five

1    things, assaulted, resisted, opposed, impeded, interfered with,

2    and they -- they found the last four, but not assaulted,

3    because we told them they had to unanimously agree. If it had

4    included assault, though, it would have been a felony, is that

5    right?

6              MR. PREISSER: I don't think so, Judge.

7              THE COURT: Mr. Preisser?

8              MS. ASTLE: I believe it stays as a misdemeanor,

9    because even if you look on the commentary on 2A2.4, a minor

10    assault means a misdemeanor assault.

11             2A2 is bodily injury or a higher degree or level of

12    injury. We didn't -- we didn't charge that, Your Honor.

13             THE COURT: All right. Section 111 encompasses both

14    misdemeanor offenses and felony offenses. The only felony

15    offense --

16        (Pause.)

17             -- is forcible assault.

18        (Pause.)

19             Well, again, Mr. Preisser, we went over this when we

20    were working on the jury instructions, and there was some

21    question about what the charge really was. The government

22    conceded, I think, that they were not charging a felony

23    offense. So the only --

24             MS. ASTLE: (Nodded affirmatively).

25             THE COURT: -- the only assault is simple assault.

1          MS. ASTLE:  Exactly, Your Honor.  We didn't -- we

2    didn't charge anything above a simple assault.  There was no

3    felony.

4          THE COURT:  So the question is how does the guideline

5    under the Sentencing Commission take that into account?

6    Because that affects the offense level.  And it doesn't look

7    like they have taken that into account.

8          THE DEFENDANT:  Your Honor --

9          THE COURT:  Well, actually --

10         MS. ASTLE:  2.3 covers minor assault, Your Honor, and

11   that minor assault means a misdemeanor assault in the

12   commentator notes, so they have taken that into consideration.

13         THE COURT:  2.3 -- 2.3 means what?

14         MS. ASTLE:  Section 2A2.3, Your Honor.

15         THE COURT:  2A2.3 is the minor assault.

16         MS. ASTLE:  Yes, Your Honor.

17         THE COURT:  It doesn't have any statutory reference

18   to Section 111.

19         MS. ASTLE:  Anything not covered by Section 2A --

20   2A2.2 in the commentary there, so I would assume that it would

21   be also covered.  So it's referring back to Section 2A2.2,

22   which does reference 111.

23         THE COURT:  Well, if you look at the guideline

24   itself, 2A2.4 is entitled obstructing or impeding officers,

25   which is the gist of Section 111.  The problem is Section 111

1da66d21-2eec-45b8-81eb-8174c8a3aad0

1   also includes two kinds of assault with -- within the list of

2   other things that constitute an offense.  So the issue is which

3   guideline applies?

4            Mr. Harper, have you objected to this?  I didn't see

5   it.

6            MR. HARPER:  I didn't, Your Honor.  I only found it

7   in the last, well, few hours, actually, last night.

8            THE COURT:  I mean, this is fundamental.  And you're

9   maintaining, Ms. Astle, that Guideline 2A2.2 --

10           MS. ASTLE:  3.

11           THE COURT:  3.  2A2.3 minor assault applies?

12           MS. ASTLE:  Yes.

13           THE COURT:  Which involves either a seven or a four.

14  I'm not sure if we have physical contact sufficient to --

15           MS. ASTLE:  Your Honor, can we recognize the

16  probation officer?  I think he might have something.

17           THE COURT:  All right.  Mr. Jansen, I see you're

18  standing.  Go ahead.

19           MR. JANSEN:  Your Honor, I have a copy of the

20  verdict, and that's pretty much what I went by.  The verdict --

21  the jury did not check off assaulted.  They have checkmarks by

22  resisted, opposed, impeded, interfered with.  So when I looked

23  at the guidelines, the only -- the only guideline that I saw

4   that would apply would be 2A2.4, obstructing or impeding

25  officers.  And normally if it's a felony, we would go with

1    2A2.2, but in this case it's a misdemeanor.  So it would seem

2    like the logical guideline is not 2A2.3, which is specifically

3    minor assault.  This is not an assault.

4            THE COURT:  Well, the problem is the guideline

5    assumes that Section 111 is an assault.  That's what the

6    guideline seems to assume.

7            MR. JANSEN:  Well, when you --

8            THE COURT:  It says it's a felony.  Violation of 111

9    is a felony, period.  Before the commentary said that, and it

10   went on to say that these guidelines are identical to otherwise

11   provide for assaults involving an official victim.  When no

12   assault is involved, the offense level is six.  I don't know

13   why they deleted that, but it seems that it should stay in.

14           MR. JANSEN:  And also, Your Honor, the statutory --

15   statutory index, Appendix A of the guidelines, cross-references

16   111.  It only cross-references with 2.2 and 2.4.

17           THE COURT:  Well, let me see if I can find their

18   explanation of why this amendment was made.  And it's Appendix

19   C, Amendment 663, is that right?

20       (Pause.)

21           Give me just a moment.

22       (Pause.)

23           Well, it really tells you a lot.  It simply says

24   commentary to 2A2.4 captive background is amended by striking

25   the last sentence.  And then it lists it.

1          Well, I find that totally inconsistent with what has

2    been charged in this case.  This is a misdemeanor.  And this

3    guideline is intended to apply to a felony, right?

4          MS. ASTLE:  Yes, Your Honor.

5          THE COURT:  I mean, the government concedes that?

6          MS. ASTLE:  Yes, Your Honor.  Under 2A2.4 the

7    commentary definitely does say it's a felony, and that's not

8    what we are charging.

9          THE COURT:  Well, clearly the Sentencing Commission

10   has made a mistake, and I don't know any way to correct it,

11   other than just to say that the offense level should be a six

12   instead of a ten.

13         Mr. Preisser?

14         MR. PREISSER:  We don't object to that.  But also,

15   Judge, if you look at 2 -- 2A2.3, that would be more in line,

16   but we do not object to an offense level of six.  I think it's

17   a misdemeanor.  We have never intended it to be anything other

18   than a misdemeanor.  It's charged by information, which is a

19   misdemeanor.  We will note that the citation actually

20   incorporated a Florida Statute, but the law is that if there is

21   an applicable federal law, you charge the applicable federal

22   law and you cannot assimilate a state statute.  That's why we

23   didn't charge it under the resisting arrest without violence

4    provision or with violence provision of the Florida Statute.

25   We want it to be a misdemeanor, and that provision is more in

1   line with what the indictment -- or the information charged.

2   So you start off with a six versus a ten.  There is still the

3   issue of obstruction which we think you should apply.

4           THE COURT:  Well, I will simply treat that all as an

5   objection, that's clearly the only way to reconcile all of

6   this, and continue to treat it as a misdemeanor.  And the

7   guidelines simply don't take into account the fact that this

8   may be charged as a misdemeanor.  They just missed that

9   completely.

10          THE DEFENDANT:  Your Honor, is there something

11  like -- the first you have 111 on the record, is that like a

12  felony or a misdemeanor.  What does it say?

13          THE COURT:  Section 111 can be either a felony or

14  misdemeanor, depending on what the charge is.

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  As you were charged, it's only a

17  misdemeanor.  It's never been a felony, and the government has

18  never contended that it was a felony.

19          So I think we've had some problems with how the

20  guidelines and how the Sentencing Commission construed that,

21  and it's obviously confusing.  But we went to trial as a

22  misdemeanor.  It was submitted to the jury as a misdemeanor.

23  It's always been treated as a misdemeanor.  And that's the way

'4  it should be treated for sentencing as well.

25          So, to correct it, paragraph 21 is a six instead of a

Page 14

1    ten, and all other paragraphs are adjusted accordingly.

2              There are other objections that I have to take up.

3    Let's get back to the presentence investigation report.  That

4    really is the matter of an objection.

5              My question, Ms. Francis, are there any factual

6    matters in this report that are in error?  Is your date of

7    birth right, all of that kind of thing?  Is everything accurate

8    as far as you can tell?

9              THE DEFENDANT:  My date of birth 4-26-1959, Your

10   Honor.  That's my date of birth.

11             THE COURT:  It shows April 2nd.

12             THE DEFENDANT:  At one point it also shows 4-26-1959,

13   also.  So it has two dates on it.

14             THE COURT:  Which one is accurate?

15             THE DEFENDANT:  4-26-1959.

16             THE COURT:  Mr. Jansen?

17             MR. JANSEN:  Your Honor, I corrected that in the

18   addendum.

19             THE COURT:  I'm just correcting it on the front page

20   where it can be noticed.

21             All right.  Anything else, Ms. Francis?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  Errors of concerns?

24        (Pause.)

25             THE DEFENDANT:  Your Honor, as far as the incident on