1 | Mary McNamara SBN 147131
  | Alexis Haller SBN 201210
2 | SWANSON, McNAMARA & HALLER LLP
  | 300 Montgomery Street, Suite 1100
3 | San Francisco, California 94104
  | Telephone: (415) 477-3800
4 | Facsimile: (415) 477- 9010

5 | Attorneys for CHET KAUFMAN, RANDOLPH P. MURRELL,
  | and CHARLES LAMMERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYTRENA J. FRANCIS, | Case No. CV 07-06125 JSW |
| Plaintiff, | **DEFENDANTS CHET KAUFMAN, RANDOLPH P. MURRELL AND CHARLES LAMMERS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| UNITED STATES OF AMERICA, et al. | |
| Defendants. | |
| | Date: August 8, 2008 |
| | Time: 9:00 a.m. |
| | Place: Courtroom 2, 17th Floor |
| | Honorable Jeffrey S. White |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

AMENDED NOTICE OF MOTION AND MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.   This Court Must Dismiss the Complaint Against Mr. Kaufman, Mr. Murrell and Mr. Lammers for Lack of Personal Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . 5

        1.   Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        2.   Plaintiff Cannot Satisfy the Purposeful Availment Prong . . . . . . . . . . . . . . . . . 6

        3.   Plaintiff Cannot Show that her Claims Arose Out of Defendants' California-Related Activities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        4.   The Exercise of Personal Jurisdiction Would be Unreasonable . . . . . . . . . . . . 7

    B.   Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        1.   Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        2.   Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

            a.   All Claims Must be Dismissed Against Defendant Murrell . . . . . . . . . . 9

            b.   Plaintiff's Breach of Fiduciary Duty Claim Must be Dismissed . . . . . . . 9

            c.   Plaintiff's 18 U.S.C. Section 241 Claims Must be Dismissed . . . . . . . . 10

            d.   Plaintiff's Remaining Causes of Action Against Defendants Must be Dismissed Under *Heck v. Humphrey* . . . . . . . . . . . . . . . . . . . . 11

            e.   Plaintiff's Complaint Should be Dismissed for Failure to Provide a "Short and Plain" Statement Pursuant to Rule 8(a) . . . . . . . . 12

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

**CASES**

*Agnew v. Moody*,
    330 F.2d 868 (9th Cir. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi,13

*Aldabe v. Aldabe*,
    616 F.2d 1089 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,10

*Allen v. United States*,
    No. 6:07-cv-1188-Orl-22UAM, 2007 WL 3145091 (M.D. Fla. Oct. 25, 2007) . . . . . . . . . . . . 10

*Arnett v. Ament*,
    No. 1:06-00324-LJO-DLB PC, 2007 WL 2900491 (E.D. Cal. Oct. 1, 2007) . . . . . . . . . . . . . 12

*Bell v. District Courts of Tacoma and Seattle*,
    No. CV 02-1052-BR, 2004 WL 2203274 (D. Or. Sept. 24, 2004) . . . . . . . . . . . . . . . . . 12 n.14

*Bell Atlantic Corp. v. Twombly*,
    --- U.S. ---, 127 S.Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

*Bennett v. Medtronic, Inc.*,
    285 F.3d 801 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1 n.2

*Cabrera v. City of Huntington Park*,
    159 F.3d 374 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

*Cox v. Hellerstein*,
    685 F.2d 1098 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12 n.14

*Entercom Sacramento, LLC v. American Home Assur., Co.*,
    No. C 07-06493 JSW, 2008 WL 2025015 (N.D. Cal. May 8, 2008) . . . . . . . . . . . . . . . . . . . . 9

*Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*,
    907 F.2d 911 (9th Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Garcia v. Scribner*,
    No. C 97-0742 CRB, 1998 WL 397895 (N.D. Cal. July 10, 1998) . . . . . . . . . . . . . . . . . . . . 12

*General Motors Corp. v. New A.C. Chevrolet, Inc.*,
    263 F.3d 296 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Heck v. Humphrey*,
    512 U.S. 477 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi,11

*Lara v. City of Santa Clara Police Dept.*,
    No. C 07-2608 CRB (PR), 2007 WL 2753466 (N.D. Cal. Sept. 19, 2007) . . . . . . . . . . . . . . 11

*Lynch v. Warwick*,
    95 Cal.App.4th 267 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,10

*McKenna & Cuneo*,
  25 Cal.4th 1194 (2001) .............................................................. vi,9-10

*Moore v. Kamikawa*,
  940 F. Supp. 260 (D. Hawai'i 1995) ................................................... 11

*Olmeda v. Babbits*,
  No. 07 Civ. 2140(NRB), 2008 WL 282122 (S.D.N.Y. Jan. 28, 2008) ................. 12 n.14

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
  52 F.3d 267 (9th Cir.1995) ............................................................ 5

*Perretta v. Prometheus Development Co.*,
  520 F.3d 1039 (9th Cir. 2008) ......................................................... 8

*Polk County v. Dodson*,
  454 U.S. 312 (1981) .............................................................. 12 n.14

*Porter v. Jones*,
  319 F.3d 483 (9th Cir. 2003) ...................................................... 12-13

*Reebok Int'l Ltd. v. McLaughlin*,
  49 F.3d 1387 (9th Cir.1995) ........................................................ 5 n.8

*Steele v. Kehoe*,
  747 So.2d 931 (Fla. 1999) ........................................................... vi,10

*Trimble v. City of Santa Rosa*,
  49 F.3d 583 (9th Cir. 1995) .......................................................... 12

*Warren v. Fox Family Worldwide, Inc.*,
  328 F.3d 1136 (9th Cir. 2003) ......................................................... 8

*Wash. Legal Found. v. Mass. Bar Found.*,
  993 F.2d 962 (1st Cir. 1993) .......................................................... 8

*Williams ex rel. Tabiu v. Gerber Products Co.*,
  523 F.3d 934 (9th Cir. 2008) .......................................................... 8

*Williams v. Hill*,
  878 F.Supp. 269 (D.D.C. 1995) ........................................................ 12

*Williams v. Waggener*,
  No. 07-16170, 2008 WL 803009 (9th Cir. Mar. 18, 2008) ................................ 12

*Willing v. Lake Orion Community Schools Bd. of Trustees*,
  924 F. Supp. 815 (E.D. Mich. 1996) ................................................... 11

*Ziegler v. Indian River County*,
  64 F.3d 470 (9th Cir. 1995) ....................................................... vi,6,7

1  **STATUTES AND RULES**

2  42 U.S.C. § 14135a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4 n.7

3  CAL. CODE CIV. PROC. § 410.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

4  FED. R. CIV. P. 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12,13

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants Kaufman, Murrell and Lammers'
Amended Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW          iv

**AMENDED NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 8, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, Defendants Chet Kaufman, Randolph P. Murrell and Charles Lammers will and hereby do move the Court, the Honorable Jeffrey S. White, for an order dismissing the Complaint for lack of personal jurisdiction (FED. R. CIV. P. 12(b)(2)) and failure to state a claim upon which relief can be granted (FED. R. CIV. P. 12(b)(6)).  This motion is based upon this amended notice and motion; the attached memorandum of points and authorities; and the United States Constitution, federal statutes, the Federal Rules of Civil Procedure and other applicable law.

Dated: May 27, 2008                                            Respectfully Submitted,


                                                                              /s/ Mary McNamara
                                                               Mary McNamara
                                                               Alexis Haller
                                                               SWANSON, McNAMARA & HALLER LLP
                                                               Attorneys for Defendants Chet Kaufman, Randolph
                                                               P. Murrell and Charles Lammers

**SUMMARY OF ARGUMENT**

Plaintiff's Complaint against Defendants Chet Kaufman, Randolph Murrell and Charles Lammers (collectively "Defendants")[1] must be dismissed for two reasons.

First, this Court lacks personal jurisdiction over any of the Defendants. Given that all of Defendants' alleged conduct occurred in Florida and within the Eleventh Circuit, Plaintiff cannot satisfy the purposeful availment prong of the personal jurisdiction inquiry, cannot show that her claims arise out of Defendants' California-related activities, and cannot demonstrate that the exercise of jurisdiction would be reasonable. *Ziegler v. Indian River County*, 64 F.3d 470, 472 (9th Cir. 1995). As a result, the claims against Defendants must be dismissed for lack of jurisdiction.

Second, the Complaint fails to state a claim upon which relief can be granted. Under California and Florida law, Plaintiff, a convicted criminal defendant, must obtain exoneration by post-conviction relief before she can file malpractice and related claims against her criminal counsel. *Coscia v. McKenna & Cuneo*, 25 Cal.4th 1194 (2001); *Steele v. Kehoe*, 747 So.2d 931 (Fla. 1999). As a result, because Plaintiff has not obtained any post-convictionviction relief, her breach of fiduciary duty claim against Defendants must fail.

Plaintiff's 18 U.S.C. section 241 claims against Defendants also must fail, since section 241 does not provide a basis for civil liability. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). All of Plaintiff's remaining causes of action that name Defendants – false imprisonment, fraud, and civil RICO – fail under *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff cannot prove that her "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87.

Finally, because the 802-paragraph Complaint does not contain a "short and plain" statement of the relief requested, it should be dismissed. *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964).

---

[1] Mr. Murrell is the Federal Public Defender for the Northern District of Florida. Mr. Lammers and Mr. Kaufman are assistant federal public defenders in that district. *See* Complaint ¶¶ 46-48.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Because this Court lacks personal jurisdiction over Defendants, and because Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff's Complaint against Defendants must be dismissed.

## II. FACTUAL BACKGROUND

On March 11, 2005, Plaintiff Kaytrena Francis ("Plaintiff" or "Ms. Francis") was charged in the United States District Court for the Northern District of Florida (Pensacola Division) with assault (18 U.S.C. section 111) and disorderly conduct (Florida Statute 877.03) arising out of a December 10, 2004 incident at the Eglin Air Force base gymasium. *See* Information in *United States v. Kaytrena Francis*, Case No. 05-cr-00027-RV ("*Francis* Criminal Case"), attached as **Exhibit A** to the Declaration of Alexis Haller in Support of the Amended Motion to Dismiss for Defendants Chet Kaufman, Randolph P. Murrell and Charles Lammers ("Haller Decl."); *see also* Verified Complaint ("Complaint"), Docket No. 1, ¶¶ 62-86.[2] On June 7, 2005, Ms. Francis was convicted on both counts following a two-day trial by jury. *See* Redacted Jury Verdict in *Francis* Criminal Case, attached as **Exhibit B** to the Haller Decl.; *see also* Docket Sheet from *United States v. Kaytrena Francis*, Case No. 05-cr-00027-RV, attached as **Exhibit E** to the Haller Decl. She was sentenced to a 2-year term of probation on August 23, 2005. *See* Judgment in *Francis* Criminal Case, attached as **Exhibit C** to the Haller Decl.

On December 4, 2007, Ms. Francis filed the above-captioned action in this Court. Plaintiff's lengthy Complaint names fifty (50) defendants and alleges forty-five (45) causes of action. The named defendants include the United States Air Force, the United States Department of Justice, the United States Courts, the Federal Bureau of Prisons, U.S. Staff Judge Advocates, United States Attorneys,

---

[2] Pursuant to Federal Rule of Evidence 201, Defendants respectfully request that the Court take judicial notice of the documents attached to the Haller Declaration, which were filed in the United States District Court of the Northern District of Florida, *United States v. Kaytrena Francis*, Case No. 05-cr-00027-RV. *See, e.g.*, *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

Deputy U.S. Marshals, four Eleventh Circuit judges, a Chief United States District Judge, a courtroom deputy, a court reporter, United States Probation Officers, a Federal Public Defender (Mr. Murrell), two assistant federal public defenders from the Northern District of Florida (Mr. Lammers and Mr. Kaufman), one assistant federal public defender from San Francisco (and her assistant), and three Florida private attorneys.

Plaintiff's basic theory is that the defendants "conspired" in various ways to violate her constitutional rights in the underlying criminal action. *See*, *e.g.*, Complaint ¶ 129 (alleging that the Staff Judge Advocates "conspired" with Francis's private attorney, Robert Harper, and United States District Judge Vinson to "false[ly] imprison" Francis, including by "convinc[ing] Harper to falsify" a brief regarding the Speedy Trial Act). In fact, Plaintiff's entire civil case is premised on the idea that the criminal proceedings were unconstitutional or otherwise invalid.[3] Indeed, even the initiation of the criminal case itself is alleged to have been part of the conspiracy; according to Plaintiff, Judge Vinson agreed to assign a case number to the criminal matter only as a "favor" to the prosecuting Staff Judge Advocate. Complaint ¶ 120.

It is not easy to discern why Defendants Kaufman, Murrell and Lammers were named in this matter. One problem is the length of Plaintiff's Complaint – 70 pages (single spaced) and 802 paragraphs. Another problem is the confusion engendered by the list of causes of action at the beginning of the Complaint. From the introduction on pages 2 to 3 of the Complaint, it appears that the first 20 causes of action are only against the United States and the following 25 are against all of the individual defendants and other entity defendants. *See* Complaint at 2-3. However, an examination of Plaintiff's

---

[3] The direct relationship between the dates identified in Plaintiff's causes of action and the dates of the underlying criminal proceedings is perhaps the best indicator of this fact. For example, Plaintiff's abuse of process claims (Causes of Action 4, 5, 6 and 8) allege the dates of the filing of the Information (March 11, 2005), Plaintiff's initial appearance (March 16, 2005), the filing of a trial date continuance (April 28, 2005), and the submission of the Presentence Report (June 19, 2005). Similarly, Plaintiff's false imprisonment claims (Causes of Action 9-12) allege the dates of Plaintiff's sentencing hearing (August 23, 2005), imprisonment on a probation violation (November 29, 2005), and arrest for a probation violation (June 7, 2006). The same dates are alleged for Plaintiff's numerous constitutional claims. *See* Causes of Action Nos. 23-32, 35, 38, 40, and 41.

claims reveals that the summary is incorrect.  Some of the first 20 claims are against individual defendants (including, for example, Cause of Action No. 18, which alleges breach of fiduciary duty against Plaintiff's defense counsel), and some of the 25 later claims are plainly not against all defendants.  *See*, *e.g.*, Cause of Action No. 21 (alleging Fourth Amendment/excessive force claim only against Defendants Archilla, Dillon, Shepherd, Angus and Eskridge).

To avoid the confusion created by Plaintiff's pleading, Defendants will focus on the allegations in the Complaint that are clearly directed at Defendants' alleged conduct.  With regard to Mr. Kaufman, Plaintiff alleges as follows:

- Plaintiff alleges that Assistant Federal Public Defender Kaufman committed an "overt act" in the course of the "conspiracy" to falsely imprison Francis.  *See* Complaint ¶ 301.  The "overt act" allegedly committed by Mr. Kaufman was the filing of an opposition to the government's motion to dismiss Francis' appeal on the basis that Ms. Francis was a fugitive.  Complaint ¶¶ 324-325.

- Plaintiff alleges that Mr. Kaufman "further[ed]" the scheme to defraud Ms. Francis by having "knowingly falsified that a jury found Francis guilty as charged in his attempt to have the court believe that a sworn complaint, indictment or information existed against Francis or Francis had been convicted of an offense against the United States."  Complaint ¶ 375.[4]

Similarly, in her breach of fiduciary duty claim against Mr. Kaufman, Plaintiff alleges:

> 396.  In Jan 2006 Dubina[5] forced Appellate Federal Public Defender Kaufman on Francis to conceal Vinson actions taken in clear absence of all jurisdictions.
>
> 397.  Kaufman had knowledge that Francis had not been charged or convicted for 18 U.S.C. 111; every court documents had been falsified; and Vinson was taken (sic) actions in the clear absence of all jurisdictions; yet, he intentionally, recklessly, repeatedly and maliciously breached his fiduciary duty owed to Francis.
>
> 398.  In February Kaufman appealed a sentence of probation for 18 U.S.C. 111 knowing that Francis was neither charged nor convicted for 18 U.S.C. 111.
>
> 399.  In March 2006 Kaufman participated in a scheme to kidnap or murder Francis by pretending or purporting to file an opposition to a motion to dismiss Francis appeal alleging Francis was a fugitive.

---

[4] Plaintiff repeatedly alleges that she was not convicted by a jury.  *See*, *e.g.*, Complaint ¶ 139.  However, both the jury's verdict form and the district court's judgment demonstrate that Plaintiff was indeed convicted on all counts by the jury.  *See* Haller Decl., Exhs. B and C.

[5] Eleventh Circuit Judge Joel F. Dubina.  Complaint ¶ 49.

    400. On June 15, 2006 Kaufman boasted to Francis that he allowed Harper whom Francis removed for professional misconduct to work on the appeal. Kaufman threatened that Francis better have her active duty military spouse who was on a remote tour in South Korea accommodate her to court because something was going to happened (sic) her.

    401. In October 2006 Kaufman sent Francis a letter while she was falsely imprisoned stating that he did not see any constitutional violations.

Complaint 396-401.[6]

    Regarding Mr. Lammers, Plaintiff states the following:

- Plaintiff claims that after Judge Vinson "falsified" a probation violation petition on November 7, 2005, Assistant Federal Public Defender Charles Lammers was "forced on her" at the probation violation hearing. Complaint ¶¶ 161, 163.

- Plainitff claims that after the Eleventh Circuit denied Francis' request to proceed on appeal pro se, Mr. Lammers saw that "the Eleventh Circuit ha[d] agreed to cover up the conspiracy to false imprison (sic) Francis" and he "conspired with [Staff Judge Advocates] Capt. Yoder, Capt. Astle and [U.S. Probation Officer] Easterling to try to force Francis to take an unlawful DNA test." Complaint ¶ 174.[7]

- Mr. Lammers is alleged as a "Defendant employee" in Causes of Action Nos. 11-12 – which allege false imprisonment in June 2006 – but Plaintiff alleges no facts regarding Lammers with regard to these causes of action. *See* Complaint ¶¶ 289, 295.

In her breach of fiduciary duty claim against Mr. Lammers, Plaintiff alleges:

392. On November 20005 (sic) Lammers sat in court and waited until Magistrate Davis threatened Francis with imprisonment if she did not accept his services. Afterwards Lammers intentionally refused to perform his duty diligence (sic) or take ethical legal measures to vindicate Francis. Lammers tried to deceive or convince Francis that it was common practice of the court to falsify a conviction.

393. Lammers told Francis that there was nothing wrong with Harper and Vinson falsifying that Francis was indicted or (sic) altering, tampering, or falsifying court documents to reflect that Francis had been convicted of 18 USC 111.

394. On November 29 2005 Lammers refused to take ethical measures when Vinson imprisoned Francis knowing that Vinson acted in the clear absence of all jurisdictions.

395. In January 2006 Lammers tried to get Francis to take an unlawful DNA test for no other purpose but to humiliate and defame and (sic) outstanding citizen who never been

---

[6] Plaintiff makes similar allegations regarding Mr. Kaufman in her 18 U.S.C. section 241 conspiracy claim and in her RICO claim. *See* Complaint ¶¶ 667-69, 681, 766, 711; *see also* Complaint at 67.

[7] Ms. Francis had been told to provide a DNA sample under the Under Justice for All Act of 2004 [Public Law 108-405 (October 30, 2004)]. *See* Petition for Warrant or Summons for Offender Under Supervision, attached as **Exhibit D** to Haller Decl.; *see also* 42 U.S.C. § 14135a.

Defendants Kaufman, Murrell and Lammers'
Amended Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW     4

(sic) convicted of a misdemeanor or felony in her life.
Complaint ¶ 392-95.

Undersigned counsel could not find any allegations regarding Mr. Murrell. Although Mr. Murrell is named as a defendant in the breach of fiduciary duty claim (Complaint ¶ 386) and in the 18 U.S.C. section 241 conspiracy claim (Complaint ¶ 658), there are no factual allegations in the Complaint regarding Mr. Murrell's actions or conduct.

Plaintiff seeks five billion dollars ($5,000,000,000) in damages. Complaint at 34. Plaintiff also seeks relief directed at the criminal case in Florida and the criminal appeal in the Eleventh Circuit, including the following:

1. Void all orders and judgments under case no 05-00027-CR-3-RV

2. Void all orders and judgments under appellate court under case no. 05-14985

3. Expunge falsified federal record in district court under case no. 05-00027-CR-3-RV, including, records of false arrest, fingerprints, photographs taken, forced trial, and falsified convictions

4. Exlpunge falsified appeal record in the appellate court under case no. 05-14985

[. . .]

11. Permanently remove unpublished falsified document form (sic) eleventh circuit website, under case no. 05-14985.

### III. ARGUMENT

#### A. This Court Must Dismiss the Complaint Against Mr. Kaufman, Mr. Murrell and Mr. Lammers for Lack of Personal Jurisdiction

##### 1. Legal Standard

It is the plaintiff's burden to establish jurisdiction. *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911, 912 (9th Cir.1990). A federal court may exercise personal jurisdiction that "comport[s] with the state long-arm statute, and with the constitutional requirement of due process." *Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 269 (9th Cir.1995).[8] California's long-arm

---

[8] There are two types of personal jurisdiction: general and specific. *Reebok Int'l Ltd. v. McLaughlin,* 49 F.3d 1387, 1391 (9th Cir.1995). General jurisdiction exists if the nonresident's contacts with the forum

Defendants Kaufman, Murrell and Lammers'
Amended Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW          5

statute permits its courts to exercise jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." CAL. CODE CIV. PROC. § 410.10. To establish the district court's personal jurisdiction over defendants, a plaintiff must show that: "(1) defendants purposefully availed themselves of the privilege of conducting activities in California, thereby invoking the benefits and protections of its laws; (2) [plaintiff's] claims arise out of defendants' California-related activities; and (3) the exercise of jurisdiction would be reasonable." *Ziegler v. Indian River County*, 64 F.3d 470, 472 (9th Cir. 1995).

### 2. Plaintiff Cannot Satisfy the Purposeful Availment Prong

"The purposeful availment requirement ensures that defendants will not be haled into a jurisdiction through random, fortuitous or attenuated contacts." *Ziegler*, 64 F.3d at 473. The "three elements of purposeful availment in tort cases are: (1) intentional action; (2) aimed at the forum state; and (3) causing harm that the defendant should have anticipated would be suffered in the forum state." *Ziegler*, 64 F.3d at 474.

Plaintiff's allegations do not show that Defendants "purposefully availed" themselves of the privilege of conducting activities in California. Mr. Lammers' actions are alleged to have occurred in the United States District Court for the Northern District of Florida. *See*, *e.g.*, Complaint ¶¶ 161, 163, 174, 289, 295, 392-95. His alleged acts ended in January 2006, before Ms. Francis allegedly moved to California, and Plaintiff alleges no harm in California resulting from Mr. Lammers' conduct.[9] Complaint ¶ 179. Similarly, Mr. Kaufman's alleged actions – namely filing an opposition to the government's motion to dismiss Ms. Francis' appeal – occurred entirely within the Eleventh Circuit; it was not an intentional action "aimed at" California, and Plaintiff does not allege what harm occurred in

---

are continuous and systematic, and the exercise of jurisdiction satisfies "traditional notions of fair play and substantial justice." *Id.* Because the Complaint does not allege any facts that could even remotely support a finding of general jurisdiction, Defendants will examine only specific jurisdiction here.

[9] It is worth noting that, to the extent that Defendants' actions had an effect in California, it was purely fortuitous. It appears from the Complaint that Francis relocated to San Francisco, California, without notifying her probation officer. *See* Complaint ¶¶ 179-81. But for Plaintiff's decision to re-locate, California would have had no relationship to this dispute whatsoever.

California as a result. *See* Complaint ¶¶ 324-325, 375, 396-401. As for Mr. Murrell, Plaintiff alleges no conduct whatsoever, much less actions intentionally "aimed at" California.

In short, Plaintiff's personal jurisdiction theory fails because Plaintiff cannot satisfy the "purposeful availment" prong.

### 3. Plaintiff Cannot Show that her Claims Arose Out of Defendants' California-Related Activities

For the same reasons, Plaintiff cannot meet the second prong of the personal jurisdiction inquiry. Plaintiff's Complaint alleges that her claims against Defendants are based on Defendants' conduct in Florida and within the Eleventh Circuit, and therefore cannot show that her claims arose out of Defendants' California-related activities. *Ziegler,* 64 F.3d at 473.

### 4. The Exercise of Personal Jurisdiction Would be Unreasonable

In deciding whether the exercise of personal jurisdiction would be reasonable, a court should consider the following:

(1) the extent of the defendant's purposeful injection into the forum;
(2) the defendant's burdens from litigating in the forum;
(3) the extent of conflict with the sovereignty of the defendant's state;
(4) the forum state's interest in adjudicating the dispute;
(5) the most efficient judicial resolution of the controversy;
(6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and
(7) the existence of an alternative forum.

*Ziegler*, 64 F.3d at 475. "All seven factors must be weighed. None is dispositive." *Id*.

None of these factors favors the exercise of personal jurisdiction. There was no purposeful injection into the forum. *See supra* at 6-7. Defendants' burdens in litigating Plaintiff's claims in California – thousands of miles from Defendants' residence and place of work – are substantial. Plaintiff's claims (to the extent that they are viable) concern alleged attorney misconduct, which Florida has a strong interest in adjudicating in accordance with its own laws and standards. The most efficient judicial resolution of the controversy would be in the United States District Court for the Northern District of Florida, which is familiar with the underlying criminal case. Plaintiff does not claim that the California forum furthers her interests in convenient and effective relief. And there plainly exists an

Defendants Kaufman, Murrell and Lammers'
Amended Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW         7

alternative forum – the Florida federal court – in which the controversy could be adjudicated.

In short, because Plaintiff fails to meet *any* of the requirements for the exercise of personal jurisdiction, her lawsuit against Defendants Kaufman, Murrell and Lammers must be dismissed.

### B.     Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted

#### 1.     Legal Standard

On a facial attack, Plaintiff's well-pleaded allegations must be taken as true. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). However, courts should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Id.* Moreover, "conclusory allegations and unreasonable inferences . . . are insufficient to defeat a motion to dismiss." *Perretta v. Prometheus Development Co*. 520 F.3d 1039, 1043 (9th Cir. 2008); *see also*, *e.g.*, *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (stating that a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). In addition, a plaintiff's subjective characterizations and bald assertions need not be accepted as true by a court. *See*, *e.g.*, *Wash. Legal Found. v. Mass. Bar Found.,* 993 F.2d 962, 971 (1st Cir. 1993) (stating that a court is not required to "honor subjective characterizations, optimistic predictions, or problematic suppositions."); *General Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 333 (3d Cir. 2001) ("While facts must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations, or legal conclusions.").

A district court should grant a motion to dismiss if plaintiffs have not pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* --- U.S. ---, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965; *see also Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir. 2008) (same).

While as a general rule a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, a court "may consider documents attached to the complaint, documents relied upon but not attached to the complaint when the authenticity of those documents is not

1  questioned, and other matters of which the Court can take judicial notice." *Entercom Sacramento, LLC*
2  *v. American Home Assur., Co.*, No. C 07-06493 JSW, 2008 WL 2025015, at *3 (N.D. Cal. May 8,
3  2008).

### 2. Argument

Because Plaintiff fails to state a claim upon which relief can be granted, Defendants must be dismissed from this case.

As an initial matter, it is worth noting that Defendants are explicitly named in three causes of action: Cause of Action No. 18 (Breach of Fiduciary Duty against Kaufman, Murrell and Lammers), Cause of Action No. 37 (18 U.S.C. § 241 against Kaufman and Lammers), and Cause of Action No. 39 (18 U.S.C. § 241 against Kaufman, Murrell and Lammers). In addition, Lammers is named in two "false imprisonment" claims (Cause of Action Nos. 11 and 12), Kaufman and Lammers are named in the RICO claim (Cause of Action No. 45), and all defendants are named in the fraud claim.

#### a. All Claims Must be Dismissed Against Defendant Murrell

As stated above, the Complaint contains *no* facts relating to Mr. Murrell. There is no explanation, anywhere in the Complaint, regarding why Mr. Murrell is named as a defendant. As such, all claims against Mr. Murrell must be dismissed. *See Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (court should grant a motion to dismiss if plaintiffs have not pled "enough facts to state a claim to relief that is plausible on its face.")[10]

#### b. Plaintiff's Breach of Fiduciary Duty Claim Must be Dismissed

When "a former criminal defendant sues his or her attorney for legal malpractice, the former client's actual innocence of the underlying criminal charges is a necessary element of the malpractice cause of action." *Coscia v. McKenna & Cuneo*, 25 Cal.4th 1194, 1197 (2001); *accord Lynch v. Warwick*, 95 Cal.App.4th 267, 270 (2002). In this context, "a former criminal defendant must obtain exoneration by post-conviction relief as a prerequisite to obtaining relief for legal malpractice." *Coscia*,

---

[10] To the extent that any claims against Mr. Murrell survive a *Twombly* inquiry, they are subject to dismissal for the reasons set forth below regarding Plaintiff's claims against Kaufman and Murrell.

Defendants Kaufman, Murrell and Lammers'
Amended Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW          9

25 Cal.4th at 1197. Moreover, it is not only legal malpractice claims that are barred: a criminal defendant is also prohibited from raising other related claims against his or her former attorney. *See*, *e.g.*, *Lynch v. Warwick*, 95 Cal.App.4th 267, 273-74 (2002) (actual innocence requirement applies even if claim against former criminal defense attorney is labeled as a theory other than legal malpractice).

The same rule applies under Florida law.[11] In *Steele v. Kehoe*, 747 So.2d 931 (Fla. 1999), the Florida Supreme Court held that "a convicted criminal defendant must obtain appellate or post-conviction relief as a precondition to maintaining a legal malpractice action." *Id.* at 933. The court justified its holding on the following policy reasons:

> (1) without obtaining relief from the conviction or sentence, the criminal defendant's own actions must be presumed to be the proximate cause of the injury; (2) monetary remedies are inadequate to redress the harm to incarcerated criminal defendants; (3) appellate, postconviction, and habeas corpus remedies are available to address ineffective assistance of counsel; (4) requiring appellate or postconviction relief prerequisite to a malpractice claim will preserve judicial economy by avoiding the relitigation of supposedly settled matters; and (5) relief from the conviction or sentence provides a bright line for determining when the statute of limitations runs on the malpractice action.

*Id.* Similar to California law, the Florida rule extends to causes of action related to a malpractice claim. *See*, *e.g.*, *Allen v. United States*, No. 6:07-cv-1188-Orl-22UAM, 2007 WL 3145091, at *9 (M.D. Fla. Oct. 25, 2007) (dismissing breach of fiduciary duty claim under *Steele v. Kehoe*).

Plaintiff does not allege that she has obtained exoneration by post-conviction relief. Complaint, *passim*. As a result, her breach of fiduciary duty claim against Defendants Kaufman and Lammers is squarely barred and must be dismissed. *Coscia*, 25 Cal.4th at 1197; *Steele*, 747 So.2d at 933.

### c.      Plaintiff's 18 U.S.C. Section 241 Claims Must be Dismissed

Plaintiff names Defendants Kaufman, Murrell and Lammers in two "conspiracy" causes of action alleging a violation of 18 U.S.C. section 241. *See* Cause of Action Nos. 37 and 39. Because section 241 provides no basis for civil liability, Plaintiff's section 241 claims must be dismissed. *See*, *e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that 18 U.S.C. section 241 "provide[s] no basis for

---

[11] Given that the alleged attorney-client relationships occurred entirely in Florida, this Court should apply Florida law. However, because California and Florida law are the same in this regard, the Court does not need to resolve the choice of law issue prior to dismissal.

Defendants Kaufman, Murrell and Lammers'
Amended Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW          10

civil liability."); *Moore v. Kamikawa*, 940 F. Supp. 260, 265 (D. Hawai'i 1995) (same); *Willing v. Lake Orion Community Schools Bd. of Trustees*, 924 F. Supp. 815, 818 (E.D. Mich. 1996) ("the law is clear that § 241 does not provide a basis for a civil liability.").

### d. Plaintiff's Remaining Causes of Action Against Defendants Must be Dismissed Under *Heck v. Humphrey*

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff seeking to recover damages under section 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87.

All of Plaintiff's remaining claims – whether false imprisonment, fraud, or civil RICO – implicate the *Heck* rule.[12] After all, Plaintiff's theory is that she was "falsely imprisoned" because there was never any legitimate criminal conviction against her (*see*, *e.g.*, Complaint ¶ 297), that Kaufman "further[ed]" the scheme to defraud by falsely stating that a jury had convicted Plaintiff (Complaint ¶ 375), and that Kaufman and Lammers participated in the RICO conspiracy by, respectively, writing an appeal "in absence of convictions" and urging Plaintiff to submit to DNA testing.[13] Complaint ¶¶ 766, 784. Accordingly, a judgment in Plaintiff's favor would "necessarily imply the invalidity" of Francis' conviction or sentence – Plaintiff could only prevail on her claims by showing that she in fact had not been properly convicted of a federal crime. As a result, all of Plaintiff's claims are barred under *Heck*. *See*, *e.g.*, *Lara v. City of Santa Clara Police Dept.*, No. C 07-2608 CRB (PR), 2007 WL 2753466, at *1 (N.D. Cal. Sept. 19, 2007) (holding that a plaintiff's claims "challenging/implicating the validity of his arrest, prosecution and conviction are barred under the rationale of *Heck*."); *Cabrera v. City of*

---

[12] Moreover, to the extent that Plaintiff's breach of fiduciary duty and section 241 claims are not otherwise barred, they also fail under *Heck*.

[13] Plaintiff's apparent theory is that she was not subject to DNA testing because she had never suffered a conviction. Complaint ¶ 395.

1  *Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (dismissing plaintiff's false arrest and imprisonment
2  claims under *Heck*); *Williams v. Waggener*, No. 07-16170, 2008 WL 803009, at *1 (9th Cir. Mar. 18,
3  2008) (affirming dismissal of malpractice and negligence claims against appointed counsel under *Heck*);
4  *Arnett v. Ament*, No. 1:06-00324-LJO-DLB PC, 2007 WL 2900491, at *2 (E.D. Cal. Oct. 1, 2007)
5  (dismissing claim against federal public defender under *Heck* because "[a] judgment in favor of plaintiff
6  on his claim that defendant violated his constitutional rights by interfering with the preparation of his
7  defense in his criminal case would necessarily imply the invalidity of his conviction."); *Trimble v. City*
8  *of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (affirming dismissal of claims against public defender
9  under *Heck*); *Garcia v. Scribner*, No. C 97-0742 CRB, 1998 WL 397895, at *2 (N.D. Cal. July 10, 1998)
10 ("The *Heck* principle applies with equal force to civil RICO claims."); *Williams v. Hill,* 878 F.Supp. 269,
11 270-73 (D.D.C. 1995) (*Heck* applicable to civil RICO action filed by a federal prisoner against federal
12 prosecutors and other officials).[14]

   **e.    Plaintiff's Complaint Should be Dismissed for Failure to Provide a "Short and Plain" Statement Pursuant to Rule 8(a)**

Plaintiff's 802-paragraph Complaint, with nearly 200 pages of exhibits, should also be dismissed under Rule 12(b)(6) for failure to comply with Rule 8(a)'s requirement that a complaint contain a "short and plain statement of the claim[.]" FED. R. CIV. P. 8(a)(2); *see also Porter v. Jones*, 319 F.3d 483, 494

---

[14] This extends, of course, to any section 1983 claims that could be construed to be against Defendants Kaufman, Murrell and Lammers. *Heck*, 512 U.S. at 486-87. Moreover, to the extent asserted against Messrs. Kaufman, Murrell and Lammers, Plaintiff's civil rights or *Bivens* causes of action must also be dismissed because a federal public defender does not act under "color of law." *See*, *e.g.*, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (dismissing *Bivens* claim against federal public defender because "a public defender does not act under color of federal law in performing the . . . functions as a lawyer to an indigent defendant in a federal criminal proceeding."); *Olmeda v. Babbits*, No. 07 Civ. 2140(NRB), 2008 WL 282122, at *7 (S.D.N.Y. Jan. 28, 2008) (holding that a plaintiff cannot sue his federal defender "under either 42 U.S.C. § 1983 or *Bivens* because appointed attorneys, no matter how they are paid, are their clients' agents and not the government's."); *Bell v. District Courts of Tacoma and Seattle*, No. CV 02-1052-BR, 2004 WL 2203274, at *2 (D. Or. Sept. 24, 2004) ("A federal public defender, appointed by a federal court to represent a defendant, does not act under color of federal law.").

(9th Cir. 2003) (stating that a complaint must satisfy the pleading requirements of Rule 8(a)(2) in order to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6)); *see also Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964) (holding that complaint that extended over 55 pages, excluding the prayer and exhibits, did not comply with Rule 8(a)).

### IV.   CONCLUSION

Based upon the foregoing, Plaintiff's Complaint against Mr. Kaufman, Mr. Murrell and Mr. Lammers must be dismissed for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

Dated: May 27, 2008                                   Respectfully Submitted,


                                                      /s/ Mary McNamara
                                                      Mary McNamara
                                                      Alexis Haller
                                                      SWANSON, McNAMARA & HALLER LLP
                                                      Attorneys for Defendants Chet Kaufman, Randolph
                                                      P. Murrell and Charles Lammers

Defendants Kaufman, Murrell and Lammers'
Amended Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW            13