1  Mary McNamara SBN 147131
   Alexis Haller SBN 201210
2  SWANSON, McNAMARA & HALLER LLP
   300 Montgomery Street, Suite 1100
3  San Francisco, California 94104
   Telephone: (415) 477-3800
4  Facsimile: (415) 477-9010

5  Attorneys for CHET KAUFMAN, RANDOLPH P. MURRELL,
   and CHARLES LAMMERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KAYTRENA J. FRANCIS, | Case No. CV 07-06125 JSW |
|---|---|
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANTS CHET KAUFMAN, RANDOLPH P. MURRELL AND CHARLES LAMMERS' MOTION TO DISMISS** |
| v. | |
| UNITED STATES OF AMERICA, et al. | |
| Defendants. | |

    The amended motion to dismiss of Defendants Chet Kaufman, Randolph P. Murrell and Charles Lammers ("Defendants") was filed on May 27, 2008. After consideration of the briefs and arguments of counsel, and all other matters presented to the Court, IT IS HEREBY ORDERED that Defendants' motion is GRANTED for the following reasons:

    First, this Court lacks personal jurisdiction over any of the Defendants. Given that all of Defendants' alleged conduct occurred in Florida and within the Eleventh Circuit, Plaintiff cannot satisfy the purposeful availment prong of the personal jurisdiction inquiry, cannot show that her claims arise out of Defendants' California-related activities, and cannot demonstrate that the exercise of jurisdiction would be reasonable. *Ziegler v. Indian River County*, 64 F.3d 470, 472 (9th Cir. 1995). As a result, the claims against Defendants are dismissed for lack of jurisdiction.

1    Second, the Complaint fails to state a claim upon which relief can be granted.  Under California
2 and Florida law, Plaintiff, a convicted criminal defendant, must obtain exoneration by post-conviction
3 relief before she can file malpractice and related claims against her criminal counsel.  *Coscia v.*
4 *McKenna & Cuneo*, 25 Cal.4th 1194 (2001); *Steele v. Kehoe*, 747 So.2d 931 (Fla. 1999).  As a result,
5 because Plaintiff has not obtained any post-conviction relief, her breach of fiduciary duty claim against
6 Defendants fails to state a claim.

7    Plaintiff's 18 U.S.C. section 241 claims against Defendants also fail, since section 241 does not
8 provide a basis for civil liability.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  All of
9 Plaintiff's remaining causes of action that name Defendants – false imprisonment, fraud, and civil RICO
10 – fail under *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff cannot prove that her "conviction
11 or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state
12 tribunal authorized to make such determination, or called into question by a federal court's issuance of a
13 writ of habeas corpus, 28 U.S.C. § 2254."  *Id.* at 486-87.

14    Finally, because the 802-paragraph Complaint does not contain a "short and plain" statement of
15 the relief requested, it is subject to dismissal.  *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964).

16    IT IS SO ORDERED.

17 Dated:

    The Honorable Jeffrey S. White
18  United States District Court

2