JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7155
FAX: (415) 436-6927
neill.tseng@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAYTRENA J. FRANCIS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>    Defendants. | No. CV 07-06125 JSW<br><br>**DEFENDANT,** IN HER INDIVIDUAL CAPACITY, **TRACEY BROADNAX'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date: August 8, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 2, 17th Floor<br>Honorable Jeffrey S. White |

DEF. TRACEY BROADNAX'S MOTION TO DISMISS
CV 07-06125 JSW

1  **PLEASE TAKE NOTICE** that Defendant, in her individual capacity, Tracey Broadnax will move this Court on August 8, 2008 at 9:00 a.m. in Courtroom 2, 17th Floor, United States Federal Building, 450 Golden Gate Ave., San Francisco, California, before the Honorable Jeffery S. White, U.S. District Judge, for an order dismissing all claims in the plaintiff's complaint against them pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(2), and/or Fed. R. Civ. P. 12(b)(6). This motion is based on this notice, the memorandum of points and authorities, all the matters of record filed with the Court, and such other evidence as may be submitted.

## STATEMENT OF RELIEF

Defendant, in her individual capacity, Tracey Broadnax ("Broadnax") moves for an order dismissing all claims against her.

## ISSUES TO BE DETERMINED

1. Whether there is personal jurisdiction over Broadnax.
2. Whether the complaint fails to state a claim against Broadnax.
3. Whether Broadnax is immune from suit.
4. Whether any claims alleged against Broadnax are barred by collateral estoppel.
5. Whether any claims alleged against Broadnax are barred under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

Plaintiff Kaytrena Francis ("Plaintiff" or "Francis") alleges over 40 different claims against over 40 defendants, most of whom are federal employees or agencies. The 802-paragraph complaint arises out of Francis's arrest, conviction, and sentence in the Northern District of Florida for disorderly conduct and resisting arrest. Francis seeks billions of dollars in damages from the various defendants. The claims against the Individual DOJ Defendants are wholly without merit and should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, and/or for failure to state a claim.

### II. STATEMENT OF FACTS.

Plaintiff's complaint arises out of an incident at the Eglin Air Force Base Fitness Center in Florida on December 10, 2004, involving the use of gym equipment. See generally Compl. ¶¶ 62-98. Francis was arrested and charged in the Northern District of Florida with (1) forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with two Air Force Security Forces Officers while they were engaged in official duties, in violation of 18 U.S.C. § 111, and (2) breaching the peace or disorderly conduct, in violation of 18 U.S.C. §§ 7, 13. See Information (filed March 11, 2005), attached to Decl. of Neill T. Tseng in Supp. of Fed. Defs.' Mots. to Dismiss, filed on March 10, 2008 (Docket #29) ("Tseng Decl."), as Ex. A.[1] Following a jury trial, Francis was found guilty of both charges on June 7, 2005. See Judgment (filed August 26, 2005), attached to Tseng Decl. as Ex. B. Senior United States District Judge Roger Vinson sentenced Francis to two years' probation on or around August 23, 2005. See id.

Francis then appealed her sentence to the United States Court of Appeals for the Eleventh Circuit, asserting that the District Court failed to make sufficient findings to support a sentence enhancement for obstruction of justice and that the conditions of her probation were unconstitutional delegations of judicial authority. See Mandate (issued October 13, 2006), attached to Tseng Decl. as Ex. C. Francis did not appeal her underlying conviction. The Eleventh Circuit affirmed the district court on or around September 14, 2006. See id.

While on probation, Francis committed three violations of her probation conditions. See Judgment (filed June 29, 2006), attached to Tseng Decl. as Ex. D. Her probation was revoked and she was sentenced to three months' imprisonment on or around June 28, 2006. See id.

Plaintiff filed her complaint in this action on December 4, 2007, alleging claims against the United States, the United States Air Force, the United States Department of Justice, the United States Courts, and the Federal Bureau of Prisons. Plaintiff also named as defendants various employees of the aforementioned agencies in both their individual and official capacities, as well as three of her defense counsel who were not federal employees. Plaintiff asserts claims

---

[1] The court may take judicial notice of court filings and other matters of public record. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006).

1  against the United States under the FTCA, and against the individual capacity defendants under
2  Bivens, 42 U.S.C. § 1983, 18 U.S.C. § 241, 42 U.S.C. § 1986, and "Civil RICO." See Compl. at
3  2-3.
4        Among the federal defendants named in their individual capacities is Tracey Broadnax,
5  who is alleged to have worked for the Bureau of Prisons in Orlando, Florida. Compl. ¶ 57.
6  Aside from paragraph 57, Broadnax is named in only one other paragraph in the complaint,
7  paragraph 191, which states in its entirety: "In July 2006 Tracey Broadnax joined the conspiracy.
8  Broadnax intentionally, willfully, maliciously, and falsified that: Francis was in jail on December
9  10, 2004; had a past history of violence (exhibit); was being designated to FCI Dublin for
10 assaulting a Navy Officer; and falsified that Francis was in transit with the intent to make it
11 appear that Francis was in custody as a fugitive."[2]

## III. LEGAL STANDARD.

13       To save the court's time and paper, Broadnax fully incorporates by reference the legal
14 standards for Rules 12(b)(1), 12(b)(2), and 12(b)(6) stated in section III of the Individual DOJ
15 Defendants' motion to dismiss filed concurrently herewith.

## IV. ARGUMENT.

### A. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

#### 1. There Has Not Been Proper Service.

20 "[B]efore a court may exercise personal jurisdiction over a defendant, the procedural
21 requirements of service of summons must be satisfied." Omni Capital Intern., Ltd. v. Rudolf
22 Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). Nothing in the docket sheet or record demonstrates

---

[2] Broadnax notes that the facts alleged are inaccurate. The full extent of Broadnax's involvement with Francis was to upload information pertinent to the circumstances surrounding the basis for her incarceration and relevant information from her past as reflected in materials receipted by the Bureau of Prisons from the probation office. See Ex. 2, attached to Decl. of Caixa Santos filed concurrently herewith, at 2 (emphasis added). Though the complaint alleges that Broadnax designated Francis to FCI Dublin, a federal prison in California, that is erroneous. That duty was carried out by Bureau personnel in the Bureau's Designation and Sentence Computation center in Grand Prairie, Texas. See id. at 1.

DEF. TRACEY BROADNAX'S MOTION TO DISMISS
CV 07-06125 JSW

3

that proper or timely service has been effected on Broadnax, and in fact, proper and timely service has not been effected.[3] A plaintiff must perfect two levels of service against a federal defendant sued in her individual capacity: (1) each individual defendant must be served pursuant to Rule 4(e)(1) or (2) of the Federal Rules of Civil Procedure, and (2) the United States Attorney and Attorney General must be served. Fed. R. Civ. P. 4(i)(3).

Rules 4(e)(1) and (2) require a plaintiff to effect service upon an individual defendant by either "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or delivering a copy of the summons and complaint to the individual personally, to a person over 18 at their home, or to an authorized agent. Broadnax resides in Florida, which is outside the Northern District of California. She received a copy of a summons and what purports to be the complaint in the mail from Plaintiff. However, this was not proper service because service by certified mail is not authorized by California or Florida law.

Cal. Code Civ. P. § 413.10(b) provides for service on out-of-state defendants in the same manner as authorized in California, or in any manner authorized in the state where the defendant is served. In California, "a summons may be served by leaving a copy of the summons and of the complaint during usual office hours in his or her office with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing." Cal. Civ. Proc. Code § 415.20. There is no provision for service by certified mail alone.

Similarly, Fla. Stat. § 48.031(1)(a) provides service of original process is to be made by delivering a copy of it to the person to be served, or by leaving the copies at his usual place of abode with any person residing therein who is 15 years of age or older. Florida law does not

---

[3] Broadnax appears specially by this motion for the purpose of seeking dismissal, and does not waive service, personal jurisdiction, or any other defense in doing so.

specifically provide for service by mail, though a defendant can accept it by mail without waiving any objections to venue or personal jurisdiction. See Fla. R. Civ. P. 1.070. This is similar to the waiver of service request that can be made under Fed. R. Civ. P. 4(d). However, no such request for waiver was made and Broadnax does not waive proper service. As neither federal law, California law, nor Florida law provides for service upon a federal employee in her individual capacity by certified mail, service has not been properly effected against Broadnax and dismissal is warranted. See Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987) (holding that "the failure to perfect individual service is fatal to [a] *Bivens* action").

Additionally, the complaint served bears no civil action number and appears considerably shorter than and to not contain all the pages of the complaint filed with the court. Because the item purported to be served appears not to be a "copy of the complaint" filed, service is not proper. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1529 (9th Cir. 1990).

Finally, dismissal is warranted under Rule 4(m) because more than 120 days have passed since the Complaint was filed on December 7, 2007. Under Rule 4(m), if proper service is not timely effected, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The movants do not object to either, but ask instead that the court dismiss the complaint with prejudice for the reasons stated in this motion.

### 2. Due Process Precludes Personal Jurisdiction Over Broadnax.

Second, service issues aside, for a court to exercise personal jurisdiction over a nonresident defendant, the requirements of the applicable state long-arm statute must be satisfied and the exercise of jurisdiction must comport with federal due process. Dow Chemical Co. v. Calderon, 422 F.3d 827, 830 (9th Cir. 2005). "California's long-arm statute, Cal.Civ.Proc.Code § 410.10, allows courts to 'exercise jurisdiction on any basis not inconsistent with the Constitution of [California] or of the United States.' This provision allows courts to exercise jurisdiction to the limits of the Due Process Clause of the U.S. Constitution." Id. at 830-31.

Federal due process, in turn, requires that the defendant have "minimum contacts" with the forum state of such a character "that the maintenance of the suit does not offend 'traditional

notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). The contacts with the forum state must be such that the defendant should "reasonably anticipate being haled into court there." Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Moreover, the due process clause requires that the "minimum contacts" have been purposefully established by the defendant. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).

The Ninth Circuit applies a three-part test to determine if personal jurisdiction lies over defendants. A plaintiff must show that: "(1) defendants purposefully availed themselves of the privilege of conducting activities in California, thereby invoking the benefits and protections of its laws; (2) his claims arise out of defendants' California-related activities; and (3) the exercise of jurisdiction would be reasonable." Ziegler v. Indian River County, 64 F.3d 470, 472 (9th Cir. 1995).

Plaintiff cannot satisfy the first two prongs because Broadnax is alleged to have worked in Florida and is not alleged to have conducted any activities in California.[4] Therefore, personal jurisdiction does not lie.

**B.    THE COMPLAINT FAILS TO STATE A CLAIM.**

As stated above, Broadnax is named in only two paragraphs of the complaint. Paragraph 57 identifies her, and paragraph 191 alleges in conclusory fashion that she "joined the

---

[4] Because the first two prongs are not met, there is no need to reach the third prong. However, should the court choose to reach that prong, the exercise of jurisdiction would not be reasonable. Reasonableness is determined on the basis of "(1) the extent of the defendant's purposeful injection into the forum; (2) the defendant's burdens of litigating in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." Ziegler, 64 F.3d at 475.

These factors demonstrate that jurisdiction in this court would be unreasonable. There has been no purposeful injection, or any injection, into the forum. Broadnax is located in Florida, not California. Thus, her burden of litigating this case in California is substantial and unreasonable, and the most efficient judicial resolution would be in Florida. Finally, to the extent that almost all of the acts complained of in this case occurred in Florida, Florida has a much greater interest than California in adjudicating the dispute.

1  conspiracy" and "intentionally, willfully, maliciously, and falsified" certain facts. These
2  allegations fail to state a claim against Broadnax because they are nothing more than speculative
3  legal conclusions without any basis in fact, and "'plaintiff is unable to articulate enough facts to
4  state a claim to relief that is plausible on its face.'" Schwenk v. County of Alameda, 2007 WL
5  1545266, *2 (N.D. Cal. 2007) (quoting Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

      C.      **ANY CLAIMS ARE BARRED BY QUALIFIED IMMUNITY.**

7  If there are any cognizable claims alleged against Broadnax, they are barred by qualified
8  immunity. A government official enjoys qualified immunity from civil damages unless his
9  conduct violates "'clearly established statutory or constitutional rights of which a reasonable
10 person would have known.'" Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting
11 Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "Qualified immunity is 'an entitlement not to
12 stand trial or face the other burdens of litigation.'" Saucier v. Katz, 533 U.S. 194, 200 (2001)
13 (citation omitted). As a result, the Supreme Court "'repeatedly [has] stressed the importance of
14 resolving immunity questions at the earliest possible stage in litigation.'" Id. at 201 (citation
15 omitted). Qualified immunity protects government officials from their exercise of poor
16 judgment, and fails to protect only those who are "plainly incompetent or those who knowingly
17 violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

18 The threshold question is: "Taken in the light most favorable to the party asserting the
19 injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier,
20 533 U.S. at 201. If not, the court need not inquire further and immunity applies. Id. If a
21 violation could be made out, the court next asks if the right was clearly established. Id. "The
22 relevant, dispositive inquiry in determining whether a right is clearly established is whether it
23 would be clear to a reasonable officer that his conduct was unlawful in the situation he
24 confronted." Id.

25 Here, the facts alleged do not show any violation of a constitutional right by Broadnax.
26 Setting aside Plaintiff's invective and legal conclusions, Broadnax is alleged merely to have
27 loaded information into the Bureau of Prisons computer system regarding Francis. This does not
28

1  violate any constitutional right, and from judicial notice of Francis's criminal proceedings,
2  including her sentence which was affirmed by the Eleventh Circuit, it is clear that Francis did not
3  have any constitutional rights violated more generally.

### D. ANY CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL.

If there are any cognizable claims alleged against Broadnax, those claims are barred by collateral estoppel and should be dismissed. Broadnax joins in section IV.D of the Individual DOJ Defendants' motion to dismiss filed concurrently herewith, and fully incorporate and assert as to themselves the facts, evidence, and arguments stated therein as to why all claims are barred by collateral estoppel and should be dismissed.

### E. ANY CLAIMS ARE BARRED BY HECK V. HUMPHREY.

If there are any cognizable claims alleged against Broadnax, those claims are barred by Heck v. Humphrey and should be dismissed. Broadnax joins in section IV.E of the Individual DOJ Defendants' motion to dismiss filed concurrently herewith, and fully incorporate and assert as to themselves the facts, evidence, and arguments stated therein as to why all claims are barred by Heck and should be dismissed.

## V. CONCLUSION.

For the foregoing reasons, the Court should dismiss all claims against Broadnax in her individual capacity.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: June 23, 2008          /s/
                              NEILL T. TSENG
                              Assistant United States Attorney