JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6927
    neill.tseng@usdoj.gov

Attorneys for Federal Defendants

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| KAYTRENA J. FRANCIS,<br><br>       Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>       Defendants. | No. CV 07-06125 JSW<br><br>**INDIVIDUAL JUDICIAL DEFENDANTS**, IN THEIR INDIVIDUAL CAPACITIES, CLYDE ROGER VINSON, MILES DAVIS, W. PAUL RAYBORN, JERRY MARBUT, ANDREW ELLIOTT, BRYAN E. JANSEN, LARRY GIBBS, DONNA EASTERLING, MICHAEL FELDMAN, JOEL F. DUBINA, FRANK M. HULL, ROSEMARY BARKETT, SUSAN H. BLACK, AND R. LANIER ANDERSON'S **NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date: August 8, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 2, 17th Floor<br>Honorable Jeffrey S. White |

INDIVIDUAL JUDICIAL DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW

1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.     INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.    ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

       A.    THE INDIVIDUAL JUDICIAL DEFENDANTS ARE IMMUNE
             FROM SUIT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

             1.    The Federal Judges Enjoy Absolute Judicial Immunity.. . . . . . . . . . . . . . 4

             2.    The Probation Officers Enjoy Absolute Quasi-Judicial Immunity. . . . . . 6

             3.    Deputy Clerk Marbut Enjoys Absolute and/or Qualified Immunity. . . . . 8

             4.    Court Reporter Rayborn Enjoys Qualified Immunity. . . . . . . . . . . . . . . 10

       B.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF
             PERSONAL JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

       C.    THE COMPLAINT FAILS TO STATE A CLAIM. . . . . . . . . . . . . . . . . . . . 14

       D.    ALL CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL. . . . . . . . . . . 15

       E.    ALL CLAIMS ARE BARRED BY HECK V. HUMPHREY. . . . . . . . . . . . . . . 15

V.     CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

## FEDERAL CASES

Aldabe v. Aldabe,
    616 F.2d 1089 (9th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Antoine v. Byers & Anderson, Inc.,
    508 U.S. 429 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

Ashelman v. Pope,
    793 F.2d 1072 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Bibeau v. Pacific Northwest Research Foundation Inc.,
    188 F.3d 1105 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Burger King Corp. v. Rudzewicz,
    471 U.S. 462 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Cleavinger v. Saxner,
    474 U.S. 193 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Demoran v. Witt,
    781 F.2d 155 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Dennis v. Sparks,
    449 U.S. 24 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Dorman v. Higgins,
    821 F.2d 133 (2d Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Dow Chemical Co. v. Calderon,
    422 F.3d 827 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Duvall v. County of Kitsap,
    260 F.3d 1124 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Forrester v. White,
    484 U.S. 219 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Friedman v. Younger,
    282 F. Supp. 710 (C.D. Cal. 1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Green v. Maraio,
    722 F.2d 1013 (2d Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Harlow v. Fitzgerald,
    457 U.S. 800 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Harvey v. Waldron,
    210 F.3d 1008 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Heck v. Humphrey,
    512 U.S. 477 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Huggins v. Malone,
    1998 WL 1054952 (E.D.N.C. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10, 11

International Shoe Co. v. Washington,
    326 U.S. 310 (1945). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

Jeffers v. Gomez,
    267 F.3d 895 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

Loubser v. Thacker,
    440 F.3d 439 (7th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

Malley v. Briggs,
    475 U.S. 335 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Martinez v. Winner,
    771 F.2d 424 (10th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

McLallen v. Henderson,
    492 F.2d 1298 (8th Cir. 1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

Meek v. County of Riverside,
    183 F.3d 962 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Mireles v. Waco,
    502 U.S. 9 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4, 6

Morse v. North Coast Opportunities, Inc.,
    118 F.3d 1338 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,
    484 U.S. 97 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

Penley v. Sandoval,
    2005 WL 3970822 (E.D. Tex. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

Porter v. Jones,
    319 F.3d 483 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

Reyn's Pasta Bella, LLC v. Visa USA, Inc.,
    442 F.3d 741 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

Rheuark v. Shaw,
    628 F.2d 297 (5th Cir. 1980), cert. denied, 450 U.S. 931 (1981). . . . . . . . . . . . . . . . .   10

Saucier v. Katz,
    533 U.S. 194 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Spaulding v. Nielsen,
    599 F.2d 728 (5th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

Stump v. Sparkman,
    435 U.S. 349 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

Tarter v. Hury,
    646 F.2d 1010 (5th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

*Tripati v. United States Immigration & Naturalization Serv.*,
    784 F.2d 345 (10th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Van Strum v. Lawn*,
    940 F.2d 406 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Walrath v. United States*,
    35 F.3d 277 (7th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*West Coast Theater Corp. v. City of Portland*,
    897 F.2d 1519 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Worldwide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ziegler v. Indian River County*,
    64 F.3d 470 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

## FEDERAL STATUTES

18 U.S.C. §§ 7, 13. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 111 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 9

18 U.S.C. § 241. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 15

18 U.S.C. § 1962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 3602(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 543. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

42 U.S.C. § 1986. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 4(i)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

 Fed. R. Civ. P. 12(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## STATE STATUTES

Cal. Civ. Proc. Code § 410.10. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**PLEASE TAKE NOTICE** that Defendants, in their individual capacities, Clyde Roger Vinson, Miles Davis, W. Paul Rayborn, Jerry Marbut, Andrew Elliott, Bryan E. Jansen, Larry Gibbs, Donna Easterling, Michael Feldman, Joel F. Dubina, Frank M. Hull, Rosemary Barkett, Susan H. Black, and R. Lanier Anderson will move this Court on August 8, 2008 at 9:00 a.m. in Courtroom 2, 17th Floor, United States Federal Building, 450 Golden Gate Ave., San Francisco, California, before the Honorable Jeffery S. White, U.S. District Judge, for an order dismissing all claims in the plaintiff's complaint against them pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(2), and/or Fed. R. Civ. P. 12(b)(6). This motion is based on this notice, the memorandum of points and authorities, all the matters of record filed with the Court, and such other evidence as may be submitted.

## STATEMENT OF RELIEF

Defendants, in their individual capacities, Clyde Roger Vinson, Miles Davis, W. Paul Rayborn, Jerry Marbut, Andrew Elliott, Bryan E. Jansen, Larry Gibbs, Donna Easterling, Michael Feldman, Joel F. Dubina, Frank M. Hull, Rosemary Barkett, Susan H. Black, and R. Lanier Anderson (collectively, the "Individual Judicial Defendants") move for an order dismissing all claims against them.

## ISSUES TO BE DETERMINED

1.      Whether the movants are immune from suit.

2.      Whether there is personal jurisdiction over the movants.

3.      Whether the complaint fails to state a claim against the movants.

4.      Whether the claims alleged against the movants are barred by collateral estoppel.

5.      Whether the claims alleged against the movants are barred under Heck v. Humphrey, 512 U.S. 477 (1994).

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

Plaintiff Kaytrena Francis ("Plaintiff" or "Francis") alleges over 40 different claims against over 40 defendants, most of whom are federal employees or agencies. The 802-paragraph complaint arises out of Francis's arrest, conviction, and sentence in the Northern District of

1  Florida for disorderly conduct and resisting arrest. Francis seeks billions of dollars in damages

2  from the various defendants. The claims against the Individual Judicial Defendants are wholly

3  without merit and should be dismissed for lack of subject matter jurisdiction, lack of personal

4  jurisdiction, and/or for failure to state a claim.

5  **II.    STATEMENT OF FACTS.**

6      Plaintiff's complaint arises out of an incident at the Eglin Air Force Base Fitness Center

7  in Florida on December 10, 2004, involving the use of gym equipment. <u>See generally</u> Compl. ¶¶

8  62-98. Francis was arrested and charged in the Northern District of Florida with (1) forcibly

9  assaulting, resisting, opposing, impeding, intimidating, and interfering with two Air Force

10  Security Forces Officers while they were engaged in official duties, in violation of 18 U.S.C. §

11  111, and (2) breaching the peace or disorderly conduct, in violation of 18 U.S.C. §§ 7, 13. <u>See</u>

12  Information (filed March 11, 2005), attached to Decl. of Neill T. Tseng filed on March 10, 2008

13  (Docket #29) ("Tseng Decl."), as Ex. A.[1]  Following a jury trial, Francis was found guilty of both

14  charges on June 7, 2005. <u>See</u> Judgment (filed August 26, 2005), attached to Tseng Decl. as Ex.

15  B. Senior United States District Judge Roger Vinson sentenced Francis to two years' probation

16  on or around August 23, 2005. <u>See id.</u>

17      Francis then appealed her sentence to the United States Court of Appeals for the Eleventh

18  Circuit, asserting that the District Court failed to make sufficient findings to support a sentence

19  enhancement for obstruction of justice and that the conditions of her probation were

20  unconstitutional delegations of judicial authority. <u>See</u> Mandate (issued October 13, 2006),

21  attached to Tseng Decl. as Ex. C. Francis did not appeal her underlying conviction. The Eleventh

22  Circuit affirmed the district court on or around September 14, 2006. <u>See id.</u>

23      While on probation, Francis committed three violations of her probation conditions. <u>See</u>

24  Judgment (filed June 29, 2006), attached to Tseng Decl. as Ex. D. Her probation was revoked

25  and she was sentenced to three months' imprisonment on or around June 28, 2006. <u>See id.</u>

26

27  ─────────────────

28      [1]    The court may take judicial notice of court filings and other matters of public record. <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 (9th Cir. 2006)

1    Plaintiff filed her complaint in this action on December 4, 2007, alleging claims against

2    the United States, the United States Air Force, the United States Department of Justice, the

3    United States Courts, and the Federal Bureau of Prisons.  Plaintiff also named as defendants

4    various employees of the aforementioned agencies in both their individual and official capacities,

5    as well as three of her defense counsel who were not federal employees. Plaintiff asserts claims

6    against the United States under the FTCA, and against the individual capacity defendants under

7    Bivens, 42 U.S.C. § 1983, 18 U.S.C. § 241, 42 U.S.C. § 1986, and "Civil RICO."  See Compl. at

8    2-3.

9    Among the federal defendants named in their individual capacities are Individual Judicial

10    Defendants Clyde Roger Vinson ("Senior Judge Vinson"), Miles Davis ("Magistrate Judge

11    Davis"), W. Paul Rayborn ("Rayborn"), Jerry Marbut ("Marbut"), Andrew Elliott ("Elliott"),

12    Bryan E. Jansen ("Jansen"), Larry Gibbs ("Gibbs"), Donna Easterling ("Easterling"), Michael

13    Feldman ("Feldman"), Joel F. Dubina ("Judge Dubina"), Frank M. Hull ("Judge Hull"),

14    Rosemary Barkett ("Judge Barkett"), Susan H. Black ("Judge Black"), and R. Lanier Anderson

15    ("Judge Anderson").  Senior District Judge Vinson and Magistrate Judge Davis are both judges

16    in the Northern District of Florida (Pensacola).  Judges Dubina, Hull, Barkett, Black, and

17    Anderson are judges on the Eleventh Circuit Court of Appeals.  See Compl.at ¶¶ 37, 38, 49-53.

18    Marbut and Rayborn are respectively alleged to be the court reporter and deputy clerk for Judge

19    Vinson in Pensacola, Florida.  See id. ¶ 39-40.  Elliott, Jansen, Gibbs, Easterling, and Feldman

20    are alleged to be United States Probation Officers in Pensacola, Florida.  See id. ¶¶ 41-45.

21    Plaintiff's complaint is lengthy and confusing, but it appears to allege the following

22    claims against the Individual Judicial Defendants: various Bivens claims alleging constitutional

23    violations (claims 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 32, 34, 35, 38, 40, 41); claims under 18

24    U.S.C. § 241 (claims 29, 33, 36, 37, 39); claims under 42 U.S.C. § 1986 (claims 42, 43); and

25    claims under 18 U.S.C. § 1962 (claims 45 and 46).[2]

26

27    [2]    To the extent Plaintiff asserts claims under both Bivens and 42 U.S.C. § 1983,
§ 1983 does not apply to federal actors.  See Morse v. North Coast Opportunities, Inc., 118 F.3d

28    1338, 1343 (9th Cir. 1997) ("by its very terms, § 1983 precludes liability in federal government
actors").

III.    **LEGAL STANDARD.**

To save the court's time and paper, the movants fully incorporate by reference the legal standards for Rules 12(b)(1), 12(b)(2), and 12(b)(6) stated in section III of the Individual DOJ Defendants' motion to dismiss filed concurrently herewith.

IV.    **ARGUMENT.**

A.    **THE INDIVIDUAL JUDICIAL DEFENDANTS ARE IMMUNE FROM SUIT.**

1.    **The Federal Judges Enjoy Absolute Judicial Immunity.**

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Judicial immunity protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." Forrester v. White, 484 U.S. 219, 225 (1988). It is not overcome by allegations of bad faith or malice, Mireles, 502 U.S. at 11, and it applies however erroneous or injurious the act may have been and irrespective of the judge's motivation, Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000). Neither do claims of conspiracy negate judicial immunity. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

Since the immunity is absolute, the focus of any case against a judge is whether he or she was acting in a judicial capacity. The Ninth Circuit has identified four factors to help determine whether a particular act was judicial in nature: whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers, (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001) (citing Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999)). All four factors weigh in favor of judicial immunity for the movant judges.

As to factor (1), the acts Francis complains of against the named judges were all normal judicial functions. Magistrate Judge Davis presided over Francis's initial appearance and arraignment on March 16, 2005. See Compl.¶¶ 104-08; Docket Nos. 1, 2 in Criminal Docket for USA v. Francis, Case #: 3:05-cr-00027-RV-1 (N.D. Fla.) ("Crim. Docket"), attached to Tseng

1    Decl. as Ex. E.  Magistrate Judge Davis later presided over proceedings relating to Francis's

2    probation violation in November 2005.  Crim. Docket Nos. 70, 72-74; Compl. ¶ 163.

3          After Francis demanded a trial before a district judge, see Crim. Docket No. 4, Senior

4    Judge Vinson presided over Francis's criminal case, including her jury trial, sentencing and

5    judgment.  See Crim. Docket Nos. 22-26, 40, 41; Compl. ¶¶ 120, 131, 136, 151, 152.  Senior

6    Judge Vinson later presided over proceedings related to Francis's probation violations in

7    November 2005 and June 2006.  See Crim. Docket Nos. 77, 78, 104, 106-109.

8          Eleventh Circuit Judges Dubina and Hull allegedly presided over various procedural or

9    administrative motions related to Francis's appeal.  See Compl. ¶¶ 166, 173, 182; see also

10   Docket Sheet in USA v. Francis, 05-14985-CC (11th Cir.) ("Appellate Docket"), attached to

11   Third Decl. of Neill T. Tseng in Supp. of Fed. Defs.' Mots. to Dismiss ("Third Tseng Decl."),

12   filed concurrently herewith, as Ex. J.  Eleventh Circuit Judges Anderson, Black, and Barkett

13   issued the opinion affirming Francis's probation and its conditions.  See Opinion filed Sept. 14,

14   2006 (Appellate Docket No. 49), attached to Third Tseng Decl. as Ex. K; Compl. ¶ 192.

15         As to factor (2), it is plain to see that all of the events, being normal judicial functions,

16   were of the type to occur inside the judges' chambers or courtroom, as opposed to outside.

17         As to factor (3), all of the controversies Francis complains of centered around a case then

18   pending before each judge.  The allegations involving Magistrate Judge Davis and Senior Judge

19   Vinson centered around events related to Francis's prosecution in USA v. Francis, Case #: 3:05-

20   cr-00027-RV-1 (N.D. Fla.).  The allegations involving the Eleventh Circuit judges centered

21   around events related to Francis's appeal of her sentence in USA v. Francis, 05-14985-CC (11th

22   Cir.).

23         As to factor (4), all of the events at issue – such as arraignment, issuing orders, presiding

24   over trial, deciding motions, sentencing, and deciding appeals – involved acts performed by the

25   judges in their official capacities during Francis's prosecution and appeal.  This is further seen by

26   the fact that Plaintiff has also brought claims against the judges in their official capacities over

27   the same events.

28

1    Thus, the four factors weigh wholly in favor of a finding of judicial immunity.  Plaintiff's

2    baseless allegation that the judges acted in the complete absence of all jurisdiction does not

3    compel a different result.  It is true that "a judge is not immune for actions, though judicial in

4    nature, taken in the complete absence of all jurisdiction."  Mireles, 502 U.S. at 12.  However,

5    "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity

6    of the judge."  Stump v. Sparkman, 435 U.S. 349, 356 (1978).  As long as a judge possesses

7    subject matter jurisdiction, he can assert judicial immunity.  Green v. Maraio, 722 F.2d 1013,

8    1017 (2d Cir. 1983).  Moreover, as long as a judge has jurisdiction to perform the "general act"

9    in question, he or she is immune "however erroneous the act may have been and "however

10   injurious in its consequences it may have proved to the plaintiff."  Cleavinger v. Saxner, 474

11   U.S. 193, 199-200 (1985).

12   It is clear from the complaint and from judicial notice of Francis's underlying criminal

13   proceedings that subject matter jurisdiction was proper and that the "general acts" complained of

14   – for example, arraignment, issuing orders, presiding over trial, deciding motions, sentencing,

15   and deciding appeals – were all acts that the judges had jurisdiction to perform in their respective

16   capacities as magistrate, district, and appellate judges.

17   **2.      The Probation Officers Enjoy Absolute Quasi-Judicial Immunity.**

18   Defendant probation officers Jansen, Easterling, and Feldman enjoy absolute immunity

19   against Plaintiff's claims.[3]  The functions of a probation officer are an integral part of the judicial

20   process.  Friedman v. Younger, 282 F. Supp. 710, 713  (C.D. Cal. 1968).  Federal probation

21   officers are appointed by the district courts and serve at the direction of the district court making

22   the appointment.  See 18 U.S.C. § 3602(a).   Thus, the Ninth Circuit has held that state probation

23   officers enjoy absolute immunity from damage actions under § 1983 as "officers whose functions

24   bear a close association to the judicial process."  Demoran v. Witt, 781 F.2d 155, 156 (9th Cir.

26   [3]      As stated in section IV.C below, there appear to be no specific allegations against
27   defendant probation officers Elliott or Gibbs in their individual capacities.  The individual
     capacity claims against Elliott and Gibbs should be dismissed for the reasons stated in this
28   motion, but Elliott and Gibbs do not waive their right to assert any immunity defense should
     there be any cognizable claims against them in their individual capacities.

1   1986).  That immunity applies equally to <u>Bivens</u> claims brought against federal probation

2   officers.  <u>See</u> <u>Antoine v. Byers & Anderson, Inc.</u>, 508 U.S. 429, 433 n.5 (1993) ("For purposes of

3   immunity, we have not distinguished actions brought under 42 U.S.C. § 1983 against state

4   officials from <u>Bivens</u> actions brought against federal officials."); <u>Van Strum v. Lawn</u>, 940 F.2d

5   406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under <u>Bivens</u> are identical save for the

6   replacement of a state actor under § 1983 by a federal actor under <u>Bivens</u>.").

7          Absolute immunity is necessary because the prospect of damage liability "would

8   seriously erode the officer's ability to carry his independent fact-finding function and thereby

9   impair the sentencing judge's ability to carry out his judicial duties."  <u>Demoran</u>, 781 F.2d at 157.

10  Moreover,

11          [a]llegations of malice or bad faith in the execution of the officer's duties are
            insufficient to sustain the complaint when the officer possesses absolute judicial
12          immunity.  <u>Dennis v. Sparks</u>, 449 U.S. 24, 31 (1980).  Any contrary rule would
            undermine the officer's ability to use his independent judgment during the
13          execution of his responsibilities without fear of suit before another tribunal.  <u>Id.</u>

14  <u>Demoran</u>, 781 F.2d at 158.

15          Jansen, Easterling and Feldman enjoy absolute immunity because their functions were an

16  integral part of the judicial process.  Jansen is alleged to have written a presentence report for

17  Francis.  <u>See</u> Compl. ¶ 619.  Probation officers prepare presentence reports at the direction of the

18  district court.  <u>See</u> <u>Dorman v. Higgins</u>, 821 F.2d 133, 137 (2d Cir. 1987).  As a result, they are

19  "accorded absolute immunity in connection with their preparation and presentation of

20  presentence reports."  <u>Id.</u> at 138; <u>accord</u> <u>Spaulding v. Nielsen</u>, 599 F.2d 728, 729 (5th Cir. 1979)

21  (<i>per curiam</i>); <u>Tripati v. United States Immigration & Naturalization Serv.</u>, 784 F.2d 345, 348

22  (10th Cir. 1986) (<i>per curiam</i>).

23          Easterling petitioned the court to issue a summons for Francis's probation violation, and

24  that petition was granted.  <u>See</u> Petition for Warrant or Summons for Offender Under Supervision

25  (Crim. Docket No. 68), attached to Third Tseng Decl. as Ex. L; Compl. ¶ 161.  This function

26  bears a close relation to the judicial process and therefore warrants absolute immunity.  <u>Cf.</u>

27  <u>Walrath v. United States</u>, 35 F.3d 277, 282 (7th Cir. 1994) (holding that signing a warrant for the

28

1    arrest of a parolee believed to have violated conditions of parole is protected by absolute
2    immunity).
3           Feldman is alleged to have signed papers for Francis to become a mental health patient.
4    See Compl. ¶ 330.  However, this was pursuant to the first condition of probation imposed by
5    Senior Judge Vinson, which stated, "As deemed necessary by the Probation Officer, the
6    defendant shall participate in a program of mental health treatment."  Ex. B, attached to Tseng
7    Decl., at 3.  As Feldman's actions were taken at the direction of the court, they bear a close
8    relation to the judicial process and warrant absolute immunity.

9              **3.**      **Deputy Clerk Marbut Enjoys Absolute and/or Qualified Immunity.**
10          The allegations against Marbut in his individual capacity are:

11       (1)     that he signed Francis's probation violation petition on November 7, 2005 with
12                    knowledge of its alleged falsity, Compl. ¶¶ 635, 767, 769;

13       (2)     that "Vinson had Marbut hold onto the petition until November 17, 2005 (Exhibit
14                    30) with the intent to deny Francis an opportunity to prepare for the improper
15                    proceeding; or prevent Francis from obtaining legal representation," id. ¶ 635;

16       (3)     that on or around September 10, 2005, Marbut "mailed Francis a falsified docket
17                    which falsified inter alia: Francis was tried for simple assault, Heather Baker was
18                    the lead attorney; Jury found Francis guilty on counts 1 (docket #29), that Francis
19                    did not appeal the falsified conviction (docket #'s 43,46)," id. ¶ 781;

20       (4)     that in December 2005, Marbut "mailed package containing falsified court
21                    documents to the Eleventh Circuit Court of Appeal for review in response to
22                    Francis Motion to Withdraw counsel for Professional Misconduct," id.;

23       (5)     that "November 17 Jerry Marbut faxed Eglin Air Force base legal office or Capt.
24                    Yoder a improper probation violation petition (Exhibit) alleging Francis was in
25                    violation of 18 U.S.C. 111 in absence of a sworn complaint, indictment, or
26                    conviction of 18 U.S.C. 11 1 or any offense against the United States," id. ¶ 783;

27       (6)     that Marbut "faxed a falsified warrant for Francis arrest to the San Francisco
28                    District court which misrepresented that Francis had absconded from probation of

1         18 U.S.C. 11 1 or was a fugitive with the intent to kidnap Francis and murder her

2         to prevent her from filing a FTCA or Bivens action because he knew that Vinson

3         lost his absolute immunity for actions taken in the clear absence of all

4         jurisdictions," id.

5        Court clerks "have absolute immunity from actions for damages arising from acts they are

6  specifically required to do under court order or at a judge's direction, and only qualified

7  immunity from all other actions for damages."  Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir.

8  1981).  Marbut is entitled to absolute immunity for actions (1),  (2), (4) and (6) above, because

9  they were taken at the order of the court.  As to action (1), the probation violation petition states

10  that the court ordered the issuance of a summons, and immediately below that, Marbut signed to

11  indicate that the summons was issued.  See Ex.L, attached to Third Tseng Decl., at 3; see also

12  Compl. Ex. 30.  Thus, it is apparent from the face of the petition that Marbut signed it at the

13  order of the court.

14       Similarly, as to action (6), the petition for warrant states on the third page that the court

15  ordered the issuance of a warrant, and immediately below that, Marbut signed to indicate that the

16  warrant was issued.  See Ex. M, attached to Third Tseng Decl., at 7; see also Compl. Ex. 42.  The

17  warrant was faxed to San Francisco because that was where Francis had relocated to.  See Ex. M,

18  attached to Third Tseng Decl.  Thus, it is apparent from the face of the petition that Marbut

19  signed and faxed it at the order of the court.

20       As to action (2), Plaintiff expressly alleges that Marbut committed the action at the

21  direction of Senior Judge Vinson.  See Compl. ¶ 635.  Action (4), meanwhile, was taken at the

22  direction of the 11th Circuit Court of Appeals.  See Ex. N, attached to Third Tseng Decl.  Thus,

23  both actions are absolutely immunized.

24       As to the remaining actions (3) and (5), qualified immunity applies.  A government

25  official enjoys qualified immunity from civil damages unless his conduct violates "'clearly

26  established statutory or constitutional rights of which a reasonable person would have known.'"

27  Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800,

28  818 (1982)).  "Qualified immunity is 'an entitlement not to stand trial or face the other burdens

1    of litigation.'" Saucier v. Katz, 533 U.S. 194, 200 (2001) (citation omitted). As a result, the

2    Supreme Court "'repeatedly [has] stressed the importance of resolving immunity questions at the

3    earliest possible stage in litigation.'" Id. at 201 (citation omitted). Qualified immunity protects

4    government officials from their exercise of poor judgment, and fails to protect only those who are

5    "plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335,

6    341 (1986).

7        The threshold question is: "Taken in the light most favorable to the party asserting the

8    injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier,

9    533 U.S. at 201. If not, the court need not inquire further and immunity applies. Id. If a

10   violation could be made out, the court next asks if the right was clearly established. Id. "The

11   relevant, dispositive inquiry in determining whether a right is clearly established is whether it

12   would be clear to a reasonable officer that his conduct was unlawful in the situation he

13   confronted." Id.

14       Marbut enjoys qualified immunity for actions (3) and (5). First, neither action shows any

15   violation of a constitutional right. Marbut allegedly mailed Francis the docket and faxed Capt.

16   Yoder the probation violation petition. Francis's conclusory characterizations that the docket

17   was falsified or the petition improper are disproven by the exhibits to her own complaint as well

18   as judicial notice of the underlying proceedings in Francis's criminal case. Second, even if a

19   constitutional violation could somehow be discerned due to errors in the docket or petition,

20   Marbut merely mailed and faxed those documents. There was no clearly established law putting

21   Marbut on notice that mailing and faxing official court documents was unlawful.

22              **4.    Court Reporter Rayborn Enjoys Qualified Immunity.**

23       Plaintiff's claims against Rayborn should be dismissed on the basis of qualified

24   immunity. "The Supreme Court has recognized that court reporters, though not entitled to

25   absolute immunity, are entitled to a qualified immunity defense." Huggins v. Malone, 1998 WL

26   1054952, *2 (E.D.N.C. 1998) (citing Antoine, 508 U.S. 429). In particular,

27           court reporters are entitled to a qualified immunity defense in actions in which
             plaintiffs alleged violations of due process rights based on the altered or untimely
28           preparation of transcripts. See, e.g., Rheuark v. Shaw, 628 F.2d 297 (5th Cir.
             1980), cert. denied, 450 U.S. 931 (1981); McLallen v. Henderson, 492 F.2d 1298,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1299 (8th Cir. 1974).  These courts have held that a court reporter can raise a defense of qualified immunity when he can show that "he was acting pursuant to his lawful authority and following in good faith the instructions or rules of the Court." <u>McLallen</u>, 492 F.2d at 1299.

<u>Huggins</u>, 1998 WL 1054952 at *2; <u>accord</u> <u>Penley v. Sandoval</u>, 2005 WL 3970822, *6 (E.D. Tex. 2005).  Moreover, conclusory allegations of bad motive or bad faith will not prevent dismissal on the basis of qualified immunity.  <u>See</u> <u>id.</u>

The claims against Rayborn revolve around the allegation that he "falsified, tampered, or altered the court transcripts" to falsify "Capt. Yoder and Capt. Astle address as being the same as Stephen Preisser with the intent to make it appear that Francis was prosecuted by someone who worked for the United States Department of Justice; with the intent to conceal that Francis was prosecuted by active duty military Staff judge advocates." Compl. ¶ 159 (citing Compl. Ex. 40); <u>see also</u> Compl. ¶¶ 317, 374, 621, 722, 762.  Compl. Ex. 40 purports to be a transcript of the first day of Francis's trial, and states that appearances were made for the government by Yoder and Astle, who are described as "Special Assistants United States Attorney" with an address of 21 East Garden Street, Suite 400, Pensacola, FL 32502-5675.  This apparently is the same address as that of the U.S. Attorney's Office for the Northern District of Florida in Pensacola.

There was no falsification of this address because Captains Yoder and Astle had been appointed by the U.S. Attorney for the Northern District of Florida pursuant to 28 U.S.C. § 543 as Special Assistant United States Attorneys ("SAUSAs") to prosecute Francis in district court.  The appointment affidavits clearly state that they were appointed to work in the U.S. Attorney's Office in Pensacola, Florida.  <u>See</u> Exs. G, H, attached to Second Decl. of Neill T. Tseng filed on April 11, 2008 (Docket No. 46).  Thus, by correctly entering their address as SAUSAs on the transcript, Rayborn acted pursuant to his lawful authority as a court reporter and followed in good faith the instructions or rules of the court.

### B.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

At this time, the individual-capacity claims against all Individual Judicial Defendants aside from Senior Judge Vinson and Marbut should be dismissed for lack of personal

jurisdiction.[4]  First, "before a court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied."  <u>Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.</u>, 484 U.S. 97, 104 (1987).  Nothing in the docket sheet or record demonstrates that proper[5] or timely[6] service has been effected on any of the movants.  Upon information and belief, proper service has not been effected on at least the following movants in their individual capacities under Fed. R. Civ. P. 4(i)(3): Judge Dubina, Rayborn, Marbut, Elliott, Jansen, Gibbs, Easterling, and Feldman.  Additionally, upon information and belief, the complaints served on some or all of the movants may be incomplete, shorter than, or otherwise different from the complaint filed.  If so, then any service was not proper.  <u>See</u> <u>West Coast Theater Corp. v. City of Portland</u>, 897 F.2d 1519, 1529 (9th Cir. 1990).  The movants appear specially by this motion for the purpose of seeking dismissal, and by this motion, none of the movants waives service, personal jurisdiction, or any other defense.

Second, service issues aside, for a court to exercise personal jurisdiction over a nonresident defendant, the requirements of the applicable state long-arm statute must be satisfied

---

[4]    Of the Individual Judicial Defendants, only Senior Judge Vinson and court clerk Marbut are alleged to have had any relation to California.  Senior Judge Vinson is alleged to have caused the U.S. Marshal to arrest Francis in San Francisco.  Compl. ¶ 185.  Marbut is alleged to have faxed the arrest warrant to San Francisco.  Compl. at first ¶ 326 (there are two paragraphs numbered 326), ¶ 783.

Senior Judge Vinson and Marbut do not concede that the alleged contacts were sufficient do establish personal jurisdiction, do not consent to personal jurisdiction and do not waive any personal jurisdiction argument.  Rather, because it appears there are sufficient alternative grounds for their dismissal at this time as stated in this motion, they will not needlessly use the court's time and paper arguing personal jurisdiction.  However, should the court deny the motion as to those other grounds, Senior Judge Vinson and Marbut reserve the right to argue later that the court lacks personal jurisdiction over them.

[5]    Fed. R. Civ. P. 4(i)(3) governs service of an officer or employee of the United States sued individually.

[6]    The complaint was filed on December 5, 2007, and the time limit for proper service was 120 days after that, or April 3, 2008.  <u>See</u> Fed. R. Civ. P. 4(m).  Under Rule 4(m), if proper service is not timely effected, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  The movants do not object to either, but ask instead that the court dismiss the complaint with prejudice for the reasons stated in this motion.

1    and the exercise of jurisdiction must comport with federal due process.  Dow Chemical Co. v.

2    Calderon, 422 F.3d 827, 830 (9th Cir. 2005).  "California's long-arm statute, Cal.Civ.Proc.Code §

3    410.10, allows courts to 'exercise jurisdiction on any basis not inconsistent with the Constitution

4    of [California] or of the United States.'  This provision allows courts to exercise jurisdiction to

5    the limits of the Due Process Clause of the U.S. Constitution."  Id. at 830-31.

6         Federal due process, in turn, requires that the defendant have "minimum contacts" with

7    the forum state of such a character "that the maintenance of the suit does not offend 'traditional

8    notions of fair play and substantial justice.'"  International Shoe Co. v. Washington, 326 U.S.

9    310, 316 (1945) (citation omitted).  The contacts with the forum state must be such that the

10   defendant should "reasonably anticipate being haled into court there."  Worldwide Volkswagen

11   Corp. v. Woodson, 444 U.S. 286, 297 (1980).  Moreover, the due process clause requires that the

12   "minimum contacts" have been purposefully established by the defendant.  Burger King Corp. v.

13   Rudzewicz, 471 U.S. 462, 474 (1985).

14        The Ninth Circuit applies a three-part test to determine if personal jurisdiction lies over

15   defendants.  A plaintiff must show that: "(1) defendants purposefully availed themselves of the

16   privilege of conducting activities in California, thereby invoking the benefits and protections of

17   its laws; (2) his claims arise out of defendants' California-related activities; and (3) the exercise

18   of jurisdiction would be reasonable."  Ziegler v. Indian River County, 64 F.3d 470, 472 (9th Cir.

19   1995).

20        Magistrate Judge Davis, the Eleventh Circuit Judges, court reporter Rayborn, and the

21   defendant probation officers do not meet either of the first two prongs, as none of them is alleged

22   to have conducted any activities in California.[7]  Magistrate Judge Davis, court reporter Rayborn,

23

24        [7]    Because the first two prongs are not met, there is no need to reach the third prong.
25   However, should the court choose to reach that prong, the exercise of jurisdiction would not be
     reasonable.  Reasonableness is determined on the basis of "(1) the extent of the defendant's
26   purposeful injection into the forum; (2) the defendant's burdens of litigating in the forum; (3) the
     extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in
27   adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the
     importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the
28   existence of an alternative forum."  Ziegler, 64 F.3d at 475.
          These factors demonstrate that jurisdiction in this court would be unreasonable.

1   and the defendant probation officers are all alleged to have worked in the Northern District of

2   Florida, see Compl. ¶¶ 38, 40-45, and all of their actions are alleged to have taken place there.

3   Nor are any of the Eleventh Circuit judges alleged to have conducted any activities in California.

4   They are all alleged to have worked in Atlanta, Georgia, see Compl. ¶¶ 49-53, all of their actions

5   are alleged to have taken place in the Eleventh Circuit, and as the court well knows and can take

6   judicial notice of, California is not a part of the Eleventh Circuit.  Therefore, personal jurisdiction

7   does not lie.

8           **C.      THE COMPLAINT FAILS TO STATE A CLAIM.**

9           Any claims against the movants over which the Court has jurisdiction should be

10  dismissed for failure to state a claim under the Rule 12(b)(6) standard delineated in <u>Bell Atlantic</u>

11  and the other controlling cases cited above.  The Court can plainly see that the allegations of the

12  complaint are too conclusory, speculative, and factually insufficient to state any cognizable

13  claim.  Examples of this are strewn throughout the complaint, and the movants hereby refer the

14  court to and incorporate by reference the examples and legal authority stated in the previous

15  motions to dismiss (and reply briefs) filed by the federal defendants in their official capacities in

16  the section of argument devoted to why the complaint fails to state a claim.  The allegations

17  against the federal defendants in their individual capacities are equally deficient, and the movants

18  will not needlessly use the court's time or paper illustrating further examples of why "the

19  complaint is long on invective but short on fact" and why "its allegations are simply too

20  indefinite to state a claim." <u>Martinez v. Winner</u>, 771 F.2d 424, 442 (10th Cir. 1985), <u>modified on

21  other grounds</u>, 778 F.2d 553 (10th Cir. 1985), <u>vacated as moot</u>, 800 F.2d 230 (10th Cir. 1986).

22          Additionally, as to Elliot and Gibbs in particular, there appears to be no specific

23  allegations against them sufficient to state a claim.  Aside from identifying Elliott, Compl. ¶ 41,

24  _____

25  As stated above, aside from Senior Judge Vinson and Marbut, there has been no purposeful
    injection into the forum.  None of the Individual Judicial Defendants are located in California;
26  they are all alleged to be located in Florida or elsewhere in the Eleventh Circuit.  Thus, their
    burdens of litigating this case in California are substantial and unreasonable, and the most
27  efficient judicial resolution would be in Florida.  Finally, to the extent that most or all of the acts
    complained of occurred in Florida and few or none of the acts occurred in California, Florida has
28  a much greater interest than California in adjudicating the dispute.

1   there are no allegations against Elliott in the complaint.  Gibbs is alleged to have been

2   Easterling's supervisor, Compl. ¶ 327, but there appears to be no specific allegation against

3   Gibbs in his individual capacity.[8]  Gibbs is alleged under Claim 14, styled as an FTCA claim for

4   invasion of privacy, to have "acted with deliberate indifference for Francis right to privacy."

5   Compl. second ¶ 328 (there are two paragraphs numbered 328 in the complaint).  However, as

6   that allegation arises under an FTCA claim, it does not appear meant to, and is insufficient by

7   itself to, state a claim against Gibbs in his individual capacity.

8       Furthermore, all claims brought under 18 U.S.C. § 241 (claims 29, 33, 36, 37, 39) should

9   be dismissed because § 241 is a criminal provision that "provide[s] no basis for civil liability."

10   Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

11       Finally, under Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003), the complaint should be

12   dismissed under Rule 12(b)(6) for failure to contain, as required by Rule 8(a)(2), a "short and

13   plain statement of the claim showing that the pleader is entitled to relief."   The lengthy,

14   repetitive, and rambling complaint should also be dismissed for being confusing.  See Loubser v.

15   Thacker, 440 F.3d 439, 443 (7th Cir. 2006).

16       **D.     ALL CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL.**

17       The Individual Judicial Defendants join in section IV.D of the Individual DOJ

18   Defendants' motion to dismiss filed concurrently herewith, and fully incorporate and assert as to

19   the Individual Judicial Defendants the facts, evidence, and arguments stated therein as to why all

20   claims are barred by collateral estoppel and should be dismissed.

21       **E.     ALL CLAIMS ARE BARRED BY HECK V. HUMPHREY.**

22       The Individual Judicial Defendants join in section IV.E of the Individual DOJ

23   Defendants' motion to dismiss filed concurrently herewith, and fully incorporate and assert as to

24   the Individual Judicial Defendants the facts, evidence, and arguments stated therein as to why all

25   claims are barred by Heck and should be dismissed.

26   **V.     CONCLUSION.**

27

28
_____

[8]     Moreover, there is no *respondeat superior* liability in Bivens actions.  Bibeau v.
Pacific Nw. Research Found. Inc., 188 F.3d 1105, 1114 (9th Cir. 1999).

1    For the foregoing reasons, the Court should dismiss all claims against the movants.

2

3                                  Respectfully submitted,

4                                  JOSEPH P. RUSSONIELLO
                                   United States Attorney
5

6    DATED: June 23, 2008          _____/s/_____
                                                NEILL T. TSENG
7                                               Assistant United States Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28