JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6927
    Email: neill.tseng@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAYTRENA J. FRANCIS, <br><br>    Plaintiff, <br><br>    v. <br><br>UNITED STATES OF AMERICA, ET AL. <br><br>    Defendants. | No. CV 07-06125 JSW <br><br>**INDIVIDUAL DOJ DEFENDANTS, IN THEIR INDIVIDUAL CAPACITIES, GREGORY R. MILLER, E. BRYAN WILSON, AND STEPHEN P. PREISSER'S NOTICE OF MOTION AND MOTION TO DISMISS** <br><br>Date: August 8, 2008 <br>Time: 9:00 a.m. <br>Place: Courtroom 2, 17th Floor <br>Honorable Jeffrey S. White |

**TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES TO BE DETERMINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.    Rule 12(b)(1) Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.    Rule 12(b)(2) Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    C.    Rule 12(b)(6) Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.    ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    THE INDIVIDUAL DOJ DEFENDANTS ARE ABSOLUTELY IMMUNE FROM SUIT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        1.    USA Miller and AUSA Preisser Enjoy Absolute Prosecutorial Immunity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        2.    AUSA Wilson Enjoys Absolute Immunity. . . . . . . . . . . . . . . . . . . . . . . 6

    B.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    C.    THE COMPLAINT FAILS TO STATE A CLAIM. . . . . . . . . . . . . . . . . . . . . . . . 9

    D.    ALL CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL. . . . . . . . . . . . 10

    E.    ALL CLAIMS ARE BARRED BY HECK V. HUMPHREY. . . . . . . . . . . . . . . 11

V.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

### FEDERAL CASES

Aldabe v. Aldabe,
    616 F.2d 1089 (9th Cir. 1980)..................................................... 10

Allen v. City of Los Angeles,
    92 F.3d 842 (9th Cir. 1996), overruled on other grounds,
    Acri v. Varian Assocs., Inc., 114 F.3d 999 (9th Cir. 1997)..................... 10

Ashelman v. Pope,
    793 F.2d 1072 (9th Cir. 1986)...................................................... 5

Balistreri v. Pacifica Police Department,
    901 F.2d 696 (9th Cir. 1988)..................................................... 4, 9

Barrett v. United States,
    798 F.2d 565 (2d Cir. 1986)....................................................... 7

Bell Atlantic Corp. v. Twombly,
    127 S. Ct. 1955 (2007)............................................................ 4

Bibeau v. Pacific Northwest Research Foundation Inc.,
    188 F.3d 1105 (9th Cir. 1999)..................................................... 6

Buckley v. Fitzsimmons,
    509 U.S. 259 (1993)............................................................... 5

Burger King Corp. v. Rudzewicz,
    471 U.S. 462 (1985)............................................................... 8

Butz v. Economou,
    438 U.S. 478 (1978)............................................................ 6, 7

Dole Food Co. v. Watts,
    303 F.3d 1104 (9th Cir. 2002)..................................................... 4

Dow Chemical Co. v. Calderon,
    422 F.3d 827 (9th Cir. 2005)...................................................... 8

Federation of African Amer. Contractors v. City of Oakland,
    96 F.3d 1204 (9th Cir. 1996)...................................................... 4

Fry v. Melaragno,
    939 F.2d 832 (9th Cir. 1991)...................................................... 7

Genzler v. Longanbach,
    410 F.3d 630 (9th Cir. 2005)...................................................... 5

Heck v. Humphrey,
    512 U.S. 477 (1994)............................................................ 1, 11

Imbler v. Pachtman,
    424 U.S. 409 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

In re Syntex Corp. Sec. Litg.,
    95 F.3d 922 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

International Shoe Co. v. Washington,
    326 U.S. 310 (1945). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Loubser v. Thacker,
    440 F.3d 439 (7th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Love v. United States,
    915 F.2d 1242 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Martin v. Sias,
    88 F.3d 774 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Martinez v. Winner,
    771 F.2d 424 (10th Cir. 1985), modified on other grounds, 778 F.2d 553
    (10th Cir. 1985), vacated as moot, 800 F.2d 230 (10th Cir. 1986). . . . . . . . . . . . . . . 10

Meade v. Grubbs,
    841 F.2d 1512 (10th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Migra v. Warren City School District Board of Education,
    465 U.S. 75 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Milstein v. Cooley,
    257 F.3d 1004 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Morse v. North Coast Opportunities, Inc.,
    118 F.3d 1338 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,
    484 U.S. 97 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Porter v. Jones,
    319 F.3d 483 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Reyn's Pasta Bella, LLC v. Visa USA, Inc.,
    442 F.3d 741 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Robertson v. Dean Witter Reynolds, Inc.,
    749 F.2d 530 (9th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Thornhill Publ. Co. v. Gen'l Telegraph & Electronics Corp.,
    594 F.2d 730 (9th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

West Coast Theater Corp. v. City of Portland,
    897 F.2d 1519 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Western Mining Council v. Watt,
    643 F.2d 618 (9th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

White v. Lee,
    227 F.3d 1214 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Worldwide Volkswagen Corp. v. Woodson,
    444 U.S. 286 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Ziegler v. Indian River County,
    64 F.3d 470 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**FEDERAL STATUTES**

18 U.S.C. § 7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 13. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 111. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 241. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

18 U.S.C. § 1962 (claim 45). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 2254. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

42 U.S.C. § 1986. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATE STATUTES**

Cal. Civ. Proc. Code § 410.10. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**FEDERAL RULES**

Fed. R. Civ. P. 4(i)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. Civ. P. 4(M). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. Civ. P. 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

Fed. R. Civ. P. 12(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 9

1 **PLEASE TAKE NOTICE** that Defendants, in their individual capacities, Gregory R. Miller, E. Bryan Wilson, and Stephen P. Preisser will move this Court on August 8, 2008 at 9:00 a.m. in Courtroom 2, 17th Floor, United States Federal Building, 450 Golden Gate Ave., San Francisco, California, before the Honorable Jeffery S. White, U.S. District Judge, for an order dismissing all claims in the plaintiff's complaint against them pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(2), and/or Fed. R. Civ. P. 12(b)(6). This motion is based on this notice, the memorandum of points and authorities, all the matters of record filed with the Court, and such other evidence as may be submitted.

**STATEMENT OF RELIEF**

Defendants, in their individual capacities, Gregory R. Miller, E. Bryan Wilson, and Stephen P. Preisser (collectively, the "Individual DOJ Defendants") move for an order dismissing all claims against them.

**ISSUES TO BE DETERMINED**

1. Whether the movants are immune from suit.
2. Whether there is personal jurisdiction over the movants.
3. Whether the complaint fails to state a claim against the movants.
4. Whether the claims alleged against the movants are barred by collateral estoppel.
5. Whether the claims alleged against the movants are barred under Heck v. Humphrey, 512 U.S. 477 (1994).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION.**

Plaintiff Kaytrena Francis ("Plaintiff" or "Francis") alleges over 40 different claims against over 40 defendants, most of whom are federal employees or agencies. The 802-paragraph complaint arises out of Francis's arrest, conviction, and sentence in the Northern District of Florida for disorderly conduct and resisting arrest. Francis seeks billions of dollars in damages from the various defendants. The claims against the Individual DOJ Defendants are wholly without merit and should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, and/or for failure to state a claim.

## II.    STATEMENT OF FACTS.

Plaintiff's complaint arises out of an incident at the Eglin Air Force Base Fitness Center in Florida on December 10, 2004, involving the use of gym equipment. See generally Compl. ¶¶ 62-98.  Francis was arrested and charged in the Northern District of Florida with (1) forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with two Air Force Security Forces Officers while they were engaged in official duties, in violation of 18 U.S.C. § 111, and (2) breaching the peace or disorderly conduct, in violation of 18 U.S.C. §§ 7, 13.  See Information (filed March 11, 2005), attached to Decl. of Neill T. Tseng in Supp. of Fed. Defs.' Mots. to Dismiss, filed on March 10, 2008 (Docket #29) ("Tseng Decl."), as Ex. A.[1]  Following a jury trial, Francis was found guilty of both charges on June 7, 2005.  See Judgment (filed August 26, 2005), attached to Tseng Decl. as Ex. B.  Senior United States District Judge Roger Vinson sentenced Francis to two years' probation on or around August 23, 2005.  See id.

Francis then appealed her sentence to the United States Court of Appeals for the Eleventh Circuit, asserting that the District Court failed to make sufficient findings to support a sentence enhancement for obstruction of justice and that the conditions of her probation were unconstitutional delegations of judicial authority.  See Mandate (issued October 13, 2006), attached to Tseng Decl. as Ex. C. Francis did not appeal her underlying conviction.  The Eleventh Circuit affirmed the district court on or around September 14, 2006.  See id.

While on probation, Francis committed three violations of her probation conditions.  See Judgment (filed June 29, 2006), attached to Tseng Decl. as Ex. D.  Her probation was revoked and she was sentenced to three months' imprisonment on or around June 28, 2006.  See id.

Plaintiff filed her complaint in this action on December 4, 2007, alleging claims against the United States, the United States Air Force, the United States Department of Justice, the United States Courts, and the Federal Bureau of Prisons.  Plaintiff also named as defendants various employees of the aforementioned agencies in both their individual and official capacities, as well as three of her defense counsel who were not federal employees. Plaintiff asserts claims

---

[1]    The court may take judicial notice of court filings and other matters of public record.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006).

INDIVIDUAL DOJ DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                              2

against the United States under the FTCA, and against the individual capacity defendants under Bivens, 42 U.S.C. § 1983, 18 U.S.C. § 241, 42 U.S.C. § 1986, and "Civil RICO." See Compl. at 2-3.

Among the federal defendants named in their individual capacities are Individual DOJ Defendants Gregory R. Miller ("USA Miller"), E. Bryan Wilson ("AUSA Wilson"), and Stephen P. Preisser ("AUSA Preisser"). USA Miller is the United States Attorney for the Northern District of Florida, and AUSAs Wilson and Preisser are Assistant United States Attorneys in the Northern District of Florida. Compl. ¶¶ 30-32. AUSA Wilson is the Civil/Appellate Chief and AUSA Preisser is a prosecutor in the criminal division.

Plaintiff's complaint is lengthy and confusing, but it appears to allege the following claims against the Individual DOJ Defendants: various Bivens claims alleging constitutional violations (claims 23, 38, 40); claims under 18 U.S.C. § 241 (claims 29, 33, 36, 37, 39); and a claim under 18 U.S.C. § 1962 (claim 45).[2]

**III.   LEGAL STANDARD.**

   **A.   Rule 12(b)(1) Standard.**

A Rule 12(b)(1) motion can attack either the sufficiency of the pleadings to establish federal jurisdiction or challenge the substance of the jurisdictional allegations despite the formal sufficiency of the complaint. Thornhill Publ. Co. v. Gen'l Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979). When a motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, the standard is the same as under a Rule 12(b)(6) motion. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).

When a defendant challenges the actual lack of jurisdiction, the plaintiff's allegations are not presumed to be truthful, and the plaintiff has the burden of proving that the court has jurisdiction. Thornhill Publ. Co., 594 F.2d at 733 (citation omitted). The court may look beyond

---

[2] To the extent Plaintiff asserts claims under both Bivens and 42 U.S.C. § 1983, § 1983 does not apply to federal actors. See Morse v. North Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997) ("by its very terms, § 1983 precludes liability in federal government actors").

INDIVIDUAL DOJ DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                              3

the complaint to matters of public record without converting the motion into one for summary judgment. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).

### B. Rule 12(b)(2) Standard.

"Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is appropriate." Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). When, as here, the motion is based on written materials and not an evidentiary hearing, the plaintiff must make a prima facie showing of jurisdictional facts. Id.

### C. Rule 12(b)(6) Standard.

Fed. R. Civ. P. 12(b)(6) permits dismissal upon the "failure to state a claim upon which relief can be granted." Dismissal may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)). Review is limited to the contents of the complaint, and all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See Federation of African Amer. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996) (citations omitted).

The Supreme Court emphasized last year in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007), that "[f]actual allegations must be enough to raise a right to relief above the speculative level." The Supreme Court also warned that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Thus, this Court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations," Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) (citations omitted), and "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim," In re Syntex Corp. Sec. Litg., 95 F.3d 922, 926 (9th Cir. 1996).

//

INDIVIDUAL DOJ DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                    4

## IV. ARGUMENT.

### A. THE INDIVIDUAL DOJ DEFENDANTS ARE ABSOLUTELY IMMUNE FROM SUIT.

#### 1. USA Miller and AUSA Preisser Enjoy Absolute Prosecutorial Immunity.

In Imbler v. Pachtman, 424 U.S. 409, 431 (1976), the Supreme Court held that, in initiating a prosecution and presenting the government's case, a prosecutor is immune from a civil suit for damages. The immunity extends to any activities of the prosecutor that are "intimately associated with the judicial phase of the criminal process . . . ." Id. at 430. Association with the judicial process results from the prosecutor's functioning in his role as advocate for the government. Id. at 430-31. Evaluating evidence and interviewing witnesses in preparation for trial are included within that role. Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993). Also included in that role are actions preliminary to the initiation of the prosecution and actions apart from the courtroom. Imbler, 424 U.S. at 431 n. 33. "Thus, a prosecutor enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution, used perjured testimony at trial, or suppressed material evidence at trial. A prosecutor is also absolutely immune for direct participation in a probable cause hearing, and for preparing and filing charging documents." Genzler v. Longanbach, 410 F.3d 630, 637 (9th Cir. 2005) (internal citations omitted).

In Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986), the Ninth Circuit noted that absolute prosecutorial immunity "applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" Id. at 1075 (citation omitted). It applies even if there are "grave procedural errors" made in prosecuting a case. Id. at 1077. Similarly, "allegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence." Id. at 1078. "The focus is on the nature or function of the prosecutor's activity," not his intent. Id. at 1076-78. The rationales behind absolute prosecutorial immunity are:

(1) to allow prosecutors to focus their energies on prosecuting, rather than

> defending lawsuits; (2) to enable prosecutors to exercise independent judgment in deciding which suits to bring and conducting them in court; (3) to preserve the criminal justice system's function of determining guilt or innocence by ensuring that triers of fact are not denied relevant (although sometimes conflicting) evidence because of prosecutors' fear of suit; and (4) to ensure fairness to defendants by enabling judges to make rulings in their favor without the subconscious knowledge that such rulings could subject the prosecutor to liability.

Milstein v. Cooley, 257 F.3d 1004, 1007 (9th Cir. 2001).

The claims against USA Miller center around his signing of the Information for the prosecution of Francis. See, e.g., Compl. ¶¶ 103, 258, 304, 469, 471; see also Information (filed March 11, 2005), attached to Decl. of Neill T. Tseng filed on March 10, 2008 (Docket #29) ("Tseng Decl."), as Ex. A; Compl. Ex. 7. The claims against AUSA Preisser revolve around his involvement in Francis's prosecution and appeal, including his alleged involvement with the Information (Crim. Docket No. 1, attached to Tseng Decl. as Ex. E), the November 7, 2005 probation violation petition (Crim. Docket No. 68), the government's May 26, 2005 response to Francis's motion to dismiss (Crim. Docket No. 15), the government's June 24, 2005 responses to Francis's motion to set aside judgment and motion for acquittal (Crim. Docket Nos. 33, 34), the March 8, 2006 motion to dismiss Francis's appeal (see Appellate Docket, attached to Third Decl. of Neill T. Tseng, filed concurrently herewith, as Ex. J) , and the June 28, 2006 probation violation petition (Crim. Docket No. 106). See, e.g., Compl. ¶¶ 103, 162, 181, 259, 261, 304, 313, 324, 368, 369, 471, 583, 618, 640, 651, 668, 695, 771. It is clear that all of the actions allegedly taken by USA Miller and AUSA Preisser were "intimately associated with the judicial phase" of Francis's criminal process and are protected by absolute immunity under the Supreme Court and Ninth Circuit precedents cited above.

Finally, if and to the extent Plaintiff seeks to hold USA Miller liable under a theory of respondeat superior, there is no respondeat superior liability in Bivens actions. Bibeau v. Pacific Nw. Research Found. Inc., 188 F.3d 1105, 1114 (9th Cir. 1999).

### 2.   AUSA Wilson Enjoys Absolute Immunity.

In Butz v. Economou, 438 U.S. 478, 516-17 (1978), the Supreme Court extended absolute immunity to agency attorneys participating in administrative proceedings. The Ninth Circuit subsequently held that

>the principles outlined in Butz should a fortiori apply to the government attorney's initiation and handling of civil litigation in a state or federal court. Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is "necessary to assure that ... advocates ... can perform their respective functions without harassment or intimidation."

Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir. 1991) (quoting Butz, 438 U.S. at 512; ellipses in original); accord Barrett v. United States, 798 F.2d 565, 572-73 (2d Cir. 1986). Thus, a government civil litigator is entitled to absolute immunity for any acts "intimately associated with the judicial phase" of the litigation. Fry, 939 F.2d at 837. Failure to initiate a civil complaint also lies within the ambit of absolute immunity. See Meade v. Grubbs, 841 F.2d 1512, 1532-33(10th Cir. 1988).

The allegations against AUSA Wilson are that he received three orders in the mail from Eleventh Circuit Judges Dubina and Hull: (1) an order filed January 6, 2006, denying Francis's motion to proceed pro se, see Compl. ¶¶ 173, 781, and at Ex. 34; (2) an order filed December 5, 2005, granting Francis's motion to terminate retained counsel Robert Harper and granting Harper's motion to withdraw, see Compl. ¶¶ 321, 660, and at Ex. 32; and (3) an order filed March 28, 2006, denying without prejudice to renewal the government's motion to dismiss appeal, see Compl. ¶¶ 671, 781, and at Ex. 45. As the Civil/Appellate Chief, AUSA Wilson receives copies of all appellate pleadings, including those in Francis's appeal. Plaintiff does not allege or explain why AUSA Wilson's receipt of the Eleventh Circuit orders was unlawful, and AUSA Wilson enjoys absolute immunity to the extent his receipt of those orders was "intimately associated with the judicial phase" of the litigation.

**B.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.**

"[B]efore a court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). Nothing in the docket sheet or record demonstrates

INDIVIDUAL DOJ DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                                    7

1  that proper[3] or timely[4] service has been effected on any of the movants.  Upon information and
2  belief, the complaints served on some or all of the movants may be incomplete, shorter than, or
3  otherwise different from the complaint filed.  If so, then any service was not proper.  See West
4  Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1529 (9th Cir. 1990).  The movants
5  appear specially by this motion for the purpose of seeking dismissal, and by this motion, none of
6  the movants waives service, personal jurisdiction, or any other defense.

7  Second, service issues aside, for a court to exercise personal jurisdiction over a
8  nonresident defendant, the requirements of the applicable state long-arm statute must be satisfied
9  and the exercise of jurisdiction must comport with federal due process.  Dow Chemical Co. v.
10 Calderon, 422 F.3d 827, 830 (9th Cir. 2005).  "California's long-arm statute, Cal.Civ.Proc.Code §
11 410.10, allows courts to 'exercise jurisdiction on any basis not inconsistent with the Constitution
12 of [California] or of the United States.'  This provision allows courts to exercise jurisdiction to
13 the limits of the Due Process Clause of the U.S. Constitution."  Id. at 830-31.

14 Federal due process, in turn, requires that the defendant have "minimum contacts" with
15 the forum state of such a character "that the maintenance of the suit does not offend 'traditional
16 notions of fair play and substantial justice.'"  International Shoe Co. v. Washington, 326 U.S.
17 310, 316 (1945) (citation omitted).  The contacts with the forum state must be such that the
18 defendant should "reasonably anticipate being haled into court there."  Worldwide Volkswagen
19 Corp. v. Woodson, 444 U.S. 286, 297 (1980).  Moreover, the due process clause requires that the
20 "minimum contacts" have been purposefully established by the defendant.  Burger King Corp. v.
21 Rudzewicz, 471 U.S. 462, 474 (1985).

---

[3]  Fed. R. Civ. P. 4(i)(3) governs service of an officer or employee of the United States sued individually.

[4]  The complaint was filed on December 5, 2007, and the time limit for proper service was 120 days after that, or April 3, 2008.  See Fed. R. Civ. P. 4(m).  Under Rule 4(m), if proper service is not timely effected, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  The movants do not object to either, but ask instead that the court dismiss the complaint with prejudice for the reasons stated in this motion.

INDIVIDUAL DOJ DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                                                8

The Ninth Circuit applies a three-part test to determine if personal jurisdiction lies over defendants. A plaintiff must show that: "(1) defendants purposefully availed themselves of the privilege of conducting activities in California, thereby invoking the benefits and protections of its laws; (2) his claims arise out of defendants' California-related activities; and (3) the exercise of jurisdiction would be reasonable." Ziegler v. Indian River County, 64 F.3d 470, 472 (9th Cir. 1995).

Plaintiff cannot satisfy the first two prongs because all of the movants are alleged to work in the Northern District of Florida, and none of them is alleged to have conducted any activities in California.[5]  Therefore, personal jurisdiction does not lie.

### C.    THE COMPLAINT FAILS TO STATE A CLAIM.

Any claims against the movants over which the Court has jurisdiction should be dismissed for failure to state a claim under the Rule 12(b)(6) standard delineated in Bell Atlantic and the other controlling cases cited above. The Court can plainly see that the allegations of the complaint are too conclusory, speculative, and factually insufficient to state any cognizable claim. Examples of this are strewn throughout the complaint, and the movants hereby refer the court to and incorporate by reference the examples and legal authority stated in the previous motions to dismiss (and reply briefs) filed by the federal defendants in their official capacities in the section of argument devoted to why the complaint fails to state a claim. The allegations

---

[5]    Because the first two prongs are not met, there is no need to reach the third prong. However, should the court choose to reach that prong, the exercise of jurisdiction would not be reasonable. Reasonableness is determined on the basis of "(1) the extent of the defendant's purposeful injection into the forum; (2) the defendant's burdens of litigating in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." Ziegler, 64 F.3d at 475.

These factors demonstrate that jurisdiction in this court would be unreasonable. As stated above, there has been no purposeful injection, or any injection, into the forum. Nor are any of the movants located in California, as they are all located in Florida. Thus, their burdens of litigating this case in California are substantial and unreasonable, and the most efficient judicial resolution would be in Florida. Finally, to the extent that all of the acts complained of occurred in Florida and none occurred in California, Florida has a much greater interest than California in adjudicating the dispute.

1  against the federal defendants in their individual capacities are equally deficient, and the movants
2  will not needlessly use the court's time or paper illustrating further examples of why "the
3  complaint is long on invective but short on fact" and why "its allegations are simply too
4  indefinite to state a claim." Martinez v. Winner, 771 F.2d 424, 442 (10th Cir. 1985), modified on
5  other grounds, 778 F.2d 553 (10th Cir. 1985), vacated as moot, 800 F.2d 230 (10th Cir. 1986).

6       Additionally, as to AUSA Wilson in particular, there appears to be no allegation against
7  him sufficient to state a claim.  He is alleged only to have received orders from Judges Dubina
8  and Hull, which by itself states no claim, and he is not specifically alleged to have undertaken
9  any illegal act.

10      Furthermore, all claims brought under 18 U.S.C. § 241 (claims 29, 33, 36, 37, 39) should
11  be dismissed because § 241 is a criminal provision that "provide[s] no basis for civil liability."
12  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

13      Finally, under Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003), the complaint should be
14  dismissed under Rule 12(b)(6) for failure to contain, as required by Rule 8(a)(2), a "short and
15  plain statement of the claim showing that the pleader is entitled to relief."   The lengthy,
16  repetitive, and rambling complaint should also be dismissed for being confusing.  See Loubser v.
17  Thacker, 440 F.3d 439, 443 (7th Cir. 2006).

### D. ALL CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL.

19  If there are any cognizable claims in the complaint over which the Court has jurisdiction,
20  those claims are barred by collateral estoppel and should be dismissed.  "Issue preclusion refers
21  to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and
22  decided.  This effect also is referred to as direct or collateral estoppel." Migra v. Warren City
23  School Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984) (internal citation omitted).

> Federal law governs the collateral estoppel effect of a federal case decided by a federal court.  Collateral estoppel applies where (1) the issue sought to be litigated is sufficiently similar to the issue present in an earlier proceeding and sufficiently material in both actions to justify invoking the doctrine; (2) the issue was actually litigated in the first case; and (3) the issue was necessarily decided in the first case.  A civil litigant may be estopped from relitigating an issue that was directly determined in a previous criminal action.

28  Allen v. City of Los Angeles, 92 F.3d 842, 849 (9th Cir. 1996) (internal quotation marks and

INDIVIDUAL DOJ DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                                         10

1  citations omitted), <u>overruled on other grounds by</u> <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999 (9th Cir. 1997).

All of Plaintiff's claims hinge on Plaintiff's bare assertion that she did not commit any crime at the Eglin Air Force Base Fitness Center on December 10, 2004. Only if that assertion holds true is any life breathed into her claims that she was wrongly arrested, prosecuted, convicted, sentenced, imprisoned, assaulted, battered, conspired against, invaded of privacy, libeled, misrepresented against, deceived, tortiously interfered with as to contractual rights, breached of fiduciary duty, and intentionally inflicted with emotional distress. Thus, a threshold issue in this action is whether Francis was guilty of disorderly conduct and resisting arrest at Eglin Air Force Base Fitness Center on December 10, 2004.

However, that issue is barred from relitigation under the three-part test for collateral estoppel stated above because (1) the issue is similar if not identical to the issue in Francis's criminal case, which was whether Francis was guilty of the crimes alleged; (2) the issue of Francis's guilt was actually litigated in the criminal prosecution; and (3) the determination of Francis's guilt was necessary to deciding the criminal case. Plaintiff is therefore collaterally estopped from asserting in this action that she did not commit the crimes; on the contrary, her guilt is conclusively established by the judgment in the criminal proceeding. As such, it is evident that Francis's complaint should be dismissed.

### E. ALL CLAIMS ARE BARRED BY <u>HECK V. HUMPHREY.</u>

Finally, all claims should be dismissed under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In <u>Heck</u>, the Supreme Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983.

<u>Id.</u> at 486-87. This holding is not limited to § 1983 cases, but applies equally to <u>Bivens</u> actions. <u>Martin v. Sias</u>, 88 F.3d 774, 775 (9th Cir. 1996).

INDIVIDUAL DOJ DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                                                        11

1  Because all of Plaintiff's claims ultimately challenge the validity of her conviction and
2  sentence (and correspondingly the validity of her preceding arrest, imprisonment, and
3  prosecution), each of those claims should be dismissed under the reasoning of Heck. To grant
4  Plaintiff relief in this action would require overturning the validity of her conviction and
5  sentence, yet Plaintiff has not alleged or demonstrated that her conviction or sentence was
6  reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Far
7  from it, Plaintiff's sentence was affirmed on appeal by the Eleventh Circuit.

## V.  CONCLUSION.

For the foregoing reasons, the Court should dismiss all claims against the movants.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: June 23, 2008                      /s/
                                   NEILL T. TSENG
                                   Assistant United States Attorney