JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6927
    neill.tseng@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAYTRENA J. FRANCIS, ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> UNITED STATES OF AMERICA, et al. ) <br> ) <br>     Defendants. ) <br> _____ ) | No. CV 07-06125 JSW <br><br> **INDIVIDUAL MARSHALS DEFENDANTS**, IN THEIR INDIVIDUAL CAPACITIES, DOMINIC GUADAGNOLI AND DONNA K. CATO'S **NOTICE OF MOTION AND MOTION TO DISMISS** <br><br> Date: August 8, 2008 <br> Time: 9:00 a.m. <br> Place: Courtroom 2, 17th Floor <br> Honorable Jeffrey S. White |

**PLEASE TAKE NOTICE** that Defendants, in their individual capacities, Dominic Guadagnoli and Donna K. Cato will move this Court on August 8, 2008 at 9:00 a.m. in Courtroom 2, 17th Floor, United States Federal Building, 450 Golden Gate Ave., San Francisco, California, before the Honorable Jeffery S. White, U.S. District Judge, for an order dismissing all claims in the plaintiff's complaint against them pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(2), and/or Fed. R. Civ. P. 12(b)(6). This motion is based on this notice, the memorandum of points and authorities, all the matters of record filed with the Court, and such other evidence as may be submitted.

INDIVIDUAL MARSHALS DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW

**STATEMENT OF RELIEF**

Defendants, in their individual capacities, Dominic Guadagnoli ("Guadagnoli") and Donna K. Cato ("Cato") move for an order dismissing all claims against them.

**ISSUES TO BE DETERMINED**

1. Whether there is personal jurisdiction over the movants.

2. Whether the complaint fails to state a claim against the movants.

3. Whether the movants are immune from suit.

4. Whether the claims alleged against the movants are barred by collateral estoppel.

5. Whether the claims alleged against the movants are barred under Heck v. Humphrey, 512 U.S. 477 (1994).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION.**

Plaintiff Kaytrena Francis ("Plaintiff" or "Francis") alleges over 40 different claims against over 40 defendants, most of whom are federal employees or agencies. The 802-paragraph complaint arises out of Francis's arrest, conviction, and sentence in the Northern District of Florida for disorderly conduct and resisting arrest. Francis seeks billions of dollars in damages from the various defendants. The claims against the Individual DOJ Defendants are wholly without merit and should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, and/or for failure to state a claim.

**II.   STATEMENT OF FACTS.**

Plaintiff's complaint arises out of an incident at the Eglin Air Force Base Fitness Center in Florida on December 10, 2004, involving the use of gym equipment. See generally Compl. ¶¶ 62-98. Francis was arrested and charged in the Northern District of Florida with (1) forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with two Air Force Security Forces Officers while they were engaged in official duties, in violation of 18 U.S.C. § 111, and (2) breaching the peace or disorderly conduct, in violation of 18 U.S.C. §§ 7, 13. See Information (filed March 11, 2005), attached to Decl. of Neill T. Tseng in Supp. of Fed. Defs.'

Mots. to Dismiss, filed on March 10, 2008 (Docket #29) ("Tseng Decl."), as Ex. A.[1]  Following a jury trial, Francis was found guilty of both charges on June 7, 2005.  See Judgment (filed August 26, 2005), attached to Tseng Decl. as Ex. B.  Senior United States District Judge Roger Vinson sentenced Francis to two years' probation on or around August 23, 2005.  See id.

      Francis then appealed her sentence to the United States Court of Appeals for the Eleventh Circuit, asserting that the District Court failed to make sufficient findings to support a sentence enhancement for obstruction of justice and that the conditions of her probation were unconstitutional delegations of judicial authority.  See Mandate (issued October 13, 2006), attached to Tseng Decl. as Ex. C. Francis did not appeal her underlying conviction.  The Eleventh Circuit affirmed the district court on or around September 14, 2006.  See id.

      While on probation, Francis committed three violations of her probation conditions.  See Judgment (filed June 29, 2006), attached to Tseng Decl. as Ex. D.  Her probation was revoked and she was sentenced to three months' imprisonment on or around June 28, 2006.  See id.

      Plaintiff filed her complaint in this action on December 4, 2007, alleging claims against the United States, the United States Air Force, the United States Department of Justice, the United States Courts, and the Federal Bureau of Prisons.  Plaintiff also named as defendants various employees of the aforementioned agencies in both their individual and official capacities, as well as three of her defense counsel who were not federal employees. Plaintiff asserts claims against the United States under the FTCA, and against the individual capacity defendants under Bivens, 42 U.S.C. § 1983, 18 U.S.C. § 241, 42 U.S.C. § 1986, and "Civil RICO."  See Compl. at 2-3.

      Among the federal defendants named in their individual capacities are Individual Marshals Defendants Dominic Guadagnoli and Donna K. Cato.  Cato is alleged to have been an investigative research specialist for the U.S. Marshals Service in Pensacola, Florida, and Guadagnoli is alleged to have been a Deputy U.S. Marshal in Pensacola, Florida.  Compl. ¶¶ 33-34.  There are no other allegations naming Cato or Guadagnoli anywhere in the complaint.

---

[1] The court may take judicial notice of court filings and other matters of public record.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006).

INDIVIDUAL MARSHALS DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                               3

**III.   LEGAL STANDARD.**

To save the court's time and paper, the movants fully incorporate by reference the legal standards for Rules 12(b)(1), 12(b)(2), and 12(b)(6) stated in section III of the Individual DOJ Defendants' motion to dismiss filed concurrently herewith.

**IV.   ARGUMENT.**

**A.   THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.**

"[B]efore a court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). Nothing in the docket sheet or record demonstrates that proper[2] or timely[3] service has been effected on any of the movants. Upon information and belief, the complaints served on some or all of the movants may be incomplete, shorter than, or otherwise different from the complaint filed. If so, then any service was not proper. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1529 (9th Cir. 1990). The movants appear specially by this motion for the purpose of seeking dismissal, and by this motion, none of the movants waives service, personal jurisdiction, or any other defense.

Second, service issues aside, for a court to exercise personal jurisdiction over a nonresident defendant, the requirements of the applicable state long-arm statute must be satisfied and the exercise of jurisdiction must comport with federal due process. Dow Chemical Co. v. Calderon, 422 F.3d 827, 830 (9th Cir. 2005). "California's long-arm statute, Cal.Civ.Proc.Code § 410.10, allows courts to 'exercise jurisdiction on any basis not inconsistent with the Constitution of [California] or of the United States.' This provision allows courts to exercise jurisdiction to

---

[2]   Fed. R. Civ. P. 4(i)(3) governs service of an officer or employee of the United States sued individually.

[3]   The complaint was filed on December 5, 2007, and the time limit for proper service was 120 days after that, or April 3, 2008. See Fed. R. Civ. P. 4(m). Under Rule 4(m), if proper service is not timely effected, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The movants do not object to either, but ask instead that the court dismiss the complaint with prejudice for the reasons stated in this motion.

INDIVIDUAL MARSHALS DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                                4

1   the limits of the Due Process Clause of the U.S. Constitution." Id. at 830-31.

2   Federal due process, in turn, requires that the defendant have "minimum contacts" with the forum state of such a character "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). The contacts with the forum state must be such that the defendant should "reasonably anticipate being haled into court there." Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Moreover, the due process clause requires that the "minimum contacts" have been purposefully established by the defendant. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).

The Ninth Circuit applies a three-part test to determine if personal jurisdiction lies over defendants. A plaintiff must show that: "(1) defendants purposefully availed themselves of the privilege of conducting activities in California, thereby invoking the benefits and protections of its laws; (2) his claims arise out of defendants' California-related activities; and (3) the exercise of jurisdiction would be reasonable." Ziegler v. Indian River County, 64 F.3d 470, 472 (9th Cir. 1995).

Plaintiff cannot satisfy the first two prongs because Guadagnoli and Cato are alleged to have worked in Florida, and neither of them is alleged to have conducted any activities in California, or any activities whatsoever since there are no other allegations against them.[4]

---

[4] Because the first two prongs are not met, there is no need to reach the third prong. However, should the court choose to reach that prong, the exercise of jurisdiction would not be reasonable. Reasonableness is determined on the basis of "(1) the extent of the defendant's purposeful injection into the forum; (2) the defendant's burdens of litigating in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." Ziegler, 64 F.3d at 475.

These factors demonstrate that jurisdiction in this court would be unreasonable. There has been no purposeful injection, or any injection, into the forum. Nor is either movant located in California, as they are both located in Florida. Thus, their burdens of litigating this case in California are substantial and unreasonable, and the most efficient judicial resolution would be in Florida. Finally, to the extent that almost all of the acts complained of in this case occurred in Florida (although none are complained of with respect to Cato or Guadagnoli

1 Therefore, personal jurisdiction does not lie.

### B.   THE COMPLAINT FAILS TO STATE A CLAIM.

As stated above, there are no allegations in the complaint naming Cato or Guadagnoli except for the two allegations identifying them respectively as an Investigative Research Specialist and a Deputy U.S. Marshal.  Compl. ¶¶ 33, 34.  Neither of those paragraphs alleges any violation of law, and Guadagnoli and Cato are not named anywhere else in the complaint.  Thus, the complaint clearly fails to state a claim against them and should be dismissed.

### C.   ANY CLAIMS ARE BARRED BY QUALIFIED IMMUNITY.

If there are any claims alleged against Guadagnoli or Cato, they are barred by qualified immunity.  A government official enjoys qualified immunity from civil damages unless his conduct violates "'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" Saucier v. Katz, 533 U.S. 194, 200 (2001) (citation omitted).  As a result, the Supreme Court "'repeatedly [has] stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" Id. at 201 (citation omitted).  Qualified immunity protects government officials from their exercise of poor judgment, and fails to protect only those who are "plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

The threshold question is: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier, 533 U.S. at 201.  If not, the court need not inquire further and immunity applies. Id.  If a violation could be made out, the court next asks if the right was clearly established. Id.  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id.

---

specifically), Florida has a much greater interest than California in adjudicating the dispute.

Here, the facts alleged do not show any violation of a constitutional right by Guadagnoli or Cato, because there are no facts alleged as to Guadagnoli or Cato beyond who they are.

### D. ANY CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL.

If there are any claims alleged against Guadagnoli or Cato, those claims are barred by collateral estoppel and should be dismissed. Guadagnoli and Cato join in section IV.D of the Individual DOJ Defendants' motion to dismiss filed concurrently herewith, and fully incorporate and assert as to themselves the facts, evidence, and arguments stated therein as to why all claims are barred by collateral estoppel and should be dismissed.

### E. ANY CLAIMS ARE BARRED BY HECK V. HUMPHREY.

If there are any claims alleged against Guadagnoli or Cato, those claims are barred by Heck v. Humphrey and should be dismissed. Guadagnoli and Cato join in section IV.E of the Individual DOJ Defendants' motion to dismiss filed concurrently herewith, and fully incorporate and assert as to themselves the facts, evidence, and arguments stated therein as to why all claims are barred by Heck and should be dismissed.

### V. CONCLUSION.

For the foregoing reasons, the Court should dismiss all claims against the movants.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: June 23, 2008            /s/
                                NEILL T. TSENG
                                Assistant United States Attorney