Exhibit J



**United States Court
of Appeals
for the Eleventh
Circuit**
56 Forsyth Street, N.W.
Atlanta, GA 30303-2289
(404) 335-6100

# 05-14985-CC
# USA v. Kaytrena J. Francis

## Closed

**Docket #:** 05-14985-CC

**Short Style:** USA v. Kaytrena J. Francis

**Docket Date:** 09/09/2005

**Lead Case:**

**Agency:**

**Nature of Suit:**

**Misc. Type:**

**Clerk:** Dixon, Eleanor

**Clerk Phone:** (404) 335-6172

## District Information

**Docket #:** 05-00027-CR-3-RV    **Judge:** Roger Vinson

**Dkt Date:** 03/24/2005    **District:** Florida-Northern

**NOA Date:** 09/01/2005    **Office:** NFL-Pensacola

### Secondary Case Information

**Docket #:    Judge:**

**Dkt Date:** / /

## Case Relationships

| Docket # | Short Style | Relation | Status |
|---|---|---|---|

## Pending Motions

No Pending Motions



**United States Court
of Appeals
for the Eleventh
Circuit**

56 Forsyth Street, N.W.
Atlanta, GA 30303-2289
(404) 335-6100

# 05-14985-CC
# USA v. Kaytrena J. Francis

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KAYTRENA J. FRANCIS,

Defendant-Appellant.



# United States Court OF Appeals FOR the Eleventh Circuit

56 Forsyth Street, N.W.
Atlanta, GA 30303-2289
(404) 335-6100

# 05-14985-CC
# USA v. Kaytrena J. Francis

| Appellant | Appellant Attorney |
|---|---|
| **Kaytrena J. Francis**<br>501 CHINQUAPIN DR<br>EGLIN AFB, FL 32542-1624<br>*E-Brief Tendered: Appellant filed on 02.16.2006*<br>*Appellant Brief Filed filed on 02.21.2006*<br>*Record Excerpts filed on 02.21.2006*<br>*Fees: IFP on 12.05.2005* | **Chet Kaufman**<br>Federal Public Defender<br>227 N BRONOUGH ST STE 4200<br>TALLAHASSEE, FL 32301-1300<br>(850) 942-8818<br>Fax: (850) 942-8809<br>chet_kaufman@fd.org<br>Federal Public Defender<br>*No Briefing Information Found.* |
| | **Randolph P. Murrell**<br>Federal Public Defender<br>227 N BRONOUGH ST STE 4200<br>TALLAHASSEE, FL 32301-1300<br>(850) 942-8818<br>Fax: (850) 942-8809<br>randolph_murrell@fd.org<br>Federal Public Defender<br>*No Briefing Information Found.* |

| Appellee | Appellee Attorney |
|---|---|
| | |

| **United States of America** | **E. Bryan Wilson** |
|---|---|
| Address Not On File | 111 N ADAMS ST STE 4 |
| | TALLAHASSEE, FL 32301-7730 |
| | (850) 942-8430 |
| | Fax: (850) 942-8448 |
| | BWilson@usa.doj.gov |
| | *E-Brief Tendered: Appellee filed on 03.21.2006* |
| | *Appellee Brief Filed filed on 03.22.2006* |
| | **Stephen P. Preisser** |
| | U.S. Attorney's Office |
| | 21 E GARDEN ST STE 400 |
| | PENSACOLA, FL 32502-5675 |
| | (850) 444-4000 |
| | Fax: (850) 434-2593 |
| | stephen.preisser@usdoj.gov |
| | *No Briefing Information Found.* |

| **Initial Service** | |
|---|---|
| **Heather A. Baker** | |
| 501 W VAN MATRE AVE STE 1 | |
| EGLIN AFB, FL 32542-5487 | |
| **Johanna Aileen Astle** | |
| 501 W VAN MATRE AVE STE 1 | |
| EGLIN AFB, FL 32542-5487 | |
| **Gregory Robert Miller** | |
| U.S. Attorney | |
| 111 N ADAMS ST STE 4 | |
| TALLAHASSEE, FL 32301-7730 | |
| (850) 942-8430 | |
| Fax: (850) 942-8424 | |
| gregory.miller@usdoj.gov | |



# United States Court
# of Appeals
# for the Eleventh
# Circuit

56 Forsyth Street, N.W.
Atlanta, GA 30303-2289
(404) 335-6100

# 05-14985-CC
# USA v. Kaytrena J. Francis

| | File Date | Entry | Party | Pending |
|---|---|---|---|---|
| | 09/13/2005 | DKT2 (Docketing Notice) issued. To:Harper, Robert Augustus, Jr.; c:Astle, Johanna Aileen; c:Baker, Heather A.; c:Miller, Gregory Robert; c:Preisser, Stephen P.; c:William McCool | | No |
| | 09/13/2005 | DC Order #48: IFP Denied: | Kaytrena J. Francis | No |
| | 09/13/2005 | Probable Jurisdiction Noted: | Kaytrena J. Francis | No |
| | 09/16/2005 | DKT6A (Letter re IFP denied by district court) issued. To:Harper, Robert Augustus, Jr.; c:Astle, Johanna Aileen; c:Baker, Heather A.; c:Miller, Gregory Robert; c:Preisser, Stephen P.; c:William McCool | | No |
| | 09/16/2005 | DC Order #51: DENYING Transcript at Government's Expense: | Kaytrena J. Francis | No |
| | 09/16/2005 | DC Order #52: DENYING Counsel's Motion to Withdraw | Kaytrena J. Francis | No |
| | 09/22/2005 | Appearance Form Submitted. | E. Bryan Wilson | No |
| | 09/26/2005 | Appearance Form Submitted. | Stephen P. Preisser | No |
| | 09/29/2005 | DC Order: IFP Denied "DENIED FROM RENEWED MOTION" | | No |
| | 10/07/2005 | Motion for Withdrawal of Counsel for Professional Misconduct. (Filed pro se) | | No |
| | 10/07/2005 | Motion for Transcript (IFP) | | No |
| | 10/07/2005 | Motion to Proceed IFP: | Kaytrena J. Francis | No |
| | 10/13/2005 | CLK1 (Letter to district court) issued. To: William McCool | | No |
| | 10/17/2005 | Appearance Form Submitted. | Robert Augustus Harper, Jr. | No |
| | 10/17/2005 | Motion to Withdraw as Counsel: (Atty: Robert Augustus Harper, Jr.) | Kaytrena J. Francis | No |
| | 10/27/2005 | Original Papers 1 vol pldgs & 5 sealed envelopes | | No |

| | | | | |
|---|---|---|---|---|
| | 12/05/2005 | Aplt's Mot. to Terminate Retained Cnsl Robert Harper is GRTD; Mot. to wd. by Retained Cnsl is GRTD; Aplt's Mots. for Apptd. Cnsl and IFP are GRTD. Aplt's Mot. for Trans. at Govt's expense is GRTD. (JFD) | | No |
| | 12/05/2005 | MOT2 (Notice of court action) issued. c: Astle, Johanna Aileen; c:Baker, Heather A.; c: Harper, Robert Augustus, Jr.; c:Miller, Gregory Robert; c:Preisser, Stephen P.; c: William McCool; c:Wilson, E. Bryan | | No |
| | 12/13/2005 | Appearance Form Not Needed for Court Appointment Federal Defender for Francis, Kaytrena J. | Randolph P. Murrell | No |
| | 12/13/2005 | IT IS ORDERED that the Federal Public Defender for the Northern District of Florida is appointed as counsel to represent appellant Kaytrena J. Francis. (CRW). | | No |
| | 12/13/2005 | DKT2 (Docketing Notice) issued. To: Murrell, Randolph P.; c:Astle, Johanna Aileen; c:Baker, Heather A.; c:Miller, Gregory Robert; c:Preisser, Stephen P.; c: William McCool; c:Wilson, E. Bryan | | No |
| | 12/13/2005 | MOT2 (Notice of court action) issued. To: Murrell, Randolph P.; c:Astle, Johanna Aileen; c:Baker, Heather A.; c:Francis, Kaytrena J.; c:Miller, Gregory Robert; c: Preisser, Stephen P.; c:William McCool; c: Wilson, E. Bryan | | No |
| | 12/21/2005 | Transcript Order Form: (hrgs. 6/6/-67/05, 8/23/05, 11/29/05) (Ct. Rptr. P. Rayborn) (Atty: Chet Kaufman) | Kaytrena J. Francis | No |
| | 12/21/2005 | Court Reporter Financial Arrangements: Est. filing date 1/21/06 (Atty: E. Bryan Wilson): | W. Paul Rayborn | No |
| | 12/22/2005 | Motion to Proceed Pro Se on Appeal (filed by Kaytrena J. Francis) | Kaytrena J. Francis | No |
| | 12/27/2005 | Appearance Form Not Needed for Court Appointment Federal Defender for Francis, Kaytrena J. | Chet Kaufman | No |

| | | | | |
|---|---|---|---|---|
| | 01/06/2006 | Motion to Proceed Pro Se on Appeal, filed by Appellant herself, and which is also construed as a motion for reconsideration of this Court's December 5, 2005 Order is DENIED. (JFD/FMH) | | No |
| | 01/06/2006 | MOT2 (Notice of court action) issued. c: Astle, Johanna Aileen; c:Baker, Heather A.; c: Francis, Kaytrena J.; c:Kaufman, Chet; c: Miller, Gregory Robert; c:Murrell, Randolph P.; c:Preisser, Stephen P.; c:William McCool; c:Wilson, E. Bryan | | No |
| | 01/06/2006 | Court Reporter Acknowledgement: | W. Paul Rayborn | No |
| | 01/12/2006 | Transcript Filed in D.C.: | W. Paul Rayborn | No |
| | 01/23/2006 | Briefing Notice Issued | | No |
| | 01/23/2006 | BR1 (Letter confirming brief due date) issued. c:Astle, Johanna Aileen; c:Baker, Heather A.; c:Kaufman, Chet; c:Miller, Gregory Robert; c:Murrell, Randolph P.; c: Preisser, Stephen P.; c:Wilson, E. Bryan | | No |
| **IMG** 30pages | 02/16/2006 | E-Brief Tendered: Appellant by Chet Kaufman for Kaytrena J. Francis | Kaytrena J. Francis | No |
| | 02/21/2006 | Appellant Brief Filed: (Atty: Chet Kaufman) | Kaytrena J. Francis | No |
| | 02/21/2006 | Record Excerpts: (Atty: Chet Kaufman) | Kaytrena J. Francis | No |
| | 03/08/2006 | Motion to Dismiss Appeal (with prejudice): (Atty: Stephen P. Preisser) | United States of America | No |
| | 03/13/2006 | Response to Motion to Dismiss Appeal: (Atty: Chet Kaufman) | Kaytrena J. Francis | No |
| **IMG** 29pages | 03/21/2006 | E-Brief Tendered: Appellee by Stephen P. Preisser. | United States of America | No |
| | 03/22/2006 | Appellee Brief Filed: (Atty: Stephen P. Preisser) | United States of America | No |
| | 03/27/2006 | No Reply Brief will be Filed per Letter from Counsel | | No |

| | | | | |
|---|---|---|---|---|
| | 03/28/2006 | Appellee's motion to dismiss this appeal based upon Appellant's fugitive status is DENIED WITHOUT PREJUDICE TO RENEWAL, subject to a determination by the district court that Appellant in fact is a fugitive. GBT/FMH/CRW | | No |
| | 03/28/2006 | MOT2 (Notice of court action) issued. c:Chet Kaufman; c:E. Bryan Wilson; c:Randolph P. Murrell; c:Stephen P. Preisser | | No |
| | 03/28/2006 | Record on Appeal | | No |
| | 03/28/2006 | Exhibits | | No |
| | 03/28/2006 | PSI | Kaytrena J. Francis | No |
| | 03/28/2006 | Certificate of Readiness | | No |
| | 09/14/2006 | Judgment Entered | | No |
| | 09/14/2006 | OPIN1 (Notice of issuance of opinion) issued. c:Chet Kaufman; c:E. Bryan Wilson; c:Randolph P. Murrell; c:Roger Vinson; c: Stephen P. Preisser | | No |
|  | 09/14/2006 | Opinion Issued | | No |
| | 10/13/2006 | Record and Exhibits Returned to District Court: 5vroa, 5envexh, 1psi | | No |
| | 10/13/2006 | CASE CLOSED-Mandate Issued | | No |
| | 10/13/2006 | Mandate Issued | | No |
| | 10/13/2006 | MDT1 (Letter issuing mandate) issued. To: William McCool; c:Chet Kaufman; c:E. Bryan Wilson; c:Randolph P. Murrell; c: Stephen P. Preisser | | No |

| PACER Service Center | |
|---|---|
| **Transaction Receipt** | |
| 06/18/2008 13:39:58 | |
| **PACER Login:** | du7674 | **Client Code:** | |
| **Description:** | docket sheet | **Case Number:** | 05-14985-CC |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

**Send Comment**     **Change Client Code**     **View Billing History**     **Search**

Exhibit K

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-14985
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 14, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00027-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KAYTRENA J. FRANCIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 14, 2006)

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Kaytrena J. Francis appeals her 24-month term of probation for resisting an

officer, 18 U.S.C. § 111, and disorderly conduct, 18 U.S.C. §§ 7, 13, Fla. Stat.

Ann. § 877.03, arguing that the district court failed to make sufficient findings to

support a sentence enhancement for obstruction of justice and two conditions of

her probation are unconstitutional delegations of judicial authority.

First, Francis argues that the district court did not make sufficient findings

concerning her sentence enhancement for obstruction of justice.  The standards for

reviewing the application of the Sentencing Guidelines before <u>United States v.

Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), apply after it as

well.  <u>United States v. Crawford</u>, 407 F.3d 1174, 1178 (11th Cir. 2005).  "A

sentencing court under <u>Booker</u> still must consider the Guidelines, and, such

consideration necessarily requires the sentencing court to calculate the Guidelines

sentencing range in the same manner as before <u>Booker</u>."  <u>Id.</u> at 1178-79 (citation

omitted).  We review a district court's factual findings regarding the imposition of

an enhancement for obstruction of justice for clear error and the district court's

application of the factual findings to the guidelines <u>de novo</u>.  <u>United States v.

Massey</u>, 443 F.3d 814, 818 (11th Cir. 2006).  "Where . . . the district court must

make a particularized assessment of the credibility or demeanor of the defendant,

such as when applying the obstruction of justice enhancement for perjury, we

accord special deference to the district court's credibility determinations, and we

2

review for clear error." <u>United States v. Banks</u>, 347 F.3d 1266, 1269 (11th Cir. 2003).

Though the district court should make specific findings "as to each alleged instance of obstruction by identifying the materially false statements individually. . . . a general finding that an enhancement is warranted suffices if it encompasses all of the factual predicates necessary for a perjury finding." <u>United States v. Singh</u>, 291 F.3d 756, 763 (11th Cir. 2002) (quotations and citations omitted). "Four elements must be present in order for a court to make a finding that a defendant perjured himself: (1) the testimony must be under oath or affirmation; (2) the testimony must be false; (3) the testimony must be material; and (4) the testimony must be given with the willful intent to provide false testimony and not as a result of a mistake, confusion, or faulty memory." <u>Singh</u>, 291 F.3d at 763 n.4. "Materiality" under this Guideline is "evidence, fact, statement, or information, that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 cmt. n.6. Even if a district court fails to make specific findings, "a remand is unnecessary if the record clearly reflects the basis for enhancement." <u>See</u> <u>United States v. Uscinski</u>, 369 F.3d 1243, 1246 (11th Cir. 2004).

Pursuant to U.S.S.G. § 3C1.1, a defendant may qualify for a two-level enhancement if he or she "willfully obstructed or impeded, or attempted to obstruct

or impede, the administration of justice during the course of the investigation,

prosecution, or sentencing of the instant offense of conviction . . . ." U.S.S.G.

§3C1.1.  One may obstruct or impede justice by "committing, suborning, or

attempting to suborn perjury."  U.S.S.G. § 3C1.1, cmt. n.4(b).  Perjury has been

defined, for the purpose of applying this enhancement, as "false testimony

concerning a material matter with the willful intent to provide false testimony,

rather than as a result of confusion, mistake, or faulty memory."  United States v.

Dunnigan, 507 U.S. 87, 94, 113 S.Ct. 1111, 1116, 122 L.Ed.2d 445 (1993).

The district court's general finding that Francis committed perjury is

sufficient to support the application of the enhancement.  First, Francis testified

under oath at her trial.  Second, the record is sufficient to show that many of her

statements were false compared with the testimony, which the court, construing the

evidence consistently with the jury's verdict and findings, believed to be true.

Francis testified that she did not:  point at Major Young and threaten her while

talking to Lieutenant Eskridge; did not refuse to allow officers to handcuff her; and

did not fold her arms in response to their requests to turn around, flail her arms,

repeatedly scream "rape" and "harassment," or try to bite Tech. Sergeant Dillon.

Francis's testimony was directly contradicted at trial by Eskridge, Master Sergeant

Shepard, and Dillon's testimony that she tried to bite Dillon, flailed her arms,

folded her arms to make it difficult to cuff her, refused to turn around to be cuffed,

repeatedly screamed "rape" and "harassment," and threatened Young.  As the jury

had to believe at least some of the behavior about which Eskridge, Shepard, and

Dillon testified regarding the resisting and disorderly conduct charges, then at least

some of Francis's testimony, which largely contradicted that testimony, is false.

Third, Francis's false testimony about not resisting arrest or conducting herself in a

disorderly manner was material as the precise issues under consideration at trial

were whether Francis's conduct was disorderly and whether she resisted arrest.

Lastly, the district court noted that Francis's testimony was plagued with

contradictions with the other trial evidence.  Her testimony consistently maintained

that she was not responsible for the initial altercation, its escalation, or her eventual

forcible arrest.  Because her testimony was consistent, it cannot be said to the result

of confusion or a mistake.  Further, because she testified to a complete series of

events, her testimony does not appear to be the result of a faulty memory.  Thus,

the district court's findings concerning the obstruction of justice enhancement were

not clearly erroneous.  Accordingly, we affirm on this issue.

Next, Francis argues that the conditions of her probation requiring her to

undergo mental health counseling and notify third parties of the risks associated

with her criminal record, both at the discretion of her probation officer, are

improper delegations of judicial authority.  Because Francis did not object to the

conditions of her supervised release, we will only reverse for plain error.  United

States v. Zinn, 321 F.3d 1084, 1088 (11 th Cir. 2003).  To satisfy the plain-error

standard, we must find that (1) the district court committed "error," (2) the error

was plain or obvious, and (3) the error "affected substantial rights" in that the error

was prejudicial and not harmless.  United States v. Olano, 507 U.S. 725, 730-32,

113 S.Ct. 1770, 1776, 123 L.Ed. 2d 508 (1993).  An error is not plain "unless the

error is clear under current law."  Id. at 734, 113 S.Ct. at 1777.  If these criteria are

met, this Court may, in its discretion, correct the plain error if it "seriously affect[s]

the fairness, integrity, or public reputation of judicial proceedings."  Id. at 736, 113

S.Ct. at 1779 (internal quotations and citation omitted).

In United States v. Heath, 419 F.3d 1312 (11th Cir. 2005), the district court

imposed a condition of supervised release that read as follows: "The defendant

shall participate if and as directed by the probation office in such mental health

programs as recommended by a psychiatrist or psychologist to include residential

treatment, outpatient treatment, and psychotropic medications as prescribed by a

medical doctor."  Id. at 1314.  We found the provision to be an improper delegation

to the program professionals of the supervision of Heath's participation in the

mental health program, as well as an improper delegation to the probation officer

of the ultimate decision of whether or not Heath was to participate at all in the program.  Id. at 1314-15.  Because requiring that a defendant participate in mental health counseling is "unquestionably a judicial function," the error was plain.  Id. at 1315.  Further, it affected Heath's sentence because it surely would not have been the same but for the error.  Id. at 1315-16.  Additionally, a "plainly erroneous condition of supervised release will inevitably affect substantial rights, as a defendant who fails to meet that condition will be subject to further incarceration." United States v. Pruden, 398 F.3d 241, 251 (3d Cir. 2005).

Francis's initial conditions of probation provided: "As deemed necessary by the Probation Officer, the defendant shall participate in a program of mental health treatment."  This provision left the decision of whether Francis participate in counseling to her probation officer.  As such, it delegated authority to require mental health counseling, an authority that belongs to the court,  not to the probation officer.  The district court plainly erred in imposing the condition. However, after finding that Francis violated other probation conditions, the district court ordered Francis to participate in mental health and anger management counseling arranged by the probation officer.  As the district court has ordered counseling, the decision no longer rests with the probation officer and no longer runs afoul of Heath.

7

Turning to Francis's second argument about the improper delegation of authority to the probation officer, we hold that the district court did not err. In United States v. Nash, 438 F.3d 1302, 1304 (11th Cir. 2006), the district court imposed the same condition of supervised release that read as follows:

> As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and conform the defendant's compliance with such notification requirement.

We held that the provision was not an improper delegation of a judicial function to a probation officer. Id. at 1306. Though the probation officer directs "when, where, and to whom notice must be given," he had no control over whether Nash had to provide notice at all. Id. The standard condition only directed the probation officer to oversee Nash's sentence, not determine it. Id. The condition of Francis's probation concerning notification of third parties as to her criminal history was identical to the condition analyzed in Nash. Further, the guidelines specifically recommend the inclusion of an identical standard condition. Thus, the district court did not err in including the standard condition as a condition of Francis's probation. Accordingly, we affirm.

**AFFIRMED.**

8

Exhibit L

NDFL PROB 12C
07/2000

# United States District Court
### for the
### Northern District of Florida
### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:    Kaytrena J. Francis            Case Number:  3:05CR27-001/RV

Name of Sentencing Judicial Officer:        Senior U.S. District Judge Roger Vinson

Date of Original Sentence:        August 23, 2005

Original Offense:    Count 1: Resisting, Opposing, Impeding or Interfering with Certain Officers, in
violation of 18 U.S.C. § 111

Original Sentence:    2 years probation

Type of Supervision:    Probation        Date Supervision Commenced:    August 23, 2005

Asst. U.S. Attorney:    Captain Johanna A. Astle        Defense Attorney: Robert A. Harper
(SAUSA)                    (Retained)

## PETITIONING THE COURT

[  ]    To issue a warrant
[ X ]    To issue a summons
[  ]    Other:  File for violation proceedings

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Violation of Mandatory Condition which states in part, "The defendant shall submit to one drug test within 15 days of release from placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer"; and Violation of Standard Condition number three which states, "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** On August 23, 2005, the offender was instructed to return to the U.S. Probation Office in Pensacola, Florida, the next week to provide a urine specimen pursuant to the mandatory drug testing requirement. The offender failed to report as instructed. When confronted regarding her failure to report as instructed, she admitted she did not report because gas prices were too high. |

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.

05 NOV -7 PM 12: 39

FILED

RE:    Kaytrena J. Francis, DKT # 3:05CR27-001/RV
       Petition for Warrant or Summons for Offender Under Supervision
       Page #2

2    **Violation of Mandatory Condition which states in part, "the defendant shall not commit another federal, state, or local crime"; and Violation of Standard Condition number three which states, "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** On September 29, 2005, a written appointment notice was mailed to the offender instructing Mrs. Francis to report to the U.S. Probation Office in Pensacola, Florida, on October 28, 2005, for DNA collection pursuant to the Under the Justice for All Act of 2004 [Public Law 108-405 (October 30, 2004)]. Attached to the appointment notice was a standard letter informing the offender that "Failure to cooperate could be both a violation of your conditions of release, and you could be charged with a Class A misdemeanor under 42 U.S.C. § 14135a(a)(5) which is punishable by a sentence of one year imprisonment and fines up to $100,000." On October 24, 2005, the offender was also instructed by telephone to report for DNA collection on October 28, 2005. Mrs. Francis indicated she is appealing her sentence and additionally does not plan to provide a DNA specimen. She was instructed to report to our office in person on Friday, October 28, 2005, to discuss the requirement and make an informed decision regarding this matter. Following the scheduled appointment time, when the offender failed to report, this officer left messages for the offender on her home phone to call this officer as soon as possible. However, no response has been received as of November 3, 2005. The offender has failed to report in person or contact this officer by telephone.

3    **Violation of Standard Condition number two which states "The defendant shall report to the probation officer and submit a truthful and complete written report within the first five days of each month."** On August 23, 2005, the offender reported to the U.S. Probation Office in Pensacola, Florida, and was instructed on the conditions of probation by Sr. U.S. Probation Officer Mike Feldman. Mrs. Francis signed the Probation Form 7A outlining the conditions of probation and acknowledging an understanding of the same. The offender has failed to submit written monthly reports as required for the months of August and September 2005, as of November 3, 2005.

U.S. Probation Officer Recommendation:

    The term of supervision should be:

        [ X ] Revoked
        [    ] Extended

[    ]    The conditions of supervision should be modified as follows:

                    I declare under penalty of perjury that the foregoing is true and correct.

                    Executed on      November 3, 2005

                                     Donna D. Easterling
                                     U.S. Probation Officer

RE:    Kaytrena J. Francis. DKT # 3:05CR27-001/RV
       Petition for Warrant or Summons for Offender Under Supervision
       Page #3

THE COURT ORDERS

[  ]   No Action
[  ]   The Issuance of a Warrant
[ ✓ ]  The Issuance of a Summons
[  ]   Other: File for violation proceedings

_____
Signature of Judicial Officer

_____
Date

Warrant/Summons Issued:    _11/7/2005_        [signature]
                            Date               Deputy Clerk

Exhibit M

**UNITED STATES DISTRICT COURT**
**Northern District of California**
**450 Golden Gate Avenue**
**San Francisco, California 94102**

www.cand.uscourts.gov

Richard W. Wieking                                                    General Court Number
Clerk                                                                415.522.2000

June 9, 2006

Office of the Clerk
U.S. District Court                                 3:05 cr 27 Rw
1 North Palafox St.
Pensacola, FL 32502

Case Name:        US-v- Kaytrena Francis
Case Number:      3-06-70357 MAG
Charges:          18:3148

Dear Clerk:

        The above charges originated in your district and the defendant has appeared before U.S.
Magistrate Judge Maria-Elena James.  The following action has been taken:

                ()      The U.S. Marshal has been ordered to remove this defendant
                        to your district forthwith.
                (X)     The defendant has a court appearance in your court on 6/22/2006

Enclosed are the following documents:
                        original Rule 40 affidavit
                        original minute orders
                certified copy of *AO 94, Commitment to Another District*

        Please acknowledge receipt of the documents on the attached copy of this letter and
return in the envelope provided.

                                        Sincerely yours,

                                        RICHARD WIEKING, Clerk

                                        V Kyono

                                        by:  Valerie Kyono
                                        Case Systems Administrator

Enclosures
cc: Financial Office

                        OFFICE OF CLERK
                        U.S. DISTRICT CT.
                        NORTHERN DIST. FLA.
                        PENSACOLA, FLA.

                        2006 JUN 13  AM 11: 10

                                FILED

**FILED**

1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney

2
                                                    JUN 0 8 2006
3  MARK L. KROTOSKI (CASBN 138549)
   Chief, Criminal Division                     RICHARD W. WIEKING
                                                CLERK, U.S. DISTRICT COURT
3                                              NORTHERN DISTRICT OF CALIFORNIA

4  ANDREW M. SCOBLE
   Assistant U.S. Attorney

5
       450 Golden Gate Ave (11th Floor)
6      San Francisco, CA 94102
       Telephone: (415) 436-7200
7
   Attorneys for the United States
8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA                **MEJ**

11              SAN FRANCISCO DIVISION                    **C 06 70357**

12
   UNITED STATES OF AMERICA,        )    CRIMINAL NO.
13                                   )
           Plaintiff,                )
14                                   )    NOTICE OF PROCEEDINGS ON
       v.                            )    OUT-OF-DISTRICT CRIMINAL
15                                   )    CHARGES PURSUANT TO RULES
   KAYTRENA J. FRANCIS,              )    5(c)(2) AND (3) OF THE FEDERAL RULES
16                                   )    OF CRIMINAL PROCEDURE
           Defendant.                )
17                                   )
                                     )
18  _____ )

19      Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal

20  Procedure that on June 7, 2006, the above-named defendant was arrested  based upon an arrest

21  warrant (copy attached) issued upon an

22      ☐  Indictment

23      ☐  Information

24      ☐  Criminal Complaint

25      ☐  Other (describe)  Form 12 _____

26  pending in the _NORTHERN_ District of _FLORIDA_ , Case Number _3:05cr27/RV_.

27  See Attachment A, incorporated herein by reference.

28  //

1

1    In that case, the defendant is charged with a violation(s) of Title(s) 18, United States Code,

2    Section(s) 3148.

3    Description of Charges: Violation of conditions of probation by: failing to report to or to contact

4    Probation Officer for collection of DNA sample; failure to submit written monthly report for

5    month of January 2006; and failure to notify the Probation Officer in advance of changing

6    residence.

7

8                                    Respectfully Submitted,

9                                    KEVIN V. RYAN
                                     UNITED STATES ATTORNEY
10
     Date:  6/09/2006
11
12                                   ANDREW M. SCOBLE
                                     Assistant U.S. Attorney
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                           2

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

UNITED STATES OF AMERICA

VS

CASE NO. 3:05cr27/RV

KAYTRENA J. FRANCIS

### WARRANT FOR ARREST

TO  The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest____KAYTRENA J. FRANCIS____
                                                    Name

and bring him or her forthwith to the nearest magistrate to answer a

### Probation Violation Petition

charging him or her with:

VIOLATION OF CONDITION(S) OF PROBATION

in violation of Title 18 United States Code, Section(s) 3148

William M. McCool
Name of Issuing Officer

_____
Deputy Clerk: Jerry Marbut

Bail fixed at $_____
and/or in accordance with Comprehensive Crime
Control Act of 1984.

Clerk of Court
Title of Issuing Officer

February 24, 2006, Pensacola, Florida
Date and Location

by ____ Roger Vinson
            Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

ATTACHMENT A

MDFL PROB 12C
07/0020

# United States District Court
## for the
## Northern District of Florida
### Petition for Warrant or Summons for Offender Under Supervision
### Revised February 22, 2006

Name of Offender:    Kaytrena J. Francis                Case Number:  3:05CR27-001/RV

Name of Sentencing Judicial Officer:        Senior U.S. District Judge Roger Vinson

Date of Original Sentence:        August 23, 2005

Original Offense:        Count 1: Resisting, Opposing, Impeding or Interfering with Certain Officers, in violation of 18 U.S.C. § 111

Original Sentence:    2 years probation

Type of Supervision:    Probation              Date Supervision Commenced:      August 23, 2005

Asst. U.S. Attorney:    Captain Johanna A. Astle              Defense Attorney: Robert A. Harper
(SAUSA)                        (Retained)

## PETITIONING THE COURT

[ X ]    To issue a warrant
[  ]    To issue a summons
[  ]    Other: File for violation proceedings

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation    Nature of Noncompliance
Number

1        Violation of Mandatory Condition which states in part, "the defendant shall not commit
        another federal, state, or local crime"; and Violation of Standard Condition number
        three which states, "the defendant shall answer truthfully all inquiries by the probation
        officer and follow the instructions of the probation officer." In that, on January 10, 2006,
        a written appointment notice was mailed to the offender instructing Mrs. Francis to report to
        the U.S. Probation Office in Pensacola, Florida, on February 3, 2006, for DNA collection
        pursuant to the Under the Justice for All Act of 2004 [Public Law 108-405 (October 30,
        2004)]. Attached to the appointment notice was a standard letter informing the offender that
        "Failure to cooperate could be both a violation of your conditions of release, and you could
        be charged with a Class A misdemeanor under 42 U.S.C. § 14135a(a)(5) which is punishable
        by a sentence of one year imprisonment and fines up to $100,000." The offender has failed
        to report in person or contact this officer by telephone regarding this appointment.

06 FEB 24  PH 2:00

FILED

Case 3:05-cr-00027-RV    Document 94    Filed 02/24/2006    Page 2 of 3

RE:     Kaytrena J. Francis, DKT # 3:05CR27-001/RV
Petition for Warrant or Summons for Offender Under Supervision
Page #2

2       Violation of Standard Condition number two which states, "the defendant shall report to the probation officer and submit a truthful and complete written report within the first five days of each month." In that, the offender has failed to submit a written monthly report for the month of January 2006, which was due by February 5, 2006.

3       Violation of Standard Condition number six which states, "the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment." In that, the offender changed her residence without prior notification to the probation officer, as determined during an attempted home visit on February 16, 2006. On that date, the new occupants of the offender's approved residence responded (by telephone) to a note left on the door by this officer. They advised that their residence (Eglin Air Force Base housing) was vacated and they moved in during the first part of February. This information was also confirmed by the offender's neighbor and her husband's coworker on the same date. According to her husband's coworker, the offender's husband was recently transferred to a duty station in Korea, which was dependent restricted. The offender's current whereabouts are unknown.

U.S. Probation Officer Recommendation:

The term of supervision should be:

[ X ] Revoked
[   ] Extended

[   ]   The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      February 22, 2006

Donna D. Easterling
U.S. Probation Officer

Case 3 05-cr-00027-RV    Document 94    Filed 02/24/2006    Page 3 of 3

RE:    **Kaytrena J. Francis, DKT # 3:05CR27-001/RV**
       Petition for Warrant or Summons for Offender Under Supervision
       Page #3

THE COURT ORDERS

[  ]    No Action
[ × ]   The Issuance of a Warrant
[  ]    The Issuance of a Summons
[  ]    Other: File for violation proceedings

Signature of Judicial Officer

2/24/06

Date

Warrant/Summons Issued:    2/24/2006          _____
                           Date               Deputy Clerk

HP Officejet 7410
Personal Printer/Fax/Copier/Scanner

Log for
US Marshals Service
8504396607
Jun 07 2006 2:25PM

Last Transaction

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Jun 7 | 2:24PM | Fax Sent | 914154367621 | 1:11 | 5 | OK |

| DOCUMENTS UNDER SEAL ☐ | | | | DOCUMENT NUMBER: | | |
|---|---|---|---|---|---|---|
| **MAGISTRATE JUDGE** **MINUTE ORDER** | | DEPUTY CLERK Brenda Tolbert | | REPORTER/FTR 10:29 - 10:42 | | |
| MAGISTRATE JUDGE HON. MARIA-ELENA JAMES | | DATE June 8, 2006 | | NEW CASE ☐ | CASE NUMBER 3-06-70357 MAG | |

| DEFENDANT KAYTRENA FRANCIS | AGE 47 | CUST Y | P/NP P | ATTORNEY FOR DEFENDANT Elizabeth Falk | PD. ☒ RET. ☐ APPT. ☐ |
|---|---|---|---|---|---|
| U.S. ATTORNEY Andy Scoble | | INTERPRETER | | FIN. AFFT ☐ SUBMITTED | COUNSEL APPT'D ☐ |
| PROBATION OFFICER | PRETRIAL SERVICES OFFICER Josh Libby | | | DEF ELIGIBLE FOR ☐ APPT'D COUNSEL | PARTIAL PAYMENT ☐ OF CJA FEES |

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ INITIAL APPEAR time | ☐ PRELIM HRG time | ☐ MOTION time | | ☐ JUGM'T & SENTG time | | ☐ STATUS time |
| ☐ I.D. COUNSEL time | ☐ ARRAIGNMENT time | ☐ BOND SIGNING time | | ☒ IA PET TO REV time PRB 13 min | | ☐ BAIL REVIEW time |
| ☐ DETENTION HRG time | ☐ REMOVAL HRG time | ☐ CHANGE PLEA time | | ☐ PROB. REVOC. time | | ☐ SUP REL HRG time |

| | | | |
|---|---|---|---|
| ☐ ADVISED OF RIGHTS | ☐ ADVISED OF CHARGES | ☐ NAME AS CHARGED IS TRUE NAME | ☐ TRUE NAME: |

**FILED**

| | | | |
|---|---|---|---|
| ☐ ARRAIGNED ON INFORMATION | ☐ ARRAIGNED ON INDICTMENT | ☐ READING WAIVED SUBSTANCE | ☐ WAIVER OF INDICTMENT FILED |

JUN 0 8 2006

| ☐ RELEASED ON O/R | ☒ ISSUED APPEARANCE BOND | AMT OF SECURITY $ 25,000 | SPECIAL NOTES RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
|---|---|---|---|
| PROPERTY TO BE POSTED ☒ CASH $ 1,500 | | CORPORATE SECURITY ☐ | REAL PROPERTY: ☐ |

| ☐ MOTION FOR DETENTION | ☐ PRETRIAL SERVICES REPORT | ☐ DETAINED | ☒ RELEASED | ☐ DETENTION HEARING AND FORMAL FINDINGS WAIVED | ☐ REMANDED TO CUSTODY |
|---|---|---|---|---|---|
| ORDER REMOVED TO THE DISTRICT OF | | | | | |

| ☐ CONSENT ENTERED | ☐ NOT GUILTY | ☐ GUILTY | GUILTY TO COUNTS: |
|---|---|---|---|
| ☐ PRESENTENCE REPORT ORDERED | ☐ CHANGE OF PLEA | ☐ PLEA AGREEMENT FILED | OTHER: |

| TO: 6-22-06 | ☐ I.D. COUNSEL | ☐ BOND SIGNING | ☐ STATUS RE: CONSENT | ☐ STATUS/TRIAL SET |
|---|---|---|---|---|
| AT: 2:00 PM | ☐ SUBMIT FINAN. AFFIDAVIT | ☐ PRELIMINARY HEARING OR | ☐ CHANGE OF PLEA | ☐ BAIL REVIEW |
| BEFORE HON. Judge Rogar Vinson | ☐ DETENTION HEARING | ☐ ARRAIGN-MENT | ☐ MOTIONS | ☐ JUDGMENT & SENTENCING |
| ☐ TIME WAIVED | ☐ TIME EXCLUDABLE UNDER 18 § USC 3161 | ☐ IDENTITY/ REMOVAL | ☐ PRETRIAL CONFERENCE | ☐ PROBATION REV. HEARING |

Defendant ORDERED to appear in Pensacola, Florida for IA. before Hon. Rogar Vinson on the above date. Deft also ORDERED to Marshals Office at 12:00 pm before hearing. Defendant to post the cash for bond by 10:30 on 6-9-06.

BT/PTS

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND | DATE 6/8/06 | CASE NUMBER 06-70357 |
|---|---|---|---|

| NAME OF DEFENDANT | ADDRESS OF DEFENDANT | TELEPHONE NUMBER |
|---|---|---|
| Kaytrena Francis | 1467 7th Avenue San Francisco CA | 415-971-5049 |

| NAME OF SURETY | RELATIONSHIP TO DEFENDANT | ADDRESS OF SURETY | TELEPHONE NUMBER |
|---|---|---|---|
| | | | |

| NAME OF CUSTODIAN | RELATIONSHIP TO DEFENDANT | ADDRESS OF CUSTODIAN | TELEPHONE NUMBER |
|---|---|---|---|
| | | | |

| AMOUNT OF BOND | ☒ UNSECURED | ☒ SECURED BY | ☐ DEPOSIT RECEIVED RECEIVED FROM: | OTHER SECURITY POSTED: TO BE POSTED BY: | TIME/DATE OF NEXT APPEARANCE | COURTROOM |
|---|---|---|---|---|---|---|
| $ 25,000 | | $ 1500 00 | | | 6-22-06 @ 2:00 | Florida |

## CONDITIONS OF RELEASE AND APPEARANCE

Defendant is subject to each condition checked:

☒ Defendant shall appear at all proceedings as ordered by the Court and shall surrender for service of any sentence imposed.

☒ Defendant shall not commit any federal, state, or local crime.

☒ Defendant shall not harrass, threaten, intimidate, injure, tamper with, or retaliate against any witness, victim, informant, juror, or officer of the Court, or obstruct any criminal investigation. See 18 U.S.C. 1503, 1510, 1512, and 1513, on reverse side.

☐ Defendant shall not travel outside the Northern District of California, that is, these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, San Francisco, San Mateo, Santa Clara, Santa Cruz, and Sonoma. See map on reverse side.

☒ Defendant shall report in person immediately upon release and thereafter as directed to Pretrial Services in ~~Pretrial~~ Marshals service     see below See addresses and telephone numbers on reverse side.

☐ Defendant shall surrender all passports and visas to the Court by _____ and shall not apply for any passports or other travel documents.

☐ Defendant shall not possess any firearm, destructive device, or other dangerous weapon.

☐ Defendant shall remain in the custody of custodian _____ at _____, who agrees to supervise him/her and to report any violation of a release condition to Pretrial Services. If the custodian fails to do so, he/she will be prosecuted for contempt of court.

☐ Defendant shall participate in (drug) (alcohol) (psychiatric) counseling, and submit to (drug) (alcohol) testing, as directed by Pretrial Services.

☐ Defendant shall not use alcohol to excess and shall not use or possess any narcotic or other controlled substance without a legal prescription.

☐ Defendant shall maintain current employment, or if unemployed shall seek and maintain verifiable employment.

☐ Defendant shall submit to a warrantless search of his/her person, place of residence and vehicle at the direction of Pretrial Services.

☐ Defendant shall comply with the following curfew: _____ to _____.

☐ Defendant shall have no contact with any co-defendant out of the presence of counsel.

☐ Defendant shall not change residence without prior approval of Pretrial Services.

☐ The following conditions also apply:

Defendant is ordered to appear at 12:00 noon at Marshal's office, 1st Floor, ___ Palafox Street Pensacola, Floria

$1500.00 will be posted by 10:30 a.m. on Friday June 9th

FILED

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

I hereby certify that the annexed instrument is a true and correct copy of the original issued in my office.
ATTEST: RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____ Date 6/18/06
Deputy Clerk

## CONSEQUENCES OF DEFENDANT'S FAILURE TO OBEY CONDITIONS OF RELEASE

Payment of the full amount of this bond shall be due forthwith, and all cash or property posted to secure it shall be forfeited. Judgment may be entered and executed against defendant and all sureties jointly and severally.

An arrest warrant for defendant shall issue immediately, and defendant may be detained without bail for the rest of the proceedings.

Defendant shall be subject to consecutive sentences and fines for failure to appear and/or for committing an offense while on release. See 18 U.S.C. 3146 and 3147, on reverse side.

We, the undersigned, have read and understand the terms of this bond and acknowledge that we are bound by it until duly exonerated.

| SIGNATURE OF DEFENDANT X | SIGNATURE OF SURETY(ies) | |
|---|---|---|
| SIGNATURE OF CUSTODIAN | | 6-8-06 |
| THIS ORDER AUTHORIZES THE MARSHAL TO RELEASE DEFENDANT FROM CUSTODY. ▶ | SIGNATURE OF MAGISTRATE JUDGE MARIA-ELENA JAMES | DATE |

1. CLERK OF COURT - WHITE COPY

## U.S. District Court
## California Northern District (San Francisco)
## CRIMINAL DOCKET FOR CASE #: 3:06-mj-70357-MAG-ALL
## Internal Use Only

Case title: USA v. Francis                    Date Filed: 06/08/2006

Assigned to: Magistrate Judge

**Defendant**

**Kaytrena Francis** (1)

**Pending Counts**                            **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                         **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                **Disposition**

None

**Plaintiff**

USA                                           represented by **Andrew M. Scoble**
                                              United States Attorney's Office
                                              450 Golden Gate Avenue
                                              11th floor
                                              San Francisco, CA 94102
                                              415-436-7249
                                              Fax: 415-436-6982
                                              Email: andrew.scoble@usdoj.gov
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/08/2006 | ●1 | Notice of Proceedings on Out-of-District Criminal Charges by USA as to Kaytrena Francis (vlk, COURT STAFF) (Filed on 6/8/2006) (Entered: 06/09/2006) |
| 06/08/2006 | ●2 | Minute Entry for proceedings held before Judge Maria-Elena James :Probation Revocation Hearing as to Kaytrena Francis held on 6/8/2006 (Tape #10:29-10:42.) (vlk, COURT STAFF) (Filed on 6/8/2006) (Entered: 06/09/2006) |
| 06/08/2006 | ●3 | ORDER Setting Conditions of Release as to Kaytrena Francis (1) $25,000 bond . Signed |

| | | by Judge Maria-Elena James on 6/8/06. (vlk, COURT STAFF) (Filed on 6/8/2006) (Entered: 06/09/2006) |

Exhibit N

# United States Court of Appeals

Eleventh Circuit

56 Forsyth Street, N.W.

Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

October 13, 2005

William  McCool
Clerk, U.S. District Court
1 N PALAFOX ST STE 226
PENSACOLA  FL  32502-5658

**Appeal Number: 05-14985-C**
Case Style: USA v. Kaytrena J. Francis
District Court Number:  05-00027 CR-3-RV

Please forward the original papers filed in your court together with any documentary exhibits
and an updated copy of your docket entries for use by this court in ruling on a motion filed
by the appellant.  This material will be returned when the motion has been determined.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Sheran Taylor (404) 335-6182

Encl.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.

05 OCT 17  PM 1:43

FILED

CLK-1 (03-2004)

Exhibit O



**U.S. Department of Justice**

*Gregory R. Miller*
*United States Attorney*
*Northern District of Florida*

COPY

---

| | | |
|---|---|---|
| *111 North Adams Street, 4th Floor* | *21 East Garden Street, Suite 400* | *104 North Main, 4th Floor* |
| *Tallahassee, Florida 32301* | *Pensacola, Florida 32502-5675* | *Gainesville, Florida 32601-3330* |
| *Telephone (850)942-8430* | *Telephone (850)444-4000* | *Telephone (352)378-0996* |
| *Fax    (850)942-8429* | *Fax    (850)434-1875* | *Fax    (352)371-1912* |

Please reply to: Pensacola


                                        May 5, 2004


Captain Heather A. Baker
United States Air Force
AAC/JA
501 W. Van Matre Ave, Ste 1
Eglin AFB, FL 32542

        Ref: Special Assistant U.S. Attorney Appointment

Dear Captain Baker:

        Pursuant to 28 U.S.C. § 543, I have approved your appointment
as a Special Assistant United States Attorney for the Northern
District of Florida.  Your appointment will begin upon your taking
oath and continue for a period of time not to exceed May 4, 2005,
unless the appointment is extended.  It is understood that you will
serve without compensation other than that which you are now
receiving under your existing appointment.

        Your appointment will be effective upon the execution of the
required oath of office.  Please contact Assistant U.S. Attorney
Leah Butler at (850) 444-4000 and arrange a time for an orientation
session and the administration of your appointment oath.

                        Sincerely,


                        GREGORY R. MILLER
                        United States Attorney

# APPOINTMENT AFFIDAVITS

Special Assistant United States Attorney
*(Position to which Appointed)*

05/05/2004
*(Date Appointed)*

Department of Justice
*(Department or Agency)*

U.S. Attorney's Office
*(Bureau or Division)*

Pensacola, FL
*(Place of Employment)*

I, Heather A. Baker                                   , do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO THE PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

*(Signature of Appointee)*

Subscribed and sworn (or affirmed) before me this 11th day of May , 2004

at Pensacola
*(City)*

Florida
*(State)*

Patricia Star Cotton
Commission # DD 008936
Expires March 29, 2005
Bonded Thru
Atlantic Bonding Co., Inc.

*(Signature of Officer)*

Notary Public
*(Title)*

Commission expires 03/29/2005
*(If by a Notary Public, the date of his/her Commission should be shown)*

**Note** - If the appointee objects to the form of the oath on religious grounds, certain modifications may be permitted pursuant to the Religious Freedom Restoration Act. Please contact your agency's legal counsel for advice.

U.S. Office of Personnel Management
The Guide to Processing Personnel Actions

NSN 7540-00-634-4015

Standard Form 61
Revised August 2002
Previous editions not usable



**U.S. Department of Justice**

*Gregory R. Miller*
*United States Attorney*
*Northern District of Florida*



---

| | | |
|---|---|---|
| *111 North Adams Street, 4th Floor* | *21 East Garden Street, Suite 400* | *300 East University Avenue, Suite 310* |
| *Tallahassee, Florida 32301* | *Pensacola, Florida 32502* | *Gainesville, Florida 32601* |
| *Telephone (850)942-8430* | *Telephone (850)444-4000* | *Telephone (352) 278-0996* |
| *Fax     (850)942-8429* | *Fax     (850)434-1875* | *Fax     (352) 338-7981* |

Please reply to: Pensacola

May 4, 2005

Captain Heather A. Lengel
United States Air Force
AAC/JA
501 W. Van Matre Ave, Ste 1
Eglin AFB, FL 32542

      Ref: Extension of Special Assistant US Attorney Appointment

Dear Captain Lengel:

    Your appointment as a Special Assistant United States Attorney for the Northern District of Florida is hereby extended. This extension is subject to the conditions set forth in the original appointment letter. You will serve under this appointment for an additional period not to exceed May 4, 2006, unless extended. You will continue to serve without compensation other than that which you are now receiving under your existing appointment. No additional appointment papers are necessary.

    Your assistance to my office and participation in our SAUSA program is greatly appreciated. If we can assist you in performing those duties, please do not hesitate to let me know.

                Sincerely,

                GREGORY R. MILLER
                United States Attorney



**U.S. Department of Justice**

*Gregory R. Miller*
*United States Attorney*
*Northern District of Florida*

COPY

---

*111 North Adams Street, 4th Floor*
*Tallahassee, Florida 32301*
*Telephone (850)942-8430*
*Fax     (850)942-8429*

*21 East Garden Street, Suite 400*
*Pensacola, Florida 32502-5675*
*Telephone (850)444-4000*
*Fax     (850)434-1875*

*300 East University Avenue, Suite 310*
*Gainesville, Florida 32601*
*Telephone (352) 278-0996*
*Fax     (352) 338-7981*

*Please reply to: Pensacola*

                                        June 6, 2005

Captain Heather A. Lengel
United States Air Force
AAC/JA
501 W. Van Matre Ave, Ste 1
Eglin AFB, FL 32542

Dear Captain Lengel:

    Your appointment as a Special Assistant United States Attorney
for the Northern District of Florida will end on June 13 due to
your departure from the area. You should not represent yourself as
a Special Assistant U.S. Attorney or enter the court on behalf of
the Northern District of Florida after that date.

    We appreciate your service to this office and have enjoyed
working with you.

    If you have any questions, please contact Assistant US
Attorney Stephen Preisser at (850) 444-4000 as soon as possible.

                            Sincerely,

                            GREGORY R. MILLER
                            United States Attorney