1    JOSEPH P. RUSSONIELLO (CBN 44332)
     United States Attorney
2
     JOANN M. SWANSON (CSBN 88143)
3    Chief, Civil Division

4    NEILL T. TSENG (CSBN 220348)
     Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7155
7       FAX: (415) 436-6927
        Email: neill.tseng@usdoj.gov
8
     Attorneys for Federal Defendants
9

                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                      SAN FRANCISCO DIVISION
12

13   KAYTRENA J. FRANCIS,              )    No. CV 07-06125 JSW
                                       )
14              Plaintiff,             )    **INDIVIDUAL AIR FORCE**
                                       )    **DEFENDANTS, IN THEIR**
15                                     )    **INDIVIDUAL CAPACITIES, COL**
                                       )    **EDMOND KEITH, COL DEAN R.**
16              v.                     )    **CLEMONS, SA BRIAN SOLECKI, LT**
                                       )    **COL VINCENT C. SMITH, CAPT**
17                                     )    **HEATHER A. BAKER, CAPT.**
                                       )    **MICHAEL YODER, CAPT. JOANNA**
18                                     )    **ASTLE, CAPT. DONNA E. YOUNG, LT**
                                       )    **COL SCOTT FARRAR, CMSGT VINCE**
19   UNITED STATES OF AMERICA, ET AL.  )    **EUBANKS, MSGT BRIAN**
                                       )    **HENDERSON, TSGT CHRISTOPHER**
20              Defendants.            )    **ANGLIN, AND TSGT. CHAD**
                                       )    **DILLON'S NOTICE OF MOTION AND**
21                                     )    **MOTION TO DISMISS**
                                       )
22                                     )    Date: August 8, 2008
                                       )    Time: 9:00 a.m.
23                                     )    Place: Courtroom 2, 17th Floor
                                       )    Honorable Jeffrey S. White
24   ─────────────────────────────────

25

26

27

28

INDIVIDUAL AIR FORCE DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW

1

## TABLE OF CONTENTS

2
**Page(s)**

3 TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

4 STATEMENT OF RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5 ISSUES TO BE DETERMINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6 MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . 1

7 I.    INTRODUCTION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

8 II.   STATEMENT OF FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

9 III.  LEGAL STANDARD.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

10 IV.  ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11          A.    THE INDIVIDUAL AIR FORCE DEFENDANTS ARE
12                IMMUNE FROM SUIT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

13                1.    Captains Baker, Yoder, and Astle Enjoy Absolute
                       Prosecutorial Immunity... . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

14                2.    The Remaining Individual Air Force Defendants Enjoy
15                      Qualified Immunity... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

16          B.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK
                  OF PERSONAL JURISDICTION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

17          C.    THE COMPLAINT FAILS TO STATE A CLAIM.. . . . . . . . . . . . . . . . . 9

18          D.    ALL CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL.. . . . . . . . . . . 11

19          E.    ALL CLAIMS ARE BARRED BY <u>HECK V. HUMPHREY.</u>. . . . . . . . . . . . . 11

20 V.   CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## FEDERAL CASES

Aldabe v. Aldabe,
    616 F.2d 1089 (9th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Ashelman v. Pope,
    793 F.2d 1072 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

Bibeau v. Pacific Northwest Research Foundation Inc.,
    188 F.3d 1105 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Buckley v. Fitzsimmons,
    509 U.S. 259 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Burger King Corp. v. Rudzewicz,
    471 U.S. 462 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8, 9

Dow Chemical Co. v. Calderon,
    422 F.3d 827 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

Genzler v. Longanbach,
    410 F.3d 630 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Harlow v. Fitzgerald,
    457 U.S. 800 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

Heck v. Humphrey,
    512 U.S. 477 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Imbler v. Pachtman,
    424 U.S. 409 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

International Shoe Co. v. Washington,
    326 U.S. 310 (1945). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

Jeffers v. Gomez,
    267 F.3d 895 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

Loubser v. Thacker,
    440 F.3d 439 (7th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Malley v. Briggs,
    475 U.S. 335 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

Martinez v. Winner,
    771 F.2d 424 (10th Cir. 1985), modified on other grounds, 778 F.2d 553
    (10th Cir. 1985), vacated as moot, 800 F.2d 230 (10th Cir. 1986). . . . . . . . . . . . . . . .   10

Milstein v. Cooley,
    257 F.3d 1004 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

1    Morse v. North Coast Opportunities, Inc.,
         118 F.3d 1338 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
2
     Omni Capital Intern., Ltd. v. Rudolf  Wolff & Co., Ltd.,
3        484 U.S. 97 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

4    Porter v. Jones,
         319 F.3d 483 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
5
     Reyn's Pasta Bella, LLC v. Visa USA, Inc.,
6        442 F.3d 741 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

7    Saucier v. Katz,
         533 U.S. 194 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
8
     West Coast Theater Corp. v. City of Portland,
9        897 F.2d 1519 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

10   Worldwide Volkswagen Corp. v. Woodson,
         444 U.S. 286 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
11
     Ziegler v. Indian River County,
12       64 F.3d 470 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

13                          **FEDERAL STATUTES**

14   18 U.S.C. § 111. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

15   18 U.S.C. § 241. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

16   18 U.S.C. § 7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

17   18 U.S.C. § 13. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18   18 U.S.C. § 1962 (claim 45). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

19   42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

20   42 U.S.C. § 1986 (claim 42). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

21
22                          **STATE STATUTES**

23   Cal. Civ. Proc. Code § 410.10. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

                            **FEDERAL RULES**
24
25   Fed. R. Civ. P. 4(i)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

26   Fed. R. Civ. P. 4(m). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

27   Fed. R. Civ. P. 8(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28   Fed. R. Civ. P. 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

1

Fed. R. Civ. P. 12(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

2

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 10

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLEASE TAKE NOTICE** that Defendants, in their individual capacities, Col. Edmond Keith, Col. Dean R. Clemons, SA Brian Solecki, Lt. Col. Vincent C. Smith, Capt Heather A. Baker, Capt. Michael Yoder, Capt. Joanna Astle, Capt. Donna E. Young, Lt Col Scott Farrar, CMSgt Vince Eubanks, Msgt Brian Henderson, Tsgt Christopher Anglin, Tsgt Chad Dillon will move this Court on August 8, 2008 at 9:00 a.m. in Courtroom 2, 17th Floor, United States Federal Building, 450 Golden Gate Ave., San Francisco, California, before the Honorable Jeffery S. White, U.S. District Judge, for an order dismissing all claims in the plaintiff's complaint against them pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(2), and/or Fed. R. Civ. P. 12(b)(6). This motion is based on this notice, the memorandum of points and authorities, all the matters of record filed with the Court, and such other evidence as may be submitted.

## STATEMENT OF RELIEF

Defendants, in their individual capacities, Col. Edmond Keith, Col. Dean R. Clemons, SA Brian Solecki, Lt. Col. Vincent C. Smith, Capt Heather A. Baker, Capt. Michael Yoder, Capt. Joanna Astle, Capt. Donna E. Young, Lt Col Scott Farrar, CMSgt Vince Eubanks, Msgt Brian Henderson, Tsgt Christopher Anglin, Tsgt Chad Dillon (collectively, the "Individual Air Force Defendants") move for an order dismissing all claims against them.

## ISSUES TO BE DETERMINED

1.     Whether the movants are immune from suit.

2.     Whether there is personal jurisdiction over the movants.

3.     Whether the complaint fails to state a claim against the movants.

4.     Whether the claims alleged against the movants are barred by collateral estoppel.

5.     Whether the claims alleged against the movants are barred under Heck v. Humphrey, 512 U.S. 477 (1994).

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION.**

Plaintiff Kaytrena Francis ("Plaintiff" or "Francis") alleges over 40 different claims against over 40 defendants, most of whom are federal employees or agencies. The 802-paragraph complaint arises out of Francis's arrest, conviction, and sentence in the Northern District of

1    Florida for disorderly conduct and resisting arrest.  Francis seeks billions of dollars in damages

2    from the various defendants.  The claims against the Individual Air Force Defendants are wholly

3    without merit and should be dismissed for lack of subject matter jurisdiction, lack of personal

4    jurisdiction, and/or for failure to state a claim.

5    **II.     STATEMENT OF FACTS.**

6           Plaintiff's complaint arises out of an incident at the Eglin Air Force Base ("Eglin AFB")

7    Fitness Center in Florida on December 10, 2004, involving the use of gym equipment.

8    See generally Compl. ¶¶ 62-98.  Francis was arrested and charged in the Northern District of

9    Florida with (1) forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering

10   with two Air Force Security Forces Officers while they were engaged in official duties, in

11   violation of 18 U.S.C. § 111, and (2) breaching the peace or disorderly conduct, in violation of

12   18 U.S.C. §§ 7, 13.  See Information (filed March 11, 2005), attached to Decl. of Neill T. Tseng

13   in Supp. of Fed. Defs.' Mots. to Dismiss, filed on March 10, 2008 (Docket #29) ("Tseng Decl."),

14   as Ex. A.[1]  Following a jury trial, Francis was found guilty of both charges on June 7, 2005.  See

15   Judgment (filed August 26, 2005), attached to Tseng Decl. as Ex. B.  Senior United States

16   District Judge Roger Vinson sentenced Francis to two years' probation on or around August 23,

17   2005.  See id.

18          Francis then appealed her sentence to the United States Court of Appeals for the Eleventh

19   Circuit, asserting that the District Court failed to make sufficient findings to support a sentence

20   enhancement for obstruction of justice and that the conditions of her probation were

21   unconstitutional delegations of judicial authority.  See Mandate (issued October 13, 2006),

22   attached to Tseng Decl. as Ex. C. Francis did not appeal her underlying conviction.  The Eleventh

23   Circuit affirmed the district court on or around September 14, 2006.  See id.

24          While on probation, Francis committed three violations of her probation conditions.  See

25   Judgment (filed June 29, 2006), attached to Tseng Decl. as Ex. D.  Her probation was revoked

26   and she was sentenced to three months' imprisonment on or around June 28, 2006.  See id.

27

28          [1]     The court may take judicial notice of court filings and other matters of public
     record.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006).

INDIVIDUAL AIR FORCE DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                                    2

1    Plaintiff filed her complaint in this action on December 4, 2007, alleging claims against

2    the United States, the United States Air Force, the United States Department of Justice, the

3    United States Courts, and the Federal Bureau of Prisons.  Plaintiff also named as defendants

4    various employees of the aforementioned agencies in both their individual and official capacities,

5    as well as three of her defense counsel who were not federal employees. Plaintiff asserts claims

6    against the United States under the FTCA, and against the individual capacity defendants under

7    Bivens, 42 U.S.C. § 1983, 18 U.S.C. § 241, 42 U.S.C. § 1986, and "Civil RICO."  See Compl. at

8    2-3.

9    Among the federal defendants named in their individual capacities are Individual Air

10   Force Defendants Col Edmond Keith ("Col Keith"), Col Dean R. Clemons ("Col Clemons"),

11   Special Agent Brian Solecki ("SA Solecki"), Lt Col Vincent C. Smith ("Lt Col Smith"), Capt

12   Heather A. Baker ("Capt Baker"), Capt Michael Yoder ("Capt Yoder"), Capt Joanna Astle

13   ("Capt Astle"), Capt Donna E. Young ("Capt Young"), Lt Col Scott Farrar ("Lt Col Farrar"),

14   Chief Master Sergeant Vince Eubanks ("CMSgt Eubanks"), Msgt Brian Henderson ("Msgt

15   Henderson"), Tsgt Christopher Anglin ("Tsgt Anglin"), and Tsgt Chad Dillon ("Tsgt Dillon"), all

16   of whom are alleged to have been stationed or working at Eglin AFB in Florida.  Cols. Keith and

17   Clemons are alleged to have been 96th Air Base Wing Commanders; SA Solecki is alleged to

18   have been a Special Agent for the Office of Special Investigation; Lt Col Smith is alleged to have

19   been the Deputy Chief, Congressional Inquiry; Capt Baker is alleged to have been a federal

20   employee working for the Eglin AFB Legal Office; Capts. Yoder and Astle are alleged to have

21   been U.S. Staff Judge Advocates; Capt Young is alleged to have been an active duty member, 96

22   MDG/SGOS; Lt Col Farrar is alleged to have been the 96th Security Forces Commander; and

23   CMSgt Eubanks, Msgt Henderson, Tsgt Anglin, and Tsgt Dillon are alleged to have been

24   assigned to the 96th Security Forces Squadron.  See Compl. ¶¶ 13-28.

25   Plaintiff's complaint is lengthy and confusing, but it appears to allege the following

26   claims against the Individual Air Force Defendants: various Bivens claims alleging constitutional

27   violations (claims 21, 22); claims under 18 U.S.C. § 241 (claims 29, 33, 36, 37, 39); a claim

28

1    under 42 U.S.C. § 1986 (claim 42), and a claim under 18 U.S.C. § 1962 (claim 45).[2]

2    **III.    LEGAL STANDARD.**

3            To save the court's time and paper, the movants fully incorporate by reference the legal

4    standards for Rules 12(b)(1), 12(b)(2), and 12(b)(6) stated in section III of the Individual DOJ

5    Defendants' motion to dismiss filed concurrently herewith.

6    **IV.    ARGUMENT.**

7            **A.    THE INDIVIDUAL AIR FORCE DEFENDANTS ARE IMMUNE FROM
                SUIT.**

8                    **1.    Captains Baker, Yoder, and Astle Enjoy Absolute Prosecutorial
                        Immunity.**

9

10           In Imbler v. Pachtman, 424 U.S. 409, 431 (1976), the Supreme Court held that, in

11   initiating a prosecution and presenting the government's case, a prosecutor is immune from a

12   civil suit for damages.  The immunity extends to any activities of the prosecutor that are

13   "intimately associated with the judicial phase of the criminal process . . . ." Id. at 430.

14   Association with the judicial process results from the prosecutor's functioning in his role as

15   advocate for the government.  Id. at 430-31.  Evaluating evidence and interviewing witnesses in

16   preparation for trial are included within that role.  Buckley v. Fitzsimmons, 509 U.S. 259, 272-73

17   (1993).  Also included in that role are actions preliminary to the initiation of the prosecution and

18   actions apart from the courtroom.  Imbler, 424 U.S. at 431 n. 33.  "Thus, a prosecutor enjoys

19   absolute immunity from a suit alleging that he maliciously initiated a prosecution, used perjured

20   testimony at trial, or suppressed material evidence at trial.  A prosecutor is also absolutely

21   immune for direct participation in a probable cause hearing, and for preparing and filing charging

22   documents." Genzler v. Longanbach, 410 F.3d 630, 637 (9th Cir. 2005) (internal citations

23   omitted).

24   //

25

26           [2]       To the extent Plaintiff asserts claims under both Bivens and 42 U.S.C. § 1983,

27   § 1983 does not apply to federal actors.  See Morse v. North Coast Opportunities, Inc., 118 F.3d
     1338, 1343 (9th Cir. 1997) ("by its very terms, § 1983 precludes liability in federal government

28   actors").

1    In <u>Ashelman v. Pope</u>, 793 F.2d 1072 (9th Cir. 1986), the Ninth Circuit noted that absolute

2    prosecutorial immunity "applies even if it leaves 'the genuinely wronged defendant without civil

3    redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" <u>Id.</u> at

4    1075 (citation omitted).  It applies even if there are "grave procedural errors" made in

5    prosecuting a case.  <u>Id.</u> at 1077.  Similarly, "allegations that a conspiracy produced a certain

6    decision should no more pierce the actor's immunity than allegations of bad faith, personal

7    interest or outright malevolence."  <u>Id.</u> at 1078.  "The focus is on the nature or function of the

8    prosecutor's activity," not his intent.  <u>Id.</u> at 1076-78.  The rationales behind absolute

9    prosecutorial immunity are:

> (1) to allow prosecutors to focus their energies on prosecuting, rather than
> defending lawsuits; (2) to enable prosecutors to exercise independent judgment in
> deciding which suits to bring and conducting them in court; (3) to preserve the
> criminal justice system's function of determining guilt or innocence by ensuring
> that triers of fact are not denied relevant (although sometimes conflicting)
> evidence because of prosecutors' fear of suit; and (4) to ensure fairness to
> defendants by enabling judges to make rulings in their favor without the
> subconscious knowledge that such rulings could subject the prosecutor to liability.

<u>Milstein v. Cooley</u>, 257 F.3d 1004, 1007 (9th Cir. 2001).

Captains Yoder and Astle were appointed as Special Assistant United States Attorneys

("SAUSAs") and handled much of Francis's prosecution in district court.  <u>See</u> Exs. G, H,

attached to Second Decl. of Neill T. Tseng filed on April 11, 2008 (Docket No. 46).  The claims

against Capts. Yoder and Astle revolve around their prosecution of Francis, including their roles

in having the Information filed, <u>e.g.</u>, Compl. ¶ 103; appearing at the arraignment, <u>e.g.</u>, <u>id.</u> ¶¶ 104,

105, asking Francis's counsel if she would waive her right to speedy trial, <u>e.g.</u>, <u>id.</u> ¶ 116, moving

to continue the trial, <u>e.g.</u>, <u>id.</u> ¶ 117, exercising a peremptory strike, <u>e.g.</u>, <u>id.</u> ¶ 135, and trying the

case to the jury, <u>e.g.</u>, <u>id.</u> ¶¶ 136-38.  All of those actions are clearly protected by absolute

prosecutorial immunity under the Supreme Court and Ninth Circuit precedents cited above.

As to Capt. Baker (nka Lengel), she was also appointed as a SAUSA for Francis's

prosecution.  <u>See</u> Ex. O, attached to Third Decl. of Neill T. Tseng in Supp. of Fed. Defs.' Mots.

to Dismiss ("Third Tseng Decl."), filed concurrently herewith.  However, there appear to be no

specific allegations in the complaint against her, as explained in section IV.C below.  If there are,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

she is equally cloaked with absolute prosecutorial immunity for any actions she took in prosecuting Francis.

### 2. The Remaining Individual Air Force Defendants Enjoy Qualified Immunity.

The remaining Individual Air Force Defendants against whom there are specific allegations (there appear to be no specific allegations against Col Keith, Col Clemons, or SA Solecki, see section IV.C below) are entitled to qualified immunity. Lt Col Smith is alleged to have written letters to United States Representative Jeff Miller and United States Senator Barack Obama in response to inquiries by those Congressmen, which inquiries were apparently in response to letters Francis had sent to them. See Compl. ¶ 141, 144, 620, 751, 781; Compl. Exs. 37, 39. Capt Young is alleged to have had the initial dispute with Francis over gym equipment in the gym at Eglin Air Force Base, id. ¶¶ 62-71, and is alleged to have had a role in initiating the criminal proceedings against Francis by claiming that Francis was not sharing gym equipment, id. ¶ 249.

Lt Col Farrar is alleged to have sent a letter to Francis's active-duty military spouse regarding the aforementioned Congressional complaints, id. ¶130, and to have communicated with a mediator and a civil rights organization, id. ¶¶ 450, 467. CMSgt Eubanks is alleged to have edited a report written by Tsgt Dillon. Id. ¶¶ 457, 460, 461. Msgt Henderson allegedly told Francis that he would not allow her to file a complaint for arrest without probable cause, id. ¶ 94; allegedly would not take Francis to the hospital and told Francis's spouse to take her instead, id. ¶¶ 98, 439, 440; and allegedly would not take pictures of Francis's alleged injuries, id. ¶ 440.

Tsgt Anglin is alleged to have been involved in apprehending or arresting Francis, id. ¶¶ 91, 437, and allegedly would not take Francis to the hospital, id. ¶ 438. Tsgt Dillon is also alleged to have been involved in apprehending or arresting Francis, id. ¶¶ 75-86, 89, during which time Francis apparently resisted by biting Tsgt Dillon, see id. ¶¶ 604, 614, 616. Tsgt Dillon allegedly gave Francis two violation notices, id. ¶ 449 and at Ex. 3; allegedly testified at Francis's trial, id. ¶ 455; and allegedly wrote a report, id. ¶ 457.

//

1  All of the above acts are protected by qualified immunity.  A government official enjoys
2  qualified immunity from civil damages unless his conduct violates "'clearly established statutory
3  or constitutional rights of which a reasonable person would have known.'" <u>Jeffers v. Gomez</u>, 267
4  F.3d 895, 910 (9th Cir. 2001) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)).
5  "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'"
6  <u>Saucier v. Katz</u>, 533 U.S. 194, 200 (2001) (citation omitted).  As a result, the Supreme Court
7  "'repeatedly [has] stressed the importance of resolving immunity questions at the earliest
8  possible stage in litigation.'" <u>Id.</u> at 201 (citation omitted).  Qualified immunity protects
9  government officials from their exercise of poor judgment, and fails to protect only those who are
10 "plainly incompetent or those who knowingly violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335,
11 341 (1986).

12  The threshold question is: "Taken in the light most favorable to the party asserting the
13 injury, do the facts alleged show the officer's conduct violated a constitutional right?" <u>Saucier</u>,
14 533 U.S. at 201.  If not, the court need not inquire further and immunity applies. <u>Id.</u>  If a
15 violation could be made out, the court next asks if the right was clearly established. <u>Id.</u>  "The
16 relevant, dispositive inquiry in determining whether a right is clearly established is whether it
17 would be clear to a reasonable officer that his conduct was unlawful in the situation he
18 confronted." <u>Id.</u>

19  Lt Col Smith, Capt Young, Lt Col Farrar, CMSgt Eubanks, Msgt Henderson, Tsgt
20 Anglin, and Tsgt Dillon are all entitled to qualified immunity because, once the legal conclusions
21 and invective are stripped away, it is evident that the underlying <u>factual</u> allegations against them
22 do not show any violation of a constitutional right.  As the court can determine by judicial notice
23 of Francis's criminal proceedings, Francis was convicted by a jury of the offenses charged.
24 Therefore, none of her constitutional rights were violated in being arrested or prosecuted.

25 **B.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.**

26  "[B]efore a court may exercise personal jurisdiction over a defendant, the procedural
27 requirements of service of summons must be satisfied." <u>Omni Capital Intern., Ltd. v. Rudolf</u>

1  Wolff & Co., Ltd., 484 U.S. 97, 104 (1987).  Nothing in the docket sheet or record demonstrates

2  that proper[3] or timely[4] service has been effected on any of the movants.  Upon information and

3  belief, the complaints served on some or all of the movants may be incomplete, shorter than, or

4  otherwise different from the complaint filed.  If so, then any service was not proper.  See West

5  Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1529 (9th Cir. 1990).  The movants

6  appear specially by this motion for the purpose of seeking dismissal, and by this motion, none of

7  the movants waives service, personal jurisdiction, or any other defense.

8      Second, service issues aside, for a court to exercise personal jurisdiction over a

9  nonresident defendant, the requirements of the applicable state long-arm statute must be satisfied

10  and the exercise of jurisdiction must comport with federal due process.  Dow Chemical Co. v.

11  Calderon, 422 F.3d 827, 830 (9th Cir. 2005).  "California's long-arm statute, Cal.Civ.Proc.Code §

12  410.10, allows courts to 'exercise jurisdiction on any basis not inconsistent with the Constitution

13  of [California] or of the United States.'  This provision allows courts to exercise jurisdiction to

14  the limits of the Due Process Clause of the U.S. Constitution."  Id. at 830-31.

15      Federal due process, in turn, requires that the defendant have "minimum contacts" with

16  the forum state of such a character "that the maintenance of the suit does not offend 'traditional

17  notions of fair play and substantial justice.'"  International Shoe Co. v. Washington, 326 U.S.

18  310, 316 (1945) (citation omitted).  The contacts with the forum state must be such that the

19  defendant should "reasonably anticipate being haled into court there."  Worldwide Volkswagen

20  Corp. v. Woodson, 444 U.S. 286, 297 (1980).  Moreover, the due process clause requires that the

21  "minimum contacts" have been purposefully established by the defendant.  Burger King Corp. v.

22

23

24  [3]    Fed. R. Civ. P. 4(i)(3) governs service of an officer or employee of the United States sued individually.

25  [4]    The complaint was filed on December 5, 2007, and the time limit for proper

26  service was 120 days after that, or April 3, 2008.  See Fed. R. Civ. P. 4(m).  Under Rule 4(m), if proper service is not timely effected, the court "must dismiss the action without prejudice against

27  that defendant or order that service be made within a specified time."  The movants do not object to either, but ask instead that the court dismiss the complaint with prejudice for the reasons stated

28  in this motion.

1   Rudzewicz, 471 U.S. 462, 474 (1985).

2       The Ninth Circuit applies a three-part test to determine if personal jurisdiction lies over

3   defendants.  A plaintiff must show that: "(1) defendants purposefully availed themselves of the

4   privilege of conducting activities in California, thereby invoking the benefits and protections of

5   its laws; (2) his claims arise out of defendants' California-related activities; and (3) the exercise

6   of jurisdiction would be reasonable." Ziegler v. Indian River County, 64 F.3d 470, 472 (9th Cir.

7   1995).

8       Plaintiff cannot satisfy the first two prongs because all of the movants are alleged to have

9   been stationed at Eglin AFB in Florida, all of the movants' actions are alleged to have taken

10  place in Florida, and none of the movants is alleged to have conducted any activities in

11  California.[5]  Therefore, personal jurisdiction does not lie.

12      **C.    THE COMPLAINT FAILS TO STATE A CLAIM.**

13      Any claims against the movants over which the Court has jurisdiction should be

14  dismissed for failure to state a claim under the Rule 12(b)(6) standard delineated in Bell Atlantic

15  and the other controlling cases cited above.  The Court can plainly see that the allegations of the

16  complaint are too conclusory, speculative, and factually insufficient to state any cognizable

17  claim.  Examples of this are strewn throughout the complaint, and the movants hereby refer the

18  court to and incorporate by reference the examples and legal authority stated in the previous

19  _____

20      [5]   Because the first two prongs are not met, there is no need to reach the third prong.
    However, should the court choose to reach that prong, the exercise of jurisdiction would not be
21  reasonable.  Reasonableness is determined on the basis of "(1) the extent of the defendant's
    purposeful injection into the forum; (2) the defendant's burdens of litigating in the forum; (3) the
22  extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in
    adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the
23  importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the
    existence of an alternative forum." Ziegler, 64 F.3d at 475.
24
        These factors demonstrate that jurisdiction in this court would be unreasonable.
25  As stated above, there has been no purposeful injection, or any injection, into the forum.  Nor
    does it appear that any of the movants are located in California.  Thus, their burdens of litigating
26  this case in California are substantial and unreasonable, and the most efficient judicial resolution
    would be in Florida.  Finally, to the extent that all of the acts complained of occurred in Florida
27  and none occurred in California, Florida has a much greater interest than California in
    adjudicating the dispute.
28

INDIVIDUAL AIR FORCE DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                    9

1    motions to dismiss (and reply briefs) filed by the federal defendants in their official capacities in

2    the section of argument devoted to why the complaint fails to state a claim. The allegations

3    against the federal defendants in their individual capacities are equally deficient, and the movants

4    will not needlessly use the court's time or paper illustrating further examples of why "the

5    complaint is long on invective but short on fact" and why "its allegations are simply too

6    indefinite to state a claim." <u>Martinez v. Winner</u>, 771 F.2d 424, 442 (10th Cir. 1985), <u>modified on

7    other grounds</u>, 778 F.2d 553 (10th Cir. 1985), <u>vacated as moot</u>, 800 F.2d 230 (10th Cir. 1986).

8         Additionally, there are no factual allegations against Capt. Baker except that she was a

9    federal employee working at Eglin Air Force Base, Compl. ¶ 17, that a summons was faxed to

10   her, ¶636, that she was listed as lead attorney on the docket sheet, ¶ 781, and that Judge Dubina's

11   staff mailed an order to her, <u>id.</u> There are no factual allegations against SA Solecki except that

12   he "was a Special Agent for the Air force Office of Special Investigation assigned to Eglin Air

13   Force Base . . . ." Compl. ¶ 15. Obviously, the allegations against Capt. Baker and SA Solecki

14   are insufficient to state a claim and they should be dismissed from this case.

15        As to Air Base Wing Commanders Keith and Clemons, the only allegations against them

16   are conclusory assertions that they had knowledge of various acts against Francis. Compl. ¶¶

17   710, 713-15. However, there is no respondeat superior liability for a <u>Bivens</u> claim, and Plaintiff

18   has failed to allege sufficient involvement to state a claim against them. <u>See</u> <u>Bibeau v. Pacific

19   Nw. Research Found. Inc.</u>, 188 F.3d 1105, 1114 (9th Cir. 1999).

20        Furthermore, all claims brought under 18 U.S.C. § 241 (claims 29, 33, 36, 37, 39) should

21   be dismissed because § 241 is a criminal provision that "provide[s] no basis for civil liability."

22   <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980).

23        Finally, under <u>Porter v. Jones</u>, 319 F.3d 483, 494 (9th Cir. 2003), the complaint should be

24   dismissed under Rule 12(b)(6) for failure to contain, as required by Rule 8(a)(2), a "short and

25   plain statement of the claim showing that the pleader is entitled to relief." The lengthy,

26   repetitive, and rambling complaint should also be dismissed for being confusing. <u>See</u> <u>Loubser v.

27   Thacker</u>, 440 F.3d 439, 443 (7th Cir. 2006).

28   //

INDIVIDUAL AIR FORCE DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                          10

1

**D.     ALL CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL.**

2

The Individual Air Force Defendants join in section IV.D of the Individual DOJ

3

Defendants' motion to dismiss filed concurrently herewith, and fully incorporate and assert as to

4

the Individual Air Force Defendants the facts, evidence, and arguments stated therein as to why

5

all claims are barred by collateral estoppel and should be dismissed.

6

**E.     ALL CLAIMS ARE BARRED BY HECK V. HUMPHREY.**

7

The Individual Air Force Defendants join in section IV.E of the Individual DOJ

8

Defendants' motion to dismiss filed concurrently herewith, and fully incorporate and assert as to

9

the Individual Air Force Defendants the facts, evidence, and arguments stated therein as to why

10

all claims are barred by Heck and should be dismissed.

11

**V.     CONCLUSION.**

12

For the foregoing reasons, the Court should dismiss all claims against the movants.

13

Respectfully submitted,

14

JOSEPH P. RUSSONIELLO
United States Attorney

15

16

DATED: June 23, 2008                    /s/

17

NEILL T. TSENG
Assistant United States Attorney

18

19

20

21

22

23

24

25

26

27

28

INDIVIDUAL AIR FORCE DEFENDANTS' MOTION TO DISMISS
CV 07-06125 JSW                    11