1 | Mary McNamara SBN 147131
Alexis Haller SBN 201210
2 | SWANSON, McNAMARA & HALLER LLP
300 Montgomery Street, Suite 1100
3 | San Francisco, California 94104
Telephone: (415) 477-3800
4 | Facsimile: (415) 477- 9010

5 | Attorneys for CHET KAUFMAN, RANDOLPH P. MURRELL,
and CHARLES LAMMERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYTRENA J. FRANCIS, | Case No. CV 07-06125 JSW |
| Plaintiff, | **DEFENDANTS CHET KAUFMAN, RANDOLPH P. MURRELL AND CHARLES LAMMERS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |
| v. | |
| UNITED STATES OF AMERICA, et al. | |
| Defendants. | Date: August 8, 2008 |
| | Time: 9:00 a.m. |
| | Place: Courtroom 2, 17th Floor |
| | Honorable Jeffrey S. White |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................. ii

I.   INTRODUCTION ..................................................................... 1

II.  ARGUMENT .......................................................................... 1

    A.   The Court Should Consider and Evaluate Plaintiff's Newly-Alleged Facts ........... 1

        1.   Plaintiff's Allegation that the FPD Defendants "Faxed" a Notice of Proceedings on Out-of-District Criminal Charges to the United States District Court for the Northern District of California ................. 2

        2.   Plaintiff's Claim Regarding Mr. Kaufman's September 18, 2006 Letter ....................................................................... 3

        3.   The Listing of Mr. Murrell on a Certificate of Interested Parties ............ 4

    B.   This Court Lacks Personal Jurisdiction Over the FPD Defendants ................ 4

        1.   Plaintiff Cannot Satisfy the Purposeful Availment Prong ................... 5

        2.   Plaintiff Has Not Shown that her Claims Arose Out of the FPD Defendants' Supposed California-Related Activities ....................... 7

        3.   Plaintiff Has Not Shown that the Exercise of Jurisdiction Would be Reasonable ........................................................ 7

        4.   Plaintiff's RICO Jurisdiction Argument is Meritless ...................... 8

    C.   The Complaint Fails to State a Claim .......................................... 9

        1.   Plaintiff Mischaracterizes the Applicable Legal Standard ................. 9

        2.   Plaintiff Fails to State a Claim With Regard to Mr. Murrell ............... 9

        3.   Plaintiff Fails to State a Claim Against Mr. Kaufman and Mr. Lammers ...... 10

            a.   All of Plaintiff's Claims are Barred by *Heck v. Humphrey* ........... 10

            b.   Plaintiff's Breach of Fiduciary Duty Claim is Barred ................ 12

            c.   Plaintiff's 18 U.S.C. Section 241 Claims Must be Dismissed .......... 12

            d.   Plaintiff's Section 1983 and *Bivens* Claims Must be Dismissed ....... 12

            e.   All of Plaintiffs' Claims Fail to Meet the *Twombly* Plausibility Standard .................................................... 13

III. CONCLUSION ....................................................................... 14

Defendants Kaufman, Murrell and Lammers'
Reply re: Motion to Dismiss
*Francis v. United States*, Case No. CV 07-06125 JSW         i

# TABLE OF AUTHORITIES

**CASES**

*Arturet Velez v. R.J. Reynolds Tobacco Co.*,
    429 F.3d 10 (1st Cir. 2005) .................................................. 1

*Bell Atlantic Corp. v. Twombly*,
    — U.S. —, 127 S. Ct. 1955 (2007) .................................................. 9,13,14

*Bembenek v. McCann*,
    No. 04-C-0002, 2006 WL 2547094 (E.D. Wis. Aug. 31, 2006) .......................... 11

*Bias v. Moynihan*,
    508 F.3d 1212 (9th Cir. 2007) .................................................. 9

*Bretz v. Kelman*,
    773 F.2d 1026 (9th Cir. 1985) .................................................. 12

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) .................................................. 5

*Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*,
    788 F.2d 535 (9th Cir. 1986) .................................................. 8

*Chatman v. Angelina County Justice System*,
    No. Civ.A. 905CV54, 2005 WL 1230920 1(E.D. Tex. May 23, 2005) .................... 11

*Chresfield v. United States*,
    381 F. Supp. 301 (E.D. Penn. 1974) .................................................. 11

*Conley v. Gibson*,
    355 U.S. 41 (1957) .................................................. 9

*Entzi v. Redmann*,
    485 F.3d 998 (8th Cir. 2007) .................................................. 11

*Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*,
    907 F.2d 911 (9th Cir.1990) .................................................. 4

*Figueroa-Rubio v. INS*,
    108 F.3d 110 (6th Cir. 1997) .................................................. 4

*Guerrero v. Gates*,
    442 F.3d 697 (9th Cir. 2006) .................................................. 11

*Heck v. Humphrey*,
    512 U.S. 477 (1994) .................................................. 5 n.7,10,11

*Koenig v. Snead*,
    757 F. Supp. 41 (D. Or. 1991) .................................................. 13 n.11

Defendants Kaufman, Murrell and Lammers'
Reply re: Motion to Dismiss
*Francis v. United States*, Case No. CV 07-06125 JSW       ii

*Menken v. Emm*,
  503 F.3d 1050 (9th Cir. 2007) ................................................................ 6

*Mintz v. Com.*,
  No. CIV. A. 99-CV-3543, 2000 WL 348576 (E.D. Pa. Mar. 30, 2000) .................... 12

*Nance v. Vieregge*,
  147 F.3d 589 (7th Cir. 1998) ............................................................... 11

*Norman v. Torhorst*,
  No. 04-C-203-C, 2004 WL 906415 (W.D. Wis. Apr. 27, 2004) ............................. 12

*Polk County v. Dodson*,
  454 U.S. 312 (1981) .................................................................. 13,13 n.11

*Poole v. Reed*,
  No. 1:06 CV 645, 2006 WL 1489503 (N.D. Ohio May 25, 2006) ......................... 13 n.11

*Porcelli v. United States*,
  404 F.3d 157 (2d Cir. 2005) ............................................................... 11

*Randell v. Johnson*,
  227 F.3d 300 (5th Cir. 2000) .............................................................. 11

*Rio Properties, Inc. v. Rio Intern. Interlink*,
  284 F.3d 1007 (9th Cir. 2002) ............................................................... 5

*Santiago v. Granholm*,
  No. 1:07-CV-1156, 2008 WL 205218 (W.D. Mich. Jan. 23, 2008) ........................... 11

*Stankowski v. Farley*,
  487 F. Supp. 2d 543 (M.D. Pa. 2007) ....................................................... 12

*United States v. Peter*,
  310 F.3d 709 (11th Cir. 2002) .............................................................. 11

*Unterberger v. Red Bull North America, Inc.*,
  162 Cal.App.4th 414 (2008) .............................................................. 6 n.8

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
  433 F.3d 1199 (9th Cir. 2006) .............................................................. 7

*Ziegler v. Indian River County*,
  64 F.3d 470 (9th Cir. 1995) ................................................................ 7

*Zimmer v. Gruntal & Co.*,
  732 F. Supp. 1330 (W.D. Pa. 1989) .......................................................... 1

**STATUTES AND RULES**

18 U.S.C. § 1965(b) ......................................................................... 8,9

28 U.S.C.A. § 2671 ..................................................................... 13 n.11

Defendants Kaufman, Murrell and Lammers'
Reply re: Motion to Dismiss
*Francis v. United States*, Case No. CV 07-06125 JSW        iii

42 U.S.C. § 1985(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

California Rule of Professional Conduct 3-500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Florida Rule of Professional Conduct 4-1.4(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Defendants Kaufman, Murrell and Lammers'
Reply re: Motion to Dismiss
*Francis v. United States*, Case No. CV 07-06125 JSW       iv

## I. INTRODUCTION

Because this Court lacks personal jurisdiction and Plaintiff has failed to state a claim upon which relief can be granted, the Complaint against Messrs. Murrell, Kaufman and Lammers must be dismissed.

## II. ARGUMENT

### A. The Court Should Consider and Evaluate Plaintiff's Newly-Alleged Facts

In her opposition to the motion to dismiss filed by Mr. Murrell, Mr. Kaufman and Mr. Lammers (collectively "FPD Defendants"), Plaintiff has raised new factual allegations.[1]  While as a general rule the Court may not consider new evidence in connection with a facial motion to dismiss, the FPD Defendants respectfully request that the Court consider and evaluate the new facts in connection with their motion, since the facts simply confirm that Plaintiff's claims must be dismissed. *See Arturet Velez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 13 (1st Cir. 2005) (court may consider a party's "concession" in facial motion context);[2] *Zimmer v. Gruntal & Co.*, 732 F. Supp. 1330, 1334 (W.D. Pa. 1989) (party admission properly considered in facial motion).

Moreover, as stated in the moving papers, Plaintiff's 70-page, 802-paragraph Complaint is confusing and difficult to understand. However, Plaintiff has provided explanations regarding some of the allegations in her Complaint.  To the extent those explanations affect the arguments regarding dismissal, the FPD Defendants will address them in this brief.[3]

---

[1] Much of Plaintiff's brief merely recites portions of the original complaint or claims against other defendants. *See*, *e.g.*, Plaintiff's Opposition to Defendants Kaufman, Lammers, Murrell Motion to Dismiss ("Pltf's Opp."), Docket No. 76, at 2-6. Because that material is irrelevant to the grounds for dismissal raised by the FPD Defendants, it will not be discussed herein.

[2] Emphasis is added, and citations and internal quotations are omitted, throughout this brief, except as otherwise indicated.

[3] Plaintiff claims that the FPD Defendants' "Summary, Factual Background and Exhibits" are "intentionally and grossly falsified with reckless disregard for the truth[.]" Pltf's Opp. at 1. It appears that Plaintiff's claim is based solely on the notion that she was not convicted in the underlying criminal case. *Id.*  Given that Plaintiff's conviction is a fact properly subject to judicial notice (*see* Defendants Chet Kaufman, Randolph P. Murrell and Charles Lammers' Amended Notice of Motion and Motion to Dismiss ("FPD Defendants' MTD") at 1), the FPD Defendants will not further address Plaintiff's "falsification" argument here.

Defendants Kaufman, Murrell and Lammers'
Reply re: Motion to Dismiss
*Francis v. United States*, Case No. CV 07-06125 JSW           1

1. **Plaintiff's Allegation that the FPD Defendants "Faxed" a Notice of Proceedings on Out-of-District Criminal Charges to the United States District Court for the Northern District of California**

The most important new "fact" to emerge from Plaintiff's opposition is that the FPD Defendants supposedly "faxed" a Notice of Proceedings on Out-of-District Criminal Charges ("Notice of Proceedings") to the United States District Court for the Northern District of California. In particular, Plaintiff claims the following:

> Plaintiff's argues that on June 7, 2006, Defendant(s) Chief District Judge Roger Vinson, Kaufman, Lammers, and Murrel (sic) and et al expressly and intentionally directed their tortious and/or wrongful conduct, civil conspiracy and criminal racketeering activities at Plaintiff's San Francisco residence (1467 6th Ave. #105) when they intentionally and purposely faxed a *Notice of Proceedings on Out-Of-District Criminal Charges* that contained a falsified warrant for Plaintiff's arrest to the United States District Court for the Northern District of California (San Francisco Division) under Case no. 30670357, stamped MEJ.

Pltf's Opp. at 8. Plaintiff argues that "the primary purpose of the *Notice of Proceedings On Out-of-District Criminal Charges*" – which attached a warrant for Plaintiff's arrest – was to "utiliz[e] the operation of the court own (sic) process to kidnap and/or murder Plaintiff[,]" and that "its intended effect was to portray Plaintiff in false light as a fugitive, to deny/deprive Plaintiff of due process and equal protection of the laws by using fraud and Extortion under color of official right to prevent Plaintiff from pursuing" her lawsuit. *Id.* The Notice of Proceedings is the centerpiece of Plaintiff's personal jurisdiction theory with regard to the FPD Defendants. *Id.* at 8-9.

There is one problem with Plaintiff's reliance on the Notice of Proceedings: the FPD Defendants did not "fax" it to the United States District Court for the Northern District of California and, from the face of the document itself, had nothing to do with its filing. In this regard, it is worth noting that while Plaintiff claims to attach a "true copy" of the document to her brief, she attaches a copy that (a) is missing the fax header and (b) is missing the fax confirmation sheet. Undersigned counsel respectfully requests that this Court take judicial notice of the official document, which is on file with the Court in *United States v. Francis*, Case No. 3:06-mj-70357-MAG and which is attached as **Exhibit A** to the Declaration of Alexis Haller in Support of Defendants Chet Kaufman, Randolph P. Murrell and Charles Lammers' Reply to Plaintiff's Opposition to Motion to Dismiss ("Haller Reply Decl."). The filed copy

Defendants Kaufman, Murrell and Lammers'
Reply re: Motion to Dismiss
*Francis v. United States*, Case No. CV 07-06125 JSW      2

of the document clearly shows that it was signed and filed by Assistant United States Attorney Andrew M. Scoble. *See* Exhibit A at 1-2. Moreover, the fax header on the bottom of the arrest warrant demonstrates that it was faxed from the United States Marshals Service (in the (850) area code); in fact, the fax confirmation sheet, on the last page of the document, reflects a "log" for the fax machine of the "US Marshals Service." *Id.* at 7. In short, the document flatly contradicts Plaintiff's bald allegation that the FPD Defendants had something to do with the filing or faxing of the Notice of Proceedings.[4]

### 2. Plaintiff's Claim Regarding Mr. Kaufman's September 18, 2006 Letter

Plaintiff also rests much of her personal jurisdiction argument on a letter from Defendant Chet Kaufman dated September 18, 2006.[5] Pltf's Opp. at 10. In the letter, Mr. Kaufman – after laying out Plaintiff's options following the Eleventh Circuit's decision affirming her conviction and sentence – states the following:

> Having considered the options, I am convinced that there is nothing more I can do on your behalf with any reasonable possibility of turning the decision in your favor on direct review. The Court flatly rejected arguments I made and adopted the Government's position. The opinion left me no grounds upon which to reasonably argue for rehearing. There is no conflict within the Court, and I am aware of none with other circuits. Thus, it is my intention to wait for the Court to send me the "mandate" officially closing the appeal, after which I will send the original record to you.

Letter of Chet Kaufman to Kaytrena Francis, dated September 18, 2006, attached to Plaintiff's brief.[6] The letter makes clear that Plaintiff can proceed *pro se* and sets forth the deadlines for a petition for rehearing, a writ of certiorari, and a motion under 28 U.S.C. section 2255. *Id.*

Plaintiff presents no coherent argument setting forth a reasonable basis upon which Mr. Kaufman

---

[4] The document, of course, only confirms what is common knowledge in the federal criminal justice system: criminal defense attorneys do not issue or distribute warrants for their clients' arrest. That is, instead, the work of the United States Marshals Service and federal prosecutors.

[5] Plaintiff also references a letter of September 14, 2006. Pltf's Opp. at 10. The only such letter attached to Plaintiff's brief is a letter from Clerk of the Court of Appeals for the Eleventh Circuit, which encloses a copy of the Eleventh Circuit's decision.

[6] The FPD Defendants do not admit that the letter attached to Plaintiff's brief is authentic and reserve all objections to its use in future proceedings. Moreover, nothing herein constitutes a waiver of the attorney-client privilege beyond the waiver already effected by Plaintiff.

Defendants Kaufman, Murrell and Lammers'
Reply re: Motion to Dismiss
*Francis v. United States*, Case No. CV 07-06125 JSW       3

1  could have petitioned for rehearing or for a writ of certiorari.  Pltf's Opp., *passim*.  Moreover, Plaintiff
2  concedes that she herself had previously wanted to proceed on appeal *pro se*.  *See* Appellant's Motion to
3  Proceed *Pro Se* on Appeal, dated December 20, 2005, attached as Exhibit 23 to Pltf's Opp.
4  Nevertheless, Plaintiff claims that Mr. Kaufman's letter – for which she also, without explanation,
5  blames Mr. Murrell – amounts to "the intentional tort of intentional infliction of emotional distress[.]"
6  Pltfs' Opp. at 10.  That claim is addressed below.  *See infra* at 6 n.8.

### 3. The Listing of Mr. Murrell on a Certificate of Interested Parties

As stated in the opening brief, the Complaint contains no factual allegations whatsoever with respect to Mr. Murrell, who is the Federal Defender for the Northern District of Florida.  Beyond unsupported conclusory allegations – such as stating that Mr. Murrell "faxed" the Notice of Proceedings – Plaintiff has now identified a single fact justifying her lawsuit against Mr. Murrell: that he was "included in the certificate of interest (sic) parties list that was distributed among Kaufman, Chief District Judge Roger Vinson and other named Defendant(s) within Plaintiff complaint."  Pltf's Opp. at 13.  As a result of Mr. Murrell's presence on "certificate of interest parties list," Plaintiff has sued Mr. Murrell – in his "official" and "individual" capacities – for RICO, fraud and a host of other torts. Plaintiff does not, however, explain how the presence of Mr. Murrell's name on a certificate of interested parties possibly gives rise to her claims against him.

### B. This Court Lacks Personal Jurisdiction Over the FPD Defendants

Plaintiff argues that this Court "has general and/or specific personal jurisdiction" over the FPD Defendants.  Because Plaintiff fails to explain her assertion that the Court has general jurisdiction, the FPD Defendants will not address it here.  *See*, *e.g.*, *Figueroa-Rubio v. INS,* 108 F.3d 110, 112 (6th Cir. 1997) (declining to address argument where petitioner mentioned argument in passing and failed to cite authority); *see also Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911, 912 (9th Cir.1990) (holding that a plaintiff has the burden to prove personal jurisdiction).  With respect to Plaintiff's specific jurisdiction argument, it clearly fails as a matter of fact and law.

Plaintiff's personal jurisdiction argument is based on three supposed facts: (1) the faxing of the Notice of Proceedings to the United States District Court for the Northern District of California; (2) Mr.

Defendants Kaufman, Murrell and Lammers'
Reply re: Motion to Dismiss
*Francis v. United States*, Case No. CV 07-06125 JSW                4

1 Kaufman's filing in the Eleventh Circuit of an opposition to the government's motion to dismiss Plaintiff's appeal because of her alleged fugitive status; and (3) Mr. Kaufman's letter to Plaintiff at FCI Dublin, following the Eleventh Circuit's decision on appeal. Pltf's Opp. at 8-11. The first two bases fail as a matter of fact. As stated above, the Notice of Proceedings was filed by Assistant United States Attorney Andrew Scoble, not by the FPD Defendants, and was sent to law enforcement authorities in Northern California by the United States Marshals. *See* Haller Decl., Exhibit A. As such, while the Notice of Proceedings may serve as a basis for jurisdiction against other defendants, it cannot against the FPD Defendants. As for Mr. Kaufman's filing of an opposition in the Eleventh Circuit, it is an act occurring in Florida and Georgia, and not in California – as a result, it cannot serve to confer jurisdiction upon this Court.[7]

That leaves the letter by Mr. Kaufman. The question is whether the letter dated September 18, 2006, which is attached to Plaintiff's brief, can confer jurisdiction over the FPD Defendants. Because the letter does not meet any of the requirements set forth by established law, Plaintiff's jurisdictional theory fails.

### 1. Plaintiff Cannot Satisfy the Purposeful Availment Prong

The "purposeful availment" requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person[.]" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *see also Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (same). Where the defendant's tie to the forum results from another person's action, it cannot be the basis for the exercise of personal jurisdiction. *Id.* at 475 n.17 (stating that the Due Process Clause "forbids the exercise of personal jurisdiction over an out-of-state automobile distributor whose only tie to the forum resulted

---

[7] Both the Notice of Proceedings and the opposition also fail to meet any of the legal requirements for establishing personal jurisdiction. Accordingly, all of the arguments made below with regard to Mr. Kaufman's letter should be construed, if necessary, to apply to the Notice of Proceedings and the opposition as well. Moreover, Plaintiff's reliance on the Notice of Proceedings and the opposition presupposes the invalidity of Plaintiff's conviction. *See* Pltf's Opp. at 8-9. As a result, Plaintiff's personal jurisdiction arguments are also barred by *Heck v. Humphrey*. *Heck v. Humphrey*, 512 U.S. 477 (1994).

Defendants Kaufman, Murrell and Lammers'
Reply re: Motion to Dismiss
*Francis v. United States*, Case No. CV 07-06125 JSW            5

from a customer's decision to drive there, over a divorced husband sued for child-support payments whose only affiliation with the forum was created by his former spouse's decision to settle there, and over a trustee whose only connection with the forum resulted from the settlor's decision to exercise her power of appointment there[.]")

Plaintiff claims that Mr. Kaufman's letter satisfies the purposeful availment prong because it was sent to FCI Dublin. Pltf's Opp. at 10. However, the contact with California was purely the result of the actions of Plaintiff, who unilaterally decided to move to California to be closer to her husband. Complaint ¶¶ 179-81. Because of Plaintiff's decision to move to California, she was ordered by District Judge Vinson to self-surrender to the Marshals in San Francisco and was designated to FCI Dublin. *See* Judgment in a Criminal Case (For Revocation of Probation or Supervised Release), attached as Exhibit 19 to Pltf's Opp., at 3; Letter from United States Marshal Dennis A. Williamson to Kaytrena Francis, dated July 19, 2006, attached as Exhibit 20 to Pltf's Opp. Any tie to California, in other words, was purely fortuitous – it had nothing to do with Mr. Kaufman's actions, and thus cannot be a basis to assert jurisdiction over any of the FPD Defendants.

There are other problems with Plaintiff's reliance on the letter. First, a court must "consider the extent of the defendant's contacts with the forum and the degree to which the plaintiff's suit is related to those contacts." *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007). "A strong showing on one axis will permit a lesser showing on the other. A single forum state contact can support jurisdiction if the cause of action arises out of that particular purposeful contact of the defendant with the forum state." *Id.* Here, Plaintiff's jurisdictional theory vis-a-vis the FPD Defendants is based on a single contact – the letter from Mr. Kaufman – and that contact has no discernible link to any of Plaintiff's claims.[8] Indeed,

---

[8] Plaintiff argues that the letter intentionally inflicted emotional distress, Pltf's Opp. at 10, but the argument fails for at least three reasons: (1) Plaintiff's emotional distress claim is against the United States, and not against the FPD Defendants (Complaint ¶¶ 407-16); (2) Plaintiff, who wanted to proceed *pro se* on appeal, does not explain how a letter explaining how to do so could inflict "emotional distress[;]" and (3) a letter from an attorney setting forth counsel's professional opinion as to the merits of a petition for rehearing or for a writ of certiorari plainly is not "outrageous" conduct that is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Unterberger v. Red Bull North America, Inc.*, 162 Cal.App.4th 414, 423 (2008).

Defendants Kaufman, Murrell and Lammers'
Reply re: Motion to Dismiss
*Francis v. United States*, Case No. CV 07-06125 JSW            6

1  as far as undersigned counsel can discern, the letter is neither mentioned in the Complaint (including in
2  Plaintiff's emotional distress claim) nor attached thereto.

3        Second, there are strong policy reasons why such a letter cannot be a basis for establishing
4  personal jurisdiction. *See, e.g.*, *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433
5  F.3d 1199, 1208 (9th Cir. 2006) (rejecting reliance on cease and desist letter for personal jurisdiction
6  because there "strong policy reasons to encourage cease and desist letters."). The Rules of Professional
7  Conduct *require* attorneys to communicate with clients regarding the clients' cases. *See* Florida Rule of
8  Professional Conduct 4-1.4(a)(3) (stating that an attorney must keep "the client reasonably informed
9  about the status of the matter"); California Rule of Professional Conduct 3-500 ("A member shall keep a
10 client reasonably informed about significant developments relating to the employment or
11 representation[.]"). If client letters – which must, by definition, be sent wherever the client may be
12 located at a particular time – are sufficient to provide for personal jurisdiction over an attorney, it would
13 discourage attorney-client communications and harm attorney-client relationships. Public policy dictates
14 that a single attorney-client letter cannot be sufficient for jurisdiction, particularly where, as here, the
15 nexus of the attorney-client relationship (*i.e.*, the formation of the relationship and the location of the
16 underlying case) is in another forum.

      **2.    Plaintiff Has Not Shown that her Claims Arose Out of the FPD Defendants'
Supposed California-Related Activities**

19       As noted above and in the opening brief, Mr. Kaufman's letter does not give rise to any of
20 Plaintiffs' causes of action. *See supra* at 6 n.8. As a result, *none* of Plaintiff's claims arise out of the
21 FPD Defendants' supposed California-related activities, and Plaintiff's jurisdictional theory fails.

      **3.    Plaintiff Has Not Shown that the Exercise of Jurisdiction Would be
Reasonable**

23       All seven factors relevant to the reasonableness of the exercise of jurisdiction weigh against the
24 assertion of jurisdiction over the FPD Defendants. FPD Defendants' MTD at 7-8; *see also Ziegler v.*
25 *Indian River County*, 64 F.3d 470, 475 (9th Cir. 1995) (listing seven factors). Plaintiff's reliance on the
26 letter of September 18, 2006 letter does not alter this result. Even assuming that the letter could be
27 considered, the extent of the defendants' purposeful injection into the forum would be non-existent and

Defendants Kaufman, Murrell and Lammers'
Reply re: Motion to Dismiss
*Francis v. United States*, Case No. CV 07-06125 JSW    7

the defendants' burdens from litigating in California would be substantial. Given that the case would involve an evaluation of an attorney-client relationship created in Florida with regard to a Florida federal case, the conflict with the sovereignty of Florida and with Florida's interest in adjudicating the dispute would be significant. The Florida courts would clearly be the most efficient forum for resolution of the controversy, and Plaintiff has not shown that the California forum is important to her interest in convenient and effective relief. In short, the exercise of jurisdiction by this Court would not be reasonable.

### 4.  Plaintiff's RICO Jurisdiction Argument is Meritless

Plaintiff argues that this Court enjoys personal jurisdiction over the FPD Defendants pursuant to 18 U.S.C. section 1965(b). Pltfs' Opp. at 7. Section 1965(b) states the following:

> In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965(b). Plaintiff's reliance on section 1965(b) is misplaced.

First, section 1965(b) presupposes a "nationwide RICO conspiracy[.]" *Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986). Plaintiff's RICO allegations – which assert a single conspiracy involving, *inter alia*, district judges, appellate judges, prosecutors, defense attorneys, a court reporter and a courtroom deputy – are patently frivolous.[9] They plainly do not support a finding of a "RICO conspiracy." Moreover, even if a conspiracy were pled, its essential locus is in Florida – 38 individual defendants are alleged to reside or work in Florida, with only five in Georgia, and just three in California. In other words, Plaintiff alleges neither a "RICO conspiracy" nor a "nationwide" conspiracy.

Second, for section 1965(b) to apply, "the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no

---

[9] Although it is beyond the scope of this memorandum, *none* of the requirements for a RICO cause of action is met by the allegations in Plaintiff's Complaint.

Defendants Kaufman, Murrell and Lammers'
Reply re: Motion to Dismiss
*Francis v. United States*, Case No. CV 07-06125 JSW          8

other district in which a court will have personal jurisdiction over all of the alleged co-conspirators." *Id.* Plaintiff has not shown that the Court has jurisdiction over any of the alleged participants in the conspiracy,[10] and has not shown that no other court would have such jurisdiction – for example, the United States District Court for Northern District of Florida.

Finally, section 1965(b) applies only where the Plaintiff demonstrates that the "ends of justice require" it. 18 U.S.C. § 1965(b). The ends of justice do not "require" it here, where 38 out-of-state defendants would be pulled into court thousands of miles away simply because Plaintiff decided to re-locate to California. That is particularly true given that Judge Vinson found that Plaintiff had violated her probation conditions by moving to California in the first place. *See* Judgment in a Criminal Case (For Revocation of Probation or Supervised Release), attached as Exhibit 19 to Pltf's Opp., at 1.

In short, this Court lacks personal jurisdiction over the FPD Defendants.

### C. The Complaint Fails to State a Claim

#### 1. Plaintiff Mischaracterizes the Applicable Legal Standard

Plaintiff repeatedly relies upon *Conley v. Gibson*, 355 U.S. 41 (1957), for the proposition that a complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." Pltf's Opp. at 12, 15. *Conley* was overruled on this very point by the Supreme Court last year. *See Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1969 (2007) ("after puzzling the profession for 50 years, this famous observation has earned its retirement.").

Plaintiff also requests that the Court analyze the Complaint differently because she is proceeding *pro se*. However, as recently stated by the Ninth Circuit, "[she] who proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer[.]" *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

#### 2. Plaintiff Fails to State a Claim With Regard to Mr. Murrell

As noted above, Plaintiff – after failing to allege *any* facts with regard to Mr. Murrell in her

---

[10] Notably, it does not appear that Plaintiff has served any of the California defendants.

Defendants Kaufman, Murrell and Lammers'
Reply re: Motion to Dismiss
*Francis v. United States*, Case No. CV 07-06125 JSW         9

Complaint – now claims that she has stated a claim against Mr. Murrell because his name was "included in the certificate of interest parties list[.]" Pltf's Opp. at 13. Plaintiff's explanation does not reveal a claim. It reveals, instead, Plaintiff's unfortunate penchant for suing anyone, anywhere, who had anything even remotely to do with her criminal case, including, *inter alia*, a court reporter, a courtroom deputy and an assistant in the Federal Defender's Office. Plaintiff's claims against Mr. Murrell must be dismissed under Rule 12(b)(6).

### 3. Plaintiff Fails to State a Claim Against Mr. Kaufman and Mr. Lammers

For all of the reasons set forth below, Plaintiff has failed to state any claim against Mr. Kaufman and Mr. Lammers.

#### a. All of Plaintiff's Claims are Barred by *Heck v. Humphrey*

A plaintiff may not recover for an allegedly unconstitutional conviction or imprisonment when her conviction has not "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. It is clear – from the Complaint and from Plaintiff's opposition brief itself – that Plaintiff's case is premised on the theory that her conviction was invalid. *See*, *e.g.*, Complaint ¶¶ 297, 375, 766, 784; *see also* Pltf's Opp. at 1 (arguing that Defendants' factual background was "grossly falsified" because Chief District Judge Vinson acted "in the clear absence of all jurisdictions – without a complaint, indictment, waiver of indictment[,] negotiated plea, arraignment, and conviction."); *id.* at 5 ("Plaintiff was neither charged nor convicted of Resisting, Opposing, Impeding or Interfering with Certain Officers"). However, Plaintiff's conviction stands and, as a result, Plaintiff's claims are squarely barred by *Heck*.

Plaintiff nevertheless argues that if District Judge Vinson had believed that Plaintiff's claims were barred under *Heck*, "he would not have conspired with Defendant(s) Kaufman, Lammers and Murrell, et al, utilize (sic) the operation of the courts own process to kidnap or murder Plaintiff to prevent her from filing a FTCA, Bivens, civil RICO, or any other appropriate claim against him[.]" Pltf's Opp. at 15-16. This circular argument obviously does not provide any legal basis to decline to apply clear Supreme Court precedent.

Defendants Kaufman, Murrell and Lammers'
Reply re: Motion to Dismiss
*Francis v. United States*, Case No. CV 07-06125 JSW           10

1   Plaintiff also argues that *Heck* does not apply because she is "no longer in Federal custody[.]" Plaintiff's argument should be rejected. Courts have applied *Heck* where the plaintiff is no longer incarcerated. *See*, *e.g.*, *Guerrero v. Gates*, 442 F.3d 697, 703-05 (9th Cir. 2006) (applying *Heck* notwithstanding plaintiff's release from custody); *Randell v. Johnson*, 227 F.3d 300, 301-02 (5th Cir. 2000) (holding that *Heck* applies to inmate released from custody); *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) (holding that *Heck* applies to inmate released from custody); *Santiago v. Granholm*, No. 1:07-CV-1156, 2008 WL 205218, at *1 (W.D. Mich. Jan. 23, 2008) (same); *Heck*, 512 U.S. at 490 n.10 ("We think the principle barring collateral attacks – a longstanding and deeply rooted feature of both the common law and our own jurisprudence – is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated.").

Moreover, even though she is no longer incarcerated, Plaintiff can still challenge her conviction by procedures other than this civil suit – for example, by a writ of *coram nobis*, which can be used for precisely the type of jurisdictional challenge that Plaintiff seeks to raise here. *See Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005) (writ of *coram nobis* authorized under All Writs Act, 28 U.S.C. § 1651(a)); *United States v. Peter*, 310 F.3d 709, 712-13 (11th Cir. 2002) (discussing writ of *coram nobis* and stating that "[o]ne type of claim that has historically been recognized as fundamental, and for which collateral relief has accordingly been available, is that of 'jurisdictional' error."); *Chresfield v. United States*, 381 F. Supp. 301, 302 (E.D. Penn. 1974) ("*coram nobis* lies to correct errors of a most fundamental character when the petitioner is no longer serving a sentence imposed by a federal district court, and therefore neither *habeas corpus* nor a motion to vacate sentence under 28 U.S.C. 2255 is available."). Where a plaintiff has means to challenge her conviction – such as a writ of *coram nobis* – *Heck* still applies. *See*, *e.g.*, *Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir. 1998) (recognizing that *Heck* applies where plaintiff could seek pardon for governor or "a remedy along the lines of *coram nobis*"); *Bembenek v. McCann*, No. 04-C-0002, 2006 WL 2547094, at *4-5 (E.D. Wis. Aug. 31, 2006) (*Heck* applies where, *inter alia*, plaintiff could seek relief via writ of *coram nobis*); *Chatman v. Angelina County Justice System*, No. Civ.A. 905CV54, 2005 WL 1230920, at *1(E.D. Tex. May 23, 2005) (affirming magistrate court's decision to apply *Heck* bar until plaintiff could show that probation

Defendants Kaufman, Murrell and Lammers'
Reply re: Motion to Dismiss
*Francis v. United States*, Case No. CV 07-06125 JSW            11

1 | revocation had been "set aside, overturned, declared invalid, or called into question through the issuance
2 | of a federal writ of *habeas corpus* or *coram nobis*.").

### b. Plaintiff's Breach of Fiduciary Duty Claim is Barred

As set forth in the opening brief, Plaintiff's breach of fiduciary duty claim is squarely barred under State law. *See* FPD Defendants' MTD at 9-10. Because Plaintiff has failed to provide any coherent argument in response, Pltf's Opp. at 13-15, the breach of fiduciary duty claim should be dismissed.

### c. Plaintiff's 18 U.S.C. Section 241 Claims Must be Dismissed

Plaintiff appears to acknowledge that her section 241 claims are barred under settled precedent. *See* Pltf's Opp. at 15. Plaintiff argues, however, that "any claim brought under 18 USC 241 can be construed as 42 U.S.C. 1985(3)." Pltf's Opp. at 15. Even assuming that such an on-the-fly amendment of the Complaint were permissible or warranted, Plaintiff's wholly conclusory conspiracy allegations do not meet section 1985(3)'s requirements. *See, e.g.*, *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) (mere conclusory allegations insufficient under section 1985(3)); *Mintz v. Com.*, No. CIV. A. 99-CV-3543, 2000 WL 348576, at *2 (E.D. Pa. Mar. 30, 2000) (dismissing section 1985(3) claim where plaintiff had failed "to provide any facts that support his conspiracy theory"). In addition, Plaintiff has not alleged any facts sustaining the notion that the FPD Defendants conduct was based on "racial or class-based discrimination[.]" *Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985); *see also Glover v. Tower*, 700 F.2d 556, 558 (9th Cir. 1983) (affirming dismissal of section 1985(3) claim against public defender where plaintiff failed to allege class-based discrimination); *Norman v. Torhorst*, No. 04-C-203-C, 2004 WL 906415, at *3 (W.D. Wis. Apr. 27, 2004) (dismissing section 1985 claim where plaintiff "failed to allege any facts" that defendants "conspired against him because of his race, sex or religion").

Accordingly, Plaintiff's section 241 claim must be dismissed, and should not be construed under section 1985(3).

### d. Plaintiff's Section 1983 and *Bivens* Claims Must be Dismissed

Section 1983 and *Bivens* claims cannot proceed against public defenders because they do not act

Defendants Kaufman, Murrell and Lammers'
Reply re: Motion to Dismiss
*Francis v. United States*, Case No. CV 07-06125 JSW          12

under "color of law." FPD Defendants' MTD at 12 n.14, *citing Polk County v. Dodson*, 454 U.S. 312, 325 (1981).[11] Given that Plaintiff has failed to address the FPD Defendants' argument in this regard, all of her section 1983 and *Bivens* claims against the FPD Defendants must be dismissed.

      **e.    All of Plaintiffs' Claims Fail to Meet the *Twombly* Plausibility Standard**

As noted above, Plaintiff has, in her brief, provided additional details with regard to her claims against the FPD Defendants. Based upon Plaintiff's further explanations of her claims, it is plain that Plaintiff's theory does not meet the standard set forth in *Twombly*. The supposed "conspiratorial" acts of Mr. Kaufman and Mr. Lammers – the sending of a letter explaining the reasons why a petition for rehearing or a certiorari petition lacks merit, the filing of an opposition to the government's motion to dismiss the appeal, and Mr. Lammers' appointment to represent Plaintiff in November 2005 – are entirely consistent with the provision of legal services during the normal course of the federal defenders' work. *See Twombly*, 127 S. Ct. at 1264 and 1272 (holding allegations of conspiracy insufficient where they are "in line" with normal market behavior and where there is an "obvious alternative explanation" for the supposed conspiratorial acts). Moreover, Plaintiff's alleged wide-ranging conspiracy to "kidnap and murder" her, involving the participation of judges, court personnel and criminal defense attorneys, simply cannot possibly meet *Twombly*'s plausibility standard; indeed, the Complaint does not even meet

---

[11] Plaintiff argues that the FPD Defendants have "conveniently ignored" that they were sued in their official and individual capacity. Pltf's Opp. at 1. However, as a matter of law, a court-appointed attorney providing legal services acts in his *individual* capacity, not his "official" capacity. *See*, *e.g.*, *Polk County*, 454 U.S. at 322 n.13 (stating that a public defender acting in his "capacity" as "counsel to a defendant in a criminal proceeding" is "not acting on behalf of the State; he is the State's adversary."); *Koenig v. Snead*, 757 F. Supp. 41, 43 -44 (D. Or. 1991) (holding that counsel appointed to represent criminal defendant acts "in his individual capacity as a lawyer and not as an officer" of the government). Accordingly, for that reason – and all of the other reasons set forth in the moving papers and herein – Plaintiff's "official capacity" claims against the FPD Defendants must be dismissed.

    Moreover, Plaintiff's argument that federal public defenders are "employees" of the United States government when they provide legal services, Pltf's Opp. at 14, fails as a matter of law. *See* 28 U.S.C.A. § 2671 (specifically excluding federal defenders from definition of "[e]mployee of the government" when the federal defender " performs professional services in the course of providing representation under section 3006A of title 18."); *Poole v. Reed*, No. 1:06 CV 645, 2006 WL 1489503, at *1 (N.D. Ohio May 25, 2006) ("A federal public defender or a private criminal defense attorney . . . is not considered to be a federal employee or agent[.]")

Defendants Kaufman, Murrell and Lammers'
Reply re: Motion to Dismiss
*Francis v. United States*, Case No. CV 07-06125 JSW      13

the "conceivable" standard, which *Twombly* held was insufficient. *Id.* at 1974. Accordingly, all of Plaintiff's claims must be dismissed under Rule 12(b)(6).[12]

### III. CONCLUSION

Based upon the foregoing, Plaintiff's Complaint against the FPD Defendants must be dismissed with prejudice for lack of personal jurisdiction and failure to state a claim.

Dated: July 1, 2008                                   Respectfully Submitted,


                                    /s/ Alexis Haller
                                    Mary McNamara
                                    Alexis Haller
                                    SWANSON, McNAMARA & HALLER LLP
                                    Attorneys for Defendants Chet Kaufman, Randolph
                                    P. Murrell and Charles Lammers

---

[12] The FPD Defendants stand by their Rule 8(a) argument, FPD Defendants' MTD at 12-13, but respectfully request that the Court dismiss on the grounds contained herein because such dismissal would be with prejudice.