Kaytrena J. Francis
1467 7th Ave #105
San Francisco Ca. 94122
415 971-5049
kaytrenaf@yahoo.com

Plaintiff



FILED

JUL 1 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Kaytrena J. Francis, | Case Number: CV07-06125 JSW |
| Plaintiff, | OPPOSITION TO INDIVIDUAL USDOJ DEFENDANTS, IN THEIR INDIVIDUAL CAPACITIES, GREGORY R. MILLER, E. BRYAN WILSON AND AND STEPHEN PRIESSER' S MOTION TO DISMISS |
| UNITED STATES OF AMERICA et al, | |
| Defendants. | |

**OPPOSITION TO INDIVIUAL USDOJ DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES, GREGORY R. MILLER, E. BRYAN WILSON, AND STEPHEN P. PRIESSER'S and MEMORANDUM OF LAW**

Comes now Kaytrena J. Francis, Plaintiff, pro se, and submits this Opposition to Individual United States Department of Justice, (USDOJ) Defendants' in their individual capacities, Gregory R. miller, E. Bryan Wilson, and Stephen P. Priesser's *Motion To Dismiss.*

### a) Opposition to USDOJ Defendants Miller, Preisser and Wilson Statement Of Facts

1. Plaintiff argues that Defendants must not be permitted to knowingly falsify that Plaintiff has been charged or convicted of an 18 U.S. C. 111 or any other offense against the United States to improperly influence this Honorable court.  Because a picture is truly worth a thousand words, Plaintiff has embedded the Unsigned Probable Cause Statement, United States District Court Violation Notices, the Notice to Appear,  and the felony Information alleging an offense of 18 USC 111 within the special maritime which was vindictively filed under simple assault.

2. Plaintiff agues that Defendants Summary, Factual Background, and Exhibits are intentionally and grossly falsified with reckless disregard for the truth and must not be permitted to shield, protect or conceal that Chief District Judge Roger Vinson, et al actions were taken in the clear or complete absence of all jurisdictions without: a swom complaint, subject matter jurisdiction, indictment, waiver of indictment; negotiated plea, arraignment, and conviction.

3. Plaintiff argues that her true Statement of facts can be found on pages 8 thru 17 of her complaint.

4. Plaintiff argues, alleges, realleges and asserts the following factual allegations in opposition to Defendants intentional falsified statement of facts

**a) Plaintiff was arrested without probable cause**

1. Plaintiff argues that on December 10 2004, active duty enlisted Air Force members TSgt Chad Dillon and A1C Jason Archilla conduct violated Plaintiff's clearly established Federal Fourth Amendment right to be free from unlawful seizure when they arrested her without Probable cause.

2. Plaintiff argues that the unlawful arrest was instigated by active duty Air Force members Lt. Eskridge and MSgt Sheperd who told TSgt Dillon and A1C Archilla that Plaintiff cold be arrested for forgetting her purse at home. Plaintiff asked TSgt Dillon to call her active duty military spouse who was at work on December 10, 2004 to get him to bring her purse from home where she had resided with him on Eglin Air Force Base but TSgt Dillon refused. Without warning and without Plaintiff's consent, TSgt Dillon grabbed Plaintiff by her breast and A1C Archilla grabbed Plaintiff in between her legs; they picked Plaintiff up; slammed her down; and TSgt Dillon sat on Plaintiff with his loaded weapon pointing in Plaintiff's kidney for over ten minutes.

3. Plaintiff argues that the arrest was without probable cause as there was no warrant for Plaintiff arrest prior to being handcuffed; neither was there a complaint alleging that Plaintiff was believe to have committed any offense against the United States. As noted by Plaintiff complaint, on March 3, 2004 Lt. Eskridge was reported as telling a civil rights mediator that she felt that she had a right to have Plaintiff arrested because she did not like Plaintiff addressing her by her rank of Lieutenant.

Unsigned Statement of Probable Cause



**b) Plaintiff received violation notices (DD Forms 1805) citing her for Florida State Statues**

1. Plaintiff argues that on December 10, 2004, after she made a statement that she is a registered voter who followed the law; did not have any traffic citations; and was going to file a congressional complaint against Eglin Air Force base for refusing to allow her to file a complaint against TSgt Dillon for assaulting and battering her,

TSgt Dillon retaliated against Plaintiff by giving her two violation notices citing Florida State Statues 877.03 (Resisting an arrest with violence) and 843.01(Disorderly Conduct).

**Violation Notices**



**c) Plaintiff received a *Noticed To Appear* for the violation notices citing Florida State Statues.**

1. Plaintiff argues that 91 days after she was arrested without probable cause and never taken before a judicial officer to establish probable cause; she received in the mail a **Notice to Appear** in the United States District court of the Northern District of Florid, Pensacola Division on March 16, 2005 for the violation notices she received from TSgt Dillon on December 10, 2004 which cited Florida State Statues 877.03 and 843.01 (see below).

**d) United States Attorney Miller vindictively filed an alleged felony Information under simple assault in the magistrate court**

1. Plaintiff argues that March 11 2005. United States Attorneys, Gregory R. Miller and Stephen Preisser vindictively filed a felony Information under simple assault in the United States Magistrate court under case number 3:05mj80.

2. Plaintiff argues that on March 16, 2005 she arrived in the United States Magistrate Court without counsel to respond to the *Notice to Appear* for the violation notices citing Florida State Statues.

Notice to Appear



3. The United States Magistrate Judge, Miles Davis did not inform Plaintiff that she was being charged with an offense he asked an active duty United States Air Force (USAF) Staff Judge Advocate, Captain Michael Yoder what's the charge" [re Plaintiff complaint p. 104].

4. Reading from an alleged felony Information that Defendants' Miller and/or Preisser vindictively filed under simple assault in the Magistrate court on March 11, 2005 and assigned to case no. 3:05mj80, Capt. Yoder read:

- *That on or about December 10, 2004, in the Northern District of Florida, and within the **special maritime and territorial jurisdiction of the United States**, to wit: Eglin Air Force Base, Florida, the defendant Kaytrena J. Francis, did forcibly assault, resist, oppose, impeded, intimidate, and interfere with Technical Sergeant Chad T. Dillon and Airman First Class Jason Archilla, United States Air Force Security Forces Officers, while they were engaged in their official duties, in violation of Title 18, United States Code, Section 111.*

- *That on or about December 10, 2004, in the Northern District of Florida, and within the special maritime and territorial jurisdiction of the United States, to wit: Eglin Air Force Base, Kaytrena J. Francis, did engage in conduct as to constitute a breach of peace or disorderly conduct, in violation of Florida Statue 877.03, and Title 18, United States Code, Section 7 and 13.*

5. When Magistrate Davis asked Capt. Yoder what the offense level was, Caption Yoder knowingly and intentionally lied to Magistrate Judge Davis that the offense level was a class 'A' misdemeanor.

6. Afterwards US Magistrate Davis looked at Plaintiff, observed she was African American female, asked her to enter plea; scheduled a felony trial before him in the United States Magistrate court without Plaintiff's signed consent; told Plaintiff to notify the court when she found an Attorney; and had his secretary mail Plaintiff a reminder letter to let the United States Magistrate Court know when she found an Attorney.

Information



7. Plaintiff attaches a true copy of the reminder letter to get an attorney she received in the mail from Magistrate Judge Davis Secretary, Joanne Ahr as <u>Exhibit 6</u> for this Honorable court to review.

### e) Plaintiff did not waive her Fifth Amendment right to a grand jury indictment

1. Plaintiff argues that she did not waive her Fifth Amendment right to a grand jury indictment.

2. Plaintiff argues that Defendants cannot produce a waiver of indictment form signed by Plaintiff because there is none on the record.



March 24 2005: Stevenson informed Francis that the offenses in the information required a grand jury investigation and filed a request for a trial by jury before a District judge … with the understanding that a grand jury will investigate and would have to establish probable cause before Francis could be tried for the alleged offense. [Plaintiff's complaint 112]

3. Plaintiff attaches Stevenson Demand for trial by District Judge as Exhibit 7 for this Honorable court review.

### f) Plaintiff was not indicted by a grand jury

1. Plaintiff argues that Defendants cannot produce any document on the record that reflects:

The Grand Jury charges *That on or about December 10, 2004, in the Northern District of Florida, and within the special maritime and territorial jurisdiction of the United States, to wit: Eglin Air Force Base, Florida, the defendant Kaytrena J. Francis, did forcibly assault, resist, oppose, impeded, intimidate, and interfere with Technical Sergeant Chad T. Dillon and Airman First Class Jason Archilla, United States Air Force Security Forces Officers, while they were engaged in their official duties, in violation of Title 18, United States Code, Section 111*

because there is none.

### g) Chief District Judge Roger Vinson was involved in a conspiracy to false imprison Plaintiff

1. Plaintiff argues that Chief District Judge Roger Vinson knowingly  agreed to conspire with Defendant(s) Harper, Capt. Yoder, Capt. Astel, and Preisser to falsify that Plaintiff was charged by indictment, in retaliation to Plaintiff refusing to participate in a Diversion program, in retaliation to Plaintiff refusing to sign a waiver of speedy trial right; on the account that Plaintiff was exercising her federal Fifth Amendment right to a grand jury indictment by demanding that grand jury establish probable cause for the alleged federal felony Information vindictively filed under simple assault; and on the account of Plaintiff being a African American female.

2. On May 23, 2005 In furtherance the conspiracy Defendant Harper falsified in his *Memorandum of Law in support of Defendant's motion to dismiss with prejudice pursuant to violation of the speedy trial act* that (1) Plaintiff was summons to appear on December 10 2004 and (2) Plaintiff had been indictment by a grand jury .

3. On May 31 2005, in furtherance of the conspiracy Defendant Chief District Judge Roger Vinson falsified that the violation notices cited Plaintiff for Title 18 U.S.C. 111; and an offense of *forcibly assault* was the same as resisting arrest without violence; and it was a class 'A' misdemeanor.

4. Inspection of the United States District Court violation notices reveals that they do not reflect an offense of 18 USC 111 or any offense against the United States. The offense alleged is FSS 877.03 and FSS 843.01 which are Florida State Offense.

### h) Plaintiff did not have an arraignment

1. Plaintiff argues that she was forcibly prosecuted without having an arraignment.

2. Plaintiff argues that not one judge (Magistrate or District) has ever informed her that there was probable cause to believe that Plaintiff has committed any offense against the United States neither has any judge within the United States or abroad read to Plaintiff a charging document or told her that the United States through its Attorneys or Attorney or the grand jury charges Plaintiff with an offense of Title 18 United States Code Section 111 or any other offense against the United States.

Plaintiff argues that Chief District Judge Roger Vinson had scheduled an arraignment for June 2 2005 but as noted by Plaintiff's complaint

132. June 2, 2005: Francis did not have an arraignment. Capt. Yoder and Capt. Astle convinced Harper to keep Francis away from the district court until the forced trial. Harper told Francis the arraignment was a plea bargaining hearing and stated that they were not going to go to it because he knew how strong Francis felt about her innocence. Francis asked Harper to inform Judge Vinson that she had not had a grand jury investigation and

that the violation notice did not cite her for 18 U.S.C. 111 and Harper refused. Harper told Francis that Vinson already knew what the case was about.

it did not happened.

### i) Plaintiff was forcibly prosecuted by a USAF Staff Judge Advocates Capt. Yoder and Capt. Astel in the clear absence of all jurisdictions

1, Plaintiff argues that Title 10 US Code Section 802 Art 2 describes person(s) subject to UCMJ. Plaintiff is not [a]ny person described within Title 10 US Code Section 802 Art 2. Plaintiff does not fall under the Uniform Code of Military Justice.

2. Plaintiff attaches a copy of the trial transcripts cover from day 1 and day 2 reflecting United Staff Judge Advocates Capt. Yoder and Capt. Astel as Special Assistant Attorneys who forcibly prosecuted Plaintiff before a misdemeanor jury for the vindictively filed felony information that United States Attorney Miller filed in the United States Magistrate court under simple assault.

3. Plaintiff further argues that Defendants' Attorney Neil Tseng argued in the Individual Air Force *Motion to Dismiss* that Capt. Yoder Capt. Astel was assigned as Special Assistant United States Attorneys to prosecute Plaintiff. But Tseng did not provide any proof because there is none on the record.

4. Plaintiff argues that Capt. Yoder and Capt. Astel were neither assigned as Special Assistant Attorneys by the Attorney General Charlie Crist (current Governor of Florida); nor were they appointed by the President George Bush to forcibly prosecute Plaintiff for an offense alleging a violation of 18 USC 111 within the Special Maritime jurisdiction because federal courts has limited to jurisdiction to laws enacted by Congress and Congress did not enacted 18 USC 111 within the special maritime.

5. Plaintiff argues that on June 6, 2005 and June 7, 2005 active duty United States Air Force Staff Judge Advocates Captain Yoder and Captain Astle were acting under color of federal law, beyond the bounds of their military authority, masquerading themselves as United States Attorneys employed by the United States Department of justice; and violating Plaintiff's clearly established Federal Fifth Amendment due process, equal protection of the laws, and right to a grand jury indictment when they forcibly prosecuted Plaintiff before Chief District Judge Roger Vinson and a misdemeanor jury for the alleged felony that Information Defendant Miller vindictively filed under simple assault.

### i) Plaintiff was neither charged nor convicted of Resisting, Opposing, Impeding or Interfering with Certain Officers; 18 U.S.C. 111

1. Plaintiff agues that Defendants argument that Plaintiff was found guilty as charged are grossly falsified with reckless disregard for the truth and must not be permitted to improperly influence this Honorable court.

2. "The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." Hagans v Lavine 415 U. S. 533

3. Plaintiff argues that Defendants cannot produce any sworn complaint alleging that Plaint was believe to have committed any offense against the United States because there is none on the record.

4. Plaintiff argues that Defendants cannot produce any charging document that reflects:

- The Grand Jury charges *the defendant Kaytrena J. Francis with **Resisting, Opposing, Impeding, or Interfering with Certain Officers** in violation of Title 18, United States Code, Section 111.*
- The United States through its Attorney  or Attorney charges *the defendant Kaytrena J. Francis with **Resisting, Opposing, Impeding, or Interfering with Certain Officers** in violation of Title 18, United States Code, Section 111.*

because there is none on the record.

5. Plaintiff argues that USAF Staff Judge Advocates Capt. Michael Yoder and Capt. Astel forcibly prosecuted Plaintiff for the alleged felony Information which Defendant Miller filed under simple assault in the United States Magistrate court which reads:

> That on or about December 10, 2004, in the Northern District of Florida, and within the **special maritime and territorial jurisdiction of the United States**, to wit: Eglin Air Force Base, Florida, the defendant Kaytrena J. Francis, did **forcibly** assault, resist, oppose, impeded, intimidate, **and** interfere with Technical Sergeant Chad T. Dillon and Airman First Class Jason Archilla, United States Air Force Security Forces Officers, while they were engaged in their official duties, in violation of Title 18, United States Code,Section 111.

6. Plaintiff argues that After the misdemeanor jury acquitted Plaintiff of forcibly assault Chief District Judge Roger Vinson who knew that the district court lacked subject matter jurisdiction because Congress did not enact 18 USC 111 within the Special Maritime Jurisdiction; falsified a conviction by altering the offense language with a specific intent to further the conspiracy to deprive Plaintiff of due process, equal protection of the laws, to false imprison Plaintiff; and conceal his actions taken in the clear absence of all jurisdiction, should Plaintiff file inter alia, a FTCA or Bivens action against him, Gregory Miller and et al; in retaliation to Plaintiff for sending him a notarized letter stating that she did not waive her Fifth Amendment right to a grand jury indictment; on the account of Plaintiff being an African American female; on the account of Plaintiff requesting due process of law.

7. Plaintiff attaches a true copy of the notarized letter dated Aug 17 2005 that she sent for this Honorable Court review.  Exhibit 28

### b) Opposition to USDOJ Defendants Miller, Preisser and Wilson motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)

1. In ruling on a Rule 12(b)(1) motion to dismiss, the court is generally "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." See Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995) (citing Scheuer v. Rhodes, 416 U.S. 232, 236-37 (1974)).

2. Plaintiff argues that this court has jurisdiction over the subject matter of this complaint pursuant to
- 28 U.S.C. §§ 1331 - federal question
- 28 U.S.C. §§ 1332 (a)(1) - citizens of different States
- 28 U.S.C. §1343  - civil rights and elective franchise
- 28 U.S.C. §1346(b)(1) - United States as a Defendant
- 28 USC § 1367(a) -  Supplemental jurisdiction or pendant jurisdiction
- 42 U.S.C. §§.1983 - civil action for deprivation of rights
- 42 U.S.C. §1985(3) - conspiracy to interfere with civil rights
- 42 U.S.C. §1986 – action for neglect to prevent
- 42 U.S.C. § 1988 - proceedings in vindication of civil rights
- 28 U.S.C. § 2201 - Declaratory Judgment Act
- 18 U.S.C. § 2202  - further relief available
- 18 U.S.C. § 241- conspiracy against rights
- 18 U.S.C. §  242 -  deprivation of rights under color of law
- 18 U.S.C. §§ 1964 - civil RICO
- 28 USC § 2679(b)(1)

3. Plaintiff further argues that this court has jurisdiction over the subject matter of this complaint pursuant 18 U.S.C. §§ 1001,1341, 1342, 1343, 1361, 1961 (and statutes cited therein) through 1967, Federal Tort Claims Act, Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971)., and Fed. R. Civ. P. Rule 65(a)(2).

4. Plaintiff argues that her complaint alleges inter alia, FTCA, 42 USC 1983, 1985, Bivens, and civil RICO against Individual DOJ Defendants



Opposition To Argument that USDOJ Defendants Miller, Preisser, and Wilson are absolutely immune from suit

### 1. USA Miller and AUSA Preisser does <u>not</u> enjoy absolute Prosecutorial Immunity

1. Plaintiff argues that United States Attorney Miller and Assistant United States Attorney Preisser do not have Absolute or Qualified Immunity.

2. Plaintiff argues that on March 11 2005, United States Attorneys' Miller and Preisser's conduct violated her federal fifth Amendment right to a grand jury indictment, due process and equal protection of the laws, inter alia and they were neither performing any activity intimately associated with a judicial phase of any process nor were they performing any discretionary function when they vindictively filed the alleged felony Information in in the United States Magistrate court under simple assault.

3. "[T]he United States can initiate a felony prosecution only by indictment. U.S. Const. Amend. V; Fed. R. Crim. P. 7(a).2 An indictment, "fair upon its face" and returned by a "properly constituted grand jury," conclusively determines the existence of probable cause." Kalina v. Fletcher, 522 U.S. 118, 139 L. Ed. 2d 471, 118 S. Ct. 502 (1997)

4. The Supreme Court has repeatedly endorsed a "functional approach" to determine whether a prosecutor is entitled to absolute immunity. Buckley, 509 U.S. at 269. This approach looks to "the nature of the function performed, not the identity of the actor who performed it." Id. (quoting Forrester v. White, 484 U.S. 219, 229 (1988)). The Court has also explained that "the official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." Burns v. Reed, 500 U.S. 478, 486 (1991).

5. Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982);

6. The Supreme Court has generously construed qualified immunity protection to protect "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

7. Plaintiff argues that as a Chief United States Attorney for the Northern District of Florida, Gregory Miller who had prosecuted many cases for the United States knew with reasonableness' that Plaintiff's federal Fifth Amendment right to a grand jury indictment was clearly established and that the United States could not initiate felony prosecution in absence of an indictment or a waiver of indictment.

8. Plaintiff argues that as a Chief United States Attorney for the Northern District of Florida, Gregory Miller who has prosecuted many cases for the United States knew with reasonableness' that the United States District Court lacked subject matter jurisdiction over the alleged felony offense he vindictively filed under simple assault in the United States Magistrate court without probable cause because Congress did not enact Title 18, United States Code Section 111 <u>within the Special Maritime</u> and territorial jurisdiction of the United States.

9. Plaintiff argue that Miller and Preisser knew that they were breaking law because the felonious Information filed in the United States Magistrate court under simple assault were not based upon probable cause because Miller filed it without a sworn complaint, or indictment or a negotiated plea.

10. Plaintiff argues that Gregory Miller and Stephen Preisser willfully and intentionally broke the law when they conspired with Chief District Judge Roger Vinson, USAF Staff Judge Advocates Capt. Yoder and Capt. Astel and Plaintiff's Attorney Robert Harper to falsify that Plaintiff had been indicted by a grand jury.

11. Plaintiff also argues that on June 6 and June 7 of 2005 Gregory Miller and Stephen Preissers Miller knew they were breaking the law when they allowed active duty United States Air Force Staff Judge Advocates Captain Michael Yoder and Capt. Astel who were limited to prosecuting civilians for petty offenses; to forcibly prosecute

Plaintiff for the allege felony Information before a misdemeanor jury in retaliation to Plaintiff demanding that a grand jury investigate the vindictively filed felony Information; in retaliation to Plaintiff refusing to sign a waiver of Speedy trial right; in retaliation to Plaintiff refusing to accept a diversion program, and on the account that Plaintiff is an African American female; on the account that Plaintiff was exercising her Federal Fifth Amendment right to a grand jury indictment.

12. Plaintiff argues that Miller and Preisser knew that Capt Yoder and Capt. Astel were not appointed by the President to prosecute felony offenses.

13. Plaintiff argues that on November 21 2005 Gregory Miller and Stephen Preisser knowingly, intentionally, and willfully broke the law when they allowed Capt. Joanna Astle to vindictively prosecute Plaintiff for an improper impermissible falsified probation violation of 18 USC 111 alleging that Plaintiff was charge or convicted with an original offense of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111 before United States District Judge Roger Vinson in retaliation to Plaintiff filing a Motion to Stay in the United States District Court and on the account of Plaintiff being an African American female.

14. Miller and Preisser knowingly, intentionally and willfully broke the law when conspired with United States District Court Reporter W. Paul Rayborn to falsify Capt. Yoder and Capt. Astel addresses on the trial transcripts to make it appear that they were employed by the United States Department of Justice. Miller knew that Attorney General Charlie Crist had not given Capt. Astel or Capt. Yoder a Special Assistant Attorney appointment and even if Christ had, the Captains were limited to prosecuting misdemeanor offenses.

15. Plaintiff argues that Miller and Preisser intentionally and willfully acted with deliberate indifference or callous disregard for Plaintiff clearly established Federal Fifth Amendment right to due process, equal protection of the law, and a grand jury indictment on the account of her being an African American Female. Miller and Preisser do not have absolute immunity because they were not performing any discretionary function intimately associated with any judicial process. Miller and Preisser were conspiring with Chief District Judge Roger Vinson, Capt. Yoder, and et al to deprive or deny Plaintiff of due process, equal protection of the laws and right to a grand jury indictment and if Miller and Preisser seriously believed that they were entitled to absolute or qualified immunity for their vindictive and retaliatory prosecution without probable cause or for their conduct which violating Plaintiff clearly established federal fifth Amendment right to a grand jury indictment they would not have conspired to kidnap or murder Plaintiff to prevent her from filing a FTCA, Bivens, 42 USC 1985 or any appropriate claim against them.

Wherefore Plaintiff requests that this Honorable Court deny Defendants Gregory Miller and Stephen Motion to Dismiss pursuant to Absolute or Qualified Immunity.

## 2. AUSA Wilson does not Enjoy Absolute Immunity

1. Plaintiff argues that E. Bryan Wilson does not enjoy Absolute Immunity because he was not performing any acts "intimately associated with the judicial phase" of litigation.

2. Plaintiff argues that Wilson was neither protecting the public funds nor the financial assets of the United States. Wilson was not defending any lawsuit filed against the United States by Plaintiff; neither was he defending the United States as a third party defendant to any lawsuit filed by Plaintiff because there is no previous civil complaint filed by Plaintiff against the United States et al on the record.

3. Plaintiff also argues that 42 USC 1986 provides a federal cause of action "against any person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 ... are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed ..."

4. Plaintiff argues that Wilson do not enjoy absolute immunity because became aware that Vinson, Miller, Preisser et al had acted in the clear or complete absence of all jurisdictions after the Eleventh Circuit sent for the records

and discovered that Harper had falsified that Plaintiff had been indicted by a grand jury and Chief District Judge Roger Vinson was involved in the conspiracy to false imprisoned Plaintiff.

5. Plaintiff also argues that as a Chief Civil Appellate Attorney who has litigated many case for the United States E Bryan Wilson knew with reasonableness' that the Federal courts has limited jurisdiction, Plaintiff had a clearly established Federal Fifth Amendment right to a grand jury indictment; a judge is liable when he acts in the clear or complete absence of all jurisdictions or subject matter jurisdiction, federal Officers are liable when their conduct violated clearly establish or statutory rights, and the First Amendment prohibits government officials from subjecting an individuals to retaliatory actions, including criminal prosecutions, for speaking out inter alia.

6. Plaintiff argues that after reviewing the record Wilson had knowledge that Chief District Judge Roger Vinson an et al were not entitle to absolute or qualified immunity because they had acted in the clear or complete absence of all jurisdictions, subject matter jurisdiction, and their conduct had violated Plaintiff's clearly established federal Fifth Amendment right to due process of law, equal protection of the laws and a grand jury indictment; and upon further investigation Wilson found that the United States Air Force Defendants' Capt Yoder, Capt. Astel and et al could not use an incident to service defense because Plaintiff did not fall under military jurisdiction.

7. Plaintiff argues that in his thorough review or investigation of the record Wilson did not find: a sworn complaint by Defendant Gregory Miller swearing that it was believed that Plaintiff had committed any offense against the United States; subject mater jurisdiction; an indictment stating that the grand jury charges Plaintiff with ...; a waiver of indictment filed in open or closed court; a signed consent to be prosecuted by a United States Magistrate, an arraignment; and a conviction; or otherwise Wilson had knowledge of the wrongs conspired to be done and mentioned in 42 U.S.C. 1985 inter alia was being committed by Vinson and his co-conspirators mentioned within Plaintiff complaint; and having power to prevent or aid in the preventing the commission of the concerted unlawful malicious conspiracy or actions taken in the clear absence of all jurisdiction could have done so by reasonable diligence; knowingly, recklessly, or with gross negligence, and willful deliberate indifference towards Plaintiff clearly established federal Fifth Amendment right to a grand jury indictment, due process, and equal protection of the laws, inter alia; failed or refuse to do so by ratifying, approving, or engaging in a conspiracy to use the United States District courts Notice of Appeal Motion to carry out a kidnapping attempt or murder attempt on Plaintiff's life [Plaintiff's complaint para 657-691] to prevent Plaintiff from filing a civil complaint and is therefore liable to Plaintiff under 18 USC 1965 and 42 USC 1986,.

## Opposition to Miller, Preisser, and Wilson motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction

1. Plaintiff argues that Defendant(s) United States Attorneys Miller, Preisser, and Wilson Motion to Dismiss for lack of Personal Jurisdiction or pursuant to 12(b) 2 should be denied because this Court has general and/or specific personal jurisdiction over them.

2. "[W]here the plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum, the court is said to exercise 'specific jurisdiction.'" IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984)).

3. Plaintiff argues that this Honorable Court has both General and specific personal jurisdiction over Defendant(s) Miller, Preisser, and Wilson for their tortuous conduct under the "effects test," first articulated in Calder v. Jones, 465 U.S. 783 (1984). Specific personal jurisdiction may be premised upon "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered–and which the defendant knows is likely to be suffered–in the forum state." Core-Vent v. Nobel Indus. AB, 11 F.3d 1482, 1486 (9th Cir. 1993). Express aiming exists where "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082 (2000).

4. "In determining whether personal jurisdiction exists, the court must construe all facts in a light most favorable to the plaintiff." Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002)

5. "[A] plaintiff must present a prima facie case for the exercise of personal jurisdiction with sworn affidavits or other evidence that demonstrates, with reasonable particularity, a sufficient nexus between the defendant and the forum state to support jurisdiction. Mellon Bank v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)

6. Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990), Bancroft & Masters, Inc. v.Augusta Nat'l, Inc., 223 F.3d 1082, 1087 (9th Cir. 2000)

7. Plaintiff argues that United States Attorneys Miller, Preisser, and Wilson are federal actors, RICO participants, and co-conspirators in Plaintiff complaint and because Plaintiff's FTCA against the United States of America, civil RICO and all other claims within Plaintiff's complaint are based on the same nucleus operative of facts—that is, an ongoing fraudulent scheme to false imprisoned Plaintiff, inter alia, to defraud or deprive Plaintiff of her intangible right to honest services through Extortion under color of official right; mail fraud, wire fraud, obstruction of justice, destruction, falsification of court records, intimidation, retaliation, kidnapping or murder attempts, and peonage or slavery —this court also has personal and/or general jurisdiction over Defendants Miller, Preisser, and Wilson pursuant to 18 U.S.C. § 1965 .

8. Plaintiff's argues that in June 7 2006, Chief District Judge Roger Vinson, Miller, Preisser, Wilson and et al expressly and intentionally directed their tortuous and/or wrongful conduct, civil conspiracy and criminal racketeering activities at Plaintiff's San Francisco residence (1467 7th Ave #105) when they purposely faxed a *Notice of Proceedings On Out-Of-District Criminal Charges* that contained a falsified warrant for Plaintiff's arrest to the United States District Court for the Northern District of California (San Francisco Division) under Case no: 30670357, stamped MEJ. [Plaintiff complaint paragraphs 657-691 and 740-802]

9. Plaintiff argues that the falsified warrant alleging a probation violation of Resisting, Impeding, Opposing, or Interfering with Certain Officers in violation of 18 U.S.C. 111 was not sent out of some act to perform a discretionary function of the court. It was voluntarily, intentionally, knowingly, and purposely sent in the clear absence of all jurisdictions —that is, the alleged probation violation of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 U.S.C. 111 was sent in absence of:

- a sworn complaint alleging Plaintiff was believe to have committed an offense of Resisting, Opposing, Impeding or Interfering with Certain Officers or any offense against the United States;
- any court document reflecting the Grand Jury charges *the defendant Kaytrena J. Francis with Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of Title 18, United States Code,Section 111;*
- any court document reflecting the United States through its Attorneys or Attorney charges *the defendant Kaytrena J. Francis with Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of Title 18, United States Code,Section 111*
- a waiver of Indictment form sign by Plaintiff for Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 USC 111
- a negotiated plea for Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 USC 111
- an arraignment of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111
- a conviction of Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 U.S.C. 111 or any offense against the United States.
- Plaintiff ever being prosecuted by a United States Attorney for an offenses alleging Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 U.S.C. 111 or any other Offense against the United States

10. Plaintiff attaches a true copy of the faxed *Notice of Proceedings On Out-Of-District Criminal Charges* as Exhibit 14 for this Honorable Court Review

11. Attached to the notice is a warrant for Plaintiff arrest Exhibit 15 and a falsified probation violation of Resisting, Impeding, Opposing, or Interfering with Certain Officers in violation of Title 18 USC 111 reflecting active duty USAF Staff Judge Advocate Defendant Capt. Joahna Astel as a government prosecutor and Robert Harper as Plaintiff's attorney retained. Exhibit 16

12. Plaintiff argues that the primary purpose of the *Notice of Proceedings On Out-Of-District Criminal Charges* was to utilizing the operation of the court *Notice of Proceedings On Out-Of-District Criminal Charges* process to kidnap and /or murder Plaintiff; and its intended effect was to portray Plaintiff in false light as a fugitive, to deny/deprive Plaintiff of due process and equal protection of the laws; and to use Extortion under color of official right to prevent Plaintiff from pursuing inter alia Bivens, FTCA, 42 USC 1983, 1985, 1986, 1988, civil RICO **or any appropriate** claim(s) in the United States District Court for the Northern District of California (San Francisco Division) against Defendant Chief District Judge Roger Vinson and his co-conspirators/ name and unnamed Defendant(s) who acted in the clear absence of all jurisdiction - in absence of a: (1) subject matter jurisdiction (2) complaint; (3) indictment, (4) waiver of indictment (5)arraignment, (6)negotiated plea, and (7) conviction.

13. Plaintiff alleges that on Jan 18, 2006, prior to Defendant Chief District Judge Roger Vinson faxing the *Notice of Proceedings On Out-Of-District Criminal Charges,* Defendant Michael Feldman threatened her life when he stated that if he had his way he would put Plaintiff in a place where no one will find her again.

14. On Jan 23 2006 Plaintiff called Washington D.C. and informed Timothy Cadagen that US Probation Officers Defendant(s) Jansen tried to false imprison her; Easterling was trying to force Plaintiff to take an unlawful DNA test and were attempting to force Plaintiff consent to unwarranted mental health treatment; and Feldman had threatening her life. In addition Plaintiff also informed Timothy Cadagen that USAF Capt. Yoder, Capt. Astle and her counselors (Harper and Sellers) amongst others were also involved in the conspiracy to false imprison her.

15. Timothy Cadagen told Plaintiff that she was making serious allegations and wanted to know how many others were involved. Plaintiff was afraid to reveal that the United States Chief District Judge Roger Vinson was involved in the conspiracy because on November 3, 2005 Vinson had gotten Easterling to use an improper Probation violation petition for the purpose of false imprisoning Plaintiff in retaliation to Plaintiff submitting a Motion to Stay on Oct 26 2005 and she was afraid that he would false imprison her again. Therefore, she told Timothy Cadagen that she did not want to name the others but he should know that she could name each individual who was involved and their specific misconduct and stated that she would file a FTCA claim if the harassment did not stop. Timothy Cadagen told Plaintiff that he would look into the matter. Plaintiff attaches a true copy of the *Motion to Stay* for this Honorable court review as (*Motion to Stay*).

16. On Jan 30 2006 the United Air Force relocated Plaintiff's active duty military spouse to a remote tour in Korea and Plaintiff to San Francisco California.

17. Plaintiff alleges that after learning that Plaintiff contacted Timothy Cadagen, Defendant(s) Chief District Judge Roger Vinson, Eaterling retaliated and conspired with Miller, Preisser, and Wilson and et al to go in disguise and on the highway and write motions under false pretense that Plaintiff was a fugitive with the intent to kidnap or murder Plaintiff to prevent Plaintiff from filing a Bivens, FTCA, 42 USC 1985, or any appropriate claim against them. [Plaintiff complaint 658]

18. In furtherance of the conspiracy, Defendant Preisser wrote a *Government Motion to Dismiss Appeal.* On page two Preisser falsified that: "Count One charged that the defendant did forcibly assault, resist, impeded and interfere with two United States Air Force Security Force officers while they were engaged in the performance of their official duties, in violation of Section 111, Title 18, United States Code … the jury found the defendant guilty as charged"; added a foot note "The information charged two misdemeanors. The Defendant did not consent to proceeding before a magistrate judge"; and requested that the court use a fugitive disentitlement doctrine to dismiss the appeal.

19. Plaintiff attaches a true copy of the *Government's Motion to dismiss Appeal* for this Honorable court review Exhibit 17

20. Plaintiff argues that on June 8 2006 she appeared before the Honorable Maria-Elena James who asked her if she had someplace to go. After Plaintiff informed Honorable Maria-Elena James that she was arrested at her San Francisco resident where she pays rent, the Honorable Maria-Elena James allowed Plaintiff to be released on a $15,000 bond and ordered her to appear by 12:00 noon at US Marshal Office in the United States District Court of Northern Florida, Pensacola Division on June 22, 2006.

21. Plaintiff argues that Chief District Judge Roger Vinson, Miller, and et al had planned to carry out their kidnapping or murder attempt in secrecy on a day that court was not in session. As noted by Plaintiff's complaint

> 686. June 22, 2006, Francis arrived at the Northern District of Florida Court accompanied by her active duty military spouse and attorney, Randee Golder. The court house was empty and there was an eerie air about the place. When Golder inquired about the emptiness of the court house Golder was told the court was empty because court was not in session and Francis case was the only case on the court docket.
> 688. It was clearly a kidnapping or murder attempt. Defendants never intended to hold a hearing on June 22.

22. Plaintiff argues that on June 28 2006 after the kidnapping or murder attempt failed Chief District Judge Roger Vinson false imprisoned Plaintiff in FCI Dublin, California for the falsified probation violation petition falsifying an offense of Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 USC 111 with knowledge that no where on the district court record did there appear any document charging Plaintiff with Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111 or any Offense against the United States..

23. Plaintiff attaches the Chief District Judge Roger Vinson judgment and Imprisonment with no supervision to follow Exhibit 19; and letter directing Plaintiff to surrender voluntarily to the Federal Correction Institution in Dublin California which was sent to her San Francisco residence (1467 7th Ave San Francisco Ca. 94122) for this Honorable court review Exhibit 20

24. Plaintiff argues that  co-conspirator Preisser and Easterling intentionally and purposely committed the tort of Intentional Infliction of Emotion Distress when she asked Chief District Judge Roger Vinson to impose an order that would restrict Plaintiff to San Francisco and would required Plaintiff to call the United States District Court in the Northern District of California, San Francisco Division on a daily basis until Plaintiff would be false imprisoned for Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111.

25. Plaintiff argues "due process is satisfied if the defendant has purposely directed its activities at forum residents, and the litigation results from injuries arising out of, or relating to, those activities." Burlington Indus., Inc., 97 F.3d at 1103.

26. Plaintiff argues that to be portrayed in false light as a fugitive by having a United States marshal accompanied with five San Francisco police officers come to one's residence with a warrant for an arrest falsifying that one has absconded from a probation of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111 in absence of: a complaint ever being filed, an Information, an indictment, waiver of an indictment form, negotiated plea, arraignment, and a conviction of Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 USC 111 or any other offense against the United States for no other purpose but to attempt to kidnap or murder a person is threatening; highly offensive, and objectionable to any reasonable person.

27. Plaintiff argues that to be forced to call a United States Probation Officer on a daily basis for an offense of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111 in absence of: a complaint ever being filed, an Information, an indictment, waiver of an indictment form, negotiated plea, arraignment, and a conviction of Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 USC 111 or any other offense against the United States is highly offensive, and objectionable to any reasonable person.



28. Plaintiff argues that to be false imprisoned in a United States Federal Prison for an offense of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111 in absence of ever having a complaint filed or ever being charged for an offense of Resisting, Opposing, Impeding, or Interfering Certain Officers in violation of 18 U.S.C. 111 or any other against the United States is threatening; psychologically damaging, highly offensive, and objectionable to any reasonable person.

29. Plaintiff argues that Defendants knew or should have known when they sent the falsified warrant alleging a probation violation of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 U.S.C. 111 to the United States District Court of Northern California San Francisco Division that Plaintiff would be harmed by their intentional tortuous conduct. Defendants acted with deliberate indifference and callous disregard to inter alia Plaintiff's Federal protected Fifth Amendment right to: not be deprived of liberty without due process of law, equal protection of the laws, Fourth Amendment right to be free form unlawful seizure without probable cause; and Plaintiff right to privacy, right to be free from false light invasion.

30. Plaintiff argues that due process is satisfied for Chief District Judge Roger Vinson and et al Individual US Court Defendants named within Plaintiff complaint because they purposely directed their tortuous conduct, civil conspiracy and criminal racketeering activities at Plaintiff's San Francisco residence.

31. As a direct result of Defendant's intentional tortuous conduct, criminal racketeering activity and actions taken in the clear absence of all jurisdictions Plaintiff suffered irreparable harm; she was false imprisoned in San Francisco County jailed; strip searched, she was false imprisoned at FCI Dublin, California for ninety (90) days where she suffered injury during the false imprisonment and her DNA was forcibly taken.

32. As a direct result of Defendant's intentional tortuous conduct, criminal racketeering activity and actions taken in the clear absence of all jurisdictions Plaintiff suffered irreparable harm in connection with: inter alia psychological trauma brought on by fear for her safety; false imprisonment, feelings of anxiety, feelings of hopelessness, loss of trust, loss of confidence and feelings of betrayal by the justice system, shock, and emotional scarring, all compensable as emotional distress.

33. As a direct result of Defendant(s) intentional tortuous conduct, criminal racketeering activity and actions taken in the clear absence of all jurisdictions, Plaintiff was injured in her business and property. She lost an Information Technology contract for $145,000.00 in connection with being false imprisoned at FCI Dublin California; She has suffered lost of enjoyment of life in connection with the false publications, false light invasion, and damage to her professional reputation or intangible right to earn a living.

34. Plaintiff argues now that she has made a prima facie for personal jurisdiction, the burden shifts to the defendant to present a "compelling case that the presence of some other consideration would render jurisdiction unreasonable." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)

35. Plaintiff argues that Defendants cannot satisfy (4) **the forum state's interest in adjudicating the dispute**; (5) **the most efficient judicial resolution of the controversy**;

Where
(1) Plaintiff's FTCA against the United States of America, civil RICO and all other claims within Plaintiff's complaint are based on the same nucleus operative of facts
(2) Plaintiff has asserted that the Chief District Judge Roger Vinson of the Forum state and five judges in the 11th circuit are named co-Defendant(s) in Plaintiff's complaint
(3) Plaintiff has Pleaded that Chief District Roger Vinson of the Forum state has already deprived Plaintiff of due process of law and equal protection under the law
(4) Plaintiff has pleaded that the Chief District Judge Roger Vinson of the Forum state conduct has violated Plaintiff's clearly established federal Fifth Amendment right to a grand jury indictment
(5) Chief District Judge Roger Vinson of the forum state has been named as a principal associated in a racketeering enterprise where each predicate act was designed to corrupt the operation of the United States courts own process ... and Plaintiff has been injured in her business and property in San Francisco
(6) Plaintiff has asserted claims against the Chief District Judge Roger Vinson of the Forum states which includes a kidnap or murder attempts of Plaintiff



(7) Plaintiff seriously fears for her safety because of the kidnapping or murder attempt conspiracy involved Chief District Judge Roger Vinson of the forum state

(8) The Chief District Judge Roger Vinson of the forum state actions taken in the clear absence of all jurisdiction – in absence of: a complaint; negotiated plea; Information, indictment; waiver of an indictment, arraignment; or a conviction of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111 and is under collateral attack for the false imprisonment of Plaintiff by a court enacted by Congress within the meaning of 28 USC 2255

(9) The brunt of Plaintiff injury was felt and continues to be felt at her San Francisco residence.

Wherefore Plaintiff respectfully request that this Honorable court deny Defendants motion to dismiss pursuant to 12(b)(2).

### Opposition to Miller, Preisser, and Wilson motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(3) for improper Venue

1. Plaintiff argues that Defendants' Miller, Preisser and Wilson motion to dismiss pursuant to 12(b)(3) should be denied.

2. Plaintiff agues that venue is proper in this Court pursuant to 18 U.S.C. Section 1965 (d) because Defendant(s) reside, are found, operate under color of authority or office, have agents, or connected with or related to the aforesaid and transact affairs in this district.

3. Plaintiff argues that venue is proper because Defendants United States Air Force, United States Courts, United States Department of Justice, Federal Burea of Prisons, and United States Marshas all have offices in San Francisco and the Northern District of California; and Defendants did business with the United States Courts, United States Department of Justice and Federal Public Defenders offices in San Francisco when they faxed the *Notice of Proceedings On Out-Of-District Criminal Charges* to the United States District Court of Northern District of California San Francisco Division.

4. Plaintiff argues that venue is proper pursuant inter alia to 28 U.S.C. §§ 1391(a),(b), and (e); 1402(a), (b); and 18 U.S.C. 1965

5. Plaintiff argues that venue is also proper in this Court pursuant to 18 U.S.C. Section 1965 (b) because, to the extent any Defendant may reside outside this district, the ends of justice require such Defendant(s) to be brought before the Court.

6. Plaintiff argues that Defendant Chief District Judge Roger Vinson et al conspiratorial act to kidnap or murder Plaintiff alleged herein took place and continues to take place within this judicial district.

7. Plaintiff argues that venue is proper because the brunt of Plaintiff injuries was felt in California as she was inter alia injured in her business and property; and false imprisoned at FCI Dublin, California for ninety (90) days and continues to suffer an injury to her intangible property right to earn an living free from being portrayed in false light as having a Federal conviction of Title 18 U.S.C. 111

Wherefore Plaintiff respectfully request that this Honorable court deny Defendants motion to dismiss pursuant to 12(b)(3).

### Opposition to Defendant Harper motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(4) for insufficient service process

1. Plaintiff argues that Defendant Motion to dismiss pursuant to 12(b)(4) should be denied.

2. Plaintiff argues that Defendant's Attorney Neil Tseng has refused to turn over mandatory initial disclosures.

3. Plaintiff argues that Rule 26(a) provides in part that a party must… provide to other parties the name and, if known, the address and telephone number of each individual likely to have discoverable information that the



disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

4. Plaintiff argues that because Neil Tseng has refused to turn over initial disclosures, Plaintiff has had to contend with inter alia; extensive hours of locating Defendants, multiple service attempts for the same Individual due to address changes; Defendants avoiding Service process by lying about they do not live where the records reflect they are receiving homestead benefits; Defendants denying that they are not the person being served; Defendants refusing to accept service process; and Defendants running from service process.

5. Plaintiff further argues that Defendants' who did not refuse a true copy of the complaint sent by certified mail on March 21 2008, received two copies of the complaint because Plaintiff paid for service process by Process Servers after locating respective Process Servers for their area.

6. Plaintiff argues that Defendant Eskridge is believed to be moving from state to state with a person called "Chris"; Defendant Archilla is believe to have fled to Purerto RICO after receiving a true copy of the complaint via certified mail, and Defendant Shepherd has refused service process at his last known PO Box address overseas.

7. Plaintiff also argues that Federal Public Defender Attorney Mary McNamara is interfering with Plaintiff service process of California Defendants Elizabeth Faulk and Carmen Estrada. McNamara has instructed Faulk and Estrada to tell Process Servers that they need to serve their Attorney, Mary McNamara; however, when making an attempt to serve McNamara she has been interfering with service process by telling process servers that she can't accept process service until she get permission from the court.

8. Plaintiff argues that Plaintiff cannot complete her service process on the Eskridge Shepard, and Archilla until Defendant's Attorney Neil Tseng provide Plaintiff with mandatory initial disclosures; nor can Plaintiff complete service process on California Defendants until Defendants' Attorney Mary McNamara provide Plaintiff with initial disclosures or stop interfering with service process.

Wherefore Plaintiff respectfully request that this Honorable court deny Defendants motion to dismiss pursuant to 12(b)(4),

### Opposition to Miller, Preisser, and Wilson motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim

1. Plaintiff argues that USDOJ Defendants' Miller, Preisser, and Wilson motion to dismiss pursuant to 12(b)(6) should be denied.

2. Plaintiff argues she is **not** an attorney.

3. Plaintiff argues "Pleadings in this case are being filed by Plaintiff In Propria Persona, wherein pleadings are to be considered without regard to technicalities. Propria, pleadings are not to be held to the same high standards of perfection as practicing lawyers. See Haines v. Kerner 92 Sct 594, also See Power 914 F2d 1459 (11th Cir1990), also See Hulsey v. Ownes 63 F3d 354 (5th Cir 1995). also See In Re: HALL v. BELLMON 935 F.2d 1106 (10th Cir. 1991)."

4. In Puckett v. Cox, it was held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233 (1972 Sixth Circuit USCA). Justice Black in Conley v. Gibson, 355 U.S. 41 at 48 (1957)

5. Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. In applying the Conley standard, the Court will "accept the truth of the well-pleaded factual allegations of the Complaint.

6. The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he or she bases his or her claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

7. There is legal sufficiency to show Plaintiff is entitled to relief under her Complaint. "A Complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) also Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989)."

8. Plaintiff argues that there is legal sufficiency to show that Plaintiff is entitled to relief asserted in the following statements:

469. On March 11, 2005, Miller and Preisser knowingly agreed to conspire with Capt. Yoder and Capt. Astle to deprive, oppress, or violate Francis Fifth Amendment rights to due process and equal protection of the laws; and right to a grand jury indictment by vindictively filing a felonious Information which the federal court lacked subject matter jurisdiction for2 (Exhibit Information) in the magistrate court under simple assault, case no. 3:05mj80 on the account of Francis getting a civil rights organization to speak with the base; on the account of Francis exercising her right to redress her government by filing a congressional complaint against the base.

470. The felonious Information filed in the magistrate court on the behalf of Capt. Yoder and Capt Astle by Miller or Preisser were not based upon probable cause that is the state of the facts in the mind that would not lead a man, woman or child of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Francis was guilty of committing any crime against the United States.

471. Miller and Preisser gave Capt. Yoder the Information or filed the felonious Information under simple assault without probable cause. Miller made the charges appear severe; to wit, attempted murder (forcibly assault). Eglin Air Force base blotter report (Exhibit 50), unsigned probable cause statement (Exhibit 2) demonstrates or proves how vindictiveness was the alleged felony assault vindictively filed under simple assault.

472. Miller did not perform any discretionary function of an official duty when he instituted attempted murder charges without probable cause; or a sworn complaint; or a negotiated plea or a waiver of an indictment. The charges were not ethical, impartial or designed to serve the citizens of the Northern District of Florida. The charges were not filed to defend national security, improve the safety and quality of life in the Northern District of Florida communities, or protect the public funds and financial assets of the United States.

473. Miller did not file the felonious Information to seek justice. Miller and Preisser acted with impermissible or perverted motives, to wit: (1) on the account of Francis being African American (2) to go in disguise with the intent to deprive a constituent of her right to vote; (3) to retaliate against Francis for exercising or enjoying the full extent of her freedom of speech right secured or protected by the First Amendment of the Constitution of the United States by filing congressional complaints or speaking to civil rights organization concerning Eglin Air Force base refusal in allowing her to file a complaint against TSgt Chad Dillon and A1C Jason Archilla; and (4) to defame Francis (an outstanding citizen who never been convicted of a misdemeanor or felony in her life) reputation by portraying her in false light as a convicted felon..

on page 37 of Plaintiff's complaint which supports inter alia (1) 42 USC 1985 for private conspiracy against Plaintiff's Civil rights (2) Bivens claim for First Amendment Retaliatory Prosecution without probable cause, and Bivens claim for Fifth Amendment violation of Vindictive prosecution without probable cause. Plaintiff attaches the Blotter entry for this Honorable court review as Exhibit 30.

9. Plaintiff also argues that there is legal sufficiency to show that Plaintiff is entitled to relief under Bivens against Miller and Preisser for conduct that violated Plaintiff clearly established federal Fifth Amendment right to a grand jury indictment and federal due process right.

10. Plaintiff argues that there is legal sufficiency to show Plaintiff is entitled to relief under Count 45 Civil RICO, pages 63-70 against Miller, Preisser and Wilson because she has been injured in her business and property as a result of their criminal racketeering activity.

11. Plaintiff argues that there is legal sufficiency to show Plaintiff is entitled to relief under 42 USC 1986 against Wilson for neglecting or refusing to prevent Preisser and Miller conspiracy to deprive Plaintiff of equal protection of the laws and due process of law on the account of Plaintiff being an African American female.



Wherefore Plaintiff respectfully request that this Honorable court deny Defendants motion to dismiss pursuant to 12(b)(6).

## None of Plaintiff claims are barred by Collateral Estoppel

1. Plaintiff argues that none of her claims are barred by Collateral Estoppel

2. Plaintiff argues that Title **28 U.S.C. § 2255** provides that:

> "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. "

3. Plaintiff argues that since she is no longer false imprisoned at FCI Dublin California; and is no longer in Federal custody, federal case no. 05-00027-CR-3-RV ( USA v. Kaytrena J. Francis) which was vindictively filed in the United States Magistrate court under simple assault and assigned federal case no. 3:05mj80 is now under collateral attack for inter alia, violating Plaintiff clearly established federal Fifth Amendment right to a grand jury indictment, federal due process rights; and false imprisoning her in Federal Correction Institution (FCI) Dublin California in absence of: subject matter jurisdiction; a complaint, an indictment, a waiver of an indictment, an arraignment, a negotiated plea, and a conviction for Title 18 United States Code 111 or any offense against the United States of America.

4. Plaintiff argues that any improper use of Collateral Estoppel to dismiss Plaintiff civil action for deprivation of Plaintiff's federal Fifth Amendment right to a grand jury indictment inter alia; FTCA, Bivens, and civil RICO in which a serious factual pattern or allegation of a causes of actions have been made with supporting Exhibits which demonstrates and proves that United States Chief District judge Roger Vinson who presides over the United States District Court of the Northern District of Florida (Pensacola Division), Miller, Preisser, Wilson et al name herein acted in the clear absence of all jurisdiction - in absence of: subject matter jurisdiction, a sworn complaint, probable cause; a grand jury indictment; a waiver of a grand jury indictment; a negotiated plea; an arraignment; and a conviction; and where Plaintiff have not brought any previous civil complaint against the United States, Miller, Preisser, Wilson, and et al named herein; and where Plaintiff has not had any or a full and fair opportunity to litigate would itself be violative of procedural due process as it would deprive Plaintiff who is a pro-se litigant of equal protection of the law visa vis a party who is represented by counsel.

Wherefore Plaintiff respectfully request that this Honorable court deny Defendants motion to dismiss pursuant to Collateral Estoppel.

## None of Plaintiff claims against are barred by Heck v. Humphrey

1. Plaintiff argues that Defendant(s) must not be permitted to used Heck v. Humphrey nor 28 U.S.C. § 2254 to obtain an improper dismissal from this Honorable court.

2. Plaintiff argues that Defendant(s) argument:

> "Under Heck v. Humphrey, 512 U.S. 477 (1994), a plaintiff seeking to recover damages under section 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486-87"

is inapplicable to Plaintiff's civil suit.

3. Plaintiff argues that the Florida State Courts has never had anything to do with this case.

4. On page three trial transcripts Chief District Judge Roger Vinson tells the misdemeanor jury that the United States District Court is a federal court and that he is going to preside over the case in the trial.

5. Plaintiff attaches page three of the trial transcript for this Honorable court review. Exhibit 27

6. Plaintiff argues that if Defendant Chief District Judge Roger Vinson who presides over the United States District Court of the Northern District of Florida (Pensacola Division) seriously believed that Collateral Estoppel, Heck v Humphey, 512 U.S. 477 (1994), or 28 U.S.C. § 2254 barred Plaintiff's Bivens cause of action against him for his conduct which violated inter alia Plaintiffs clearly established Federal Fifth Amendment right to a grand jury indictment; or barred his actions taken in the clear absence of all jurisdiction(s) – in absence of (1) subject matter jurisdiction; in absence of a complaint; in absence of an indictment; waiver of an indictment; in absence of an arraignment; in absence of a negotiated plea; and in absence of a conviction of Title 18 USC § 111 – in the in the United States District court of Florida Pensacola Division which is a court enacted by the act of Congress within the meaning of **28 U.S.C. § 2255** he would not have conspired with Defendant(s) Miller, Preisser, and Wilson et al, to utilize the operation of the courts own process to kidnap or murder Plaintiff to prevent her from filing a FTCA, Bivens, civil RICO or any other appropriate claim against him, and his co-conspirators named in Plaintiffs civil complaint.

7. Plaintiff argues that any improper use of Heck v. Humphrey or 28 U.S.C. § 2254 to dismiss Plaintiff civil action for deprivation of Plaintiff's federal Fifth Amendment right to a grand jury indictment inter alia; FTCA, Bivens, and civil RICO in which a serious factual pattern or allegation of a cause of action has been made with supporting Exhibits which demonstrates and proves that United States Chief District judge Roger Vinson who presides over the United States District Court of the Northern District of Florida (Pensacola Division) et al acted in the clear absence of all jurisdiction - in absence of: subject matter jurisdiction, a sworn complaint, probable cause; a grand jury indictment; a waiver of a grand jury indictment; a negotiated plea; an arraignment; and a conviction would itself be violative of procedural due process as it would deprive Plaintiff who is a pro-se litigant of equal protection of the law visa vis a party who is represented by counsel.

8. Plaintiff respectfully requests that this honorable court deny Defendant(s) Miller, Preisser, and Wison request for dismissal pursuant to Heck vs. Humphrey or 28 U.S.C. § 2254 which are inapplicable to Federal courts enacted by congress within the meaning of 28 U.S.C. § 2255

Wherefore Plaintiff respectfully request that this Honorable court deny Defendants motion to dismiss pursuant to Heck vs. Humphrey.

WHEREFORE, the Plaintiff prays this Honorable Court deny DOJ Defendants' in their individual capacities motion to dismiss.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing Opposition to Dismiss was sent via U.S. Mail to

JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

NEIL T. TSENG (CSBN 220348)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495


on this 14th day of July, 2008

Kaytrena J. Francis
1467 7th Ave #105
San Francisco California, 94122
kaytrrenaf@yahoo.com
415 971-5049