Kaytrena J. Francis
1467 7th Ave #105
San Francisco Ca. 94122
415 971-5049
kaytrenaf@yahoo.com
Plaintiff

**FILED**

IN THE UNITED STATES DISTRICT COURT

JUL 1 4 2008

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Kaytrena J. Francis,

    Plaintiff,

v.

UNITED STATES OF AMERICA et al,

Case Number: CV07-06125 JSW

OPPOSITION TO DEFENDANT
TRACEY BROADNAX IN HER
INDIVIDUAL CAPACITY MOTION
TO DISMISS

---

**OPPOSITION TO DEFENDANT TRACEY BROADNAX IN HER INDIVIDUAL MOTION DISMISS and MEMORANDUM OF LAW**

Comes now Kaytrena J. Francis, Plaintiff, pro se, and submits this Opposition to Defendant(s) Federal Bureau of Prisons Motion(s) to dismiss and in her official capacity Tracey Broadnax.

**a) Opposition to FBOP and Tracey Broadnax in her Individual Capacity Statement Of Facts**

1. Plaintiff argues that Defendants must not be permitted to knowingly falsify that Plaintiff has been charged or convicted of an 18 U.S.C. 111 or any other offense against the United States to improperly influence this Honorable court. Because a picture is truly worth a thousand words Plaintiff has embedded the Unsigned Probable Cause Statement, United States District Court Violation Notices, the Notice to Appear, and the felony Information alleging an offense of 18 USC 111 within the special maritime which was vindictively filed under simple assault.

2. Plaintiff agues that Defendants Summary, Factual Background, and Exhibits are intentionally and grossly falsified with reckless disregard for the truth and must not be permitted to shield, protect or conceal that Chief District Judge Roger Vinson, et al actions were taken in the clear or complete absence of all jurisdictions without: a sworn complaint, subject matter jurisdiction, indictment, waiver of indictment; negotiated plea, arraignment, and conviction.

3. Plaintiff argues that her true Statement of facts can be found on pages 8 thru 17 of her complaint.

4. Plaintiff argues, alleges, realleges and asserts the following factual allegations in opposition to Defendants intentional falsified statement of facts

**a) Plaintiff was arrested without probable cause**

1. Plaintiff argues that on December 10 2004, active duty enlisted Air Force members TSgt Chad Dillon and A1C Jason Archilla conduct violated Plaintiff's clearly established Federal Fourth Amendment right to be free from unlawful seizure when they arrested her without Probable cause.

2. Plaintiff argues that the unlawful arrest was instigated by active duty Air Force members Lt. Eskridge and MSgt Sheperd who told TSgt Dillon and A1C Archilla that Plaintiff cold be arrested for forgetting her purse at home. Plaintiff asked TSgt Dillon to call her active duty military spouse who was at work on December 10, 2004 to get him to bring her purse from home where she had resided with him on Eglin Air Force Base but TSgt Dillon refused. Without warning and without Plaintiff's consent, TSgt Dillon grabbed Plaintiff by her breast and A1C Archilla grabbed Plaintiff in between her legs; they picked Plaintiff up; slammed her down; and TSgt Dillon sat on Plaintiff with his loaded weapon pointing in Plaintiff's kidney for over ten minutes.

3. Plaintiff argues that the arrest was without probable cause as there was no warrant for Plaintiff arrest prior to being handcuffed; neither was there a complaint alleging that Plaintiff was believe to have committed any offense against the United States. As noted by Plaintiff complaint, on March 3, 2004 Lt. Eskridge was reported as telling a civil rights mediator that she felt that she had a right to have Plaintiff arrested because she did not like Plaintiff addressing her by her rank of Lieutenant.



Unsigned Statement of Probable Cause

**b) Plaintiff received violation notices (DD Forms 1805) citing her for Florida State Statues**
1. Plaintiff argues that on December 10, 2004, after she made a statement that she is a registered voter who followed the law; did not have any traffic citations; and was going to file a congressional complaint against Eglin Air Force base for refusing to allow her to file a complaint against TSgt Dillon for assaulting and battering her, TSgt Dillon retaliated against Plaintiff by giving her two violation notices citing Florida State Statues 877.03 (Resisting an arrest with violence) and 843.01(Disorderly Conduct).

Violation Notices



**c) Plaintiff received a *Noticed To Appear* for the violation notices citing Florida State Statues.**

1. Plaintiff argues that 91 days after she was arrested without probable cause and never taken before a judicial officer to establish probable cause; she received in the mail a **Notice to Appear** in the United States District court of the Northern District of Florid, Pensacola Division on March 16, 2005 for the violation notices she received from TSgt Dillon on December 10, 2004 which cited Florida State Statues 877.03 and 843.01 (see below).

**d) United States Attorney Miller vindictively filed an alleged felony Information under simple assault in the magistrate court**

1. Plaintiff argues that March 11 2005. United States Attorneys, Gregory R. Miller and Stephen Preisser vindictively filed a felony Information under simple assault in the United States Magistrate court under case number 3:05mj80.

2. Plaintiff argues that on March 16, 2005 she arrived in the United States Magistrate Court without counsel to respond to the *Notice to Appear* for the violation notices citing Florida State Statues.

Notice to Appear

[Two side-by-side Notice to Appear forms from the United States District Court]

Left form:
- Violation Notice No.: R0318818
- Date: 12/10/2004
- Collateral: MANDATORY APPEARANCE REQUIRED
- Offense: DISORDERLY CONDUCT
- Plate Number: NF3
- United States of America vs KAYTRINA J FRANCIS, 501 CHINQUAPIN DR, EGLIN AFB, FL 32542
- Court Location: US MAGISTRATE JUDGE, US COURTHOUSE, 1 N PALAFOX ST, PENSACOLA, FL 32501
- Date: 03/16/2005, 08:30 AM

Right form:
- Violation Notice No.: R0318819
- Date: 12/10/2004
- Collateral: MANDATORY APPEARANCE REQUIRED
- Offense: RESIST ARREST W/VIOLENCE
- Plate Number: NF3
- United States of America vs KAYTRINA J FRANCIS, 501 CHINQUAPIN DR, EGLIN AFB, FL 32542
- Court Location: US MAGISTRATE JUDGE, US COURTHOUSE, 1 N PALAFOX ST, PENSACOLA, FL 32501
- Date: 03/16/2005, 08:30 AM

Payment remittance stubs:
U.S. Courts - CVB, P.O. Box 740026, Atlanta, GA 30374-9844, (800) 827-2982

3. The United States Magistrate Judge, Miles Davis did not inform Plaintiff that she was being charged with an offense he asked an active duty United States Air Force (USAF) Staff Judge Advocate, Captain Michael Yoder what's the charge" [re Plaintiff complaint p. 104].

4. Reading from an alleged felony Information that Defendants' Miller and/or Preisser vindictively filed under simple assault in the Magistrate court on March 11, 2005 and assigned to case no. 3:05mj80, Capt. Yoder read:

- *That on or about December 10, 2004, in the Northern District of Florida, and within the **special maritime and territorial jurisdiction of the United States**, to wit: Eglin Air Force Base, Florida, the defendant Kaytrena J. Francis, did forcibly assault, resist, oppose, impeded, intimidate, **and** interfere with Technical Sergeant Chad T. Dillon and Airman First Class Jason Archilla, United States Air Force Security Forces Officers, while they were engaged in their official duties, in violation of Title 18, United States Code, Section 111.*

- *That on or about December 10, 2004, in the Northern District of Florida, and within the special maritime and territorial jurisdiction of the United States, to wit: Eglin Air Force Base, Florida, Kaytrena J. Francis, did engage in conduct as to constitute a breach of peace or disorderly conduct, in violation of Florida Statue 877.03, and Title 18, United States Code, Section 7 and 13.*

5. When Magistrate Davis asked Capt. Yoder what the offense level was, Caption Yoder knowingly and intentionally lied to Magistrate Judge Davis that the offense level was a class 'A' misdemeanor.

6. Afterwards US Magistrate Davis looked at Plaintiff, observed she was African American female, asked her to enter plea; scheduled a felony trial before him in the United States Magistrate court without Plaintiff's signed consent; told Plaintiff to notify the court when she found an Attorney; and had his secretary mail Plaintiff a reminder letter to let the United States Magistrate Court know when she found an Attorney.

Information

---

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                INFORMATION

KAYTRENA J. FRANCIS                    3:05mj80

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE

That on or about December 10, 2004, in the Northern District of Florida, and within the special maritime and territorial jurisdiction of the United States, to wit: Eglin Air Force Base, Florida, the defendant,

KAYTRENA J. FRANCIS,

did forcibly assault, resist, oppose, impede, intimidate, and interfere with Technical Sergeant Chad T. Dillon and Airman First Class Jason Anchilla, United States Air Force Security Forces Officers, while they were engaged in their official duties, in violation of Title 18, United States Code, Section 111.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

2005 MAR 11 PM 4:16

FILED

---

COUNT TWO

That on or about December 10, 2004, in the Northern District of Florida, and within the special maritime and territorial jurisdiction of the United States, to wit: Eglin Air Force Base, Florida,

KAYTRENA J. FRANCIS,

did engage in conduct as to constitute a breach of the peace or disorderly conduct, in violation of Florida Statute 877.03 and Title 18, United States Code, Sections 7 and 13.

_____    2/11/05
GREGORY R. MILLER              DATE
United States Attorney

2

---

7. Plaintiff attaches a true copy of the reminder letter to get an attorney she received in the mail from Magistrate Judge Davis Secretary, Joanne Ahr as <u>Exhibit 6</u> for this Honorable court to review.

**e) Plaintiff did not waive her Fifth Amendment right to a grand jury indictment**

1. Plaintiff argues that she did not waive her Fifth Amendment right to a grand jury indictment.

2. Plaintiff argues that Defendants cannot produce a waiver of indictment form signed by Plaintiff because there is none on the record.

> March 24 2005: Stevenson informed Francis that the offenses in the information required a grand jury investigation and filed a request for a trial by jury before a District judge ... with the understanding that a grand jury will investigate and would have to establish probable cause before Francis could be tried for the alleged offense. [Plaintiff's complaint 112]

3. Plaintiff attaches Stevenson Demand for trial by District Judge as <u>Exhibit 7</u> for this Honorable court review.

### f) Plaintiff was not indicted by a grand jury

1. Plaintiff argues that Defendants cannot produce any document on the record that reflects:

> The Grand Jury charges *That on or about December 10, 2004, in the Northern District of Florida, and within the* **special maritime and territorial jurisdiction of the United States**, *to wit: Eglin Air Force Base, Florida, the defendant Kaytrena J. Francis, did forcibly assault, resist, oppose, impeded, intimidate, and interfere with Technical Sergeant Chad T. Dillon and Airman First Class Jason Archilla, United States Air Force Security Forces Officers, while they were engaged in their official duties, in violation of* **Title 18, United States Code, Section 111**

because there is none.

### g) Chief District Judge Roger Vinson was involved in a conspiracy to false imprison Plaintiff

1. Plaintiff argues that Chief District Judge Roger Vinson knowingly agreed to conspire with Defendant(s) Harper, Capt. Yoder, Capt. Astel, and Preisser to falsify that Plaintiff was charged by indictment, in retaliation to Plaintiff refusing to participate in a Diversion program, in retaliation to Plaintiff refusing to sign a waiver of speedy trial right; on the account that Plaintiff was exercising her federal Fifth Amendment right to a grand jury indictment by demanding that grand jury establish probable cause for the alleged federal felony Information vindictively filed under simple assault; and on the account of Plaintiff being a African American female.

2. On May 23, 2005 In furtherance the conspiracy Defendant Harper falsified in his *Memorandum of Law in support of Defendant's motion to dismiss with prejudice pursuant to violation of the speedy trial act* that (1) Plaintiff was summons to appear on December 10 2004 and (2) Plaintiff had been indictment by a grand jury.

3. On May 31 2005, in furtherance of the conspiracy Defendant Chief District Judge Roger Vinson falsified that the violation notices cited Plaintiff for Title 18 U.S.C. 111; and an offense of **forcibly assault** was the same as resisting arrest without violence; and it was a class 'A' misdemeanor. <u>Exhibit 10</u>

4. Inspection of the United States District Court violation notices reveals that they do not reflect an offense of 18 USC 111 or any offense against the United States. The offense alleged is FSS 877.03 and FSS 843.01 which are Florida State Offense.

### h) Plaintiff did not have an arraignment

1. Plaintiff argues that she was forcibly prosecuted without having an arraignment.

2. Plaintiff argues that not one judge (Magistrate or District) has ever informed her that there was probable cause to believe that Plaintiff has committed any offense against the United States neither has any judge within the United States or abroad read to Plaintiff a charging document or told her that the United States through its Attorneys or Attorney or the grand jury charges Plaintiff with an offense of Title 18 United States Code Section 111 or any other offense against the United States.

Plaintiff argues that Chief District Judge Roger Vinson had scheduled an arraignment for June 2 2005 but as noted by Plaintiff's complaint

> 132. June 2, 2005: Francis did not have an arraignment. Capt. Yoder and Capt. Astle convinced Harper to keep Francis away from the district court until the forced trial. Harper told Francis the arraignment was a plea bargaining hearing and stated that they were not going to go to it because he knew how strong Francis felt about her innocence. Francis asked Harper to inform Judge Vinson that she had not had a grand jury investigation and that the violation notice did not cite her for 18 U.S.C. 111 and Harper refused. Harper told Francis that Vinson already knew what the case was about.

it did not happened.

**i) Plaintiff was forcibly prosecuted by a USAF Staff Judge Advocates Capt. Yoder and Capt. Astel in the clear absence of all jurisdictions**

1, Plaintiff argues that Title 10 US Code Section 802 Art 2 describes person(s) subject to UCMJ. Plaintiff is not [a]ny person described within Title 10 US Code Section 802 Art 2. Plaintiff does not fall under the Uniform Code of Military Justice.

2. Plaintiff attaches a copy of the trial transcripts cover from day 1 and day 2 reflecting United Staff Judge Advocates Capt. Yoder and Capt. Astel as Special Assistant Attorneys who forcibly prosecuted Plaintiff before a misdemeanor jury for the vindictively filed felony information that United States Attorney Miller filed in the United States Magistrate court under simple assault.

3. Plaintiff further argues that Defendants' Attorney Neil Tseng argued in the Individual Air Force *Motion to Dismiss* that Capt. Yoder Capt. Astel was assigned as Special Assistant United States Attorneys to prosecute Plaintiff. But Tseng did not provide any proof because there is none on the record.

4. Plaintiff argues that Capt. Yoder and Capt. Astel were neither assigned as Special Assistant Attorneys by the Attorney General Charlie Crist (current Governor of Florida); nor were they appointed by the President George Bush to forcibly prosecute Plaintiff for an offense alleging a violation of 18 USC 111 within the Special Maritime jurisdiction because federal courts has limited to jurisdiction to laws enacted by Congress and Congress did not enacted 18 USC 111 within the special maritime.

5. Plaintiff argues that on June 6, 2005 and June 7, 2005 active duty United States Air Force Staff Judge Advocates Captain Yoder and Captain Astle were acting under color of federal law, beyond the bounds of their military authority, masquerading themselves as United States Attorneys employed by the United States Department of justice; and violating Plaintiff's clearly established Federal Fifth Amendment due process, equal protection of the laws, and right to a grand jury indictment when they forcibly prosecuted Plaintiff before Chief District Judge Roger Vinson and a misdemeanor jury for the alleged felony that Information Defendant Miller vindictively filed under simple assault.

**i) Plaintiff was neither charged nor convicted of Resisting, Opposing, Impeding or Interfering with Certain Officers; 18 U.S.C. 111**

1. Plaintiff agues that Defendants argument that Plaintiff was found guilty as charged are grossly falsified with reckless disregard for the truth and must not be permitted to improperly influence this Honorable court.

2. "The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." Hagans v Lavine 415 U. S. 533

3. Plaintiff argues that Defendants cannot produce any sworn complaint alleging that Plaint was believe to have committed any offense against the United States because there is none on the record.

4. Plaintiff argues that Defendants cannot produce any charging document that reflects:

- The Grand Jury charges *the defendant Kaytrena J. Francis with **Resisting, Opposing, Impeding, or Interfering with Certain Officers** in violation of Title 18, United States Code, Section 111.*
- The United States through its Attorney or Attorney charges *the defendant Kaytrena J. Francis with **Resisting, Opposing, Impeding, or Interfering with Certain Officers** in violation of Title 18, United States Code, Section 111.*

because there is none on the record.

5. Plaintiff argues that USAF Staff Judge Advocates Capt. Michael Yoder and Capt. Astel forcibly prosecuted Plaintiff for the alleged felony Information which Defendant Miller filed under simple assault in the United States Magistrate court which reads:

*That on or about December 10, 2004, in the Northern District of Florida, and within the **special maritime and territorial jurisdiction of the United States**, to wit: Eglin Air Force Base, Florida, the defendant Kaytrena J. Francis,*

*did **forcibly** assault, resist, oppose, impeded, intimidate, **and** interfere with Technical Sergeant Chad T. Dillon and Airman First Class Jason Archilla, United States Air Force Security Forces Officers, while they were engaged in their official duties, in violation of Title 18, United States Code,Section 111.*

6. Plaintiff argues that After the misdemeanor jury acquitted Plaintiff of forcibly assault Chief District Judge Roger Vinson who knew that the district court lacked subject matter jurisdiction because Congress did not enact 18 USC 111 within the Special Maritime Jurisdiction; falsified a conviction by altering the offense language with a specific intent to further the conspiracy to deprive Plaintiff of due process, equal protection of the laws, to false imprison Plaintiff; and conceal his actions taken in the clear absence of all jurisdiction, should Plaintiff file inter alia, a FTCA or Bivens action against him, Gregory Miller and et al; in retaliation to Plaintiff for sending him a notarized letter stating that she did not waive her Fifth Amendment right to a grand jury indictment; on the account of Plaintiff being an African American female; on the account of Plaintiff requesting due process of law.

7. Plaintiff attaches a true copy of the notarized letter dated Aug 17 2005 that she sent for this Honorable Court review. <u>Exhibit 28</u>

**Opposition to Defendant Tracey Broadnax motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)**

1. In ruling on a Rule 12(b)(1) motion to dismiss, the court is generally "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." See Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995) (citing Scheuer v. Rhodes, 416 U.S. 232, 236-37 (1974)).

2. Plaintiff argues that this court has jurisdiction over the subject matter of this complaint pursuant to
   - 28 U.S.C. §§ 1331 - federal question
   - 28 U.S.C. §§ 1332 (a)(1) - citizens of different States
   - 28 U.S.C. §1343 - civil rights and elective franchise
   - 28 U.S.C. §1346(b)(1) - United States as a Defendant
   - 28 USC § 1367(a) - Supplemental jurisdiction or pendant jurisdiction

   - 42 U.S.C. §§.1983 - civil action for deprivation of rights
   - 42 U.S.C. §1985(3) - conspiracy to interfere with civil rights
   - 42 U.S.C. §1986 – action for neglect to prevent
   - 42 U.S.C. § 1988 - proceedings in vindication of civil rights
   - 28 U.S.C. § 2201 - Declaratory Judgment Act
   - 18 U.S.C. § 2202 - further relief available
   - 18 U.S.C. § 241- conspiracy against rights
   - 18 U.S.C. § 242 - deprivation of rights under color of law
   - 18 U.S.C. §§ 1964 - civil RICO
   - 28 USC § 2679(b)(1)

3. Plaintiff further argues that this court has jurisdiction over the subject matter of this complaint pursuant 18 U.S.C. §§ 1001,1341, 1342, 1343, 1361, 1961 (and statutes cited therein) through 1967, Federal Tort Claims Act, Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971)., and Fed. R. Civ. P. Rule 65(a)(2).

Plaintiff argues that her complaint alleges inter alia, FTCA, 42 USC 1983, 1985, Bivens, and civil RICO against Tracey Broadnax.

**Opposition to Tracey Broadnax motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction**

1. Plaintiff argues that Defendant(s) Tracey Broadnax Motion to Dismiss for lack of Personal Jurisdiction or pursuant to 12(b) 2 should be denied because this Court has general and/or specific personal jurisdiction over them.

2. "[W]here the plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum, the court is said to exercise 'specific jurisdiction.'" *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).

3. Plaintiff argues that this Honorable Court has both General and specific personal jurisdiction over Tracey Broadnax for her tortuous conduct under the "effects test," first articulated in Calder v. Jones, 465 U.S. 783 (1984). Specific personal jurisdiction may be premised upon "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered--and which the defendant knows is likely to be suffered--in the forum state." *Core-Vent v. Nobel Indus. AB*, 11 F.3d 1482, 1486 (9th Cir. 1993). Express aiming exists where "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082 (2000).

4. "In determining whether personal jurisdiction exists, the court must construe all facts in a light most favorable to the plaintiff." *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)

5. "[A] plaintiff must present a prima facie case for the exercise of personal jurisdiction with sworn affidavits or other evidence that demonstrates, with reasonable particularity, a sufficient nexus between the defendant and the forum state to support jurisdiction. *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)

6. Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990), *Bancroft & Masters, Inc. v.Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)

7. Plaintiff argues that federal Defendant Tracey Broadnax is a RICO participant, and co-conspirator in Plaintiff complaint and because Plaintiff's FTCA against the United States of America, Bivens cause of action for violation of clearly established federal Fifth Amendment right to a grand jury indictment; federal Fourth Amendment right to be free from unlawful seizure, civil RICO and all other claims within Plaintiff's complaint are based on the same nucleus operative of facts—that is, an ongoing fraudulent scheme to false imprisoned Plaintiff, inter alia, to defraud or deprive Plaintiff of her intangible right to honest services through Extortion under color of official right; mail fraud, wire fraud, obstruction of justice, destruction, falsification of court records, intimidation, retaliation, kidnapping or murder attempts, and peonage or slavery —this court also has personal and/or general jurisdiction over Defendant Tracey Broadnax pursuant to 18 U.S.C. § 1965.

8. Plaintiff's argues that in June 7 2006, Defendant(s) Tracey Broadnax, Chief District Judge Roger Vinson and et al expressly and intentionally directed their tortuous and/or wrongful conduct, civil conspiracy and criminal racketeering activities at Plaintiff's San Francisco residence (1467 7th Ave #105) when they purposely faxed a *Notice of Proceedings On Out-Of-District Criminal Charges* that contained a falsified warrant for Plaintiff's arrest to the United States District Court for the Northern District of California (San Francisco Division) under Case no: 30670357, stamped MEJ. [Plaintiff complaint paragraphs 657-691 and 740-802]

9. Plaintiff argues that the falsified warrant alleging a probation violation of Resisting, Impeding, Opposing, or Interfering with Certain Officers in violation of 18 U.S.C. 111 was not sent out of some act to perform a discretionary function of the court. It was voluntarily, intentionally, knowingly, and purposely sent in the clear absence of all jurisdictions —that is, the alleged probation violation of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 U.S.C. 111 was sent in absence of:

- a sworn complaint alleging Plaintiff was believe to have committed an offense of Resisting, Opposing, Impeding or Interfering with Certain Officers or any offense against the United States;
- any court document reflecting the Grand Jury charges *the defendant Kaytrena J. Francis with **Resisting, Opposing, Impeding, or Interfering with Certain Officers** in violation of Title 18, United States Code, Section 111;*
- any court document reflecting the United States through its Attorneys or Attorney charges *the defendant Kaytrena J. Francis with **Resisting, Opposing, Impeding, or Interfering with Certain Officers** in violation of Title 18, United States Code, Section 111*
- a waiver of Indictment form sign by Plaintiff for Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 USC 111

- a negotiated plea for Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 USC 111
- an arraignment of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111
- a conviction of Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 U.S.C. 111 or any offense against the United States.
- Plaintiff ever being prosecuted by a United States Attorney for an offenses alleging Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 U.S.C. 111 or any other Offense against the United States

10. Plaintiff attaches a true copy of the faxed *Notice of Proceedings On Out-Of-District Criminal Charges* as Exhibit 14 for this Honorable Court Review

11. Attached to the notice is a warrant for Plaintiff arrest Exhibit 15 and a falsified probation violation of Resisting, Impeding, Opposing, or Interfering with Certain Officers in violation of Title 18 USC 111 reflecting active duty USAF Staff Judge Advocate Defendant Capt. Joahna Astel as a government prosecutor and Robert Harper as Plaintiff's attorney retained. Exhibit 16

12. Plaintiff argues that the primary purpose of the *Notice of Proceedings On Out-Of-District Criminal Charges* was to utilizing the operation of the court *Notice of Proceedings On Out-Of-District Criminal Charges* process to kidnap and /or murder Plaintiff; and its intended effect was to portray Plaintiff in false light as a fugitive, to deny/deprive Plaintiff of due process and equal protection of the laws; and to use Extortion under color of official right to prevent Plaintiff from pursuing inter alia Bivens, FTCA, 42 USC 1983, 1985, 1986, 1988, civil RICO **or any appropriate** claim(s) in the United States District Court for the Northern District of California (San Francisco Division) against Defendant Chief District Judge Roger Vinson and his co-conspirators/ name and unnamed Defendant(s) who acted in the clear absence of all jurisdiction - in absence of a: (1) subject matter jurisdiction (2) complaint; (3) indictment, (4) waiver of indictment (5)arraignment, (6)negotiated plea, and (7) conviction.

13. Plaintiff alleges that on Jan 18, 2006, prior to Defendant Chief District Judge Roger Vinson faxing the *Notice of Proceedings On Out-Of-District Criminal Charges,* Defendant Michael Feldman threatened her life when he stated that if he had his way he would put Plaintiff in a place where no one will find her again.

14. On Jan 23 2006 Plaintiff called Washington D.C. and informed Timothy Cadagen that US Probation Officers Defendant(s) Jansen tried to false imprison her; Easterling was trying to force Plaintiff to take an unlawful DNA test and were attempting to force Plaintiff consent to unwarranted mental health treatment; and Feldman had threatening her life. In addition Plaintiff also informed Timothy Cadagen that USAF Capt. Yoder, Capt. Astle and her counselors (Harper and Sellers) amongst others were also involved in the conspiracy to false imprison her.

15. Timothy Cadagen told Plaintiff that she was making serious allegations and wanted to know how many others were involved. Plaintiff was afraid to reveal that the United States Chief District Judge Roger Vinson was involved in the conspiracy because on November 3, 2005 Vinson had gotten Easterling to use an improper Probation violation petition for the purpose of false imprisoning Plaintiff in retaliation to Plaintiff submitting a *Motion to Stay* on Oct 26 2005 and she was afraid that he would false imprison her again. Therefore, she told Timothy Cadagen that she did not want to name the others but he should know that she could name each individual who was involved and their specific misconduct and stated that she would file a FTCA claim if the harassment did not stop. Timothy Cadagen told Plaintiff that he would look into the matter. Plaintiff attaches a true copy of the *Motion to Stay* for this Honorable court review as Exhibit 29

16. On Jan 30 2006 the United Air Force relocated Plaintiff's active duty military spouse to a remote tour in Korea and Plaintiff to San Francisco California.

17. Plaintiff alleges that after learning that Plaintiff contacted Timothy Cadagen, Defendant(s) Chief District Judge Roger Vinson, Miller, Cato, and et al retaliated and conspired to go in disguise and on the highway and write motions under false pretense that Plaintiff was a fugitive with the intent to kidnap or murder Plaintiff to prevent Plaintiff from filing a Bivens, FTCA, 42 USC 1985, or any appropriate claim against them.

18. Plaintiff argues that as a result of the falsified warrant, a US Marshal was sent to Plaintiff's San Francisco apartment accompanied by several unknown San Francisco police officers and Plaintiff was arrested and taken to the San Francisco county jail where she was held until the United States Marshal picked her up and brought her before this Honorable court, the United States District Court of Northern District California, San Francisco Division.

19. Plaintiff argues that on June 8 2006 she appeared before the Honorable Maria-Elena James who asked her if she had someplace to go. After Plaintiff informed Honorable Maria-Elena James that she was arrested at her San Francisco resident where she pays rent, the Honorable Maria-Elena James allowed Plaintiff to be released on a $15,000 bond and ordered her to appear by 12:00 noon at US Marshal Office in the United States District Court of Northern Florida, Pensacola Division on June 22, 2006.

20. Plaintiff argues that Chief District Judge Roger Vinson, Miller, and et al had planned to carry out their kidnapping or murder attempt in secrecy on a day that court was not in session. As noted by Plaintiff's complaint

> 686. June 22, 2006, Francis arrived at the Northern District of Florida Court accompanied by her active duty military spouse and attorney, Randee Golder. The court house was empty and there was an eerie air about the place. When Golder inquired about the emptiness of the court house Golder was told the court was empty because court was not in session and Francis case was the only case on the court docket.
> 688. It was clearly a kidnapping or murder attempt. Defendants never intended to hold a hearing on June 22.

21. Plaintiff argues that on June 28 2006 after the kidnapping or murder attempt failed Chief District Judge Roger Vinson false imprisoned Plaintiff in FCI Dublin, California for the falsified probation violation petition falsifying an offense of Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 USC 111 with knowledge that no where on the district court record did there appear any document charging Plaintiff with Resisting, Opposing, Impeding, or Interfering with Certain Officers or any Offense against the United States..

22. Plaintiff attaches the Chief District Judge Roger Vinson judgment and Imprisonment with no supervision to follow <u>Exhibit 19</u>; and letter directing Plaintiff to surrender voluntarily to the Federal Correction Institution in Dublin California which was sent to her San Francisco residence (1467 7th Ave San Francisco Ca. 94122) for this Honorable court review <u>Exhibit 20</u>

23. Plaintiff argues that in furtherance of the conspiracy and criminal RICO activities, Defendant Tracey Broadnax and Donna Kato use the operation of the Federal Burea Prisons designation process to false imprisoned Plaintiff in FCI Dublin, California with knowledge that there did not exist any complaint or charging document reflecting that the United States through its attorneys or attorney charges Plaintiff with Resisting, Opposing, Impeding, or Interfering with Certain Officers; nor did there exist any charging document that reflected that the grand jury charged Plaintiff with Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111.

24. Plaintiff argues that Tracey Broadnax and Donna Cato further directed their tortuous conduct and RICO criminal activity at Plaintiff while she was false imprisoned at FCI Dublin. Broad by sending a comment that Plaintiff was being sent to FCI Dublin for assaulting a Naval Officer which caused Plaintiff to endure hatred and harassment by the Federal Bureau Prisons Officers.

25. Plaintiff argues "due process is satisfied if the defendant has purposely directed its activities at forum residents, and the litigation results from injuries arising out of, or relating to, those activities." Burlington Indus., Inc., 97 F.3d at 1103.

26. Plaintiff argues that to be portrayed in false light as a fugitive by having a United States marshal accompanied with five San Francisco police officers come to one's residence with a warrant for an arrest falsifying that one has absconded from a probation of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111 in absence of: a complaint ever being filed, an Information, an indictment, waiver of an indictment form, negotiated plea, arraignment, and a conviction of Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 USC 111 or any other offense against the United States for no other purpose but to

attempt to kidnap or murder a person is threatening; highly offensive, and objectionable to any reasonable person.

27. Plaintiff argues that to be forced to call a United States Probation Officer on a daily basis for an offense of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111 in absence of: a complaint ever being filed, an Information, an indictment, waiver of an indictment form, negotiated plea, arraignment, and a conviction of Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 USC 111 or any other offense against the United States is highly offensive, and objectionable to any reasonable person.

28. Plaintiff argues that to be false imprisoned in a United States Federal Prison for an offense of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111 in absence of ever having a complaint filed or ever being charged for an offense of Resisting, Opposing, Impeding, or Interfering Certain Officers in violation of 18 U.S.C. 111 or any other against the United States is threatening; psychologically damaging, highly offensive, and objectionable to any reasonable person.

29. Plaintiff argues that Defendants knew or should have known when they sent the falsified warrant alleging a probation violation of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 U.S.C. 111 to the United States District Court of Northern California San Francisco Division that Plaintiff would be harmed by their intentional tortuous conduct. Defendants acted with deliberate indifference and callous disregard to inter alia Plaintiff's Federal protected Fifth Amendment right to: not be deprived of liberty without due process of law, equal protection under the laws, Fourth Amendment right to be free form unlawful seizure without probable cause; and Plaintiff right to privacy, right to be free from false light invasion.

30. Plaintiff argues that due process is satisfied for both Tracey Broadnax who is a co-conspirators and RICO participant to Chief District Judge Roger Vinson and et al who purposely directed their civil conspiracy and criminal racketeering activities at Plaintiff's San Francisco residence.

31. As a direct result of Defendant's intentional tortuous conduct, criminal racketeering activity and actions taken in the clear absence of all jurisdictions Plaintiff suffered irreparable harm; she was false imprisoned in San Francisco County jailed; strip searched, she was false imprisoned at FCI Dublin, California for ninety (90) days where she suffered injury during the false imprisonment and her DNA was forcibly taken.

32. As a direct result of Defendant's intentional tortuous conduct, criminal racketeering activity and actions taken in the clear absence of all jurisdictions Plaintiff suffered irreparable harm in connection with: inter alia psychological trauma brought on by fear for her safety; false imprisonment, feelings of anxiety, feelings of hopelessness, loss of trust, loss of confidence and feelings of betrayal by the justice system, shock, and emotional scarring, all compensable as emotional distress.

33. As a direct result of Defendant(s) intentional tortuous conduct, criminal racketeering activity and actions taken in the clear absence of all jurisdictions, Plaintiff was injured in her business and property. She lost an Information Technology contract for $145,000.00 in connection with being false imprisoned at FCI Dublin California; She has suffered lost of enjoyment of life in connection with the false publications, false light invasion, and damage to her professional reputation or intangible right to earn a living.

34. Plaintiff argues now that she has made a prima facie for personal jurisdiction, the burden shifts to the defendant to present a "compelling case that the presence of some other consideration would render jurisdiction unreasonable." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)

35. Plaintiff argues that Defendants cannot satisfy (4) **the forum state's interest in adjudicating the dispute**; (5) **the most efficient judicial resolution of the controversy**;

Where
(1) Plaintiff's FTCA against the United States of America, civil RICO and all other claims within Plaintiff's complaint are based on the same nucleus operative of facts

(2) Plaintiff has asserted that the Chief District Judge Roger Vinson of the Forum state and five judges in the 11th circuit are named co-Defendant(s) in Plaintiff's complaint
(3) Plaintiff has Pleaded that Chief District Roger Vinson of the Forum state has already deprived Plaintiff of due process of law and equal protection under the law
(4) Plaintiff has pleaded that the Chief District Judge Roger Vinson of the Forum state conduct has violated Plaintiff's clearly established federal Fifth Amendment right to a grand jury indictment
(5) Chief District Judge Roger Vinson of the forum state has been named as a principal associated in a racketeering enterprise where each predicate act was designed to corrupt the operation of the United States courts own process ... and Plaintiff has been injured in her business and property in San Francisco
(6) Plaintiff has asserted claims against the Chief District Judge Roger Vinson of the Forum states which includes a kidnap or murder attempts of Plaintiff
(7) Plaintiff seriously fears for her safety because of the kidnapping or murder attempt conspiracy involved Chief District Judge Roger Vinson of the forum state
(8) The Chief District Judge Roger Vinson of the forum state actions taken in the clear absence of all jurisdiction – in absence of: a complaint; negotiated plea; Information, indictment; waiver of an indictment, arraignment; or a conviction of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111 and is under collateral attack for the false imprisonment of Plaintiff by a court enacted by Congress within the meaning of 28 USC 2255
(9) The brunt of Plaintiff injury was felt and continues to be felt at her San Francisco residence.

**Opposition to Defendant Tracey Broadnax motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(3) for improper Venue**

1. Plaintiff argues that Tracey Broadnax motion to dismiss pursuant to 12(b)(3) should be denied.

2. Plaintiff agues that venue is proper in this Court pursuant to 18 U.S.C. Section 1965 (d) because Defendant(s) reside, are found, operate under color of authority or office, have agents, or connected with or related to the aforesaid and transact affairs in this district.

3. Plaintiff argues that venue is proper because Defendants United States Air Force, United States Courts, United States Department of Justice, Federal Burea of Prisons, and United States Marshas all have offices in San Francisco and the Northern District of California; and Defendants did business with the United States Courts, United States Department of Justice and Federal Public Defenders offices in San Francisco when they faxed the *Notice of Proceedings On Out-Of-District Criminal Charges* to the United States District Court of Northern District of California San Francisco Division.

4. Plaintiff argues that venue is proper pursuant inter alia to 28 U.S.C. §§ 1391(a),(b), and (e); 1402(a), (b); and 18 U.S.C. 1965

5. Plaintiff argues that venue is also proper in this Court pursuant to 18 U.S.C. Section 1965 (b) because, to the extent any Defendant may reside outside this district, the ends of justice require such Defendant(s) to be brought before the Court.

6. Plaintiff argues that Defendant Chief District Judge Roger Vinson et al conspiratorial act to kidnap or murder Plaintiff alleged herein took place and continues to take place within this judicial district.

7. Plaintiff argues that venue is proper because the brunt of Plaintiff injuries was felt in California as she was inter alia injured in her business and property; and false imprisoned at FCI Dublin, California for ninety (90) days and continues to suffer an injury to her intangible property right to earn an living free from being portrayed in false light as having a Federal conviction of Title 18 U.S.C. 111

Wherefore Plaintiff respectfully request that this Honorable court deny Defendants motion to dismiss pursuant to 12(b)(3).

**Opposition to Defendant Tracey Broadnax motion to dismiss pursuant to Fed.R.Civ.P.12(b)(4) for insufficient service process**

1. Plaintiff argues that Defendant Motion to dismiss pursuant to 12(b)(4) should be denied.



2. Plaintiff argues that Defendant's Attorney Neil Tseng has refused to turn over mandatory initial disclosures.

3. Plaintiff argues that Rule 26(a) provides in part that a party must... provide to other parties the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

4. Plaintiff argues that because Neil Tseng has refused to turn over initial disclosures, Plaintiff has had to contend with inter alia; extensive hours of locating Defendants, multiple service attempts for the same Individual due to address changes; Defendants avoiding Service process by lying about they do not live where the records reflect they are receiving homestead benefits; Defendants denying that they are not the person being served; Defendants refusing to accept service process; and Defendants running from service process.

5. Plaintiff further argues that Defendants' who did not refuse a true copy of the complaint sent by certified mail on March 21 2008, received two copies of the complaint because Plaintiff paid for service process by Process Servers after locating respective Process Servers for their area.

6. Plaintiff argues that Defendant Eskridge is believed to be moving from state to state with a person called "Chris"; Defendant Archilla is believe to have fled to Puerto RICO after receiving a true copy of the complaint via certified mail, and Defendant Shepherd has refused service process at his last known PO Box address overseas.

7. Plaintiff also argues that Federal Public Defender Attorney Mary McNamara is interfering with Plaintiff service process of California Defendants Elizabeth Faulk and Carmen Estrada. McNamara has instructed Faulk and Estrada to tell Process Servers that they need to serve their Attorney, Mary McNamara; however, when making an attempt to serve McNamara she has been interfering with service process by telling process servers that she can't accept process service until she get permission from the court.

8. Plaintiff argues that Plaintiff cannot complete her service process on the Eskridge Shepard, and Archilla until Defendant's Attorney Neil Tseng provide Plaintiff with mandatory initial disclosures; nor can Plaintiff complete service process on California Defendants until Defendants' Attorney Mary McNamara provide Plaintiff with initial disclosures or stop interfering with service process.

Wherefore Plaintiff respectfully request that this Honorable court deny Defendants motion to dismiss pursuant to 12(b)(4),

**Opposition to Defendant Tracey Broadnax motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)**

1. Plaintiff argues that Defendant(s) motion to dismiss pursuant to 12(b)(6) should be denied.

2. Plaintiff argues she is **not** an attorney.

3. Plaintiff argues "Pleadings in this case are being filed by Plaintiff In Propria Persona, wherein pleadings are to be considered without regard to technicalities. Propria, pleadings are not to be held to the same high standards of perfection as practicing lawyers. See Haines v. Kerner 92 Sct 594, also See Power 914 F2d 1459 (11th Cir1990), also See Hulsey v. Ownes 63 F3d 354 (5th Cir 1995). also See In Re: HALL v. BELLMON 935 F.2d 1106 (10th Cir. 1991)."

4. In Puckett v. Cox, it was held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233 (1972 Sixth Circuit USCA). Justice Black in Conley v. Gibson, 355 U.S. 41 at 48 (1957)

5. Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. In applying the Conley standard, the Court will "accept the truth of the well-pleaded factual allegations of the Complaint.

6. There is legal sufficiency to show Plaintiff is entitled to relief under her Complaint. "A Complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in

support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) also Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989)."

7. Plaintiff argues that there is legal sufficiency to show that she is entitled relief under 42 USC 1985 against Defendant Tracey Broadnax for conspiring with United States Marshal Donna Cato to deprive or deny Plaintiff due process and equal protection of the law on the account of her being an African American female.

8. Plaintiff argues that there is legal sufficiency to show that she is entitled relief under Civil RICO against Tracey Broadnax for conspiring with Chief District Judge Roger Vinson and et al to use the operation of the FBOP Designation Process to carry out their criminal racketeering false imprison Plaintiff.

Wherefore Plaintiff respectfully request that this honorable court deny Broadnax motion dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

**Opposition To Argument that Defendants Tracey Broadnax has Qualified Immunity**

1. Plaintiff argues that Tracey Broadnax do not have Qualified Immunity because she conspired with Donna K Cato to deprive Plaintiff of her Plaintiff of her federal Fifth Amendment right to due process and equal protection of the laws and to false imprison Plaintiff with knowledge that there was not any document that appeared on the record that reflected that Plaintiff was charge with an offense of Resisting, Opposing, Impeding or Interfering Certain Officers or any other offense against the United States.

2. "The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." Hagans v Lavine 415 U. S. 533

3. Plaintiff argues that Tracey Broadnax is a RICO participant and co-conspirator. Broadnax knowingly agreed to conspire with United States Marshal Donna K. Cato to corrupt the operation of the Federal Bureau Designation process by using the process to further the conspiracy to deprive Plaintiff of equal protection of the laws, to deprive Plaintiff of her liberty without due process of law by false imprisoning Plaintiff in the Federal Bureau of Prisons; and to further use the Designation system process to conceal Defendants' Chief District Judge Roger Vinson, Gregory Miller and et al actions taken in the clear absence of all jurisdictions.

4. Plaintiff agues that in reviewing Bryan Jansen Presentence report Broadnax fournd on Page 3 under charges and offenses of Presentence Report that Brian wrote:

    1. On December 10, 2004, Kaytrena J. Francis was issued a violation notice by the U. S. Air Force Security Forces at Eglin Au Force Base, Florida for Resisting Arrest With Violence and Disorderly Conduct. The defendant was given a mandatory court appearance date of March 16; 2005, in the U.S. District Court, Northern District of Florida, Pensacola Division.

    2. On March 11, 2005, the United States Attorney's Office for the Northern District of Florida, Pensacola Division, filed a two-count Information against the defendant. Count 1 of the Information charges the defendant with Assaulting, Resisting, or Impeding Certain Officers, on or about December 10, 2004, at Eglin Air Force Base, Florida, in violation of 18 U.S.C. 111

    3. The defendant appeared before U. S. Magistrate Judge Miles Davis for her initial appearance and arraignment on March 16, 2005. The defendant entered a plea of not guilty to the charges as stated in the Information. U.S. Magistrate Judge Davis scheduled a jury trial date regarding this matter for May 2, 2005. The government did not move to detain the defendant and she was released on her own recognizance without pretrial supervision.

    4. On March 24, 2005, the defendant filed a request for a jury trial before a District Judge. On March 25, 2005, the Court scheduled a jury trial before Your Honor on May 2, 2005.

    5. On April 28, 2005, the Court granted a Motion to Continue Jury Trial fled by the defendant and re-scheduled the jury trial date to June 6, 2005.

6. The defendant's jury trial commenced on June 6, 2005. On June 7, 2005, the defendant was found guilty of the charges as stated in the Information at the conclusion of her jury trial. A presentence investigation report was ordered and sentencing was scheduled for August 23, 2005, at 9:00 a.m

5. Plaintiff argues that Broadnax and Cato false imprisoned Plaintiff with knowledge that in their thorough investigation (1) they did not find a United States District Court Violation Notices which cited Plaintiff for resisting arrest with violence reflecting a mandatory appearance date of March 16, 2005 because none was on the record; (2) they did not find any type of statement of probable cause for a warrantless arrest signed by a United States Magistrate because none was on the record; (3) they did not find a sworn complaint stating that Plaintiff was believed to have assaulted, resisted or impeded Certain Officers in violation of 18 U.S.C. 111 or any offense against the United States because none was on the record; (4) they did not find any document that read: the United States through its Attorneys or Attorney charges Plaintiff with Assaulting, Resisting, or Impeding Certain Officers in violation of 18 USC 111 because none was on the record; (5) they did not find a *Motion to Continue Jury Trial* filed by Plaintiff because none was on the record; (6) they did not find a conviction of *forcibly assault, resist, oppose, impeded, intimidate, and interfere with Technical Sergeant Chad T. Dillon and Airman First Class Jason Archilla, United States Air Force Security Forces Officers, while they were engaged in their official duties, in violation of Title 18, United States Code, Section 111* because none was on the record.

6. Plaintiff argues that Tracey Broadnax falsified

> offense code ... § 707. Former Prosecution in Another Jurisdiction: When a Bar of
> offense charge 18 USC 111 – Resisting, Opposing, Impeding or Interfering with Certain Officers

with knowledge that in her thorough investigation she only found that Plaintiff was forcibly prosecuted on June 6 and June 7 2005 by United States Air Force Staff Judge Advocates Capt. Yoder and Capt. Astel for an offense which Congress has not enacted into law which alleged that that Defendant United States Attorney, Gregory Miller filed in the United States Magistrate court under simple assault in the absence of a complaint filed against Plaintiff, an indictment against Plaintiff; a waiver of indictment by Plaintiff, any type of establishment of probable cause, and a negotiated plea.

> *That on or about December 10, 2004, in the Northern District of Florida, and within the **special maritime and territorial jurisdiction of the United States**, to wit: Eglin Air Force Base, Florida, the defendant Kaytrena J. Francis, did forcibly assault, resist, oppose, impeded, intimidate, and interfere with Technical Sergeant Chad T. Dillon and Airman First Class Jason Archilla, United States Air Force Security Forces Officers, while they were engaged in their official duties, in violation of Title 18, United States Code, Section 111.*

and was acquitted.

7. Plaintiff argues that Tracey false imprisoned Plaintiff with knowledge that in her thorough investigation: (1) she did not find a sworn complaint from any jurisdiction stating Plaintiff was believe to have committed an offense of Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 U.S.C. 111 because none was on the record; (2) she did not find any document from any jurisdiction that read: the United States through its Attorneys or Attorney charges Plaintiff with Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111 because none was on the record; (3) she did not find any document from any jurisdiction that read: the Grand Jury charges Plaintiff with Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111 because none was on the record.

8. Plaintiff argues that Tracey Broadnax knowingly agreed to conspire with Donna Cato to falsify that Plaintiff was in custody; Broadnax falsified:

|  | Start Date | Stop Date |
|---|---|---|
| Release from an in-transit facility | July 31 2006 | July 31 2006 |
| Admitted to an in-transit facility | July 18 2006 | July 31 2006 |
| Administration release | July 18 2006 | July 31 2006 |
| Administration release | July 17 2006 | July 18 2006 |

with knowledge that Plaintiff was sitting at home in her San Francisco residence; and calling Josh Libbey who works for the United States District Court of Northern District of California, San Francisco Division on a daily basis and calling Tracey Broadnax telling her that she was being false imprisoned.

9. Plaintiff argues that Broadax and Cato falsified that Plaintiff was admitted to an in-transit facility with a specific intent to portray Plaintiff as having been picked up as a fugitive because they knew that Defendants submitted a Motion to Dismiss Plaintiff's appeal alleging that she was a fugitive.

10. Plaintiff argues that Tracey Broadnax conspired with Donna Cato and entered: Jail Credit – December 10 2004 with knowledge that in her through investigation she did not find that Plaintiff was in jail on December 10, 2004 in jail or prison facility within the United States or abroad because there was none on the record.

11. Plaintiff argues that Defendants Tracey Broadnax and Donna Cato knowingly agreed to conspired to entered CCM remarks: that Plaintiff fail to report for DNA collection; notify probation officer of address change; PRI: 05 Resisted Officers, Disorderly conduct – swung at, attempted to bite Naval Officers-PROB //79 unlawful use of a weapon, disturbing the peace Burglary – no convs; with knowledge that in her through investigation she did not find any offense that Plaintiff was charged of because none was on the record; she did that find any offense alleging that Plaintiff attempted to bite Naval officers because none was on the record; she did not find any offense of unlawful use of a weapon because none was on the record; she did not find any previous burglary charges against Plaintiff because none was on the record; and with a specific intent to further the conspiracy to false imprison Plaintiff; to unlawfully seize Plaintiff DNA .

Wherefore Plaintiff will request this Honorable court deny their motion to dismiss pursuant to Qualified Immunity

**None of Plaintiff claims are barred by Collateral Estoppel**

1. Plaintiff argues that none of her claims are barred by Collateral Estoppel

2. Plaintiff argues that Title **28 U.S.C. § 2255** provides that:

> "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. "

3. Plaintiff argues that since she is no longer false imprisoned at FCI Dublin California; and is no longer in Federal custody, federal case no. 05-00027-CR-3-RV ( USA v. Kaytrena J. Francis) which was vindictively filed in the United States Magistrate court under simple assault and assigned federal case no. 3:05mj80 is now under collateral attack for inter alia, violating Plaintiff clearly established federal Fifth Amendment right to a grand jury indictment, federal due process rights; and false imprisoning her in Federal Correction Institution (FCI) Dublin California in absence of: subject matter jurisdiction; a complaint, an indictment, a waiver of an indictment, an arraignment, a negotiated plea, and a conviction for Title 18 United States Code 111 or any offense against the United States of America.

4. Plaintiff argues that any improper use of Collateral Estoppel to dismiss Plaintiff civil action for deprivation of Plaintiff's federal Fifth Amendment right to a grand jury indictment inter alia; FTCA, Bivens, and civil RICO in which a serious factual pattern or allegation of a causes of actions have been made with supporting Exhibits which demonstrates and proves that United States Chief District judge Roger Vinson who presides over the United States District Court of the Northern District of Florida (Pensacola Division), Miller, Preisser, Wilson et al name herein acted in the clear or complete absence of all jurisdiction - in absence of: subject matter jurisdiction, a sworn complaint, probable cause; a grand jury indictment; a waiver of a grand jury indictment; a negotiated plea; an arraignment; and a conviction; and where Plaintiff have not brought any previous civil complaint against the United States, Chief District Judge Roger Vinson and et al named herein; and where Plaintiff has not had any or a full and fair opportunity to litigate would itself be violative of procedural due process as it would deprive Plaintiff who is a pro-se litigant of equal protection of the law visa vis a party who is represented by counsel.

Wherefore Plaintiff respectfully request that this Honorable court deny Defendants motion to dismiss pursuant to Collateral Estoppel.

**None of Plaintiff claims are barred by Heck v. Humphrey**

1. Plaintiff argues that Defendant(s) must not be permitted to used Heck v. Humphrey nor 28 U.S.C. § 2254 to obtain an improper dismissal from this Honorable court.

2. Plaintiff argues that Defendant(s) argument:

> "Under Heck v. Humphrey, 512 U.S. 477 (1994), a plaintiff seeking to recover damages under section 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486-87"

is inapplicable to Plaintiff's civil suit.

3. Plaintiff argues that the Florida State Courts has never had anything to do with this case.

4. On page three trial transcripts Chief District Judge Roger Vinson tells the misdemeanor jury that the United States District Court is a federal court and that he is going to preside over the case in the trial.

5. Plaintiff attaches page three of the trial transcript for this Honorable court review. Exhibit 27

6. Plaintiff argues that if Defendant Chief District Judge Roger Vinson who presides over the United States District Court of the Northern District of Florida (Pensacola Division) seriously believed that Collateral Estoppel, Heck v Humphey, 512 U.S. 477 (1994), or 28 U.S.C. § 2254 barred Plaintiff's Bivens cause of action against him for his conduct which violated inter alia Plaintiffs clearly established Federal Fifth Amendment right to a grand jury indictment; or barred his actions taken in the clear absence of all jurisdiction(s) – in absence of (1) subject matter jurisdiction; in absence of a complaint; in absence of an indictment; waiver of an indictment; in absence of an arraignment; in absence of a negotiated plea; and in absence of a conviction of Title 18 USC § 111 – in the in the United States District court of Florida Pensacola Division which is a court enacted by the act of Congress within the meaning of **28 U.S.C. § 2255** he would not have conspired with Defendant(s) Miller, Preisser, and Wilson et al, to utilize the operation of the courts own process to kidnap or murder Plaintiff to prevent her from filing a FTCA, Bivens, civil RICO or any other appropriate claim against him, and his co-conspirators named in Plaintiffs civil complaint.

7. Plaintiff argues that any improper use of Heck v. Humphrey or 28 U.S.C. § 2254 to dismiss Plaintiff civil action for deprivation of Plaintiff's federal Fifth Amendment right to a grand jury indictment inter alia; FTCA, Bivens, and civil RICO in which a serious factual pattern or allegation of a cause of action has been made with supporting Exhibits which demonstrates and proves that United States Chief District judge Roger Vinson who presides over the United States District Court of the Northern District of Florida (Pensacola Division) et al acted in the clear absence of all jurisdiction - in absence of: subject matter jurisdiction, a sworn complaint, probable cause; a grand jury indictment; a waiver of a grand jury indictment; a negotiated plea; an arraignment; and a conviction would itself be violative of procedural due process as it would deprive Plaintiff who is a pro-se litigant of equal protection of the law visa vis a party who is represented by counsel.

8. Plaintiff respectfully requests that this honorable court deny Defendant(s) Miller, Preisser, and Wison request for dismissal pursuant to Heck vs. Humphrey or 28 U.S.C. § 2254 which are inapplicable to Federal courts enacted by congress within the meaning of 28 U.S.C. § 2255

Wherefore Plaintiff respectfully request that this Honorable court deny Defendants motion to dismiss pursuant to Heck vs. Humphrey.

WHEREFORE, the Plaintiff prays this Honorable Court deny FBOP Defendants' motion to dismiss.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing Opposition to Dismiss was sent via U.S. Mail to

JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

NEIL T. TSENG (CSBN 220348)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

on this 14th day of July, 2008

Kaytrena J. Francis
1467 7th Ave #105
San Francisco California, 94122
kaytrrenaf@yahoo.com
415 971-5049