1  Mary McNamara SBN 147131
   Alexis Haller SBN 201210
2  SWANSON, McNAMARA & HALLER LLP
   300 Montgomery Street, Suite 1100
3  San Francisco, California 94104
   Telephone: (415) 477-3800
4  Facsimile: (415) 477- 9010

5  Attorneys for ELIZABETH FALK and CARMEN ESTRADA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYTRENA J. FRANCIS,<br><br>　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>　　　Defendants. | Case No. CV 07-06125 JSW<br><br>**DEFENDANTS ELIZABETH FALK AND CARMEN ESTRADA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: August 22, 2008<br><br>Time: 9:00 a.m.<br><br>Place: Courtroom 2, 17th Floor<br><br>Honorable Jeffrey S. White |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NOTICE OF MOTION AND MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.  PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON
      WHICH RELIEF CAN BE GRANTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      A.    Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      B.    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            1.    Plaintiff's Section 1986 Claim is Time-Barred . . . . . . . . . . . . . . . . . . . . . . 7

            2.    Plaintiff's Section 1986 Claim is Barred Because She has Failed
                  to Allege a Conspiracy Under Section 1985(3) . . . . . . . . . . . . . . . . . . . . . 7

            3.    Plaintiff's Section 1986 Claim Fails Because Plaintiff Cannot
                  Meet the Requisite Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

            4.    Plaintiff's Section 1986 Claim Fails Under *Coscia v.
                  McKenna & Cuneo* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            5.    Plaintiff's Section 1986 Claim Must be Dismissed Under
                  *Heck v. Humphrey* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Defendants Falk and Estrada's
Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW          i

# TABLE OF AUTHORITIES

**CASES**

*Aldabe v. Aldabe*,
    616 F.2d 1089 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8 n.9

*Arnett v. Ament*,
    No. 1:06-00324-LJO-DLB PC, 2007 WL 2900491 (E.D. Cal. Oct. 1, 2007) . . . . . . . . . . . 11-12

*Bell Atlantic Corp. v. Twombly*,
    --- U.S. ---, 127 S.Ct. 1955, 1974 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,8-9,10 n.10

*Bennett v. Medtronic, Inc.*,
    285 F.3d 801 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1 n.3

*Blackburn v. Fisk University*,
    443 F.2d 121 (6th Cir. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Brandon v. Lotter*,
    976 F. Supp. 872 (D. Neb. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v,10

*Bretz v. Kelman*,
    773 F.2d 1026 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Buck v. Board of Elections of City of New York*,
    536 F.2d 522 (2d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v,9

*Cabrera v. City of Huntington Park*,
    159 F.3d 374 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Cholla Ready Mix, Inc. v. Civish*,
    382 F.3d 969 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Coscia v. McKenna & Cuneo*,
    25 Cal.4th 1194 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v,10

*Creative Environments, Inc. v. Estabrook*,
    491 F. Supp. 547 (D. Mass. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Entercom Sacramento, LLC v. American Home Assur., Co.*,
    No. C 07-06493 JSW, 2008 WL 2025015 (N.D. Cal. May 8, 2008) . . . . . . . . . . . . . . . . . . 6

*General Motors Corp. v. New A.C. Chevrolet, Inc.*,
    263 F.3d 296 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Glover v. Tower*,
    700 F.2d 556 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Heck v. Humphrey*,
    512 U.S. 477 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v,11

Defendants Falk and Estrada's
Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW    ii

*Karim-Panahi v. Los Angeles Police Dept.*,
    839 F.2d 621 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v,8

*Lara v. City of Santa Clara Police Dept.*,
    No. C 07-2608 CRB (PR), 2007 WL 2753466 (N.D. Cal. Sept. 19, 2007) . . . . . . . . . . . . . . . 11

*Lynch v. Warwick*,
    95 Cal.App.4th 267 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Mintz v. Com.*,
    No. CIV. A. 99-CV-3543, 2000 WL 348576 (E.D. Pa. Mar. 30, 2000) . . . . . . . . . . . . . . . . . . 9

*Norman v. Torhorst*,
    No. 04-C-203-C, 2004 WL 906415 (W.D. Wis. Apr. 27, 2004) . . . . . . . . . . . . . . . . . . . . . . . . 8

*Perretta v. Prometheus Development Co.*,
    520 F.3d 1039 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Stankowski v. Farley*,
    487 F. Supp. 2d 543 (M.D. Pa. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Trerice v. Pedersen*,
    769 F.2d 1398 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Trimble v. City of Santa Rosa*,
    49 F.3d 583 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Vitale v. Nuzzo*,
    674 F. Supp. 402 (D. Conn. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Wash. Legal Found. v. Mass. Bar Found.*,
    993 F.2d 962 (1st Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Williams ex rel. Tabiu v. Gerber Products Co.*,
    523 F.3d 934 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Williams v. Waggener*,
    No. 07-16170, 2008 WL 803009 (9th Cir. Mar. 18, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**STATUTES AND RULES**

18 U.S.C. § 241 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8 n.9

18 U.S.C. § 242 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8 n.9

42 U.S.C. § 1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7 n.6

42 U.S.C. § 1986 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v,7,8

FED. R. CIV. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Defendants Falk and Estrada's
Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW      iii

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 22, 2008 at 9:00 a.m.,[1] or as soon thereafter as the matter may be heard, Defendants Elizabeth Falk and Carmen Estrada will and hereby do move the Court, the Honorable Jeffrey S. White, for an order dismissing the Complaint for failure to state a claim upon which relief can be granted (FED. R. CIV. P. 12(b)(6)). This motion is based upon this amended notice and motion; the attached memorandum of points and authorities; and the United States Constitution, federal statutes, the Federal Rules of Civil Procedure and other applicable law.

Dated: July 17, 2008                               Respectfully Submitted,

                                          /s/ Mary McNamara
                                    Mary McNamara
                                    Alexis Haller
                                    SWANSON, McNAMARA & HALLER LLP
                                    Attorneys for ELIZABETH FALK and CARMEN ESTRADA

---

[1] Undersigned counsel is aware that the Court will hear a number of motions to dismiss in this matter on August 8, 2008. *See* Docket No. 93. However, because Ms. Estrada and Ms. Falk were only served with the Complaint on July 9 and July 10, respectively, counsel did not have sufficient time to notice this motion to dismiss for hearing on August 8, 2008. *See* Civil L.R. 7-2(a).

Defendants Falk and Estrada's
Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW        iv

## SUMMARY OF ARGUMENT

Plaintiff's Complaint alleges a single claim against Defendants Elizabeth Falk and Carmen Estrada[2] – a violation of 42 U.S.C. § 1986. The Complaint fails to state a claim against Ms. Falk and Ms. Estrada for at least five reasons.

First, Plaintiff Kaytrena Francis ("Plaintiff") filed her claim on December 4, 2007, nearly 18 months after the events described in her section 1986 claim. As a result, Plaintiff's claim is barred by section 1986's one year statute of limitations. *See* 42 U.S.C. § 1986.

Second, to properly state a claim under section 1986, a plaintiff must first state a valid claim under section 1985. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). Because Plaintiff has failed to state any valid claim under section 1985, her section 1986 claim fails.

Third, Plaintiff has failed to allege the requisite elements of a section 1986 claim, specifically the requisite "knowledge" of defendants of an underlying conspiracy to violate Plaintiff's constitutional rights, the necessary "power to prevent or aid in preventing the commission" of the wrongs, and the fact that defendants "by reasonable diligence could have prevented" the wrongs. 42 U.S.C. § 1986; *see also Buck v. Board of Elections of City of New York*, 536 F.2d 522, 524 (2d Cir. 1976); *Brandon v. Lotter*, 976 F. Supp. 872, 876 (D. Neb. 1997).

Fourth, Plaintiff's section 1986 claim is in essence a malpractice claim, and it is therefore barred because Plaintiff has not been exonerated by post-conviction relief. *Coscia v. McKenna & Cuneo*, 25 Cal.4th 1194, 1197 (2001).

Finally, Plaintiff's claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because her conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

---

[2] The Complaint identifies Ms. Falk as "Elizabeth Faulk (sic)" and Ms. Estrada as "Carmen." Complaint ¶¶ 54-55. This brief will use the correct spelling of Ms. Falk's name and refer to Carmen Estrada as Ms. Estrada.

Defendants Falk and Estrada's
Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW        v

# MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Because Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff's Complaint against Ms. Falk and Ms. Estrada must be dismissed.

**II.    FACTUAL BACKGROUND**

On March 11, 2005, Plaintiff Kaytrena Francis ("Plaintiff" or "Ms. Francis") was charged in the United States District Court for the Northern District of Florida (Pensacola Division) with assault (18 U.S.C. section 111) and disorderly conduct (Florida Statute 877.03) arising out of a December 10, 2004 incident at the Eglin Air Force base gymasium. *See* Information in *United States v. Kaytrena Francis*, Case No. 05-cr-00027-RV ("*Francis* Criminal Case"), attached as **Exhibit A** to the Declaration of Alexis Haller in Support of the Motion to Dismiss for Defendants Elizabeth Falk and Carmen Estrada ("Haller Decl.");[3] *see also* Verified Complaint ("Complaint"), Docket No. 1, ¶¶ 62-86. On June 7, 2005, Ms. Francis was convicted on both counts following a two-day trial by jury. *See* Redacted Jury Verdict in *Francis* Criminal Case, attached as **Exhibit B** to the Haller Decl.; *see also* Docket Sheet from *United States v. Kaytrena Francis*, Case No. 05-cr-00027-RV, attached as **Exhibit C** to the Haller Decl. She was sentenced to a 2-year term of probation on August 23, 2005. *See* Judgment in *Francis* Criminal Case, attached as **Exhibit D** to the Haller Decl. One of the conditions of Ms. Francis' probation prohibited her from changing residence without prior notification to her probation officer. *Id.* at 2.

In January 2006, Plaintiff "relocated to San Francisco[.]" Complaint ¶ 179. On February 24, 2006, the United States District Court for the Northern District of Florida issued a warrant for her arrest. *See* Notice of Proceedings on Out-of-District Criminal Charges Pursuant to Rules 5(c)(2) and (3) of the

---

[3] Pursuant to Federal Rule of Evidence 201, Defendants respectfully request that the Court take judicial notice of the documents attached to the Haller Declaration, which were filed in the United States District Court of the Northern District of Florida, *United States v. Kaytrena Francis*, Case No. 05-cr-00027-RV, and in this Court, *United States v. Francis*, Case No. 03-06-70357 MAG. *See, e.g.*, *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

1  Federal Rules of Criminal Procedure, filed *United States v. Francis*, Case No. 3:06-mj-70357-MAG,
2  attached as **Exhibit E** to the Haller Decl. The probation officer's petition for the arrest warrant stated,
3  *inter alia*, that Plaintiff had "changed her residence without prior notification to the probation officer, as
4  determined during an attempted home visit on February 16, 2006." *Id.*, Attachment A, at 3.

5    Pursuant to the warrant issued by the Florida federal court, Plaintiff was arrested on June 7, 2006.
6  *Id.* at 1. Plaintiff appeared before Magistrate Judge Maria-Elena James on June 8, 2008. *See* Minute
7  Order in *United States v. Francis*, Case No. 3-06-70357, filed June 8, 2008, attached as **Exhibit F** to the
8  Haller Decl. Ms. Falk represented Plaintiff at the hearing. *Id.* Magistrate Judge James ordered Plaintiff
9  to appear in Pensacola, Florida, before District Judge Vinson, on June 22, 2006. *Id.* Plaintiff was also
10 ordered to post $1,500 cash for bond by June 9, 2006. *Id.* From this Court's ECF system, it is clear that
11 the June 8, 2008 hearing was the only proceeding in the Northern District of California, and the only
12 hearing at which Plaintiff was represented by Ms. Falk.[4]

13   Plaintiff duly appeared in the Florida court on June 22, 2006. *See* Initial Appearance
14 Probation/Bond Condition Violation or Violation of Supervised Release, filed in *United States v.*
15 *Francis*, Case No. 3:05cr27/RV, attached as **Exhibit H** to the Haller Decl. The probation violation
16 hearing, held before District Judge Vinson, occurred on June 28, 2006. *See* Criminal Minutes --
17 General, filed on June 28, 2006 in *United States v. Francis*, Case No. 3:05cr27/RV, attached as **Exhibit**
18 **I** to the Haller Decl. Judge Vinson found that Plaintiff had violated the conditions of her probation. *Id.*
19 The court revoked Plaintiff's probation and sentenced her to a three-month term of imprisonment. *Id.*
20 The court ordered Plaintiff to self-surrender by July 31, 2006. *See* Judgment in a Criminal Case (For
21 Revocation of Probation or Supervised Release), filed June 29, 2006 in *United States v. Francis*, Case
22 No. 3:05cr27/RV, attached as **Exhibit J** to the Haller Decl, at 3. Plaintiff surrendered on July 31, 2006,
23 and was released on October 26, 2006. *See* Executed Judgment in a Criminal Case (For Revocation of

---

25   [4] In fact, the docket makes clear that the case was transferred to the Northern District of Florida on
    June 9, 2008. See Letter from Case Systems Administrator Valerie Kyono to the Office of the Clerk for the
26  United States District Court for the Northern District of Florida, dated June 9, 2008, filed in *United States*
    *v. Francis*, Case No. 03-06-70357 MAG on June 20, 2008, and attached as **Exhibit G** to the Haller Decl.
27

28 Defendants Falk and Estrada's
   Motion to Dismiss; MPA
   *Francis v. United States*, Case No. CV 07-06125 JSW        2

Probation or Supervised Release), filed August 8, 2006 in *United States v. Francis*, Case No. 3:05cr27/RV, attached as **Exhibit K** to the Haller Decl.; *see also* Federal Bureau of Prisons Inmate Locator for Kaytrena J. Francis, Register No. 06290-017, attached as **Exhibit L** to the Haller Decl.

On December 4, 2007, Ms. Francis filed the above-captioned action in this Court. Plaintiff's lengthy Complaint names fifty (50) defendants and alleges forty-five (45) claims. The named defendants include the United States Air Force, the United States Department of Justice, the United States Courts, the Federal Bureau of Prisons, U.S. Staff Judge Advocates, United States Attorneys, Deputy U.S. Marshals, four Eleventh Circuit judges, a Chief United States District Judge, a courtroom deputy, a court reporter, United States Probation Officers, a Federal Public Defender from the Northern District of Florida, two assistant federal public defenders from the Northern District of Florida, one assistant federal public defender from San Francisco and her assistant (Defendants Falk and Estrada), and three Florida private attorneys.

Plaintiff's basic theory is that the non-California defendants "conspired" in various ways to violate her constitutional rights in the underlying criminal action. *See*, *e.g.*, Complaint ¶ 129 (alleging that the Staff Judge Advocates "conspired" with Francis's private attorney, Robert Harper, and United States District Judge Vinson to "false[ly] imprison" Francis). In fact, Plaintiff's entire civil case is premised on the idea that the criminal proceedings were unconstitutional or otherwise invalid.[5] Indeed, even the initiation of the criminal case itself is alleged to have been part of the conspiracy; according to Plaintiff, Judge Vinson agreed to assign a case number to the criminal matter only as a "favor" to the prosecuting Staff Judge Advocate. Complaint ¶ 120.

---

[5] The direct relationship between the dates identified in Plaintiff's causes of action and the dates of the underlying criminal proceedings is perhaps the best indicator of this fact. For example, Plaintiff's abuse of process claims (Causes of Action 4, 5, 6 and 8) allege the dates of the filing of the Information (March 11, 2005), Plaintiff's initial appearance (March 16, 2005), the filing of a trial date continuance (April 28, 2005), and the submission of the Presentence Report (June 19, 2005). Similarly, Plaintiff's false imprisonment claims (Causes of Action 9-12) allege the dates of Plaintiff's sentencing hearing (August 23, 2005), imprisonment on a probation violation (November 29, 2005), and arrest for a probation violation (June 7, 2006). The same dates are alleged for Plaintiff's numerous constitutional claims. *See* Causes of Action Nos. 23-32, 35, 38, 40, and 41.

Defendants Falk and Estrada's
Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW         3

Plaintiff's claims against Ms. Falk and Ms. Estrada are contained in a single claim – Cause of Action No. 44, alleging a violation of 42 U.S.C. section 1986. Plaintiff's theory is that Ms. Falk and Ms. Estrada "had knowledge of the wrongs conspired to be done . . . by Captain Yoder[,] Captain Astle, Harper, [Judge] Vinson and co-conspirators form (sic) the US Court Florida Defendants[,]" and that because Ms. Falk and Ms. Estrada "by reasonable diligence could have prevented the wrongful acts" they are liable "for all damages[.]" Complaint ¶ 728. The claim is based on the following allegations:

- Plaintiff "was forced" to pay a bond of $1,500 during the June 8, 2006 hearing in San Francisco because the "US Court Florida Defendants" demanded "Francis return to court in Pensacola, Florida as early as possible." Complaint ¶ 729-30.

- After Plaintiff's release, Plaintiff "asked Faulk if Faulk had seen the case file and Faulk said no. Faulk made a comment that it strange (sic) that Florida wanted Francis back fast. Francis informed Faulk that Florida wanted her back fast because the trial violated her constitutional rights and Florida did not want San Francisco to see the case file. Afterwards Francis left to go and pay the bond." Complaint ¶ 731.

- "After Francis paid her bond, Francis phoned Carmen [Estrada] and informed her that she did not want to return to Florida because she feared for her life. Francis informed Carmen that Defendants had already attempted to false imprisoned (sic) Francis; every document was falsified; they had blocked her access to the courts and now they were trying to prevent her from filing a claim against them. Francis asked Carmen to ask Faulk if she would review Francis (sic) case file. After Carmen spoke with Faulk, Carmen informed Francis that Faulk would look at Francis case (sic)." Complaint ¶ 732.

- "Francis left a copy of her case file with Carmen and informed Carmen that she could make a copy for herself also." Complaint ¶ 733.

- "On June 12, 2006 Francis met Faulk who was in a hurry. Faulk asked Francis to walk with her and told Francis that she had tried to speak with Florida but they were unreasonable: Preisser was out to get Francis and Easterling was impossible. Faulk said that she had heard of cases like Francis happening before but had never seen it. Francis asked for Faulk's help; Francis begged Faulk to take her before the judge that ordered Francis back to Florida because Francis feared for her life. Faulk told Francis that she did not think that Francis would be hurt. Faulk told Francis that there was nothing that the Magistrate could do because Vinson was a senior judge. Francis asked if she could be taken before a senior judge in San Francisco and Faulk said no Francis had to go back. Francis said that she had a right to file a tort claim and the district court in Florida was trying to prevent Francis from filing her claim. Faulk said I know have (sic) a claim but for now you have to go back and deal with this order." Complaint ¶ 734.

- "When Francis returned to Florida, she discovered that US Court Florida Defendants had planned a private trial for Francis on June 22, 2006, a day when court was not in session and Francis case was the only case on the court's docket.

Defendants Falk and Estrada's
Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW         4

>Francis had already been threatened by Feldman that if he had his way he would put Francis in a place where no one would ever find her again. Had Francis not been able to acquire an attorney from a different district in Florida and had Francis spouse not been able to take leave in order to accompany Francis to Florida; (sic) Francis could have been potentially murdered because Defendants knew that none of them had qualified immunity." Complaint ¶ 735.

- "Florida Defendants false imprisoned (sic) Francis in absence of: a sworn complaint, indictment; negotiated plea, arraignment, or conviction of 18 U.S.C. 111 or any offense against the United States." Complaint ¶ 736.

- "Faulk and Carmen willfully subjected Francis to the deprivation of her rights privileges and immunities secured or protected under constitution (sic) of the united (sic) States by refusing to report the concerted unlawful conspiracy to a judge or make it know to the court; in violation of 18 U.S.C. 242 and 18 U.S.C. 4." Complaint ¶ 737.

Plaintiff seeks one billion dollars ($1,000,000,000) in damages from Ms. Falk and Ms. Estrada. Complaint at 63. Plaintiff also seeks relief directed at the criminal case in Florida and the criminal appeal in the Eleventh Circuit, including the following:

1. Void all orders and judgments under case no 05-00027-CR-3-RV

2. Void all orders and judgments under appellate court under case no. 05-14985

3. Expunge falsified federal record in district court under case no. 05-00027-CR-3-RV, including, records of false arrest, fingerprints, photographs taken, forced trial, and falsified convictions

4. Exlpunge falsified appeal record in the appellate court under case no. 05-14985

[. . .]

11. Permanently remove unpublished falsified document form (sic) eleventh circuit website, under case no. 05-14985.

### III. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

#### A. Legal Standard

On a facial attack, Plaintiff's well-pleaded allegations must be taken as true. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). However, courts should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Id.* Moreover, "conclusory allegations and unreasonable inferences . . . are insufficient to defeat a motion to dismiss." *Perretta v. Prometheus Development Co.* 520 F.3d 1039, 1043 (9th Cir. 2008); *see also*, *e.g.*, *Cholla*

Defendants Falk and Estrada's
Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW          5

*Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (stating that a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). In addition, a plaintiff's subjective characterizations and bald assertions need not be accepted as true by a court. *See, e.g., Wash. Legal Found. v. Mass. Bar Found.,* 993 F.2d 962, 971 (1st Cir. 1993) (stating that a court is not required to "honor subjective characterizations, optimistic predictions, or problematic suppositions."); *General Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 333 (3d Cir. 2001) ("While facts must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations, or legal conclusions."). Finally, a court "should not accept as true allegations that are in conflict with facts judicially known to the Court." *Blackburn v. Fisk University*, 443 F.2d 121, 123 (6th Cir. 1971).

A district court should grant a motion to dismiss if plaintiffs have not pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* --- U.S. ---, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965; *see also Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir. 2008) (same).

While as a general rule a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, a court "may consider documents attached to the complaint, documents relied upon but not attached to the complaint when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice." *Entercom Sacramento, LLC v. American Home Assur., Co.*, No. C 07-06493 JSW, 2008 WL 2025015, at *3 (N.D. Cal. May 8, 2008).

**B.    Argument**

Because Plaintiff fails to state a claim upon which relief can be granted, Defendants must be dismissed from this case.

Section 1986 – which is, again, Plaintiff's only claim against Ms. Falk and Ms. Estrada – states the following:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985[6] of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action . . . . But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

42 U.S.C. § 1986. For numerous reasons, Plaintiff has failed to state a claim against Ms. Falk and Ms. Estrada under section 1986.

### 1.    Plaintiff's Section 1986 Claim is Time-Barred

Section 1986 specifically provides that "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986; *see also Vitale v. Nuzzo*, 674 F. Supp. 402, 405 (D. Conn. 1986) (stating that section 1986 claim is "governed by that provision's explicit limitations period").[7] According to the terms of the Complaint itself, Ms. Falk and Ms. Estrada allegedly "refus[ed] or neglect[ed] to prevent . . . the concerted unlawful and malicious conspiracy" in June 2006. Complaint ¶¶ 729, 734, 735. Plaintiff filed her Complaint on December 4, 2007, nearly 18 months later. As a result, Plaintiff's claims are barred by section 1986's statute of limitations.[8] *See, e.g., Creative Environments, Inc. v. Estabrook*, 491 F. Supp. 547, 554 (D. Mass. 1980) (stating, with regard to section 1986 claim, that "summary judgment would have to be granted for any activity occurring more than one year prior to the filing of the complaint.")

### 2.    Plaintiff's Section 1986 Claim is Barred Because She has Failed to Allege a Conspiracy Under Section 1985(3)

A necessary prerequisite for a claim under section 1986 is a valid claim under section 1985(3).

---

[6] Section 1985 provides for a cause of action for certain conspiracies to violate civil rights. *See* 42 U.S.C. § 1985.

[7] Emphasis is added, and citations and internal quotations are omitted, throughout this brief, except as otherwise indicated.

[8] Even if Plaintiff's release date of October 26, 2006 were the date that her cause of action accrued, Plaintiff's claim is still time-barred, since she filed suit more than a year afterwards.

Defendants Falk and Estrada's
Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW        7

*See* 42 U.S.C. § 1986 (requiring a defendant to have knowledge of wrongs "mentioned in section 1985 of this title"); *see also*, *e.g.*, *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985."); *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) ("a cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985.")[9]

In her section 1986 claim, Plaintiff alleges that Ms. Falk and Ms. Estrada had knowledge of a conspiracy "by Captain Yoder[,] Captain Astle, Harper, Vinson and co-conspirators form (sic) the US Court Florida Defendants[.]" Complaint ¶ 728. However, Plaintiff nowhere alleges a claim under section 1985, much less one involving Yoder, Astle, Harper, Vinson and the US Court Florida Defendants. Complaint, *passim*. Because Plaintiff has not alleged a violation of section 1985, her section 1986 claim fails as a matter of law. *Karim-Panahi*, 839 F.2d at 626.

Moreover, even assuming, *arguendo*, that one of Plaintiff's other claims could be construed under section 1985, Plaintiff's allegations fail to satisfy section 1985's requirements. Plaintiff has not alleged any facts sustaining the notion that the other defendants' conduct was based on "racial or class-based discrimination[.]" *Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985); *see also Glover v. Tower*, 700 F.2d 556, 558 (9th Cir. 1983) (affirming dismissal of section 1985(3) claim against public defender where plaintiff failed to allege class-based discrimination); *Norman v. Torhorst*, No. 04-C-203-C, 2004 WL 906415, at *3 (W.D. Wis. Apr. 27, 2004) (dismissing section 1985 claim where plaintiff "failed to allege any facts" that defendants "conspired against him because of his race, sex or religion"). In addition, Plaintiff's conspiracy theory – which claims a wide-ranging conspiracy involving a district judge, a magistrate judge, circuit judges, a court reporter, a courtroom deputy and private attorneys – is wholly implausible, and therefore fails under the *Twombly* standard. *See Twombly*, —

---

[9] Plaintiff's section 1986 claim repeatedly references the underlying conspiracy as violating 18 U.S.C. sections 241-242. *See* Complaint ¶ 728, 737. As the cases cited above make clear, a claim under section 1986 must contain a valid underlying claim under section *1985*. Accordingly, any references to other statutes should be disregarded. In any event, it is well-established that 18 U.S.C. sections 241-242 do not provide bases for civil claims. *See*, *e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that 18 U.S.C. section 241 "provide[s] no basis for civil liability.")

Defendants Falk and Estrada's
Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW          8

U.S. —, 127 S. Ct. at 1974 (court should grant a motion to dismiss if plaintiffs have not pled "enough facts to state a claim to relief that is plausible on its face.")  Finally, Plaintiff's conspiracy claims are based on conclusory allegations, which are insufficient under section 1985.  *See*, *e.g.*, *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) (mere conclusory allegations insufficient under section 1985(3)); *Mintz v. Com.*, No. CIV. A. 99-CV-3543, 2000 WL 348576, at *2 (E.D. Pa. Mar. 30, 2000) (dismissing section 1985(3) claim where plaintiff had failed "to provide any facts that support his conspiracy theory").

In short, because Plaintiff has not alleged the necessary section 1985 claim, the section 1986 claim against Ms. Falk and Ms. Estrada must be dismissed.

### 3. Plaintiff's Section 1986 Claim Fails Because Plaintiff Cannot Meet the Requisite Elements

Plaintiff's section 1986 claim fails because Plaintiff cannot meet any of the required elements.

Section 1986 requires that the defendant have "knowledge" that the wrongs set forth in section 1985 "are about to be committed[.]" 42 U.S.C. § 1986; *see also Buck v. Board of Elections of City of New York*, 536 F.2d 522, 524 (2d Cir. 1976) ("Knowledge of the acts is a statutory prerequisite to suit under 42 U.S.C. s 1986.")  Plaintiff has not alleged any facts sustaining the proposition that Ms. Falk and Ms. Estrada had "knowledge" that any of the constitutional violations set forth in 42 U.S.C. section 1985 were "about to be committed."  Plaintiff claims that she told Ms. Estrada that "Defendants had already attempted to false imprisoned (sic) Francis; every document was falsified; they had blocked her access to the courts and now they were trying to prevent her from filing a claim against them."  Complaint ¶ 732.  She also told Ms. Falk that she "feared for her life" if she returned to the Florida federal court.  Complaint ¶ 734.  However, improbable statements from a criminal defendant do not create "knowledge" that a supposed widespread conspiracy in the Florida court – involving, *inter alia*, a district judge, court personnel, prosecutors and private attorneys – existed.  Instead, from judicially-noticeable documents, it is clear that Plaintiff's case in California was a straightforward probation violation, necessitating a single hearing and a transfer back to Florida.

Moreover, section 1986 requires that the defendant have "power to prevent or aid in preventing

Defendants Falk and Estrada's
Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW      9

the commission" of the wrongs, and that such person "by reasonable diligence could have prevented" the wrongs. 42 U.S.C. § 1986; *see also Brandon v. Lotter*, 976 F. Supp. 872, 876 (D. Neb. 1997) (stating that a plaintiff must prove that "the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation"). Neither Ms. Falk nor Ms. Estrada had "power to prevent or aid in preventing" the proceedings in Florida. Even if they had, as Plaintiff urged, taken the case "before a senior judge in San Francisco[,]" there is no reason to believe that it would have made any difference – the case was a routine probation violation matter arising out of proceedings in Florida, and there was no legal basis for the United States District Court for the Northern District of California to assert jurisdiction over a case pending in the Florida federal court.[10]

### 4. Plaintiff's Section 1986 Claim Fails Under *Coscia v. McKenna & Cuneo*

Because Plaintiff's section 1986 claim is, in essence, a claim for malpractice, it fails since Plaintiff has not obtained exoneration by post-conviction relief.

When "a former criminal defendant sues his or her attorney for legal malpractice, the former client's actual innocence of the underlying criminal charges is a necessary element of the malpractice cause of action." *Coscia v. McKenna & Cuneo*, 25 Cal.4th 1194, 1197 (2001); *accord Lynch v. Warwick*, 95 Cal.App.4th 267, 270 (2002). In this context, "a former criminal defendant must obtain exoneration by post-conviction relief as a prerequisite to obtaining relief for legal malpractice." *Coscia*, 25 Cal.4th at 1197. Moreover, it is not only legal malpractice claims that are barred: a criminal defendant is also prohibited from raising other related claims against his or her former attorney. *See, e.g.*, *Lynch*, 95 Cal.App.4th at 273-74 (actual innocence requirement applies even if claim against former criminal defense attorney is labeled as a theory other than legal malpractice).

Plaintiff's claim is based solely on the notion that Ms. Falk should have raised the certain issues – namely the supposed Florida conspiracy – before a San Francisco judge. Complaint ¶ 734. The claim,

---

[10] In other words, the notion that Ms. Falk or Ms. Estrada could have, through reasonable diligence, prevented Plaintiff's transfer to Florida by arguing that Plaintiff might be "murdered" by a conspiracy involving a United States district judge is, to say the least, wholly implausible. *See* Complaint ¶ 735; *see also Twombly*, — U.S. —, 127 S. Ct. at 1974.

Defendants Falk and Estrada's
Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW     10

1  in other words, is based on the notion that Ms. Falk negligently performed her duties as counsel – in
2  Plaintiff's view, Ms. Falk should have, but did not, raise certain claims in the warrant matter.  However,
3  Plaintiff does not allege that she has obtained exoneration by post-conviction relief.  Complaint, *passim*.
4  As a result, her section 1986 claim – essentially one for legal malpractice – is squarely barred and must
5  be dismissed.  *Coscia*, 25 Cal.4th at 1197.

### 5. Plaintiff's Section 1986 Claim Must be Dismissed Under *Heck v. Humphrey*

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff seeking to recover damages under section 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Id.* at 486-87.

Plaintiff's section 1986 claim implicates the *Heck* rule.  After all, Plaintiff's theory is that she was "false[ly] imprisoned" because there was no "sworn complaint, indictment[,] negotiated plea, arraignment, or conviction of 18 U.S.C. 111 or any offense against the United States."  Complaint ¶ 736.  Accordingly, a judgment in Plaintiff's favor would "necessarily imply the invalidity" of Francis' conviction or sentence – Plaintiff could only prevail on her claim by showing that she in fact had not been properly convicted of a federal crime.  As a result, the section 1986 claim is barred under *Heck*.  *See*, *e.g.*, *Lara v. City of Santa Clara Police Dept.*, No. C 07-2608 CRB (PR), 2007 WL 2753466, at *1 (N.D. Cal. Sept. 19, 2007) (holding that a plaintiff's claims "challenging/implicating the validity of his arrest, prosecution and conviction are barred under the rationale of *Heck*."); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (dismissing plaintiff's false arrest and imprisonment claims under *Heck*); *Williams v. Waggener*, No. 07-16170, 2008 WL 803009, at *1 (9th Cir. Mar. 18, 2008) (affirming dismissal of malpractice and negligence claims against appointed counsel under *Heck*); *Arnett v. Ament*, No. 1:06-00324-LJO-DLB PC, 2007 WL 2900491, at *2 (E.D. Cal. Oct. 1, 2007) (dismissing claim against federal public defender under *Heck* because "[a] judgment in favor of plaintiff

Defendants Falk and Estrada's
Motion to Dismiss; MPA
*Francis v. United States*, Case No. CV 07-06125 JSW                    11

on his claim that defendant violated his constitutional rights by interfering with the preparation of his defense in his criminal case would necessarily imply the invalidity of his conviction."); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (affirming dismissal of claims against public defender under *Heck*).

## IV.  CONCLUSION

Based upon the foregoing, Plaintiff's Complaint against Ms. Faulk and Ms. Estrada must be dismissed for failure to state a claim upon which relief can be granted.

Dated: July 17, 2008                               Respectfully Submitted,


                                                   /s/ Mary McNamara
                                                   Mary McNamara
                                                   Alexis Haller
                                                   SWANSON, McNAMARA & HALLER LLP
                                                   Attorneys for ELIZABETH FALK and CARMEN ESTRADA