Mary McNamara SBN 147131
Alexis Haller SBN 201210
SWANSON, McNAMARA & HALLER LLP
300 Montgomery Street, Suite 1100
San Francisco, California 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9010

Attorneys for ELIZABETH FALK and CARMEN ESTRADA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYTRENA J. FRANCIS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>    Defendants. | Case No. CV 07-06125 JSW<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS ELIZABETH FALK AND CARMEN ESTRADA'S MOTION TO DISMISS** |

    The motion to dismiss for failure to state a claim of Defendants Elizabeth Falk and Carmen Estrada ("Defendants") was filed on July 17, 2008. After consideration of the briefs and arguments of counsel, and all other matters presented to the Court, IT IS HEREBY ORDERED that Defendants' motion is GRANTED for the following reasons:

    First, Plaintiff Kaytrena Francis ("Plaintiff") filed her claim on December 4, 2007, nearly 18 months after the events described in her section 1986 claim against Defendants. As a result, Plaintiff's claim is barred by section 1986's one year statute of limitations. *See* 42 U.S.C. § 1986.

    Second, to properly state a claim under section 1986, a plaintiff must first state a valid claim under section 1985. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). Because Plaintiff has failed to state any valid claim under section 1985, her section 1986 claim fails.

    Third, Plaintiff has failed to allege the requisite elements of a section 1986 claim, specifically the

1  requisite "knowledge" of defendants of an underlying conspiracy to violate Plaintiff's constitutional
2  rights, the necessary "power to prevent or aid in preventing the commission" of the wrongs, and the fact
3  that defendants "by reasonable diligence could have prevented" the wrongs.  42 U.S.C. § 1986; *see also*
4  *Buck v. Board of Elections of City of New York*, 536 F.2d 522, 524 (2d Cir. 1976); *Brandon v. Lotter*,
5  976 F. Supp. 872, 876 (D. Neb. 1997).
6        Fourth, Plaintiff's section 1986 claim is in essence a malpractice claim, and it is therefore barred
7  because Plaintiff has not been exonerated by post-conviction relief.  *Coscia v. McKenna & Cuneo*, 25
8  Cal.4th 1194, 1197 (2001).
9        Finally, Plaintiff's claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because her
10 conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a
11 state tribunal authorized to make such determination, or called into question by a federal court's issuance
12 of a writ of habeas corpus.
13       IT IS SO ORDERED.
14 Dated:

The Honorable Jeffrey S. White
15 United States District Court