JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7155
FAX: (415) 436-6927
neill.tseng@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAYTRENA J. FRANCIS,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>     Defendants. | No. CV 07-06125 JSW<br><br>**CONSOLIDATED REPLY BRIEF IN SUPPORT OF MOTIONS TO DISMISS FILED BY INDIVIDUAL JUDICIAL DEFENDANTS, INDIVIDUAL DOJ DEFENDANTS, INDIVIDUAL AIR FORCE DEFENDANTS, INDIVIDUAL MARSHALS DEFENDANTS, AND TRACEY BROADNAX, IN HER INDIVIDUAL CAPACITY**<br><br>Date: August 8, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 2, 17th Floor<br>Honorable Jeffrey S. White |

The Individual Judicial Defendants, Individual DOJ Defendants, Individual Air Force Defendants, Individual Marshals Defendants, and Tracey Broadnax, in her individual capacity (collectively, the "Individual Federal Defendants"), respectfully submit this consolidated reply memorandum in support of their various motions to dismiss filed on June 23, 2008.

## I.    INTRODUCTION.

Plaintiff is living in a fantasy world.  She is unwilling or unable to acknowledge the truth: that she was lawfully convicted of and sentenced for a misdemeanor, and that it was not all part of a grand conspiracy by federal judges, federal prosecutors, and the other Individual Federal Defendants to kidnap or murder her to prevent her from filing an FTCA or Bivens claim.  In her opposition memos, Plaintiff Kaytrena Francis ("Plaintiff" or "Francis") does not respond to the Individual Federal Defendants' various legal arguments, but primarily restates the same imagined facts and same tired legal conclusions that the original motions already demonstrated to be inadequate to survive dismissal.  Plaintiff proffers no competent, <u>real</u> legal or factual reason why her claims should not be dismissed, and therefore all of the Individual Federal Defendants' various motions to dismiss should be granted.

## II.    ARGUMENT.

### A.    RESPONSE TO PLAINTIFF'S OPPOSITION STATEMENT OF FACTS.

In each of her opposition briefs (Docket Nos. 98, 99, 100, 101, 102), Plaintiff accuses the Individual Federal Defendants of improper conduct in filing their motions to dismiss, including that Defendants have "knowingly" falsified facts (at page 1, paragraph 1 of each opposition brief); that "Defendants Summary, Factual Background, and Exhibits are intentionally and grossly falsified with reckless disregard for the truth" (at page 1, paragraph 2 of each opposition brief); and that "Defendants argument that Plaintiff was found guilty as charged are grossly falsified with reckless disregard for the truth" (at page 7, second paragraph 1 of each opposition brief).  To the extent Plaintiff impugns the integrity or ethics of the Individual Federal Defendants and/or their counsel, those are serious accusations which have no place in this honorable Court.  The Individual Federal Defendants have not falsified any facts; rather, they have submitted as exhibits various documents related to Francis's criminal prosecution, <u>United</u>

States v. Francis, Case No. 3:05-cr-00027-RV-1 (N.D. Fla.), and have used those documents to illustrate what happened in that case. Moreover, many of the exhibits submitted by the Individual Federal Defendants are identical to exhibits Plaintiff submitted and relies on. It makes no sense for Plaintiff to attack the authenticity of exhibits she herself relies on.

For the Court's convenience, following is a brief summary of how Francis was cited and charged, which will hopefully dispel any confusion Francis may have created in her statement of facts. It is quoted from the order (Docket #17 in the criminal case) denying Francis's motion to dismiss for violations of the Speedy Trial Act entered by Senior District Judge Roger Vinson:

> On December 10, 2004, defendant Kaytrena J. Francis was arrested while on Eglin Air Force Base. The defendant was not taken into custody, but instead was released after military police issued her two violation notices. The first violation notice cites defendant with resisting arrest without violence, in violation of Title 18, United States Code, Section 111, which is a Class A misdemeanor. The second violation notice cites defendant with Disorderly Conduct in violation of Section 877.03, Florida Statutes, a Class B Misdemeanor.
>
> The two citation notices apparently informed the defendant that she would receive official notice in the mail of the date, time, and place in which she would be required to appear in court. Subsequently, Defendant received a Notice to Appear in the mail informing her that she would be required to appear at the United States District Court in Pensacola, Florida, on March 16, 2005. On March 11, 2005, prior to Defendant's first appearance date, the Government filed an Information charging the defendant with the above referenced misdemeanor crimes.

Order, attached to Second Decl. of Neill T. Tseng (filed on April 11, 2008) ("Second Tseng Decl.") as Ex. F, at 1-2.

Plaintiff's repeated protestations that she was charged with a felony are unfounded, unsupported, and categorically wrong. 18 U.S.C. § 111(a) states:

> (a) In general.--Whoever--
>
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
>
> (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8

1    years, or both.

2    Count One of the Information tracked this language. <u>Compare</u> Information (Count One),
3    attached to Decl. of Neill T. Tseng (filed on March 10, 2008) ("Tseng Decl.") as Ex. A, <u>with</u> 18
4    U.S.C. § 111(a). As a matter of law, because Count One tracked the language of the statute
5    without alleging facts beyond simple assault, it charged Francis with only a misdemeanor. <u>Cf.</u>
6    <u>United States v. Hathaway</u>, 318 F.3d 1001, 1009-10 (10th Cir. 2003) (holding that when an
7    indictment tracks the language of § 111 but alleges no facts beyond simple assault, no felony is
8    charged); <u>United States v. Fallen</u>, 256 F.3d 1082, 1094 n.2 (11th Cir. 2001) (Propst, J., dissenting)
9    (noting that simple assault under § 111 is a misdemeanor).

10    As a factual matter, Francis admits she was informed at the arraignment that she was
11   being charged with a misdemeanor. <u>See</u>, e.g., Opp. to Indiv. Air Force Defs.' Mot. at 4 ("When
12   Magistrate Davis asked Capt. Yoder what the offense level was, Caption (sic) Yoder knowingly
13   and intentionally lied to Magistrate Davis that the offense level was a class 'A' misdemeanor.").
14   Additionally, Senior Judge Vinson's order clearly stated that Francis had been charged with
15   misdemeanors. <u>See</u> Order, attached to Second Tseng Decl. as Ex. F, at 2 ("On March 11, 2005,
16   prior to Defendant's first appearance date, the Government filed an Information charging the
17   defendant with the above referenced misdemeanor crimes."). In short, Francis was not charged
18   with a felony, and her naked avowals cannot make it so.

19   **III.   ARGUMENT.**

20   **A.     PERSONAL JURISDICTION AND SERVICE.**[1]

21   At this time, all of the Individual Federal Defendants except for Senior Judge Vinson and
22   Marbut should be dismissed for lack of personal jurisdiction.[2] Plaintiff essentially uses the same
23   personal jurisdiction arguments with regard to each of the Individual Federal Defendants, which

---

[1]    Plaintiff devotes a section of each opposition memo to explaining why her claims should not be dismissed for improper venue. <u>See</u>, e.g., Opp. to Indiv. Air Force Defs.' Mot. at 16-17. However, the Individual Federal Defendants did not move for dismissal on that ground.

[2]    Senior Judge Vinson and Marbut do not waive their right to contest personal jurisdiction later in this suit. <u>See</u> Indiv. Jud. Defs.' Mot. to Dismiss at 12-13 n.4.

are: (1) that personal jurisdiction exists under the effects test; (2) that each of the Individual Federal Defendants conspired with Judge Vinson to have an arrest warrant faxed to San Francisco; and (3) that the Individual Federal Defendants have not satisfied two of the seven factors related to the reasonableness of exercising personal jurisdiction under the third prong of the Ziegler test.[3]  See, e.g., Opp. to Indiv. Jud. Defs.' Mot. at 14-18.  All three arguments are without merit.

As to (1), Plaintiff has not demonstrated under the effects test that any Individual Federal Defendant aside from Judge Vinson or Marbut took any intentional action expressly aimed at California.  As stated in the Individual Federal Defendants' various motions to dismiss, aside from the arrest warrant, every single action Plaintiff complains of took place in Florida or the Eleventh Circuit.  Plaintiff cannot and does not identify anything directed at California beyond relying on argument (2), that the Individual Federal Defendants conspired with Judge Vinson to fax the arrest warrant.  However, there is no allegation as to how any of the Individual Federal Defendants aside from Judge Vinson or Marbut was involved with the faxing of the warrant or what their involvement was.  On the contrary, it is clear that the first two parts of Ziegler's three-part test for personal jurisdiction are not met: the Individual Federal Defendants did not purposely avail themselves of the privilege of conducting activities in California, and none of Plaintiff's claims arise out of the Individual Federal Defendants' California-related activities, because there were none.

As to (3), Plaintiff misunderstands what the forum state is.  The forum state is the forum in which suit has been brought - here, California.  Plaintiff apparently mistakes the forum state as being Florida, see, e.g., Opp. to Indiv. Jud. Defs.' Mot. at 18, and as a result, her arguments do not make any sense and do not support the exercise of personal jurisdiction in California.  Moreover, Plaintiff does not deny that, because none of the Individual Federal Defendants is located in California and most are located in Florida, their burdens of litigating in California are substantial and unreasonable and the most efficient judicial resolution would be in Florida.  See,

---

[3]     The Ziegler test is set forth in, e.g., Indiv. Jud. Defs.' Mot. to Dismiss at 14 and n.7.

e.g., Indiv. DOJ Defs.' Mot. at 9-10 n.5.  Nor does Plaintiff deny that, because most or all of the acts complained of occurred in Florida rather than California, Florida has a much greater interest in adjudicating the dispute.  See, e.g., id.

As to service, Plaintiff does not deny that proper and timely service is required before personal jurisdiction may exist.  Instead, Plaintiff complains that she has not been able to serve the Individual Federal Defendants because they have not served initial disclosures.  This argument makes no sense.  First, the Individual Federal Defendants have no obligation to serve initial disclosures in an action where they have not been properly served and where the court lacks personal jurisdiction over them.  Second, the deadline for initial disclosures has not passed in any event.  Third, Plaintiff does not deny that any attempted service was improper because the complaint served was not the same as the complaint filed in this action.

### B. ABSOLUTE AND QUALIFIED IMMUNITY.

#### 1. The Individual Judicial Defendants.

As to the individual federal judge defendants, Plaintiff concedes that a judge is subject to liability only when he acts in the clear absence of all jurisdiction.  Opp. To Indiv. Jud. Defs.' Mot. at 9.  Yet Plaintiff cannot and does not provide any allegation or evidence sufficient to survive dismissal.  Instead, all Plaintiff does is repeat conclusory, unsupported allegations that there was a clear absence of all jurisdiction, and speculate wildly that the judges were part of a wide-ranging conspiracy.  See id. at 9-11.  However, Plaintiff's conclusory allegations cannot survive dismissal under Bell Atlantic.  Moreover, allegations of conspiracy do not defeat judicial immunity.  See Indiv. Jud. Defs.' Mot. at 5.  On the contrary, the pleadings and other documents from Francis's criminal case demonstrate on their face that the judges had competent jurisdiction and enjoy absolute immunity.

As to the individual probation officer defendants, Plaintiff makes two basic arguments: (1) that they did not perform any discretionary function and (2) that they were part of a conspiracy.  See Opp. to Indiv. Jud. Defs.' Mot. at 12.  Neither argument has any merit.  First, Plaintiff's allegations are wholly conclusory and speculative and therefore cannot survive dismissal as a matter of law.  Second, Plaintiff misunderstands the standard for absolute quasi-

judicial immunity, as it does not depend on any discretionary function. Instead, absolute immunity exists as long as the function was an integral part of the judicial process. See Indiv. Jud. Defs.' Mot. at 7-8. Plaintiff does not refute any of the legal authorities or factual evidence demonstrating that the probation officers' functions were integral parts of the judicial process. Third, as stated above and in the original motion, allegations of conspiracy cannot defeat judicial immunity. Finally, as to Gibbs and Elliot in particular, Plaintiff does not deny that there are no specific allegations against them in the complaint. Plaintiff manufactures new allegations against them in her reply brief, but they are not alleged in the complaint and, in any event, they are too conclusory, unsupported, and speculative to state a claim.

As to deputy clerk Marbut and court reporter Rayborn, Plaintiff's only argument is that they were part of the conspiracy. See Opp. to Indiv. Jud. Defs.' Mot. at 13-14. Plaintiff once again fails to address the legal authority holding that allegations of conspiracy cannot defeat immunity. Also, Plaintiff's allegations are too conclusory and speculative to state a claim.

### 2. The Individual DOJ Defendants.

As to USA Miller and AUSA Preisser, Plaintiff's basic argument is that they intentionally broke the law and therefore do not enjoy immunity. See Opp. to Indiv. DOJ Defs.' Mot. at 9-10. However, Plaintiff does not deny that motive or malice does not abrogate a prosecutor's absolute immunity. See Indiv. DOJ Defs.' Mot. at 7. Nor does Plaintiff deny that, whatever their motive or intent, their actions were intimately associated with the judicial process. See id. at 6-7.

As to AUSA Wilson, Plaintiff argues that he is not immune because he knew that actions were being taken in a complete absence of all jurisdiction and that a conspiracy existed. See Opp. to Indiv. DOJ Defs.' Mot. at 10-11. Again, however, motive, malice and knowledge are irrelevant. The test is whether the acts were intimately associated with the judicial phase of the litigation. Plaintiff has not addressed or rebutted any of the Individual DOJ Defendants' arguments that Wilson's acts satisfy this test. See Inidiv. DOJ Defs.' Mot. at 8.

### 3. The Individual Air Force Defendants.

As to Capts. Baker, Yoder and Astle, Plaintiff's verbosity boils down to two main arguments against absolute prosecutorial immunity: (1) that Capts. Yoder and Astle were not

1   SAUSAs when they prosecuted Francis, and (2) that Capt. Baker knew of the alleged conspiracy
2   and failed to prevent it. Those arguments are not persuasive. Argument (1) is simply wrong.
3   Plaintiff overlooks or ignores the evidence filed previously in this action demonstrating that
4   Capts. Yoder and Astle were appointed as SAUSAs. See Exs. G and H attached to the Second
5   Tseng Decl. filed on April 11, 2008. As to (2), whether Capt. Baker knew of any conspiracy is
6   irrelevant. As stated above, motive or malice does not abrogate prosecutorial immunity, and
7   there is no competent allegation of conspiracy in any event. Moreover, Plaintiff does not deny
8   that there is no specific allegation against Capt. Baker in the complaint. See Indiv. Air Force
9   Defs.' Mot. at 6. Nor is there any competent, nonconclusory allegation in the opposition memo
10  sufficient to abrogate her immunity as a prosecutor.
11          As to the remaining Individual Air Force Defendants, Plaintiff simply restates or repeats
12  the conclusory, unsupported allegations contained in her complaint. See Opp. to Indiv. Air Force
13  Defs.' Mot. at 11-12. Plaintiff does not address or rebut any of the specific, detailed arguments
14  explaining why each of them enjoys qualified immunity. See Indiv. Air Force Defs.' Mot. at 6-8.
15  Therefore, qualified immunity should be granted.

16              **4.      The Individual Marshals Defendants and Tracey Broadnax.**

17          As to Marshals Cato and Guadagnoli and BOP employee Broadnax, Plaintiff asserts that
18  they are not entitled to qualified immunity because they conspired with each other and with
19  others to falsely imprison, kidnap or murder Plaintiff. See Opp. to Indiv. Marshals Defs.' Mot. at
20  15-17; Opp. to Broadnax Mot. at 15-17. However, this assumes that there was such a conspiracy.
21  As explained above, there is no competent, nonconclusory, nonspeculative allegation of any
22  conspiracy sufficient to survive dismissal. Nor is there any competent, nonconclusory,
23  nonspeculative allegation demonstrating that any conduct by Cato, Guadagnoli, or Broadnax
24  violated any of Plaintiff's constitutional rights.

25      **C.    FAILURE TO STATE A CLAIM.**

26          Plaintiff does not offer any persuasive reason why her complaint should not be dismissed
27  against all of the Individual Federal Defendants for failure to state a claim under Rule 12(b)(6).
28  In their various motions, the Individual Federal Defendants argued that it was plain to see from

1 the complaint that Plaintiff's allegations are too wild, conclusory, unsupported, and speculative
2 to state a claim under Bell Atlantic and the other legal authorities cited.
3     In response, Plaintiff simply makes more conclusory arguments, stating that "there is
4 legal sufficiency" showing that she is entitled to relief. See, e.g., Opp. to Indiv. Air Force Defs.'
5 Mot. at 18-19. However, stating that something is so does not make it so, and Plaintiff provides
6 no persuasive reason why her complaint should not be dismissed for failure to state a claim.
7     Plaintiff also asks for leniency as a *pro se* plaintiff. See, e.g., id. at 18. However,
8 Plaintiff cannot use her *pro se* status as a shield and is entitled to no special treatment:

> The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an "advocate" for or to assist and guide the pro se layman through the trial thicket.

12 Jacobsen v. Filler, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986) (citation omitted); accord Bias v.
13 Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007). Plaintiff is as bound by the rules of procedure,
14 including Rule 12(b), as any other litigant. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)
15 ("Pro se litigants must follow the same rules of procedure that govern other litigants.").
16     Finally, it was argued in the Individual Federal Defendants' various motions to dismiss
17 and above that there are no specific allegations in the complaint against several of the Individual
18 Federal Defendants. In response, Plaintiff belatedly adds various arguments in her opposition
19 memos as to those Individual Federal Defendants. However, those arguments and allegations are
20 not in the complaint, and even if they were, they are too conclusory and speculative to state a
21 claim.

    **D.    COLLATERAL ESTOPPEL.**

23     Plaintiff argues that collateral estoppel does not apply because of the collateral attack
24 provision of 28 U.S.C. § 2255. See, e.g., Opp. to Indiv. Air Force Defs.' Mot. at 19. However,
25 Plaintiff's action is not brought under § 2255, nor can it be because Plaintiff is not a prisoner.
26 Therefore, this argument misses the mark. Plaintiff does not address or refute any of the
27 Individual Federal Defendants' specific, detailed arguments as to why her claims are barred by
28 collateral estoppel.

CONSOLIDATED REPLY BRIEF IN SUPPORT OF MOTIONS TO DISMISS
CV 07-06125 JSW     8

**E. HECK V. HUMPHREY.**

As to Heck v. Humphrey, Plaintiff argues (1) that Heck is inapplicable to Plaintiff's civil suit, (2) that the Florida State Courts had nothing to do with this case, (3) that if Senior Judge Vinson believed that Heck applied, he would not have conspired to kidnap or murder Francis, (4) that any improper use of Heck would violate Plaintiff's procedural due process and/or equal protection rights, and (5) that Heck is inapplicable to federal courts. Arguments (1), (4), and (5) are not persuasive because Plaintiff provides no legal authority to support those arguments, and neither does Plaintiff explain why the legal authority cited in the Individual Federal Defendants' various motions to dismiss as to Heck is inapplicable.

Argument (2) is inconsequential. Plaintiff does not explain why, if at all, Florida state courts' involvement or lack thereof is of any relevance to Heck.

Finally, argument (3) is completely conclusory and illogical and is representative of Plaintiff's overall case: it just doesn't make sense.

**V. CONCLUSION.**

For the foregoing reasons, the Court should dismiss all claims against all of the Individual Federal Defendants.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: July 18, 2008              /s/
                                  NEILL T. TSENG
                                  Assistant United States Attorney