Kaytrena J. Francis
1467 7th Ave #105
San Francisco Ca. 94122
415 971-5049
kaytrenaf@yahoo.com

Plaintiff



## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

Kaytrena J. Francis,

     Plaintiff,

v.

UNITED STATES OF AMERICA et al,
     Defendants.

Case Number: CV07-06125 JSW
**OPPOSITION TO DEFENDANT(S)
ELIZABETH FAULK AND CARMEN
ESTRADA MOTION TO DISMISS**

### OPPOSITION TO DEFENDANT(S) ELIZABETH FAULK AND CARMEN ESTRADA MOTION TO DISMISS and MEMORANDUM OF LAW

Comes now Kaytrena J. Francis, Plaintiff, pro se, and submits this Opposition to Defendant(s) Carmen Estrada (Estrada) and Elizabeth Faulk (Faulk) *Motion to Dismiss*.

### OPPOSITION TO DEFENDANTS Summary and FACTUAL BACKGROUND

1. Plaintiff argues that Defendants must not be permitted to knowingly falsify that Plaintiff has been charged or convicted of an 18 U.S. C. 111 or any other offense against the United States to improperly influence this Honorable court. Because a picture is truly worth a thousand words Plaintiff has embedded the Unsigned Probable Cause Statement, United States District Court Violation Notices, the Notice to Appear, and the felony Information alleging an offense of 18 USC 111 within the special maritime which was vindictively filed under simple assault.

2. Plaintiff agues that Defendants Summary, Factual Background, and Exhibits are intentionally and grossly falsified with reckless disregard for the truth and must not be permitted to shield, protect or conceal that Chief District Judge Roger Vinson, et al actions were taken in the clear or complete absence of all jurisdictions without: a sworn complaint, subject matter jurisdiction, indictment, waiver of indictment; negotiated plea, arraignment, and conviction.

3. Plaintiff incorporates by reference Plaintiff's civil complaint with supporting exhibits (1-48); Opposition to Florida's federal public defenders' Defendants Kaufman, Lammers, and Murrell Exhibits (1-28), Opposition to Individual US Courts Defendants Exhibits (29-31) and attached Exhibit (32, *Crimes Committed Within the Special Maritime Jurisdiction of the United States*).

4. Plaintiff argues that her true Statement of facts can be found on pages 8 thru 17 of her complaint.

5. Plaintiff argues, alleges, realleges and asserts the following factual allegations in opposition to Defendants intentional falsified statement of facts

**a) Plaintiff was arrested without probable cause**

1. Plaintiff argues that on December 10 2004, active duty enlisted Air Force Defendants' TSgt Chad Dillon and A1C Jason Archilla conduct violated Plaintiff's clearly established Federal Fourth Amendment right to be free from unlawful seizure when they arrested her without Probable cause.

2. Plaintiff argues that the unlawful arrest was instigated by active duty Air Force Defendants' Lt. Eskridge and MSgt Shepherd who told TSgt Dillon and A1C Archilla that Plaintiff cold be arrested for forgetting her purse at home. Plaintiff asked TSgt Dillon to call her active duty military spouse who was at work on December 10, 2004 to get him to bring her purse from home where she had resided with him on Eglin Air Force Base but TSgt Dillon refused. Without warning and without Plaintiff's consent, TSgt Dillon grabbed Plaintiff by her breast and A1C Archilla grabbed Plaintiff in between her legs; they picked Plaintiff up; slammed her down; and TSgt Dillon sat on Plaintiff with his loaded weapon pointing in Plaintiff's kidney for over ten minutes.

3. Plaintiff argues that the arrest was without probable cause as there was no warrant for Plaintiff arrest prior to being handcuffed; neither was there a complaint alleging that Plaintiff was believe to have committed any offense against the United States. As noted by Plaintiff complaint, on March 3, 2004 Lt. Eskridge was reported as telling a civil rights mediator that she felt that she had a right to have Plaintiff arrested because she did not like Plaintiff addressing her by her rank of Lieutenant.

Unsigned Statement of Probable Cause



**b) Plaintiff received violation notices (DD Forms 1805) citing her for Florida State Statues**

1. Plaintiff argues that on December 10, 2004, after she made a statement that she is a registered voter who followed the law; did not have any traffic citations; and was going to file a congressional complaint against Eglin Air Force base for refusing to allow her to file a complaint against TSgt Dillon for assaulting and battering her, TSgt Dillon retaliated against Plaintiff by giving her two violation notices citing Florida State Statues 877.03 (Resisting an arrest with violence) and 843.01(Disorderly Conduct).

Violation Notices



**c) Plaintiff received a Noticed To Appear for the violation notices citing Florida State Statues.**

1. Plaintiff argues that 91 days after she was arrested without probable cause and never taken before a judicial officer to establish probable cause; she received in the mail a **Notice to Appear** in the United States District court of the Northern District of Florid, Pensacola Division on March 16, 2005 for the violation notices she received from TSgt Dillon on December 10, 2004 which cited Florida State Statues 877.03 and 843.01 (see below).

**d) United States Attorney Miller vindictively filed an alleged felony Information under simple assault in the magistrate court**

1. Plaintiff argues that March 11 2005. United States Attorneys, Gregory R. Miller and Stephen Preisser vindictively filed a felony Information under simple assault in the United States Magistrate court under case number 3:05mj80.

2. Plaintiff argues that on March 16, 2005 she arrived in the United States Magistrate Court without counsel to respond to the Notice to Appear for the violation notices citing Florida State Statues.

Notice to Appear



3. The United States Magistrate Judge, Miles Davis did not inform Plaintiff that she was being charged with an offense he asked an active duty United States Air Force (USAF) Staff Judge Advocate, Captain Michael Yoder what's the charge" [re Plaintiff complaint p. 104].

4. Reading from an alleged felony Information that Defendants' Miller and/or Preisser vindictively filed under simple assault in the Magistrate court on March 11, 2005 and assigned to case no. 3:05mj80, Capt. Yoder read:

- *That on or about December 10, 2004, in the Northern District of Florida, and within the **special maritime and territorial jurisdiction of the United States**, to wit: Eglin Air Force Base, Florida, the defendant Kaytrena J. Francis, did forcibly assault, resist, oppose, impeded, intimidate, **and** interfere with Technical Sergeant Chad T. Dillon and Airman First Class Jason Archilla, United States Air Force Security Forces Officers, while they were engaged in their official duties, in violation of Title 18, United States Code, Section 111.*

- *That on or about December 10, 2004, in the Northern District of Florida, and within the special maritime and territorial jurisdiction of the United States, to wit: Eglin Air Force Base, Florida, Kaytrena J. Francis, did engage in conduct as to constitute a breach of peace or disorderly conduct, in violation of Florida Statue 877.03, and Title 18, United States Code, Section 7 and 13.*

5. When Magistrate Davis asked Capt. Yoder what the offense level was, Caption Yoder knowingly and intentionally lied to Magistrate Judge Davis that the offense level was a class 'A' misdemeanor.

6. Afterwards US Magistrate Davis looked at Plaintiff, observed she was African American female, asked her to enter plea; scheduled a felony trial before him in the United States Magistrate court without Plaintiff's signed consent; told Plaintiff to notify the court when she found an Attorney; and had his secretary mail Plaintiff a reminder letter to let the United States Magistrate Court know when she found an Attorney.

Vindictively filed felony Information under simple assault alleging 18 U.S.C. 111 within the Special Maritime

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                    INFORMATION

KAYTRENA J. FRANCIS                         3:05mj80

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE

That on or about December 10, 2004, in the Northern District of Florida, and within the special maritime and territorial jurisdiction of the United States, to wit: Eglin Air Force Base, Florida, the defendant,

KAYTRENA J. FRANCIS,

did forcibly assault, resist, oppose, impede, intimidate, and interfere with Technical Sergeant Chad T. Dillon and Airman First Class Jasco Archilla, United States Air Force Security Forces Officers, while they were engaged in their official duties, in violation of Title 18, United States Code, Section 111.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA FLA.

2005 MAR 11  PM 4: 16

FILED

COUNT TWO

That on or about December 10, 2004, in the Northern District of Florida, and within the special maritime and territorial jurisdiction of the United States, to wit Eglin Air Force Base, Florida,

KAYTRENA J. FRANCIS,

did engage in conduct as to constitute a breach of the peace or disorderly conduct, in violation of Florida Statute 877.03 and Title 18, United States Code, Sections 7 and 13.

GREGORY R. MILLER                           3/9/05
United States Attorney                        DATE

2

7. Plaintiff attaches a true copy of the reminder letter to get an attorney she received in the mail from Magistrate Judge Davis Secretary, Joanne Ahr as Exhibit 6 for this Honorable court to review.

### e) Plaintiff did not waive her Fifth Amendment right to a grand jury indictment

1. Plaintiff argues that she did not waive her Fifth Amendment right to a grand jury indictment.

2. Plaintiff argues that Defendants cannot produce a waiver of indictment form signed by Plaintiff because there is none on the record.

March 24 2005: Stevenson informed Francis that the offenses in the information required a grand jury investigation and filed a request for a trial by jury before a District judge ... with the understanding that a grand jury will investigate and would have to establish probable cause before Francis could be tried for the alleged offense. [Plaintiff's complaint 112]

3. Plaintiff attaches Stevenson Demand for trial by District Judge as Exhibit 7 for this Honorable court review.

## f) Plaintiff was not indicted by a grand jury

1. Plaintiff argues that Defendants cannot produce any document on the record that reflects:

> The Grand Jury charges *That on or about December 10, 2004, in the Northern District of Florida, and within the special maritime and territorial jurisdiction of the United States, to wit: Eglin Air Force Base, Florida, the defendant Kaytrena J. Francis, did forcibly assault, resist, oppose, impeded, intimidate, and interfere with Technical Sergeant Chad T. Dillon and Airman First Class Jason Archilla, United States Air Force Security Forces Officers, while they were engaged in their official duties, in violation of Title 18, United States Code,Section 111*

because there is none.

## g) Chief District Judge Roger Vinson was involved in a conspiracy to false imprison Plaintiff

1. Plaintiff argues that Chief District Judge Roger Vinson knowingly agreed to conspire with Defendant(s) Harper, Capt. Yoder, Capt. Astel, and Preisser to falsify that Plaintiff was charged by indictment, in retaliation to Plaintiff refusing to participate in a Diversion program, in retaliation to Plaintiff refusing to sign a waiver of speedy trial right; on the account that Plaintiff was exercising her federal Fifth Amendment right to a grand jury indictment by demanding that grand jury establish probable cause for the alleged federal felony Information vindictively filed under simple assault; and on the account of Plaintiff being a African American female.

2. On May 23, 2005 In furtherance the conspiracy Defendant Harper falsified in his *Memorandum of Law in support of Defendant's motion to dismiss with prejudice pursuant to violation of the speedy trial act* that (1) Plaintiff was summons to appear on December 10 2004 and (2) Plaintiff had been indictment by a grand jury.

3. On May 31 2005, in furtherance of the conspiracy Defendant Chief District Judge Roger Vinson falsified that the violation notices cited Plaintiff for Title 18 U.S.C. 111; and an offense of *forcibly assault* was the same as resisting arrest without violence; and it was a class 'A' misdemeanor.

4. Inspection of the United States District Court violation notices reveals that they do not reflect an offense of 18 USC 111 or any offense against the United States. The offense alleged is FSS 877.03 and FSS 843.01 which are Florida State Offense.

## h) Plaintiff did not have an arraignment

1. Plaintiff argues that she was forcibly prosecuted without having an arraignment.

2. Plaintiff argues that not one judge (Magistrate or District) has ever informed her that there was probable cause to believe that Plaintiff has committed any offense against the United States neither has any judge within the United States or abroad read to Plaintiff a charging document or told her that the United States through its Attorneys or Attorney or the grand jury charges Plaintiff with an offense of Title 18 United States Code Section 111 or any other offense against the United States.

Plaintiff argues that Chief District Judge Roger Vinson had scheduled an arraignment for June 2 2005 but as noted by Plaintiff's complaint

132. June 2, 2005: Francis did not have an arraignment. Capt. Yoder and Capt. Astle convinced Harper to keep Francis away from the district court until the forced trial. Harper told Francis the arraignment was a plea bargaining hearing and stated that they were not going to go to it because he knew how strong Francis felt about her innocence. Francis asked Harper to inform Judge Vinson that she had not had a grand jury investigation and

that the violation notice did not cite her for 18 U.S.C. 111 and Harper refused. Harper told Francis that Vinson already knew what the case was about.

it did not happened.

### i) Plaintiff was forcibly prosecuted by a USAF Staff Judge Advocates Capt. Yoder and Capt. Astel in the clear absence of all jurisdictions

1, Plaintiff argues that Title 10 US Code Section 802 Art 2 describes person(s) subject to UCMJ. Plaintiff is not [a]ny person described within Title 10 US Code Section 802 Art 2. Plaintiff does not fall under the Uniform Code of Military Justice.

2. Plaintiff attaches a copy of the trial transcripts cover from day 1 and day 2 reflecting United Staff Judge Advocates Capt. Yoder and Capt. Astel as Special Assistant Attorneys who forcibly prosecuted Plaintiff before a misdemeanor jury for the vindictively filed felony information that United States Attorney Miller filed in the United States Magistrate court under simple assault.

3. Plaintiff further argues that Defendants' Attorney Neil Tseng argued in the Individual Air Force *Motion to Dismiss* that Capt. Yoder Capt. Astel was assigned as Special Assistant United States Attorneys to prosecute Plaintiff. But Tseng did not provide any proof because there is none on the record.

4. Plaintiff argues that Capt. Yoder and Capt. Astel were neither assigned as Special Assistant Attorneys by the Attorney General Charlie Crist (current Governor of Florida); nor were they appointed by the President George Bush to forcibly prosecute Plaintiff for an offense alleging a violation of 18 USC 111 within the Special Maritime jurisdiction because federal courts has limited to jurisdiction to laws enacted by Congress and Congress did not enacted 18 USC 111 within the special maritime.

5. Plaintiff argues that on June 6, 2005 and June 7, 2005 active duty United States Air Force Staff Judge Advocates Captain Yoder and Captain Astle were acting under color of federal law, beyond the bounds of their military authority, masquerading themselves as United States Attorneys employed by the United States Department of justice; and violating Plaintiff's clearly established Federal Fifth Amendment due process, equal protection of the laws, and right to a grand jury indictment when they forcibly prosecuted Plaintiff before Chief District Judge Roger Vinson and a misdemeanor jury for the alleged felony that Information Defendant Miller vindictively filed under simple assault.

### i) Plaintiff was neither charged nor convicted of Resisting, Opposing, Impeding or Interfering with Certain Officers; 18 U.S.C. 111

1. Plaintiff agues that Defendants argument that Plaintiff was found guilty as charged are grossly falsified with reckless disregard for the truth and must not be permitted to improperly influence this Honorable court.

2. "The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." Hagans v Lavine 415 U. S. 533

3. Plaintiff argues that Defendants cannot produce any sworn complaint alleging that Plaint was believe to have committed any offense against the United States because there is none on the record.

4. Plaintiff argues that Defendants cannot produce any charging document that reflects:

- The Grand Jury charges *the defendant Kaytrena J. Francis with Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of Title 18, United States Code, Section 111.*
- The United States through its Attorney or Attorney charges *the defendant Kaytrena J. Francis with Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of Title 18, United States Code, Section 111.*

because there is none on the record.

5. Plaintiff argues that USAF Staff Judge Advocates Capt. Michael Yoder and Capt. Astel forcibly prosecuted Plaintiff for the alleged felony Information which Defendant Miller filed under simple assault in the United States Magistrate court which reads:

*That on or about December 10, 2004, in the Northern District of Florida, and within the **special maritime and territorial jurisdiction of the United States**, to wit: Eglin Air Force Base, Florida, the defendant Kaytrena J. Francis, did **forcibly** assault, resist, oppose, impeded, intimidate, **and** interfere with Technical Sergeant Chad T. Dillon and Airman First Class Jason Archilla, United States Air Force Security Forces Officers, while they were engaged in their official duties, in violation of Title 18, United States Code, Section 111.*

6. Plaintiff argues that After the misdemeanor jury acquitted Plaintiff of forcibly assault Chief District Judge Roger Vinson who knew that the district court lacked subject matter jurisdiction because Congress did not enact 18 USC 111 within the Special Maritime Jurisdiction; falsified a conviction by altering the offense language with a specific intent to further the conspiracy to deprive Plaintiff of due process, equal protection of the laws, to false imprison Plaintiff; and conceal his actions taken in the clear absence of all jurisdiction, should Plaintiff file inter alia, a FTCA or Bivens action against him, Gregory Miller and et al; in retaliation to Plaintiff for sending him a notarized letter stating that she did not waive her Fifth Amendment right to a grand jury indictment; on the account of Plaintiff being an African American female; on the account of Plaintiff requesting due process of law.

7. Plaintiff attaches a true copy of the notarized letter dated Aug 17 2005 that she sent for this Honorable Court review.  Exhibit 28

## Opposition to Defendants Estrada and Faulk motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)

1. In ruling on a Rule 12(b)(1) motion to dismiss, the court is generally "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." See Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995) (citing Scheuer v. Rhodes, 416 U.S. 232, 236-37 (1974)).

2. Plaintiff argues that this court has jurisdiction over the subject matter of this complaint pursuant to
- 28 U.S.C. §§ 1331 - federal question
- 28 U.S.C. §§ 1332 (a)(1) - citizens of different States
- 28 U.S.C. §1343  - civil rights and elective franchise
- 28 U.S.C. §1346(b)(1) - United States as a Defendant
- 28 USC § 1367(a) -  Supplemental jurisdiction or pendant jurisdiction
- 42 U.S.C. §§.1983 - civil action for deprivation of rights
- 42 U.S.C. §1985(3) - conspiracy to interfere with civil rights
- 42 U.S.C. §1986 – action for neglect to prevent
- 42 U.S.C. § 1988 - proceedings in vindication of civil rights
- 28 U.S.C. § 2201 - Declaratory Judgment Act
- 18 U.S.C. § 2202  - further relief available
- 18 U.S.C. § 241- conspiracy against rights
- 18 U.S.C. § 242 -  deprivation of rights under color of law
- 18 U.S.C. §§ 1964 - civil RICO
- 28 USC § 2679(b)(1)

3. Plaintiff further argues that this court has jurisdiction over the subject matter of this complaint pursuant 18 U.S.C. §§ 1001,1341, 1342, 1343, 1361, 1961 (and statutes cited therein) through 1967, Federal Tort Claims Act, Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971)., and Fed. R. Civ. P. Rule 65(a)(2).

4. Plaintiff argues that her complaint alleges inter alia, FTCA, 42 USC 1983, 1985, Bivens, and civil RICO against US Courts Defendants

Wherefore Plaintiff respectfully request that this Honorable court deny Defendants motion to dismiss pursuant to 12(b)(1).

**Opposition to Defendants Estrada and Faulk motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim**

1. Plaintiff argues that Federal Public Defender Elizabeth Faulk and her assistant Carmen Estrada who works for the United States District Court of Northern District California San Francisco Division motion to dismiss pursuant to 12(b)(6) should be denied.

2. Plaintiff also argues "Pleadings in this case are being filed by Plaintiff In Propria Persona, wherein pleadings are to be considered without regard to technicalities. Propria, pleadings are not to be held to the same high standards of perfection as practicing lawyers. See Haines v. Kerner 92 Sct 594, also See Power 914 F2d 1459 (11th Cir1990), also See Hulsey v. Ownes 63 F3d 354 (5th Cir 1995). also See In Re: HALL v. BELLMON 935 F.2d 1106 (10th Cir. 1991)."

3. Plaintiff also argues she is **not** an attorney.

4. In Puckett v. Cox, it was held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233 (1972 Sixth Circuit USCA). Justice Black in Conley v. Gibson, 355 U.S. 41 at 48 (1957)

5. A motion under Rule 12(b)(6) seeks dismissal of a plaintiff's cause of action for failure to state a claim upon which relief may be granted. A motion to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the plaintiff's right to relief based upon the facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). . . .

6. When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded factual assertions in plaintiff's complaint, and draw all reasonable inferences from those assertions in plaintiff's favor. Kiely v. Raytheon Co., 105 F.3d 734, 735 (1st Cir., 1997); Hogan v. Eastern Enterprise/Boston Gas, 165 F.Supp.2d 55, 57 (D. Mass., 2001).

7. "In determining whether a complaint withstands a 12(b)(6) motion to dismiss, the court "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. Also, the court may not look beyond the pleadings in ruling on a motion." Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).

8. There is legal sufficiency to show Plaintiff is entitled to relief under her Complaint.    "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim that would entitle [it] to relief."   Conley v. Gibson, 355 U.S. 41, 45-46 (1957) also Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989)."

11. Plaintiff argues that Defendants contention that Plaintiff civil action: is time barred; has failed to alleged a conspiracy under Section 1985(3); cannot meet the requisite elements of 1985(3); and fails under Under Coscia V. Mckenna & Cunea; is without merit because there is legal sufficiency to show Plaintiff is entitled to relief under 42 USC 1986 against Federal Defendants' Faulk and Estrada for neglecting or refusing to prevent the furtherance of the conspiracy to deprive Plaintiff of equal protection of the laws, due process of law, to false imprison Plaintiff, inter alia, on the account of Plaintiff being an African American female.

**1. Opposition to Defendants Argument that Plaintiff Section 1986 is Time-Barred**

1. Plaintiff argues that her Section 1986 claim against Defendant(s) Faulk and Estrada is not time-barred.

2. Plaintiff argues that Federal Public Defenders Elizabeth Faulk and her assistant Carmen Estrada who works for the United States Courts and on the behalf of the United States are federal actors; and because Plaintiff's FTCA against the United States of America, civil RICO, 42 USC 1985, 42 USC 1986 and all other claims within Plaintiff's complaint are based on the same nucleus operative of facts—that is, an ongoing fraudulent scheme to false imprisoned Plaintiff, inter alia, to defraud or deprive Plaintiff of her intangible right to honest services through Extortion under color of official right; mail fraud, wire fraud, obstruction of justice, destruction, falsification of court

records, intimidation, retaliation, kidnapping or murder attempts, and peonage or slavery —Plaintiff claims are not time-barred.

3. Plaintiff agues that Faulk and Carmen learned about Florida Defendant(s) – US Courts Defendants (Chief District Judge Roger Vinson and et al); Federal Public Defenders (Chet Kaufman, Charles Lammers, Randolph Murrell); USAF Defendants (Capt. Michael Yoder, Capt. Astel, Col Clemons and et al); DOJ Defendants, Miller Preisser, and Wilson; and Plaintiff's Attorneys' Robert Harper and David Sellers on going racially motivated conspiracy to deprive: Plaintiff of equal protection of the laws, due process of law, to kidnap or murder Plaintiff, inter alia after June 7 2006 when Florida Defendant(s) directed their intentional tortuous conduct and racketeering criminal activities act Plaintiff's San Francisco resident by purposely faxing a *Notice of Proceedings On Out-Of-District Criminal Charges* that contained a falsified warrant for Plaintiff's arrest to the United States District Court for the Northern District of California (San Francisco Division) under Case no: 30670357, stamped MEJ. [Plaintiff complaint paragraphs 657-691 and 740-802]

4. Plaintiff argues that the falsified warrant alleging a probation violation of Resisting, Impeding, Opposing, or Interfering with Certain Officers in violation of 18 U.S.C. 111 was not sent out of some act to perform a discretionary function of the court. It was voluntarily, intentionally, knowingly, and purposely sent in the clear absence of all jurisdictions —that is, the alleged probation violation of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 U.S.C. 111 **was sent in absence of**:

- a sworn complaint alleging Plaintiff was believe to have committed an offense of Resisting, Opposing, Impeding or Interfering with Certain Officers or any offense against the United States;
- any court document reflecting the Grand Jury charges *the defendant Kaytrena J. Francis with Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of Title 18, United States Code, Section 111;*
- any court document reflecting the United States through its Attorneys or Attorney charges *the defendant Kaytrena J. Francis with Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of Title 18, United States Code, Section 111*
- a waiver of Indictment form sign by Plaintiff for Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 USC 111
- a negotiated plea for Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 USC 111
- an arraignment of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111
- a conviction of Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 U.S.C. 111 or any offense against the United States.
- Plaintiff ever being prosecuted by a United States Attorney for an offenses alleging Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 U.S.C. 111 or any other Offense against the United States

5. Plaintiff attaches a true copy of the faxed *Notice of Proceedings On Out-Of-District Criminal Charges* as Exhibit 14 for this Honorable Court Review

6. Attached to the notice is a warrant for Plaintiff arrest Exhibit 15 and a falsified probation violation of Resisting, Impeding, Opposing, or Interfering with Certain Officers in violation of Title 18 USC 111 reflecting active duty USAF Staff Judge Advocate Defendant Capt. Joahna Astel as a government prosecutor and Robert Harper as Plaintiff's attorney retained. Exhibit 16

7. Plaintiff argues that the primary purpose of the *Notice of Proceedings On Out-Of-District Criminal Charges* was to utilize the operation of the court *Notice of Proceedings On Out-Of-District Criminal Charges* process to kidnap and /or murder Plaintiff; and its intended effect was to portray Plaintiff in false light as a fugitive, to deny/deprive Plaintiff of due process and equal protection of the laws; and to use Extortion under color of official right to prevent Plaintiff from pursuing inter alia Bivens, FTCA, 42 USC 1983, 1985, 1986, 1988, civil RICO **or any appropriate** claim(s) in the United States District Court for the Northern District of California (San Francisco Division) against Florida Defendant(s) who acted in the clear absence of all jurisdiction - in absence of a: **(1)**

subject matter jurisdiction (2) complaint; (3) indictment, (4) waiver of indictment (5)arraignment, (6)negotiated plea, and (7) conviction.

8. Plaintiff alleges that on Jan 18, 2006, prior to Defendant Chief District Judge Roger Vinson faxing the *Notice of Proceedings On Out-0f-District Criminal Charges,* Defendant Michael Feldman threatened her life when he stated that if he had his way he would put Plaintiff in a place where no one will find her again.

9. On Jan 23 2006 Plaintiff called Washington D.C. and informed Timothy Cadagen that US Probation Officers Defendant(s) Jansen tried to false imprison her; Easterling was trying to force Plaintiff to take an unlawful DNA test and were attempting to force Plaintiff consent to unwarranted mental health treatment; and Feldman had threatening her life. In addition Plaintiff also informed Timothy Cadagen that USAF Capt. Yoder, Capt. Astle and her counselors (Harper and Sellers) amongst others were also involved in the conspiracy to false imprison her.

10. Timothy Cadagen told Plaintiff that she was making serious allegations and wanted to know how many others were involved. Plaintiff was afraid to reveal that the United States Chief District Judge Roger Vinson was involved in the conspiracy because on November 3, 2005 Vinson had gotten Easterling to use an improper Probation violation petition for the purpose of false imprisoning Plaintiff in retaliation to Plaintiff submitting a Motion to Stay on Oct 26 2005 and she was afraid that he would false imprison her again. Therefore, she told Timothy Cadagen that she did not want to name the others but he should know that she could name each individual who was involved and their specific misconduct and stated that she would file a FTCA claim if the harassment did not stop. Timothy Cadagen told Plaintiff that he would look into the matter. Plaintiff attaches a true copy of the *Motion to Stay* for this Honorable court review as (*Motion to Stay).*

11. On Jan 30 2006 the United Air Force relocated Plaintiff's active duty military spouse to a remote tour in Korea and Plaintiff to San Francisco California.

12. Plaintiff alleges that after learning that Plaintiff contacted Timothy Cadagen, Defendant(s) Chief District Judge Roger Vinson, Eaterling retaliated and conspired with Miller, Preisser, and Wilson and et al to go in disguise and on the highway and write motions under false pretense that Plaintiff was a fugitive with the intent to kidnap or murder Plaintiff to prevent Plaintiff from filing a Bivens, FTCA, 42 USC 1985, or any appropriate claim against them. [Plaintiff complaint 658]

13. Plaintiff argues that on June 8 2006 when she saw Federal Public Defender Faulk in court holding the falsified Probation violation petition the first words out of Plaintiff's mouth were: "she (Federal Public Defender Elizabeth Faulk) is not my Attorney" and Plaintiff demanded the right to secure an Attorney on her own.

14. Plaintiff argues that Elizabeth Faulk and the Honorable Maria-Elena James were under the impression that Plaintiff's was a fugitive. After Plaintiff informed Honorable Maria-Elena James that she was arrested at her San Francisco resident where she pays rent, the Honorable Maria-Elena James allowed Plaintiff to be released on a $15,000 bond and ordered her to appear by 12:00 noon at US Marshal Office in the United States District Court of Northern Florida, Pensacola Division on June 22, 2006.

15. Plaintiff argues that in June 2006 when she telephoned Faulk's Office and spoke with Estrada Plaintiff was suffering from extreme psychological trauma and emotional distress brought on by Florida Defendants ongoing malicious conspiracy to deprive Plaintiff of due process and equal protection of the laws on the account of Plaintiff being an African American female. Plaintiff argues that she seriously feared for her life was in danger. Estrada and Faulk were given every documents of Plaintiff's case file.

16. Plaintiff argues that she begged Faulk to allow Plaintiff to take her case file to the Honorable Maria-Elena James or a United States District Judge to prevent the ongoing malicious conspiracy and Faulk refused. As a result of Faulk or Carmen neglecting to prevent the ongoing conspiracy, Plaintiff was subjected to kidnapping or murder attempt and was false imprisoned. As noted by Plaintiff's complaint:

686. June 22, 2006, Francis arrived at the Northern District of Florida Court accompanied by her active duty military spouse and attorney, Randee Golder. The court house was empty and there was an eerie air about

the place. When Golder inquired about the emptiness of the court house Golder was told the court was empty because court was not in session and Francis case was the only case on the court docket.
688. It was clearly a kidnapping or murder attempt. Defendants never intended to hold a hearing on June 22.

17. Plaintiff argues that on June 28 2006 after the kidnapping or murder attempt failed Chief District Judge Roger Vinson false imprisoned Plaintiff in FCI Dublin, California for the falsified probation violation petition falsifying an offense of Resisting, Opposing, Impeding or Interfering with Certain Officers in violation of 18 USC 111 with knowledge that no where on the district court records did there appear any document charging Plaintiff with Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111 or any Offense against the United States..

18. Plaintiff argues that she was false imprisoned in at FCI Dublin California from July 31 2006 to October 26 2008.

19. Plaintiff argues that she filed her required administrative which included her FTCA, Bivens aciton, Section 1986, civil RICO inter alia claims with the Administrative Office of the Courts (United States Courts) five months after being false imprisoned. As noted by Plaintiff's complaint:

20. Francis avers that she has complied with the administrative jurisdictional requirements of 28 U.S.C. § 2675(a), i.e. Francis Administrative claims with: (1) The United States Air Force was received on December 5, 2006, receipt number EB07 5529 030U S; (2) Administrative Office of U.S. Courts was received on January 25 2007, receipt number EB09 0116 282U S; (3) U.S. Department of Justice was received on January 25 2007, receipt number EB09 0116 296U S. The United States Air Force denied Francis claim on September 8 2007. To date, United States Courts and United States Department of Justice have not made a final disposition of Francis claims. Thus, Francis's claims are deemed denied for purposes of the notice requirements imposed by the Federal Tort Claims Act.

21. Plaintiff argues that she filed her civil complaint on December 4 2007 in the United States District Court of Northern California San Francisco Division which is less than eleven (11) months after filing her required administrative claim with the Administration Office of the Courts. Therefore, Plaintiff's Section 1986 claim against Faulk and Estrada is not time-barred.

Wherefore Plaintiff respectfully request that this Honorable court deny Defendants motion to dismiss

**2. Opposition to Defendants Argument that Plaintiff Section 1986 is Barred Because She has Failed to Alleged a Conspiracy under Section 1985(3)**

1. Plaintiff argues that Defendants contention that Plaintiff has failed to allege a conspiracy under Section 1985(3) is without merit and their motion for dismiss must be denied.

2. Id. In order to prove a constitutional conspiracy under § 1985, the plaintiff must show that the defendants: (1) "conspir[ed] ..." (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws." [She] must then assert one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States. Borgen v. Minnesota, 236 F3d 399, 409 (8th Cir. 2000) (citing Andrews v. Fowler, 98 F3d 1069, 1079 (8th Cir. 1996)

3. "An additional required element of a 1985(3) claim is "'a **racial** or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy ... must aim at a deprivation of the equal enjoyment of rights secured by the law to all.'" Id. (quoting Griffin v. Breckenridge, 403 US 88, 102, 91 SCt 1790 (1971)).

4. Plaintiff argues that a 1985(3) conspiracy motivated by a racial or perhaps otherwise class-based, invidiously discriminatory animus is pleaded throughout Plaintiff's complaint. As noted by the following paragraphs taken from Plaintiff's civil complaint:

469. On March 11, 2005, Miller and Preisser knowingly agreed to **conspire** with Capt. Yoder and Capt. Astle to deprive, oppress, or **violate** Francis Fifth Amendment rights to **due process and equal protection** of the laws; and **right to a grand jury indictment** by vindictively filing a felonious Information which the federal court lacked subject matter jurisdiction for (Exhibit Information) in the magistrate court under simple assault, case no. 3:05mj80 on the account of Francis getting a civil rights organization to speak with the base; **on the account** of Francis **exercising her right to redress her government** by filing a congressional complaint against the base.

470. The felonious Information filed in the magistrate court on the behalf of Capt. Yoder and Capt Astle by Miller or Preisser were not based upon probable cause that is the state of the facts in the mind that would not lead a man, woman or child of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Francis was guilty of committing any crime against the United States.

471. Miller and Preisser gave Capt. Yoder the Information or filed the felonious Information under simple assault without probable cause. Miller made the charges appear severe; to wit, attempted murder (forcibly assault). Eglin Air Force base blotter report (Exhibit 50), unsigned probable cause statement (Exhibit 2) demonstrates or proves how vindictiveness was the alleged felony assault vindictively filed under simple assault.

472. Miller did not perform any discretionary function of an official duty when he instituted attempted murder charges without probable cause; or a sworn complaint; or a negotiated plea or a waiver of an indictment. The charges were not ethical, impartial or designed to serve the citizens of the Northern District of Florida. The charges were not filed to defend national security, improve the safety and quality of life in the Northern District of Florida communities, or protect the public funds and financial assets of the United States.

473. Miller **did not file** the felonious Information **to seek justice.** Miller and Preisser acted with impermissible or perverted motives, to wit: (1) **on the account of Francis being African American** (2) to go in disguise with the intent to deprive a constituent of her right to vote; (3) to retaliate against Francis for exercising or enjoying the full extent of her freedom of speech right secured or protected by the First Amendment of the Constitution of the United States by filing congressional complaints or speaking to civil rights organization concerning Eglin Air Force base refusal in allowing her to file a complaint against TSgt Chad Dillon and A1C Jason Archilla; and (4) to defame Francis (an outstanding citizen who never been convicted of a misdemeanor or felony in her life) reputation by portraying her in false light as a convicted felon..

480. Davis acting under color of federal; pretending or purporting to perform a discretionary function; acting in the clear absence of all jurisdiction; willfully deprived Francis of her substantive or procedural due process right to be free from criminal prosecution without probable cause secured or protected Fifth Amendment, and to different punishments, pains, or penalties, **on the account** of her **race being African American**

541. On April 28, 2005, **Vinson** acting under color of Federal law; pretending or purporting to perform a discretionary function; acting in the clear absence of all jurisdiction; willfully **deprived Francis of** her right to a grand jury indictment, **due process**, and/or **equal protection** of the laws secured or protected under the Fifth Amendment on the account of Francis refusing sign a waiver of speedy trial right; on the account of Francis refusing to enter a pre-trial diversion program; **on the account of Francis race being African American**; on the account of Francis demanding a grand jury investigation to establish probable cause for the allege felonious Information (Exhibit 7) filed under simple assault in the Magistrate court

582. On May 23, 2005 in furtherance the conspiracy Harper intentionally falsifying and/or alleging over 30 times in the *Memorandum Of Law In Support Of Defendants Motion To Dismiss With Prejudice Pursuant To Violation OfThe Speedy Trial Act* that an indictment had occurred (Exhibit 16).

583. In furtherance of the conspiracy Preisser wrote an opposition to the Motion to dismiss for Capt. Yoder with the intent to conceal that active duty military US Staff Judge Advocate, Capt. Yoder was going to forcibly prosecute Francis; or with the intent to conceal Defendants actions taken in the clear absence of all jurisdictions.



584. On May 31 2005 in furtherance of the conspiracy Vinson intentionally falsified (1) that Francis was charged with forcibly assaulting, resisting, opposing, impeding and interfering with United States Air Force officer … in violation of 18 U.S.C. 111; and (2) first violation notice cites Defendant Francis with resisting arrest with violence, in violation of 18 U.S.C. 111, which is a Class A Misdemeanor knowing the language he described in his order was a felony and he did not have in his possession an violation noticed that cited Francis for 18 U.S.C. 111 or any offense against the United States (Exhibits 3 and 4 ).
594. June 6, 2005 Vinson allowed Capt. Yoder and Capt. Astle exercised a peremptory strike to remove a juror on the account of the juror's race being African American
595. Afterwards Francis **suffered** unfair **prejudices** when <u>words</u> like **nigger, that African American and they (African Americans) are not important** was **used** to **influence** the outcome of the illegal trial
602. Vinson acting under **color of Federal law**; in the <u>clear absence of all jurisdiction</u>; pretending or purporting to perform a discretionary function of the court willfully **deprived Francis** of her right not to be deprived of her liberty without **due process of law** secured or protected under the Fifth Amendment of the Constitution of the United States **on the account of Francis race being African American**
614. On June 6 2005 in furtherance of the conspiracy Capt. Yoder and Capt Astle did not argue anything that remotely suggested that Francis was in the act of committing or believe to have committed a crime against the United States. Captain Yoder and Captain Astle accused Francis of not obeying Eglin Air Force base gym policies; had active duty military members Lt. Eskridge, MSgt Sheppard and TSgt Dillon lie under oath that Francis was biting TSgt Dillon; argued that Francis should be punished because she was trying to get Eglin Air Force base in trouble by filling a congressional complaint; and **relied on racial profiling** to persuade the misdemeanor jury. Words like **"nigger"**, **"they are not important"** and **"that African American"** was used with the intent to influence the misdemeanor jury.
615. On June 7 2005 in furtherance of the conspiracy, the misdemeanor jury was given a menu-like <u>checklist</u> which included <u>forcibly assault</u>, resist, oppose, impeded, and interfere and was given pattern jury instructions for FBI agents (Exhibit 18) with the intent to misrepresent active duty enlisted service members TSgt Chad Dillon and A1C Jason Archilla as FBI agents by using sample jury instruction for FBI agents <u>with the intent to false imprison Francis for a felony</u>.

5. Plaintiff argues that Defendants' Chief District Judge Roger Vinson, Capt. Yoder, Capt. Astel, Stephen Preisser, and Robert Harper, falsified that Plaintiff received a violation notice citing her for Title 18 U.S.C. 111 and had been indicted on the record proves that Defendants' were conspiring to false imprisoned Plaintiff.

6. Plaintiff further argues that Defendants use of words like "nigger", "that African American woman" and references made to Plaintiff's race as "they are not important" clearly proves that there was a **racial** or perhaps otherwise class-based, invidiously discriminatory animus behind Defendants' Chief District Judge Roger Vinson, Capt. Yoder, Capt. Astel, Stephen Preisser, and Robert Harper actions.

Wherefore Plaintiff respectfully request that this Honorable court deny Defendants' motion to dismiss

## 3. Opposition to Defendants Argument that Plaintiff Section 1986 Claim Fails Because Plaintiff Cannot Meet the Requisite Elements

1. Plaintiff argues that Defendants contention that Plaintiff cannot meet the requisite elements of a Section 1986 claim must be denied.

2. Plaintiff argues that there is legal sufficiency to show that she is entitled relief under 42 USC 1986 against Defendants' Faulk and Estrada for refusing or neglecting to prevent Florida Defendants furtherance of their conspiracy to deprive or deny Plaintiff due process and equal protection of the law on the account of her being an African American female. As noted by Plaintiff's complaint:

### 44. Federal CAUSE OF ACTION: 42 U.S.C. 1986 (California Defendants)
727. Francis repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 726 above with the same force and effect as if herein set forth.



728. <u>Faulk and Carmen</u> had knowledge of the <u>wrongs conspired to be done and mentioned in 42 U.S.C.</u> <u>**1985(3)**</u>, 18 U.S.C. 241, or 18 U.S.C. 242 was being committed by Captain Yoder Captain Astle, Harper, Vinson and coconspirators form the US Court Florida Defendants having power to prevent **or aid** in the preventing the commission of the concerted unlawful malicious conspiracy neglected or refused to do so; therefore, Faulk and Carmen is liable to Francis for all damages caused by the wrongful acts because Faulk and Carmen by reasonable diligence could have prevented the wrongful acts (18 U.S.C. 1986).

729. On June 8, 2006, Francis went before a magistrate judge in San Francisco California. US Court Florida Defendants had requested that Francis be held until they send a US Marshal to pick Francis up. Defendants had falsified to US Attorney, Kevin Ryan that Francis already had an attorney (US Court Florida Defendant Lammers). Francis informed the court that she did not have an attorney and asked to be allowed to secure an attorney.

730. US Court Florida Defendants asked that Francis not be given adequate time to secure an attorney or prepare for a defense by demanding Francis return to court in Pensacola, Florida as early as possible. Francis was forced to pay a bond of $1500.00 in order to be released to obtain an attorney.

731. After getting released **Francis asked Faulk** if the United States Attorney Kevin Ryan had seen the case file and Faulk replied no. Francis asked Faulk if Faulk had seen the case file and Faulk said no. Faulk made a comment that it strange that Florida wanted Francis back fast. Francis informed Faulk that Florida wanted her back fast because the trial violated her constitutional rights and Florida did not want San Francisco to see the case file. Afterwards Francis left to go and pay the bond.

732. After Francis paid her bond, **Francis phoned Carmen and informed her** that she did not want to return to Florida because she feared for her life. Francis informed Carmen that Defendants had already attempted to false imprisoned Francis; every document was falsified; they had blocked her access to the courts and now they were trying to prevent her from filing a claim against them. Francis asked Carmen to ask Faulk if she would review Francis case file. After Carmen spoke with Faulk, Carmen informed Francis that Faulk would look at Francis case.

733. <u>Francis left a copy of her case file with Carmen and informed Carmen that she could make a copy</u> <u>for herself also</u>.

734. On June 12, 2006 Francis met with Faulk who was in a hurry. Faulk ask Francis to walk with her and told Francis that she had tried to speak with Florida but they were unreasonable: Preisser was out to get Francis and Easterling was impossible. Faulk said that she had heard of cases like Francis happening before but had never seen it. Francis asked for Faulk's help; Francis begged Faulk to take her before the judge that ordered Francis back to Florida because Francis feared for her life. Faulk told Francis that she did not think that Francis would be hurt. Faulk told Francis that there was nothing that the Magistrate could do because Vinson was a senior judge. Francis asked if she could be taken before a senior judge in San Francisco and Faulk said no Francis had to go back. Francis said that she had a right to file a tort claim and the district court of Florida was trying to prevent Francis from filing her claim. Faulk said I know have a claim but for now you have to go back and deal with this order.

735. When Francis returned to Florida, she discovered that US Court Florida Defendants had planned a private trial for Francis on June 22, 2006, a day when court was not in session and Francis case was the only case on the court's docket. Francis had already been threatened by Feldman that if he had his way he would put Francis in a place where no one would ever find her again. Had Francis not been able to acquire an attorney from a different district in Florida and had Francis spouse not been able to take leave in order to accompany Francis to Florida; Francis could have been potentially murdered because Defendants knew that none of them had qualified immunity.

736. Florida Defendants false imprisoned Francis in absence of: a sworn complaint, indictment; negotiated plea, arraignment, or conviction of 18 U.S.C. 111 or any offense against the United States.

737. Faulk and Carmen willfully subjected Francis to the deprivation of her rights privileges and immunities secured or protected under constitution of the united States by refusing to report the concerted unlawful conspiracy to a judge or make it known to the court; in violation of 18 U.S.C. 242 and 18 U.S.C. 4.

738. As a direct or proximate result of Faulk's refusal or neglect to prevent or aid in the preventing of the concerted unlawful and malicious conspiracy Francis loss of employment contract offer for $145,000.00; suffered damage to professional reputation; incurred legal expenses in excess of $20,000.00; was false imprisoned FCI Dublin; suffered mental anguish, psychological trauma, and severe emotional distress in

connection with the deprivation of her rights, privileges and immunities. Francis was deprived of her: right to redress her government; right to freedom of speech right; right to be free from unlawful search or seizure without probable cause (DNA taken); liberty without due process of law; right to be free from criminal prosecution without probable cause; right to grand jury indictment; right to notification of accusation against; right to an effective assistance of counsel; Fundamental right to access the courts; right to privacy; right to be free from cruel and unusual punishment; right to earn a living; and right to honest government services; right to due process and equal protection of the laws; guaranteed, secured, or protected by the First, Fourth, Fifth, Sixth, Eight, or Fourteenth Amendments of the Constitution; 42 U.S.C. §§ 1981, 1983, 1985, 1986, 18 U.S.C. 241.

739. United States Courts is liable under respondeat Superior

WHEREFORE, Francis demands judgment for neglecting to prevent the aforementioned against the defendants, jointly and severally, for actual, general, special, compensatory damages in undetermined amount not less than One Billion Dollars ($1,000,000,000.00) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

3. Plaintiff argues that Defendant's Attorney Mary McNamara statement "Even if they had, as Plaintiff urged, taken the case "before a senior judge in San Francisco[,] there is no reason to believe that it would have made any difference - the case was a routine probation violation matter arising out of proceedings in Florida, and there was no legal basis for the United States District court for the Northern District of California to assert jurisdiction over a case pending in the Florida federal in the Florida federal court." [Estrada and Faulk motion to dismiss, p, 10] is intentionally, knowingly or recklessly written with deliberate indifference and callous disregard for Plaintiff clearly established federal Fifth Amendment due process and equal protection of the laws rights and must not be permitted to influence this Honorable Court.

4. Plaintiff argues that there was nothing routine about Chief District Judge Roger Vinson and et al: utilizing the operation of the United States District Court's Notice of Proceedings On Out-Of-District Criminal Charges process to carry out their racketeering and criminal activities or malicious conspiracy to kidnap and /or murder Plaintiff; to deny/deprive Plaintiff due process and equal protection of the laws on the account of Plaintiff being African American; to retaliate against Plaintiff for notifying the Administrative office of the courts of the conspiracy to false imprison Plaintiff and the threat Defendant Feldman made on Plaintiff's life; or to prevent Plaintiff from pursuing inter alia, a FTCA, Bivens, 42 USC 1985(3), civil RICO action against Vinson and his co-conspirators.

5. Plaintiff argues that an intentional improper falsified or alleged probation violation of Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 U.S.C. 111 faxed to the United States District Court of the Northern District of California, San Francisco Division without a complaint, charged, indictment, arraignment, negotiated plea or a conviction of Resisting, Opposing, Impeding, or Interfering Certain Officers in violation 18 U.S.C. 111 constitutes: false imprisonment, a violation of her Fifth Amendment Due process and equal protection of the laws rights and Fourth Amendment right to be free from unlawful seizure or invasion or privacy.

6. Plaintiff argues that Florida Defendant, United States District Judge Roger Vinson did not faxed the falsified probation violation petition to seek justice because there were no complaint, Information or Indictment alleging that Plaintiff was believed to have been or charged with Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 U.S.C. 111 or any other offense against the United States on the record. Vinson faxed the falsified probation violation probation violation with a specific intent to prevent Plaintiff from filing a FTCA, Bivens, 42 USC 1985(3), 42 USC 1986, civil RICO or any other appropriate claim against him and his co-conspirators.

7. Plaintiff argues "The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." Hagans v Lavine 415 U. S. 533

8. "Jurisdiction can be challenged at any time." Basso v. Utah Power & Light Co. 495 F 2d 906, 910.



9. Plaintiff argues that she challenged jurisdiction of the federal court when she begged Faulk to take her before the Honorable Maria-Elena James or a United States District Judge to prove that she was neither charged or convicted of Resisting, Opposing, or Interfering with Certain Officers in violation of Title 18 United States Code 111 or any other offense against the United States.

10. "Once challenged, jurisdiction cannot be assumed, it must be proved to exist." Stuck v. Medical Examiners 94 Ca 2d 751. 211 P2d 389.

11. Plaintiff argues that Faulk could have prevented the kidnapping or murder attempt and the false imprisonment of Plaintiff if she had check for jurisdiction on the record or allowed Plaintiff to be taken before a United States District Judge in San Francisco California where Plaintiff resides.

12. Plaintiff further argues that any Federal District Judge upon reviewing the record would have known with reasonableness that Chief District Judge Roger Vinson had acted without subject matter jurisdiction; would have recognized the conspiracy to false imprisoned Plaintiff; and would not have subjected the United States of America and the United States Courts (federal government) to collateral attack for the false imprisonment of Plaintiff in FCI Dublin for ninety days.

13. Plaintiff argues that Defendants have not provided this court with any charging document reflecting that Plaintiff has ever been charged with Resisting, Opposing, Impeding or Interfering with Certain officers in violation of Title 18 United States Code Section 111 or with any offense against the United States because there is none on the record.

14. Defendants' Exhibit A which is a true copy of the alleged felony Information which was vindictively by Defendant Gregory R. Miller in the United States magistrate court under simple assault alleging:

- *That on or about December 10, 2004, in the Northern District of Florida, and within the **special maritime and territorial jurisdiction of the United States**, to wit: Eglin Air Force Base, Florida, the defendant Kaytrena J. Francis, did forcibly assault, resist, oppose, impeded, intimidate, and interfere with Technical Sergeant Chad T. Dillon and Airman First Class Jason Archilla, United States Air Force Security Forces Officers, while they were engaged in their official duties, in violation of **Title 18, United States Code, Section 111**.*

and reflecting an offense of 18 USC 111 within the special maritime which Congress has not enacted (Exhibit 32) is not proof of jurisdiction nor is it sufficient to sustain a motion to dismiss for Faulk and Estrada failure to prevent the false imprisonment of Plaintiff for Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111 in FCI Dublin.

Wherefore Plaintiff respectfully request that this Honorable court deny Defendants motion to dismiss

## 4. Opposition to Defendants Argument That Plaintiff Section 1986 Claim Fails Under Coscia V. Mckenna & Cunea

1. Plaintiff also argues that Defendants' argument that Plaintiff claim fails under Coscia V. McKenna & Cunea must be denied.

2.Plaintiff argues that Coscia v. Mckenna & Cunea has no bearing on Plaintiff civil complaint which alleges that a Federal Judge (Chief District Judge Roger Vinson) acted in the clear absence of all jurisdiction - in absence of a: (1) subject matter jurisdiction (2) complaint; (3) indictment, (4) waiver of indictment (5)arraignment, (6)negotiated plea, and (7) conviction (8) in absence of an Information alleging that the United States Charges through its or Attorney or the United States Attorney charges Plaintiff with Resisting, Opposing, Impeding, or Interfering with Certain Officers in violation of 18 USC 111 or any offense against the United States.

3. Plaintiff's argues that Plaintiff's civil complaint against Defendants' Faulk and Estrada is based on their neglect or refusal to prevent the ongoing commission of a concerted unlawful malicious conspiracy to deprived Plaintiff of inter alia her federal due process rights and equal protection of the laws; on the account of Plaintiff being African

American; in retaliation to Plaintiff notifying the Administrative office of the courts of a conspiracy to murder and false imprisoned Plaintiff were committed by Florida Defendants - Chief District Judge Roger Vinson, Capt. Yoder, Harper, Preisser, Kaufman, Murrell, Lammers and et al' after receiving an entire copy of Plaintiff case file.

4. Plaintiff argues that Defendants' argument that Plaintiff claim fails under Coscia V. McKenna & Cunea must be denied because no where in Plaintiff's civil complaint against the United States of America and et al does Plaintiff bring a malpractice claim against Defendants' David Sellers or Robert Harper and Randee Golder who Plaintiff hired as Attorneys.

5. Plaintiff also argues that Defendants' argument that Plaintiff claim fails under Coscia V. McKenna & Cunea must be denied because no where in Plaintiff's civil complaint against the United States of America and et al does Plaintiff bring a malpractice claim against Defendants Kaufman, Murrell, and Lammers whom the United States District Court of the Northern District of Florida forced on Plaintiff.

6. Plaintiff argues that Defendants' argument that Plaintiff claim fails under Coscia V. McKenna & Cunea must be denied because California Defendant Carmen Estrada is not an Attorney.

7. Plaintiff also argues that Defendants' argument that Plaintiff claim fails under Coscia V. McKenna & Cunea must be denied because no where in Plaintiff's civil complaint against the United States of America and et al does Plaintiff bring a malpractice claim against California Federal Public Defender Elizabeth Faulk who has never been Plaintiff's Attorney.

WHEREFORE Plaintiff respectfully request that this Honorable court deny Defendants motion to dismiss pursuant to 12(b)(6).

### None of Plaintiff claims are barred by Heck v. Humphrey

1. Plaintiff argues that Defendant(s) must not be permitted to used Heck v. Humphrey nor 28 U.S.C. § 2254 to obtain an improper dismissal from this Honorable court.

2. Plaintiff argues that if Defendant Chief District Judge Roger Vinson who presides over the United States District Court of the Northern District of Florida (Pensacola Division) seriously believed that Collateral Estoppel, Heck v Humphey, 512 U.S. 477 (1994), or 28 U.S.C. § 2254 barred Plaintiff's Bivens cause of action against him for his conduct which violated inter alia Plaintiffs clearly established Federal Fifth Amendment right to a grand jury indictment; or barred  his actions taken in the clear absence of all jurisdiction(s) – in absence of (1) subject matter jurisdiction; in absence of a complaint; in absence of an indictment; waiver of an indictment; in absence of an arraignment; in absence of a negotiated plea; and  in absence of a conviction of Title 18 USC § 111 – in the in the United States District court of Florida Pensacola Division which is a court enacted by the act of Congress within the meaning of **28 U.S.C. § 2255** he would not have conspired with Defendant(s) Miller, Preisser, and Wilson et al, to utilize the operation of the courts own process to kidnap or murder Plaintiff to prevent her from filing a FTCA, Bivens, civil RICO or any other appropriate claim against him, and his co-conspirators named in Plaintiffs civil complaint.

3. Plaintiff argues that States and Federal are a separation of powers.

4. Plaintiff argues that 28 U.S.C. § 2254 applies to <u>state</u> cases whereas 28 U.S.C. § **2255** applies to federal cases.

5. Plaintiff argues that because Plaintiff case was a federal case 28 U.S.C. § 2254 is inapplicable.

6. Plaintiff argues that Title **28 U.S.C. § 2255**  provides that:

> "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. "

7. Plaintiff argues that since she is no longer false imprisoned at FCI Dublin California; and is no longer in Federal custody, federal case no. 05-00027-CR-3-RV ( USA v. Kaytrena J. Francis) which was vindictively filed in the United States Magistrate court under simple assault and assigned federal case no. 3:05mj80 is now under collateral attack for inter alia, violating Plaintiff clearly established federal Fifth Amendment right to a grand jury indictment, federal due process rights; and false imprisoning her in Federal Correction Institution (FCI) Dublin California in absence of: subject matter jurisdiction; a complaint, an indictment, a waiver of an indictment, an arraignment, a negotiated plea, and a conviction for Title 18 United States Code 111 or any offense against the United States of America.

8. Plaintiff argues that any improper use of Heck v. Humphrey or 28 U.S.C. § 2254 to dismiss Plaintiff civil action for deprivation of Plaintiff's federal Fifth Amendment right to a grand jury indictment inter alia; FTCA, Bivens, and civil RICO in which a serious factual pattern or allegation of a cause of action has been made with supporting Exhibits which demonstrates and proves that United States Chief District judge Roger Vinson who presides over the United States District Court of the Northern District of Florida (Pensacola Division) et al acted in the clear absence of all jurisdiction - in absence of: subject matter jurisdiction, a sworn complaint, probable cause; a grand jury indictment; a waiver of a grand jury indictment; a negotiated plea; an arraignment; and a conviction would itself be violative of procedural due process as it would deprive Plaintiff who is a pro-se litigant of equal protection of the law visa vis a party who is represented by counsel.

9. Plaintiff respectfully requests that this honorable court deny Defendants' Elizabeth Faulk and Carmen Estrada for dismissal pursuant to Heck vs. Humphrey or 28 U.S.C. § 2254 which is inapplicable to Federal courts enacted by congress within the meaning of 28 U.S.C. § 2255

WHEREFORE, the Plaintiff prays this Honorable Court deny Individual US Courts Defendants' Estrada and Faulk motion to dismiss.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing Opposition to Dismiss was sent via U.S. Mail to

Swanson, McNamara & Haller LLP
300 Montgomery Street Suite 1100
San Francisco CA 94104

on this 4th day of August, 2008

Kaytrena J. Francis
1467 7th Ave #105
San Francisco California, 94122
kaytrenaf@yahoo.com
415 971-5049

# EXHIBITS

# 8 Crimes Committed Within the Special Maritime Jurisdiction of the United States (18 U.S.C. § § 7, 113, 114, 1111, 1112, 1201, 2031, 2111)

The "special maritime and territorial jurisdiction of the United States" has been expanded to include any place outside the jurisdiction of any nation when the offense is committed by or against a national of the United States (*see* 18 U.S.C. § 7(7)). Among the offenses within the special maritime and territorial jurisdiction of the United States are the crimes of murder, manslaughter, maiming, kidnapping, rape, assault, and robbery. Pursuant to 18 U.S.C. § 7(1) there is also jurisdiction over such offenses when they are committed on the high seas or any other waters within the admiralty and maritime jurisdiction of the United States that is out of the jurisdiction of any particular state. *See* USAM 9-20.000 *et seq.* (Maritime, Territorial and Indian Jurisdiction).

**October 1997**                                                     **Criminal Resource Manual 8**