Mary McNamara SBN 147131
Alexis Haller SBN 201210
SWANSON, McNAMARA & HALLER LLP
300 Montgomery Street, Suite 1100
San Francisco, California 94104
Telephone: (415) 477-3800
Facsimile: (415) 477- 9010

Attorneys for ELIZABETH FALK AND CARMEN ESTRADA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYTRENA J. FRANCIS,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>  Defendants. | Case No. CV 07-06125 JSW<br><br>**REPLY BRIEF OF DEFENDANTS ELIZABETH FALK AND CARMEN ESTRADA IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: September 5, 2008<br>Time: 9:00 a.m.<br>Court: Courtroom 2, Hon. Jeffrey S. White |

## I.    INTRODUCTION

Although Plaintiff's lengthy Opposition cites myriad allegations in support of FTCA claims against a phalanx of non-California defendants, the only claim relevant to this motion is Claim Number 44, the civil rights claim against Ms. Falk and Ms. Estrada (asserting a claim under 42 U.S.C. § 1986).

Unlike her FTCA claims, Plaintiff was not required to exhaust administrative remedies to pursue her civil rights claim against Ms. Falk and Ms. Estrada. Because Plaintiff implicitly concedes that any conduct by Ms. Falk and Ms. Estrada occurred more than a year before she filed her complaint, the claim against Ms. Falk and Ms. Estrada is time-barred.

As separate and independent bases for dismissal, Plaintiff's section 1986 claim fails because it does not allege the necessary element of racial discrimination in order to satisfy the jurisdictional prerequisite of section 1985(3). Plaintiff's race-based claims relate, if at all, to the conduct asserted against the Air Force defendants and Judge Vinson, but not to Ms. Falk or Ms. Estrada. In any event,

Plaintiff's allegations of a vast conspiracy against her involving everyone remotely connected to her underlying criminal prosecution (including a sitting federal district court judge) is so far-fetched that it fails the *Twombly* plausibility standard, even taking into account the latitude afforded to *pro se* pleadings. Were the Court nonetheless to suspend incredulity and consider the Complaint, Plaintiff simply cannot overcome the pleading deficit of omitting the section 1986 pre-requisites of knowledge and power to prevent the asserted violations on the part of Ms. Falk and Ms. Estrada. Finally, despite Plaintiff's attempts to recast it, the claim against Ms. Falk and Ms. Estrada remains one sounding in legal malpractice. As such, Plaintiff's claim is barred by the rule in *Coscia v. McKenna & Cuneo* for lack of exoneration of the underlying conviction.

In sum, because Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff's Complaint against Ms. Falk and Ms. Estrada must be dismissed.

## II.    ARGUMENT

### A.    Exhaustion of Administrative Remedies is not a Prerequisite to a Claim under Section 1986 and the One Year Statute of Limitations is Not Tolled

Section 1986 unequivocally provides that "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986; *see also Vitale v. Nuzzo*, 674 F. Supp. 402, 405 (D. Conn. 1986) (stating that section 1986 claim is "governed by that provision's explicit limitations period").

In her Opposition, Plaintiff does not dispute that more than one year has elapsed since the June 2006 alleged failure by Ms. Falk and Ms. Estrada to prevent the putative conspiracy against her (Opp. at page 11, ¶¶ 15, 16)), or that more than one year has elapsed since Plaintiff was released from prison at the end of the alleged case-wide conspiracy against her. *Id*., at 12, ¶ 18 (October 200**8** is a typographical error and should read October 200**6** – see **Exhibit K** to previously filed declaration of Alexis Haller ("Haller Decl.")). Rather, plaintiff asserts that, because she was required to exhaust her administrative remedies under the Federal Tort Claims Act with respect to tort claims against other defendants, she was somehow relieved of her statutory obligation to timely file any claims that she may have had under 42 U.S.C. § 1986 against Ms. Falk and Ms. Estrada. This claim is specious.

**Reply of Defendants Falk and Estrada**
**in Support of Motion to Dismiss**
*Francis v. United States*, CV 07-06125 JSW                2

"[E]xhaustion of state remedies is not a prerequisite for maintenance of a claim under the Civil Rights Act, here 42 U.S.C. §1985, when the state proceeding is neither criminal or quasi-criminal in nature nor otherwise within" the abstention doctrines of *Younger v. Harris*, 401 U.S. 37 (1971). *Christina v. Department of State of N.Y.*, 417 F.Supp.1012, 1017-18 (S.D.N.Y. 1976) (citing *McNeese v. Board of Ed.*, 373 U.S. 668, 671 (1963)); *see also*, *e.g.*, *Elmwood Properties, Inc. v. Conzelman*, 418 F.2d 1025, 1027 (7th Cir. 1969) (holding that exhaustion of state remedies was not required before bringing suit in federal court for deprivation of civil rights).

Accordingly, Plaintiff's claims against Ms. Falk and Ms. Estrada are barred by section 1986's statute of limitations. *See*, *e.g.*, *Creative Environments, Inc. v. Estabrook*, 491 F. Supp. 547, 554 (D. Mass. 1980) (stating, with regard to section 1986 claim, that "summary judgment would have to be granted for any activity occurring more than one year prior to the filing of the complaint.")

### B.   Plaintiff's Race-Based Claims Relate, if at All, to Her FTCA Claims Against the Air Force Defendants and Judge Vinson, Not Her Single, Civil Rights Claim Against Falk and Estrada

As set forth in the defense moving papers, Plaintiff has not alleged any facts suggesting that the alleged conduct by Ms. Falk and Ms. Estrada was based on "racial or class-based discrimination" as required to satisfy the section 1985(3) prerequisite requirements of a section 1986 claim.[1]  There are no references at all to class-based discrimination and, although, in the earlier claims for relief against the Air Force defendants and Judge Vinson, the Complaint sporadically ascribes racism as a motive for alleged conduct against plaintiff [2], the Complaint nowhere suggests racial animus on the part of either Ms. Falk or Ms. Estrada. Instead, in claim number 44, the Complaint names, without elaboration, such injuries as false imprisonment, threatened bodily harm, falsification of documents, denial of access to the courts, but never racial discrimination:

---

[1] *Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985); *see also Glover v. Tower*, 700 F.2d 556, 558 (9th Cir. 1983) (affirming dismissal of section 1985(3) claim against public defender where plaintiff failed to allege class-based discrimination)

[2] Complaint, ¶¶ 473, 480, 541, 595 (Air Force defendants); *id*. at ¶¶ 541, 602 (Judge Vinson, referring in identical language to unspecified conduct allegedly resulting from plaintiff's exercise of certain rights in pretrial proceedings).

**Reply of Defendants Falk and Estrada**
**in Support of Motion to Dismiss**
*Francis v. United States*, CV 07-06125 JSW           3

- Plaintiff "informed Carmen that Defendants [other than Ms. Falk and Ms. Estrada] had already attempted to false imprisoned Francis; every document was falsified; they had blocked her access to the courts and now they were trying to prevent her from filing a claim against them . . . . After Carmen spoke with Faulk, Carmen informed Francis that Faulk would look at Francis case." Complaint, ¶ 732.

- "Francis left a copy of her case file with Carmen . . . ." *Id.* at ¶ 733.

- Plaintiff "begged Faulk to take her before the judge that ordered Francis back to Florida because Francis feared for her life. Faulk told Francis that she did not think that Francis would be hurt . . . . Francis asked if she could be taken before a senior judge in San Francisco and Faulk said no Francis had to go back." *Id*. at ¶ 734.

The Complaint then contains a wholly conclusory assertion that Ms. Falk and Ms. Estrada were somehow aware of the unspecified, but presumably, racially-motivated "wrongs" done to Plaintiff by out-of-state actors not alleged to have been known to either Ms. Falk or Ms. Estrada:

> Faulk and Carmen had knowledge of the wrongs conspired to be done and mentioned in 42 U.S.C. 1985(3), 18 U.S.C. 241 or 18 U.S.C. 242 was being committed by Captain Yoder Captain Astle, Harper, Vinson and co-conspirators from the US Court Florida.

Complaint, ¶ 728. This assertion of knowledge is untethered to any facts or statements demonstrating the remotest inkling by Ms. Falk or Ms. Estrada of the existence of racial discrimination against Plaintiff, or indeed, any part of the content of "the wrongs conspired to be done" against her. Such vague and conclusory statements do not defeat a motion to dismiss. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (stating that a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.")

### C. Plaintiff's Conspiracy Theory Against Every Person Remotely Connected to her Case Falls Far Short of the *Twombly* Plausibility Standard

Even taking into account the latitude afforded to pro se pleadings,[3] Plaintiff's conspiracy theory – which claims a vast conspiracy involving a district judge, a magistrate judge, circuit judges, federal prosecutors, Air Force personnel, a court reporter, a courtroom deputy and private attorneys – is wholly implausible, and therefore fails under the *Twombly* standard. *See Twombly*, — U.S. —, 127 S. Ct. at 1974 (finding the court should grant a motion to dismiss if plaintiffs have not pleaded "enough facts to

---

[3] This latitude is not as wide as Plaintiff would have it. For example, the post-*Twombly* case of *Giarratano v. Johnson*, 521 F.3d 298, 304, n. 5 (4th Cir. 2008) noted that even *pro se* complaints require more than "labels and conclusions" to be sufficient to withstand dismissal.

**Reply of Defendants Falk and Estrada**
**in Support of Motion to Dismiss**
*Francis v. United States*, CV 07-06125 JSW                4

1   state a claim to relief that is plausible on its face")  Moreover, as set forth in the moving papers,

2   Plaintiff's conspiracy claims are based on conclusory allegations, which are wholly insufficient under

3   section 1985.  *See*, *e.g.*, *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) (mere

4   conclusory allegations insufficient under section 1985(3)); *Mintz v. Com.*, No. CIV. A. 99-CV-3543,

5   2000 WL 348576, at *2 (E.D. Pa. Mar. 30, 2000) (dismissing section 1985(3) claim where plaintiff had

6   failed "to provide any facts that support his conspiracy theory").  For this additional reason, the claim

7   against Ms. Falk and Ms. Estrada must be dismissed.

>   **D.    Plaintiff's Section 1986 Claim Fails For the Independent Reasons that Plaintiff Cannot Demonstrate Knowledge or Power to Prevent the Asserted Violations by Falk and Estrada**

10  Nothing in Plaintiff's Opposition section 1986 fills the void in the Complaint concerning the

11  "knowledge" and the "power to prevent" prongs of a section 1986 claim.[4]

12  While Plaintiff reiterates that she told Ms. Estrada about the other defendants' alleged conduct in

13  falsely imprisoning her, falsifying documents and blocking her from access to the courts (Complaint ¶

14  732; Opp. Page 15) and while she also reiterates that she told Ms. Falk that she "feared for her life" if

15  she were to be ordered back to the Florida federal court (Complaint, ¶ 734; Opp. Page 15), the claims

16  are no less improbable for the repetition.  As set forth in the moving papers, conclusory statements of

17  this sort do not create "knowledge" of the existence of an alleged vast, racially-tinged conspiracy in a

18  federal district court of the sort imagined here.

19  Similarly, the Complaint does not and cannot assert that Ms. Falk or Ms. Estrada had "power to

20  prevent or aid in preventing" the proceedings in Florida.  The judicially-noticeable documents

21  demonstrate that the Northern District of Florida Form 12 alleged that Plaintiff moved her residence in

22  violation of her conditions of probation (Haller Decl. **Exhibit E**).  Because Plaintiff was arrested in the

23  Northern District of California, there was probable cause to believe that she had moved her residence

---

[4] *Buck v. Board of Elections of City of New York*, 536 F.2d 522, 524 (2d Cir. 1976) ("Knowledge of the acts is a statutory prerequisite to suit under 42 U.S.C. s 1986."); *Brandon v. Lotter*, 976 F. Supp. 872, 876 (D. Neb. 1997) (finding that plaintiff must prove that "the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation").

**Reply of Defendants Falk and Estrada
in Support of Motion to Dismiss**
*Francis v. United States*, CV 07-06125 JSW              5

1 from the Northern District of Florida. Accordingly, the Northern District of California magistrate judge
2 was *required* to order plaintiff transferred back. FED. R. CRIM. P. 32.1(5)(A)(I) (magistrate judge
3 "must" transfer to the district that has jurisdiction, if the judge finds probable cause to believe that a
4 violation occurred). Accordingly, even had Ms. Falk and Ms. Estrada been in possession of knowledge
5 of the vast judicial, prosecutorial, law-enforcement and defense bar conspiracy against Plaintiff, they
6 lacked any legal basis to accede to Plaintiff's desire to take her "before a senior judge in San Francisco."

### E. Plaintiff's Section 1986 Claim Fails Under *Coscia v. McKenna & Cuneo*

Although Plaintiff attempts to re-cast her claim so as to remove Ms. Falk and Ms. Estrada from their roles as Plaintiff's legal representatives (Opp. pages 17-18),[5] Plaintiff's section 1986 claim remains one for malpractice in that it alleges negligence in failing to perform the duties of counsel through court proceedings with respect to Plaintiff's alleged injuries. (After Plaintiff advised Ms. Estrada of her false imprisonment allegations and Ms. Falk of her fear of death were she returned to Florida, Ms. Falk declined to bring Plaintiff before a senior district court judge and advised her that she had to return to Florida– Complaint ¶ 734). As such, the claim fails for lack of Plaintiff's exoneration by post-conviction relief. *Coscia v. McKenna & Cuneo*, 25 Cal.4th 1194, 1197 (2001) (malpractice claims barred); *accord Lynch v. Warwick*, 95 Cal.App.4th 267, 273-74 (2002) (claims related to legal malpractice claims also barred). That Ms. Estrada is not a lawyer is neither here nor there; Plaintiff pleads her as the agent of Ms. Falk (Complaint ¶¶ 732, 733 – Ms. Estrada communicates message between Plaintiff and Ms. Falk; Plaintiff leaves a copy of her file with Ms. Estrada in order that Ms. Falk can read it). *See Zahran v. Cleary Bldg. Corp.*, 2 Fed.Appx. 497, *2 (7th Cir. 2001) (finding that paralegals were "agents" of the attorney within the meaning of 28 U.S.C. § 1924)*; Giarratano v. Bass*, 596 F.Supp. 818, 819-20 (E.D.Va.1984) (holding that legal correspondence of paralegals should be given the same status as protected attorney legal correspondence because paralegals are agents of the

---

[5] Despite the judicially-noticeable record of Ms. Falk's having represented Plaintiff through the Office of the Federal Public Defender (Haller Decl., **Exhibit F**), Plaintiff goes so far as to repudiate this history: "California Federal Public Defender Elisabeth Faulk *who has never been Plaintiff's Attorney*." Opp. at page 18, ¶ 7.

**Reply of Defendants Falk and Estrada**
**in Support of Motion to Dismiss**
*Francis v. United States*, CV 07-06125 JSW        6

attorney).

## III. CONCLUSION

Based upon the defense moving papers and the foregoing reply, Plaintiff's Complaint against Ms. Faulk and Ms. Estrada must be dismissed for failure to state a claim upon which relief can be granted.

Dated: August 11, 2008                                  Respectfully Submitted,


                                                               /s/ Mary McNamara
Mary McNamara
Alexis Haller
SWANSON, McNAMARA & HALLER LLP
Attorneys for ELIZABETH FALK AND CARMEN ESTRADA

**Reply of Defendants Falk and Estrada
in Support of Motion to Dismiss**
*Francis v. United States*, CV 07-06125 JSW                  7