1  JOSEPH P. RUSSONIELLO (CBN 44332)
   United States Attorney
2
3  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
4  NEILL T. TSENG (CSBN 220348)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-7155
7      FAX: (415) 436-6927
       neill.tseng@usdoj.gov
8
   Attorneys for Federal Defendants the United States of America, the United States Air Force, the
9  United States Department of Justice, the United States Courts, the Federal Bureau of Prisons,
   and, in their official capacities, Col. Edmond Keith, Col. Dean R. Clemons, Brian Solecki, Lt.
10 Col. Vincent C. Smith, Heather A. Baker, Capt. Michael Yoder, Capt. Joanna Astle, Capt. Donna
   E. Young, 1Lt Kee-sha D. Eskridge, Msgt Edward Shepherd, Maj. Scott R. Farrar, SMSgt Vince
11 Eubanks, Msgt Henderson, Tsgt Anglin, Tsgt Chad Dillon, A1C. Jason Archilla, Gregory R.
   Miller, E. Bryan Wilson, Stephen P. Preisser, Donna K. Cato, Dominic Guadagnoli, Clyde Roger
12 Vinson, Miles Davis, W. Paul Rayborn, Jerry Marbut, Andrew Elliott, Bryan E. Jansen, Larry
   Gibbs, Donna Easterling, Michael Feldman, Joel F. Dubina, Frank M. Hull, Rosemary Barkett,
13 Susan H. Black, R. Lanier Anderson, and Tracy Broadnax

14
                           UNITED STATES DISTRICT COURT
15
                         NORTHERN DISTRICT OF CALIFORNIA
16
                               SAN FRANCISCO DIVISION
17

18 KAYTRENA J. FRANCIS,              )    No. CV 07-06125 JSW
                                     )
19     Plaintiff,                    )    OFFICIAL CAPACITY FEDERAL
                                     )    DEFENDANTS' CASE MANAGEMENT
20     v.                            )    STATEMENT
                                     )
21 UNITED STATES OF AMERICA, et al.  )    Date: September 5, 2008
                                     )    Time: 9:00 a.m.
22     Defendants.                   )    Place: Courtroom 2, 17th Floor
                                     )    Honorable Jeffrey S. White
23 ────────────────────────────────

24     Whereas the plaintiff is not represented by counsel, defendants the United States of

25 America, the United States Air Force, the United States Department of Justice, the United States

26 Courts, the Federal Bureau of Prisons, and, in their official capacities, Col. Edmond Keith, Col.

27 Dean R. Clemons, Brian Solecki, Lt. Col. Vincent C. Smith, Heather A. Baker, Capt. Michael

28 Yoder, Capt. Joanna Astle, Capt. Donna E. Young, 1Lt Kee-sha D. Eskridge, Msgt Edward

Shepherd, Maj. Scott R. Farrar, SMSgt Vince Eubanks, Msgt Henderson, Tsgt Anglin, Tsgt Chad Dillon, A1C. Jason Archilla, Gregory R. Miller, E. Bryan Wilson, Stephen P. Preisser, Donna K. Cato, Dominic Guadagnoli, Clyde Roger Vinson, Miles Davis, W. Paul Rayborn, Jerry Marbut, Andrew Elliott, Bryan E. Jansen, Larry Gibbs, Donna Easterling, Michael Feldman, Joel F. Dubina, Frank M. Hull, Rosemary Barkett, Susan H. Black, R. Lanier Anderson, and Tracy Broadnax (collectively, the ***"Offical Capacity Federal Defendants"***) hereby submit this separate Case Management Statement pursuant to Local Rule 16-9(a).

**1.     Jurisdiction and Service**

Jurisdiction over the Official Capacity Federal Defendants is asserted under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §1346(b).

As of the time of filing, it appears that the following Official Capacity Federal Defendants have not been properly served under Fed. R. Civ. P. 4(i)(1), (2): Brian Solecki, Heather A. Baker, Capt. Joanna Astle, Capt. Donna E. Young, 1Lt Keesha D. Eskridge, Msgt Edward Shepherd, Maj. Scott R. Farrar, SMSgt Vince Eubanks, Tsgt Christopher Anglin, Tsgt Chad Dillon, A1C Jason Archilla, Donna K. Cato, W. Paul Rayborn, Jerry Marbut, Andrew Elliott, Bryan E. Jansen, Larry Gibbs, Donna Easterling, and Michael Feldman.  With respect to these Official Capacity Federal Defendants, this constitutes a special appearance only for the purpose of filing the initial case management statement, and service is not waived, nor is any argument as to improper service waived.

Fed. R. Civ. P. 4(m) states in part, "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  The complaint was filed on December 4, 2007, more than 120 days ago.  All claims against all Official Capacity Federal Defendants should be dismissed with prejudice for the reasons stated in the various motions to dismiss that have been filed.  In the alternative, however, it is hereby proposed that the Court set a deadline for proper service to be effected by September 12, 2008, or else the complaint should be dismissed as to all Official Capacity Federal Defendants who have not been properly served by that date.

**2.      Facts**

Plaintiff Kaytrena Francis ("Plaintiff" or "Francis") alleges over 40 different claims against over 40 defendants, most of whom are federal employees or agencies. The 802-paragraph complaint seeking billions of dollars in damages arises out of an incident at the Eglin Air Force Base Fitness Center in Florida on December 10, 2004, involving the use of gym equipment. Francis was arrested and charged in the Northern District of Florida with (1) forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with two Air Force Security Forces Officers while they were engaged in official duties, in violation of 18 U.S.C. § 111, and (2) breaching the peace or disorderly conduct, in violation of 18 U.S.C. §§ 7, 13. Following a jury trial, Francis was found guilty of both charges on June 7, 2005. Senior United States District Judge Roger Vinson sentenced Francis to two years' probation on or around August 23, 2005.

Francis then appealed to the United States Court of Appeals for the Eleventh Circuit, asserting that the District Court failed to make sufficient findings to support a sentence enhancement for obstruction of justice and that the conditions of her probation were unconstitutional delegations of judicial authority. Francis did not appeal her underlying conviction. The Eleventh Circuit affirmed the district court on or around September 14, 2006.

While on probation, Francis committed three violations of her probation conditions. Her probation was revoked and she was sentenced to three months' imprisonment.

In this action, Plaintiff essentially challenges the validity and legality of her arrest, conviction, and sentence. Plaintiff alleges claims against the Official Capacity Federal Defendants under the FTCA for false arrest, assault, battery, abuse of process, malicious prosecution, false imprisonment, conspiracy, invasion of privacy, libel, misrepresentation/fraud/deceit, tortious interference with a contractual right, breach of fiduciary duty, and intentional infliction of emotional distress.

**3.      Legal Issues**

The legal issues facing the Official Capacity Federal Defendants are:

a.      Whether sovereign immunity bars Plaintiff's claims.

b.      Whether Plaintiff's complaint fails to state a claim.

    c.    Whether Plaintiff's claims are barred by collateral estoppel.

    d.    Whether Plaintiff's claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

    e.    Whether the Official Capacity Federal Defendants are liable for any of the claims alleged.

    f.    The nature and extent of Plaintiff's alleged damages.

**4.    Motions**

The Official Capacity Federal Defendants filed various motions to dismiss on March 10, 2008, which are set for hearing on September 5, 2008.

**5.    Amendment of Pleadings**

None anticipated.

**6.    Evidence Preservation**

The Official Capacity Federal Defendants are taking, and will continue to take, all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit. The Official Capacity Federal Defendants are not presently aware of any document destruction programs that would apply in this case.

**7.    Disclosures**

Because they expect to prevail on their motions to dismiss, and because the large number of claims and defendants in this case would require a correspondingly large number of disclosures, the Official Capacity Federal Defendants respectfully object that initial disclosures should not be required before the initial case management conference or before a ruling on the motions to dismiss.

**8.    Discovery**

Discovery has not yet commenced. At this time, the federal defendants request no departure from the discovery rules set forth in the Federal Rules of Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33 and 10-deposition limit under Rule 30. However, the scope of discovery may depend on how many and which, if any, defendants are dismissed from this case.

**9.    Class Action**

Not applicable.

**10.   Related Cases**

The Official Capacity Federal Defendants are aware of no related cases.

**11.   Relief**

The Official Capacity Federal Defendants seek no relief in this action other than dismissal and costs.

**12.   Settlement and ADR**

Given the nature of Plaintiff's claims and the large number of defendants, the Official Capacity Federal Defendants do not believe ADR is appropriate and hereby request removal of this case from the ADR program.

If this case is to remain in the ADR program, the Official Capacity Federal Defendants believe it would be more efficient for the parties not to be required to select an ADR process until after the Court has ruled on the pending motions to dismiss.

**13.   Consent to Magistrate Judge**

The Official Capacity Federal Defendants do not consent to assignment of this case to a magistrate judge.

**14.   Other References**

None at this time.

**15.   Narrowing of the Issues**

None at this time.

**16.   Expedited Schedule**

The Official Capacity Federal Defendants do not believe an expedited schedule is appropriate for this case.

**17.   Scheduling**

The Official Capacity Federal Defendants expect to prevail on their various motions to dismiss and do not believe that any scheduling is necessary or appropriate until after the Court issues decisions on those motions.

**18.   Trial**

Trial is expected to last 7-10 days, but would depend on how many and which defendants, if any, are dismissed.

**19.     Disclosure of Non-Party Interested Entities or Persons**

None known at this time.  As governmental entities and agencies, the Official Capacity Federal Defendants are exempt from the disclosure requirement of Civil Local Rule 3-16.

**20.     Other Matters**

None at this time.

Respectfully submitted,

JOSEPH P. RUSSONIELLO  
United States Attorney

DATED: August 29, 2008              /s/  
                                    NEILL T. TSENG  
                                    Assistant United States Attorney