JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6927
    neill.tseng@usdoj.gov

Attorneys for Federal Defendants, in their individual capacities, Edmond Keith, Dean R. Clemons, Brian Solecki, Vincent C. Smith, Heather A. Baker, Michael Yoder, Joanna Astle, Donna E. Young, Scott R. Farrar, Vince Eubanks, Brian Henderson, Christopher Anglin, Tsgt Chad Dillon, Gregory R. Miller, E. Bryan Wilson, Stephen P. Preisser, Donna K. Cato, Dominic Guadagnoli, Clyde Roger Vinson, Miles Davis, W. Paul Rayborn, Jerry Marbut, Andrew Elliott, Bryan E. Jansen, Larry Gibbs, Donna Easterling, Michael Feldman, Joel F. Dubina, Frank M. Hull, Rosemary Barkett, Susan H. Black, and R. Lanier Anderson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAYTRENA J. FRANCIS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>    Defendants. | No. CV 07-06125 JSW<br><br>INDIVIDUAL CAPACITY FEDERAL DEFENDANTS' CASE MANAGEMENT STATEMENT<br><br>Date: September 5, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 2, 17th Floor<br>Honorable Jeffrey S. White |

Whereas the plaintiff is not represented by counsel, defendants, in their individual capacities, Edmond Keith, Dean R. Clemons, Brian Solecki, Vincent C. Smith, Heather A. Baker, Michael Yoder, Joanna Astle, Donna E. Young, Scott R. Farrar, Vince Eubanks, Brian Henderson, Christopher Anglin, Tsgt Chad Dillon, Gregory R. Miller, E. Bryan Wilson, Stephen P. Preisser, Donna K. Cato, Dominic Guadagnoli, Clyde Roger Vinson, Miles Davis, W. Paul Rayborn, Jerry Marbut, Andrew Elliott, Bryan E. Jansen, Larry Gibbs, Donna Easterling, Michael Feldman, Joel F. Dubina, Frank M. Hull, Rosemary Barkett, Susan H. Black, and R. Lanier

Anderson (collectively, the *"Individual Capacity Federal Defendants"*) hereby submit this separate Case Management Statement pursuant to Local Rule 16-9(a).

**1.     Jurisdiction and Service**

Jurisdiction over the Individual Capacity Federal Defendants is asserted under the United States Constitution, 42 U.S.C. § 1983, 18 U.S.C. § 241, 42 U.S.C. § 1986, and 18 U.S.C. § 1962.

As of the time of filing, it appears that the following Individual Capacity Federal Defendants have not been properly served under Fed. R. Civ. P. 4(i)(3): Col Dean R. Clemons, Brian Solecki, Heather A. Baker, Capt. Joanna Astle, Capt. Donna E. Young, Maj. Scott R. Farrar, SMSgt Vince Eubanks, Tsgt Christopher Anglin, Tsgt Chad Dillon, Donna K. Cato, W. Paul Rayborn, Jerry Marbut, Andrew Elliott, Bryan E. Jansen, Larry Gibbs, Donna Easterling, Michael Feldman, and Hon. Joel F. Dubina. With respect to these Individual Capacity Federal Defendants, this constitutes a special appearance only for the purpose of filing the initial case management statement, and service is not waived, nor is any argument as to improper service waived.

Fed. R. Civ. P. 4(m) states in part, "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The complaint was filed on December 4, 2007, more than 120 days ago. All claims against all Individual Capacity Federal Defendants should be dismissed with prejudice for the reasons stated in the various motions to dismiss that have been filed. In the alternative, however, it is hereby proposed that the Court set a deadline for proper service to be effected by September 12, 2008, or else the complaint should be dismissed as to all Individual Capacity Federal Defendants who have not been properly served by that date.

Additionally, all Individual Capacity Federal Defendants aside from Hon. Clyde Roger Vinson and Jerry Marbut have contested personal jurisdiction in their various motions to dismiss. As to those Individual Capacity Federal Defendants, this constitutes a special appearance only for the purpose of filing the initial case management statement, and personal jurisdiction is not

waived, nor is any argument as to personal jurisdiction waived.[1]

**2.    Facts**

Plaintiff Kaytrena Francis ("Plaintiff" or "Francis") alleges over 40 different claims against over 40 defendants, most of whom are federal employees or agencies. The 802-paragraph complaint seeking billions of dollars in damages arises out of an incident at the Eglin Air Force Base Fitness Center in Florida on December 10, 2004, involving the use of gym equipment. Francis was arrested and charged in the Northern District of Florida with (1) forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with two Air Force Security Forces Officers while they were engaged in official duties, in violation of 18 U.S.C. § 111, and (2) breaching the peace or disorderly conduct, in violation of 18 U.S.C. §§ 7, 13. Following a jury trial, Francis was found guilty of both charges on June 7, 2005. Senior United States District Judge Roger Vinson sentenced Francis to two years' probation on or around August 23, 2005.

Francis then appealed to the United States Court of Appeals for the Eleventh Circuit, asserting that the District Court failed to make sufficient findings to support a sentence enhancement for obstruction of justice and that the conditions of her probation were unconstitutional delegations of judicial authority. Francis did not appeal her underlying conviction. The Eleventh Circuit affirmed the district court on or around September 14, 2006.

While on probation, Francis committed three violations of her probation conditions. Her probation was revoked and she was sentenced to three months' imprisonment.

In this action, Plaintiff essentially challenges the validity and legality of her arrest, conviction, and sentence. Plaintiff alleges claims against the Individual Capacity Federal Defendants under Bivens, 18 U.S.C. § 241, 42 U.S.C. § 1986, and 18 U.S.C. § 1962(c), (d).

**3.    Legal Issues**

The legal issues facing the Individual Capacity Federal Defendants are:

---

[1]    Although they do not contest personal jurisdiction at this time, Senior Judge Vinson and Marbut do not concede or consent to personal jurisdiction and do not waive their right to contest personal jurisdiction later in this suit. See Indiv. Jud. Defs.' Mot. to Dismiss at 12-13 n.4. This appearance for the purpose of filing an initial case management statement is not meant to concede or consent to personal jurisdiction or waive any personal jurisdiction argument.

INDIVIDUAL CAPACITY FEDERAL DEFENDANTS' CASE MANAGEMENT STATEMENT
CV 07-06125 JSW

a. Whether Plaintiff's claims are barred by absolute or qualified immunity.
b. Whether Plaintiff's complaint fails to state a claim.
c. Whether Plaintiff's claims are barred by collateral estoppel.
d. Whether Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).
e. Whether the Individual Capacity Federal Defendants are liable for any of the claims alleged.
f. The nature and extent of Plaintiff's alleged damages.

**4.    Motions**

The Individual Capacity Federal Defendants filed various motions to dismiss on June 23, 2008, which are set for hearing on September 5, 2008.

**5.    Amendment of Pleadings**

None anticipated.

**6.    Evidence Preservation**

The Individual Capacity Federal Defendants are taking, and will continue to take, all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit.  The Individual Capacity Federal Defendants are not presently aware of any document destruction programs that would apply in this case.

**7.    Disclosures**

Because they expect to prevail on their motions to dismiss, and because the large number of claims and defendants in this case would require a correspondingly large number of disclosures, the Individual Capacity Federal Defendants respectfully object that initial disclosures should not be required before the initial case management conference or before a ruling on the motions to dismiss.

**8.    Discovery**

Discovery has not yet commenced.  At this time, the Individual Capacity Federal Defendants request no departure from the discovery rules set forth in the Federal Rules of Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33 and 10-deposition limit under Rule 30.  However, the scope of discovery may depend on how many and

which, if any, defendants are dismissed from this case.

**9.   Class Action**

Not applicable.

**10.  Related Cases**

The Individual Capacity Federal Defendants are aware of no related cases.

**11.  Relief**

The Individual Capacity Federal Defendants seek no relief in this action other than dismissal and costs.

**12.  Settlement and ADR**

Given the nature of Plaintiff's claims and the large number of defendants, the Individual Capacity Federal Defendants do not believe ADR is appropriate and hereby request removal of this case from the ADR program.

If this case is to remain in the ADR program, the Individual Capacity Federal Defendants believe it would be more efficient for the parties not to be required to select an ADR process until after the Court has ruled on the pending motions to dismiss.

**13.  Consent to Magistrate Judge**

The Individual Capacity Federal Defendants do not consent to assignment of this case to a magistrate judge.

**14.  Other References**

None at this time.

**15.  Narrowing of the Issues**

None at this time.

**16.  Expedited Schedule**

The Individual Capacity Federal Defendants do not believe an expedited schedule is appropriate for this case.

**17.  Scheduling**

The Individual Capacity Federal Defendants expect to prevail on their various motions to dismiss and do not believe that any scheduling is necessary or appropriate until after the Court

INDIVIDUAL CAPACITY FEDERAL DEFENDANTS' CASE MANAGEMENT STATEMENT
CV 07-06125 JSW

issues decisions on those motions.

**18.    Trial**

Trial is expected to last 7-10 days, but would depend on how many and which defendants, if any, are dismissed.

**19.    Disclosure of Non-Party Interested Entities or Persons**

Because of the large number of Individual Capacity Federal Defendants, and because the Individual Capacity Federal Defendants expect to prevail on their motions to dismiss, they have not yet filed the "Certification of Interested Entities or Persons." Should any of them not be dismissed after the motions to dismiss have been adjudicated, they will file their certifications within a reasonable time.

**20.    Other Matters**

None at this time.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: August 29, 2008

/s/
NEILL T. TSENG
Assistant United States Attorney