Mary McNamara SBN 147131
Alexis Haller SBN 201210
SWANSON, McNAMARA & HALLER LLP
300 Montgomery Street, Suite 1100
San Francisco, California 94104
Telephone: (415) 477-3800
Facsimile: (415) 477- 9010

Attorneys for CHET KAUFMAN, RANDOLPH P. MURRELL, CHARLES LAMMERS, ELIZABETH FALK and CARMEN ESTRADA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYTRENA J. FRANCIS,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>   Defendants. | Case No. CV 07-06125 JSW<br><br>**DEFENDANTS CHET KAUFMAN, RANDOLPH P. MURRELL, CHARLES LAMMERS, ELIZABETH FALK AND CARMEN ESTRADA'S CASE MANAGEMENT STATEMENT**<br><br>Date: September 5, 2008<br><br>Time: 9:00 a.m.<br><br>Place: Courtroom 2, 17th Floor<br><br>Honorable Jeffrey S. White |

Because Plaintiff is not represented by counsel, defendants Chet Kaufman, Randolph P. Murrell, Charles Lammers, Elizabeth Falk and Carmen Estrada (hereinafter "FPD Defendants") hereby submit this separate Case Management Statement pursuant to Civil Local Rule 16-9(a).

**1.     Jurisdiction and Service**

Jurisdiction over the FPD Defendants is asserted under the United States Constitution, 28 U.S.C. section 1331, 28 U.S.C. section 1367(a), 18 U.S.C. section 241, and 42 U.S.C. section 1986.

The FPD Defendants were served in this matter.  However, as set forth in the motion to dismiss filed on May 27, 2008, Docket No. 61, defendants Kaufman, Murrell and Lammers claim that this Court lacks personal jurisdiction over them in this case.  The filing of this initial case management statement

should not in any manner be deemed as a waiver of those defendants' personal jurisdiction challenge.

**2.    Facts**

Plaintiff Kaytrena Francis alleges over 40 different claims against over 40 defendants, most of whom are federal employees or agencies. The 802-paragraph complaint seeks over a billion dollars in damages arising out of an incident at the Eglin Air Force Base Fitness Center in Florida on December 10, 2004, involving the use of gym equipment.

Francis was arrested and charged in the Northern District of Florida with (1) forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with two Air Force Security Forces Officers while they were engaged in official duties, in violation of 18 U.S.C. § 111, and (2) breaching the peace or disorderly conduct, in violation of 18 U.S.C. §§ 7, 13. Following a jury trial, Francis was found guilty of both charges on June 7, 2005. Senior United States District Judge Roger Vinson sentenced Francis to two years' probation on or around August 23, 2005.

Francis then appealed to the United States Court of Appeals for the Eleventh Circuit, asserting that the District Court failed to make sufficient findings to support a sentence enhancement for obstruction of justice and that the conditions of her probation were unconstitutional delegations of judicial authority. The Eleventh Circuit affirmed the district court on or around September 14, 2006. While on probation, Francis was found to have committed three violations of her probation conditions. Her probation was revoked and she was sentenced to three months' imprisonment.

In this action, Plaintiff essentially challenges the validity and legality of her arrest, conviction, and sentence.

**3.    Legal Issues**

The legal issues facing the FPD Defendants are:

a.    Whether the Court has personal jurisdiction (Kaufman, Murrell and Lammers only);

b.    Whether Plaintiff's Complaint fails to state a claim;

c.    Whether Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994);

d.    Whether Plaintiff's claims are barred by *Coscia v. McKenna & Cuneo*, 25 Cal.4th 1194 (2001);

e.    Whether the FPD Defendants are liable for any of the claims alleged;

    f.    The nature and extent of Plaintiff's alleged damages.

**4.    Motions**

Defendants Kaufman, Murrell and Lammers filed their motion to dismiss on May 27, 2008. Defendants Falk and Estrada filed their motion to dismiss on July 17, 2008. The motions to dismiss are set for hearing on September 5, 2008.

**5.    Amendment of Pleadings**

None anticipated.

**6.    Evidence Preservation**

The FPD Defendants will take all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit. The FPD Defendants are not presently aware of any document destruction programs that would apply in this case.

**7.    Disclosures**

Because they expect to prevail on their motions to dismiss, and because the large number of claims and defendants in this case would require a correspondingly large number of disclosures, the FPD Defendants respectfully object that initial disclosures should not be required before the initial case management conference or before a ruling on the motions to dismiss.

**8.    Discovery**

Discovery has not yet commenced. At this time, the FPD Defendants request no departure from the discovery rules set forth in the Federal Rules of Civil Procedure and Civil Local Rules. However, the scope of discovery may depend on how many and which, if any, defendants are dismissed from this case.

**9.    Class Action**

Not applicable.

**10.    Related Cases**

The FPD Defendants are aware of no related cases.

**11.    Relief**

The FPD Defendants seek no relief in this action other than dismissal and costs.

**12.    Settlement and ADR**

Given the nature of Plaintiff's claims and the large number of defendants, the FPD Defendants do not believe ADR is appropriate and hereby request removal of this case from the ADR program.

If this case is to remain in the ADR program, the FPD Defendants believe it would be more efficient for the parties not to be required to select an ADR process until after the Court has ruled on the pending motions to dismiss.

**13.  Consent to Magistrate Judge**

The FPD Defendants do not consent to assignment of this case to a magistrate judge.

**14.  Other References**

None at this time.

**15.  Narrowing of the Issues**

None at this time.

**16.  Expedited Schedule**

The FPD Defendants do not believe that an expedited schedule is appropriate for this case.

**17.  Scheduling**

The FPD Defendants expect to prevail on their motions to dismiss and do not believe that any scheduling is necessary or appropriate until after the Court issues decisions on those motions.

**18.  Trial**

Trial is expected to last 7-10 days, but would depend on how many and which defendants, if any, are dismissed.

**19.  Disclosure of Non-Party Interested Entities or Persons**

Because the FPD Defendants expect to prevail on their motions to dismiss, they have not yet filed the "Certification of Interested Entities or Persons."  Should any of them not be dismissed after the motions to dismiss have been adjudicated, they will file their certifications within a reasonable time.

\\\
\\\
\\\
\\\
\\\

**20.    Other Matters**

None at this time.

Dated: August 29, 2008                                Respectfully Submitted,


           /s/ Mary McNamara
Mary McNamara
Alexis Haller
SWANSON, McNAMARA & HALLER LLP
Attorneys for Chet Kaufman, Randolph P. Murrell, Charles Lammers, Elizabeth Falk and Carmen Estrada