ROBERT AUGUSTUS HARPER
Harper & Harper Law Firm, P.A.
325 West Park Avenue
Tallahassee, Florida  32301-1413
(850) 224-5900/fax (850) 224-9800
FL Bar No. 127600/GA Bar No. 328360
Harperlaw@harperlawfirm.com
*Pro se*

IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KAYTRENA J. FRANCIS,<br><br>     Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA, et al<br><br>     Defendant. | Case No.  CV 07 6125-JSW<br><br>**CASE MANAGEMENT STATEMENT**<br>(By Individual Defendant Harper)<br> Date:   05 September 2008<br> Time:   9:00 a.m.<br> Place:  Courtroom 2, 17th Floor<br> Honorable Jeffrey S. White |
|---|---|

Because Plaintiff is not represented by counsel, Defendant Robert Augustus Harper hereby submits this separate Case Management Statement pursuant to Civil Local Rule 16-9(a).

**1.     Jurisdiction and Service**

Jurisdiction over the Defendant is asserted under the United States Constitution, 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), 18 U.S.C. § 241, and 42 U.S.C. § 1986.

The Defendant was served in this matter.  However, as set forth in the motion to dismiss filed on 08 February 2008, Docket No. 13, Defendant claims that this Court lacks personal jurisdiction over him in this case.  The filing of this initial case management statement should not in any manner be deemed as a waiver of the Defendant's personal jurisdiction challenge.

2.	**Facts**

Plaintiff Kaytrena Francis alleges over 40 different claims against over 40 defendants, most of whom are federal employees or agencies. The 802-paragraph complaint seeks over a billion dollars in damages arising out of an incident at the Eglin Air Force Base Fitness Center in Florida on 10 December 2004, involving the use of gym equipment.

Francis was arrested and charged in the Northern District of Florida with (1) forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with two Air Force Security Forces Officers while they were engaged in official duties, in violation of 18 U.S.C. § 111, and (2) breaching the peace or disorderly conduct, in violation of 18 U.S.C. §§ 7, 13. Following a jury trial, Francis was found guilty of both charges on 07 June 2005. Senior United States District Judge Roger Vinson sentenced Francis to two years' probation on or around 23 August 2005.

Francis then appealed to the United States Court of Appeals for the Eleventh Circuit, asserting that the District Court failed to make sufficient findings to support a sentence enhancement for obstruction of justice and that the conditions of her probation were unconstitutional delegations of judicial authority. The Eleventh Circuit affirmed the district court on or around 14 September 2006. While on probation, Francis was found to have committed three violations of her probation conditions. Her probation was revoked and she was sentenced to three months' imprisonment.

In this action, Plaintiff essentially challenges the validity and legality of her arrest, conviction, and sentence.

3.	**Legal Issues**

The legal issues facing Defendant are:

a.	Whether the Court has subject matter jurisdiction in that it is alleged , the Complaint

fails to state a cause of action cognizable in federal court;

    b.    Whether Plaintiff has lawfully invoked the jurisdiction of the Court over the Defendant;

    c.    Whether proper venue lies in the Northern District of California where all allegations in the complaint assert actions and activities in the Northern District of Florida;

    d.    Whether the complaint states a cause of action upon which relief may be granted under federal law;

    e.    Whether the Defendant is liable for any of the claims alleged;

    f.    The nature and extent of Plaintiff's alleged damages.

**4.    Motions**

Defendant filed his motion to dismiss on 08 February 2008. The motion to dismiss is set for hearing on 05 September 2008.

**5.    Amendment of Pleadings**

Defendant would request leave to adopt those motions filed by other defendants upon which the undersigned has standing, the granting or denial of which would inure to Defendant.

**6.    Evidence Preservation**

Defendant will take all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit. The Defendant is not presently aware of any document destruction programs that would apply in this case.

**7.    Disclosures**

Because Defendant expects to prevail on his motion to dismiss, and because the large number of claims and defendants in this case would require a correspondingly large number of disclosures,

the Defendant respectfully objects that initial disclosures should not be required before the initial case management conference or before a ruling on the motion to dismiss.

**8.     Discovery**

Discovery has not yet commenced. At this time, the Defendant request no departure from the discovery rules set forth in the Federal Rules of Civil Procedure and Civil Local Rules. However, the scope of discovery may depend on how many and which, if any, defendant are dismissed from this case.

**9.     Class Action**

Not applicable.

**10.    Related Cases**

The Defendant is aware of no related cases.

**11.    Relief**

The Defendant seeks no relief in this action other than dismissal and costs.

**12.    Settlement and ADR**

Given the nature of Plaintiff's claims and the large number of defendants, the Defendant does not believe ADR is appropriate and hereby request removal of this case from the ADR program.

If this case is to remain in the ADR program, the Defendant believes it would be more efficient for the parties not to be required to select an ADR process until after the Court has ruled on the pending motion to dismiss.

**13.    Consent to Magistrate Judge**

The Defendant does consent to assignment of this case to a magistrate judge.

**14.    Other References**

None at this time.

**15.    Narrowing of the Issues**

None at this time.

**16.    Expedited Schedule**

The Defendant does not believe that an expedited schedule is appropriate for this case.

**17.    Scheduling**

The Defendant expects to prevail on his motion to dismiss and does not believe that any scheduling is necessary or appropriate until after the Court issues decisions on the motion.

**18.    Trial**

Trial is expected to last 7-10 days, but would depend on how many and which defendants, if any, are dismissed.

**19.    Disclosure of Non-Party Interested Entities or Persons**

Because the Defendant expects to prevail on his motion to dismiss, he has not yet filed the "Certification of Interested Entities or Persons."  Should any of them not be dismissed after the motion to dismiss has been adjudicated, he will file the certifications within a reasonable time.

**20.    Other Matters**

None at this time.

Dated: 04 September 2008.

                                                      Respectfully submitted,

                                             */s/ Robert Augustus Harper*
                                             ROBERT AUGUSTUS HARPER
                                             Harper & Harper Law Firm, P.A.
                                             325 West Park Avenue
                                             Tallahassee, Florida  32301-1413
                                             (850) 224-5900/fax (850) 224-9800
                                             FL Bar No. 127600/GA Bar No. 328360
                                             Harperlaw@harperlawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY a true and correct copy of the foregoing instrument has been furnished to:

Kaytrena J. Francis
1467 7th Avenue #105
San Francisco, CA 94122

by ~~hand~~/mail delivery this 5th day of September, 2008.

Respectfully submitted,


 /s/ Robert Augustus Harper
ROBERT AUGUSTUS HARPER
Harper & Harper Law Firm, P.A.
325 West Park Avenue
Tallahassee, Florida  32301-1413
(850) 224-5900/fax (850) 224-9800
FL Bar No. 127600/GA Bar No. 328360
Harperlaw@harperlawfirm.com
