**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYTRENA J. FRANCIS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>Defendants.<br>_____/ | No. 07-6125 JSW<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>**(Docket Nos. 13, 16, 18, 22, 25, 26, 61, 77, 83, 87, and 103)** |

**INTRODUCTION**

Now before the Court for consideration are the motions to dismiss filed by: **(1)** Robert Augustus Harper ("Harper") (Docket No. 13); **(2)** David Lee Sellers ("Sellers") (Docket No. 16); **(3)** Randee Golder ("Golder") (Docket No. 18)[1]; **(4)** the Bureau of Prisons ("BOP") and Tracey Broadnax ("Broadnax"), in her official and individual capacity (Docket Nos. 22, 77); **(5)** the United States Department of Justice ("DOJ"), Gregory R. Miller ("Miller"), E. Bryan Wilson ("Wilson"), and Stephen P. Preisser ("Preisser"), in their official and individual capacities (Docket Nos. 25, 83); **(6)** Dominic Guadagnoli ("Guadagnoli") and Donna Cato ("Cato"), in their official and individual capacities (Docket Nos. 26, 87); **(7)** Chet Kaufman ("Kaufman"), Randolph P. Murrell ("Murrell"), and Charles Lammers ("Lammers") (Docket No. 61); and **(8)** Elizabeth Falk ("Falk") and Carmen Estrada ("Estrada") (Docket No. 103).

---

[1] Plaintiff has named fifty defendants in this case. Those Defendants have filed, in total, sixteen (16) motions to dismiss. The motions not addressed in this order remain under submission. Defendant Golder filed a motion to adopt the arguments of her co-defendants. (Docket No. 34.) To the extent those arguments are applicable or could impact the claims against Golder, that motion is GRANTED.

Having considered the parties' papers, relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court HEREBY GRANTS each of the above named Defendant's motions and DISMISSES all claims asserted against them, without leave to amend.

## BACKGROUND[2]

On December 10, 2004, Plaintiff Kaytrena J. Francis ("Francis") "went to Elgin Air Force base gym to work out." (Compl. ¶ 62.) While she was working out, Francis alleges that she was harassed by Defendant Young. (*Id.* ¶ 63.) Francis alleges that, shortly thereafter, Defendant Eskridge approached her and told Francis that Young had complained about her. Francis disputed the veracity of the complaint and alleges that she asked Eskridge to call the Security Forces so that she (Francis) could lodge a complaint with them about the treatment she had received. (*Id.* ¶¶ 66-73.) Francis claims that Eskridge falsely told the security forces "that she [Eskridge] had a belligerent gym patron that was refusing to leave the gym." (*Id.* ¶ 74.)

Defendants Archilla, Dillon and Sheppard arrived on scene. Francis alleges that they disputed her right to be on the base and that they assaulted her, while Sheppard and Eskridge watched. (*Id.* ¶¶ 75-88.) According to the statement of probable cause attached to her Complaint, the officers claim that while they attempted to apprehend Francis, she "resisted, swung at my partner and attempted to bite my hand." (*Id.*, Ex. 2.) Francis alleges that she "was going to file a congressional complaint against Elgin Air Force [B]ase for refusing to allow her to file a complaint against ... Dillon." According to Francis, Dillon retaliated against her by issuing two violation notices to Francis, which cited her for Disorderly Conduct and Breach of the Peace and for Resist Arrest With Violence, pursuant to FSS §§ 877.03 and 843.03, respectively. (*Id.* ¶¶ 95, 102, Ex. 3.) Thereafter, Francis received a Notice to Appear directing her to appear at the United States District Court for the Northern District of Florida on March 16, 2005. (*Id.*, Ex. 4.)

---

[2] The following is a summary of the events giving rise to the instant dispute, which are set forth in the 69 page, 802 paragraph Complaint. The Court shall refer to additional facts as necessary in the remainder of this Order.

2

On March 11, 2005, Miller filed an information against Francis, in which she was charged with one count of forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with Defendants Dillon and Archilla, while they were engaged in their official duties, in violation of 18 U.S.C. § 111 and with one count of engaging in conduct that constituted a breach of the peace or disorderly conduct, in violation of Florida Statute § 877.03 and 18 U.S.C. §§ 7, 13. (*Id.*, Ex. 7.) Sellers initially represented Francis during these proceedings. (*Id.* ¶¶ 111-16, 119-22.) Francis was not satisfied with Seller's services and retained Harper, who represented her through trial. (*Id.* ¶¶ 122-29, 132-38, 143, 155, Ex. 24.)

A jury found Francis guilty on Count One of the information, on the basis that she resisted, opposed, impeded and interfered with the officers. The jury also found her guilty on Count Two. (*See* Compl. ¶ 139, Ex. 25 (Docket Sheet, Entry 29); *see also* Docket No. 62 (Declaration of Alexis Haller ("Haller Decl.") ¶ 3, Ex. B (Jury Verdict).)[3] Francis was sentenced by Judge Vinson to two years probation on August 23, 2005. (Compl., Ex. 22.)

After sentencing, Francis filed an appeal and moved to terminate Harper on grounds of professional misconduct. Harper also filed motions to withdraw as counsel with the District Court and the Court of Appeals. (*See* Compl., Exs. 24, 26, 27.) The Eleventh Circuit granted Harper's and Francis' motions on December 5, 2005, but appointed Francis new counsel. (*Id.*, Ex. 32.) Kaufman is a Federal Public Defender in the Northern District of Florida, who was appointed to represent Francis on appeal. (*See* Docket No. 62 (Haller Decl., Ex. E (Docket Report in *United States v. Francis*, 05-CR-00027-RV, Docket Entry 83).) It also appears from the record that Preisser represented the United States on the appeal, and that Wilson was served

---

[3] The various declarations filed by the Defendants in this case in connection with the pending motions, and the court documents submitted as exhibits to those declarations, are matters of which this Court can take judicial notice. *See Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 244 (9th Cir. 1992) (courts "'may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue'") (quoting *St. Louis Baptist Temple, Inc. v. FDIC,* 605 F.2d 1169, 1172 (10th Cir. 1979)).

3

with copies of orders issued by the Eleventh Circuit.[4]  (*See, e.g.,* Compl. ¶¶ 31-32, Exs. 34, 45; Docket No. 76 (Opp. Br., Ex. 17 (Govt. Motion to Dismiss Appeal).)

According to the record, Francis did not challenge the underlying conviction.  Rather, the issues raised on appeal related to her sentence and conditions of probation.  The United States Court of Appeals for the Eleventh Circuit affirmed the sentence on September 14, 2006. (*See* Docket No. 29 (Declaration of Neill T. Tseng in Support of Federal Defendants' Motion to Dismiss ("Tseng Decl.") ¶ 4, Ex. C).)

Following her conviction, Francis alleges that various Defendants falsely claimed that she violated the conditions of her probation.  (*See, e.g.,* Compl. ¶¶ 161-168, Exs. 30-31.)  In November 2005, Lammers was appointed to represent Francis in connection with probation revocation proceedings.  (Docket 62 (Haller Decl., Ex. E (Docket Entries 68-78).)  In January 2006, Francis moved from Florida to San Francisco, where she currently resides.  (Compl. ¶ 179.)  After she relocated, a petition for an arrest warrant was issued based on alleged additional violations of conditions of her probation, which resulted in the instigation of court proceedings in the Northern District of California, as well as further proceedings in Florida. (*See* Compl., Ex. 42.)  Falk represented Francis during the proceedings in the Northern District of California.  (Docket No. 104 (Haller Decl., Ex. F).)  Estrada is, according to the Defendants, Falk's assistant.  (Docket 103 (Mot. at 3:11-12).)  Golder represented Francis during the proceedings in Florida.  (Compl., ¶¶ 402-403, 684-689.)

Judge Vinson revoked Francis's probation and sentenced her to 90 days imprisonment. Francis was designated to FCI Dublin.  (*Id.* ¶¶ 189-91; Docket No. 23 (Declaration of Caxia Santos ("Santos Decl."), ¶ 3.)  Thereafter, Cato sent Francis a letter dated July 19, 2006, in which she advised Francis that Francis had been designated to FCI Dublin and directed her to surrender by no later than July 31, 2006.  (*See* Docket 76 (Opp. Br., Ex. 20).)  Francis was released from custody in October 2006.  (Docket No. 23 (Santos Decl., ¶ 3).)

---

[4]  According to the motion submitted by Miller, Preisser and Wilson, Wilson is the Civil/Appellate Chief in the Northern District of Florida.  (*See* Docket 83 (Mot. at 3:8-9).)

4

On December 4, 2007, Francis filed the Complaint in this matter. The gravamen of her Complaint is that the Defendants initially filed false charges against her in retaliation for her filing a Congressional complaint about the December 10, 2004 incident and that, thereafter, they have engaged in a conspiracy to violate any number of her constitutional rights to prevent her from filing claims against them. Francis also asserts a number of tort claims, pursuant to the Federal Tort Claims Act ("FTCA"). (*See generally* Compl. ¶¶ 62-802.) In addition to monetary damages, Francis seeks to void all judgments issued as a result of the criminal trial and the subsequent appellate proceedings and seeks to have her arrest records expunged. (*Id.* at ¶¶ 69-70.)

## ANALYSIS

The Defendants move to dismiss Francis's claims on a number of grounds including, but not limited to, lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim.[5]

**A.    Applicable Legal Standards.**

    **1.    Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1).**

When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Federal courts can only adjudicate cases authorized by the Constitution or Congress. *Kokkenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Such cases include those where diversity of citizenship exists, a federal question is at issue, or the United States is a party. *Id.*

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A

---

[5] Because the Court concludes that there are other meritorious reasons for dismissing the claims against the Defendants covered in this motion, he Court does not decide the motions on the basis of venue or of insufficient service of process. However, the Court notes that it does not appear that Francis properly effected service on many of the Defendants within the time frame required by Federal Rule of Civil Procedure 4(m). (*See, e.g.,* Docket Nos. 121-123.)

facial attack on the jurisdiction occurs when factual allegations of the complaint are taken as true. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). The plaintiff is then entitled to have those facts construed in the light most favorable to him or her. *Id.* A factual attack on subject matter jurisdiction occurs when defendants challenge the actual lack of jurisdiction with affidavits or other evidence. *Thornhill*, 594 F.2d at 733. In a factual attack, plaintiff is not entitled to any presumptions or truthfulness with respect to the allegations in the complaint, and instead must present evidence to establish subject matter jurisdiction. *Id.*

**2.   Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2).**

Francis bears the burden of establishing personal jurisdiction over each of the Defendants. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the facts are not directly controverted, a court takes the plaintiff's version of the facts as true. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Likewise, "'conflicts between the facts contained in the parties' affidavits must be resolved in [Francis's] favor for purposes of deciding whether a *prima facie* case for personal jurisdiction exists.'" *Id.* (quoting *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)).

**3.   Motion to Dismiss for Failure to State A Claim Under Rule 12(b)(6).**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

While, as a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion," the Court may consider documents attached to the complaint, documents relied upon but not attached to the complaint when the authenticity of

6

1  those documents is not questioned, and other matters of which the Court can take judicial
2  notice. *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds,*
3  *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted); *see also*
4  *Hal Roach Studios, Inc. v. Richmond & Feiner Co., Inc.*, 806 F.2d 1542, 1555 n.19 (9th Cir.
5  1989).

**B.     The Motions filed by Harper, Sellers and Golder Are Granted.**

Harper, Sellers and Golder each move to dismiss the claims against them on the basis that they are not subject to personal jurisdiction. As noted, Francis bears the burden of establishing that the Court has general or specific jurisdiction over the Defendants.[6]

Specific jurisdiction over a defendant exists where: (1) the non-resident defendant has purposefully directed his or her activities at the forum state or at residents of the forum state or has performed an act by which he or she purposefully avails himself or herself of the privilege of conducting activities in the forum; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Schwarzenegger*, 374 F.3d at 802 (internal citation omitted). "On the other hand, if the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Menken*, 503 F.3d at 1057 (quoting *Schwarzenegger*, 374 F.3d at 802, in turn quoting *Burger King*, 417 U.S. at 476-78) (internal quotations omitted).

The Ninth Circuit has noted that purposeful availment, "[d]espite its label... includes both purposeful availment *and* purposeful direction. It may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at

---

[6] Francis has not alleged any facts in her Complaint and has not submitted any evidence to establish general jurisdiction over any of the Defendants, which would require a showing of "substantial" or "continuous and systematic" contacts with California. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

7

1  the forum; or by some combination thereof." *Yahoo! Inc. v. La Ligue Contre Le Racisme et
2  l'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). In *Yahoo!*, the Ninth Circuit also noted
3  that, generally, it has treated the issue of purposeful availment differently in contract and tort
4  cases. *Id.*

5  In tort cases, a court "typically inquire[s] whether a defendant 'purposefully direct[s] his
6  activities' at the forum state, applying an 'effects' test that focuses on the forum in which the
7  defendant's actions were felt, whether or not the actions themselves occurred within the forum."
8  *Id*. (citing *Schwarzenegger*, 374 F.3d at 803). Under that "effects" test, a defendant
9  purposefully directs his or her activity at a forum state where: (1) he or she commits an
10 intentional act; (2) the act is expressly aimed at the forum state; and (3) the act causes harm that
11 the defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at
12 803 (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)); *cf. Bancroft & Masters*, 233 F.3d at
13 1087 (framing last issue as the act causes harm "the brunt of which is suffered and which the
14 defendant knows is likely to be suffered in the forum state").

15 The allegations in the Complaint, and the exhibits thereto, establish that Sellers, Harper,
16 and Golder each represented Francis in connection with court proceedings that occurred in the
17 United States District Court for the Northern District of Florida. The record also establishes
18 that they were working in Florida at that time. Harper and Sellers both assert that they do not
19 live in California, do not do business in California, and that the only connection they had with
20 Francis was the court proceedings in Florida. (*See, e.g.,* Docket No. 14 (Harper's Memorandum
21 of Points and Authorities ("MPA") in Support of Motion to Dismiss at 6:21-7:2); Docket No. 16
22 (Sellers' MPA at ¶ 2).) Francis puts forth no evidence to the contrary.

23 Based on the Complaint, Francis's opposition brief, and her arguments at the hearing, it
24 is clear that Francis relies on the effects test to establish specific jurisdiction over Harper and
25 Sellers. However, most of the allegations against Harper and Seller pertain to actions taken
26 *before* Francis moved to California. Thus, those actions were not directed at a forum resident.
27 To the extent Francis relies on the alleged conspiracy among the Defendants, the Court
28 concludes the allegations in the Complaint are insufficient to establish jurisdiction over Harper

1  and Sellers pursuant to the effects test.  Moreover, based on Francis's representations at the
2  hearing that all facts supporting the alleged conspiracy are set forth in her Complaint, the Court
3  finds that leave to amend would be futile.

4  Francis does not allege that Golder was a part of the conspiracy.  Rather, Francis
5  contends that the Court has personal jurisdiction over Golder because she did business in
6  California.  (*See* Opp. Br. at ¶¶ 14, 18-38.)  Golder is alleged to have sent a representation
7  agreement to Francis in California via email and to have communicated with Francis by
8  telephone and email, while Francis was in California.  (Compl. ¶ 684.)  The Court concludes
9  that these facts are not sufficient to establish jurisdiction over Golder.  *See, e.g., Sher v.*
10 *Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990).

11 In the *Sher* case, the court concluded that it did have jurisdiction over a Florida
12 partnership based on its representation of California residents in Florida.  The court's decision,
13 however, was based in part upon the fact that the plaintiffs executed a deed of trust and
14 promissory note on their home in favor of the law firm.  The court found that this fact, by which
15 the law firm looked to the laws of California to secure payment for its services, in conjunction
16 with other contacts were sufficient to establish jurisdiction over the firm.  By contrast, in this
17 case the only contacts Golder is alleged to have with Francis in California were incidental to her
18 representation of Francis in the Florida proceedings.  These contacts are not sufficient to
19 establish that Golder purposefully availed herself of the privilege of conducting activities within
20 California.  *See id.* at 1362.  ("Out-of-state legal representation does not establish purposeful
21 availment of the privilege of conducting activities in the forum state, where the law firm is
22 solicited in its home state and takes no affirmative action to promote business within the forum
23 state.").

24 For these reasons, the motions to dismiss filed by Harper, Sellers and Golder are
25 GRANTED, without leave to amend.
26 //
27 //
28 //

9

**C.  The Motions Filed By the BOP and Broadnax Are Granted.**

   **1.  The claims against the BOP and Broadnax, in her official capacity, are untimely.**

The United States is "immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Assuming compliance with other relevant statutes, the federal government has consented to be sued for the torts of its employees if the 'action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.'" *Berti v. V.A. Hosp.*, 860 F.2d 338, 339 (9th Cir. 1988) (quoting 28 U.S.C. § 2401(b)). "This requirement for the time of filing the action is jurisdictional and subject neither to estoppel principles nor to equitable considerations." *Id.*

The BOP denied Francis's administrative claim by letter on April 6, 2007, which was received on April 10, 2007. (*See* Docket 23 (Santos Decl., ¶ 4 & Ex. A).) Pursuant to section 2401(b), to be timely, Francis was required to file a complaint against the BOP by no later than October 10, 2007. She did not file her Complaint in this case until December 4, 2007. Therefore, the Court lacks jurisdiction over the claims against the BOP and against Broadnax, in her official capacity.

   **2.  The claims against Broadnax, in her individual capacity, are barred by *Heck v. Humphrey*.**

Francis also asserts claims against Broadnax in her individual capacity. Francis alleges that Broadnax worked for the BOP in Orlando, Florida, and "joined the conspiracy" in July 2006 when she "intentionally, willfully, maliciously, and falsified that Francis was in jail on December 10, 2004; had a past history of violence ... ; was being designated to FCI Dublin for assaulting a Navy Officer, and falsified that Francis was in transit with the intent to make it appear that Francis was in custody as a fugitive." (*See* Compl. ¶¶ 57, 191.) In her opposition to Broadnax's motion, Francis also asserts that Broadnax "use[d] the operation of the [BOP]

10

designation process to falsely imprisoned [*sic*] Plaintiff in FCI Dublin, California," knowing that her conviction was invalid. (*See* Docket No. 102 (Opp. Br. at 11).)

In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 477, 486-87 (1994). The principle enunciated in *Heck* has been applied to claims brought pursuant to the FTCA if, in order to prevail, a plaintiff would have to prove the invalidity of the underlying conviction. *See Erlin v. United States*, 364 F.3d 1127, 1132 (9th Cir. 2004); *Parris v. United States*, 45 F.3d 383, 384-85 (10th Cir. 1995) (granting summary judgment for defendant where plaintiff's claim, although "couched in terms of negligence," actually sought review of basis for his conviction).

Although Francis, like the plaintiff in *Parris,* has crafted her claims to allege a number of torts, in order to prove her claims against Broadnax, Francis would be required to prove the invalidity of the underlying conviction.[7] That conviction has not been reversed or otherwise called into question. *Heck*, 512 U.S. at 486-87. Accordingly, the Court concludes that all claims against Broadnax in her individual capacity must be dismissed. The Court also concludes that amendment would, in this case, be a futile act.

For these reasons, the motions to dismiss filed by the BOP and Broadnax are GRANTED, without leave to amend.

//
//
//
//

---

[7] A recurring theme in the Complaint and in Francis's opposition briefs to the pending motions to dismiss is that she was convicted of a felony offense without having been indicted by a grand jury. However, a violation of 18 U.S.C. § 111 premised upon simple assault is a misdemeanor offense. *See Boyd v. United States*, 214 F.3d 1052, 1055 (9th Cir. 2000); 18 U.S.C. § 111(a)(1); 18 U.S.C. § 3559(a)(6).

11

**D.  The Motions Filed by the DOJ, Miller, Wilson and Preisser Are Granted.**

**1.  The claims against the DOJ, Miller, Wilson and Preisser, in their official capacity, are dismissed, without leave to amend.**

To the best of the Court's understanding of the Complaint, Francis asserts the following claims for relief against Miller, Wilson, and Preisser: **(1)** Abuse of Process (Claim 4 - Miller and Preisser); **(2)** Malicious Prosecution (Claim 7 - Miller and Preisser); **(3)** False Arrest or Imprisonment (Claim 11 - Preisser); **(4)** False Imprisonment (Claim 12 - Preisser); **(5)** Conspiracy (Claim 13 - Miller and Preisser); **(6)** Claim 14 (Invasion of Privacy - referring generally to all Defendants); **(7)** Claim 15 (Libel - referring generally to all Defendants); **(8)** Misrepresentation, Fraud or Deceit (Claim 16 - referring generally to all Defendants except California Defendants); **(9)** Tortious Interference With Contractual Right (Claim 17 - referring generally to all Defendants); **(10)** Breach of Fiduciary Duty (Claim 18 - referring generally to all Federal Employees); and **(11)** Intentional Infliction of Emotional Distress (Claim 19 - referring generally to all Defendants).[8]  In opposition to the motion, however, Francis does not refer to the libel claim, and the Court therefore presumes that she does not intend to assert this claim against these Defendants.[9]

**a.  The Court lacks jurisdiction over Claims 4, 7, 11, 12, 16 and 17.**

> The United States, as a sovereign, is immune from suit unless it has waived its immunity. ... A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim. ... "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." ... In sovereign immunity analysis, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States.

*Balser v. Dep't of Justice,* 327 F.3d 903, 907 (9th Cir. 2003) (citations omitted).

---

[8]  The DOJ is dismissed as a Defendant because it is not a juridicial entity separate from the United States, its officers or employees. *See Martinez v. Winter*, 771 F.2d 424, 442 (10th Cir.), *modified on other grounds*, 778 F.2d 553 (10th Cir. 1985), *vacated as moot*, 800 F.2d 230 (10th Cir. 1986).

[9]  If Francis did intend to assert a claim for libel against Miller, Preisser, and Wilson, the Court would dismiss the claim on the basis that it is barred either by *Heck* or by principles of collateral estoppel.  The Court, therefore, shall not grant Francis leave to amend her complaint to assert a libel claim against these Defendants.

"The FTCA grants a limited waiver of sovereign immunity by making the United States liable to the same extent as a private person for certain torts of federal employees acting within the scope of their employment." *Id.*; *see also* 28 U.S.C. §§ 1346(b)(1), 2674. The FTCA, however, does not apply to

> [a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights:
>
> *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h).[10]

To the extent Francis names Miller, Wilson and Preisser in Claims 4, 7, 11, 12, 16 and 17, those claims fall "within a statutory exception to the FTCA's waiver of sovereign immunity, [and] the [C]ourt is without subject matter jurisdiction" to hear those claims. They are therefore dismissed against these Defendants without leave to amend. *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993). The Court now proceeds to consider whether Francis can maintain Claims 13, 14, 18 and 19 against Preisser, Miller and Wilson.

### b. The conspiracy, invasion of privacy, and intentional infliction of emotional distress claims are barred by *Heck*.

Francis's claims of conspiracy, invasion of privacy, libel, and intentional infliction of emotional distress against Preisser, Miller, and Wilson are premised upon allegations that her conviction was invalid. (*See generally* Compl., ¶¶ 300-355, 407-416). For the reasons set forth

---

[10] To the extent Francis intended to assert constitutional claims against Preisser, Miller, and Wilson in their official capacities, the Court concludes leave to amend to specifically name in them in such claims would be futile. The FTCA "provides a waiver of sovereign immunity for tortious acts of an agency's employees only if such torts committed in the employ of a private person would have given rise to liability under *state* law." *Pereira v. United States Postal Serv.*, 964 F.2d 873, 876 (9th Cir. 1992). However, "[c]onstitutional torts are, by definition, founded on federal, not state law. Therefore, federal district courts have no jurisdiction over the United States where claims allege constitutional torts." *Id.*

13

above in Section C.2, although Francis has couched her claims to allege a variety of torts, in order to prevail on those claims, Francis would be required to prove the invalidity of the underlying conviction. Because that conviction has not been set aside or otherwise called into question, the claims must be dismissed. *Heck*, 512 U.S. at 486-87; *Erlin*, 364 F.3d at 1132; *Parris*, 45 F.3d at 384-85.

          **c.**      **Francis fails to state a claim for breach of fiduciary duty.**

Francis also asserts a claim against "all Federal Employees" for breach of fiduciary duty, and alleges that the Defendants defrauded her "out of her intangible property to honest government services." (Compl. ¶¶ 385-406.) However, based on the allegations in the Complaint, the Court concludes that Francis cannot establish, as a matter of law, that Preisser, Miller or Wilson stood in a fiduciary relationship with her. Accordingly, she cannot establish an essential element of this claim. The Court, therefore, dismisses this claim as well.

**2.**      **The claims against Miller, Preisser and Wilson in their individual capacity are dismissed, without leave to amend.**

Francis also asserts the following claims for relief against Miller, Preisser and Wilson in their individual capacity: **(1)** *Bivens* claims for alleged violations of various constitutional rights (Claim 23 - Miller and Preisser; Claim 38 - Preisser, Claim 40 - Preisser); **(2)** claims for violations of 18 U.S.C. § 241 (Claims 29, 33, 36, 37- Miller and Preisser, Claim 39 - Miller, Preisser and Wilson); **(3)** a claim for violation of 42 U.S.C. § 1986 (Claim 43 - Miller and Wilson); and **(4)** a Civil RICO claim (Claim 45 - Miller, Preisser).[11]

---

[11] Wilson and Miller have not moved to dismiss this claim, which may have been an oversight given the length of Francis' Complaint and given the fact that it is not always clear which Defendants she intended to name in a given action. Paragraph 720 of the Complaint, however, specifically names Miller and Wilson as Defendants in the claim for relief.

Although Wilson, Miller, and Preisser have not moved to dismiss this claim, the Court finds that it must be dismissed. If a plaintiff fails to state a claim for relief under 42 U.S.C. § 1985, a claim under Section 1986 also fails. *See Dooley v. Reiss*, 736 F.2d 1392, 1396 (9th Cir. 1984). Francis asserts claims for relief under 18 U.S.C. § 241, which does not provide for a private right of action. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Francis urges the Court to construe the claims under 18 U.S.C. § 241 as claims for relief under Section 1985. The Court has reviewed the allegations and concludes that the allegations in those claims for relief, liberally construed, do not state a claim under Section

14

1    Miller, Preisser, and Wilson move to dismiss, *inter alia*, on the basis that they are
2  absolutely immune from suit. "Prosecutors are ... entitled to absolute immunity from section
3  1983 claims." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citing *Imbler v.
4  Pachtman*, 424 U.S. 409, 427 (1976)). This immunity "applies even if it leaves 'the genuinely
5  wronged defendant without civil redress against a prosecutor whose malicious or dishonest
6  action deprives him [or her] of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427). Thus, absolute
7  immunity will apply to actions taken by a prosecutor that are "intimately associated with the
8  judicial phase of the criminal process," which includes, *inter alia*, initiating a prosecution and
9  presenting the case. *Imbler*, 424 U.S. at 430-431. The Ninth Circuit has applied absolute
10 immunity to claims involving alleged conspiracies. *Ashelman*, 792 F.2d at 1077-78 (relying, in
11 part, on *Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985)).
12   As set forth above in the Background section of this Order, Miller is alleged to have
13 filed the information upon which Francis was prosecuted and convicted. The claims against
14 Preisser pertain to actions he took while prosecuting Francis's appeal. Based on the record
15 before the Court, the only involvement Wilson appears to have had is to be served with court
16 papers in his capacity as Chief of the Civil/Appellate division. The Court has reviewed the
17 allegations in the Complaint carefully and each of the actions these Defendants are alleged to
18 have taken, including the actions supporting the alleged conspiracy, are all "intimately
19 associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430.
20 Accordingly, the Court concludes that all of the claims asserted against Preisser, Miller, and
21 Wilson in their individual capacities must be dismissed on the basis that they are absolutely
22 immune from suit.
23   For these reasons, the motions to dismiss filed by the Department of Justice, Preisser,
24 Miller and Wilson are GRANTED, without leave to amend.
25 //
26 //
27

28  1985. Moreover, based on her representations at the hearing that all of the facts in support of the alleged conspiracy are in the Complaint, the Court concludes that leave to amend would be futile.

15

//

**E.  The Motions Filed by Guadagnoli and Cato Are Granted.**

   **1.  The claims against Guadagnoli and Cato, in their official capacities, are dismissed without leave to amend.**

Although the Complaint contains general allegations against unspecified U.S. Marshals, the only specific references in the Complaint to Defendants Cato and Guadagnoli are in the section of the Complaint where Francis identifies the named Defendants.  (*Compare* Compl. ¶¶ 33-34, *with id.*, ¶¶ 183, 337, 679).  In their motion, Defendants posit that the claims that might be asserted against them are Claim 16 (Misrepresentation, Fraud or Deceit), Claim 17 (Tortious Interference With a Contractual Right), Claim 18 (Breach of Fiduciary Duty), and Claim 19 (Intentional Interference with Contractual Rights).  Defendants assert that if they are named in Claims 16 and 17, those claims must be dismissed because the United States has not waived sovereign immunity for such claims.  For the reasons set forth above in Section D.1.a., Defendants are correct.[12]  *See* 28 U.S.C. § 2680(h) *Mundy*, 983 F.2d at 952.[13]

Based on Francis's opposition brief, it appears that she also intended to assert claims against Cato and Guadagnoli, in their official capacity, in Claim 13 (Civil Conspiracy), Claim 14 (Invasion of Privacy), Claim 18 (Breach of Fiduciary Duty), and Claims 19 (Intentional Infliction of Emotional Distress).  (*See* Docket 101 (Opp. Br. at 6-10 (addressing breach of

---

[12]  Indeed, Francis does not appear to oppose Defendants' motion on that basis. (*See* Docket 101 (Opp. Br. at 6.).)  Further, to the extent Francis intended to assert constitutional claims against Cato and Guadagnoli, in their official capacities, the Court concludes leave to amend to specifically name in them in such claims would be futile.  *See Pereira*, 964 F.2d at 876.

[13]  In her opposition brief, Francis argues that "Sovereign immunity has been waived for any ... claims ... 'arising out of false imprisonment, false arrest, abuse of process, or malicious prosecution,'" because Cato and Guadagnoli are law enforcement officers. (Docket 101 (Opp. Br. at 6).)  Cato and Guadagnoli are not specifically identified in any of the false arrest, false imprisonment, abuse of process and malicious prosecution claims that Francis has asserted.  Those claims, however, all arise out of Francis' allegedly unlawful conviction.  Because that conviction has not been overturned or otherwise called into question, to the extent Francis intended to name Guadagnoli and Cato in those claims, the Court concludes that leave to amend would be futile because the claims would be barred under *Heck*.  *Heck*, 512 U.S. at 486-87; *Erlin*, 364 F.3d at 1132.

16

fiduciary duty claim in argument on subject matter jurisdiction and remaining claims in argument on response to Defendants' argument regarding failure to state a claim).)

In her opposition, Francis merely quotes paragraphs of her Complaint and does not explain how Cato and Guadagnoli participated in the events alleged therein. However, for the reasons set forth above in Section D.1.b., the Court concludes that granting Francis leave to amend would be futile, because a finding in favor of Francis on Claims 13, 14, and 19 necessarily would impugn her conviction. These claims, therefore, are barred under *Heck.* The Court also concludes that there are no facts that Francis could allege that would show these Defendants owed her a fiduciary duty. Accordingly, Claim 18 is dismissed without leave to amend as well.

### 2. The claims against Guadagnoli and Cato, in their individual capacities, are dismissed without leave to amend.

Cato and Guadagnoli also move to dismiss claims asserted against them in their individual capacity. In her Complaint, Francis alleges that Cato and Guadagnoli were working in Florida during the relevant time period. (Compl. ¶¶ 33-34.) Once again, with the exception of the letter authored by Cato, because Francis does not specifically identify Cato and Guadagnoli in any of the claims, the Court cannot glean from the Complaint how they are alleged to have harmed her.

In her opposition brief, however, Francis appears to argue that they are intended to be included in her Civil RICO Claim. Further, based on her opposition brief, it is clear to the Court that Francis relies on the effects test to establish jurisdiction over Cato and Guadagnoli. There are no specific allegations against Cato and Guadagnoli that identify how or when they joined the alleged conspiracy. Nor are there any allegations articulating how they directed their conduct at Francis in California. Accordingly, the Court concludes that the allegations in the Complaint are insufficient to establish jurisdiction over these Defendants under the effects test. The Court also concludes that the letter authored by Cato would be insufficient to establish jurisdiction over Cato pursuant to the effects test. Finally, because Francis stated at the hearing

on the motions to dismiss that all facts supporting the alleged conspiracy are set forth in the Complaint, the Court concludes that leave to amend would be futile.

For these reasons, the motions to dismiss filed by Guadagnoli and Cato are GRANTED, without leave to amend.[14]

### F. The Motion Filed by Murrell, Kaufman, and Lammers Is Granted.

As set forth above, Kaufman and Lammers are Federal Public Defenders who represented Francis during probation revocation proceedings in Florida and on her appeal to the United States Court of Appeals for the Eleventh Circuit. Murrell is the Federal Public Defender for the Northern District of Florida. (*See* Compl. ¶ 47.) Based on the Complaint, Francis's opposition brief, and her arguments at the hearing, Francis again relies on the effects test to establish specific jurisdiction over these Defendants. (*See* Docket No. 76 (Opp. Br. at 7).)

Most of the allegations against Lammers pertain to actions taken *before* Francis moved to California. Thus, those actions were not directed at a forum resident. Francis contends that Kaufman falsified documents with respect to her appeal after she had moved to California. However, that contention is based, in part, on the allegations that Kaufman responded to a motion to dismiss the appeal because Francis allegedly was a fugitive. Kaufman opposed the motion and argued that it could be determined when and if Francis was located. These allegations suggest, therefore, that Kaufman did not know where Francis was and could not have known she was a California resident. The Court concludes, therefore, that those allegations do not support a finding of personal jurisdiction under the effects test.

Francis also relies on the alleged conspiracy among the Defendants in an effort to establish jurisdiction over these Defendants under the effects test. Again, the Court concludes the allegations in the Complaint are insufficient to establish jurisdiction over Kaufman, Murrell and Lammers, pursuant to the effects test based on the alleged conspiracy. Moreover, based on

---

[14] In addition, based on the sections of Francis's opposition brief in which she addresses the Defendants' motion to dismiss the claims asserted against them in their official capacity, any claims against these Defendants would necessarily require a finding that her conviction was invalid. (*See* Docket No. 76 (Opp. Br. at 9-12).) That conviction has not been overturned or otherwise called into question and, thus, would be barred under *Heck*.

18

Francis's representations at the hearing that all facts supporting the alleged conspiracy are set forth in her Complaint, the Court finds that leave to amend would be futile.[15]

For these reasons, the motion to dismiss filed by Murrell, Lammers, and Kaufman is GRANTED, without leave to amend.

**G.     The Motion Filed by Falk and Estrada is Granted.**

Francis asserts a single cause of action against Falk and Estrada, a violation of 42 U.S.C. § 1986, which provides, in pertinent part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty or such wrongful neglect or refusal may be joined as defendants in the action. ... *But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.*

42 U.S.C. § 1986 (emphasis added); *see also Vitale v. Nuzzo*, 674 F. Supp. 402, 405 (D. Conn. 1986) (section 1986 claim is "governed by that provision's explicit limitations period").

Francis alleges that Falk and Estrada neglected to prevent the conspiracy allegedly formed by the other Defendants. According to Francis's Complaint, after she was arrested on the alleged probation violation, she spoke with Falk and Estrada and allegedly stated that she did not want to return to Florida because the court there were engaged in a conspiracy against her and she feared for life. (*See* Compl. ¶¶ 727-39.) These contacts and the court proceedings in the Northern District all took place in June 2006. Francis, however, did not file the Complaint until December 4, 2007, well over a year after Falk and Estrada are alleged to have engaged in the conduct supporting the Section 1986 claim. Thus, assuming that Francis had

---

[15] The only possible basis on which the Court conclude that it would have jurisdiction over Defendant Kaufman is pursuant to the letter he sent to Francis dated September 18, 2006, regarding her legal options, which supports her claim for intentional infliction of emotional distress. The Court concludes that, even if the Court had jurisdiction over Kaufman on that claim, the facts are insufficient, as a matter of law, to sustain a claim for intentional infliction of emotional distress. That claim would therefore be dismissed on that basis.

sufficiently alleged a claim under Section 1985, the Section 1986 claim that Francis asserts against Falk and Estrada is barred by the explicit statute of limitations period set forth that statute. Accordingly, this claim shall be dismissed without leave to amend. *See Vitale*, 674 F. Supp. at 405; *Creative Environments v. Estabrook*, 491 F. Supp. 547, 554 (D. Mass. 1980) (noting that even if claims under Section 1985 and Section 1986 had merit, court would be required to grant summary judgment on Section 1986 claims for any activity occurring more than one year prior to the filing of the complaint).

For these reasons, the motion to dismiss filed by Falk and Estrada is GRANTED, without leave to amend.

## CONCLUSION

For the foregoing reasons, the motions to dismiss filed by the Defendants set forth in the introduction to this Order are GRANTED. All claims against these Defendants are dismissed without leave to amend.[16]

**IT IS SO ORDERED.**

Dated: September 16, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[16] In his motion to dismiss, Harper asked the Court to impose sanctions on Francis pursuant to Federal Rule of Civil Procedure 11. However, Harper has not demonstrated that he has complied with Rule 11(c)(2). Accordingly, his request for sanctions is DENIED WITHOUT PREJUDICE.