United States District Court
For the Northern District of California

1
2
3
4
5

**NOT FOR CITATION**

6

IN THE UNITED STATES DISTRICT COURT

7
8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

KAYTRENA J. FRANCIS,                           No. 07-6125 JSW

10              Plaintiff,                        **ORDER GRANTING IN PART
                                                  AND DENYING IN PART**
11      v.                                        **MOTIONS TO DISMISS**

12   UNITED STATES OF AMERICA, et al.             **(Docket Nos. 24, 27, 28, 81 and 90)**

13              Defendants.
                                              /
14
15                         **INTRODUCTION**

16          Now before the Court for consideration are the motions to dismiss filed by:

17          **(1)** the United States Air Force ("USAF"), and, in their official and individual

18   capacities, Col. Edmond Keith ("Keith"), Col. Dean R. Clemons ("Clemons"), SA Brian

19   Solecki ("Solecki"), Lt. Col. Vincent C. Smith ("Smith"), Capt. Heather A. Baker ("Baker"),

20   Capt. Michael Yoder ("Yoder"), Capt. Joanna Astle ("Astle"), Capt. Donna E. Young

21   ("Young"), 1st Lt. Kee-Sha D. Eskridge ("Eskridge"), MSGT Edward Shepherd ("Shepherd"),

22   Lt. Col. Scott Farrar ("Farrar"), CMGST Vince Eubanks ("Eubanks"), MGST Brian Henderson

23   ("Henderson"), TSGT Christopher Anglin ("Anglin"), TSGT Chad Dillon ("Dillon"), and ATC

24   Jason Archilla ("Archilla") (collectively "the Air Force Defendants") (Docket Nos. 27 and 90);

25          **(2)**     the United States Courts and, in their official and individual capacities, Clyde

26   Roger Vinson ("Judge Vinson"), Miles Davis ("Magistrate Judge Davis"), W. Paul Rayborn

27   ("Rayborn"), Jerry Marbut ("Marbut"), Andrew Elliott ("Elliott"), Bryan E. Jansen ("Jansen"),

28   Larry Gibbs ("Gibbs"), Donna Easterling ("Easterling"), Michael Feldman ("Feldman"), Joel

     F. Dubina ("Judge Dubina"), Frank M. Hull ("Judge Hull"), Rosemary Barkett ("Judge

1  Barkett"), Susan H. Black ("Judge Black"), and R. Lanier Anderson ("Judge Anderson")

2  (collectively "the Judicial Defendants") (Docket Nos. 24, 81); and,

3    **(3)** the United States of America (Docket No. 28).

4    Having considered the parties' papers, relevant legal authority, the record in this case,

5  and having had the benefit of oral argument, the Court HEREBY GRANTS IN PART AND

6  DENIES IN PART the Air Force Defendants' motions to dismiss, GRANTS the Judicial

7  Defendants' motions to dismiss, and GRANTS IN PART AND DENIES IN PART the United

8  States' motion to dismiss.

9                    **BACKGROUND**[1]

10    On December 10, 2004, Plaintiff Kaytrena J. Francis ("Francis") "went to Elgin Air

11  Force base gym to work out." (Compl. ¶ 62.) While she was working out, Francis alleges that

12  she was harassed by Defendant Young. (*Id.* ¶ 63.) Francis alleges that, shortly thereafter,

13  Defendant Eskridge approached her and told Francis that Young had complained about her.

14  Francis disputed the veracity of the complaint and alleges that she asked Eskridge to call the

15  Security Forces so that she (Francis) could lodge a complaint with them about the treatment she

16  had received. (*Id.* ¶¶ 66-73.) Francis claims that Eskridge falsely told the security forces "that

17  she [Eskridge] had a belligerent gym patron that was refusing to leave the gym." (*Id.* ¶ 74.)

18    Defendants Archilla, Dillon, and Sheppard arrived on scene. Francis alleges that they

19  disputed her right to be on the base and that they assaulted her, while Sheppard and Eskridge

20  watched. (*Id.* ¶¶ 75-88.) According to the allegations in the Complaint, Henderson and Anglin

21  arrived shortly thereafter and "found Dillon sitting on Francis who was handcuffed with her

22  hands behind her back. Henderson told Dillon to get off Francis and to let her up." (*Id.* ¶ 89.)

23  Francis alleges that Henderson tried to ask her what happened and that Anglin used excessive

24  force on her by grabbing her injured arms. (*Id.* ¶¶ 90-91.)

25    According to the statement of probable cause attached to her Complaint, the officers

26  claim that while they attempted to apprehend Francis, she "resisted, swung at my partner and

27  _____

28    [1]    The following is a summary of the events giving rise to the instant dispute, which are set forth in the 69 page, 802 paragraph Complaint. The Court shall refer to additional facts as necessary in the remainder of this Order.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    attempted to bite my hand." (*Id.*, Ex. 2.)  Francis alleges that she "was going to file a

2    congressional complaint against Elgin Air Force [B]ase for refusing to allow her to file a

3    complaint against ... Dillon."[2]  According to Francis, Dillon retaliated against her by issuing two

4    violation notices, which cited her for Disorderly Conduct and Breach of the Peace and for

5    Resisting Arrest With Violence, pursuant to FSS §§ 877.03 and 843.03, respectively.  (*Id.* ¶¶ 95,

6    102, Ex. 3.)  Eubanks allegedly edited Dillon's report of the incident.  (*Id.* ¶¶ 460-61.)

7        Thereafter, Francis received a Notice to Appear directing her to appear at the United

8    States District Court for the Northern District of Florida on March 16, 2005.  (*Id.*, Ex. 4.)  On

9    March 11, 2005, Miller filed an information against Francis, in which she was charged with one

10   count of forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with

11   Defendants Dillon and Archilla, while they were engaged in their official duties, in violation of

12   18 U.S.C. § 111 and with one count of engaging in conduct that constituted a breach of the

13   peace or disorderly conduct, in violation of Florida Statute § 877.03 and 18 U.S.C. §§ 7, 13.

14   (*Id.*, Ex. 7.)  Yoder, Astle and Baker represented the Government in those proceedings.  (*See,

15   e.g, id.* ¶¶ 104-105, 116-117, Exs. 13-14, 25.)  Magistrate Judge Davis initially was assigned to

16   the case but when Francis, through her attorney requested a jury trial before a District Court

17   judge, it was assigned to Judge Vinson.  (Compl., Ex. 25 (Docket Sheet, Entries 2, 4).)

18       A jury found Francis guilty on Count One of the information, on the basis that she

19   resisted, opposed, impeded and interfered with the officers.  The jury also found her guilty on

20   Count Two.  (*See* Compl. ¶ 139, Ex. 25 (Docket Sheet, Entry 29); *see also* Docket No. 62

21   (Declaration of Alexis Haller ("Haller Decl.") ¶ 3, Ex. B (Jury Verdict).)  Jansen prepared a

22   Presentence Investigation Report.  (Compl. ¶ 142.)  Francis was sentenced by Judge Vinson to

23   two years probation on August 23, 2005.  (Compl., Ex. 22.)  After sentencing, Francis filed an

24

25   _____

26       [2]     It appears from the record that Francis did submit complaints to various
     members of Congress, and she alleges that Defendant Smith falsified responses to inquiries
27   from members of congress by falsely representing that Francis had been convicted "of
     resisting arrest with violence," and "assault." (Compl. ¶¶ 123, 141, 144, Exs. 37, 39.)  Farrar
     is alleged to have sent "a letter to Francis' active duty military spouse commander [*sic*] ...
28   concerning the congressional complaint," and allegedly told a civil rights mediator that he
     would push Francis's arrest as far as he could.  (*Id.* ¶¶ 130, 450.)

United States District Court

For the Northern District of California

1  appeal to the United States Court of Appeals for the Eleventh ("the Court of Appeals").[3] Judges

2  Dubina, Hull, Barkett, Black and Anderson are judges sitting on the Court of Appeals. (*See,*

3  *e.g.,* Compl. ¶¶ 49-53.) According to the record, Francis did not challenge the underlying

4  conviction. Rather, the issues raised on appeal related to her sentence and conditions of

5  probation. The Court of Appeals affirmed the sentence on September 14, 2006. (*See* Docket

6  No. 29 (Declaration of Neill T. Tseng ("Tseng Decl.") ¶ 4, Ex. C).)

7       Following her conviction, Francis alleges that various Defendants falsely claimed that

8  she violated the conditions of her probation. Easterling prepared a petition in November 2005,

9  setting forth the alleged probation violations. (*See, e.g.,* Compl. ¶¶ 161-168, Exs. 30-31.) On

10  November 29, 2005, Judge Vinson ordered that Francis be continued to be supervised on

11  probation, but imposed as an additional condition of probation that Francis participate in

12  "mental health and anger management counseling," and ordered a term of imprisonment of 48

13  hours. (*Id.* ¶ 165, Ex. 31.) Francis further alleges that Easterling conspired with Astle to send

14  her harassing letters to force her to obtain "unwarranted mental health treatment." (*Id.* ¶¶ 167-

15  168.) Francis alleges that Feldman threatened to imprison her if she did not accept certain

16  mental health treatment. (*Id.* ¶¶ 175-176.)[4]

17       In January 2006, Francis moved from Florida to San Francisco, where she currently

18  resides. (Compl. ¶ 179.)[5] After she relocated, a petition for an arrest warrant was issued based

19  on alleged additional violations of conditions of her probation, which resulted in the instigation

20  of court proceedings in the Northern District of California, as well as further proceedings in

21  Florida. Easterling again signed the petition for an arrest warrant. Marbut, as a deputy clerk,

22  signed the actual warrant. (*See* Compl., Ex. 42.) On June 28, 2006, Judge Vinson revoked

23

24       [3]     Rayborn, a court reporter, is alleged to be a member of the alleged conspiracy
    because he allegedly "falsified, tampered, and altered the court transcripts," by making it
25  appear as if Yoder and Astle were members of the DOJ, rather than military staff judge
    advocates. (Compl. ¶¶ 40, 159, Ex. 40.)
26

27       [4]     Elliott and Gibbs also are probation officers. (Compl. ¶¶ 41, 43.)

28       [5]     According to one of the exhibits to the Complaint, Solecki was asked to try
    and locate Francis' spouse, because U.S. Marshals in Florida were trying to locate her in
    connection with an investigation. (Compl., Ex. 45.)

4

1   Francis's probation and sentenced her to 90 days imprisonment.  Judgment was entered on June

2   29, 2006.  (*See* Docket No. 29 (Declaration of Neil T. Tseng ("Tseng Decl."), Ex. D).)

3          On December 4, 2007, Francis filed the Complaint in this matter.  The gravamen of her

4   Complaint is that the Defendants initially filed false charges against her in retaliation for her

5   filing a Congressional complaint about the December 10, 2004 incident and that, thereafter,

6   they have engaged in a conspiracy to violate any number of her constitutional rights to prevent

7   her from filing claims against them.  Francis also asserts a number of tort claims, pursuant to the

8   Federal Tort Claims Act ("FTCA").  (*See generally* Compl. ¶¶ 62-802.)  In addition to monetary

9   damages, Francis seeks to void all judgments issued as a result of the criminal trial and the

10  subsequent appellate proceedings and seeks to have her arrest records expunged.  (*Id.* ¶¶ 69-70.)

**ANALYSIS**

12         Each of Defendants named above has moved to dismiss Francis's claims on a number of

13  grounds including, but not limited to, lack of subject matter jurisdiction, lack of personal

14  jurisdiction, and failure to state a claim.[6]

15  **A.     Applicable Legal Standards.**

16          **1.     Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule
                     12(b)(1).**

18         When a defendant moves to dismiss a complaint or claim for lack of subject matter

19  jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the

20  claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

21  Federal courts can only adjudicate cases authorized by the Constitution or Congress.  *Kokkenen*

22  *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Such cases include those where

23  diversity of citizenship exists, a federal question is at issue, or the United States is a party.  *Id.*

24

25  ─────────────

26         [6]     The Air Force Defendants and the Judicial Defendants who have been sued in
       their individual capacity also raise issues with respect to service of process.  Because the
27     Court concludes that there are other meritorious reasons for dismissing the claims against the
       Defendants covered in this motion, the Court does not decide the motions on that basis.
28     However, the Court notes that it does not appear that Francis properly effected service on
       many of the Defendants within the time frame required by Federal Rule of Civil Procedure
       4(m).  (*See, e.g.,* Docket Nos. 121-123.)

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack on jurisdiction occurs when factual allegations of the complaint are taken as true. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). The plaintiff is then entitled to have those facts construed in the light most favorable to him or her. *Id.* A factual attack on subject matter jurisdiction occurs when defendants challenge the actual lack of jurisdiction with affidavits or other evidence. *Thornhill*, 594 F.2d at 733. In a factual attack, plaintiff is not entitled to any presumptions or truthfulness with respect to the allegations in the complaint, and instead must present evidence to establish subject matter jurisdiction. *Id.*

**2.      Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2).**

Francis bears the burden of establishing personal jurisdiction over each of the Defendants. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the facts are not directly controverted, a court takes the plaintiff's version of the facts as true. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Likewise, "'conflicts between the facts contained in the parties' affidavits must be resolved in [Francis's] favor for purposes of deciding whether a *prima facie* case for personal jurisdiction exists.'" *Id.* (quoting *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)).

**3.      Motion to Dismiss for Failure to State A Claim Under Rule 12(b)(6).**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

While, as a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion," the Court may consider documents attached to

6

the complaint, documents relied upon but not attached to the complaint when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice. *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted); *see also Hal Roach Studios, Inc. v. Richmond & Feiner Co., Inc.*, 806 F.2d 1542, 1555 n.19 (9th Cir. 1989). The declarations filed by the Defendants in this case in connection with the pending motions, and the court documents submitted as exhibits to those declarations, are matters of which this Court can take judicial notice. *See Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 244 (9th Cir. 1992) (courts "'may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue'") (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

**B.    The Motions filed by the Air Force Defendants Are Granted in Part and Denied in Part.**

      **1.    All claims, with the exception of Claims 2 and 3, that are asserted against the Air Force Defendants, in their official capacity, are dismissed.**

The claims against the Air Force Defendants in their official capacity are premised upon the FTCA. However, the United States is the only proper defendant in an FTCA claim. *Kennedy v. United States Postal Service*, 143 F.3d 1077, 1078 (9th Cir. 1998). Rather than parse which of the FTCA claims are asserted against the specific defendants, the Court's analysis focuses on which of the FTCA claims are viable. To the best of the Court's understanding of the Complaint, Francis asserts the following claims for relief against the Air Force Defendants: **(1)** False Arrest (Claim 1); **(2)** Assault (Claim 2); **(3)** Battery (Claim 3); **(4)** Malicious Abuse of Process (Claims 4-6, 8); **(5)** Malicious Prosecution (Claim 7); **(6)** False Imprisonment (Claims 11-12); **(7)** Conspiracy (Claim 13); **(8)** Invasion of Privacy (Claim 14); **(9)** Libel (Claim 15); **(10)** Misrepresentation, Fraud or Deceit (Claim 16); **(11)** Tortious Interference With Contractual Right (Claim 17); **(12)** Breach of Fiduciary Duty (Claim 18); and **(13)** Intentional Infliction of Emotional Distress (Claim 19).

United States District Court

For the Northern District of California

1

  **a.**  **The Court lacks jurisdiction over Claims 4, 5, 6, 8, 11, 12, 15, 16 and 17.**

2

  The United States, as a sovereign, is immune from suit unless it has waived its immunity. ... A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim. ... "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." ... In sovereign immunity analysis, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States.

3

4

5

6

7

*Balser v. Dep't of Justice,* 327 F.3d 903, 907 (9th Cir. 2003) (citations omitted).

8

  "The FTCA grants a limited waiver of sovereign immunity by making the United States

9

liable to the same extent as a private person for certain torts of federal employees acting within

10

the scope of their employment." *Id.*; *see also* 28 U.S.C. §§ 1346(b)(1), 2674. The FTCA,

11

however, does not apply to

12

  [a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights:

13

14

  *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

15

16

17

18

19

28 U.S.C. § 2680(h).[7]  Claims 1-8, 11-12, and 15-17, each fall "within a statutory exception to

20

the FTCA's waiver of sovereign immunity, [and] the [C]ourt is without subject matter

21

jurisdiction" to hear those claims, unless they have been asserted against an "investigative or

22

law enforcement officer."

23

24

    [7]  To the extent Francis intended to assert constitutional claims against any of the Air Force Defendants or the Judicial Defendants, the Court concludes leave to amend to specifically name in them in such claims would be futile.  The FTCA "provides a waiver of sovereign immunity for tortious acts of an agency's employees only if such torts committed in the employ of a private person would have given rise to liability under *state* law."  *Pereira v. United States Postal Serv.*, 964 F.2d 873, 876 (9th Cir. 1992).  However, "[c]onstitutional torts are, by definition, founded on federal, not state law.  Therefore, federal district courts have no jurisdiction over the United States where claims allege constitutional torts." *Id.*

25

26

27

28

United States District Court

For the Northern District of California

1   Francis, however, names Defendants Dillon, Archilla, Young, Eskridge, Sheppard, and

2   Farrar in Claims 1-3 and 7, and names Defendants Clemons and Solecki in claims 11 and 12.  It

3   is not evident from the record whether or not these defendants would be "law enforcement

4   officers," as defined in Section 2680(h).  Thus, the Court may have jurisdiction over those

5   claims.  The Court, however, lacks jurisdiction over Claims 4, 5, 6, 8, 15, 16, and 17, and those

6   claims shall be dismissed, to the extent they are asserted against the Air Force Defendants.  The

7   Court also finds that leave to amend these claims against the Air Force Defendants would be

8   futile and, therefore, shall not grant Francis leave to amend these claims.  *Mundy v. United*

9   *States*, 983 F.2d 950, 952 (9th Cir. 1993).

10  **b.      Claims 1, 7, 11, 12, 13, 14, and 19 are barred.**

11  Francis's claims of false arrest (Claims 1, 11), malicious prosecution (Claim 7), false

12  imprisonment (Claim 12), conspiracy (Claim 13), invasion of privacy (Claim 14), and

13  intentional infliction of emotional distress (Claim 19) are premised upon allegations that her

14  conviction was invalid.  (*See generally* Compl., ¶¶ 193-201, 246-265, 300-347, 407-416.)

15  The Supreme Court has held that:

16  in order to recover damages for allegedly unconstitutional conviction or
    imprisonment, or for other harm caused by actions whose unlawfulness
17  would render a conviction or sentence invalid, a § 1983 plaintiff must prove
    that the conviction or sentence has been reversed on direct appeal, expunged
18  by executive order, declared invalid by a state tribunal authorized to make
    such determination, or called into question by a federal court's issuance of
19  a writ of habeas corpus.

20  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  The principle enunciated in *Heck* has been

21  applied to claims brought pursuant to the FTCA if, in order to prevail, a plaintiff would have to

22  prove the invalidity of the underlying conviction.  *See Erlin v. United States*, 364 F.3d 1127,

23  1132 (9th Cir. 2004); *Parris v. United States*, 45 F.3d 383, 384-85 (10th Cir. 1995) (granting

24  summary judgment for defendant where plaintiff's claim, although "couched in terms of

25  negligence," actually sought review of basis for his conviction).

26  Although Francis, like the plaintiff in *Parris*, has crafted her claims to allege a number

27  of torts, in order to prove her claims against the named Air Force Defendants, Francis would be

28

9

required to prove the invalidity of the underlying conviction.[8]  That conviction has not been reversed or otherwise called into question.  *Heck*, 512 U.S. at 486-87.  Accordingly, the Court concludes that Claims 1, 7, 11-14, and 19 must be dismissed, to the extent they are asserted against the Air Force Defendants.  The Court also concludes that amendment would, in this case, be a futile act.

**c.      Francis fails to state a claim for breach of fiduciary duty.**

Francis also asserts a claim against "all Federal Employees" for breach of fiduciary duty, and alleges that the Defendants defrauded her "out of her intangible property to honest government services."  (Compl. ¶¶ 385-406.)  However, based on the allegations in the Complaint, the Court concludes that Francis cannot establish, as a matter of law, that any of the Air Force Defendants stood in a fiduciary relationship with her.  Accordingly, she cannot establish an essential element of this claim.  The Court also concludes that leave to amend this claim would be futile act.

**2.      The claims against the Air Force Defendants, in their individual capacities, are dismissed without leave to amend.**

Francis also asserts the following claims for relief against the Air Force Defendants in their individual capacities: **(1)** *Bivens* claims for alleged violations of various constitutional rights (Claims 21, 22, 23, 24); **(2)** claims for violations of 18 U.S.C. § 241 (Claims 29, 33, 36, 37, Claim 39); **(3)** a claim for violation of 42 U.S.C. § 1986 (Claim 43); and **(4)** a Civil RICO claim (Claim 45).[9]

---

[8]      A recurring theme in the Complaint and in Francis's opposition briefs to the pending motions to dismiss is that she was convicted of a felony offense without having been indicted by a grand jury.  However, a violation of 18 U.S.C. § 111 premised upon simple assault is a misdemeanor offense.  *See Boyd v. United States*, 214 F.3d 1052, 1055 (9th Cir. 2000); 18 U.S.C. § 111(a)(1); 18 U.S.C. § 3559(a)(6).

[9]      18 U.S.C. § 241 does not provide for a private right of action.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Francis urges the Court to construe the claims under 18 U.S.C. § 241 as claims for relief under Section 1985.  The Court has reviewed the allegations and concludes that the allegations in those claims for relief, liberally construed, do not state a claim under Section 1985.  Moreover, based on her representations at the hearing that all of the facts in support of the alleged conspiracy are in the Complaint, the Court concludes that leave to amend would be futile.

10

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    Each of the Air Force Defendants have moved to dismiss these claims for lack of

2  personal jurisdiction.  (*See* Docket 90 (Mot. at 7:26-9:11).)[10]  The Court concludes that Francis

3  has failed to meet her burden to show that the Court has jurisdiction over the Air Force

4  Defendants, in their individual capacities, and decides the motion on that basis.

5    Specific jurisdiction over a defendant exists where: (1) the non-resident defendant has

6  purposefully directed his or her activities at the forum state or at residents of the forum state or

7  has performed an act by which he or she purposefully avails himself or herself of the privilege

8  of conducting activities in the forum; (2) the plaintiff's claim arises out of or relates to those

9  activities; and (3) the assertion of personal jurisdiction is reasonable and fair.[11]  *Schwarzenegger*

10  *v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  "The plaintiff bears the burden of

11  satisfying the first two prongs of the test.  If the plaintiff fails to satisfy either of these prongs,

12  personal jurisdiction is not established in the forum state."  *Schwarzenegger*, 374 F.3d at 802

13  (internal citation omitted).  "On the other hand, if the plaintiff succeeds in satisfying both of the

14  first two prongs, the burden then shifts to the defendant to present a compelling case that the

15  exercise of jurisdiction would not be reasonable."  *Menken*, 503 F.3d at 1057 (quoting

16  *Schwarzenegger*, 374 F.3d at 802, in turn quoting *Burger King*, 417 U.S. at 476-78) (internal

17  quotations omitted).

18    The Ninth Circuit has noted that purposeful availment, "[d]espite its label... includes

19  both purposeful availment *and* purposeful direction.  It may be satisfied by purposeful

20  availment of the privilege of doing business in the forum; by purposeful direction of activities at

21  the forum; or by some combination thereof."  *Yahoo! Inc. v. La Ligue Contre Le Racisme et*

22  *l'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).  In *Yahoo!*, the Ninth Circuit also noted

23

24    [10]    Baker, Yoder, and Astle move to dismiss the claims, *inter alia*, on the basis
that they are absolutely immune from suit.  The remaining Air Force Defendants move to
25  dismiss on the basis of qualified immunity.  (*Id.* (Mot. at 4:10-7:24).)  Each of the
Defendants also moves to dismiss on the basis that Francis has failed to state a claim against
26  them.

27    [11]    Francis has not alleged any facts in her Complaint and has not submitted any
evidence to establish general jurisdiction over any of the Defendants, which would require a
28  showing of "substantial" or "continuous and systematic" contacts with California.  *Bancroft*
*& Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

that, generally, it has treated the issue of purposeful availment differently in contract and tort cases. *Id.*

In tort cases, a court "typically inquire[s] whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Id.* (citing *Schwarzenegger*, 374 F.3d at 803). Under that "effects" test, a defendant purposefully directs his or her activity at a forum state where: (1) he or she commits an intentional act; (2) the act is expressly aimed at the forum state; and (3) the act causes harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 803 (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)); *cf. Bancroft & Masters*, 233 F.3d at 1087 (framing last issue as the act causes harm "the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state").

It is evident from Francis's opposition brief that she relies on the effects test to establish jurisdiction over the individual Air Force Defendants. (*See* Docket No. 98 (Opp. Br. at 12-13).) Most of the allegations against these Defendants pertain to actions taken before Francis moved to California. (Compl. ¶¶ 425-493, 532-538, 565-587, 609-646, 707-717.) Thus, those actions were not aimed at a California resident and cannot provide a basis for asserting jurisdiction under the effects test.

Francis relies heavily on the alleged conspiracy among the Defendants in an effort to establish jurisdiction over the Air Force Defendants under the effects test. (*See* Docket 98 (Opp. Br. at 13 ¶ 8).) The Court concludes the allegations of the alleged conspiracy are too vague and conclusory to establish jurisdiction over the Air Force Defendants pursuant to the effects test. Moreover, based on Francis's representations at the hearing that all facts supporting the alleged conspiracy are set forth in her Complaint, the Court finds that leave to amend would be futile.

Accordingly, the Court concludes that Francis has failed to meet her burden to establish that the Court has jurisdiction over the Air Force Defendants in their individual capacity.

United States District Court

For the Northern District of California

1    For the foregoing reasons, the motions to dismiss filed by the Air Force Defendants are

2    GRANTED IN PART AND DENIED IN PART.

3    **C.    The Motions filed by the Judicial Defendants Are Granted.**

4        **1.    All claims that are asserted against the Judicial Defendants, in their official
              capacity, are dismissed.**

6        To the best of the Court's understanding of the Complaint, Francis asserts the following

7    claims for relief against the Judicial Defendants: (**1**) Malicious Abuse of Process (Claims 6, 8);

8    (**2**) Malicious Prosecution (Claim 7); (**3**) False Arrest or Imprisonment (Claims 9-12); (**4**)

9    Conspiracy (Claim 13); (**5**) Invasion of Privacy (Claim 14); (**6**) Libel (Claim 15); (**7**)

10   Misrepresentation, Fraud or Deceit (Claim 16); (**8**) Tortious Interference With Contractual

11   Right (Claim 17); (**9**) Breach of Fiduciary Duty (Claim 18); and (**10**) Intentional Infliction of

12   Emotional Distress (Claim 19).[12]

13            **a.    The Court lacks jurisdiction over Claims 6, 7, 9, 15, 16, and 17.**

14       As set forth above in Section B.1.a, the FTCA does not apply to "[a]ny claim arising out

15   of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process,

16   libel, slander, misrepresentation, deceit, or interference with contract rights," unless such claims

17   have been brought against a law enforcement officer.  Magistrate Judge Davis, Judge Vinson,

18   Judge Dubina, Judge Hull, Judge Barkett, Judge Anderson, Judge Black, Marbut and Rayborn

19   are not "law enforcement officers" within the meaning of Section 2680(h).  However, it is not

20   clear from the record that Easterling, Jansen, Elliott, Gibbs, and Feldman would not qualify as

21   "law enforcement officers."  *See* 18 U.S.C. § 3606.

22       Accordingly, because the United States has not waived sovereign immunity as to Claims

23   6, 7, 9, and 15-17, the Court lacks jurisdiction over those claims.  The Court also finds that

24   leave to amend these claims against the Judicial Defendants would be futile and, therefore, shall

25   not grant Francis leave to amend these claims.  *Mundy*, 983 F.2d at 952.

26

27         [12]    As is the case with the claims against the Air Force Defendants, the claims
     against the Judicial Defendants in their official capacity are premised upon the FTCA.
28   Because, the United States is the only proper defendant in an FTCA claim, the Court again
     focuses on which of the FTCA claims are viable.

13

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court

For the Northern District of California

1    **b.      Claims 8, 11, 12, 13, 14, and 19 are barred by *Heck*.**

2          Francis's claims of malicious abuse of process (Claim 8), false arrest and/or false

3    imprisonment (Claims 11, 12), conspiracy (Claim 13), invasion of privacy (Claim 14), and

4    intentional infliction of emotional distress (Claim 19) are premised upon allegations that her

5    conviction was invalid.  (*See generally* Compl., ¶¶ 266-276, 288-347, 407-416.)  To prevail on

6    each of these claims, Francis would be required to prove the invalidity of her underlying

7    conviction, which has not been reversed or otherwise called into question.  *Heck*, 512 U.S. at

8    486-87.  Accordingly, for the reasons set forth above in Section B1.b, Claims 8, 11-14, and 19

9    must be dismissed to the extent they are asserted against the Judicial Defendants.  The Court

10   also concludes that amendment would, in this case, be a futile act.

11   **c.      Francis fails to state a claim for breach of fiduciary duty.**

12         Francis also asserts a claim against "all Federal Employees" for breach of fiduciary

13   duty, and alleges that the Defendants defrauded her "out of her intangible property to honest

14   government services."  (Compl. ¶¶ 385-406.)  However, based on the allegations in the

15   Complaint, the Court concludes that Francis cannot establish, as a matter of law, that any of the

16   Judicial Defendants stood in a fiduciary relationship with her.  Accordingly, she cannot

17   establish an essential element of this claim.  The Court also concludes that granting Francis

18   leave to amend this claim would be a futile act.

19   **2.      The claims against the Judicial Defendants, in their individual capacity, are
            dismissed, without leave to amend.**

20

21         Francis also asserts the following claims for relief against the Judicial Defendants in

22   their individual capacities: **(1)** *Bivens* claims for alleged violations of various constitutional

23   rights (Claims 24-28, 30-32, 34-35, 41); **(2)** claims for violations of 18 U.S.C. § 241 (Claims

24   33, 36, 37, 39); **(3)** a claim for violation of 42 U.S.C. § 1986 (Claim 43); and **(4)** a Civil RICO

25   claim (Claim 45).[13]  The Judicial Defendants sued in their individual capacity move to dismiss

26

27

28

_____

       [13]      *See* note 9, *supra.*

1    these claims on the basis that they are immune from suit, that the Court lacks personal

2    jurisdiction over them, and that Francis fails to state a claim against them.[14]

3           **a.    Magistrate Judge Davis and Judges Vinson, Dubina, Hull, Barkett, Anderson, Lanier, and Black are immune from suit.**

4

5           "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of

6    damages." *Mireless v. Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349,

7    356-57 (1978).  An act is considered "judicial" when it is a function normally performed by a

8    judge and the parties dealt with the judge in his judicial capacity. *See Stump*, 435 U.S. at 362.

9    Allegations of conspiracy do not defeat such immunity.  *Ashelman v. Pope*, 793 F.2d 1072,

10   1078 (9th Cir. 1986) (en banc). "Judicial immunity applies 'however erroneous the act may

11   have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Id*.

12   (quoting *Cleavinger v. Saxner*, 474 U.S. 193 (1985)).  A judge lacks immunity only when he or

13   she acts "in the clear absence of all jurisdiction ... or performs an act that is not 'judicial' in

14   nature." *Id*. (internal citation omitted).

15          To determine if an individual acted in an official judicial capacity, a court must analyze

16   whether: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's

17   chambers; (3) the controversy centered around a case then pending before the judge; and (4) the

18   events at issue arose directly and immediately out of a confrontation with the judge in his or her

19   official capacity." *Id.* (citation omitted).  Having carefully reviewed the allegations in Francis's

20   Complaint, the Court concludes that each of the four factors set forth above demonstrates that

21   the allegations in Francis's Complaint arise from judicial acts, such as arraignments, presiding

22   over her criminal trial, sentencing, deciding motions, and deciding her appeal.  (*See, e.g.,*

23   Compl. ¶¶ 478-531 (allegations arising out of arraignment on March 16, 2005), 539-608, 631-

24   646 (describing proceedings before Judge Vinson, including jury selection, sentencing and

25   probation revocation proceedings)).  Accordingly, the claims against Magistrate Judge Davis,

26   Judge Vinson, Judge Dubina, Judge Hull, Judge Barkett, Judge Black and Judge Anderson are

27

28          [14]    Judge Vinson and Marbut do not move to dismiss for lack of personal jurisdiction.  (*See* Docket No. 81 (Mot. at 11:26-27).)

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   dismissed.  Further, notwithstanding Francis's conclusory allegation that these defendants acted

2   in excess of all jurisdiction, the Court concludes that leave to amend would be futile.

3                   **b.      Marbut is immune from suit.**

4        The Ninth Circuit has held that clerks of court have absolute immunity when performing

5   quasi-judicial functions in damages actions.  *Mullis v. United States Bankruptcy Court for the*

6   *District of Nevada*, 828 F.2d 1385, 1390 (9ᵗʰ Cir. 1996).  Quasi-judicial functions include those

7   activities coordinated with a judge and court proceedings.  *Id.*  The Court has reviewed the

8   claims against Marbut and concludes that the allegations all stem from orders that he took from

9   the Court.  Those actions, therefore, are "quasi-judicial," and Marbut is immune from suit.

10  (*See, e.g.,* Compl. ¶¶ 285, 289, 297, 634-635, 767, 769, 781, 783.)

11                  **c.      The Court lacks personal jurisdiction over the remaining Judicial**
                            **Defendants.**

12

13       Francis again relies on the effects test to establish personal jurisdiction over the Judicial

14  Defendants.  (Docket No. 99 (Opp. Br. at 14, ¶ 3).)  Once again, however, most of the factual

15  allegations relating to the Judicial Defendants relate to events that took place before Francis

16  moved to California.  Those actions, therefore, were not targeted at a California resident and

17  cannot support a finding of jurisdiction under the effects test.  Furthermore, for the reasons

18  previously stated, the Court concludes that Francis's allegations of conspiracy are insufficient to

19  establish a finding of personal jurisdiction under the effects test.  Because Francis represented at

20  the hearing that all facts supporting the alleged conspiracy were set forth in her motion, the

21  Court concludes that leave to amend would be futile.

22       For the foregoing reasons, the motions to dismiss filed by the Judicial Defendants are

23  GRANTED, without leave to amend.

24  **D.    The United States' Motion to Dismiss is Granted in Part and Denied in Part.**

25       The United States has moved to dismiss each of Francis's FTCA claims on the bases set

26  forth in the motions filed by the Air Force Defendants, the Judicial Defendants, the Bureau of

27  Prisons and Broadnax, the Department of Justice and Preisser, Miller, and Wilson, and

28  Guadagnoli and Cato.  For the reasons set forth above and for the reasons set forth in this

**United States District Court**
For the Northern District of California

1    Court's Order dated September 16, 2008, the United States' motion to dismiss is granted in part

2    and denied in part.  Each of the FTCA claims, with the exception of the claim for assault (Claim

3    2) and battery (Claim 3) are dismissed without leave to amend.

4                                            **CONCLUSION**

5           For the foregoing reasons, the motions to dismiss filed by the Defendants set forth in the

6    introduction to this Order are GRANTED IN PART AND DENIED IN PART.

7           Although the Court has concluded that Francis's claims for assault and battery can

8    proceed against the United States, the events that give rise to those claims took place in Florida.

9    Accordingly, the Court HEREBY ORDERS the parties to show cause why this case should not

10   be transferred to the United States District Court for the Northern District of Florida pursuant to

11   28 U.S.C. § 1404(a).  Francis's response shall be due to the Court by October 31, 2008.

12   Because the Court is familiar with the facts underlying Francis's assault and battery claims, she

13   need not repeat them in her response to the Order to Show Cause.  Furthermore, Francis's

14   response to the Order to Show Cause shall not exceed twelve (12) pages.  Defendant's response

15   shall be due on November 14, 2008, and it shall not exceed twelve (12) pages.  Francis may file

16   a reply brief by no later than November 21, 2008, which shall not exceed seven (7) pages.  The

17   Court shall take the matter under submission and shall notify the parties if it believes a hearing

18   is necessary.

19          Finally, by this Order and by its Order dated September 16, 2008, the Court has resolved

20   all pending motions to dismiss and, as a result, has dismissed the majority of Francis's claims

21   against most of the named defendants.  The Court concludes there is no just reason for delay

22   and, accordingly, shall direct the entry of final judgment on those claims that have been

23   dismissed.  *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief

24   ... or when multiple parties are involved, the court may direct the entry of final judgment as to

25   one or more, but fewer than all, claims or parties only if the court expressly determines there is

26   //

27   //

28   //

                                                    18

no just reason for delay.").

**IT IS SO ORDERED.**

Dated: September 30, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KAYTRENA J FRANCIS,

        Plaintiff,

  v.

UNITED STATES OF AMERICA et al,

        Defendant.

                            /

Case Number: CV07-06125 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kaytrena J. Francis
1467 7th Avenue
# 105
San Francisco, CA 94122

Dated: September 30, 2008

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk